**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>　　　　　Defendants. | No. CIV 22-472-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion to Strike or in the Alternative for Leave to File Surreply (Doc. 31) filed Plaintiff Estados Unidos Mexicanos ("EUM"). A joint response (Doc. 34) and a reply (Doc. 35) have been filed.

The applicable rule states:

> Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as [Fed.R.Civ.P.] 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

LRCiv 7.2(m)(1). EUM requests the Court strike the new and improperly raised arguments in the Joint Reply, arguing Defendants have waived the issues by not raising the arguments prior to the reply brief. *See, e.g., Llamas v. Butte Community College Dist.*, 238 F.3d 1123, 1127-1128 (9th Cir. 2001); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir.1998) (finding issue

not raised until reply brief effectively waived); *Expeditors Int'l of Washington, Inc. v. Synergy Cargo Logistics, Inc.*, No. CV-10-1347-PHX-GMS, 2010 WL 5344790, at *1 (D. Ariz. Dec. 21, 2010).

Alternatively, EUM requests leave to file a sur-reply. Sur-replies are not provided for in the local rules of practice for this District and are only permitted with express leave of the Court. *Briggs v. Montgomery*, No. CV-18-02684-PHX-EJM, 2019 WL 13039282, at *2 (D. Ariz. Mar. 19, 2019). However, "Courts 'only allow for sur-replies in the most extraordinary of circumstances' and they 'are generally discouraged as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Id.*, *citations omitted*. Courts have recognized the distinction:

> between a reply brief that introduces new issues or new evidence, and thus may justify allowing a sur-reply to address the new issues or evidence, and a reply brief that makes a responsive argument to points raised in the response, which does not justify a sur-reply.

*Briggs*, 2019 WL 13039282, at *2; *see also ML Liquidating Trust v. Mayer Hoffman McCann P.C.*, 2011 WL 10451619, at *1 (D. Ariz. Mar. 11, 2011).

The arguments EUM seeks to have stricken are:

1. Defendants' new legal argument that Arizona choice-of-law principles require the application of U.S. law. (ECF 29, p. 3-5).

2. Defendants' new legal argument that principles of international comity mandate the application of Arizona law. (ECF 29, p. 5).

3. Defendants' new legal argument that this case does not implicate an extraterritorial application of PLCAA. (ECF 29, p. 7-10).

4. Defendants' new legal argument that the Government lacks *parens patriae* standing to brings its claims. (ECF 29, p. 19-20).

Motion (Doc. 31, ECF pp. 2-3). Defendants assert, however, that their arguments were submitted in response to the points and authorities raised by EUM in its opposition to the Motion to Dismiss, and argues that rebutting "arguments asserted by a party in opposition is the precise purpose of a reply brief." Response (Doc. 34, p. 2).

In its Motion to Dismiss, Defendants argued EUM's claims were barred by the

- 2 -

Protection of Lawful Commerce in Arms Act ("PLCAA").  EUM argued in opposition that the PLCAA is inapplicable because Arizona's choice-of-law rules require application of Mexican law and the PLCAA should not be applied because it cannot be applied extraterritorially.  Defendants' arguments that Arizona choice of law principles require the application of U.S. law instead of Mexican law and disputing whether this case implicates extraterritorial application of the PLCAA are direct responsive arguments to points raised in EUM's response.  However, EUM argues these are foundational arguments and were not raised for the first time in its response.  *See e.g., Smith v. Arizona*, No. CV 11-1437-PHX-JAT, 2012 WL 3108818, at *4 (D. Ariz. July 31, 2012) ("Because Defendants first raised this argument in their reply, although it was clear from Plaintiff's Complaint that she was seeking compensatory damages for Counts One and Two . . . the Court will not consider this argument, as Plaintiff has not been given an opportunity to respond to it."); *Ernest Bock, L.L.C. v. Steelman*, No. 219CV01065JADEJY, 2020 WL 1258360, at *2 (D. Nev. Mar. 16, 2020).  Rather, these issues were "readily apparent on the face of the Complaint or explicitly addressed in the Complaint."  Reply (Doc. 35, ECF p. 4).  EUM argues that, unlike in *Briggs*, these arguments were not newly raised in the responsive brief, because the issues were presented in EUM's Complaint. The Court agrees with EUM.  In light of the allegations in the Complaint, these arguments should fairly have been presented in Defendants' Motion to Dismiss.  These arguments justify striking the arguments or permitting a sur-reply.  Additionally, although it was in direct response to EUM's argument that Arizona's choice of law principles requires the application of Mexican law that Defendants argued international comity principles prohibit application of Mexican law, this issue was also fairly presented in the Complaint.  This argument similarly justifies striking the argument or allowing a sur-reply.

Further, in its Motion to Dismiss, Defendants argued EUM had failed to state a claim under Arizona's Consumer Fraud Act ("CFA") because Mexico is not a consumer and EUM had not alleged it heard any misrepresentations by any Defendant.  In it response, EUM

points out that it is pursuing the CFA claim "in *parens patriae* on behalf of its citizens as well as in its own right[,]" Response (Doc.26, ECF p. 82), and asserts that whether EUM's injuries are too remote is not applicable to EUM's claims on behalf of its citizen in *parens patriae*, (*Id*. at 80). However, this minimal mention of the *parens patriae* claims does justify the arguments made by Defendants in their reply. Again, the *parens patriae* nature of EUM claims was clear in the Complaint and this was not simply raised by EUM's response to the Motion to Dismiss. The Court finds striking the argument or allowing a sur-reply is justified.

Although the Court finds the arguments made by Defendants could have been briefed based on the allegations in the Complaint, the Court declines to strike the arguments from Defendants' reply. However, the Court finds it appropriate to permit EUM to file a sur-reply. *See e.g., Ernest Bock*, 2020 WL 1258360, at *2.

Accordingly, IT IS ORDERED:

1. The Motion to Strike or in the Alternative for Leave to File Surreply (Doc. 31) is GRANTED IN PART AND DENIED IN PART.

2. The Motion to Strike is DENIED.

3. The Motion for Leave to File Surreply is GRANTED.

4. EUM may file a sur-reply to the Motion to Dismiss on or before July 14, 2023.

DATED this 27th day of June, 2023.

_____
Cindy K. Jorgenson
United States District Judge