LORBER, GREENFIELD & POLITO, LLP
Louis W. Horowitz, Esq. [S.B. #020842]
3930 E. Ray Road, Suite 260
Phoenix, AZ 85044
TEL: (602) 437-4177
FAX: (602) 437-4180
lhorowitz@lorberlaw.com

RENZULLI LAW FIRM LLP
Christopher Renzulli, Esq. (*Pro Hac Vice*)
Peter Malfa, Esq. (*Pro Hac Vice*)
Jeffrey Malsch, Esq. (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, NY 10601
TEL: (914) 285-0700
FAX: (914) 285-1213
crenzulli@renzullilaw.com
pmalfa@renzullilaw.com
jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc.,*
*Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>Plaintiff,<br><br>vs.<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>Defendants. | Case No: 4:22-cv-00472-CKJ<br><br>**DEFENDANTS' MOTION TO STRIKE OR FOR LEAVE TO FILE JOINT RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

y:\714 - municipal cases\714.033 mexico dealers joint defense

## INTRODUCTION

On February 8, 2024, Mexico filed a Notice of Supplemental Authority based on a recent decision from the United States Court of Appeals for the First Circuit, *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, __ F.4th __, 2024 WL 227773 (1st Cir. Jan. 22, 2024). See ECF Doc. 44.  Defendants hereby move the Court for an order striking Plaintiff's Notice of Supplemental Authority from the record. That Notice improperly seeks to present additional argument from Plaintiff about the issues addressed in Plaintiff's briefing on the issues raised by Defendants' Motions to Dismiss, not just a notice of new authority.  Defendants object to Plaintiff's Notice of Supplemental Authority and request the Court strike it from the record.

If the Court decides to consider the additional arguments set forth in Plaintiff's Notice of Supplemental Authority and to consider the parties' positions on how this new opinion affects the arguments now before this Court, Defendants seek leave to file a Response to the arguments included in Plaintiff's Notice of Supplemental Authority. *See* Ex. 1 - Defendants' [proposed] Joint Response to Plaintiff's Notice of Supplemental Authority.

## ARGUMENT

Plaintiff's Notice of Supplemental Authority improperly contains legal arguments in further support of its opposition to Defendants' Motion to Dismiss.

"There is no local rule or Federal Rule of Civil Procedure governing a Notice of Supplemental Authority.  However, in this district, '[t]he purpose of a Notice of Supplemental Authority is to inform the Court of a newly decided case that is relevant to the dispute before it; it is not a venue for submission of additional argument or factual evidence.'" *Vega v. All My Sons Business Devp., LLC*, 583 F. Supp. 3d 1244, 1256 (D. Ariz. 2022) (quoting *Myers v.*

*Freed*, No. CV-19-05683-PHX-SMB, 2020 WL 6048327, at *1 (D. Ariz. Oct. 13, 2020); *see also Doe v. Blue Cross Blue Shield of Ill.*, 492 F. Supp. 3d 970, 980 (D. Ariz. 2020) ("Filing a notice of supplemental authority to inform the court of a new judicial opinion that has been issued is appropriate, but it is an improper occasion to argue outside the pleadings. If Defendant's goal was to merely inform the Court of this decision, it accomplished that within the first sentence.  Instead of stopping there, Defendant continued to explain and argue the case in detail. Such additional argument is inappropriate, and the court will not consider it."); *B Street Grill & Bar LLC v. Cincinnati Ins. Co.*, 525 F. Supp. 3d 1008, 1013 (D. Ariz. 2021); *Hagens Berman Sobol Shapiro LLP v. Rubinstein*, No. C09–0894 RSM, 2009 WL 3459741 (W.D. Wash. Oct. 22, 2009) (notice of supplemental authority improper "because it contained argument regarding the case…").

In fact, this Court has faced a similar situation, and held, "[a]fter the motion to dismiss became fully briefed, Union Pacific filed a motion to submit supplemental authority and a notice of further supplemental authority. The court has considered the supplemental authority submitted . . . and the court will grant Union Pacific's motion to submit supplemental authority to the extent the motion seeks to alert this Court to supplemental authority.  However, the court declines to consider the substantive arguments set forth in the motion."  *Blankinship v. Union Pac. R.R. Co.*, CV-21-00072-TUC-RM, 2021 WL 3290453, at *1 n. 1 (D. Ariz. Aug. 2, 2021).

Here, in the form of a chart, Plaintiff clearly asserts arguments beyond simply notifying the Court of the First Circuit's decision in *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 2024 WL 227773 (1st Cir. Jan. 22, 2024). As such, this submission is improper and, at a minimum, the "chart" contained in ECF Doc. 44 should be stricken.

In the alternative, Defendants seek leave to file a Response to Plaintiffs' Notice of Supplemental Authority for the limited purpose of addressing the issues raised by Plaintiff related to the First Circuit's opinion. A copy of this proposed Response is attached hereto at Exhibit 1.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to strike Plaintiff's Notice of Supplemental Authority, or, in the alternative, for leave allowing Defendants to file a Response, should be granted.

Dated: February 16, 2024

        LORBER, GREENFIELD & POLITO, LLP

        By:    Louis W. Horowitz, Esq.
                 3930 E. Ray Road, Suite 260
                 Phoenix, AZ 85044
                 lhorowitz@lorberlaw.com

        and

        RENZULLI LAW FIRM LLP

        By:    */s/ Jeffrey Malsch*
                 Christopher Renzulli, Esq. (*Pro Hac Vice*)
                 Peter Malfa, Esq. (*Pro Hac Vice*)
                 Jeffrey Malsch, Esq. (*Pro Hac Vice*)
                 One North Broadway, Suite 1005
                 White Plains, NY 10601
                 crenzulli@renzullilaw.com
                 pmalfa@renzullilaw.com
                 jmalsch@renzullilaw.com

        *Attorneys for Defendants Diamondback Shooting Sports, Inc., Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

PISCIOTTI LALLIS ERDREICH

By:   Anthony Pisciotti, Esq. (*Pro Hac Vice*)
       Danny Lallis, Esq. (*Pro Hac Vice*)
       Ryan Erdreich, Esq. (*Pro Hac Vice*)
       30 Columbia Turnpike, Suite 205
       Florham Park, NJ 07932
       apisciotti@pisciotti.com
       dlallis@pisciotti.com
       rerdreich@pisciotti.com

and

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:   Colt B. Dodrill, Esq.
       Brian E. Cieniawski, Esq.
       Arizona Bar No. 013185
       2231 East Camelback Road, Suite 200
       Phoenix, Arizona 85016
       Colt.Dodrill@wilsonelser.com
       Brian.Cieniawski@wilsonelser.com

*Attorneys for Defendant Ammo A-Z, LLC*

4

## **CERTIFICATE OF SERVICE**

I, Jeffrey Malsch, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: February 16, 2024

                                              By:    */s/ Jeffrey Malsch*
                                                              Jeffrey Malsch
                                                              jmalsch@renzullilaw.com

LORBER, GREENFIELD & POLITO, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180