LORBER, GREENFIELD & POLITO, LLP
Louis W. Horowitz, Esq. [S.B. #020842]
3930 E. Ray Road, Suite 260
Phoenix, AZ 85044
TEL: (602) 437-4177
FAX: (602) 437-4180
lhorowitz@lorberlaw.com

RENZULLI LAW FIRM LLP
Christopher Renzulli, Esq. (*Pro Hac Vice*)
Peter Malfa, Esq. (*Pro Hac Vice*)
Jeffrey Malsch, Esq. (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, NY 10601
TEL: (914) 285-0700
FAX: (914) 285-1213
crenzulli@renzullilaw.com
pmalfa@renzullilaw.com
jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc., Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>Plaintiff,<br><br>*vs.*<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>Defendants. | Case No: 4:22-cv-00472-RM<br><br>**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

On February 8, 2024, Mexico filed a Notice of Supplemental Authority based on a recent decision from the United States Court of Appeals for the First Circuit, *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, __ F.4th __, 2024 WL 227773 (1st Cir. Jan. 22, 2024). *See* ECF Doc. 44. The defendants respectfully submit this response.

At the outset, this decision is not binding on the Court. The Ninth Circuit's decision in *Ileto v. Glock, Inc.*, 565 F.3d 1126 (9th Cir. 2009) is binding, and, when in conflict with *Estados Unidos Mexicanos* as to the application of the Protection of Lawful Commerce in Arms Act, 15 U.S.C. §§ 7901-03 ("PLCAA" or the "Act"), must be followed.

Further, upon information and belief, the defendants in *Estados Unidos Mexicanos* have indicated a petition for a writ of certiorari to the United States Supreme Court will be filed, and it is anticipated a decision as to that petition will be released in approximately six (6) months. Thus, if this Court does find the First Circuit's decision persuasive and intends to rely upon its holdings to deny defendants' motion, defendants would respectfully request that this Court delay the issuance of an opinion on the present motion until after the Supreme Court decides whether to grant the petition.

The First Circuit in *Estados Unidos Mexicanos* was faced with some of the same legal issues presented to this Court. However, the allegations of fact in this Complaint are different, these defendants are in a different position than the manufacturer defendants in that case, and several of the claims and causes of action in this case are wholly different than the matter brought by Mexico in Massachusetts. However, a few of the holdings in *Estados Unidos Mexicanos* are directly on point in this matter, and as such, this Court should similarly reject Mexico's contentions as to why the PLCAA does not apply to this lawsuit.

Extraterritoriality

In Mexico's Notice of Supplemental Authority, it claims, "the Court of Appeals rejected the Government's alternative basis of non-applicability of PLCAA, holding that it applies extraterritorially." ECF Doc. 44, p. 6 of 8. Not quite. This was not an "alternative basis" asserted by Mexico. It was its primary argument, just as it is in this case. The First Circuit stated, "Mexico first contends that the PLCAA does not apply to lawsuits brought by

1

foreign governments for harm suffered outside the United States." 2024 WL 227773 at *3. Ultimately, the First Circuit found that applying the PLCAA to this lawsuit was not an extraterritorial application; and finding that Mexico's lawsuit was the type of case that was the "focus" of the PLCAA, therefore, the location of the criminal acts, harm and plaintiff were irrelevant to this analysis. *Id*.

The court determined that the focus of the PLCAA was regulating the types of lawsuits and claims that can be brought against firearm industry defendants. *Estados Unidos Mexicanos*, 2024 WL 227773 at *5-6. It rejected Mexico's assertion that the focus of the PLCAA was regulating third-party conduct with firearms and ammunition. It stated, "[w]hile curtailing gun misuse is a laudable goal (and one that may be the focus of other statutes), it is not the goal of the PLCAA." *Id*. at *6. Thus, the court held that, "the presumption against extraterritoriality does not bar application of the PLCAA to this case." *Id*. With respect to this issue, the First Circuit was right, and it is on all fours with the claims in this case. Mexico's lawsuit filed in this Court is subject to the PLCAA because Mexico brought this case in a U.S. based court.

