# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos, | No. CV-22-00472-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Diamondback Shooting Sports Incorporated, et al., | |
| Defendants. | |

The parties submitted a Joint Case Management Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure on February 15, 2024. (Doc. 45.) The Court held a Scheduling Conference on February 22, 2024. (Doc. 47.) On March 12, 2024, the Court declared this matter complex and issued a limited schedule, specifying that other deadlines would be set after resolution of Defendants' Motion to Dismiss. (Doc. 49.) The Court resolved Defendants' Motion to Dismiss on March 22, 2024. (Doc. 50.)

On the basis of the Scheduling Conference and the parties' Joint Case Management Report, and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED:**

1. <u>Initial Disclosures.</u> The deadline for exchanging initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) is set forth in the Court's March 12, 2024 Order. (Doc. 49 at 3.)
2. <u>Joining Parties and Amending Pleadings.</u> Rule 15(a)(1) of the Federal Rules of Civil Procedure controls the deadlines for amending pleadings as a

matter of course. The deadline for filing motions to join parties and/or amend pleadings is **June 28, 2024**. Amended pleadings must comply with Federal Rule of Civil Procedure 15.

3. <u>Fact Discovery.</u> All fact discovery, including depositions of parties and lay witnesses, shall be completed by all parties no later than **January 31, 2025**. Written discovery must be served sufficiently in advance of this deadline to allow time for the opposing party to answer and for the requesting party to complete any additional discovery made necessary by the answers.

    a. Pursuant to Rule 5.2 of the Local Rules of Practice of the United States District Court for the District of Arizona ("LRCiv"), the parties shall file a Notice of Service of discovery papers with the Clerk of the Court, rather than copies of actual disclosures.

    b. Discovery shall be governed by the limitations set forth in the Federal Rules of Civil Procedure, unless leave of Court is granted for divergence from the Federal Rules.

    c. Notwithstanding LRCiv. 7.3, the parties may mutually agree in writing, without court approval, to extend the time provided for discovery responses in Fed. R. Civ. P. 33, 34, and 36, but such agreed-upon extensions shall not alter or extend the deadlines set forth in this Order.

    d. The parties shall not file written discovery motions without leave of Court. In the event of a dispute over discovery matters, the parties must engage in personal consultation regarding the dispute and must make a sincere effort to resolve the conflict expeditiously. *See* LRCiv. 7.2(j). If a discovery dispute cannot be resolved despite the parties' sincere efforts, counsel should jointly call the Judge's law clerk at (520) 205-4622 and provide a brief summary of the dispute and the parties' respective positions. If, following the phone call to

the law clerk, the Court orders written briefing, any briefing ordered shall comply with LRCiv. 7.2(j). Absent extraordinary circumstances, the Court will not entertain discovery disputes after the deadline for completion of discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

   e. The parties and counsel are reminded of their duty under Fed. R. Civ. P. 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests.

4. Expert Discovery. The deadline for disclosure of Plaintiff's initial expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) is **March 31, 2025**. The deadline for disclosure of Defendant's initial expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) is **May 30, 2025**. Disclosure of rebuttal expert testimony shall be completed no later than **June 30, 2025**. Rebuttal experts shall be limited to responding to opinions stated by initial experts. All expert discovery, including depositions, shall be completed on or before **August 29, 2025**.

5. Dispositive Motions. Motions for summary judgment shall be filed on or before **October 30, 2025**.

   a. All motions, memoranda, and pleadings submitted for the Court's review and decision must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules. The parties are advised to pay particular attention to LRCiv. 7.2 and 56.1. Non-compliance with the Local Rules or failure to timely file required answering memoranda may result in the summary disposition of a motion pursuant to LRCiv. 7.2(i).

   b. Absent leave of Court, each party shall file no more than one motion for summary judgment under Federal Rule of Civil Procedure 56.

     c. Any filing which is submitted with more than one exhibit must be accompanied by a Table of Contents.

     d. Notwithstanding the provisions of the "Policy on Courtesy Copies for Chambers" in Section II(D)(3) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, **the parties shall not submit paper courtesy copies of electronically filed documents to chambers unless specifically ordered by the Court to do so**. If the Court orders the submission of paper courtesy copies, the copies should be printed directly from CM/ECF.

