DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

Ryan O'Neal (AZ # 031919)
roneal@dmyl.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Estados Unidos Mexicanos, *Plaintiff*, vs. Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation, *Defendants* | NO. 4:22-cv-00472-TUC-RM |

## JOINT NOTICE REGARDING DEPOSITIONS AND WRITTEN DISCOVERY

The parties have met and conferred regarding depositions and written discovery and the parties' positions are as follows:

## I. FACT WITNESS DEPOSITIONS

**Plaintiff's Proposal**

The Government shall be allowed to take up to seven (7) depositions of each Defendant's current and/or former employees, inclusive of any depositions noticed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("30(b)(6) Deposition"), subject to the Government's ability to seek leave to take additional depositions, if necessary. Within thirty (30) days of serving a notice of deposition under Rule 30(b)(6), the Parties will meet and confer as required by Rule 30(b)(6) regarding the topics to be addressed at the Rule 30(b)(6) deposition, the date for such deposition, and the length of such deposition. If the parties are unable to agree after good faith negotiations, they may make an appropriate application to the Court.

Defendants shall be allowed to collectively take up to seven (7) depositions of the Government's current and/or former employees, inclusive of any depositions noticed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("30(b)(6) Deposition"), subject to Defendants' ability to seek leave to take additional depositions, if necessary. Within thirty (30) days of serving a notice of deposition under Rule 30(b)(6), the Parties will meet and confer as required by Rule 30(b)(6) regarding the topics to be addressed at the Rule 30(b)(6) deposition, the date for such deposition, and the length of such deposition. If the parties are unable to agree after good faith negotiations, they may make an appropriate application to the Court.

There shall be no limit on the number of third-party depositions that are noticed by any Party. However, the parties reserve the right to seek a protective order as to the taking of third-party depositions depending upon the circumstances. The parties agree to work together in good faith to identify relevant third-party witnesses, including the current locations and accurate contact information for any possible third-party witnesses.

If the parties exchange initial disclosures and see a need to adjust the number of depositions, the parties can negotiate in good faith and submit an amended proposal.

Any party that moves for or objects to a Letter of Request or Judicial Assistance either under The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters or Letters Rogatory to non-Hague signatories will serve that motion or objection. To the extent not inconsistent with applicable foreign law, this Order applies to any foreign depositions for which (i) the Court issues a Letter of Request or Judicial Assistance either under The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters or as a Letters Rogatory to non-Hague signatories and (ii) a foreign court permits the deposition to occur. If a foreign court order is required to secure a foreign witness' attendance, (1) a party who has obtained valid letters rogatory or a valid Hague request; (2) the witness's counsel; and (3) counsel for a party associated with the witness. In the event a party remotely deposes a witness who resides in Mexico, the time zone of the witness's location will be the relevant time zone for the deposition. Other parameters of any such

foreign depositions, including date, time, location, ground rules, etc., shall otherwise be governed by the Federal Rules of Civil Procedure. The Parties will continue to meet and confer on the mechanisms by which depositions of foreign witnesses will occur, subject to the Hague Convention or other applicable foreign laws or treaties, and will submit a Report to the Court.

**Plaintiff's Statement**

Given that this case involves five separate defendants alleged to be involved in transnational arms trafficking, the Government proposes that the parties stipulate a seven (7) deposition limit per party. The Government therefore seeks leave of the court under FRCP 30(a)(2) to take thirty-five (35) total depositions of Defendants collectively, as there are five Defendants. Likewise, the Defendants should be permitted to collectively take seven (7) depositions of the Government.

Fed. R. Civ. P. 26(b)(2) states that "the court may alter the limits of these rules on the number of depositions . . . under Rule 30." The limits set forth by Rule 26(b) are not intended to prevent necessary discovery, and courts have broad discretion to allow additional discovery based on the complexity of the case. *See* Fed. R. Civ. P. 26(b) advisory committee's note (1993).

