1  DeConcini McDonald Yetwin & Lacy, P.C.
2  2525 East Broadway Blvd., Suite 200
   Tucson, AZ 85716-5300
3  (520) 322-5000

4  Ryan O'Neal (AZ # 031919)
5  roneal@dmyl.com
   Attorneys for Plaintiff
6

7          IN THE UNITED STATES DISTRICT COURT
8                  DISTRICT OF ARIZONA

9  Estados Unidos Mexicanos,

10                        Plaintiff,

11
12  vs.

13  Diamondback Shooting Sports, Inc., an        NO. 4:22-cv-00472-TUC-RM
    Arizona corporation; SNG Tactical,
14  LLC, an Arizona limited liability
15  company; Loan Prairie, LLC D/B/A
    The Hub, an Arizona limited liability
16  company; Ammo A-Z, LLC, an
    Arizona limited liability company;
17  Sprague's Sports, Inc., an Arizona
18  corporation,

19                        Defendants
20

21

22       PLAINTIFF'S OMNIBUS MOTION TO STRIKE DEFENDANTS
23   DIAMONDBACK, SNG TACTICAL, THE HUB, AND SPRAGUE'S SPORTS'
                    AFFIRMATIVE DEFENSES
24

25

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

# TABLE OF CONTENTS

INTRODUCTION ...............................................................................................1

LEGAL STANDARD.........................................................................................1

ARGUMENT .......................................................................................................2

I.   THE COURT SHOULD STRIKE THE DEFENSES THAT INVOKE
     COMPARATIVE FAULT. ................................................................. 2

     A.   Affirmative Defense 6................................................................. 2

     B.   Affirmative Defenses 7 and 16 .................................................. 3

II.  THE COURT SHOULD STRIKE THE DEFENSES THAT FAIL TO PROVIDE
     FAIR NOTICE. ................................................................................... 5

     A.   Affirmative Defense 5 (statute of limitations) .......................... 6

     B.   Affirmative Defense 9 (failure to mitigate) .............................. 7

     C.   Affirmative Defense 12 (estoppel and unclean hands) ............. 7

     D.   Affirmative Defenses 13 and 14 (punitive damages) ............... 9

     E.   Affirmative Defense 30 (laches) ............................................... 9

III. THE COURT SHOULD STRIKE DEFENSES THAT MERELY DENY
     PLAINTIFF'S ALLEGATIONS. ..................................................... 10

     A.   Affirmative Defense 1 (PLCAA)............................................. 10

     B.   Affirmative Defenses 2 and 18 (standing) .............................. 11

     C.   Affirmative Defenses 3, 8, 11, and 28 (proximate cause) ..... 12

     D.   Affirmative Defense 4 (failure to state a claim) .................... 13

     E.   Affirmative Defense 10 ........................................................... 14

     F.   Affirmative Defenses 17 and 22 ............................................. 14

     G.   Affirmative Defense 26 ........................................................... 15

IV.  THE COURT SHOULD STRIKE DEFENSES THAT ARE LEGALLY
     INSUFFICIENT AND/OR OTHERWISE DEFECTIVE. .................. 15

     A.   Affirmative Defense 19 (law of the case doctrine)................. 15

     B.   Affirmative Defense 20 (spoliation) ....................................... 16

     C.   Affirmative Defense 23 ........................................................... 16

D.    Affirmative Defense 24 ......................................................................... 17

E.    Affirmative Defense 25 ......................................................................... 18

F.    Affirmative Defense 27 ......................................................................... 18

G.    Affirmative Defense 29 ......................................................................... 19

H.    Affirmative Defense 31 ......................................................................... 19

CONCLUSION ................................................................................................... 20

## TABLE OF AUTHORITIES

**<u>Cases</u>**

*ABC Distrib., Inc. v. Living Essentials LLC*,
2016 WL 8114206 (N.D. Cal. Apr. 26, 2016) ................................................ 6

*Barnes v. AT & T Pension Benefit*,
718 F.Supp.2d 1167 (N.D.Cal. 2010) .................................................... 4, 11

*Bennett v. Triad Grp., Inc.*,
2013 WL 12045193 (D. Ariz. Mar. 26, 2013) ............................................... 3

*Bristol-Meyers Co. v. FTC*,
738 F.2d 554 (2d Cir. 1984) ........................................................................ 15

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) ......................................................................... 1

*Couveau v. American Airlines*,
218 F.3d 1078 (9th Cir. 2000) ....................................................................... 8

*Craten v. Foster Poultry Farms Inc.*,
2016 WL 3457899 (D. Ariz. June 24, 2016) ............................................... 12

*Crestwood Cap. Corp. v. Andes Indus., Inc.*,
2016 WL 3418699 (D. Ariz. June 22, 2016) ................................................. 7

*CTF Devel., Inc. v. Penta Hospitality, LLC*,
2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) ............................................... 7

*Desert European Motorcars, LTD v. Desert European Motorcars, Inc.*,
2011 WL 3809933 (C.D. Cal. Aug. 25, 2011) ........................................... 7, 8

*Drop Stop LLC v. Jian Qing Zhu*,
757 F. App'x 994 (Fed. Cir. 2019) ................................................................ 1

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

*Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*,
91 F.4th 511 (1st Cir. 2024) ................................................................................ 9

*F.T.C. v. Stefanchik*,
2004 WL 5495267 (W.D. Wash. Nov. 12, 2004) ............................................... 15

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993) ............................................................................. 1

*Fed. Trade Comm'n v. N. Am. Mktg. & Assocs., LLC*, 2012 WL 5034967 (D.
Ariz. Oct. 18, 2012)......................................................................................... passim

*First Nat'l City Bank v. Banco Nacional de Cuba*,
406 U.S. 759 (1972) .............................................................................................. 3

*G & G Closed Circuit Events, LLC v. Mitropoulos*,
2012 WL 3028368 (D. Ariz. July 24, 2012)....................................................... 12

*Gonzalez v. Arizona*,
677 F.3d 383 (9th Cir. 2012) .............................................................................. 14

