DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
(520) 322-5000

Ryan O'Neal (AZ # 031919)
roneal@dmyl.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>*Plaintiff*,<br><br>vs.<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>*Defendants* | NO. 4:22-cv-00472-TUC-RM |

**NOTICE REGARDING DEPOSITIONS OF PLAINTIFF WITNESSES**

The Government, through its undersigned counsel, provides the following notice[1] to the Court regarding the scope and mechanics of depositions in this case, subject to the Court's approval.

---

[1] Supplementing the Governments's position on Depositions, as referenced in the Joint Notice Regarding Depositions and Written Discovery, ECF 61, p. 4.

1. The United Mexican States ("Mexico" or the "Government") and the United States of America are Contracting States to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 (the "Hague Convention").

2. The Hague Convention on the Taking of Evidence Abroad allows for depositions of witnesses, the production of documents for inspection, the production of objects for inspection, and obtaining experts reports.

3. "[B]oth the discovery rules set forth in the Federal Rules of Civil Procedure and the Hague Convention are the law of the United States." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 533 (1987). "[T]he treaty may be viewed as an undertaking among sovereigns to facilitate discovery to which an American court should resort when it deems that course of action appropriate, after considering the situations of the parties before it as well as the interests of the concerned foreign state." *Id.*

4. Mexico has made a special and complete reservation concerning the provisions in Articles 17 and 18 regarding "commissioners" and the use of measures of compulsion by diplomatic officers and consular agents.

5. Article 17 of the Hague Convention provides:

In a civil or commercial matter, a person duly appointed as a commissioner for the purpose may, without compulsion, take evidence in the territory of a Contracting State in aid of proceedings commenced in the courts of another Contracting State if–

   a) a competent authority designated by the State where the evidence is to be taken has given its permission either generally or in the particular case; and

   b) he complies with the conditions which the competent authority has specified in the permission.

A Contracting State may declare that evidence may be taken under this Article without its prior permission.

6. Articles 18 provides:

A Contracting State may declare that a diplomatic officer, consular agent or commissioner authorised to take evidence under Articles 15, 16 or 17, may apply to the competent authority designated by the declaring State for appropriate assistance to obtain the evidence by compulsion.

The declaration may contain such conditions as the declaring State may see fit to impose. If the authority grants the application it shall apply any measures of compulsion which are appropriate and are prescribed by its law for use in internal proceedings.

7. For purposes of this litigation only, the Government stipulates that Defense counsel in this litigation may take "U.S. style" depositions in Mexico of Mexican and third-country nationals under the control of the Government as Plaintiff in this litigation. Defendants' U.S. counsel may take oral depositions in Mexico (or in a mutually agreed upon location) without necessitating the presence of a Mexican judicial officer, and need not submit written questions in advance to Mexico's Central Authority. Instead, the depositions may proceed as otherwise provided in the Federal Rules of Civil Procedure.

8. Voluntary depositions of Mexican and third-country nationals under the control of the Government as Plaintiff in this litigation will not require prior permission from the Mexican Central Authority.

9. Depositions of witnesses whom the Government agrees to produce will proceed according to the stipulation of the parties, the rules of this Court, and the Federal Rules of Civil Procedure. The Mexican Central Authority will not intervene to block any properly noticed and agreed-upon depositions.

10. This notice does not constitute a waiver of the Government's rights under the

Hague Convention, U.S. law, Arizona law, or the Federal Rules of Civil Procedure. Nor does this notice waive the Government's right to claim any and all forms of relevant privilege or to assert any claim or argument that would be available to it if it were a U.S. domestic litigant.

11. Furthermore, the Government does not—and cannot—waive the right of Mexican (or third-country national) third parties to avail themselves of Articles 17 and 18 of the Hague Convention. The Government makes these provisions on behalf of itself only, that is, the witnesses in this litigation within the Government's control.

12. The Government enters this notice in view of the fact that it initiated this litigation in the District of Arizona. This notice does not waive the Government's objections to Article 17 and Article 18 of the Hague Convention in any litigation to which the Government is now, or may become in the future, a party.

13. The Government has additionally and seperately notified Defendants of the above.

Respectfully submitted this 8th day of May, 2024

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: /s/*Ryan O'Neal*
Ryan O'Neal
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
Attorneys for Plaintiff

/s/ Steve D. Shadowen
Steve D. Shadowen (*pro hac vice*)
Tina J. Miranda (*pro hac vice*)
Nicholas W. Shadowen (*pro hac vice*)
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703

/s/ Jonathan E. Lowy
Jonathan E. Lowy (*pro hac vice*)
Global Action on Gun Violence
805 15th Street NW
#601
Washington, DC 20005
Phone: (202) 415-0691

| | |
|---|---|
| Phone: 855-344-3298 | jlowy@actiononguns.org |
| sshadowen@shadowenpllc.com | |
| tmiranda@shadowenpllc.com | |
| nshadowen@shadowenpllc.com | |

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CERTIFICATE OF SERVICE**

I, Ryan O'Neal, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: May 8, 2024                    /s/ Ryan O'Neal
                                       Ryan O'Neal