DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
(520) 322-5000

Ryan O'Neal (AZ # 031919)
roneal@dmyl.com
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>*Plaintiff*,<br><br>vs.<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>*Defendants* | NO. 4:22-cv-00472-TUC-RM |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE AMMO AZ'S AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................1

ARGUMENT .................................................................................................................................1

    I.    The Government's Motion is Timely. ................................................................................1

    II.    Permitting These Improper Affirmative Defenses Prejudices Plaintiff. ............................2

    III.    Defenses 1, 2, 7, 13, 18, 22, 25-27, 31-34 Fail to Provide Fair Notice. ............................2

    IV.    Defenses 3, 5, 6, 8-11, 14-16, 17-24, 35, and 37-39 Are Improper Affirmative Defenses. 7

    V.    The Court Should Not Provide Defendants Leave to Amend. ..........................................11

CONCLUSION ............................................................................................................................11

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**INTRODUCTION**

Defendant proclaims the Government's Motion to Strike Ammo AZ's Affirmative Defenses is designed "to harass defendants, force them to incur additional defense costs, and improperly attempt to limit the scope of discovery in this case." ECF No. 77 ("Opp.") at 2. Quite the opposite. Rule 12(f) motions "are proper when a defense is insufficient as a matter of law."[1] The Government filed this motion to dispose of Defendant's "kitchen-sink" and legally insufficient affirmative defenses in order "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[2] Defendant's briefing in opposition only illuminates the meritlessness of their defenses.

**ARGUMENT**

**I.   The Government's Motion is Timely.**

A motion to strike affirmative defenses is appropriate and common at this stage of litigation, before the parties embark on extensive discovery, to narrow the defenses to those that are true affirmative defenses for which the Government has fair notice. If affirmative defenses are improper, "such determination should be made now, in order to avoid the needless expenditures of time and money in litigating."[3] The Government would be

---

[1] *Bernal v. Daewoo Motor Am., Inc.*, 2009 WL 3837195, at *2 (D. Ariz. Nov. 16, 2009) (quoting *Torres v. Goddard*, 2008 WL 1817994, *1 (D. Ariz. 2008)).

[2] *Salazar v. Driver Provider Phoenix LLC*, 2023 WL 6066748, at *1 (D. Ariz. Sept. 18, 2023) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). *See also Dodson v. Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 602 (E.D. Cal. 2013) ("If a defendant cannot articulate the reasons that affirmative defenses apply to a dispute, it is costly, wasteful, and unnecessary to force plaintiffs to conduct discovery into those defenses.").

[3] *Purex Corp., Ltd. v. Gen. Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970). Defendant's cited cases are inapt. *Cabanillas v. 4716 Inc.* denied plaintiff's motion to strike because Defendants withdrew any affirmative defenses that were "insufficient as a matter of law." 2021 WL 1889798, at *1 (D. Ariz. Mar. 3, 2021).

prejudiced if subjected to discovery on defenses that are legally insufficient and fail to provide fair notice.

## II. Permitting These Improper Affirmative Defenses Prejudices Plaintiff.

Defendant's affirmative defenses foreshadow its strategy in this case—to probe into the national security and/or border control apparatuses of the United States Government and the Government of Mexico in an attempt to deflect blame from its unlawful conduct. Aside from the highly offensive allegation that the Government of Mexico is culpable for the widespread violence and terror created by cartels armed with Defendant's own weapons, Defendant's goal is harassment, prejudice, and confusion. "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause a trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike."[4] Defendant's purported "affirmative defenses" are aimed at subjecting the Government to improper avenues of discovery, likely to prejudice the Government and confuse a jury, and should be stricken.

## III. Defenses 1, 2, 7, 13, 18, 22, 25-27, 31-34 Fail to Provide Fair Notice.

### A. The Legal Standard for Fair Notice.

While "[t]he Ninth Circuit has not expressly discussed whether *Twombly* and *Iqbal* extend to affirmative defenses,"[5] "the vast majority of courts presented with the issue have

---

[4] *Cal. Dep't. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp.2d 1028, 1033 (C.D. Cal. 2002).