The First Circuit further rejected Mexico's arguments that by its own terms the PLCAA does not apply to this case. The court found that where the actual "criminal or unlawful misuse" occurs is irrelevant and the location of harm non-dispositive. The court held, "[t]he fact that a statute is focused on domestic concerns (here, lawsuits in the U.S. courts) does not mean that every term in the statute need be read as somehow domestically limited. And that is especially so where, as here, limiting the statute in this way would run directly contrary to its stated purpose." *Estados Unidos Mexicanos*, 2024 WL 227773 at *8 (internal citation omitted).  Additionally, the First Circuit rejected Mexico's argument that foreign governments are not included within the ambit of plaintiffs prohibited from filing such lawsuits. The court held, "the text, context, and purpose of the PLCAA all point toward a conclusion that '[q]ualified civil liability action[s]" include those filed in the United States' federal and state courts by foreign governments for injury incurred abroad." *Id*. at *9.

2

Finally, the First Circuit rejected Mexico's last argument on the extraterritoriality issue: "Its contention that our reading of the statute should give way to Mexico's invocation of international comity." *Id.* The court held, "[t]he practical consequence of applying the PLCAA to this case is not lost on us. It may be that Mexico, as it claims, would be unable to pursue its lawsuit in the only forum that could provide effective injunctive relief. But that is a necessary consequence of Congress's decision to protect the U.S. firearm industry by regulating the types of lawsuits that can be adjudicated in U.S. courts." *Id.*

In summary, the First Circuit found that Mexico's lawsuit was a qualified civil liability action pursuant to the PLCAA, and unless Mexico articulated a plausible exception to the Act, its case must be dismissed.

PLCAA Exceptions

Defendants respectfully disagree with the First Circuit's ultimate conclusion that Mexico had plausibly alleged violations of a predicate statute which proximately caused the complained of harm sufficient to survive a motion to dismiss in its separate complaint against various firearms manufacturers. However, within this portion of the decision, the First Circuit agreed with several of the arguments made by defendants here, and as such, this lawsuit should be dismissed, despite the First Circuit's decision.

The First Circuit held that while the "predicate exception encompasses common law claims in addition to statutory claims," to do so, a plaintiff must adequately plead a "predicate statutory violation that proximately causes the harm." *Estados Unidos Mexicanos*, 2024 WL 227773 at *11. Said another way, a plaintiff may be able to proceed with a general negligence claim in what should be a qualified civil liability action, but only if that plaintiff can first prove a violation of a statute applicable to the sale or marketing of a qualified product that is a proximate cause of the harm alleged. It is a two-step process, with the knowing violation of the predicate statute being a proximate cause of the harm being a condition precedent to moving forward with any common law claims. For example, take the situation where a firearm seller fails to conduct a background check on a purchaser in violation of the Gun Control Act, which would be a predicate statute; and then that firearm was somehow used illegally by the purchaser

3

to harm a plaintiff. However, if the purchaser was not prohibited from purchasing a firearm, and if he would have passed the background check had it been conducted, then this violation of a predicate statute could not be a proximate cause of the harm to the plaintiff because it would not have prevented the transfer of the firearm. The First Circuit held, "[t]he requisite proximate cause serves as a nexus between the predicate statutory violation and common law claims that otherwise might bear no relation to a seller's transgression of firearm statutes." *Id.* "This ensures that … our reading of the predicate exception does not allow any claim at all to proceed merely because it is alleged in the same case as an unrelated statutory violation." *Id*. In the example above, the PLCAA would still immunize that seller from a lawsuit with statutory and common law claims because the failure to conduct the background check could not be a proximate cause of the harm.

Mexico claimed in both cases that if it adequately alleged any violation of a predicate statute, then it has breached the PLCAA dam and all of its claims may flow through this gap. This is not a reasonable interpretation of the PLCAA, and the First Circuit clearly rejected this all or nothing argument.