6. <u>Good Faith Settlement Negotiations.</u>  The parties are encouraged to discuss settlement at all times during the pendency of this litigation and must engage in good-faith settlement discussions within **six (6) months** following the Court's ruling on Defendants' Motion to Dismiss. The Court will set a settlement conference before a Magistrate Judge upon request of the parties. Counsel shall file a brief Joint Settlement Status Report (containing no specific settlement terms or offers) on or before **April 30, 2025**, and every **ninety (90) days** thereafter. The parties shall promptly notify the Court if settlement is reached during the course of this litigation.

7. <u>Joint Proposed Pretrial Order.</u>  A Joint Proposed Pretrial Order shall be filed within **thirty (30) days** after resolution of any summary judgment motions filed. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **December 1, 2025**. The content of the Joint Proposed Pretrial Order shall include, but not be limited to, that prescribed in the Form of Pretrial Order attached hereto. Preparation and filing of the Proposed Final Pretrial Order in accordance with the requirements of this Order will be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure. The parties must exchange drafts of the Joint Proposed Final Pretrial Order at least **fourteen**

**(14) days before the submission deadline.** The Plaintiff must initiate communications concerning the Joint Proposed Final Pretrial Order.

    a. Pursuant to Federal Rule of Civil Procedure 37(c), the Court will not allow the parties to offer any exhibit, witness, or other evidence that was not (a) disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure, and (b) listed in the Proposed Final Pretrial Order, unless the offering party can show good cause as to why such party failed to comply with these requirements.

    b. The parties must exchange exhibits to be used at trial at least **fourteen (14) days** before the submission deadline for the Joint Proposed Final Pretrial Order. Any exhibit not marked and exchanged at this meeting may be precluded at trial. The exhibits must be numbered and marked in accordance with the instructions found at www.azd.uscourts.gov under "Judges' Information/Orders, Forms & Procedures/Standard Procedures Used by All Tucson Judges." The exhibit numbers must correspond to exhibit numbers listed in the Joint Proposed Final Pretrial Order.

8. <u>Final Pretrial Conference.</u> The parties who will be trying the case shall appear at the Final Pretrial Conference, to be set by later Order of the Court.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

9. <u>Sanctions for Failure to Meet Deadlines.</u> The parties and their counsel are cautioned that the deadlines set in this Scheduling Order shall be strictly enforced and may be modified only for good cause and with leave of Court. The parties are warned that failure to meet any of the deadlines in this Order or in the Federal or Local Rules without substantial justification may result in sanctions, including dismissal of the action or entry of default. Motions for extensions of any of the deadlines set forth above must be filed prior to the expiration of the deadline(s) that the movant seeks to extend.

Dated this 25th day of March, 2024.

_____
Honorable Rosemary Márquez
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| ,<br><br>             Plaintiff,<br>v.<br>,<br><br>             Defendant. | No.<br><br>**JOINT PROPOSED FINAL PRETRIAL ORDER** |

The following is the Joint Proposed Final Pretrial Order to be considered at the Pretrial Conference.

**A.   TRIAL COUNSEL FOR THE PARTIES**

Plaintiff(s):

Defendant(s):

Include mailing addresses, office phone numbers, fax numbers, and email addresses.

**B.   STATEMENT OF JURISDICTION**

Cite the statute(s) that gives the Court jurisdiction, and whether jurisdiction is disputed.

(*E.g.*: Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332.  Jurisdiction is (not) disputed.)

**C.   STIPULATIONS AND UNCONTESTED FACTS AND LAW**

1. List all material facts that are admitted by the parties and will require no proof.

2. List all material facts that, although not admitted, will not be contested at

      trial by evidence to the contrary.

    3. List all issues of law that are uncontested and stipulated to by the parties.

**D.    CONTESTED ISSUES OF FACT AND LAW**

    1. List all material issues of fact to be tried and decided, stating each issue of fact separately and setting forth, in specific terms, each party's contention with respect to the issue of fact.

        (*E.g.*: Factual Issue # 1: Whether Plaintiff used due care in crossing the road.

        Plaintiff Contends: Plaintiff looked both ways before crossing the street…. Defendant Contends: Plaintiff ran into the street without looking….)