Without the benefit of initial disclosures under FRCP 26(a)(1) at this time, the Government's proposal balances the Government's need for discovery to support its claims (and rebut Defendants' affirmative defenses) with the parties' and the Court's desire to avoid unnecessary and duplicative discovery.

This case includes five Defendants who are engaged in separate transnational arms trafficking enterprises, each with unique factual patterns. Moreover, each Defendant presumably has distinct management, training, and security protocols, and varying levels of adherence to local, state, and federal rules and regulations regarding the sale of firearms. The Government requires its allotted depositions to depose the individuals involved in all aspects of each Defendant's firearms enterprise. These Defendants are represented by numerous defense attorneys from—at present—at least four different law firms. Four Defendants have each individually raised up to 30 affirmative defenses (*See* ECF 52-55), and one Defendant, Ammo A-Z, raised 40 affirmative defenses (*See* ECF 56). The Government would therefore expect to take depositions based on Defendants' respective—yet undisclosed—witness list to address these defenses, many of which accuse the Government—and the United States Government—of active involvement in illegal arms trafficking. *See, e.g.* ECF 52, Sixth Affirmative Defense, p. 56, claiming that the Government failed to add parties indispensable to this case, including "the United States Government (including but not limited to the DOJ, ATF, ICE, DEA, FBI and DHS)" and also "Mexican government, military, and law enforcement officials who supply illegal firearms to cartels."

The circumstances of this case therefore satisfy the need for the requested depositions under FRCP 26(b)(1). The complexity of the factual backdrop giving rise to the Government's claims against five Defendants alone warrants an order permitting Plaintiff to far exceed the ten depositions permitted by FRCP 30. *See, e.g., Del Campo v. Am.*

*Corrective Counseling Servs., Inc.*, 2007 WL 3306496, at *6 (N.D. Cal. Nov. 6, 2007) (noting that the matter before the court was complex and "clearly warrants more than ten depositions"); *Couch v. Wan*, No. 1:08CV1621 LJO DLB, 2011 WL 4499976, at *2 (E.D. Cal. Sept. 27, 2011) ("[T]he complexity of this case justifies exceeding the presumptive deposition limit."). Courts have noted that "in a complex case involving multiple parties, 'it would be prejudicial to require [p]laintiffs to choose [the] ten depositions to take before they know whether they will be granted more.'" *See, e.g., Gamino v. KPC Healthcare Holdings, Inc.,* 2022 WL 601047, at *5 (C.D. Cal. Feb. 28, 2022) (citing *Blackwood v. Vries*, 2015 WL 13914949, at *3 (C.D. Cal. Sept. 25, 2015)). The decision whether to grant leave to exceed the number of depositions is a case-by-case determination. *See Powell v. Texvans, Inc.*, 2011 WL 108950, at *1 (D. Nev. Jan. 12, 2011).

  Due to the clandestine nature of Defendants' offenses, the Government must rely almost entirely on the discovery process to develop admissible evidence for trial of this case, which seeks important injunctive relief sufficient to protect and preserve the lives of millions of Mexican citizens. And given the high stakes involved for the Government and its citizens, any burden to Defendants incurred by sitting for the Government's depositions is significantly outweighed by the importance of allowing the Government to develop a factual record.

Moreover, in a case of this complexity,[1] with the number of parties involved and contested issues of both liability and remedy, the Government would be prejudiced in its ability to prosecute this case if it were limited at the outset to any less. The Government may not ultimately use all of its allotted depositions, but should not be deprived of the ability to fully develop and present its case.

The Government's proposal allows for a fair and full discovery of facts and information necessary to prove its claims at trial, and the Defendants' collective seven deposition limit is more than sufficient for the Defendants to discover their defenses in this action. The Government reserves the right to seek leave to take additional depositions, if necessary.