*Haig v. Agee*,
453 U.S. 280 (1981) .............................................................................................. 4

*Harisiades v. Shaughnessy*,
342 U.S. 580 (1952) .............................................................................................. 4

*Heath v. Alabama*,
474 U.S. 82 (1985) ................................................................................................ 3

*Hernandez v. Dutch Goose, Inc.*,
2013 WL 5781476 (N.D. Cal. Oct. 25, 2013) .................................................... 10

*Howard v. Tanium, Inc.*,
2022 WL 597028 (N.D. Cal. Feb. 28, 2022) ...................................................... 11

*Howarth v. Patterson*,
2020 WL 1703641 (D. Ariz. Apr. 8, 2020).......................................................... 10

*Innovative Sports Mgmt. Inc. v. Hunt*,
2019 WL 10366177 (D. Ariz. June 27, 2019) ...................................................... 6

*J & J Sports Prod., Inc. v. Mosqueda*,
2013 WL 951366 (D. Ariz. March 12, 2013) ................................................ 12, 13

*J & J Sports Prods., Inc. v. Barwick*,
2013 WL 2083123 (N.D. Cal. May 14, 2013) .................................................... 11

*J & J Sports Prods., Inc. v. Catano*,
2012 WL 5424677 (E.D. Cal. Nov. 6, 2012)..................................................... 7, 8

*J & J Sports Prods., Inc. v. Vizcarra*,
2011 WL 4501318 (N.D. Cal. Sept. 27, 2011) ................................................... 10

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
 304 F.3d 829 (9th Cir. 2002) ........................................................................... 9

*Johnson v. Wells Fargo Home Mortg., Inc.*,
 2007 WL 3226153 (D. Nev. Oct. 29, 2007) ..................................................... 12

*Kohler v. Islands Rests., LP*,
 2012 WL 524086 (S.D. Cal. Feb. 16, 2012) ...................................................... 5

*Kohler v. Staples the Off. Superstore, LLC*,
 291 F.R.D. 464 (S.D. Cal. 2013) ....................................................................... 6

*KST Data, Inc. v. DXC Tech. Co.*,
 980 F.3d 709 (9th Cir. 2020) ............................................................................. 8

*Lemberg v. Scottsdale Healthcare Corp. Health Plan*,
 2011 WL 6049873 (D. Ariz. Dec. 6, 2011) .................................................... 5, 6

*Major v. Bossard Inc.*,
 2021 WL 2566984 (D. Ariz. Mar. 12, 2021) ........................................... 5, 6, 13

*Martinez v. Alltran Fin. LP*,
 2019 WL 1777300 (D. Ariz. Apr. 23, 2019) ............................................... 10, 12

*Mortg. Elec. Registration Sys., Inc. v. Koeppel*,
 2020 WL 1233925 (N.D. Cal. Mar. 13, 2020) .................................................. 10

*Murphy v. Trader Joe's*,
 2017 WL 235193 (N.D. Cal. 2017) ..................................................................... 5

*Park v. Kitt*,
 2021 WL 1210364 (E.D. Cal. Mar. 31, 2021) ................................................... 11

*Purex Corp., Ltd. v. Gen. Foods Corp.*,
 318 F. Supp. 322 (C.D. Cal. 1970) ..................................................................... 1

*Reiffer v. Moeller*,
 2021 WL 4636047 (D. Ariz. Oct. 7, 2021) ......................................................... 5

*Rein v. Thrifty Payless, Inc.*,
 2021 WL 1401569 (W.D. Wash. Apr. 14, 2021) ............................................... 14

*Richter v. City of Des Moines*,
 2012 WL 1099179 (W.D. Wash. Apr. 2, 2012) ................................................. 14

*Rosen v. Masterpiece Mktng. Grp., LLC*,
 222 F. Supp. 3d 793 (C.D. Cal. 2016) ................................................................ 6

*Sea Breeze Salt, Inc. v. Mitsubishi Corp.*,
 899 F.3d 1064 (9th Cir. 2018) ............................................................................ 3

*Smith v. Bank of N.Y. Mellon*,
 2019 WL 3428744 (W.D. Wash. July 30, 2019) ................................................. 6

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

*Solis v. Couturier,*
    2009 WL 3055207 (E.D. Cal. Sept. 17, 2009) ................................................................. 9

*Target Corp. v. Seaman Corp.,*
    2021 WL 2526550 (D. Minn. June 21, 2021) ................................................................. 14

*Teixeira v. County of Alameda,*
    873 F.3d 670 (9th Cir. 2017) .................................................................................. 15, 16

*Temple v. Synthes Corp., Ltd.,*
    498 U.S. 5 (1990) ............................................................................................................ 2

*Torres v. Goddard,*
    2008 WL 1817994 (D. Ariz. 2008) ....................................................................... 7, 13

*U.S. Bank Nat'l Ass'n v. Gerber,*
    380 F. Supp. 3d 429 (M.D. Pa. 2018).......................................................................... 14

*Underhill v. Hernandez,*
    168 U.S. 250 (1897) ........................................................................................................ 3

*United States v. Flores,*
    2023 WL 361868 (S.D. Tex. Jan. 23, 2023) ............................................................... 16

*United States v. Schiff,*
    379 F.3d 621 (9th Cir. 2004) ....................................................................................... 15

*Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.,*
    425 U.S. 748 (1976) ..................................................................................................... 15

*Vodusek v. Bayliner Marine Corp.,*
    71 F.3d 148 (4th Cir. 1995) ......................................................................................... 14

*Vogel v. Huntington Oaks Delaware Partners, LLC,*
    291 F.R.D. 438 (C.D. Cal. 2013)................................................................................... 5

*W. S. Kirkpatrick & Co. v. Env't Tectonics Corp., Int'l,*
    493 U.S. 400 (1990) ....................................................................................................... 4

*Whittlestone, Inc. v. Handi-Craft Co.,*
    618 F.3d 970 (9th Cir. 2010) ......................................................................................... 1