[5] *Adidas Am., Inc. v. Aviator Nation, Inc.*, 2021 WL 91623, at *2 (D. Or. Jan. 10, 2021).

extended *Twombly*'s heightened pleading standard to affirmative defenses."[6] The reasoning is to "require 'at least some valid factual basis for pleading an affirmative defense' and . . . prevent defendants from 'adding it to the case simply upon some conjecture that it may somehow apply.'"[7] This makes sense in the plain reading of the statute, and it serves judicial economy by "weed[ing] out the boilerplate listing of affirmative defenses . . . irrelevant to the claims asserted."[8] Thus, "fair notice requires the pleading of factual matter that creates a plausible right to relief. Labels, conclusions, or formulaic recitals of the elements of a cause of action do not suffice."[9] None of the challenged affirmative defenses meet this standard.

Even under a weaker standard (or indeed *any* standard), Defendant failed to sufficiently plead its affirmative defenses to provide fair notice. "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense."[10] Affirmative defenses should be stricken when they "contain[] nothing to alert the plaintiff as

---

[6] *In Re Zicam Cold Remedy Mktg.*, 2010 WL 3155258, at *1 (D. Ariz. Aug. 6, 2010) (quoting *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010)). *See also Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) ("The majority of district courts in this Circuit...has consistently applied *Twombly* and *Iqbal* to both claims and affirmative defenses.") (collecting cases); *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 798 n.3 (C.D. Cal. 2016) (collecting cases).
[7] *Zicam*, 2010 WL 3155258, at *1 (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)).
[8] *Barnes*, 718 F. Supp. 2d at 1172 ("Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint. *Compare* (a)(2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' *with* (b)(1) 'state in short and plain terms its defenses to each claim asserted against it.'").
[9] *Vogel*, 291 F.R.D. at 440.
[10] *Fed. Trade Comm'n v. N. Am. Mktg. & Assocs., LLC*, 2012 WL 5034967, at *1 (D. Ariz. Oct. 18, 2012) (quoting *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012)).

to the grounds upon which these affirmative defenses rest."[11] Here, "[n]one of [Defendant's affirmative defenses] provide the 'grounds' for the defense. They merely assert 'the defense and then a one sentence explanation that adds nouns and verbs.'"[12]

### B. Defenses 1, 2, 7, 13, 18, 22, 25-27, 31-34 Fail to Provide Fair Notice

***Defenses 2, 7, 22, and 31.*** These defenses attempt to shift blame for the consequences of Defendant's actions to the Government and other unidentified parties. Defense 2 claims that the Government failed to sue indispensable parties, ignoring that "'[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.'"[13] Further, a Defendant is required not only to identify allegedly indispensable parties, but to "explain[] how or why [they are] indispensable here."[14] Defendant "has not explained why in their absence[,] the Court either 'cannot accord complete relief among existing parties' or how they have an interest in this action that would be impeded by resolving the action without them or would lead to inconsistent obligations."[15]

Defenses 7 and 22 claim the Government failed to exercise reasonable care to prevent the carnage wrought by Defendant's unlawfully-sold guns. Defense 31 alleges "illegality as

---

[11] *Reiffer v. Moeller*, 2021 WL 4636047, at *2 (D. Ariz. Oct. 7, 2021).
[12] *Adidas Am., Inc.*, 2021 WL 91623, at *2 (quoting *McDonald v. Alayan Alayan*, 2016 WL 2841206, at *3 (D. Or. May 13, 2016)).
[13] *Solis v. Couturier*, 2009 WL 3055207, at *2 (E.D. Cal. Sept. 17, 2009) (quoting *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990)). *See also Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 471 (9th Cir. 1960) ("[A] joint tort-feasor is not an indispensable party."). Notably, the two out-of-circuit cases the Defendant cites involve indispensable parties to a contract, not alleged tortfeasors. *See* Opp. at 6-7.
[14] *N.L. v. Children's Hosp. Los Angeles*, 2019 WL 10854340, at *5 (C.D. Cal. Oct. 22, 2019). *See also Snow Covered Cap., LLC v. Weidner*, 2019 WL 6719526, at *4 (D. Nev. Nov. 22, 2019), *R&R adopted*, 2019 WL 6718087 (D. Nev. Dec. 10, 2019) ("Defendant . . . must identify . . . why the party is indispensable") (internal quotation omitted).
[15] *BGC, Inc. v. Bryant*, 2023 WL 4138287, at *5 (N.D. Cal. June 21, 2023).