In addition, while not directly stating as much, it is clear from the language of the decision that the First Circuit agrees with the defendants that the proximate cause test for the predicate exception must be evaluated pursuant to federal law, not Arizona or Mexican law. The First Circuit detailed the proximate cause test as, "[p]roximate cause demands some direct relation between the injury asserted and the injurious conduct alleged." *Id*. at *16 (citing *United States v. Kilmartin*, 944 F.3d 315, 330 (1st Cir. 2019) (internal quotations omitted)). All of the cases cited by the First Circuit for this definition arose from federal statutes and common law. In fact, one of the case cited by the First Circuit, *Bank of Am. Corp. v. City of Miami, Fla.*, 581 U.S. 189 (2017), in support of its conclusion that federal proximate cause analysis is required when assessing the predicate exception's proximate cause requirement, was relied upon by the defendants in their reply brief (ECF Doc. 29, p. 13) in support of this argument. *See also City of Oakland v. Wells Fargo & Co.*, 14 F.4th 1030, 1035 (9th Cir. 2021) ("We begin where *Miami* began, with '[t]he general tendency ... not to go beyond the first step.'"). Thus, the proper test to

see if the alleged violations of a predicate statute proximately caused Mexico's harm is "the more stringent 'direct relation' standard, which requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" *Id.* at 1035 (quoting *Bank of Am. Corp.*, 581 U.S. at 202-03).

Ultimately, the First Circuit's decision to reverse the District Court came down to one issue: the court found that Mexico had adequately alleged at the pleading stage that the defendant manufacturers (and one distributor) "have been aiding and abetting the sale of firearms by dealers in knowing violation of relevant state and federal laws." *Estados Unidos Mexicanos*, 2024 WL 227773 at *12. Thus, it was Mexico's allegations as to the manufacturers' knowledge of commercial downstream misconduct and illegal sales, through alleged U.S. Government notifications, as well as allegations that those defendants "make deliberate design and distribution choices to facilitate the illegal trafficking of their guns to Mexico," that allowed the case to squeak by the motion to dismiss. *Id.* at *14-15. Here, in contrast, Mexico fails to adequately allege that any of these particular federally licensed firearm sellers knew that they were participating in illegal transactions. The predicate exception has a "heighted mens rea requirement … which applies only when the defendant 'knowingly' violates a statute." *Id.* at *12. From that perspective, and since the defendants in this case are retail dealers involved in individual transactions, not nationwide distribution practices, the First Circuit's finding that their case was "remarkably analogous" to *Direct Sales Co. v. United States*, 319 U.S. 703 (1943), is inapposite to the claims against these retail dealers.

## CONCLUSION

While the First Circuit's recent decision in *Estados Unidos Mexicanos* is instructive on several issues, it is not dispositive on the claims before this Court. For the foregoing reasons, all of Mexico's claims should be dismissed with prejudice.

Dated:  February 23, 2024

5

LORBER, GREENFIELD & POLITO, LLP

By:   Louis W. Horowitz, Esq.
      3930 E. Ray Road, Suite 260
      Phoenix, AZ 85044
      lhorowitz@lorberlaw.com

and

RENZULLI LAW FIRM LLP

By:   */s/ Jeffrey Malsch*
      Christopher Renzulli, Esq. (*Pro Hac Vice*)
      Peter Malfa, Esq. (*Pro Hac Vice*)
      Jeffrey Malsch, Esq. (*Pro Hac Vice*)
      One North Broadway, Suite 1005
      White Plains, NY 10601
      crenzulli@renzullilaw.com
      pmalfa@renzullilaw.com
      jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc., Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

PISCIOTTI LALLIS ERDREICH

By:   Anthony Pisciotti, Esq. (*Pro Hac Vice*)
      Danny Lallis, Esq. (*Pro Hac Vice*)
      Ryan Erdreich, Esq. (*Pro Hac Vice*)
      30 Columbia Turnpike, Suite 205
      Florham Park, NJ 07932
      apisciotti@pisciotti.com
      dlallis@pisciotti.com
      rerdreich@pisciotti.com

and

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:   Colt B. Dodrill, Esq.
      Brian E. Cieniawski, Esq.
      Arizona Bar No. 013185
      2231 East Camelback Road, Suite 200
      Phoenix, Arizona 85016
      Colt.Dodrill@wilsonelser.com
      Brian.Cieniawski@wilsonelser.com

*Attorneys for Defendant Ammo A-Z, LLC*

6

## CERTIFICATE OF SERVICE

I, Jeffrey Malsch, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: February 23, 2024

By:  */s/ Jeffrey Malsch*
Jeffrey Malsch
jmalsch@renzullilaw.com