    2. List all issues of law to be determined, stating each issue of law separately and setting forth, in specific terms, each party's contention with respect to the issue of law.

        (*E.g.*: Legal Issue # 1: Whether Plaintiff's suit is barred by the doctrine of laches.  Plaintiff Contends:…. Defendant Contends:….)

**E.    LISTS OF WITNESSES**

Each party shall separately list the names (and, if not previously disclosed, the telephone numbers and addresses) of witnesses, separately identifying those that the party expects to present at trial and those it may call if the need arises.  For each witness, state whether the witness is a fact or expert witness and provide a brief description of the witness's testimony.

**F.    LISTS OF EXHIBITS**

    1. Provide a numbered list of all exhibits that the parties agree are admissible in evidence.  List Plaintiff's and Defendant's exhibits separately, provide sufficient information to identify the exhibit, and separately identify those items that the party expects to offer and those it may offer if the need arises.

    2. Provide a numbered list of all exhibits for which the parties have reached

stipulations, including a brief description of the stipulation reached. List Plaintiff's and Defendant's exhibits separately, provide sufficient information to identify the exhibit, and separately identify those items that the party expects to offer and those it may offer if the need arises.

3. Provide a numbered list of all exhibits objected to by the party against whom the exhibit is to be offered. List Plaintiff's and Defendant's exhibits separately, provide sufficient information to identify the exhibit, and separately identify those items that the party expects to offer and those it may offer if the need arises.

    (*E.g.*: Plaintiff's Exhibit 1 – City Hospital records of Plaintiff from March 1, 2010 to March 22, 2010. Plaintiff expects to offer exhibit at trial. Defendant objects for lack of foundation because…. (the objection must specify the grounds for the objection.))

4. The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any objections to exhibits not specifically raised herein are waived."

G. **DEPOSITIONS TO BE OFFERED**

1. List the depositions that may be used at trial, identifying by page and line number the portions that will be read or submitted and whether any such portions are objected to. If the party against whom a deposition will be offered objects to the use of any portion of the deposition, succinctly state the grounds for the objection and the offering party's position. Additionally, the party offering the deposition shall provide the Court with a hard copy of the offered deposition testimony. The offering party shall highlight, in color, the portions of the deposition to be offered. If multiple parties are offering the same deposition, only one copy of such deposition shall be provided, and such copy shall contain each party's highlighting

(each party should use a different color).

2. The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any deposition not listed as provided herein will not be allowed, absent good cause, and that any objections not specifically raised herein are waived."

**H.   MOTIONS *IN LIMINE* AND *DAUBERT* MOTIONS**

Motions *in limine* and *Daubert* motions shall be filed separately in accordance with the instructions contained in the Order Setting Pretrial Conference.

**I.   LIST OF ANY PENDING MOTIONS**

List all pending motions, if any.

**J.   ESTIMATED LENGTH OF TRIAL**

___ hours for opening statements

___ hours for Plaintiff's case

___ hours for Defendant's case

___ hours for rebuttal

___ hours for closing arguments

**K.   FOR A BENCH TRIAL**

Proposed findings of fact and conclusions of law shall be filed by each party in accordance with the instructions contained in the Order Setting Pretrial Conference.

**L.   FOR A JURY TRIAL**

A stipulated description of the case, proposed *voir dire* questions, proposed jury instructions, and proposed forms of verdict shall be filed in accordance with the instructions contained in the Order Setting Pretrial Conference.

**M.   CERTIFICATION**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. All discovery has been completed.
2. The identity of each witness has been disclosed to opposing counsel.
3. Each exhibit listed herein: (a) is in existence; (b) is numbered, and (c) has been disclosed and shown to opposing counsel.
4. The parties have made all of the disclosures required by the Federal Rules of Civil Procedure (unless otherwise previously ordered to the contrary).
5. The parties acknowledge that once this Joint Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

**N.     ADOPTION**

The Court may adopt this Proposed Joint Final Pretrial Order at the Pretrial Conference or subsequent hearing.

DATED this _____ day of _____, 20__.

**APPROVED AS TO FORM AND CONTENT**

_____          _____

Attorney for Plaintiff                                       Attorney for Defendant