**Defendants' Proposal**

Plaintiff shall be allowed to take up to five (5) depositions of each Defendant's current and/or former employees, inclusive of any depositions noticed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("30(b)(6) Deposition"), subject to the Government's ability to seek leave to take additional depositions, if necessary. Within thirty (30) days of serving a notice of deposition under Rule 30(b)(6), the Parties will meet and confer as required by Rule 30(b)(6) regarding the topics to be addressed at the Rule

---

[1] Rule 26(b)(1) requires that discovery be relevant and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

30(b)(6) deposition, the date for such deposition, and the length of such deposition. If the parties are unable to agree after good faith negotiations, they may make an appropriate application to the Court.

Defendants shall be allowed to collectively take up to twenty-five (25) depositions of the Government's current and/or former employees, inclusive of any depositions noticed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("30(b)(6) Deposition"), subject to the Defendants' ability to seek leave to take additional depositions, if necessary. However, if Plaintiff lists more than twenty-five (25) fact witnesses in its Rule 26 Initial Disclosure(s) and/or in response to Defendants' interrogatories, Defendants shall be entitled to depose each and every one of such disclosed witnesses without seeking leave from the Court. Within thirty (30) days of serving a notice of deposition under Rule 30(b)(6), the Parties will meet and confer as required by Rule 30(b)(6) regarding the topics to be addressed at the Rule 30(b)(6) deposition, the date for such deposition, and the length of such deposition. If the parties are unable to agree after good faith negotiations, they may make an appropriate application to the Court.

There shall be no limit on the number of third-party depositions that are noticed by any Party. However, the parties reserve the right to seek a protective order as to the taking of third-party depositions depending upon the circumstances. The parties agree to work together in good faith to identify relevant third-party witnesses, including the current locations and accurate contact information for any possible third-party witnesses.

The parties agree to produce for deposition all witnesses under their control or identified by a party as having information in support of its claims or defenses, including officials and employees of the Mexican Government, and officers, directors, and employees of the corporate defendants, at mutually agreeable locations within the District of Arizona, or if the witness resides in the United States, but outside of Arizona, in the state of the witness's residence (within the subpoena power for Rule 45).

With respect to witnesses located outside of the United States and not within the scope of the preceding paragraph, the parties shall work together in good faith to conduct any and all foreign depositions or foreign witness depositions, including third-party facts witnesses in Mexico, with minimal interference or restrictions by any foreign governments including the Government of Mexico. The Government of Mexico, as the plaintiff in this matter, has an obligation to make witnesses under their control and relevant to the claims and defenses in this matter available for deposition and also has an obligation to assist in good faith with the identification of possible third-party witnesses and with the scheduling of third-party witness depositions with minimal foreign government interference. In the event a party remotely deposes a witness who resides in Mexico, the time zone of the witness's location will be the relevant time zone for the deposition. Other parameters of any such foreign depositions, including date, time, location, ground rules, etc., shall otherwise be governed by the Federal Rules of Civil Procedure. The Parties will continue to meet and confer on the mechanisms by which depositions of foreign witnesses will occur, and will submit a Report to the Court.

**Defendants' Statement**

This case involves claims against five federally licensed firearms dealers located in Arizona for damages cause by multiple potential layers of unlawful firearms trafficking by third parties and extensive cartel violence in Mexico. As such, both liability and damages issues related to Plaintiff's cross-border burden of proof are intricate, wide-ranging, and subject to numerous avenues of procedural and substantive attacks. The discovery related to Defendants' business operations is narrow. Defendants believe that Mexico can easily extract all information necessary from each Defendant by deposing up to five (5) employees or former employees per Defendant, inclusive of the 30(b)(6) witness(es). However, limiting Defendants to the same collective number of witnesses to be deposed from the Government is absurd, and its refusal to negotiate any reasonable number of witnesses over seven (7) bordering on a lack of good faith, especially given that fact that information from Mexico's witness must include both liability and damages issues, which are completely separate and distinct in this case. Therefore, Defendants should be initially permitted to take up to twenty-five (25) depositions of employees, former employees and officials of the Mexican Government, with a provision that automatically increases that number if Plaintiff's witness list as set forth in its Initial Disclosure Statement combined with any fact witnesses identified in Mexico's discovery responses exceeds twenty-five (25). In essence, Defendants should be permitted to depose each and every fact witness identified by Mexico as a witness with relevant information in this case.