*Wyshak v. City Nat'l Bank,*
    607 F.2d 824 (9th Cir.1979) .......................................................................................... 4

*Zagarian v. BMW of N. Am., LLC,*
    2019 WL 6111731 (C.D. Cal. Oct. 23, 2019) ............................................................ 12

*Zikovic v. S. Cal. Edison Co.,*
    302 F.3d 1080 (9th Cir. 2002) .................................................................................. 9, 11

**<u>Statutes</u>**

Ariz. Rev. Stat. § 12-2506..................................................................................................... 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

<u>**Rules**</u>

Fed. R. Civ. P. 12 ........................................................................................... 1
Fed. R. Civ. P. 19 ........................................................................................... 3
Fed. R. Civ. P. 8 ............................................................................................. 4

<u>**Treatises**</u>

Moore's Federal Practice (2009) ..................................................................... 2

**INTRODUCTION**

Under the guise of "affirmative defenses,"[1] Defendants threaten to mire this case in a morass of political sideshows, invoking purported yet undefined misconduct by the Mexican and U.S. governments. The Court can and should stop these efforts at an early stage, so the parties can focus on legitimate issues of liability, damages, injunctive relief, and any real defenses.

The Government respectfully requests the Court to strike certain of Defendants' affirmative defenses pursuant to Fed. R. Civ. P. 12(f), without leave to amend.[2]

**LEGAL STANDARD**

This Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Whether to strike material that falls within the scope of Rule 12(f) is discretionary. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010).

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues

---

[1] Defendants Diamondback, SnG Tactical, The Hub, and Sprague's Sports asserted identical affirmative defenses, except for Affirmative Defense 13, which Defendant Sprague's omitted. To avoid confusion, the numbering of the defenses will follow that of Diamondback, SnG, and The Hub. After Affirmative Defense 13, the defenses in Sprague's Answer are identical to the other Defendants, excepting they are off by one number (lower).

[2] *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (court may deny leave to amend where amendment would be futile). To the extent Defendants still pursue discovery related to these stricken defenses, the Government reserves the right to seek a finding of an exceptional case for all discovery that is directed at previously stricken defenses. *See Drop Stop LLC v. Jian Qing Zhu*, 757 F. App'x 994, 999 (Fed. Cir. 2019) (affirming court's finding that a defendant's conduct was exceptional to warrant attorney fees for raising previously stricken defenses).

prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation

omitted), rev'd on other grounds, 510 U.S. 517 (1994); *Purex Corp., Ltd. v. Gen. Foods*

*Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970) (striking affirmative defenses at an early

stage of the proceedings "in order to avoid the needless expenditures of time and money

involved in litigating" fruitless matters and to focus the parties on the bona fide issues in

the case).[3]

## ARGUMENT

## I.    THE COURT SHOULD STRIKE THE DEFENSES THAT INVOKE COMPARATIVE FAULT.

Defendants improperly assert certain defenses that seek to shift blame from their

own negligent or intentionally unlawful conduct to the Government of Mexico or the

United States.

### A.  Affirmative Defense 6

Defendants assert, with no supporting argument or facts, that "Plaintiff failed to

add parties indispensable to this case" and then go on to identify as "indispensable" the

United States Government, including "DOJ, ATF, ICE, DEA, FBI and DHS" and also the

"Mexican government, military, and law enforcement officials who supply illegal

firearms to cartels…" ECF 52, at 56-57; ECF 53, at 56; ECF 54, at 54; ECF 55, at 53-54.

Under Arizona's comparative negligence statute, "[i]n assessing percentages of

fault the trier of fact shall consider the fault of all persons who contributed to the alleged

---

[3] *See also* Moore's Federal Practice § 12.37[3] (2009) p.2-12 (courts may eliminate insufficient defenses to "avoid the expenditure of time and money that would arise from litigating spurious issues, by dispensing with those issues prior to trial").

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

injury, death or damage to property, regardless of whether the person was, or could have been, named as a party to the suit." Ariz. Rev. Stat. § 12-2506(B). Therefore, failure to join these parties is not a viable affirmative defense under Rule 19. *See, e.g.*, *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 8 (1990) (stating that "potential joint tortfeasors" are "merely permissible parties," not indispensable parties); *Bennett v. Triad Grp., Inc.*, 2013 WL 12045193, at *2 (D. Ariz. Mar. 26, 2013) ("A joint tortfeasor is not an indispensable party.").[4]

## B.  Affirmative Defenses 7 and 16

Defendants assert the Government's damages must be reduced by the extent of its failure "to exercise reasonable care in curtailing and/or remedying the ongoing violence inflicted by the cartels on its own people," Aff. Def. 7, ECF 52, at 57; ECF 53, at 56; ECF 54, at 54; ECF 55, at 54, and by "the comparative fault of others, including but not limited to, Plaintiff, pursuant to Ariz. Rev. Stat. § 12-2506." Aff. Def. 16, ECF 52, at 58. Defendants' affirmative defenses fail to give the Government fair notice (*see infra* Section II) of its purported negligence and are inconsistent with the Act of State Doctrine.[5]

Defendants' mere boilerplate reference to the Government's comparative fault is

[4] Furthermore, Defendants fail to identify how they would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" if the entities they identify are not joined, and this affirmative defense is therefore legally insufficient. *See* Fed. R. Civ. P. 19 (a)(1)(B)(ii); *see also* Section IV, *infra*.