to Plaintiff's conduct" without providing any basis for this accusation, including what illegal conduct the Government of Mexico has supposedly committed and how it relates to the Defendant's illegal straw sales of guns. Without providing any "factual or legal explanation" for these assertions, Defendant fails to provide fair notice.[16]

Defendant's arguments that the act of state and political question doctrines are inapplicable or premature also fail. Opp. at 7-8. "[T]he act of state doctrine bars [the Court] from even asking" questions about the validity of the Government's actions.[17] The political question doctrine—as implicated here—also precludes Defendants' purported affirmative defense. *See* Motion at 4. To deny a foreclosure of these improper avenues at this stage would subject the Government to an "improperly broad discovery strategy to 'fish' for evidence of purported illegal activity . . . which has no bearing on the well-pled allegations in the Complaint." *Id*.

***Defenses 1 and 34.*** Defenses 1 (statute of limitations) and 34 (laches) both fail to provide the Government with fair notice. In the Ninth Circuit, a Defendant is required to "allege which statute(s) of limitations it is relying upon, what cause(s) of action are barred,

---

[16] *Bonshahi v. Fedex Corp.*, 2012 WL 3638608, at *3 (N.D. Cal. Aug. 22, 2012) (striking affirmative defense that "Plaintiff did not exercise ordinary care, caution or prudence"). *See also Lemberg v. Scottsdale Healthcare Corp. Health Plan*, 2011 WL 6049873 (D. Ariz. Dec. 6, 2011) (striking contributory negligence defense due to lack of factual basis); *N. Am. Mktg. & Assocs.*, 2012 WL 5034967, at *4 (striking failure to mitigate and unclean hands defenses because no factual basis was alleged); *Kohler*, 280 F.R.D. 560 (same); *Loc. Ventures & Invs., LLC v. Open Found.*, 2019 WL 7877935 (N.D. Cal. Mar. 12, 2019) (same).

[17] *Soc'y of Lloyd's v. Siemon-Netto*, 457 F.3d 94, 103 (D.C. Cir. 2006). *See also Casa Express Corp. as Tr. of Casa Express Tr. v. Bolivarian Republic of Venezuela*, 2024 WL 1756363, at *5 (S.D. Fla. Apr. 24, 2024) (the act of state doctrine "operates as a preclusive force, foreclosing judicial inquiry into the validity or propriety" of the Government's acts) (internal quotation omitted).

the date after which such bar became effective, and some factual allegations concerning why the limitations period has expired,"[18] which Defendant has not done here. Similarly, Defendant's one-sentence laches defense "contain[s] no reference to supporting facts . . . and thus provide[s] no notice concerning the basis of the defenses."[19] It does not "provide any facts supporting [the defense] or linking [it] to the Plaintiff's claim," which "at a minimum" is required for fair notice of a laches defense.[20]

***Defenses 13, 32, and 33.*** Defenses 13 (failure to mitigate), 32 (assumption of risk), and 33 (estoppel) are barebones assertions that all fail to provide fair notice because Defendant does not provide any factual basis for them.[21] While the Government relies on recent Ninth Circuit cases for the fair notice standard, Defendant's cases in support of its boilerplate defenses are out-of-district, inapt, and pre-*Iqbal*. *See* Opp. at 10.[22]

---

[18] *Rosen*, 222 F. Supp. 3d at 804. *See also N. Am. Mktg. & Assocs.*, 2012 WL 5034967, at *3 (a defense that "do[es] not identify the applicable statute of limitations . . . does not provide fair notice to Plaintiff); *Lemberg*, 2011 WL 6049873, at *2.

[19] *Fed. Trade Comm'n*, 2012 WL 5034967, at *2 (citing *Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*, 2011 WL 3809933 at *2-4 (C.D. Cal. Aug. 25, 2011)).