Furthermore, Mexico made the decision to bring suit in this Court in the State of Arizona. As such, Mexico should be required to produce the witnesses under its control (employees and officials) or who will allegedly provide information supporting its claims (non-party witnesses) within this District at its expense. It is our understanding that the procedural rules for depositions in Mexico are extremely restrictive, are wholly within the control of the Mexican Central Authority, may not even allow for oral questioning, and would be highly prejudicial to Defendants' ability to fully investigate and defend this case. As such, absent extra-ordinary circumstances, Plaintiff should be required to bring witnesses to Arizona for purposes of being deposed by Defendants' counsel. Of course, if agreeable to all parties and depending upon the specific nature of the witnesses' knowledge or testimony, Defendants are willing to consider remote depositions of witnesses residing in Mexico. Further, all depositions, no matter where taken, will be done pursuant to the Federal Rules of Civil Procedure.

Defendants agree with Plaintiff that the circumstances of this case satisfy the need for the requested depositions under FRCP 26(b)(1). The complexity of the factual backdrop giving rise to the Government's claims alone warrants an order permitting the parties to exceed the ten depositions permitted by FRCP 30. The dispute, therefore, is the limited number that Mexico is willing to agree to regarding its own witnesses.

Defendants may not ultimately use all of its allotted depositions, but they should not be deprived of the ability to fully develop and present their case.

## II. **WRITTEN DISCOVERY REQUESTS**

**Plaintiff's Proposal**

Plaintiff shall be allowed to propound fifty (25) written interrogatories per Defendant, subject to Plaintiff's ability to seek leave to propound additional written discovery, if necessary. As the Federal Rules do not limit the number of requests for production plaintiffs are entitled to, the Government sees no need to limit the number of requests for production, given the procedural protections allowing a party to limit their scope, should the need arise.

Defendants collectively shall be allowed to propound twenty-five (25) written interrogatories on the Government, subject to Defendants' ability to seek leave to propound additional written discovery, if necessary.

If the parties see a need to adjust the number of written interrogatories and requests for production, the parties can negotiate in good faith and submit an amended proposal.

**Plaintiff's Statement**

The Government, with the burden of proof, will limit its written requests in scope, seek relevant information, and develop a factual record proportionate to proving its claims at trial.

Conversely, the Government anticipates, based on Defendants' Answers to the Complaint (ECF Nos. 52-56), that Defendants will attempt to utilize the discovery process to subject the Government to undue burden and expense, for, by example, seeking

information which exceeds the scope of the claims in this case.[2] *See, e.g.*, ECF 56, Second Affirmative Defense, p.52, claiming that "the Mexican government, military, and law enforcement officials [] supply illegal firearms to the cartels"; ECF 56, Seventh Affirmative Defense, p.53, stating that the Government Government "fail[ed] to enforce the criminal and civil laws of Mexico against criminal drug cartels which actually cause injury in Mexico." Such written discovery would serve no purpose other than to harass the Government, and the benefit of any information sought to be gained by such requests is far outweighed by their burden. *See, e.g.* Fed. R. of Evid. 26(b)(1)-(2), in which the court will consider "whether the burden or expense of the proposed discovery outweighs its likely benefits."

In any event, Defendants should not be reflexively allotted the same number of interrogatories as Plaintiff. Rule 26 places an independent, textually-grounded limitation on the number of interrogatories the parties may serve upon each other. See fn 1, Rule 26(b)(1). Defendants need to show why their desired allotment is proportionate to the needs of the case—that is, relevant and proportionate to proper and legally cognizable defenses—and to seek leave to that effect.

---

[2] The Government reserves its right to a protective order to limit discovery under Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order protecting a party or person from ...undue burden or expense.").