[5] To the extent Defendants are attempting to make a lack of proximate causation argument, that argument is a denial of the Complaint, not an affirmative defense, and should be stricken. *See also* Section III, *infra*.

particularly problematic because inquiry involving Mexican officials acting in their official capacity is clearly barred. The acts of Mexican authorities within their country's territory are acts of state on which a court in the United States will not sit in judgment. *See Heath v. Alabama*, 474 U.S. 82, 93 (1985); *Underhill v. Hernandez*, 168 U.S. 250, 252 (1897); *Sea Breeze Salt, Inc. v. Mitsubishi Corp.*, 899 F.3d 1064, 1068-69 (9th Cir. 2018) (act of state doctrine bars adjudication where "(1) there is an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed [in the action would require] a court in the United States to declare invalid the [foreign sovereign's] official act"); *see also First Nat'l City Bank v. Banco Nacional de Cuba,* 406 U.S. 759, 765 (1972) ("juridical review of acts of state of a foreign power could embarrass the conduct of foreign relations by the political branches of the government"). No court may "declare invalid the official act[s] of [Mexico] performed within [its] own territory." *W. S. Kirkpatrick & Co. v. Env't Tectonics Corp., Int'l*, 493 U.S. 400, 405 (1990).[6]

Similarly, insofar as Defendants assert that U.S. Government agencies bear a degree of fault, such inquiry is barred by the political question doctrine. Matters relating "'to the conduct of foreign relations ... are so exclusively entrusted to the political branches of government as to be largely immune from judicial inquiry or interference.'" *Haig v. Agee*, 453 U.S. 280, 292 (1981) (quoting *Harisiades v. Shaughnessy*, 342 U.S.

---

[6] To the extent Defendants refer to rogue officials "supply[ing] illegal firearms to cartels" (*see, e.g.*, ECF 52, at 56-57), such conduct outside their official capacity cannot be attributed to the Government. This entire line of "defense" also fails to provide fair notice. *See also* Section II, *infra*.

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

580, 589 (1952)).

Absent this Court striking Defendants' affirmative defenses, the Government would be subject to Defendants' improperly broad discovery strategy to "fish" for evidence of purported illegal activity by either the United States Government or the Government of Mexico, which has no bearing on the well-pled allegations in the Complaint.

## II.     THE COURT SHOULD STRIKE THE DEFENSES THAT FAIL TO PROVIDE FAIR NOTICE.

The Court should strike affirmative defenses that fail to give "fair notice" of the defense.[7] *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979); *see also Fed. Trade Comm'n v. N. Am. Mktg. & Assocs., LLC*, 2012 WL 5034967, at *1 (D. Ariz. Oct. 18, 2012) ("Ninth Circuit precedent requires that Defendants' pleading give 'fair notice' of the affirmative defense to Plaintiff."); *Reiffer v. Moeller*, 2021 WL 4636047, at *2 (D. Ariz. Oct. 7, 2021). And "[f]air notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Islands Rests.*, *LP*, 2012 WL 524086, at *2 (S.D. Cal. Feb. 16, 2012).

"In state court, lawyers routinely file kitchen-sink defenses…In federal court, greater adherence to the rules is required. This sort of junk-pleading is unacceptable."

---

[7] The Ninth Circuit has not yet ruled on the question, but "the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses." *Barnes v. AT & T Pension Benefit*, 718 F.Supp.2d 1167, 1172 (N.D.Cal. 2010) (collecting cases).This heightened standard requires that pleadings allege the grounds for entitlement to relief beyond mere labels and conclusions. Regardless, Defendants' rote references to legal doctrines or statutes and generalized denials—under any standard—fail to provide the Government with fair notice. *See* Fed. R. Civ. P. 8(b).

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

*Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013). Here, Defendants' junk-pleading is a transparent attempt to pave the way for improper defensive discovery into matters exceeding the scope of this case, and should be stricken.

### A. Affirmative Defense 5 (statute of limitations)

Defendants state, with no factual support, that "Plaintiff's causes of action in the Complaint are barred, in whole or in part, by the applicable statutes of limitations." ECF 52, at 56; ECF 53, at 56; ECF 54, at 53; ECF 55, at 53. Courts routinely hold that "[t]he failure to identify the applicable statute of limitations when asserting a statute of limitations affirmative defense is a failure to provide fair notice." *Major v. Bossard Inc.*, 2021 WL 2566984, at *3 (D. Ariz. Mar. 12, 2021); *Fed. Trade Comm'n,* 2012 WL 5034967, at *3 (striking "statute of limitations" affirmative defense); *Lemberg v. Scottsdale Healthcare Corp. Health Plan*, 2011 WL 6049873, at *2 (D. Ariz. Dec. 6, 2011) (striking because Ninth Circuit precedent suggests courts "require[] reference to a specific statute"); *Murphy v. Trader Joe's*, 2017 WL 235193, at *3 (N.D. Cal. 2017) (same).

When alleging a statute of limitations defense, "[a]t a minimum [defendant] must allege which statute(s) of limitations it is relying upon, which cause(s) of action are barred, the date after which such bar became effective, and some factual allegations concerning why the limitations period has expired." *Rosen v. Masterpiece Mktng. Grp*., LLC, 222 F. Supp. 3d 793, 803 (C.D. Cal. 2016) (striking statute of limitations defense); *Smith v. Bank of N.Y. Mellon*, 2019 WL 3428744, at *3 (W.D. Wash. July 30, 2019)

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

(striking "boilerplate assertion" of statute of limitations defense). Defendants do none of these things—they do not identify which of Plaintiff's claims are allegedly barred, by which statute, or when. *See Innovative Sports Mgmt. Inc. v. Hunt*, 2019 WL 10366177, at *1 (D. Ariz. June 27, 2019) (striking statute of limitations for failing to "provide any facts supporting [it] or linking [it] to the Plaintiff's claim."); *ABC Distrib., Inc. v. Living Essentials LLC*, 2016 WL 8114206, at *2 (N.D. Cal. Apr. 26, 2016) (same).

## B.  Affirmative Defense 9 (failure to mitigate)

Defendants aver simply that "Plaintiff has failed to mitigate its damages, if any, suffered as a result of the incidents set forth in the Complaint." ECF 52, at 57; ECF 53, at 57; ECF 54, at 54; ECF 55, at 54. Courts routinely strike such "failure to mitigate" defenses that fail to give proper notice to Plaintiff. *See, e.g. Major*, 2021 WL 2566984, at *5–6 (striking because "no facts have been pled concerning Plaintiff's failure to mitigate."); *Fed. Trade Com'n,* 2012 WL 5034967, at *4.