[20] *Innovative Sports Mgmt. Inc. v. Hunt*, 2019 WL 10366177, at *1 (D. Ariz. June 27, 2019). *See also Major v. Bossard Inc.*, 2021 WL 2566984, at *3 (D. Ariz. Mar. 12, 2021) (striking laches defense); *Crestwood Cap. Corp. v. Andes Indus., Inc.*, 2016 WL 3418699, at *3 (D. Ariz. June 22, 2016) (bare assertion of laches defense "wholly insufficient to provide fair notice—or really any notice at all").

[21] *See Major*, 2021 WL 2566984, at *5 (striking failure to mitigate defense because "no facts have been pled concerning Plaintiff's failure to mitigate."); *Torres v. Goddard*, 2007 WL 4287812, at *3 (D. Ariz. Dec. 3, 2007) (striking assumption of risk defense); *N. Am. Mktg. & Assocs.*, 2012 WL 5034967, at *2 (Defendant's estoppel defense "contain[s] no reference to supporting facts . . . and thus provide[s] no notice concerning the basis of the defense[].").

[22] *Storz Mgmt. Co. v. Carey*, 2022 WL 2181661, at *3 (E.D. Cal. June 16, 2022) (declining to strike the defendant's estoppel defense because Plaintiff had made the same affirmative defense in response to Defendants' counterclaims.) And of the six cases referenced in the *Bd. of Trs. of San Diego* parenthetical, only one is in-Circuit and only one is post-*Twombly* (and none are post-*Iqbal*).

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

***Defenses 18 and 25-27.*** Citing exclusively law from the Eighth Circuit, Defendant proffers defenses 25, 26, and 27 arguing against punitive damages due to various constitutional provisions, and defense 18 arguing the Government's claims for relief violate constitutional separation of powers. These cases hold no bearing. While "[t]he Eighth Circuit has held that a party need only make a 'bare assertion' to plead an affirmative defense,"[23] the *Ninth* Circuit requires at the very least the grounds for the defense, and more likely, the pleading standards of *Twombly* and *Iqbal*. *Supra,* III. A. Thus, in the Ninth Circuit, constitutional defenses are sticken if Defendant "fail[s to] identify facts supporting [the constitutional defenses] such as would put Plaintiff on fair notice of their claims."[24] If "defendants offer nothing more than speculation that punitive damages will burden a constitutional right . . . [Plaintiff] cannot ascertain the basis for this affirmative defense."[25] Thus, these defenses fail to provide fair notice and should be stricken.

## IV. Defenses 3, 5, 6, 8-11, 14-16, 17-24, 35, and 37-39 Are Improper Affirmative Defenses.

These defenses are simply denials of the elements of Government's claims and should be stricken as improper. "'A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.'"[26] "'Such a defense is merely rebuttal against the evidence presented by the plaintiff.'"[27]

---

[23] *Knapp v. FAG Bearings, LLC*, 2021 WL 3771793, at *2 (W.D. Mo. Aug. 24, 2021).
[24] *J & J Sports Productions, Inc. v. Catano*, 2012 WL 5424677, at *5 (E.D. Cal. 2012) (emphasis added).
[25] *Banga v. Kanios*, 2018 WL 11360187, at *4 (N.D. Cal. Mar. 20, 2018) (citing *Weddle v. Bayer AG Corp.,* 2012 WL 1019824, at *5 (S.D. Cal. Mar. 26, 2012)).
[26] *Martinez*, 2019 WL 1777300, at *2 (quoting *Zikovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)).
[27] *Id*. (quoting *Barnes*, 718 F. Supp. 2d at 1173-74).