**Defendants' Proposal**

Due to the complexity of both liability and damages related issues, Defendants shall be permitted to serve a collective (or joint) set of interrogatories to Plaintiff, not to exceed thirty-five (35) in number. Each Defendant may also serve individual sets of interrogatories, not to exceed twenty-five (25) in number.

There shall be no initial limit on the number of requests for production or requests for admissions, but the parties may seek such a limit from the Court at a later date.

**Defendants' Argument**

While Plaintiff need only address liability issues with its offensive discovery issued to Defendants, Defendants must explore both liability and damages issues in their offensive discovery to Plaintiff. This includes the identity and whereabouts of presently unknown witnesses, firearm traffickers, claimed victims of cartel violence, etc. That alone justifies increasing the number of allowable discovery requests to Defendants, and not giving an equal number to Plaintiff. Defendants believe that there are significant overlapping issues, especially related to damages issues, and as such, Defendants believe that the use of collective or joint sets of interrogatories would be more efficient.

Defendants agree with Plaintiff that limiting the number of Request for Production pursuant to Rule 34 or Requests for Admissions pursuant to Rule 36 is not required at this stage of the litigation.

>>

>>

Respectfully submitted this 15th day of April, 2024

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: /s/*Ryan O'Neal*
Ryan O'Neal
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
Attorneys for Plaintiff

| | |
|---|---|
| /s/ Steve D. Shadowen<br>Steve D. Shadowen (*pro hac vice*)<br>Tina J. Miranda (*pro hac vice*)<br>Nicholas W. Shadowen (*pro hac vice*)<br>SHADOWEN PLLC<br>1135 W. 6th Street, Suite 125<br>Austin, TX 78703<br>Phone: 855-344-3298<br>sshadowen@shadowenpllc.com<br>tmiranda@shadowenpllc.com<br>nshadowen@shadowenpllc.com | /s/ Jonathan E. Lowy<br>Jonathan E. Lowy (*pro hac vice*)<br>Global Action on Gun Violence<br>805 15th Street NW #601<br>Washington, DC 20005<br>Phone: (202) 415-0691<br>jlowy@actiononguns.org |
| /s/ Louis W. Horowitz<br>Louis W. Horowitz, Esq.<br>LORBER, GREENFIELD & POLITO, LLP<br>3930 E. Ray Road, Suite 260<br>Phoenix, AZ 85044<br><br>and<br><br>/s/ Christopher Renzulli<br>Christopher Renzulli, Esq. (Pro Hac Vice)<br>Peter Malfa, Esq. (Pro Hac Vice)<br>Jeffrey Malsch, Esq. (Pro Hac Vice)<br>RENZULLI LAW FIRM LLP<br>One North Broadway, Suite 1005<br>White Plains, NY 10601<br><br>Attorneys for Defendants Diamondback Shooting Sports, Inc., Loan Prairie, LLC | /s/ Brian E. Cieniawski<br>Colt B. Dodrill<br>Brian E. Cieniawski<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP<br>2231 East Camelback Road, Suite 200<br>Phoenix, AZ 85016<br><br>and<br><br>/s/ Anthony M. Pisciotti<br>Anthony M. Pisciotti, Esq. (Pro Hac Vice)<br>Danny Lallis, Esq. (Pro Hac Vice)<br>Ryan Erdreich, Esq. (Pro Hac Vice)<br>PISCIOTTI LALLIS ERDREICH<br>30 Columbia Turnpike, Suite 205<br>Florham Park, NJ 07932<br>apisciotti@pisciotti.com |

| | |
|---|---|
| d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc. | dlallis@pisciotti.com<br>rerdreich@pisciotti.com<br><br>Attorneys for Defendant Ammo A-Z, LLC |

**CERTIFICATE OF SERVICE**

I, Ryan O'Neal, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: April 15, 2024     /s/ Ryan O'Neal
                          Ryan O'Neal