Here, Defendants' "answer[s] give[] no notice to [Plaintiff] of the basis of [its] alleged failure to mitigate." *Kohler v. Staples the Off. Superstore, LLC*, 291 F.R.D. 464, 469 (S.D. Cal. 2013); *Lemberg*, 2011 WL 6049873, at *2 (same). Indeed, this boilerplate allegation provides no basis for how, when, or why the Government allegedly failed to "mitigate" its damages arising from Defendants' unlawful conduct, and should be stricken.

## C.  Affirmative Defense 12 (estoppel and unclean hands)

Defendants assert that "Plaintiff is estopped from claiming [ ] damages" because it "fail[ed] to curtail or remedy the ongoing violence inflicted by the cartels on its own

people, including, the doctrine of unclean hands." ECF 52, at 57; ECF 53, at 57; ECF 54,

at 54; ECF 55, at 54. Defendants' general "estoppel" defense fails to provide fair notice.

*See Desert European Motorcars, LTD v. Desert European Motorcars, Inc.*, 2011 WL

3809933, at *2-4 (C.D. Cal. Aug. 25, 2011) (striking affirmative defense of estoppel for

failure to state any facts that provide fair notice); *J & J Sports Prods., Inc. v. Catano*,

2012 WL 5424677, at *4 (E.D. Cal. Nov. 6, 2012) (striking for failure to provide notice

because "[defendants] do not indicate which estoppel defense they are asserting (e.g.

judicial estopped, collateral estoppel, equitable estoppel).").

Defendants' "unclean hands" allegation fails for the same reason. *See, e.g. Fed.*

*Trade Comm'n*, 2012 WL 5034967, at *3 (striking unclean hands defense that

"provide[d] no factual basis for the defense"); *Torres v. Goddard*, 2007 WL 4287812, at

*4 (D. Ariz. Dec. 3, 2007) (striking unclean hands defense due to "insufficient"

allegation); *Crestwood Cap. Corp. v. Andes Indus., Inc.*, 2016 WL 3418699, at *2 (D.

Ariz. June 22, 2016) (striking defense due to lack of fair notice); *J & J Sports Prods.,*

*Inc.*, 2012 WL 5424677, at *6 (striking defense because "Defendants d[id] not identify

any conduct by Plaintiff[] amounting to 'unclean hands.'"); *CTF Devel., Inc. v. Penta*

*Hospitality, LLC*, 2009 WL 3517617, at *8 (N.D. Cal. Oct. 26, 2009) (same).[8]

---

[8] To the extent Defendants are asserting the Government of Mexico engages in illegal arms trafficking inside its own borders, this argument runs afoul of the Act of State Doctrine. *See* Section I, *supra.*

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

### D.  Affirmative Defenses 13 and 14 (punitive damages)

Defendants assert that punitive damages may not be awarded in this case, stating perfunctorily that such an award is "precluded by operation of" state statute, ECF 52, at 57; ECF 53, at 57; ECF 54, at 55,[9] and then proceeding to list numerous constitutional provisions which allegedly bar punitive damages, with no allegations as to why. ECF 52, at 57-58; ECF 53, at 57-58; ECF 54, at 54; ECF 55, at 54-55. Defendants therefore fail to provide fair notice of this defense. "Although Defendants allege an award of punitive damages would be unconstitutional, they fail [to] identify facts supporting this statement such as would put Plaintiff on fair notice of their claims." *J & J Sports Prods., Inc.*, 2012 WL 5424677, at *5 (striking affirmative defenses under the Fifth, Eighth, and Fourteenth Amendments and the Commerce Clause of the U.S. Constitution, as well as the state constitution).

### E.  Affirmative Defense 30 (laches)

Defendants assert, with no supporting facts or details, that "Plaintiff's claims are barred by the doctrine of latches [sic]." ECF 52, at 60; ECF 53, at 59; ECF 54, at 57; ECF 55, at 56.

To establish the doctrine is applicable, a defendant must show "both an unreasonable delay by the plaintiff and prejudice to itself." *Couveau v. American Airlines*, 218 F.3d 1078, 1083 (9th Cir. 2000). Defendants have not argued that the

---

[9] Defendant Sprague's did not assert an affirmative defense under Ariz. Rev. Stat. § 12-689 and has therefore waived this defense. *See KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 714 (9th Cir. 2020) ("Generally, an affirmative defense that is not asserted in an answer to the complaint is waived or forfeited by the defendant.").

1   Government's "delay" in bringing suit was unreasonable, nor have they factually alleged

2   any prejudice. Their boilerplate assertion of "laches" therefore fails to provide proper

3   notice to the Government and is insufficiently pled. *See Desert European Motorcars,*

4   *LTD*, 2011 WL 3809933, at *2-4 (striking laches defense for failure to state facts that

5   provide fair notice); *see also Federal Trade Com'n*, 2012 WL 5034967, at *2; *Jarrow*

6   *Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (same). The

7
8   Court should therefore strike this defense.

9

### III.   THE COURT SHOULD STRIKE DEFENSES THAT MERELY DENY PLAINTIFF'S ALLEGATIONS.

10

11          Defendants mischaracterize as affirmative defenses many allegations that are

12   simply denials of elements of the Government's claims. "A defense which demonstrates

13   that plaintiff has not met its burden of proof is not an affirmative defense." *Zikovic v. S.*

14
15   *Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002). An affirmative defense, in

16   contrast, is one that precludes liability *even if* Plaintiff proves all the elements of its

17   claims. An affirmative defense does not merely negate the elements of the plaintiff's

18   claim, but instead avoids liability even if those elements are otherwise established. The

19
20   Court should strike Defendants' defective "affirmative defenses" because their inclusion

21   "may result in 'prejudice . . . delay, and confusion of the issues.'" *Solis v. Couturier*,

22   2009 WL 3055207, at *1 (E.D. Cal. Sept. 17, 2009).