***Defense 3***. Defendant concedes that Defense 3 is not a "true" affirmative defense. *See* Opp. at 16. In this defense, Defendant asserts the Government lacks standing. "[L]ack of standing is not an affirmative defense because a plaintiff always bears the burden of proving that he has standing."[28] Defendant claims that "there exists a difference of views among courts on this issue," Opp. at 13 n. 11. Yet, overwhelmingly, "[c]ourts in the Ninth Circuit routinely hold that . . . 'lack of standing' [is] not a proper affirmative defense."[29]

***Defenses 5, 6, 8-11, 15-17, 19-24, and 39.*** These defenses all involve denials that Defendant proximately caused the Government's damages, an element of the Government's prima facie case, and "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."[30] Each of these so-called defenses "for various reasons deny that Plaintiff has suffered an injury or incurred damages, deny that Defendants caused such injuries or damages, or deny that Plaintiff will be able to prove the elements of his claims or will be able to recover damages."[31] This is not the function of an affirmative defense; to evaluate whether an affirmative defense should be stricken, the Court assumes the Plaintiff's prima facie claims have *already* been proven.

---

[28] *Id*. at *2 (citing *Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013)). *See also Howarth v. Patterson*, 2020 WL 1703641 (D. Ariz. Apr. 8, 2020) (striking standing affirmative defense); *Spann v. J.C. Penney Corp.*, 2015 WL 11072165, at *4 (C.D. Cal. July 16, 2015) (same and collecting cases).

[29] *Gergawy v. United States Bakery, Inc.*, 2021 WL 608725, at *7 (E.D. Wash. Feb. 16, 2021). *See also e.g., Howarth*, 2020 WL 1703641, at *1; *Kanaan v. Yaqub*, 2023 WL 8892982, at *3 (N.D. Cal. Dec. 26, 2023); *Romero v. Hyuk Jung Beez*, 2018 WL 6136771, at *1 (C.D. Cal. Apr. 4, 2018).

[30] *Serna v. Arizona Lighting LLC*, 2020 WL 4365899, at *2 (D. Ariz. July 30, 2020) (quoting *Zikovic*, 302 F.3d at 1088).

[31] *Id*.

***Defense 14.*** Defendant contends that it "is entitled to plead [PLCAA as an] affirmative defense" because "…Plaintiff will not be entitled to rely on the pleadings in a complaint to prove its allegations." Opp. at 13. Again, Defendant misunderstands the function of an affirmative defense. Here, should the Government succeed, it is the law of the case that PLCAA does not provide immunity against the Government's claims.[32]

***Defense 16.*** Defendant concedes that this defense is not a proper affirmative defense, and therefore it should be stricken. *See* Opp. at 16.

***Defenses 18 and 38.*** For the same reasons, Defendant's defenses 18 (separation of powers) and 38 (First and Second Amendments and Commerce Clause of US Constitution) must be stricken, as these provisions cannot rescue Defendant from liability in a scenario where the Government proves its claims. Defendant's reliance on *Carolina Cas. Ins. Co.* and *Fed. Trade Comm'n* are misplaced.[33] Defendant claims the Second Amendment "clearly relates to Plaintiff's claims, which involve the sale of firearms" and "may prohibit or limit the causes of action" without citing any authority that would contradict the Government's. *See* Motion at 15-16. Similarly, Defendant provides no legal or factual argument for its statement

---

[32] *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, 2024 WL 1256038 (D. Ariz. Mar. 25, 2024). *See also Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 91 F.4th 511, 527 (1st Cir. 2024).

[33] *Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., Inc.*, 994 F. Supp. 2d 1082, 1090 (E.D. Cal. 2014) (relying on affirmative defenses that raise "issues of fact and law," which Defendant has failed to do here); *Fed. Trade Comm'n v. Lunada Biomedical, Inc.*, 2015 WL 12911515, at *3 (C.D. Cal. Sept. 23, 2015) (cited in Opp. at 16) (*striking* a First Ammendment defense for failing as a matter of law when assuming plaintiff's claims are true and can be proven).

that "the Commerce Clause may prohibit Plaintiff's claims to the extent they undermine interstate commerce."[34]

***Defense 35.*** Defendants' argument that the Government's claims are barred by the "economic loss rule" fails for the same reasons as the above, and is also inapplicable to the Government's claims. The economic loss rule precludes recovery only where plaintiff's damages are solely economic.[35] The Government, however, seeks all damages resulting from Defendants' conduct, including personal injury damages. *See, e.g.* Compl. ¶6 (describing the "massive damage that the Defendants cause to the Government, including the death of and injury to its military personnel, National Guard, and police"). Defendant's out-of-circuit authority is therefore not only off-point, but also irrelevant.[36] Opp. at 15.