23

### A. Affirmative Defense 1 (PLCAA)

24

25          Defendants assert that the Government's Complaint "is barred by the substantive

26   immunity provided by the Protection of Lawful Commerce in Arms Act, 15 U.S.C. §§

27
28

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

7901-03." ECF 52, at 56; ECF 53, at 56; ECF 54, at 53; ECF 55, at 53. This is simply a denial of the Government's claims, not an affirmative defense. If the Government's allegations are proven true, PLCAA does not grant Defendants "immunity." *See Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc*., 91 F.4th 511, 527 (1st Cir. 2024) ("We…conclude that the predicate exception encompasses common law claims in addition to statutory claims.").

### B.  Affirmative Defenses 2 and 18 (standing)

Without elaboration, Defendants assert that "Plaintiff lacks Article III Standing to bring this suit," ECF 52, at 56; ECF 53, at 56; ECF 54, at 53; ECF 55, at 53, and also that "Plaintiff lacks prudential standing." ECF 52, at 58-59; ECF 53, at 58; ECF 54, at 56; ECF 55, at 55-56. But "[l]ack of standing is not an affirmative defense because a plaintiff always bears the burden of proving that he has standing." *Martinez v. Alltran Fin. LP*, 2019 WL 1777300, at *2 (D. Ariz. Apr. 23, 2019) (citing *Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013));[10] *see also Howarth v. Patterson*, 2020 WL 1703641, at *1 (D. Ariz. Apr. 8, 2020) (striking lack of standing defense as "insufficient as a matter of law"); *J & J Sports Prods., Inc. v. Vizcarra*, 2011 WL 4501318, at *2 (N.D. Cal. Sept. 27, 2011) ("Because a plaintiff must plead and ultimately prove standing, lack of standing 'is not an affirmative defense under federal law.'") (citation omitted).[11]

---

[10] The Court set out the elements of standing in its Order of March 25, 2024. ECF 50, 5-9.
[11] The defense here also fails to provide fair notice, merely stating that Plaintiff lacks standing as to "one or more" counts in the Complaint without identifying any counts or alleging why

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Defendants further contend that prudential standing, Affirmative Defense 18, "should not be recognized in a foreign nation unless there is a clear indication of intent to grant such standing expressed by the Supreme Court or by the two coordinate branches of government." ECF 52, at 58-59; ECF 53, at 58; ECF 54, at 56; ECF 55, at 55-56. While Defendants may hold this (incorrect) opinion, it is not an affirmative defense to the claims in this litigation, and should be stricken. *See also* Section IV, *infra*.

### C.  Affirmative Defenses 3, 8, 11, and 28 (proximate cause)

In these defenses, Defendants assert that "Plaintiff's claims fail due to a lack of proximate causation," ECF 52, at 56; ECF 53, at 56; ECF 54, at 53; ECF 55, at 53, that "[a]ny damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than [Defendants]," and other similar arguments regarding proximate cause. ECF 52, at 57; ECF 53, at 57; ECF 54, at 54; ECF 55, at 54.

These defenses deny the Government has suffered an injury or incurred damages, or that Defendants caused such injuries or damages—such a denial is not an affirmative defense, as Plaintiff bears the burden of proof on these matters.[12] *See Zikovic*, 302 F.3d at 1088 ("A defense which demonstrates that plaintiff has not met its burden of proof is not

_____

Plaintiff lacks standing. *See also* Section II, *supra*. Regardless, "[t]he Court has already held that Plaintiff has standing to bring this action. This is the law of the case." *Mortg. Elec. Registration Sys., Inc. v. Koeppel*, 2020 WL 1233925, at *6 (N.D. Cal. Mar. 13, 2020), *aff'd*, 2021 WL 4317136 (9th Cir. Sept. 23, 2021) (citation to record omitted).

[12] The Court set out the elements of proximate causation in its Order of March 25, 2024. ECF 50, 22-23.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

an affirmative defense."); *Barnes*, 718 F. Supp. 2d at 1173-74 ("Such a defense is merely rebuttal against the evidence presented by the plaintiff.").

Similarly, the alleged absence of proximate cause is not an affirmative defense. *See, e.g.*, *Howard v. Tanium, Inc.*, 2022 WL 597028, at *4 (N.D. Cal. Feb. 28, 2022) ("To the extent that [defendant] is simply denying an essential element of Plaintiff's claim—that [defendant] caused him injury—this is not an affirmative defense.") (striking proximate cause defense without leave to amend); *J & J Sports Prods., Inc. v. Barwick*, 2013 WL 2083123, at *4 (N.D. Cal. May 14, 2013); *Park v. Kitt*, 2021 WL 1210364, at *5 (E.D. Cal. Mar. 31, 2021).[13]

### D. Affirmative Defense 4 (failure to state a claim)

Without offering any basis as to its alleged defect, Defendants assert that "Plaintiff's Complaint, and each and every cause of action contained therein, fails to state facts sufficient to state a claim." ECF 52, at 56; ECF 53, at 56; ECF 54, at 53; ECF 55, at 53. But "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiff's prima facie case." *Fed. Trade Comm'n,* 2012 WL 5034967, at *2; *Martinez*, 2019 WL 1777300, at *2 (same); *Craten v. Foster Poultry Farms Inc.*, 2016

---

[13] This defense additionally fails to provide fair notice because it fails to specify which "acts or omissions" of the Government or third parties caused the injuries. *See Fed. Trade Comm'n*, 2012 WL 5034967, at *4 (striking affirmative defense that Plaintiff's claims are barred by the action or omission of third parties). *See also* Section II, *supra*.