***Defense 37***. Affirmative defense 37 accuses the Government of spoliation, which is an evidentiary concept and not an affirmative defense,[37] and fails as a matter of law. Also, Defendant fails to identify the evidence allegedly destroyed or how or when it was destroyed.

---

[34] Defendant states "Plaintiff seeks to impose liability on a firearms dealer for its lawful commerce, which may create issues and have impacts on the firearms industry outside the State of Arizona." Opp. at 14. The Government seeks to impose liability only for Defendants' *unlawful* actions; and the argument that holding one member of an industry accountable for illegal activity is unconstitutional because others in the industry may somehow be affected is patently absurd.

[35] *Zagarian v. BMW of N. Am., LLC,* 2019 WL 6111731, at *2 (C.D. Cal. Oct. 23, 2019).

[36] Moreover, this is not a product liability or construction defect case. *See, e.g. Firetrace USA, LLC v. Jesclard,* 800 F. Supp. 2d 1042, 1052 (D. Ariz. 2010) ("Without some clear indication from the Arizona courts that the economic loss rule applies beyond product liability and construction defect cases, the Court will not extend it to Plaintiffs' tort claims.").

[37] *See, e.g.*, *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155 (4th Cir. 1995); *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*, 520 F. Supp. 2d 1184, 1198 (C.D. Cal. 2007); *Rein v. Thrifty Payless, Inc.*, 2021 WL 1401569, at *5 n. 2 (W.D. Wash. Apr. 14, 2021); *U.S. Bank Nat'l Ass'n v. Gerber*, 380 F. Supp. 3d 429, 440 (M.D. Pa. 2018); *Target Corp. v. Seaman Corp.*, 2021 WL 2526550, at *1 (D. Minn. June 21, 2021).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE AMMO AZ'S AFFIRMATIVE DEFENSES
10

Defendant's only authority is a non-binding and non-precedential case, which permitted a spoliation defense only after the defendant made "clear" in its response brief the "evidence alleged to have been spoliated."[38] Defendants have not done so here. Affirmative defenses like any pleading—require a *present* factual basis; they are not placeholders for future arguments that Defendants hope to accrue.

## V. The Court Should Not Provide Defendants Leave to Amend.

The Government's Motion to Strike seeks efficiency and clarity.[39] Granting leave to amend Defendants' baseless and/or legally defective affirmative defenses would not serve the interests of judicial economy, and Defendant's briefing has made clear they cannot cure their deficiencies.

## CONCLUSION

The Court should strike the aforementioned affirmative defenses to bring clarity and efficiency to the discovery process.

Respectfully submitted this 14th day of June, 2024

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: /s/ *Ryan O'Neal*
Ryan O'Neal
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
Attorneys for Plaintiff

---

[38] *Craten v. Foster Poultry Farms Inc.*, 2016 WL 3457899, at *3 (D. Ariz. June 24, 2016) (cited in Opp. at 14).

[39] *FDIC v. Main Hurdman*, 655 F. Supp. 259, 263 n.6 (E.D. Cal. 1987) (motions to strike further the goal of judicial efficiency).

/s/ Steve D. Shadowen
Steve D. Shadowen (*pro hac vice*)
Tina J. Miranda (*pro hac vice*)
Nicholas W. Shadowen (*pro hac vice*)
SHADOWEN PLLC
1717 W. 6th Street, Suite 290
Austin, TX 78703
Phone: 855-344-3298
sshadowen@shadowenpllc.com
tmiranda@shadowenpllc.com
nshadowen@shadowenpllc.com

/s/ Jonathan E. Lowy
Jonathan E. Lowy (*pro hac vice*)
Global Action on Gun Violence
805 15th Street NW
#601
Washington, DC 20005
Phone: (202) 415-0691
jlowy@actiononguns.org

**CERTIFICATE OF SERVICE**

I, Ryan O'Neal, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: June 14, 2024                  /s/ *Ryan O'Neal*
                                           Ryan O'Neal