WL 3457899, at *3 (D. Ariz. June 24, 2016) (same); *G & G Closed Circuit Events, LLC v. Mitropoulos*, 2012 WL 3028368, at *2 (D. Ariz. July 24, 2012) (same). [14]

### E.  Affirmative Defense 10

Defendants assert that "Plaintiff's claims for damages are barred by the economic loss rule." ECF 52, at 57; ECF 53, at 57; ECF 54, at 54; ECF 55, at 54. And yet "[i]t appears no court, in the Ninth Circuit or otherwise, has held the economic loss doctrine is an affirmative defense." *Johnson v. Wells Fargo Home Mortg., Inc.,* 2007 WL 3226153, at *4 (D. Nev. Oct. 29, 2007), *aff'd in part*, 635 F.3d 401 (9th Cir. 2011); *see also Zagarian v. BMW of N. Am., LLC*, 2019 WL 6111731, at *2 n.1 (C.D. Cal. Oct. 23, 2019) ("[t]he economic loss rule is not a defense to a cause of action. Rather, the existence of damages other than purely economic loss is an element of a plaintiff's common law cause of action.") (citation omitted). This defense, like the many others discussed above, is simply a denial of the Complaint's allegations, and should be stricken. [15]

### F.  Affirmative Defenses 17 and 22

Defendants assert they "did not owe Plaintiff a legal duty to protect Plaintiff or its citizens." ECF 52, at 58; ECF 53, at 58; ECF 54, at 55; ECF 55, at 55-56. This is simply a

---

[14] Additionally, Defendants fail to give any notice whatsoever as to what that alleged defect might be. "There is no fair notice of how [p]laintiff failed to state a claim." *J & J Sports Prod., Inc. v. Mosqueda*, 2013 WL 951366, at *1 (D. Ariz. March 12, 2013)). Therefore, this defense must be stricken. *See also* Section II, *supra.*

[15] This "economic loss rule" defense also fails to provide notice because it does not state how or why Plaintiff's claims for damages are "barred." *See also* Section II, *infra*.

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

denial of the Complaint's allegations, and the Government hereby incorporates and restates its previous responses to Defendants' Section III affirmative defenses.[16]

### G. Affirmative Defense 26

Defendants aver that "Plaintiff's negligent entrustment claim fails because this cause of action is inapplicable in the context of the sales of chattel alleged in the Complaint." ECF 52, at 59; ECF 53, at 59; ECF 54, at 56; ECF 55, at 56. This purported defense simply "asserts a defect in Plaintiff's prima facie case,"[17] and is therefore not an affirmative defense.

### IV.   THE COURT SHOULD STRIKE DEFENSES THAT ARE LEGALLY INSUFFICIENT AND/OR OTHERWISE DEFECTIVE.

The Court should also grant a motion to strike "when a defense is insufficient as a matter of law." *Torres v. Goddard,* 2008 WL 1817994, *1 (D. Ariz. 2008) (citation omitted); *see also Major*, 2021 WL 2566984, at *2 (affirmative defense "legally insufficient if it clearly lacks merit under any set of facts the defendant might allege…").

### A. Affirmative Defense 19 (law of the case doctrine)

Defendants assert, with no supporting allegations, that "[a]ll or a portion of Plaintiff's claims are barred due to the law of the case doctrine." ECF 52, at 59, ECF 53, at 58; ECF 54, at 56; ECF 55, at 56. Under this doctrine, "a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case." *Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012), *aff'd sub*

---

[16] The Court set out the elements of duty in its Order of March 25, 2024. ECF 50, 25-27.
[17] *Fed. Trade Comm'n,* 2012 WL 5034967, at *2.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

*nom. Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013). But this defense has "no bearing on" the action here, which "no court has passed judgment on," and therefore the "defense cannot be maintained." *Richter v. City of Des Moines*, 2012 WL 1099179 at *3 (W.D. Wash. Apr. 2, 2012) (striking "law of the case" doctrine defense).

## B. Affirmative Defense 20 (spoliation)

Defendants assert that "upon information and belief…Plaintiff…spoliated evidence that was subject to discovery in this lawsuit." ECF 52, at 59; ECF 53, at 58; ECF 54, at 56; ECF 55, at 56. However, "spoliation is not an affirmative defense, but, rather, a sanction for discovery and evidentiary violations." *Rein v. Thrifty Payless, Inc.*, 2021 WL 1401569, at *5 n.2 (W.D. Wash. Apr. 14, 2021) (collecting cases); *see also Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148, 155 (4th Cir. 1995) (spoliation is "not an affirmative defense, but a rule of evidence"); *U.S. Bank Nat'l Ass'n v. Gerber*, 380 F. Supp. 3d 429, 440 (M.D. Pa. 2018) (same); *Target Corp. v. Seaman Corp*., 2021 WL 2526550, at *1 (D. Minn. June 21, 2021) (same). This defense therefore fails as a matter of law.[18]

## C. Affirmative Defense 23

Defendants assert that "Plaintiff's claims are in violation of the First Amendment of the United States Constitution, which guarantees Defendant's right to commercial free speech." ECF 52, at 59; ECF 53, at 59; ECF 54, at 56; ECF 55, at 56. In evaluating

---

[18] Defendants failed to state what evidence was allegedly destroyed, or how or when they came to believe the Government purposely destroyed relevant evidence, and therefore this defense should be stricken for failure to provide proper notice. *See also* Section II, *supra*.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

1    whether an affirmative defense is legally sufficient, the Court must accept that the

2    Plaintiff will prevail on the merits of the action. Then, the Court determines whether,

3    notwithstanding the Plaintiff proving its case, some extrinsic factor (i.e., the affirmative

4    defense) defeats that claim. Here, it clearly does not.

5

6          To the extent Defendants' First Amendment reference is asserting a right to

7    advertise, deceptive marketing practices are not privileged or protected by the First

8    Amendment. *See, e.g., Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*,

9    425 U.S. 748, 772 (1976); *United States v. Schiff*, 379 F.3d 621, 629-30 (9th Cir. 2004);

10   *Bristol-Meyers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984); *F.T.C. v. Stefanchik*, 2004

11   WL 5495267, at \*2 (W.D. Wash. Nov. 12, 2004). If the Government prevails, therefore,

12   the First Amendment cannot protect Defendants.

13

14                    **D.  Affirmative Defense 24**

15

16         Defendants assert that "Plaintiff's claims are in violation of the Second

17   Amendment of the United States Constitution, which guarantees the right to bear arms,

18   and the citizenry's right to access such arms from Defendant." ECF 52, at 59; ECF 53, at

19   59; ECF 54, at 56; ECF 55, at 56. To the extent Defendants' reference to the Second

20   Amendment is asserting a right to sell guns, unlawful gun sales are not protected by the

21   Second Amendment. *See, e.g.*, *D.C. v. Heller*, 554 U.S. 570, 626–27 (2008) ("[N]othing

22   in our opinion should be taken to cast doubt on ... laws imposing conditions and

23   qualifications on the commercial sale of arms."); *Teixeira v. County of Alameda*, 873

24   F.3d 670, 681 (9th Cir. 2017) (en banc) (rejecting a gun seller's argument "that,

25   independent of the rights of his potential customers [to acquire firearms], the Second

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Amendment grants him a right to sell firearms"), *cert. denied*, 138 S.Ct. 1988 (2018). The *Texeira* Court further concluded that "no historical authority suggests that the Second Amendment protects an individual's right to sell a firearm." *Id.* at 686-87; *see also United States v. Flores*, 2023 WL 361868, at *5 (S.D. Tex. Jan. 23, 2023) (argument that Second Amendment implies a right to sell firearms "is unsupported and contrary to the holding of *Teixeira*"). If the Government prevails on its claims, the Second Amendment cannot protect Defendants.

### E. Affirmative Defense 25

Defendants assert that "Plaintiff's claims are barred by the provisions of the Commerce Clause of the Constitution of the United States, Article I, Section 8." ECF 52, at 59; ECF 53, at 59; ECF 54, at 56; ECF 55, at 56. But the Commerce Clause does not "bar" legal claims—it authorizes the U.S. Congress to regulate interstate and foreign commerce, and acts as an implied prohibition on state laws that interfere with interstate commerce—and is therefore not a legally cognizable affirmative defense.[19]

### F. Affirmative Defense 27

Defendants assert that "Plaintiff's claims for relief before the Court violate the United States and Arizona State constitutional separation of powers in that Plaintiff seeks to have the judicial branch create legislative policy." ECF 52, at 59; ECF 53, at 59; ECF 54, at 56; ECF 55, at 56. This is a political bromide, not a legally cognizable affirmative

---

[19] Defendants' cursory reference to the Commerce Clause also fails to provide fair notice, *see* Section II, *supra*—and the Government remains puzzled as to how U.S. Congress's ability to regulate trade could provide Defendants an affirmative defense in this action.

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

1    defense, and the Government hereby incorporates and restates its previous responses to

2    Defendants' Section IV affirmative defenses.[20]

3            **G.  Affirmative Defense 29**

4

5            Defendants state that the Government's Complaint is "barred by the Seventh

6    Amendment of the Constitution of the United States." ECF 52, at 59; ECF 53, at 59; ECF

7    54, at 56-57; ECF 55, at 56. The Seventh Amendment does not "bar" legal actions—it

8    codifies the right to a jury trial in civil lawsuits, and prohibits courts from overturning

9    jury verdicts. Defendants' purported defense therefore fails as a matter of law.[21]

10

11           **H.  Affirmative Defense 31**

12

13           Defendants state they "reserve[] the right to amend [their] answer[s] to raise

14   additional affirmative defenses that may be disclosed during discovery." ECF 52, at 60;

15   ECF 53, at 59; ECF 54, at 56; ECF 55, at 56-57. "This is not an affirmative defense

16   because it provides no basis for avoiding liability." *J & J Sports Prods. Inc.*, 2013 WL

17   951366, at *2 (striking defendant's "reservation of 'the right to amend this Answer at a

18   later time to assert any matter constituting an avoidance or affirmative defense . . . as

19   discovery shows to be applicable'").

20

21

22

23
     _____

24   [20] The Government further notes that Defendants' argument also fails to provide fair notice of
     the nature of the defense, because it does not state how or why the Government "seeks to have
     the judicial branch create legislative policy." *See also* Section II, *supra*.
25   [21] The Government has requested a jury trial on all issues so triable. *See* ECF 1, at 1. Defendants
     have also requested a jury trial. *See* ECF 52-56. The Government also notes that Defendants'
26   argument fails to provide fair notice because it does not state how, why, or which part(s) of the
     Complaint are constituutionally "barred." *See J & J Sports Prods., Inc.*, 2012 WL 5424677, at *5
27   (striking affirmative defenses under the Fifth, Eighth, and Fourteenth Amendments); *see also*
     Section II, *supra*.
28

**CONCLUSION**

For the aforementioned reasons, the Government respectfully requests the Court to strike Defendants' above-mentioned affirmative defenses.

Respectfully submitted this 29th day of April, 2024

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: /s/*Ryan O'Neal*

Ryan O'Neal
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
Attorneys for Plaintiff

/s/ Steve D. Shadowen                        /s/ Jonathan E. Lowy
Steve D. Shadowen (*pro hac vice*)           Jonathan E. Lowy (*pro hac vice*)
Tina J. Miranda (*pro hac vice*)             Global Action on Gun Violence
Nicholas W. Shadowen (*pro hac vice*)        805 15th Street NW
SHADOWEN PLLC                                #601
1135 W. 6th Street, Suite 125                Washington, DC 20005
Austin, TX 78703                             Phone: (202) 415-0691
Phone: 855-344-3298                          jlowy@actiononguns.org
sshadowen@shadowenpllc.com
tmiranda@shadowenpllc.com
nshadowen@shadowenpllc.com

1

2

**CERTIFICATE OF SERVICE**

3

     I, Ryan O'Neal, hereby certify that this document was filed with the Clerk of the

4

Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing

5

systems may access this filing through the Court's CM/ECF system, and notice of this

6

filing will be sent to these parties by operation of the Court's electronic filings system.

7

8

9

Dated: April 29, 2024                                        /s/ *Ryan O'Neal*

10

                                                 Ryan O'Neal

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300