*Estados Unidos Mexicanos vs. Diamondback Shooting Sports, Inc.*, *et al.*,

NO. 4:22-cv-00472-TUC-RM

## <u>Index of Exhibits</u>

**Exhibit 1** - Plaintiff's First Set of Requests for Production of Documents on all Defendants.

**Exhibit 2** - Defendant Diamondback Shooting Sports, Inc.'s July 24, 2024, Responses and Objections to Plaintiff's First Set of Requests for Production of Documents.

**Exhibit 3** - Defendant SnG Tactical, LLC's July 24, 2024, Responses and Objections to Plaintiff's First Set of Requests for Production of Documents.

**Exhibit 4** - Defendant Loan Prairie, LLC D/B/A The Hub's July 24, 2024, Responses and Objections to Plaintiff's First Set of Requests for Production of Documents.

**Exhibit 5** - Defendant Ammo A-Z, LLC's July 24, 2024, Responses and Objections to Plaintiff's First Set of Requests for Production of Documents.

**Exhibit 6** - Defendant Sprague's Sports, Inc.'s July 24, 2024, Responses and Objections to Plaintiff's First Set of Requests for Production of Documents.

**Exhibit 7** - Defendant Diamondback Shooting Sports, Inc.'s August 27, 2024, Amended Privilege Log.

**Exhibit 8** - Defendant SnG Tactical, LLC's August 27, 2024, Amended Privilege Log.

**Exhibit 9** - Defendant Loan Prairie, LLC D/B/A The Hub's August 27, 2024, Amended Privilege Log.

**Exhibit 10** - Defendant Ammo A-Z, LLC's August 27, 2024, Amended Privilege Log.

**Exhibit 11** - Defendant Sprague's Sports, Inc.'s August 27, 2024, Amended Privilege Log.

**Exhibit 12** - Plaintiff's August 5, 2024, response to Defendants' Responses and Objections to Plaintiff's First Set of Requests for Production of Documents.

**Exhibit 13** - Defendants' August 27, 2024, reply to Plaintiff's August 5, 2024, response to Defendants' Responses and Objections to Plaintiff's First Set of Requests for Production of Documents.

**Exhibit 14** - Memorandum of Intervenor United States of America in *Lopez et al., v. Badger Guns, Inc., et al,* Case No. 10-cv-018530 (Milwaukee County Wis. Mar. 30, 2012).

**Exhibit 15** - Transcript of Oral Ruiling in *Lopez et al., v. Badger Guns, Inc., et al,* Case No. 10-cv-018530 (Milwaukee County Wis. June 25, 2012).

**Exhibit 16** - Trial Court Order in *Chiapperini v. Gander Mountain Company, Inc.*, Index No. 14/5717 (Monroe Co. Sup. Ct., Sept. 30, 2016).

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

Estados Unidos Mexicanos,

       *Plaintiff*,

*vs.*

Diamondback Shooting Sports, Inc., an
Arizona corporation; SNG Tactical, LLC,
an Arizona limited liability company;
Loan Prairie, LLC D/B/A The Hub, an
Arizona limited liability company; Ammo
A-Z, LLC, an Arizona limited liability
company; Sprague's Sports, Inc., an
Arizona corporation,

       *Defendants*

NO. 4:22-cv-00472-TUC-RM

<u>**PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**</u>

      Pursuant to Federal Rule of Civil Procedure 26 and 34, Plaintiff Estados Unidos Mexicanos ("Mexico" or "the Government"), through its undersigned attorneys, hereby requests that the responding Defendant serve a written response and produce for examination, inspection, or copying the documents and tangible things in the categories specified below, within 30 days after service hereof, at the law offices of Hilliard Shadowen LLP, 1135 W. 6th Street, Suite 370, Austin, Texas 78703, or such other location as counsel may agree upon. These Requests shall be deemed continuing, pursuant to Federal Rule of Civil Procedure 26, and, therefore, require supplementation after the return date and until the time of trial. These Requests are subject to the following definitions and instructions:

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**DEFINITIONS**

Each of these definitions and instructions is incorporated into each of the Requests to which it pertains. Notwithstanding any definition below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "A & D Books" mean records, also known as bound books, which are permanently bound books or orderly arrangement of loose-leaf pages that Defendant must maintain under 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§ 478.121, 478.125.

2.      "Ammo AZ" means Defendant Ammo A-Z, LLC, including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates and any organization or entity that Ammo AZ manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf.

3.      "Ammunition" means any ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

4.      "Assault Weapon" means any fully automatic or semi-automatic firearm with features designed to enable shooters to repeatedly fire at large numbers of people quickly, specifically including but not limited any firearm that is or would be considered an assault weapon under the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 110102, 108 Stat. 1796, 1996-98 (expired 2004) or the assault weapon bans that now exist in the District of Columbia (DC Code Ann. § 7-2501.01(3A)) or any U.S. state, including: CA (Cal. Penal Code § 30510), CT (Conn. Gen. Stat. § 53-202a), DE (Del. Code tit. 11, § 1465), IL (720 Ill. Comp. Stat. Ann. 5/24-1.9), MD (Md. Code Ann., Crim. Law § 4-301), MA (Mass. Gen. Laws ch. 140, § 121), NJ (N.J. Stat. Ann. § 2C:39-1w), NY (N.Y. Penal Law § 265.00(22)), WA (Rev. Code Wash. (ARCW) § 9.41.010(2)(a)).

5.      "ATF" means the United States Bureau of Alcohol, Tobacco, Firearms and

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

Explosives, including its departments, committees, subdivisions, and individuals acting on its behalf or under its authority.

6. "Belt-fed firearm" means a firearm that uses or can use a belt of ammunition linked together.

7. "Civilian market" means all domestic, non-military, non-law-enforcement potential buyers or consumers of AR-type rifles, including distributors and retailers that sell to civilians.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means.

9. "Complaint" means the operative complaint in this action, No. 4:22-cv-00472-TUC-RM.

10. "Dealer" means anyone that sells Firearms, Ammunition, and/or Firearm Accessories.

11. "Defendant(s)" means Defendants Diamondback Shooting Sports, Inc., SNG Tactical, LLC, Loan Prairie LLC d/b/a The Hub, Ammo A-Z, LLC and/or Sprague's Sports, Inc.

12. "Diamondback" means Defendant Diamondback Shooting Sports, Inc., including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates and any organization or entity that Diamondback manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf.

13. "Distributor" means anyone that buys Firearms, Ammunition, and or Firearm Accessories and sells them to Retailers or Sellers.

14. "Document" is defined to be synonymous with the broadest possible meaning of the term as used in Fed. R. Civ. P. 34 and includes, without limitation, electronically stored information and communications (including emails, text messages, messages through messaging applications, and messages through social media platforms), as well as any writing or diagram, and postings on

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

any websites or social media platform, including but not limited to Google, Facebook, X, YouTube, Instagram, TikTok, Snapchat, Reddit, 4chan, or Discord. A draft or non-identical copy is a separate document within the meaning of this term.

15.    "Federal Firearms Licenses" or "FFL(s)" means any and all of the FFL licenses issued by the ATF. *See* https://www.atf.gov/resource-center/types-federal-firearms-licenses-ffls.

16.    ".50 Sniper rifle(s)" or ".50 cal rifle(s)" shall mean any firearm that is designed or able to fire a 50-caliber round, including but not limited to Barrett and Browning .50 rifles.

17.    "Firearm" means any loaded or unloaded handgun, pistol, revolver, rifle, shotgun or other weapon that will expel, is designed to expel, or may readily be converted to expel a projectile by the action of an explosive. Firearm does not include a firearm in permanently inoperable condition. *See* Ariz. Rev. Stat. § 13-3101 (A)(4); *see also* 18 U.S.C. § 921(a)(3).

18.    "Firearm Accessory" or "Firearm Accessories" means any item that is used in conjunction with or mounted on a firearm but is not essential to the basic function of the firearm, including but not limited to detachable magazines, holsters, sights, optics, slings, bipods, tactical flashlights, scopes, magazine loaders, suppressors, silencers, flash hiders, muzzle brakes, shotgun chokes, rangefinders, shell saddles, pistol grips, hollow buttstocks and foregrips.

19.    "Firearm(s) Training Program(s)" means any educational, training, instructional, or workshop programs, courses, classes, lessons, demonstrations, or materials that you offer, promote, provide, or host.

20.    "Form 4473" or "Firearms Transaction Record" shall mean the ATF Form 5300.9 "Firearms Transaction Record - Over the Counter."

21.    "Kitchen Table Dealer" means a pearson who engages in the business of dealing in fiararms, ammunition, or firearm accessories, but who does not have a firearms, sporting goods, or pawn shop storefront.

22.    "Loan Prairie" or "The Hub" means Defendant Loan Prairie, LLC, including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other

subsidiaries, departments, divisions, joint ventures, other affiliates and any organization or entity that the Hub manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf.

23.     "Media Appearance" means any interview, quotation, or appearance on television, radio, print media, internet news, blogs, podcasts, or other social media platform.

24.     "Multiple sale(s)" means the purchase or sale of two or more firearms at the same time or within five consecutive business days of each other.

25.     "Multiple Sales Form(s)" means ATF's Form 3310.4, the Report of Multiple Sale or Other Disposition of Pistols and Revolvers, or any other document or method used for substantially the same purpose by ATF, by any predecessor organization, or by any Federal, state or local law enforcement agency.

26.     "Multiple Rifle Sales Form" means ATF's Form 3310.12, the Report of Multiple Sale or Other Disposition of Certain Rifles, or any other document or method used for substantially the same purpose by ATF, by any predecessor organization, or by any Federal, state or local law enforcement agency.

27.     "Person" refers to any individual, corporation, general partnership, limited partnership, joint venture, association, joint-stock company, trust-incorporated organization, governmental, legal or political subdivision and any non-natural persons of whatever nature. Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

28.     "Repeat Purchase," "Repeat Customer," or "Repeat Buyer" shall mean any sale made to an individual that has purchased Firearms, Ammunition, and/or Firearm Accessories from You on more than one occasion.

29.     "SnG Tactical" means Defendant SnG Tactical, LLC, including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries,

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

departments, divisions, joint ventures, other affiliates and any organization or entity that SnG Tactical manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf.

30.    "Sprague's Sports" means Defendant Sprague's Sports, Inc., including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates and any organization or entity that Sprague's Sports manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf.

31.    "Store" means any of Your locations where Firearms, Ammunition, and or Firearm Accessories are sold.

32.    "Straw Sale" means any sale of Firearms, Ammunition, and or Firearm Accessories made to a proxy buyer who intends to transfer the Firearms, Ammunition, and or Firearm Accessories to another individual.

33.    "Suspect Purchaser(s)" or "Suspect Sale(s)" means individuals or sales to individuals seeking to purchase firearms, ammunition, or firearm accessories for whom there are reasonable grounds to suspect they may be a straw purchaser, trafficker, or seeking to buy or posess a gun illegally, including but not limited to the following indicators: under age; does not provide identification; provides false identification; not a U.S. citizen; demonstrates lack of experience or knowledge handling firearms; engages or attempts to engage in multiple sales, repeat purchases, or straw sales; purchases or attempts to purchase assault weapons; or is otherwise interested in buying a firearm that appears inappropriate for them.

34.    "Trafficking" means to sell, transfer, distribute, dispense or otherwise dispose of a weapon, firearm or explosive to another person or to buy, receive, possess, or obtain control of a weapon, firearm or explosive, with the intent to sell, transfer, distribute, dispense or otherwise

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

dispose of the weapon, firearm or explosive to another person. *See* Ariz. Rev. Stat. § 13-3101(A)(9).

35.    "Trace Request" means a written or electronically submitted request to the ATF National tracing Center or the ATF International Affairs Division.

36.    "Trade Association(s)" means any trade association, group, organization, or committee, and its members related to firearms, ammunition, or firearm accessories, including but not limited to the following organizations and their predecessors and successors: The American Shooting Sports Council, Inc. ("ASSC"); The Council to Advance Hunting and the Shooting Sports ("CAHSS"); The Hunting and Shooting Sports Heritage Fund ("HSSHF"); The National Alliance of Stocking Gun Dealers ("NASGD"); The National Rifle Association ("NRA"); The National Shooting Sports Foundation, Inc. ("NSSF"); The Sporting Arms and Ammunition Manufacturers' Institute ("SAAMI"); Gun Owners of America ("GOA"); Gun Owners Foundation ("GOF"); Firearms Policy Coalition ("FPC"); The Citizens Committee for the Right to Keep and Bear Arms ("CCRKBA"); The Second Amendment Foundation ("SAF"); The National Association of Gun Rights ("NAGR").

37.    "You" or "Your" means the responding Defendant, including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates and any organization or entity that the responding Defendant manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf.

## **INSTRUCTIONS**

1.    Pursuant to Rule 34(b)(2)(B), if a responding party objects to a Request, it must state the ground(s) for each objection with specificity. Further, a responding party must state whether it intends to produce copies of documents or ESI instead of permitting inspection.

2.    If a responding party believes that any Request or portion thereof is ambiguous or otherwise unclear, identify the language that the responding party deems to be ambiguous or unclear and explain what construction of the language the responding party used in responding. Pursuant to Rule 34(b)(2)(C), an objection must state whether the responding party is withholding any responsive materials because of an objection.

3.    Whenever a Request asks the responding party to produce a document and the responding party deems a document to be properly withheld from production, inspection or copying:

   a.    If a responding party withholds a document under a claim of privilege (including the work product doctrine), the responding party shall provide the information set forth in Fed. R. Civ. P. 26(b)(5) and applicable case law. The responding party shall identify i) the type of document, ii) the general subject matter of the document, iii) the date of the document, iv) the author(s) and recipient(s) of the document, including the identification of counsel, v) such other information sufficient to identify the document and for the requesting party to assess the claim of privilege, and vi) the express ground(s) for withholding the document from privilege or redacting a portion of the document.

   b.    For electronically stored information (ESI), a privilege log (in searchable and sortable form, such as a spreadsheet, matrix or table) generated by litigation review software, containing metadata fields that generally correspond to the standards for a privilege log, is permissible.

   c.    If a responding party withholds production on the basis that ESI is not reasonably accessible because of undue burden or cost, the responding party shall provide the information with particularity on which it relies to support that contention.

4.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

5.    These Document Requests extend to all information within Your possession, custody, or control, or the possession, custody, or control of those acting at Your direction or on Your behalf, including agents, representatives, accountants, and outside counsel, their firms, and their successors.

6.    You are to produce entire documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately.

7.    Requests for a document include requests for any prior drafts or versions of that document, and all such drafts or versions shall be produced.

8.    If, in answering these Requests, the responding party produces or provides spreadsheets, the responding party shall also provide a key or otherwise provide an explanation of the meaning of column headings, acronyms, abbreviations, etc. that are necessary to interpret the content of the spreadsheet.

9.    If any document, or any part of a document, called for by this request has been destroyed, discarded, lost, or otherwise disposed of or placed beyond Your custody or control, You shall furnish a list setting forth as to each such document:

a.    the identity of the authors or preparers of the document:
b.    the identity, address, and phone numbers of every person who received, read, or viewed the document;
c.    the date, if any, which the document bears;
d.    the specific subject matters of the document and the title, if any, which the document bears;

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Plaintiff's First Set of Requests for Production of Documents to All Defendants    9

e.   the date of destruction or other disposition of the document;

f.   the reasons for the document's Destruction or other disposition:

g.   the persons authorizing destruction or other disposition of the document;

h.   the persons destroying or disposing of the document; and

i.   the paragraphs of this request which call for the production of the document.

10.     Unless otherwise agreed to in writing, and pursuant to Fed. R. Civ. P. 34(b), You should produce all electronically-stored Documents in native, electronic, machine-readable, text-searchable form, with the integrity of the underlying electronically-stored information preserved, including but not limited to the original formatting, all metadata (including but not limited to all available date fields, family relationship information, file name, subject, all senders and recipients, and attachment information), and, where applicable, the revision history

11.     If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

12.     Each Request is propounded separately upon each named Defendant and requires a separate response from each Defendant.

13.     These requests are continuing, and any document discovered or obtained after the service of these requests is to be produced promptly after it is discovered or obtained. Each supplemental response shall be served on Plaintiff no later than thirty (30) days after the discovery of the additional information.

14.     The Relevant Time Period for all requests is January 1, 2010 to the present unless otherwise stated.

## **REQUEST FOR PRODUCTION**

Consistent with Fed. R. Civ. P. 34, You are required to produce the following documents:

## **REQUEST NO. 1**:

Your organizational charts, employee lists, personnel directories, telephone directories, and

electronic mail user and address lists sufficient to show all personnel, including their jobs or titles and any contact information.

**REQUEST NO. 2:**

All documents relating to recording and tracking Your firearm, ammunition, and/or firearm accessory sales, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A & D books; (ii) records of sale; and (iii) any computerized, accounting or other system that contains the requested information.

**REQUEST NO. 3**:

All documents relating to recording and tracking Your firearm, ammunition, and/or firearm purchases, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A& D books; (ii) invoices; (iii) weekly, monthly, or annual purchase summaries; (iv) records of purchase; and (v) contracts with manufacturers, distributors, or dealers, and (vi) any computerized, accounting or other system that contains the requested information.

**REQUEST NO. 4:**

Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your sales of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of sale; (ii) date of sale; (iii) location of sale; (iv) employee that made the sale; (v) age, gender, occupation, nationality, and residence of purchaser; (vi) amount of ammunition sold; (vii) number of firearms sold; (viii) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm sold; (ix) serial number of each firearm sold; (x) price of firearm and ammunition sold; (xi) any other identifying information related to the purchaser; (xii) information related to purchaser's criminal history or background check; (xiii) any other information related to the product sold.

**REQUEST NO. 5:**

Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your purchases of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of purchase; (ii) date of purchase; (iii) manufacturer, distributor, or other entity You purchased from; (iv) amount of ammunition purchased; (v) number of firearms purchased; (vi) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm purchased; (vii) serial number of each firearm purchased; (viii) price of firearm and ammunition purchased; (ix) any other identifying information related to the seller; (x) any other information related to the product purchased.

**REQUEST NO. 6**:

All Firearm Transaction Records (ATF Form 4473's) for all Firearms listed on the attached Exhibit

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

(Exhibit A).

**REQUEST NO. 7:**

All Multiple Sales Forms (ATF Form 3310.4) drafted or submitted during the Relevant Time Period.

**REQUEST NO. 8:**

All Rifle Sales Forms (ATF Form 3310.12) drafted or submitted during the Relevant Time Period.

**REQUEST NO. 9**:

All documents reflecting the multiple sale of firearms or ammunition not recorded on ATF Forms 3310.4 or 3310.12.

**REQUEST NO. 10:**

All documents and communications related to the firearm sales identified in Exhibit A or any other suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms sold or transferred by You or any Defendant in this litigation, including but not limited to all records of such sales, background checks related to such sales, identification information related to the purchaser, any other information related to the purchaser, and any paper or electronic notes related to such sales.

**REQUEST NO. 11**:

All video and audio recordings of activity within or outside of Your store showing employees or purchasers, including audio or video recordings involving suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, including all video and/or audio recordings on the dates of purchase identified in Exhibit A and sales of firearms that were later traced or the subject of criminal proceedings.

**REQUEST NO. 12**:

Documents sufficient to show the existence and availability of video or audio surveillance systems (including cameras or any other recording devices) operable in or around Your stores, when such systems were installed, where they were installed, why they were installed, and policies related to recording such video or audio and retaining such recordings.

**REQUEST NO. 13**:

All documents related to any firearms, ammunition, and or firearm accessories sold or transferred by You for which You know or have reason to believe have been (i) used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use; (ii) the subject of a trace, or (iii) otherwise recovered by law enforcement, including but not limited to

trace requests and responses and firearms trafficking or straw purchasing investigations or prosecutions

**REQUEST NO. 14**:

Documents sufficient to show the identities of Your employees or people You contracted with or retained to sell or purchase firearms during the Relevant Time Period.

**REQUEST NO. 15**:

All documents concerning employees who participated in or were present at (a) the sale of any firearm for which You received a Trace Request, (b) the sale of any firearm to a person who was charged with violations of firearms laws, or (c) the sale of any firearm to any of the purchasers identified in Exhibit A, including, but not limited to all employment records, human resources records, personnel records (including employment applications, references), disciplinary records, job titles and responsibilities, training documents and records reflecting or concerning any training You provided to those employees, including training module worksheets and signed employee handbooks pages.

**REQUEST NO. 16**:

Documents relating to the identity, location, and responsibilities of Your employees working on the dates identified in Exhibit A, including but not limited to time sheets, time records, shift tables, staffing assignments or other scheduling documents, and documents identifying their job titles and/or responsibilities.

**REQUEST NO. 17**:

All documents related to any disciplinary actions or investigations for employees involved with the sale of firearms, firearm accessories, and/ or ammunition.

**REQUEST NO. 18**:

All documents related to crime, violence or criminal activity in Mexico, including but not limited to the problem of firearms being purchased in the U.S. and trafficked or transferred to cartels and others in Mexico.

**REQUEST NO. 19**:

All documents relating to suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms, or the unlawful sale of, diversion of, or trafficking of firearms, the harms caused by such sales and how to identify, report, or mitigate such sales, including but not limited to: (i) any such information received from or sent or issued by a firearms manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by You; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOJ, or state or local police departments.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**REQUEST NO. 20**:

All documents relating to the risks that firearms, ammunition, firearm accessories, assault weapons, .50 cal rifles, or belt-fed firearms, may be obtained by criminals, in the United States, Mexico, or another country, and how to prevent or minimize those risks, including but not limited to: (i) any such information received from or sent or issued by a firearms manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by You; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOJ, or state or local police departments.

**REQUEST NO. 21**:

All documents related to the sale of firearms sent to or received from other Defendants in this case, manufacturers, dealers, distributors, trade associations, or other firearms organizations, including marketing or promotional materials and manuals.

**REQUEST NO. 22**:

All documents related to law enforcement actions, including but not limited to documents relating to: (i) ATF audits; (ii) ATF inspections; (iii) ATF citations or violations; (iv) ATF demand and warning letters; (v) ATF revocation letters and materials; (vi) materials from ATF meetings and conferences; (vii) materials relating to criminal investigations or prosecutions, including gun trafficking; (viii) the ATF Demand 2 program; (ix) as well as communications among You, Your employees, law enforcement, trade associations, or Defendants related to the same.

**REQUEST NO. 23**:

All documents related to actual or potential contacts or communications with any law enforcement, regulatory, or other government agencies relating to the sale of firearms, ammunitions, or firearm accessories, including, but not limited to (i) the ATF; (ii) the United States Federal Bureau of Investigation; (iii) Arizona Department of Public Safety; (iv) the Tucson Police Department; (v) the Phoenix Police Department; or (vi) the Yuma Police Department.

**REQUEST NO. 24**:

All documents and records that You have received or sent to the ATF, any sheriff's office, and/or other state or federal regulatory agencies related to Your federal firearms license(s) or firearms business, including but not limited to: (i) state and federal licenses to sell firearms, firearm accessories and ammunition at Your store location including but not limited to applications, renewals and supporting documents; (ii) all records, citations, warning letters, reports, inspection reports, corrective actions or other documents issued or provided to You, including any actual or threatened suspension, revocation, or surrender of Your federal firearms licenses; (iii) documents relating to any actual or threatened investigation, in addition to any indictment, arrest, or conviction of an employee or agent of Your store for violation of a law or regulation relating to firearms, ammunition, and or/firearm accessory sales; and (iv) documents and trace requests concerning firearms, ammunition, or firearm accessories sold by Your store.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**REQUEST NO. 25**:

All documents related to any sanction, discipline, condition or restriction imposed on You by a distributor or manufacturer, including any documents relating to any investigation that could result in such action or any consideration, discussion or decision about the possibility of such action.

**REQUEST NO. 26**:

All documents related to any Defendant's membership in any trade association.

**REQUEST NO. 27**:

All comprehensive general liability and/or property insurance policies, including any declaration pages for the insurance policies.

**REQUEST NO. 28**:

All documents related to Your financial and operating results, including but not limited to: (i) documents demonstrating Your overall sales, expenses and profits attributed to the sale of firearms, firearm accessories and ammunition; (ii) documents sufficient to identify Your retail sales; (iii) Your financial and operating results for firearms and ammunition; (iv) balance sheets; (v) profits and loss statements, and (vi) state and federal tax returns.

**REQUEST NO. 29**:

All documents which show Your organizational or business structure and ownership, including that of Your subsidiaries, affiliates, or corporate parent(s). This includes, but is not limited to, certificates of incorporation, bylaws, shareholders' agreements, formation certificates, partnership agreements, and operating agreements. The Relevant Time Period does not apply to this request.

**REQUEST NO. 30**:

All documents related to policies, guidelines, standards, protocols, practices, handbooks, or training materials concerning the sale of firearms, firearm accessories, and/or ammunition at Your store, including (i) Your Employee Handbook or any other employee manual(s) in effect or used to train employees; (ii) all training videos, power-points, work sheets, or other documents or audiovisual used to train employees that sell firearms, firearm accessories, or ammunition; (iii) all resources available to employees who sell firearms, firearm accessories, or ammunition created by trade associations, firearm manufacturers, ammunition manufactures, other dealers, or law enforcement authorities (including but not limited to ATF, FBI or any other law enforcement agency).

**REQUEST NO. 31**:

All documents related to the detection of, prevention of, identification of, reporting of, or potential or actual consequences related to: suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, trafficking, and/or kitchen table dealers.

**REQUEST NO. 32:**

All documents concerning any formal or informal policy relating to working with or cooperating with law enforcement or reporting suspicious activity to any law enforcement agency.

**REQUEST NO. 33**:

All documents relating to marketing, advertising, promoting, and public statements related to Your sale of firearms, ammunitions, firearm accessories, and firearm training programs, including but not limited to: flyers, catalogs, mailers, press releases, public statements, and postings on all social media sites, websites, internet sites, including but not limited to Google, Facebook, X (formerly Twitter), YouTube, Instagram, TikTok, Snapchat, Reddit, 4chan, and Discord.

**REQUEST NO. 34:**

Any document relating to a media appearance by You related to Your sale of firearms, ammunitions, firearm accessories, or firearm training programs, including documents and communications prepared or exchanged in preparation for those appearances.

**REQUEST NO. 35**:

All documents related to any national or state laws, statutes, regulations, or executive orders related to the sale of firearms, ammunition, or firearm accessories and related court orders or opinions, including documents related to compliance with those laws, statutes, regulations, executive orders court orders, or court opinions.

**REQUEST NO. 36**:

All documents posted visibly at Your store throughout the Relevant Time Period providing warnings or notice to potential customers regarding any and all requirements to purchase firearms, ammunition, or firearm accessories.

**REQUEST NO. 37**:

All documents produced to or received from any party or non-party related to or in connection with this action. This request is not limited in time.

**REQUEST NO. 38**:

All documents that You contend support any claim or defense asserted in this litigation.

**REQUEST NO. 39**:

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

All documents that relate to Your document control, retention, and/or storage policies, including but not limited to documents sufficient to show Your document destruction, retention or archiving policies and practices and any changes in such policies or practices during the Relevant Time Period.

**REQUEST NO. 40**:

All non-privileged documents Your expert witnesses reviewed or relied upon, or will review or rely upon, in preparing expert reports for this action.

**REQUEST NO. 41**:

All documents and materials use to draft or prepare Your Rule 26(f) Initial Disclosures and any supplements thereto.

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: /s/ *Ryan O'Neal*
       Ryan O'Neal
       2525 E. Broadway Blvd., Suite 200
       Tucson, AZ 85716-5300
       Attorneys for Plaintiff

/s/ Steve D. Shadowen
Steve D. Shadowen (*pro hac vice*)
Tina J. Miranda (*pro hac vice*)
Nicholas W. Shadowen (*pro hac vice*)
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703
Phone: 855-344-3298
sshadowen@shadowenpllc.com
tmiranda@shadowenpllc.com
nshadowen@shadowenpllc.com

/s/ Jonathan E. Lowy
Jonathan E. Lowy (*pro hac vice*)
Global Action on Gun Violence
805 15th Street NW
#601
Washington, DC 20005
Phone: (202) 415-0691
jlowy@actiononguns.org

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

**Plaintiffs' First Set of Requests for Production of Documents to All Defendants**
**Exhibit A[1]**

| Date of Sale | Defendant | Buyer | Items Purchased |
|---|---|---|---|
| 1/16/2018 | Ammo AZ | Jose Montoya | Century Arm AK63DS rifle |
| 4/16/2019 | Ammo AZ | Yibran Lopez-Rosales | FN M249S 5.56 caliber rifle |
| 7/2/2019 | Ammo AZ | Francisco Dario Mora | Glock pistol |
| 7/2/2019 | Ammo AZ | Pedro Adan Sevilla | Century Arms Micro Draco pistol |
| 7/17/2019 | Ammo AZ | Francisco Dario Mora | CM Micro Draco pistol; American Tactical Imports (ATI) Omni Hybrid 5.56 pistol |
| 7/17/2019 | Ammo AZ | Pedro Adan Sevilla | CM Micro Draco; Glock pistol; ATI pistol |
| 8/7/2019 | Ammo AZ | Francisco Dario Mora | Pioneer Arms Corp. Hellpup 7.62 x 39mm caliber pistol; Pioneer Arms Corp. Hellpup 7.62 x 39mm caliber pistol; Pioneer Arms Corp. Hellpup 7.62 x 39mm caliber pistol |
| 8/7/2019 | Ammo AZ | Pedro Adan Sevilla | Pioneer Arms Corp. Hellpup 7.62 x 39mm caliber pistol; Pioneer Arms Corp. Hellpup 7.62 x 39mm caliber pistol; Pioneer Arms Corp. Hellpup 7.62 x 39mm caliber pistol |
| 8/13/2019 | Ammo AZ | Pedro Adan Sevilla | Pistol (unknown type); Pistol (unknown type); Pistol (unknown type) |
| 8/28/2019 | Ammo AZ | Yibran Lopez-Rosales | Barrett M82A1 .50 caliber BMG rifle |
| 5/12/2022 | Ammo AZ | Nicolas Carrillo | |
| 5/23/2022 | Ammo AZ | Nicolas Carrillo | |
| 6/18/2022 | Ammo AZ | Moses Jonathan Castrillo | |
| 6/21/2022 | Ammo AZ | Moses Jonathan Castrillo | |
| 7/9/2022 | Ammo AZ | Moses Jonathan Castrillo | |
| 7/12/2022 | Ammo AZ | Nicolas Carrillo | |
| 9/19/2022 | Ammo AZ | Molly Victoria Pfeifer | |
| 10/26/2022 | Ammo AZ | Zhylaia Ra-Asia Edwards | |

---

[1] Exhibit A should not be construed as a comprehensive list of Defendants' multiple sales, straw sales, suspect sales, or otherwise unlawful sales of firearms.

| | | | |
|---|---|---|---|
| 2022 | Ammo AZ | Christopher Mateo Taylor | |
| 2022 | Ammo AZ | Nicolas Carrillo | |
| 1/6/2023 | Ammo AZ | Dionte Jaquan Miller | |
| 1/18/2023 | Ammo AZ | Jessica Lynn Cooper | Taurus G3C 9mm pistol; (Serial Number ADD161534); Taurus G2S 9mm pistol; (Serial Number ADN050214) |
| 3/17/2023 | Ammo AZ | Dionte Jaquan Miller | |
| 5/9/2023 | Ammo AZ | Fidel Abraham Guzman | Glock Model 19 pistol; Glock Model 19 pistol; Glock Model 19 pistol; Glock Model 19 pistol; |
| 5/31/2023 | Ammo AZ | Fidel Abraham Guzman | |
| 6/1/2023 | Ammo AZ | Fidel Abraham Guzman | |
| 6/1/2023 | Ammo AZ | Israel Diaz-Guzman | |
| 2022-2023 | Ammo AZ | Edgar Jesus Ruiz-Alvarado | |
| 06/27/22-05/24/23 | Ammo AZ | Roberto Juan Mariscal | Up to 26 firearm purchases at Ammo AZ |
| 10/1/2018 | Diamondback | Denise Faye Burress | Century Arms 7.62x39mm rifle; Romarm Cugir WASR10; 7.62x39mm rifle |
| 1/23/2019 | Diamondback | Jesse Cortez-Arguelles | 1,000 rounds of 10mm; ammunition |
| 1/23/2019 | Diamondback | Leonid Cornejo | 1,030 rounds of 9mm; ammunition |
| 2/20/2019 | Diamondback | Daniel Pacheco | Browning Buckmark .22 caliber Pistol; Ruger LCP .380 caliber pistol |
| 6/16/2019 | Diamondback | Francisco Dario Mora | 20 Croatian 30-round magazines |
| 7/19/2019 | Diamondback | Pedro Adan Sevilla | Century Arms Draco 7.62x39mm; caliber pistol |
| 8/4/2019 | Diamondback | Francisco Dario Mora | CM Draco 7.62x39mm caliber Pistol; AK-47 assault rifle; 10 Colt AR-15 30-round; Magazines; 75-round drum magazine |
| 8/5/2019 | Diamondback | Francisco Dario Mora | 30 Croatian AK-47 30-round magazines |
| 8/10/2019 | Diamondback | Kaleb Jacob Valencia | Ruger AR-556 5.56 rifle |
| 8/17/2019 | Diamondback | Francisco Dario Mora | CM Micro Draco 7.62x39mm caliber pistol |
| 10/10/2019 | Diamondback | Kyle Rene Fazlollah | Century Arms VSKA;  7.62x39mm rifle |
| 10/24/2019 | Diamondback | Fernando Palomares, Jr. | DPMS A15 5.56mm rifle; Riley Defense RAK47; 7.62x39mm rifle |
| 1/30/2020 | Diamondback | Kaleb Jacob Valencia | Del-Ton DTI-15 5.56 rifle |
| 2/1/2020 | Diamondback | Kaleb Jacob Valencia | Glock 17 Gen5 9mm pistol |

| 3/1/2022 | Diamondback | Carlos Abel Cruz | Glock 22 .40 caliber pistol |
|---|---|---|---|
| 3/1/2022 | Diamondback | Luis Fernando Cruz-Valenzuela | Glock 17 9mm caliber pistol |
| 2019-2020 | Diamondback, SnG Tactical, The Hub | Victor Coronado | |
| 2021 | Diamondback, SnG Tactical, The Hub | Kaleb Jacob Valencia | |
| 2022 | SnG Tactical | Julian Canastillo | |
| 5/6/2017 | SnG Tactical | Isaias Delgado | Century RAS 7.62 caliber rifle |
| 1/21/2018 | SnG Tactical | Jose Montoya | Century Arms AK63DS rifle |
| 9/18/2018 | SnG Tactical | Michael Anthony Sweigart | Century Arms RAS47; 7.62x39mm rifle; Century Arms RAS47; 7.62x39mm rifle; Century Arms RAS47; 7.62x39mm rifle |
| 9/19/2018 | SnG Tactical | Michael Anthony Sweigart | Century Arms RAS47; 7.62x39mm rifle; Romarm Cugir WASR10; 7.62x39mm rifle |
| 9/25/2018 | SnG Tactical | Michael Anthony Sweigart | Century Arms RAS47; 7.62x39mm rifle; Century Arms RAS47; 7.62x39mm rifle |
| 9/28/2018 | SnG Tactical | Denise Faye Burress | Century Arms RAS47; 7.62x39mm rifle; Century Arms RAS47; 7.62x39mm rifle |
| 10/5/2018 | SnG Tactical | Tamra Michelle Potts | Century Arms RAS47; 7.62x39mm rifle; Century Arms RAS47; 7.62x39mm rifle |
| 10/26/2018 | SnG Tactical | Isaias Delgado | Beretta pistol |
| 10/27/2018 | SnG Tactical | Isaias Delgado | Smith & Wesson pistol |
| 12/17/2018 | SnG Tactical | Isaias Delgado | Smith & Wesson SD 9mm caliber pistol; Smith & Wesson SD 9mm caliber pistol; Smith & Wesson SD .40 caliber pistol |
| 12/20/2018 | SnG Tactical | Isaias Delgado | Romarm WASR-10 |
| 2/19/2019 | SnG Tactical | Isaias Delgado | Barrett .50 caliber rifle; Smith & Wesson 9mm pistol |
| 2/24/2019 | SnG Tactical | Isaias Delgado | Beowulf .50 caliber rifle |
| 3/5/2019 | SnG Tactical | Isaias Delgado | Multicaliber receiver; Multicaliber receiver |
| 3/7/2019 | SnG Tactical | Isaias Delgado | Barrett .50 caliber BMG rifle; FN Model M249 |
| 3/15/2019 | SnG Tactical | Isaias Delgado | Beretta 9mm pistol; Diamondback 5.56mm rifle |

| 3/28/2019 | SnG Tactical | Isaias Delgado | Diamondback DB-15 5.56 NATO caliber rifle |
|---|---|---|---|
| 7/19/2019 | SnG Tactical | Francisco Dario Mora | AK-47 style pistol; AK-47 style pistol |
| 7/19/2019 | SnG Tactical | Pedro Adan Sevilla | AK-47 style pistol; AK-47 style pistol |
| 8/23/2019 | SnG Tactical | Francisco Dario Mora | Zastava ZPA P92 7.62x39mm caliber pistol; Pioneer Arms Corp. Hellpop 7.62x39mm caliber pistol |
| 11/27/2019 | SnG Tactical | Fernando Palomares, Jr. | Radom/Pioneer Arms Sporter 7.62x39mm rifle; Romarm/Cugir WASR; 7.62x39mm rifle |
| 1/24/2020 | SnG Tactical | Fernando Palomares, Jr. | Century Arms VSKA; 7.62x39mm rifle; Radom/Pioneer Arms Sporter 7.62x39mm rifle |
| 1/24/2020 | SnG Tactical | Kyle Rene Fazlollah | Radom/Pioneer Arms Sporter 7.62x39mm rifle; Radom/Pioneer Arms Sporter 7.62x39mm rifle |
| 2/3/2020 | SnG Tactical | Jose Gilberto Inzunza | Century Arms-Romarm;  WASR10 7.62 rifle |
| 2/4/2020 | SnG Tactical | Kaleb Jacob Valencia | Century Arms-Romarm;  WASR10 7.62 rifle |
| 2/6/2020 | SnG Tactical | Kaleb Jacob Valencia | Century Arms-Romarm Mini Draco 7.62 pistol |
| 2/15/2020 | SnG Tactical | Elizar Olivares | FA Cugir M&M Inc. M10-762 7.62x39mm rifle; Century Arms M70AB2; 7.62x39mm rifle |
| 2/16/2020 | SnG Tactical | Fernando Palomares, Jr. | Century Arms M70AB2; 7.62x39mm rifle; Century Arms M70AB2; 7.62x39mm rifle |
| 4/18/2020 | SnG Tactical | Ray Alberto Laborin | Sig Sauer P320 9mm pistol |
| 6/4/2020 | SnG Tactical | Kyle Rene Fazlollah | FA Cugir M&M Inc. M10-762 7.62x39mm rifle |
| 11/6/2021 | SnG Tactical | Williams Mora Bustamante | Century Arms, model VSKA, 7.62 x 39mm caliber rifle; Century Arms, model VSKA, 7.62 x 39mm caliber rifle |
| 11/20/2021 | SnG Tactical | Richardo Caro | FN SCAR17s .308 caliber rifle |
| 12/22/2021 | SnG Tactical | Williams Mora Bustamante | Glock, model 17 Gen 5, 9mm pistol |
| 1/18/2022 | SnG Tactical | Nicolas Meraz | Glock pistol; Glock pistol; Glock pistol; |
| 2/3/2022 | SnG Tactical | Luis Fernando Cruz-Valenzuela | Glock 22 Gen 5 .40 caliber pistol |
| 3/15/2022 | SnG Tactical | Omar Trujillo | Pioneer Arms Hellpup 7.62x39mm pistol; Zastava ZPAP M70 7.62x39mm rifle |
| 3/18/2022 | SnG Tactical | Nicolas Meraz | Glock pistol |

| 4/18/2022 | SnG Tactical | Omar Trujillo | Century Arms VSKA; 7.62x39mm rifle; Radom/Pioneer Arms Sporter 7.62x39mm rifle; Century Arms VSKA; 7.62x39mm rifle; Glock 19X 9mm pistol |
|---|---|---|---|
| 7/6/2022 | SnG Tactical | Richard Tuccio | Pioneer Arms Sporter 7.62 x 39 mm semi-automatic rifle (Serial Number PAC1175317) |
| 8/13/2022 | SnG Tactical | Richard Tuccio | Century Arms BFT 47 7.62 x 39 mm semi-automatic rifle (Serial Number BFT47008849) |
| 2022 | SnG Tactical | Robert Valdez Jr. | Pioneer model Sporter 7.62 x 39 mm semi-automatic rifle (Serial Number PAC1172610); Century Arms model BFT 47 7.62 x 39 mm semi-automatic rifle (Serial Number BFT47006741) |
| 7/27/2023 | SnG Tactical | Cesar Reynaldo Peralta | Century Arms, model VSKA, 762 x 39 caliber rifle |
| 5/24/2018 | Sprague's Sports | Daniel Langstaff Mirazo | Glock pistol; Glock pistol |
| 7/27/2018 | Sprague's Sports | Daniel Langstaff Mirazo | Century Arms rifle |
| 8/31/2018 | Sprague's Sports | Daniel Langstaff Mirazo | IWI rifle |
| 9/20/2018 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |
| 9/22/2018 | Sprague's Sports | Daniel Langstaff Mirazo | Barrett .50 caliber rifle |
| 9/22/2018 | Sprague's Sports | Daniel Langstaff Mirazo | Inland rifle |
| 10/2/2018 | Sprague's Sports | Juan Rafael Castaneda, Jr. | Century Arms AK-47 rifle; Beretta A300 12-gauge shotgun |
| 10/3/2018 | Sprague's Sports | Daniel Langstaff Mirazo | Inland Rifle |
| 10/22/2018 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |
| 10/25/2018 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |
| 11/10/2018 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |
| 11/19/2018 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |
| 11/20/2018 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |
| 11/21/2018 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |

| 11/23/2018 | Sprague's Sports | Jesus Sanchez Vega | FN rifle |
|---|---|---|---|
| 11/23/2018 | Sprague's Sports | Rafael Palomares, Jr. | FN rifle |
| 11/23/2018 | Sprague's Sports | Rafael Palomares, Jr. | FN rifle |
| 11/27/2018 | Sprague's Sports | Jesus Sanchez Vega | FN Rifle |
| 12/1/2018 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |
| 12/8/2018 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |
| 12/27/2018 | Sprague's Sports | Jose Rodrigo Felix-Quiroz | Several boxes of ammunition |
| 12/28/2018 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |
| 1/7/2019 | Sprague's Sports | Juan Rafael Castaneda, Jr. | Ruger LCPII firearm; Ruger LCPII firearm |
| 1/14/2019 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |
| 1/16/2019 | Sprague's Sports | Juan Rafael Castaneda, Jr. | |
| 9/3/2019 | Sprague's Sports | Josue Isai Valdez-Reyes (through unnamed straw purchaser) | Glock 42 .380 pistol |
| 9/5/2019 | Sprague's Sports | Josue Isai Valdez-Reyes (through unnamed straw purchaser) | Glock 42 .380 pistol |
| 3/25/2020 | Sprague's Sports | Noe Mendoza, Marcos Balderas Millan | 300 rounds of .50 caliber ammunition |
| 10/6/2022 | Sprague's Sports | Victor Alfonso Godinez | |
| 10/17/2022 | Sprague's Sports | Victor Alfonso Godinez | |
| 11/4/2022 | Sprague's Sports | Victor Alfonso Godinez | |
| 11/5/2022 | Sprague's Sports | Jose D. Jesus Quintero-Macias | |
| 12/13/2022 | Sprague's Sports | Victor Alfonso Godinez | |
| 12/30/2022 | Sprague's Sports | Roberto Lozano Partida III | Taurus .38 caliber revolver (Serial Number ACJ296952); Glock 9 mm pistol (Serial Number BYAD865) |
| 12/30/2022 | Sprague's Sports | Victor Alfonso Godinez | |

| | | | |
|---|---|---|---|
| 09/15/22- 09/17/22 | Sprague's Sports | Rodrigo Ramos-Acosta | |
| 1/3/2023 | Sprague's Sports | Victor Alfonso Godinez | |
| 1/5/2023 | Sprague's Sports | Victor Alfonso Godinez | |
| 1/27/2023 | Sprague's Sports | Griselda Maribel Huizar | |
| 1/27/2023 | Sprague's Sports | Maria Isabel Flores-Portillo | |
| 1/28/2023 | Sprague's Sports | Victor Alfonso Godinez | |
| 1/31/2023 | Sprague's Sports | Victor Alfonso Godinez | |
| 2/6/2023 | Sprague's Sports | Victor Alfonso Godinez | |
| 2/22/2023 | Sprague's Sports | Jose Eduardo Puentes-Fierro | |
| 2/22/2023 | Sprague's Sports | Samuel Horacio Martinez-Rodriguez | |
| 2/24/2023 | Sprague's Sports | Victor Alfonso Godinez | |
| 3/2/2023 | Sprague's Sports | Victor Alfonso Godinez | 50 caliber Barrett rifle |
| 3/15/2023 | Sprague's Sports | Juan Carlos Molina Yanez | |
| 3/16/2023 | Sprague's Sports | Juan Carlos Molina Yanez | |
| 4/3/2023 | Sprague's Sports | Juan Carlos Molina Yanez | |
| 4/27/2023 | Sprague's Sports | Kimberly Alicia Castro | |
| 6/21/2023 | Sprague's Sports | David Varela | |
| 11/2/2023 | Sprague's Sports | Jose Antonio Castro Claro | Glock 17 gen 5 pistol (Serial Number BHGM600) |
| 11/18/2023 | Sprague's Sports | Jose Antonio Castro Claro | Century; Arms AK rifle 7.62x29 rifle (Serial Number BFTY7019047) |
| 11/20/2023 | Sprague's Sports | Jose Antonio Castro Claro | Riley Defense, RAK47 rifle, (Serial Number B48674) |
| 11/22/2023 | Sprague's Sports | Jorge Antonio Navarette | .50 caliber rifle (down payment) |
| 2023 | Sprague's Sports | Jose Eduardo Puentes-Fierro | |
| 2023 | Sprague's Sports | Rodrigo Ramos-Acosta | |

| | | | |
|---|---|---|---|
| 10/17/2019 | The Hub | Fernando Palomares, Jr. | Radical Firearms RF 15 multicaliber Rifle; Riley Defense RAK47 7.62x39mm rifle |
| 10/22/2019 | The Hub | Kyle Rene Fazlollah | Romarm/CUGIR RH10; 7.62x39mm rifle |
| 1/28/2020 | The Hub | Kaleb Jacob Valencia | Glock 17Gen5 9mm pistol |
| 2/10/2020 | The Hub | Kaleb Jacob Valencia | Riley Defense RAK47 7.62 caliber rifle |
| 2/15/2020 | The Hub | Elizar Olivares | Riley Defense RAK47 7.62x39mm; rifle |
| 5/6/2020 | The Hub | Kyle Rene Fazlollah | Romarm/Pioneer Arms WASR 7.62x39mm rifle |
| 12/18/2020 | The Hub | Jose Gilberto Inzunza | Century Arms VSKA 7.62 rifle |
| 12/1/2021 | The Hub | Anthony Ortiz | Barrett .50 caliber rifle |
| 7/8/2022 | The Hub | Williams Mora Bustamante | FN, model M249S, 5.56 caliber rifle |
| 7/27/2023 | The Hub | Cesar Reynaldo Peralta | Glock, model 17, 9mm caliber pistol |
| 2019 | The Hub, SnG Tactical | Jose Gilberto Inzunza | |
| 2021 | The Hub, SnG Tactical | Javier Heras-Rodriguez | |
| 2021 | The Hub, SnG Tactical | Daniel Garcia | |
| 2021 | The Hub, SnG Tactical | Richardo Caro | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon counsel for all Defendants via electronic mail on this 9th day of May, 2024 addressed as follows to counsel of record per the AZ District Court ECF:

**Colt B Dodrill**
Wilson Elser Moskowitz Edelman & Dicker
2231 E Camelback Rd., Ste. 200
Phoenix, AZ 85016
480-562-3660
colt.dodrill@wilsonelser.com

**Ryan Erdreich**
Pisciotti Lallis Endreich
30 Columbia Turnpike, Ste. 205
Florham Park, NJ 07932
973-245-8100
rerdreich@pisciotti.com

**Danny Charles Lallis**
Pisciotti Lallis Endreich
30 Columbia Turnpike, Ste. 205
Florham Park, NJ 07932
973-245-8100
973-245-8101 (fax)
dlallis@pisciotti.com

**Anthony Pisciotti**
Pisciotti Lallis Endreich
30 Columbia Turnpike, Ste. 205
Florham Park, NJ 07932
973-245-8100
apisciotti@pisciotti.com

**Peter V Malfa**
Renzulli Law Firm LLP
1 N Broadway, Ste. 1005
White Plains, NY 10601
914-285-0700
914-285-1213 (fax)
pmalfa@renzullilaw.com

**Jeffrey Malsch**
Renzulli Law Firm LLP
1 N Broadway, Ste. 1005
White Plains, NY 10601
914-285-0700
914-285-1213 (fax)
jmalsch@renzullilaw.com

**Christopher Renzulli**
Renzulli Law Firm LLP
1 N Broadway, Ste. 1005
White Plains, NY 10601
914-285-0700
914-285-1213 (fax)
crenzulli@renzullilaw.com

**Brian Edward Cieniawski**
Wilson Elser Moskowitz Edelman & Dicker
2231 E Camelback Rd., Ste. 200
Phoenix, AZ 85016
480-562-3660
brian.cieniawski@wilsonelser.com

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Plaintiff's First Set of Requests for Production of Documents to All Defendants    18

**Louis William Horowitz**
Lorber Greenfield & Olsen LLP
3930 E Ray Rd., Ste. 260
Phoenix, AZ 85044
602-385-2677
lhorowitz@lorberlaw.com

Dated: May 9, 2024                    */s/ Ryan O'Neal*
                                       Ryan O'Neal

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

Plaintiff's First Set of Requests for Production of Documents to All Defendants    19

# EXHIBIT 2

LORBER, GREENFIELD & OLSEN, LLP
Louis W. Horowitz, Esq. [S.B. #020842]
3930 E. Ray Road, Suite 260
Phoenix, AZ 85044
TEL: (602) 437-4177
FAX: (602) 437-4180
lhorowitz@lorberlaw.com

RENZULLI LAW FIRM LLP
Christopher Renzulli, Esq. (*Pro Hac Vice*)
Peter Malfa, Esq. (*Pro Hac Vice*)
Jeffrey Malsch, Esq. (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, NY 10601
TEL: (914) 285-0700
FAX: (914) 285-1213
crenzulli@renzullilaw.com
pmalfa@renzullilaw.com
jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc.,*
*Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>                              Plaintiff,<br><br>*vs.*<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>                              Defendants. | Case No: 4:22-cv-00472-TUC-RM |

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

1

**DEFENDANT DIAMONDBACK SHOOTING SPORTS, INC.'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Diamondback Shooting Sports, Inc. ("Diamondback"), by and through its attorneys, Renzulli Law Firm, LLP and Lorber, Greenfield & Olsen, LLP, hereby serves its objections and responses to Plaintiffs' First Set of Request for Production of Documents as follows:

**PRELIMINARY STATEMENT**

Diamondback has not fully completed its investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed preparation for trial. Thus, the responses contained herein are based only upon the information and documents which are presently available to and specifically known to it. It is anticipated that further discovery and investigation will supply additional facts which will, in turn, clarify and add meaning to known facts, as well as to establish entirely new factual matters, all of which may lead to substantial changes in, and variations from the contentions and information herein set forth.

The following responses are provided without prejudice to Diamondback's right to produce evidence of any subsequently discovered facts. Diamondback, accordingly, reserves the right to amend, modify, and/or supplement any and all responses herein as additional facts are ascertained, analyses made, legal research completed, expert opinions exchanged, and contentions formulated.

Diamondback is responding to Plaintiff's Requests pursuant to the Federal Rules of Civil Procedure and applicable state law. In answering these Requests, Diamondback is interpreting words used by Plaintiff according to their ordinary and normal meaning where such meaning can be easily ascertained. Diamondback expressly reserves the right to challenge the relevancy, materiality, admissibility, and probative value of the information contained in its responses to the Requests.

## GENERAL OBJECTIONS AND RESERVATIONS

Each response and objection provided by Diamondback in response to Plaintiff's discovery demands herein is subject to the following General Objections and Reservations, each of which is hereby incorporated into each of Diamondback's responses.

1.    Diamondback objects to several of Plaintiff's definitions as being overly broad and inconsistent with the practice and customs of the firearms industry, including, Plaintiff's expansive and incorrect definitions of "Ammunition," "Assault Weapon," "Civilian Market," "Dealer," "Distributor," ".50 Sniper rifle(s)," ".50 cal rifle(s)," "Firearm Accessory," "Kitchen Table Dealer," "Multiple sale(s)," "Straw sale," "Suspect Purchaser(s)," "Suspect Sale(s)," "Trafficking," and "Trade Association."

2.    Diamondback objects to the inclusion of the following as being considered equal to or part of Diamondback Shooting Sports, Inc.: predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, joint ventures, other affiliates and any organization or entity that Diamondback manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf. Diamondback denies it has an obligation to search for or produce records in the possession of any such entities.

3.    Diamondback objects to the "Relevant Time Period" as being January 1, 2010 to the present.  A generalized fourteen (14) year discovery period for a civil action with a statute of limitations of either 1 year or 2 years is patently unreasonable.

Nothing herein shall be construed as an admission by Diamondback with respect to the admissibility or relevance of any fact or documents.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    Your organizational charts, employee lists, personnel directories, telephone directories, and electronic mail user and address lists sufficient to show all personnel, including their jobs or titles and any contact information.

**RESPONSE:** Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it would include employees and former employees who had no involvement in firearm sales. Without waiving or limiting the foregoing objections, see Diamondback's First Supplemental Initial Disclosure Statement dated June 11, 2024.

**REQUEST NO. 2:**    All documents relating to recording and tracking Your firearm, ammunition, and/or firearm accessory sales, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A & D books; (ii) records of sale; and (iii) any computerized, accounting or other system that contains the requested information.

**RESPONSE:** Diamondback objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of sales and accounting materials that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery,

shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.  Without waiving or limiting the foregoing objections, see documents Bates numbered DBK001099–1131. Please also see privilege log for documents withheld from production based on applicable privilege(s).

**REQUEST NO. 3:**    All documents relating to recording and tracking Your firearm, ammunition, and/or firearm purchases, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A& D books; (ii) invoices; (iii) weekly, monthly, or annual purchase summaries; (iv) records of purchase; and (v) contracts with manufacturers, distributors, or dealers, and (vi) any computerized, accounting or other system that contains the requested information.

**RESPONSE:**  Diamondback objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of agreements, purchase and accounting materials that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see privilege log for documents withheld from production based on applicable privilege(s).

**REQUEST NO. 4:**   Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your sales of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of sale; (ii) date of sale; (iii) location of sale; (iv) employee that made the sale; (v) age, gender, occupation, nationality, and residence of purchaser; (vi) amount of ammunition sold; (vii) number of firearms sold; (viii) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm sold; (ix) serial number of each firearm sold; (x) price of firearm and ammunition sold; (xi) any other identifying information related to the purchaser; (xii) information related to purchaser's criminal history or background check; (xiii) any other information related to the product sold.

**RESPONSE:** See objections and response to Request No. 2.

**REQUEST NO. 5:**   Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your purchases of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of purchase; (ii) date of purchase; (iii) manufacturer, distributor, or other entity You purchased from; (iv) amount of ammunition purchased; (v) number of firearms purchased; (vi) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm purchased; (vii) serial number of each firearm purchased; (viii) price of firearm and ammunition purchased; (ix) any other identifying information related to the seller; (x) any other information related to the product purchased.

**RESPONSE:** See objections and response to Request No. 3.

**REQUEST NO. 6:**   All Firearm Transaction Records (ATF Form 4473's) for all Firearms listed on the attached (Exhibit A).

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**RESPONSE:** Diamondback objects to this Request to the extent that it seeks disclosure of information or documents in the possession, custody, or control of any other parties. Diamondback further objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.  See privilege log for documents withheld from production based on the privilege(s) set forth above.

**REQUEST NO. 7:**    All Multiple Sales Forms (ATF Form 3310.4) drafted or submitted during the Relevant Time Period.

**RESPONSE:** Diamondback objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. See privilege log for documents withheld from production based on the privilege(s) set forth above.

7

**REQUEST NO. 8:**    All Rifle Sales Forms (ATF Form 3310.12) drafted or submitted during the Relevant Time Period.

**RESPONSE:** Diamondback objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. See privilege log for documents withheld from production based on the privilege(s) set forth above.

**REQUEST NO. 9:**    All documents reflecting the multiple sale of firearms or ammunition not recorded on ATF Forms 3310.4 or 3310.12.

**RESPONSE:** Diamondback objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome (assuming the Request concerns the "Relevant Time Period), as the "multiple sale of ammunition" is non-sensical and ambiguous, it is unknown what documents are being sought related to the "multiple sale of firearms" other than what has been requested in the prior Requests, to produce any such unknown documents for the past 14 years by definition would be unduly burdensome.  If the request is seeking additional documents required to be maintained by FFLs by ATF, Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant

to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.

**REQUEST NO. 10:**   All documents and communications related to the firearm sales identified in Exhibit A or any other suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms sold or transferred by You or any Defendant in this litigation, including but not limited to all records of such sales, background checks related to such sales, identification information related to the purchaser, any other information related to the purchaser, and any paper or electronic notes related to such sales.

**RESPONSE:**  Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.  Without waiving or limiting the

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

9

foregoing objections, see documents Bates numbered DBK001099–131. Please also see privilege log for documents withheld from production based on applicable privilege(s).

**REQUEST NO. 11:**  All video and audio recordings of activity within or outside of Your store showing employees or purchasers, including audio or video recordings involving suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, including all video and/or audio recordings on the dates of purchase identified in Exhibit A and sales of firearms that were later traced or the subject of criminal proceedings.

**RESPONSE:** Diamondback objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, especially regarding the request for such items related to "multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms" as all of these transactions are legal, and in and of themselves, raise no suspicion or concern. Diamondback further objects to this Request on the grounds that it is vague and overly broad (assuming the Request for these items is for the Relevant Time Period). Diamondback further objects on the grounds that Plaintiff has failed to identify the nexus between the transactions listed in Exhibit A to any harm caused in Mexico. Without waiving or limiting the foregoing objections, Diamondback is not in possession of any responsive recordings, including for the dates of purchase identified in Exhibit A.

**REQUEST NO. 12:**  Documents sufficient to show the existence and availability of video or audio surveillance systems (including cameras or any other recording devices) operable in or around Your stores, when such systems were installed, where they were installed, why they were installed, and policies related to recording such video or audio and retaining such recordings.

**RESPONSE:** Diamondback objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Diamondback further objects to this Request on the ground that it is overly broad, in that a 14 year history of video or audio surveillance

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

systems is patently unreasonable. Without waiving or limiting the foregoing objections, see documents Bates numbered DBK000985–87.

**REQUEST NO. 13:**  All documents related to any firearms, ammunition, and or firearm accessories sold or transferred by You for which You know or have reason to believe have been (i) used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use; (ii) the subject of a trace, or (iii) otherwise recovered by law enforcement, including but not limited to trace requests and responses and firearms trafficking or straw purchasing investigations or prosecutions.

**RESPONSE:**  Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were "used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.  Without waiving or limiting the foregoing objections, see documents Bates numbered DBK001099–131. Please also see privilege log for documents withheld from production based on applicable privilege(s).

**REQUEST NO. 14:** Documents sufficient to show the identities of Your employees or people You contracted with or retained to sell or purchase firearms during the Relevant Time Period.

**RESPONSE:** See objections and responses to Request No. 1.

**REQUEST NO. 15:** All documents concerning employees who participated in or were present at (a) the sale of any firearm for which You received a Trace Request, (b) the sale of any firearm to a person who was charged with violations of firearms laws, or (c) the sale of any firearm to any of the purchasers identified in Exhibit A, including, but not limited to all employment records, human resources records, personnel records (including employment applications, references), disciplinary records, job titles and responsibilities, training documents and records reflecting or concerning any training You provided to those employees, including training module worksheets and signed employee handbooks pages.

**RESPONSE:** Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were "used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or limiting the foregoing objections, Defendants refer Plaintiffs to the ATF Form 4473 and all instructions accompanying said form available on ATF's website; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

(https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Diamondback further responds that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them. Without waiving or limiting the foregoing objections, see documents Bates numbered DBK001028–45.

**REQUEST NO. 16:**  Documents relating to the identity, location, and responsibilities of Your employees working on the dates identified in Exhibit A, including but not limited to time sheets, time records, shift tables, staffing assignments or other scheduling documents, and documents identifying their job titles and/or responsibilities.

**RESPONSE:**  See objections and responses to Request Nos. 1 and 14. Further, Diamondback objects to this Request on the grounds that the Plaintiff has failed to identify the nexus between the transactions listed in Exhibit A and any harm to Mexico.

**REQUEST NO. 17:**  All documents related to any disciplinary actions or investigations for employees involved with the sale of firearms, firearm accessories, and/or ammunition.

**RESPONSE:**  Diamondback objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of records that far exceed the relevant issues in this case as framed by the Complaint. Subject to the foregoing objections, Diamondback is not in possession of any responsive documents.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**REQUEST NO. 18:** All documents related to crime, violence or criminal activity in Mexico, including but not limited to the problem of firearms being purchased in the U.S. and trafficked or transferred to cartels and others in Mexico.

**RESPONSE:** Diamondback objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Without waiving or limiting the foregoing objections, Diamondback does not maintain any responsive documents in the regular course of business.

**REQUEST NO. 19:** All documents relating to suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms, or the unlawful sale of, diversion of, or trafficking of firearms, the harms caused by such sales and how to identify, report, or mitigate such sales, including but not limited to: (i) any such information received from or sent or issued by a firearms manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by You; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOJ, or state or local police departments.

**RESPONSE:** Diamondback objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were the subject of "suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or limiting the foregoing objections, Defendants refer Plaintiffs to the ATF Form 4473 and all instructions accompanying said form available on ATF's website; the ATF's website pertaining to Tools & Services for Firearms Industry and Current

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide          (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Diamondback further respond that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them.

**REQUEST NO. 20:**  All documents relating to the risks that firearms, ammunition, firearm accessories, assault weapons, .50 cal rifles, or belt-fed firearms, may be obtained by criminals, in the United States, Mexico, or another country, and how to prevent or minimize those risks, including but not limited to: (i) any such information received from or sent or issued by a firearms manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by You; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOJ, or state or local police departments.

**RESPONSE:**  See objections and responses to Request No. 19.

**REQUEST NO. 21:**  All documents related to the sale of firearms sent to or received from other Defendants in this case, manufacturers, dealers, distributors, trade associations, or other firearms organizations, including marketing or promotional materials and manuals.

**RESPONSE:**  Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that

is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications and marketing and promotional materials that far exceed the relevant issues in this case as framed by the Complaint.

**REQUEST NO. 22:**  All documents related to law enforcement actions, including but not limited to documents relating to: (i) ATF audits; (ii) ATF inspections; (iii) ATF citations or violations; (iv) ATF demand and warning letters; (v) ATF revocation letters and materials; (vi) materials from ATF meetings and conferences; (vii) materials relating to criminal investigations or prosecutions, including gun trafficking; (viii) the ATF Demand 2 program; (ix) as well as communications among You, Your employees, law enforcement, trade associations, or Defendants related to the same.

**RESPONSE:**  Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback objects to the Request on the grounds that the term "law enforcement actions" is improper given the nature of the items subsequently requested. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications and other materials that far exceed the relevant issues in this case as framed by the Complaint. Please also see privilege log for documents withheld from production based on applicable privilege(s).

**REQUEST NO. 23:**  All documents related to actual or potential contacts or communications with any law enforcement, regulatory, or other government agencies relating to the sale of firearms, ammunitions, or firearm accessories, including, but not limited to (i) the ATF; (ii) the United States Federal Bureau of Investigation; (iii) Arizona Department of Public Safety; (iv) the Tucson Police Department; (v) the Phoenix Police Department; or (vi) the Yuma Police Department.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**RESPONSE:** See objections and responses to Request No. 13.

**REQUEST NO. 24:** All documents and records that You have received or sent to the ATF, any sheriff's office, and/or other state or federal regulatory agencies related to Your federal firearms license(s) or firearms business, including but not limited to: (i) state and federal licenses to sell firearms, firearm accessories and ammunition at Your store location including but not limited to applications, renewals and supporting documents; (ii) all records, citations, warning letters, reports, inspection reports, corrective actions or other documents issued or provided to You, including any actual or threatened suspension, revocation, or surrender of Your federal firearms licenses; (iii) documents relating to any actual or threatened investigation, in addition to any indictment, arrest, or conviction of an employee or agent of Your store for violation of a law or regulation relating to firearms, ammunition, and or/firearm accessory sales; and (iv) documents and trace requests concerning firearms, ammunition, or firearm accessories sold by Your store.

**RESPONSE:** Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications and records that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of

Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Subject to the foregoing objections, see objections and responses to Request Nos. 13, 22, and 23. See also documents Bates numbered DBK000988–1019 and DBK001046–47. Please also see privilege log for documents withheld from production based on applicable privilege(s).

**REQUEST NO. 25:**  All documents related to any sanction, discipline, condition or restriction imposed on You by a distributor or manufacturer, including any documents relating to any investigation that could result in such action or any consideration, discussion or decision about the possibility of such action.

**RESPONSE:**  Diamondback objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame and does not define "sanction, discipline, condition, or restriction." Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Diamondback is not in possession of any responsive documents.

**REQUEST NO. 26:**  All documents related to any Defendant's membership in any trade association.

**RESPONSE:**  Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of membership information that far exceeds the relevant issues in this case as framed by the Complaint. Diamondback further objects on the grounds that the request seeks to infringe on defendant's First Amendment rights of free speech and freedom of association.

**REQUEST NO. 27:**  All comprehensive general liability and/or property insurance policies, including any declaration pages for the insurance policies.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**RESPONSE:**  Diamondback objects to this Request on the grounds that "property insurance policies" are not relevant and cannot lead to the discovery of admissible evidence. Without waiving or limiting the foregoing objection, see Diamondback's First Supplemental Initial Disclosure Statement dated June 11, 2024, and the associated production of documents thereto. See also Documents Bates numbered DBK001072–98.

**REQUEST NO. 28:**  All documents related to Your financial and operating results, including but not limited to: (i) documents demonstrating Your overall sales, expenses and profits attributed to the sale of firearms, firearm accessories and ammunition; (ii) documents sufficient to identify Your retail sales; (iii) Your financial and operating results for firearms and ammunition; (iv) balance sheets; (v) profits and loss statements, and (vi) state and federal tax returns.

**RESPONSE:**  Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it is premature as it seeks financial condition discovery without a prima facie finding of liability. ("The State of Arizona has adopted a general rule mandating that 'prima facie proof of a defendant's liability for punitive damages [is necessary] before his wealth or financial condition may be discovered.'" *ReBath LLC v. HD Solutions LLC*, 2021 WL 1923759 (D. Ariz. May. 13, 2021) (citing *Richbourg v. Jimerson*, No. CV-12-0136-TUC-BGM, 2012 WL 4355906, at *2 (D. Ariz. Sept. 24, 2012); *Larriva v. Montiel*, 143 Ariz. 23, 691 P.2d 735, 736 (App.1984))).

**REQUEST NO. 29:**  All documents which show Your organizational or business structure and ownership, including that of Your subsidiaries, affiliates, or corporate parent(s). This includes, but is not limited to, certificates of incorporation, bylaws, shareholders' agreements, formation certificates,

partnership agreements, and operating agreements. The Relevant Time Period does not apply to this request.

**RESPONSE:** Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it is unlimited in time and scope. Diamondback additionally objects to this Request on the grounds that it constitutes an invasion of privacy. Without waiving or limiting the foregoing objections, see documents Bates numbered DBK000968–84.

**REQUEST NO. 30:** All documents related to policies, guidelines, standards, protocols, practices, handbooks, or training materials concerning the sale of firearms, firearm accessories, and/or ammunition at Your store, including (i) Your Employee Handbook or any other employee manual(s) in effect or used to train employees; (ii) all training videos, power-points, work sheets, or other documents or audiovisual used to train employees that sell firearms, firearm accessories, or ammunition; (iii) all resources available to employees who sell firearms, firearm accessories, or ammunition created by trade associations, firearm manufacturers, ammunition manufactures, other dealers, or law enforcement authorities (including but not limited to ATF, FBI or any other law enforcement agency).

**RESPONSE:** Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because firearms accessories cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

limiting the foregoing objections, Defendants refer Plaintiffs to the ATF Form 4473 and all instructions accompanying said form; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition);     ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide);   and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Diamondback further respond that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them.  Please also see documents Bates numbered DBK001028–45.

**REQUEST NO. 31:**  All documents related to the detection of, prevention of, identification of, reporting of, or potential or actual consequences related to: suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, trafficking, and/or kitchen table dealers.

**RESPONSE:**  See objections and responses to Request Nos. 19 and 30.

**REQUEST NO. 32:**  All documents concerning any formal or informal policy relating to working with or cooperating with law enforcement or reporting suspicious activity to any law enforcement agency.

**RESPONSE:**  See objections and responses to Request Nos. 19, 30, and 31.

**REQUEST NO. 33:**  All documents relating to marketing, advertising, promoting, and public statements related to Your sale of firearms, ammunitions, firearm accessories, and firearm training programs, including but not limited to: flyers, catalogs, mailers, press releases, public statements, and postings on

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

all social media sites, websites, internet sites, including but not limited to Google, Facebook, X (formerly Twitter), YouTube, Instagram, TikTok, Snapchat, Reddit, 4chan, and Discord.

**RESPONSE:** Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any responsive documents are a matter of public record and equally accessible to Plaintiff as they are to Diamondback. Without waiving or limiting the foregoing objections, see https://dbackshootingsports.com/; https://www.facebook.com/diamondbackshootingsports/; https://www.instagram.com/diamondbackshootingsports/; https://x.com/dbackshooting.

**REQUEST NO. 34:** Any document relating to a media appearance by You related to Your sale of firearms, ammunitions, firearm accessories, or firearm training programs, including documents and communications prepared or exchanged in preparation for those appearances.

**RESPONSE:** Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications that far exceed the relevant issues in this case as framed by the Complaint. Diamondback further objects on the grounds that the request seeks to infringe on defendant's First Amendment rights of free speech and freedom of association. Subject to the foregoing objections, Diamondback is not in possession of any responsive documents.

**REQUEST NO. 35:** All documents related to any national or state laws, statutes, regulations, or executive orders related to the sale of firearms, ammunition, or firearm accessories and related court orders or opinions, including documents related to compliance with those laws, statutes, regulations, executive orders court orders, or court opinions.

**RESPONSE:** Diamondback further objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome. Diamondback also objects to this Request on the grounds that it fails to be limited to a relevant and reasonable time period. Diamondback further objects to this Request on the grounds that any responsive documents are a matter of public record and equally accessible to Plaintiff as they are to Diamondback. Without waiving or limiting the foregoing objections, Defendants refer Plaintiffs to the ATF Form 4473 and all instructions accompanying said form; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Diamondback further respond that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them.

**REQUEST NO. 36:** All documents posted visibly at Your store throughout the Relevant Time Period providing warnings or notice to potential customers regarding any and all requirements to purchase firearms, ammunition, or firearm accessories.

**RESPONSE:** Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Subject to the foregoing objections, see documents Bates numbered DBK001020–27.

**REQUEST NO. 37:** All documents produced to or received from any party or non-party related to or in connection with this action. This request is not limited in time.

**RESPONSE:** Diamondback objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Diamondback further objects to this Request on the grounds that it is vague, overly broad, and potentially unduly burdensome, depending upon what is being requested. Diamondback also objects to this Request on the grounds that it fails to be limited to any time period. Diamondback additionally objects to this Request on the grounds and to the extent that it calls partially or exclusively for the production of documents protected by the attorney-client, material prepared in anticipation of litigation, common interest, and other applicable privileges or immunities.

**REQUEST NO. 38:** All documents that You contend support any claim or defense asserted in this litigation.

**RESPONSE:** Diamondback objects to this Request on the grounds that it is premature, in that it constitutes a contention request and is covered by the disclosure rules set forth in F.R.C.P. 26. Subject to the foregoing objections, Diamondback refers to all documents reference in and produced in response to the other requests herein, and reserves its right to supplement discovery as the litigation continues, its investigation is completed, and fact and expert disclosures are made.

**REQUEST NO. 39:** All documents that relate to Your document control, retention, and/or storage policies, including but not limited to documents sufficient to show Your document destruction, retention or archiving policies and practices and any changes in such policies or practices during the Relevant Time Period.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**RESPONSE:** Diamondback objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Diamondback also objects to this Request on the grounds that it fails to be limited to a relevant and reasonable time period. Subject to the foregoing objections, Diamondback's document retention policy related to firearms transactions and sales is mandated by federal law. Diamondback does not maintain a separate and distinct written document retention policy, other than what is required under federal and state law.

**REQUEST NO. 40:**  All non-privileged documents Your expert witnesses reviewed or relied upon, or will review or rely upon, in preparing expert reports for this action.

**RESPONSE:** Diamondback has not determined any witnesses it will designate as testifying expert witnesses, and such, Diamondback is not in possession of any responsive documents.

**REQUEST NO. 41:**  All documents and materials used to draft or prepare Your Rule 26(f) Initial Disclosures and any supplements thereto.

**RESPONSE:** Diamondback objects to this Request on the grounds that it seeks documents that are wholly protected from disclosure based on the attorney work product doctrine and attorney-client privilege, as the Rule 26(f) Initial Disclosure Statements were drafted exclusively by counsel.

**REQUEST NO. 42:**  All documents related to the sale and acquisition of Diamondback's assets and liabilities, including but not limited to: 1) transfer or retention of legal liability; 2) transfer or retention of electronically stored information; 3) transfer or retention of all purchase orders and records of sales of inventory; 4) transfer and retention of physical and financial assets; and 5) due diligence reviews drafted in association with the sale and acquisition.

**RESPONSE:** Diamondback objects to this Request on the basis that it calls for the production of documents containing privileged, proprietary, and/or confidential business information or trade secrets. Subject to the foregoing objections, see documents Bates numbered DBK001048–71.

Dated:  July 24, 2024

RENZULLI LAW FIRM LLP


By:    */s/ Jeffrey Malsch*
        Christopher Renzulli, Esq. (*Pro Hac Vice*)
        Peter Malfa, Esq. (*Pro Hac Vice*)
        Jeffrey Malsch, Esq. (*Pro Hac Vice*)
        One North Broadway, Suite 1005
        White Plains, NY 10601

LORBER, GREENFIELD & OLSEN, LLP

        Louis W. Horowitz, Esq.
        3930 E. Ray Road, Suite 260
        Phoenix, AZ 85044

        *Attorneys for Defendants*
        *Diamondback Shooting Sports, Inc.,*
        *Loan Prairie, LLC d/b/a The Hub,*
        *SNG Tactical, LLC and*
        *Sprague's Sports, Inc.*

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July, 2024, I served the foregoing on all counsel of record as listed on CM/ECF by electronic means, as set forth below:

Ryan O'Neal, Esq.
DECONCINI MCDONALD YETWIN &
LACY, P.C.
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
roneal@dmyl.com
*Attorneys for Plaintiff*

Steve D. Shadowen, Esq. (*Pro Hac Vice*)
Nicholas W. Shadowen, Esq. (*Pro Hac Vice*)
Tina J. Miranda, Esq. (*Pro Hac Vice*)
Deirdre R. Mulligan, Esq. (*Pro Hac Vice*)
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703
sshadowen@shadowenpllc.com
nshadowen@shadowenpllc.com
tmiranda@shadowenpllc.com
dmulligan@shadowenpllc.com
*Attorneys for Plaintiff*

Jonathan E. Lowy, Esq. (*Pro Hac Vice*)
GLOBAL ACTION ON GUN VIOLENCE
1025 Connecticut Avenue NW, #1210
Washington, DC 20036
jlowy@actiononguns.org
*Attorneys for Plaintiff*

Colt B. Dodrill
Brian E. Cieniawski
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
2231 East Camelback Road, Suite 200
Phoenix, AZ 85016
*Attorneys for Defendant Ammo A-Z, LLC*

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

1  Anthony Pisciotti, Esq. (*Pro Hac Vice*)
2  Danny Lallis, Esq. (*Pro Hac Vice*)
   Ryan Erdreich, Esq. (*Pro Hac Vice*)
3  PISCIOTTI LALLIS ERDREICH
   30 Columbia Turnpike, Suite 205
4  Florham Park, NJ 07932
   apisciotti@pisciotti.com
5  dlallis@pisciotti.com
   rerdreich@pisciotti.com
6  *Attorneys for Defendant Ammo A-Z, LLC*

7                                    By: */s/ Jeffrey Malsch*_____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

# EXHIBIT 3

LORBER, GREENFIELD & OLSEN, LLP
Louis W. Horowitz, Esq. [S.B. #020842]
3930 E. Ray Road, Suite 260
Phoenix, AZ 85044
TEL: (602) 437-4177
FAX: (602) 437-4180
lhorowitz@lorberlaw.com

RENZULLI LAW FIRM LLP
Christopher Renzulli, Esq. (*Pro Hac Vice*)
Peter Malfa, Esq. (*Pro Hac Vice*)
Jeffrey Malsch, Esq. (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, NY 10601
TEL: (914) 285-0700
FAX: (914) 285-1213
crenzulli@renzullilaw.com
pmalfa@renzullilaw.com
jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc.,*
*Loan Prairie, LLC d/b/a The Hub, SnG Tactical, LLC and Sprague's Sports, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos, | Case No: 4:22-cv-00472-CKJ |
| Plaintiff, | |
| *vs.* | |
| Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation, | |
| Defendants. | |

**DEFENDANT SNG TACTICAL, LLC'S**
**OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant SnG Tactical, LLC ("SnG") by and through its attorneys, Renzulli Law Firm, LLP and Lorber, Greenfield & Olsen, LLP, hereby serves its objections and responses to Plaintiffs' First Set of Request for Production of Documents as follows:

**PRELIMINARY STATEMENT**

SnG has not fully completed its investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for trial. Thus, the responses contained herein are based only upon the information and documents which are presently available to and specifically known to it. It is anticipated that further discovery and investigation will supply additional facts which will, in turn, clarify and add meaning to known facts, as well as to establish entirely new factual matters, all of which may lead to substantial changes in, and variations from the contentions and information herein set forth.

The following responses are provided without prejudice to SnG's right to produce evidence of any subsequently discovered facts. SnG, accordingly, reserves the right to amend, modify, and/or supplement any and all responses herein as additional facts are ascertained, analyses made, legal research completed, expert opinions exchanged, and contentions formulated.

SnG is responding to Plaintiff's Requests pursuant to the Federal Rules of Civil Procedure and applicable state law. In answering these Requests, SnG is interpreting words used by Plaintiff according to their ordinary and normal meaning where such meaning can be easily ascertained. SnG expressly reserves the right to challenge the relevancy, materiality, admissibility, and probative value of the information contained in its responses to the Requests.

## GENERAL OBJECTIONS AND RESERVATIONS

Each response and objection provided by SnG in response to Plaintiff's discovery demands herein is subject to the following General Objections and Reservations, each of which is hereby incorporated into each of SnG's responses.

1.      SnG objects to several of Plaintiff's definitions as being overly broad and inconsistent with the practice and customs of the firearms industry, including, Plaintiff's expansive and incorrect definitions of "Ammunition," "Assault Weapon," "Civilian Market," "Dealer," "Distributor," ".50 Sniper rifle(s)," ".50 cal rifle(s)," "Firearm Accessory," "Kitchen Table Dealer," "Multiple sale(s)," "Straw sale," "Suspect Purchaser(s)," "Suspect Sale(s)," "Trafficking," and "Trade Association."

2.      SnG objects to the inclusion of the following as being considered equal to or part of predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, joint ventures, other affiliates and any organization or entity that SnG manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf. SnG denies it has an obligation to search for or produce records in the possession of any such entities.

3.      SnG objects to the "Relevant Time Period" as being January 1, 2010 to the present.  A generalized fourteen (14) year discovery period for a civil action with a statute of limitations of either 1 year or 2 years is patently unreasonable.

Nothing herein shall be construed as an admission by SnG with respect to the admissibility or relevance of any fact or documents.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    Your organizational charts, employee lists, personnel directories, telephone directories, and electronic mail user and address lists sufficient to show all personnel, including their jobs or titles and any contact information.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it would include employees and former employees who had no involvement in firearm sales. Without waiving or limiting the foregoing objections, see documents Bates numbered SNG000731-SNG000732.

**REQUEST NO. 2:**    All documents relating to recording and tracking Your firearm, ammunition, and/or firearm accessory sales, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A & D books; (ii) records of sale; and (iii) any computerized, accounting or other system that contains the requested information.

**RESPONSE:** SnG objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of sales and accounting materials that far exceed the relevant issues in this case as framed by the Complaint. SnG also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see documents Bates numbered SNG000733-SNG000774. See privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 3:**    All documents relating to recording and tracking Your firearm, ammunition, and/or firearm purchases, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A& D books; (ii) invoices; (iii) weekly, monthly, or annual purchase summaries; (iv) records of purchase; and (v) contracts with manufacturers, distributors, or dealers, and (vi) any computerized, accounting or other system that contains the requested information.

**RESPONSE:** SnG objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of purchase and accounting materials that far exceed the relevant issues in this case as framed by the Complaint. SnG also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 4:**    Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your sales of firearms,

ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of sale; (ii) date of sale; (iii) location of sale; (iv) employee that made the sale; (v) age, gender, occupation, nationality, and residence of purchaser; (vi) amount of ammunition sold; (vii) number of firearms sold; (viii) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm sold; (ix) serial number of each firearm sold; (x) price of firearm and ammunition sold; (xi) any other identifying information related to the purchaser; (xii) information related to purchaser's criminal history or background check; (xiii) any other information related to the product sold.

**RESPONSE:** See objections and response to Request No. 2.

**REQUEST NO. 5:**    Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your purchases of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of purchase; (ii) date of purchase; (iii) manufacturer, distributor, or other entity You purchased from; (iv) amount of ammunition purchased; (v) number of firearms purchased; (vi) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm purchased; (vii) serial number of each firearm purchased; (viii) price of firearm and ammunition purchased; (ix) any other identifying information related to the seller; (x) any other information related to the product purchased.

**RESPONSE:** See objections and response to Request No. 3.

**REQUEST NO. 6:**    All Firearm Transaction Records (ATF Form 4473's) for all Firearms listed on the attached (Exhibit A).

**RESPONSE:** SnG objects to this Request to the extent that it seeks disclosure of information or documents in the possession, custody, or control of any other parties. SnG also objects on the grounds that Plaintiff has failed to provide a nexus between the transactions identified in Exhibit A to any harm

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

caused in Mexico. SnG further objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 7:**    All Multiple Sales Forms (ATF Form 3310.4) drafted or submitted during the Relevant Time Period.

**RESPONSE:** SnG objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. SnG also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 8:**    All Rifle Sales Forms (ATF Form 3310.12) drafted or submitted during the Relevant Time Period.

**RESPONSE:** SnG objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. SnG also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 9:**    All documents reflecting the multiple sale of firearms or ammunition not recorded on ATF Forms 3310.4 or 3310.12.

**RESPONSE:** SnG objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome (assuming the Request concerns the "Relevant Time Period), as the "multiple sale of ammunition" is non-sensical and ambiguous, it is unknown what documents are being sought related to the "multiple sale of firearms" other than what has been requested in the prior Requests, to produce any such unknown documents for the past 14 years by definition would be unduly burdensome.  If the request is seeking additional documents required to be maintained by FFLs by ATF, SnG also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by

licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production as well as SnG's response to Request No. 2.

**REQUEST NO. 10:**  All documents and communications related to the firearm sales identified in Exhibit A or any other suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms sold or transferred by You or any Defendant in this litigation, including but not limited to all records of such sales, background checks related to such sales, identification information related to the purchaser, any other information related to the purchaser, and any paper or electronic notes related to such sales.

**RESPONSE:**  SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG also objects on the grounds that Plaintiff has failed to provide a nexus between the transactions identified in Exhibit A to any harm caused in Mexico. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. SnG also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and

(7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see response to Request No. 2.

**REQUEST NO. 11:** All video and audio recordings of activity within or outside of Your store showing employees or purchasers, including audio or video recordings involving suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, including all video and/or audio recordings on the dates of purchase identified in Exhibit A and sales of firearms that were later traced or the subject of criminal proceedings.

**RESPONSE:** SnG objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, especially regarding the request for such items related to "multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms" as all of these transactions are legal, and in and of themselves, raise no suspicion or concern. SnG further objects to this Request on the grounds that it is vague and overly broad (assuming the Request for these items is for the Relevant Time Period). Without waiving or limiting the foregoing objections, SnG is not in possession of any responsive recordings for the dates of purchase for the transactions identified in the Complaint.

**REQUEST NO. 12:** Documents sufficient to show the existence and availability of video or audio surveillance systems (including cameras or any other recording devices) operable in or around Your stores, when such systems were installed, where they were installed, why they were installed, and policies related to recording such video or audio and retaining such recordings.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**RESPONSE:** SnG objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving or limiting the foregoing objections, SnG has no documents responsive to this request.

**REQUEST NO. 13:** All documents related to any firearms, ammunition, and or firearm accessories sold or transferred by You for which You know or have reason to believe have been (i) used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use; (ii) the subject of a trace, or (iii) otherwise recovered by law enforcement, including but not limited to trace requests and responses and firearms trafficking or straw purchasing investigations or prosecutions.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were "used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. SnG also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production.

11

**REQUEST NO. 14:** Documents sufficient to show the identities of Your employees or people You contracted with or retained to sell or purchase firearms during the Relevant Time Period.

**RESPONSE:** See objections and response to Request No. 1.

**REQUEST NO. 15:** All documents concerning employees who participated in or were present at (a) the sale of any firearm for which You received a Trace Request, (b) the sale of any firearm to a person who was charged with violations of firearms laws, or (c) the sale of any firearm to any of the purchasers identified in Exhibit A, including, but not limited to all employment records, human resources records, personnel records (including employment applications, references), disciplinary records, job titles and responsibilities, training documents and records reflecting or concerning any training You provided to those employees, including training module worksheets and signed employee handbooks pages.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were "used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or limiting the foregoing objections, SnG refers Plaintiffs to the ATF Form 4473 and all instructions accompanying said form available on ATF's website; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best

Practices     Guide     (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). SnG further responds that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them. See also privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 16:** Documents relating to the identity, location, and responsibilities of Your employees working on the dates identified in Exhibit A, including but not limited to time sheets, time records, shift tables, staffing assignments or other scheduling documents, and documents identifying their job titles and/or responsibilities.

**RESPONSE:** SnG objects on the grounds that that Plaintiff has failed to establish a nexus between the transactions identified in Exhibit A to any harm caused in Mexico. Subject to the foregoing objection, see objections and responses to Requests Nos. 1 and 14.

**REQUEST NO. 17:** All documents related to any disciplinary actions or investigations for employees involved with the sale of firearms, firearm accessories, and/ or ammunition.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of records that far exceed the relevant issues in this case as framed by the Complaint. Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 18:**  All documents related to crime, violence or criminal activity in Mexico, including but not limited to the problem of firearms being purchased in the U.S. and trafficked or transferred to cartels and others in Mexico.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Without waiving or limiting the foregoing objections, SnG does not maintain any responsive documents in the regular course of business.

**REQUEST NO. 19:**  All documents relating to suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms, or the unlawful sale of, diversion of, or trafficking of firearms, the harms caused by such sales and how to identify, report, or mitigate such sales, including but not limited to: (i) any such information received from or sent or issued by a firearms manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by You; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOJ, or state or local police departments.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were the subject of "suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or limiting the foregoing objections, SnG refers Plaintiff to the ATF Form 4473 and all instructions accompanying said form; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). SnG further respond that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them.

**REQUEST NO. 20:** All documents relating to the risks that firearms, ammunition, firearm accessories, assault weapons, .50 cal rifles, or belt-fed firearms, may be obtained by criminals, in the United States, Mexico, or another country, and how to prevent or minimize those risks, including but not limited to: (i) any such information received from or sent or issued by a firearms manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by You; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOJ, or state or local police departments.

**RESPONSE:** See objections and responses to Request No. 19.

**REQUEST NO. 21:** All documents related to the sale of firearms sent to or received from other Defendants in this case, manufacturers, dealers, distributors, trade associations, or other firearms organizations, including marketing or promotional materials and manuals.

**RESPONSE:** SnG objects to this Request on the basis that it is vague, overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications and marketing and promotional materials that far exceed the relevant issues in this case as framed by the Complaint.

**REQUEST NO. 22:**  All documents related to law enforcement actions, including but not limited to documents relating to: (i) ATF audits; (ii) ATF inspections; (iii) ATF citations or violations; (iv) ATF demand and warning letters; (v) ATF revocation letters and materials; (vi) materials from ATF meetings and conferences; (vii) materials relating to criminal investigations or prosecutions, including gun trafficking; (viii) the ATF Demand 2 program; (ix) as well as communications among You, Your employees, law enforcement, trade associations, or Defendants related to the same.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of information, documentation and communications that would relate to issues that never had any negative effects in Mexico and far exceed the relevant issues in this case as framed by the Complaint. Finally, SnG objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. Subject to the foregoing objections, see objections and responses to Request No. 13.

**REQUEST NO. 23:**  All documents related to actual or potential contacts or communications with any law enforcement, regulatory, or other government agencies relating to the sale of firearms, ammunitions, or firearm accessories, including, but not limited to (i) the ATF; (ii) the United States Federal Bureau of Investigation; (iii) Arizona Department of Public Safety; (iv) the Tucson Police Department; (v) the Phoenix Police Department; or (vi) the Yuma Police Department.

**RESPONSE:**  See objections and responses to Request No. 13.

**REQUEST NO. 24:**  All documents and records that You have received or sent to the ATF, any sheriff's office, and/or other state or federal regulatory agencies related to Your federal firearms license(s) or firearms business, including but not limited to: (i) state and federal licenses to sell firearms, firearm accessories and ammunition at Your store location including but not limited to applications, renewals and supporting documents; (ii) all records, citations, warning letters, reports, inspection reports, corrective actions or other documents issued or provided to You, including any actual or threatened suspension, revocation, or surrender of Your federal firearms licenses; (iii) documents relating to any actual or threatened investigation, in addition to any indictment, arrest, or conviction of an employee or agent of Your store for violation of a law or regulation relating to firearms, ammunition, and or/firearm accessory sales; and (iv) documents and trace requests concerning firearms, ammunition, or firearm accessories sold by Your store.

**RESPONSE:**  SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

disclosure of communications and records that far exceed the relevant issues in this case as framed by the Complaint. SnG also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Subject to the foregoing objections, see objections and responses to Request No. 13.

**REQUEST NO. 25:** All documents related to any sanction, discipline, condition or restriction imposed on You by a distributor or manufacturer, including any documents relating to any investigation that could result in such action or any consideration, discussion or decision about the possibility of such action.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame and does not define "sanction, discipline, condition, or restriction." SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, SnG is not in possession of any responsive documents.

**REQUEST NO. 26:** All documents related to any Defendant's membership in any trade association.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of membership information that far exceeds the relevant issues in this case as framed by the Complaint. SnG further objects on the grounds that the request seeks to infringe on defendant's First Amendment rights of free speech and freedom of association. Subject to the foregoing objections, see Bates numbered documents SNG000775.

**REQUEST NO. 27:**  All comprehensive general liability and/or property insurance policies, including any declaration pages for the insurance policies.

**RESPONSE:** SnG objects to this Request on the grounds that "property insurance policies" are not relevant and cannot lead to the discovery of admissible evidence. Without waiving or limiting the foregoing objection, see SnG's First Supplemental Initial Disclosure Statement dated June 11, 2024, the associated production of documents thereto, and documents Bates numbered SNG000776-SNG000900.

**REQUEST NO. 28:**  All documents related to Your financial and operating results, including but not limited to: (i) documents demonstrating Your overall sales, expenses and profits attributed to the sale of firearms, firearm accessories and ammunition; (ii) documents sufficient to identify Your retail sales; (iii) Your financial and operating results for firearms and ammunition; (iv) balance sheets; (v) profits and loss statements, and (vi) state and federal tax returns.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it is premature as it seeks financial condition discovery without a prima facie finding of liability. ("The State of Arizona has adopted a general rule mandating that 'prima facie proof of a defendant's liability for punitive damages [is necessary] before his wealth or financial condition may be discovered.'" *ReBath*

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

*LLC v. HD Solutions LLC*, 2021 WL 1923759 (D. Ariz. May. 13, 2021) (citing *Richbourg v. Jimerson*, No. CV-12-0136-TUC-BGM, 2012 WL 4355906, at *2 (D. Ariz. Sept. 24, 2012); *Larriva v. Montiel*, 143 Ariz. 23, 691 P.2d 735, 736 (App.1984))).

**REQUEST NO. 29:** All documents which show Your organizational or business structure and ownership, including that of Your subsidiaries, affiliates, or corporate parent(s). This includes, but is not limited to, certificates of incorporation, bylaws, shareholders' agreements, formation certificates, partnership agreements, and operating agreements. The Relevant Time Period does not apply to this request.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it is unlimited in time and scope.  SnG additionally objects to this Request on the grounds that it constitutes an invasion of privacy. Without waiving or limiting the foregoing objections, see response to Request No. 1.

**REQUEST NO. 30:** All documents related to policies, guidelines, standards, protocols, practices, handbooks, or training materials concerning the sale of firearms, firearm accessories, and/or ammunition at Your store, including (i) Your Employee Handbook or any other employee manual(s) in effect or used to train employees; (ii) all training videos, power-points, work sheets, or other documents or audiovisual used to train employees that sell firearms, firearm accessories, or ammunition; (iii) all resources available to employees who sell firearms, firearm accessories, or ammunition created by trade associations, firearm manufacturers, ammunition manufactures, other dealers, or law enforcement authorities (including but not limited to ATF, FBI or any other law enforcement agency).

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because firearms accessories cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or limiting the foregoing objections, SnG refers Plaintiffs to the ATF Form 4473 and all instructions accompanying said form; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). SnG further respond that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them.

**REQUEST NO. 31:** All documents related to the detection of, prevention of, identification of, reporting of, or potential or actual consequences related to: suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, trafficking, and/or kitchen table dealers.

**RESPONSE:** See objections and responses to Requests Nos. 19 and 30.

**REQUEST NO. 32:**  All documents concerning any formal or informal policy relating to working with or cooperating with law enforcement or reporting suspicious activity to any law enforcement agency.

**RESPONSE:**  See objections and responses to Request Nos. 19, 30, and 31.

**REQUEST NO. 33:**  All documents relating to marketing, advertising, promoting, and public statements related to Your sale of firearms, ammunitions, firearm accessories, and firearm training programs, including but not limited to: flyers, catalogs, mailers, press releases, public statements, and postings on all social media sites, websites, internet sites, including but not limited to Google, Facebook, X (formerly Twitter), YouTube, Instagram, TikTok, Snapchat, Reddit, 4chan, and Discord.

**RESPONSE:**  SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any responsive documents are a matter of public record and equally accessible to Plaintiff as they are to SnG. Without waiving or limiting the foregoing objections, see https://www.instagram.com/sngtactical/, https://x.com/sngtactical?lang=en.  SnG previously used, but no longer has access to, a Facebook page as well.  Please also see documents Bates numbered SNG000901-SNG001243.

**REQUEST NO. 34:**  Any document relating to a media appearance by You related to Your sale of firearms, ammunitions, firearm accessories, or firearm training programs, including documents and communications prepared or exchanged in preparation for those appearances.

**RESPONSE:**  SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. SnG further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications that far exceed the relevant issues in this case as framed by the Complaint. SnG further objects on the grounds that the request seeks to infringe on defendant's First Amendment rights of free speech and freedom of association. Subject to the foregoing objections, SnG is not in possession of any responsive documents.

**REQUEST NO. 35:** All documents related to any national or state laws, statutes, regulations, or executive orders related to the sale of firearms, ammunition, or firearm accessories and related court orders or opinions, including documents related to compliance with those laws, statutes, regulations, executive orders court orders, or court opinions.

**RESPONSE:** SnG further objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome. SnG also objects to this Request on the grounds that it fails to be limited to a relevant and reasonable time period. SnG further objects to this Request on the grounds that any responsive documents are a matter of public record and equally accessible to Plaintiff as they are to SnG. Without waiving or limiting the foregoing objections, SnG refers Plaintiff to the ATF Form 4473 and all instructions accompanying said form; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). SnG further respond that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them.

**REQUEST NO. 36:** All documents posted visibly at Your store throughout the Relevant Time Period providing warnings or notice to potential customers regarding any and all requirements to purchase firearms, ammunition, or firearm accessories.

**RESPONSE:** SnG objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Subject to the foregoing objections, see documents Bates numbered SNG001244-SNG001246.

**REQUEST NO. 37:** All documents produced to or received from any party or non-party related to or in connection with this action. This request is not limited in time.

**RESPONSE:** SnG objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. SnG further objects to this Request on the grounds that it is vague, overly broad, and potentially unduly burdensome, depending upon what is being requested. SnG also objects to this Request on the grounds that it fails to be limited to any time period. SnG additionally objects to this Request to the extent that it calls, partially or exclusively, for the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the consulting expert privilege, common interest, and/or other applicable privileges or immunities.

**REQUEST NO. 38:** All documents that You contend support any claim or defense asserted in this litigation.

**RESPONSE:** SnG objects to this Request on the grounds that it is premature, in that it constitutes a contention request and is covered by the disclosure rules set forth in F.R.C.P. 26. Subject to the foregoing objections, SnG refers to all documents reference in and produced in response to the other

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

requests herein, and reserves its right to supplement discovery as the litigation continues, its investigation is completed, and fact and expert disclosures are made.

**REQUEST NO. 39:**  All documents that relate to Your document control, retention, and/or storage policies, including but not limited to documents sufficient to show Your document destruction, retention or archiving policies and practices and any changes in such policies or practices during the Relevant Time Period.

**RESPONSE:** SnG objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. SnG also objects to this Request on the grounds that it fails to be limited to a relevant and reasonable time period. Subject to the foregoing objections, SnG's document retention policy related to firearms transactions and sales is mandated by federal law. SnG does not maintain a written document retention policy separate and distinct from that which is required pursuant to federal and state law.

**REQUEST NO. 40:**  All non-privileged documents Your expert witnesses reviewed or relied upon, or will review or rely upon, in preparing expert reports for this action.

**RESPONSE:** SnG has not determined any witnesses it will designate as testifying expert witnesses, as such, SnG is not in possession of any responsive documents.

**REQUEST NO. 41:**  All documents and materials used to draft or prepare Your Rule 26(f) Initial Disclosures and any supplements thereto.

**RESPONSE:** SnG objects to this Request on the grounds that it seeks documents that are wholly protected from disclosure based on the attorney work product doctrine and attorney-client privilege, as the Rule 26(f) Initial Disclosure Statements were drafted exclusively by counsel.

Dated:  July 24, 2024

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

RENZULLI LAW FIRM LLP


By:     /s/ Jeffrey Malsch
        Christopher Renzulli, Esq. (*Pro Hac Vice*)
        Peter Malfa, Esq. (*Pro Hac Vice*)
        Jeffrey Malsch, Esq. (*Pro Hac Vice*)
        One North Broadway, Suite 1005
        White Plains, NY 10601

LORBER, GREENFIELD & OLSEN, LLP

        Louis W. Horowitz, Esq.
        3930 E. Ray Road, Suite 260
        Phoenix, AZ 85044

        *Attorneys for Defendants*
        *Diamondback Shooting Sports, Inc.,*
        *Loan Prairie, LLC d/b/a The Hub,*
        *SnG Tactical, LLC and*
        *Sprague's Sports, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 24th day of July, 2024, I served the foregoing on all counsel of record according to the CM/ECF system, as follows:

Ryan O'Neal, Esq.
DECONCINI MCDONALD YETWIN &
LACY, P.C.
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
roneal@dmyl.com
*Attorneys for Plaintiff*

Steve D. Shadowen, Esq. (*Pro Hac Vice*)
Nicholas W. Shadowen, Esq. (*Pro Hac Vice*)
Tina J. Miranda, Esq. (*Pro Hac Vice*)
Deirdre R. Mulligan, Esq. (*Pro Hac Vice*)
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703
sshadowen@shadowenpllc.com
nshadowen@shadowenpllc.com
tmiranda@shadowenpllc.com
dmulligan@shadowenpllc.com
*Attorneys for Plaintiff*

Jonathan E. Lowy, Esq. (*Pro Hac Vice*)
GLOBAL ACTION ON GUN VIOLENCE
1025 Connecticut Avenue NW, #1210
Washington, DC 20036
jlowy@actiononguns.org
*Attorneys for Plaintiff*

Colt B. Dodrill
Brian E. Cieniawski
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
2231 East Camelback Road, Suite 200
Phoenix, AZ 85016
*Attorneys for Defendant Ammo A-Z, LLC*

Anthony Pisciotti, Esq. (*Pro Hac Vice*)
Danny Lallis, Esq. (*Pro Hac Vice*)
Ryan Erdreich, Esq. (*Pro Hac Vice*)
PISCIOTTI LALLIS ERDREICH
30 Columbia Turnpike, Suite 205
Florham Park, NJ 07932
apisciotti@pisciotti.com
dlallis@pisciotti.com
rerdreich@pisciotti.com
*Attorneys for Defendant Ammo A-Z, LLC*

By: */s/ Jeffrey Malsch*

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

# EXHIBIT 4

LORBER, GREENFIELD & OLSEN, LLP
Louis W. Horowitz, Esq. [S.B. #020842]
3930 E. Ray Road, Suite 260
Phoenix, AZ 85044
TEL: (602) 437-4177
FAX: (602) 437-4180
lhorowitz@lorberlaw.com

RENZULLI LAW FIRM LLP
Christopher Renzulli, Esq. (*Pro Hac Vice*)
Peter Malfa, Esq. (*Pro Hac Vice*)
Jeffrey Malsch, Esq. (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, NY 10601
TEL: (914) 285-0700
FAX: (914) 285-1213
crenzulli@renzullilaw.com
pmalfa@renzullilaw.com
jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc.,*
*Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>          Plaintiff,<br><br>*vs.*<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>          Defendants. | Case No: 4:22-cv-00472-TUC-RM |

*(sidebar, rotated text)* LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

1

**DEFENDANT LOAN PRAIRIE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Loan Prairie, LLC d/b/a The Hub ("Loan Prairie"), by and through its attorneys, Renzulli Law Firm, LLP and Lorber, Greenfield & Olsen, LLP, hereby serves its objections and responses to Plaintiff's First Set of Request for Production of Documents as follows:

**PRELIMINARY STATEMENT**

Loan Prairie has not fully completed its investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed preparation for trial. Thus, the responses contained herein are based only upon the information and documents which are presently available to and specifically known to it. It is anticipated that further discovery and investigation will supply additional facts which will, in turn, clarify and add meaning to known facts, as well as to establish entirely new factual matters, all of which may lead to substantial changes in, and variations from the contentions and information herein set forth.

The following responses are provided without prejudice to Loan Prairie's right to produce evidence of any subsequently discovered facts. Loan Prairie, accordingly, reserves the right to amend, modify, and/or supplement any and all responses herein as additional facts are ascertained, analyses made, legal research completed, expert opinions exchanged, and contentions formulated.

Loan Prairie is responding to Plaintiff's Requests pursuant to the Federal Rules of Civil Procedure and applicable state law. In answering these Requests, Loan Prairie is interpreting words used by Plaintiff according to their ordinary and normal meaning where such meaning can be easily ascertained. Loan Prairie expressly reserves the right to challenge the relevancy, materiality, admissibility, and probative value of the information contained in its responses to the Requests.

## <u>GENERAL OBJECTIONS AND RESERVATIONS</u>

Each response and objection provided by Loan Prairie in response to Plaintiff's discovery demands herein is subject to the following General Objections and Reservations, each of which is hereby incorporated into each of Loan Prairie's responses.

1.  Loan Prairie objects to several of Plaintiff's definitions as being overly broad and inconsistent with the practice and customs of the firearms industry, including, Plaintiff's expansive and incorrect definitions of "Ammunition," "Assault Weapon," "Civilian Market," "Dealer," "Distributor," ".50 Sniper rifle(s)," ".50 cal rifle(s)," "Firearm Accessory," "Kitchen Table Dealer," "Multiple sale(s)," "Straw sale," "Suspect Purchaser(s)," "Suspect Sale(s)," "Trafficking," and "Trade Association."

2.  Loan Prairie objects to the inclusion of the following as being considered equal to or part of Loan Prairie: predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, joint ventures, other affiliates and any organization or entity that Loan Prairie manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf. Loan Prairie denies it has an obligation to search for or produce records in the possession of any such entities.

3.  Loan Prairie objects to the "Relevant Time Period" as being January 1, 2010 to the present. A generalized fourteen (14) year discovery period for a civil action with a statute of limitations of either 1 year or 2 years is patently unreasonable.

4.  Loan Prairie objects to the production of any documents related to or generated by The Hub's Mesa, Arizona or Lakeside, Arizona locations on the basis that Plaintiff has not identified any allegedly illegal transactions of firearms from those locations. As such, documents maintained, generated, or related to the Mesa, Arizona or Lakeside, Arizona locations are irrelevant, not reasonably

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Nothing herein shall be construed as an admission by Loan Prairie with respect to the admissibility or relevance of any fact or documents.

### OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   Your organizational charts, employee lists, personnel directories, telephone directories, and electronic mail user and address lists sufficient to show all personnel, including their jobs or titles and any contact information.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it would include employees and former employees who had no involvement in firearm sales. Without waiving or limiting the foregoing objections, see documents Bates numbered LP000788-LP000833. Please also see Loan Prairie's Rule 26 Initial Disclosure statements with a list of employees involved in the firearms transactions identified in the Complaint.

**REQUEST NO. 2:** All documents relating to recording and tracking Your firearm, ammunition, and/or firearm accessory sales, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A & D books; (ii) records of sale; and (iii) any computerized, accounting or other system that contains the requested information.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks

disclosure of sales and accounting materials that far exceed the relevant issues in this case as framed by the Complaint. Loan Prairie also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.   Without waiving or limiting the foregoing objections, see invoices Bates numbered LP000764-LP000771. Please also see privilege log for documents withheld from production based on applicable privilege(s).

**REQUEST NO. 3:**    All documents relating to recording and tracking Your firearm, ammunition, and/or firearm purchases, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A& D books; (ii) invoices; (iii) weekly, monthly, or annual purchase summaries; (iv) records of purchase; and (v) contracts with manufacturers, distributors, or dealers, and (vi) any computerized, accounting or other system that contains the requested information.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of purchase and accounting materials that far exceed the relevant issues in this case as framed by the Complaint. Loan Prairie also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall

testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see documents Bates numbered LP000742-LP000763; LP000836. Please also see privilege log for documents withheld from production based on applicable privilege(s). Loan Prairie is still in the process of searching for additional non-privileged documents responsive to this Request. As such, Loan Prairie may supplement its response to this Request at a later date.

**REQUEST NO. 4:** Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your sales of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of sale; (ii) date of sale; (iii) location of sale; (iv) employee that made the sale; (v) age, gender, occupation, nationality, and residence of purchaser; (vi) amount of ammunition sold; (vii) number of firearms sold; (viii) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm sold; (ix) serial number of each firearm sold; (x) price of firearm and ammunition sold; (xi) any other identifying information related to the purchaser; (xii) information related to purchaser's criminal history or background check; (xiii) any other information related to the product sold.

**RESPONSE:** See objections and response to Request No. 2.

**REQUEST NO. 5:** Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your purchases of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of purchase; (ii) date of purchase; (iii) manufacturer, distributor, or other entity You purchased from; (iv) amount of ammunition purchased; (v) number of firearms purchased; (vi) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm purchased; (vii) serial number of each firearm purchased; (viii) price of

firearm and ammunition purchased; (ix) any other identifying information related to the seller; (x) any other information related to the product purchased.

**RESPONSE:** See objections and response to Request No. 3.

**REQUEST NO. 6:**    All Firearm Transaction Records (ATF Form 4473's) for all Firearms listed on the attached (Exhibit A).

**RESPONSE:** Loan Prairie objects to this Request to the extent that it seeks disclosure of information or documents in the possession, custody, or control of any other parties. Loan Prairie further objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. Loan Prairie further objects to this Request on the basis that Plaintiff has not established a nexus between the transactions identified in Exhibit A of its First Requests for the Production of Documents and any harm to Mexico. Without waiving or limiting the foregoing objections, please see privilege log for documents withheld from production based on applicable privilege(s).

**REQUEST NO. 7:** All Multiple Sales Forms (ATF Form 3310.4) drafted or submitted during the Relevant Time Period.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Complaint. Loan Prairie also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, please see privilege log for documents withheld from production based on applicable privilege(s).

**REQUEST NO. 8:** All Rifle Sales Forms (ATF Form 3310.12) drafted or submitted during the Relevant Time Period.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. Loan Prairie also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, please see privilege log for documents withheld from production based on applicable privilege(s).

**REQUEST NO. 9:**    All documents reflecting the multiple sale of firearms or ammunition not recorded on ATF Forms 3310.4 or 3310.12.

**RESPONSE:** Loan Prairie objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome (assuming the Request concerns the "Relevant Time Period), as the "multiple sale of ammunition" is non-sensical and ambiguous, it is unknown what documents are being sought related to the "multiple sale of firearms" other than what has been requested in the prior requests, and to produce any such unknown documents for the past 14 years by definition would be unduly burdensome in terms of a search and potential production. If the request is seeking additional documents required to be maintained by FFLs by ATF, Loan Prairie also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see invoice Bates numbered LP000764.

**REQUEST NO. 10:** All documents and communications related to the firearm sales identified in Exhibit A or any other suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms sold or transferred by You or any Defendant in this litigation, including but not limited to all records of such sales, background checks related to such sales, identification information related to the purchaser, any other information related to the purchaser, and any paper or electronic notes related to such sales.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. Loan Prairie also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. Loan Prairie further objects to this Request on the basis that Plaintiff has not established a nexus between the transactions identified in Exhibit A of its First Requests for the Production of Documents and any harm to Mexico. Without waiving or limiting the foregoing objections, see invoices Bates numbered LP000764-LP000771. Please also see privilege log for documents withheld from production based on applicable privilege(s).

**REQUEST NO. 11:**  All video and audio recordings of activity within or outside of Your store showing employees or purchasers, including audio or video recordings involving suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, including all video and/or audio recordings on the dates of purchase identified in Exhibit A and sales of firearms that were later traced or the subject of criminal proceedings.

**RESPONSE:** Loan Prairie objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, especially regarding the request for such items related to "multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms" as all of these transactions are legal, and in and of themselves, raise no suspicion or concern. Loan Prairie further objects to this Request on the grounds that it is vague and overly broad. Loan Prairie further objects to this Request on the basis that Plaintiff has not established a nexus between the transactions identified in Exhibit A of its First Requests for the Production of Documents and any harm to Mexico. Without waiving or limiting the foregoing objections, Loan Prairie is not in possession of any responsive recordings.

**REQUEST NO. 12:** Documents sufficient to show the existence and availability of video or audio surveillance systems (including cameras or any other recording devices) operable in or around Your stores, when such systems were installed, where they were installed, why they were installed, and policies related to recording such video or audio and retaining such recordings.

**RESPONSE:** Loan Prairie objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Loan Prairie further objects to this Request on the ground that it is overly broad, in that a 14 year history of video or audio surveillance systems is patently unreasonable. Without waiving or limiting the foregoing objections, see invoices Bates numbered LP000772-LP000785.

**REQUEST NO. 13:** All documents related to any firearms, ammunition, and or firearm accessories sold or transferred by You for which You know or have reason to believe have been (i) used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use; (ii) the subject of a trace, or (iii) otherwise recovered by law enforcement, including but not limited to trace requests and responses and firearms trafficking or straw purchasing investigations or prosecutions.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were "used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Loan Prairie also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Please also see privilege log for documents withheld from production based on applicable privilege(s). Without waiving or limiting the foregoing objections, Loan Prairie is still in the process of searching for non-privileged documents responsive to this Request. As such, Loan Prairie may supplement its response to this Request at a later date.

**REQUEST NO. 14:** Documents sufficient to show the identities of Your employees or people You contracted with or retained to sell or purchase firearms during the Relevant Time Period.

**RESPONSE:** See objections and responses to Request No. 1.

**REQUEST NO. 15:** All documents concerning employees who participated in or were present at (a) the sale of any firearm for which You received a Trace Request, (b) the sale of any firearm to a person who was charged with violations of firearms laws, or (c) the sale of any firearm to any of the purchasers

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

identified in Exhibit A, including, but not limited to all employment records, human resources records, personnel records (including employment applications, references), disciplinary records, job titles and responsibilities, training documents and records reflecting or concerning any training You provided to those employees, including training module worksheets and signed employee handbooks pages.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were "used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or limiting the foregoing objections, Defendant refers Plaintiff to the ATF Form 4473 and all instructions accompanying said form available on ATF's website; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Loan Prairie further responds that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

does not retain copies of them. See also privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 16:** Documents relating to the identity, location, and responsibilities of Your employees working on the dates identified in Exhibit A, including but not limited to time sheets, time records, shift tables, staffing assignments or other scheduling documents, and documents identifying their job titles and/or responsibilities.

**RESPONSE:** Loan Prairie objects on the grounds that that Plaintiff has failed to establish a nexus between the transactions identified in Exhibit A to any harm caused in Mexico. Subject to the foregoing objection, see additional objections and responses to Requests Nos. 1 and 14.

**REQUEST NO. 17:** All documents related to any disciplinary actions or investigations for employees involved with the sale of firearms, firearm accessories, and/or ammunition.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of records that far exceed the relevant issues in this case as framed by the Complaint. Subject to the foregoing objections, Loan Prairie is not in possession of any documents related to any disciplinary actions or investigations pertaining to any current or former employees involved with the transactions identified in the Complaint.

**REQUEST NO. 18:** All documents related to crime, violence or criminal activity in Mexico, including but not limited to the problem of firearms being purchased in the U.S. and trafficked or transferred to cartels and others in Mexico.

14

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Without waiving or limiting the foregoing objections, Loan Prairie does not maintain any responsive documents in the regular course of business.

**REQUEST NO. 19:** All documents relating to suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms, or the unlawful sale of, diversion of, or trafficking of firearms, the harms caused by such sales and how to identify, report, or mitigate such sales, including but not limited to: (i) any such information received from or sent or issued by a firearms manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by You; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOJ, or state or local police departments.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were the subject of "suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or limiting the foregoing objections, Defendant refers Plaintiff to the ATF Form 4473 and all instructions accompanying said form; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition)

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

(https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition);    ATF's

Federal    Firearms    Licensee    Quick    Reference    and    Best    Practices    Guide

(https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide);    and

Don't  Lie  for  the  Other  Guy  materials  from  the  National  Shooting  Sports  Foundation

(https://www.dontlie.org/). Loan Prairie further states that it periodically receives and reviews copies of

all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train

and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does

not retain copies of them.

**REQUEST NO. 20:** All documents relating to the risks that firearms, ammunition, firearm accessories,

assault weapons, .50 cal rifles, or belt-fed firearms, may be obtained by criminals, in the United States,

Mexico, or another country, and how to prevent or minimize those risks, including but not limited to: (i)

any such information received from or sent or issued by a firearms manufacturer, dealer, distributor,

trade association, or law enforcement; (ii) any such information obtained or prepared by You; and (iii)

any such information received from or sent or issued by government or law enforcement, such as ATF,

DOJ, or state or local police departments.

**RESPONSE:** See objections and responses to Request No. 19.

**REQUEST NO. 21:** All documents related to the sale of firearms sent to or received from other

Defendants in this case, manufacturers, dealers, distributors, trade associations, or other firearms

organizations, including marketing or promotional materials and manuals.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is vague, overbroad and fails to

meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a

specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant

information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not

proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Procedure because it seeks disclosure of communications, marketing, and promotional materials that far exceed the relevant issues in this case as framed by the Complaint.

**REQUEST NO. 22:**  All documents related to law enforcement actions, including but not limited to documents relating to: (i) ATF audits; (ii) ATF inspections; (iii) ATF citations or violations; (iv) ATF demand and warning letters; (v) ATF revocation letters and materials; (vi) materials from ATF meetings and conferences; (vii) materials relating to criminal investigations or prosecutions, including gun trafficking; (viii) the ATF Demand 2 program; (ix) as well as communications among You, Your employees, law enforcement, trade associations, or Defendants related to the same.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of information, documentation and communications that relates to issues that never had any negative effects in Mexico and far exceed the relevant issues in this case as framed by the Complaint. Finally, Loan Prairie objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Subject to the foregoing objections, see objections and responses to Request No. 13.

**REQUEST NO. 23:**  All documents related to actual or potential contacts or communications with any law enforcement, regulatory, or other government agencies relating to the sale of firearms, ammunitions, or firearm accessories, including, but not limited to (i) the ATF; (ii) the United States Federal Bureau of Investigation; (iii) Arizona Department of Public Safety; (iv) the Tucson Police Department; (v) the Phoenix Police Department; or (vi) the Yuma Police Department.

**RESPONSE:** See objections and responses to Request No. 13.

**REQUEST NO. 24:**  All documents and records that You have received or sent to the ATF, any sheriff's office, and/or other state or federal regulatory agencies related to Your federal firearms license(s) or firearms business, including but not limited to: (i) state and federal licenses to sell firearms, firearm accessories and ammunition at Your store location including but not limited to applications, renewals and supporting documents; (ii) all records, citations, warning letters, reports, inspection reports, corrective actions or other documents issued or provided to You, including any actual or threatened suspension, revocation, or surrender of Your federal firearms licenses; (iii) documents relating to any actual or threatened investigation, in addition to any indictment, arrest, or conviction of an employee or agent of Your store for violation of a law or regulation relating to firearms, ammunition, and or/firearm accessory sales; and (iv) documents and trace requests concerning firearms, ammunition, or firearm accessories sold by Your store.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications and records that far exceed the relevant issues in this case as framed by the Complaint. Loan Prairie also objects to this Request on the basis that federal law "prohibits the

disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see objections and responses to Request Nos. 13, 22 and 23, as well as documents Bates numbered LP000786 and LP000787.

**REQUEST NO. 25:** All documents related to any sanction, discipline, condition or restriction imposed on You by a distributor or manufacturer, including any documents relating to any investigation that could result in such action or any consideration, discussion or decision about the possibility of such action.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame and does not define "sanction, discipline, condition, or restriction." Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Loan Prairie is not in possession of any responsive documents.

**REQUEST NO. 26:**  All documents related to any Defendant's membership in any trade association.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

disclosure of membership information that far exceeds the relevant issues in this case as framed by the Complaint. Loan Prairie further objects on the grounds that this Request seeks to infringe on defendant's First Amendment rights of free speech and freedom of association. Without waiving or limiting the foregoing objections, see document Bates numbered LP000836.

**REQUEST NO. 27:**  All comprehensive general liability and/or property insurance policies, including any declaration pages for the insurance policies.

**RESPONSE:**  Loan Prairie objects to this Request on the grounds that "property insurance policies" are not relevant and cannot lead to the discovery of admissible evidence. Without waiving or limiting the foregoing objection, see Loan Prairie's First Supplemental Initial Disclosure Statement dated June 11, 2024, and the associated production of documents thereto.

**REQUEST NO. 28:**  All documents related to Your financial and operating results, including but not limited to: (i) documents demonstrating Your overall sales, expenses and profits attributed to the sale of firearms, firearm accessories and ammunition; (ii) documents sufficient to identify Your retail sales; (iii) Your financial and operating results for firearms and ammunition; (iv) balance sheets; (v) profits and loss statements, and (vi) state and federal tax returns.

**RESPONSE:**  Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it is premature as it seeks financial condition discovery without a prima facie finding of liability. ("The State of Arizona has adopted a general rule mandating that 'prima facie proof of a defendant's liability for punitive damages [is necessary] before his wealth or financial condition may be discovered.'" *ReBath LLC v. HD Solutions LLC*, 2021 WL 1923759 (D. Ariz. May. 13, 2021) (citing *Richbourg v. Jimerson*,

No. CV-12-0136-TUC-BGM, 2012 WL 4355906, at *2 (D. Ariz. Sept. 24, 2012); *Larriva v. Montiel*, 143 Ariz. 23, 691 P.2d 735, 736 (App. 1984)))**.**

**REQUEST NO. 29:**  All documents which show Your organizational or business structure and ownership, including that of Your subsidiaries, affiliates, or corporate parent(s). This includes, but is not limited to, certificates of incorporation, bylaws, shareholders' agreements, formation certificates, partnership agreements, and operating agreements. The Relevant Time Period does not apply to this request.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it is unlimited in time and scope. Loan Prairie additionally objects to this Request on the grounds that it constitutes an invasion of privacy. Without waiving or limiting the foregoing objections, see the objections and responses to Request No. 1.

**REQUEST NO. 30:**  All documents related to policies, guidelines, standards, protocols, practices, handbooks, or training materials concerning the sale of firearms, firearm accessories, and/or ammunition at Your store, including (i) Your Employee Handbook or any other employee manual(s) in effect or used to train employees; (ii) all training videos, power-points, work sheets, or other documents or audiovisual used to train employees that sell firearms, firearm accessories, or ammunition; (iii) all resources available to employees who sell firearms, firearm accessories, or ammunition created by trade associations, firearm manufacturers, ammunition manufactures, other dealers, or law enforcement authorities (including but not limited to ATF, FBI or any other law enforcement agency).

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because firearms accessories cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or limiting the foregoing objections, Defendant refers Plaintiff to the ATF Form 4473 and all instructions accompanying said form; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Loan Prairie further states that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them.

**REQUEST NO. 31:** All documents related to the detection of, prevention of, identification of, reporting of, or potential or actual consequences related to: suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, trafficking, and/or kitchen table dealers.

**RESPONSE:** See objections and responses to Request Nos. 19 and 30.

**REQUEST NO. 32:**  All documents concerning any formal or informal policy relating to working with or cooperating with law enforcement or reporting suspicious activity to any law enforcement agency.

**RESPONSE:** See objections and responses to Request Nos. 19, 30, and 31.

**REQUEST NO. 33:**  All documents relating to marketing, advertising, promoting, and public statements related to Your sale of firearms, ammunitions, firearm accessories, and firearm training programs, including but not limited to: flyers, catalogs, mailers, press releases, public statements, and postings on all social media sites, websites, internet sites, including but not limited to Google, Facebook, X (formerly Twitter), YouTube, Instagram, TikTok, Snapchat, Reddit, 4chan, and Discord.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any responsive documents are a matter of public record and equally accessible to Plaintiff as they are to Loan Prairie. Without waiving or limiting the foregoing objections, Loan Prairie maintains the following social media accounts: @hub_az (X, formerly known as Twitter), thehubaz (Instagram), thehubazbackupaccount (Instagram), The Hub (facebook), and @thehubarizonagunstores9019 (YouTube). Loan Prairie maintains a website at https://thehubaz.com/. In addition, Loan Prairie maintains pamphlets entitled ATF Youth Handgun Safety Act Notice and The Basic Rules of Firearm Safety.

**REQUEST NO. 34:**  Any document relating to a media appearance by You related to Your sale of firearms, ammunitions, firearm accessories, or firearm training programs, including documents and communications prepared or exchanged in preparation for those appearances.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Loan Prairie further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications that far exceed the relevant issues in this case as framed by the Complaint. Loan Prairie further objects on the ground that this Request seeks to infringe on defendant's First Amendment rights of free speech and freedom of association. Subject to the foregoing objections, Loan Prairie is not in possession of any responsive documents.

**REQUEST NO. 35:** All documents related to any national or state laws, statutes, regulations, or executive orders related to the sale of firearms, ammunition, or firearm accessories and related court orders or opinions, including documents related to compliance with those laws, statutes, regulations, executive orders court orders, or court opinions.

**RESPONSE:** Loan Prairie further objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome. Loan Prairie also objects to this Request on the ground that it fails to be limited to a relevant and reasonable time period. Loan Prairie further objects to this Request on the grounds that any responsive documents are a matter of public record and equally accessible to Plaintiff as they are to Loan Prairie. Without waiving or limiting the foregoing objections, Defendant refers Plaintiff to the ATF Form 4473 and all instructions accompanying said form; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition);    ATF's Federal    Firearms    Licensee    Quick    Reference    and    Best    Practices    Guide

(https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Loan Prairie further respond that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them.

**REQUEST NO. 36:**  All documents posted visibly at Your store throughout the Relevant Time Period providing warnings or notice to potential customers regarding any and all requirements to purchase firearms, ammunition, or firearm accessories.

**RESPONSE:** Loan Prairie objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Without waiving or limiting the foregoing objections, see photographs depicting pamphlets maintained in Loan Prairie's Tucson store and a sign regarding the federal prohibition of marijuana, Bates numbered LP000834 -LP000835.

**REQUEST NO. 37:**  All documents produced to or received from any party or non-party related to or in connection with this action. This request is not limited in time.

**RESPONSE:** Loan Prairie objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Loan Prairie further objects to this Request on the grounds that it is vague, overly broad, and potentially unduly burdensome, depending upon what is being requested. Loan Prairie also objects to this Request on the grounds that it fails to be limited to any time period. Loan Prairie additionally objects to this Request to the extent that it calls, partially or exclusively, for the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the consulting expert privilege, common interest, and/or other applicable privileges or immunities.

**REQUEST NO. 38:**  All documents that You contend support any claim or defense asserted in this litigation.

**RESPONSE:** Loan Prairie objects to this Request on the grounds that it is premature, in that it constitutes a contention request and is covered by the disclosure rules set forth in F.R.C.P. 26. Subject to the foregoing objections, Loan Prairie refers to all documents reference in and produced in response to the other requests herein, and reserves its right to supplement discovery as the litigation continues, its investigation is completed, and fact and expert disclosures are made.

**REQUEST NO. 39:**  All documents that relate to Your document control, retention, and/or storage policies, including but not limited to documents sufficient to show Your document destruction, retention or archiving policies and practices and any changes in such policies or practices during the Relevant Time Period.

**RESPONSE:** Loan Prairie objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Loan Prairie also objects to this Request on the grounds that it fails to be limited to a relevant and reasonable time period. Subject to the foregoing objections, Loan Prairie's document retention policy related to firearms transactions and sales is mandated by federal law. Loan Prairie does not maintain a written document retention policy separate and distinct from that which is required pursuant to federal and state law.

**REQUEST NO. 40:**  All non-privileged documents Your expert witnesses reviewed or relied upon, or will review or rely upon, in preparing expert reports for this action.

**RESPONSE:** Loan Prairie has not determined any witnesses it will designate as testifying expert witnesses, as such, Loan Prairie is not in possession of any responsive documents.

**REQUEST NO. 41:**  All documents and materials used to draft or prepare Your Rule 26(f) Initial Disclosures and any supplements thereto.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**RESPONSE:** Loan Prairie objects to this Request on the grounds that it seeks documents that are wholly protected from disclosure based on the attorney work product doctrine and attorney-client privilege, as the Rule 26(f) Initial Disclosure Statements were drafted exclusively by counsel.

Dated:   July 24, 2024

RENZULLI LAW FIRM LLP


By:      */s/ Jeffrey Malsch*
         Christopher Renzulli, Esq. (*Pro Hac Vice*)
         Peter Malfa, Esq. (*Pro Hac Vice*)
         Jeffrey Malsch, Esq. (*Pro Hac Vice*)
         One North Broadway, Suite 1005
         White Plains, NY 10601

LORBER, GREENFIELD & OLSEN, LLP

         Louis W. Horowitz, Esq.
         3930 E. Ray Road, Suite 260
         Phoenix, AZ 85044

         *Attorneys for Defendants*
         *Loan Prairie Shooting Sports, Inc.,*
         *Loan Prairie, LLC d/b/a The Hub,*
         *SNG Tactical, LLC and*
         *Sprague's Sports, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July, 2024, I served the foregoing on all counsel of records listed on CM/ECF by electronic means, as follows:

Ryan O'Neal, Esq.
DECONCINI MCDONALD YETWIN &
LACY, P.C.
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
roneal@dmyl.com
*Attorneys for Plaintiff*

Steve D. Shadowen, Esq. (*Pro Hac Vice*)
Nicholas W. Shadowen, Esq. (*Pro Hac Vice*)
Tina J. Miranda, Esq. (*Pro Hac Vice*)
Deirdre R. Mulligan, Esq. (*Pro Hac Vice*)
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703
sshadowen@shadowenpllc.com
nshadowen@shadowenpllc.com
tmiranda@shadowenpllc.com
dmulligan@shadowenpllc.com
*Attorneys for Plaintiff*

Jonathan E. Lowy, Esq. (*Pro Hac Vice*)
GLOBAL ACTION ON GUN VIOLENCE
1025 Connecticut Avenue NW, #1210
Washington, DC 20036
jlowy@actiononguns.org
*Attorneys for Plaintiff*

Colt B. Dodrill
Brian E. Cieniawski
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
2231 East Camelback Road, Suite 200
Phoenix, AZ 85016
*Attorneys for Defendant Ammo A-Z, LLC*

1   Anthony Pisciotti, Esq. (*Pro Hac Vice*)
    Danny Lallis, Esq. (*Pro Hac Vice*)
2   Ryan Erdreich, Esq. (*Pro Hac Vice*)
3   PISCIOTTI LALLIS ERDREICH
    30 Columbia Turnpike, Suite 205
4   Florham Park, NJ 07932
    apisciotti@pisciotti.com
5   dlallis@pisciotti.com
    rerdreich@pisciotti.com
6   *Attorneys for Defendant Ammo A-Z, LLC*

7                                              By: */s/ Jeffrey Malsch*_____

8

9

10

11

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 5

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
Brian Cieniawski
Colt B. Dodrill
2231 East Camelback Road, Suite 200
Phoenix, AZ 85016
480.790.9446 (Direct)
480.562.3660 (Main)
brian.cieniawski@wilsonelser.com
colt.dodrill@wilsonelser.com

PISCIOTTI LALLIS ERDREICH
Danny C. Lallis (*Pro Hac Vice*)
Ryan L. Erdreich (*Pro Hac Vice*)
Anthony M. Pisciotti (*Pro Hac Vice*)
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
Telephone: (973) 245-8100
dlallis@pisciotti.com
apisciotti@pisciotti.com
rerdreich@pisciotti.com

*Attorneys for Defendant Ammo A-Z, LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Estados Unidos Mexicanos,

                            Plaintiff,

            *vs.*

Diamondback Shooting Sports, Inc., an
Arizona corporation; SNG Tactical,
LLC, an Arizona limited liability
company; Loan Prairie, LLC D/B/A
The Hub, an Arizona limited liability
company; Ammo A-Z, LLC, an
Arizona limited liability company;
Sprague's Sports, Inc., an Arizona
corporation,

                            Defendants.

Case No: 4:22-cv-00472-CKJ

Jury Trial Demanded

1

Defendant AMMO A-Z, LLC ("AMMO A-Z"), by and through its undersigned counsel, submits the following Responses and Objections to Plaintiffs' First Set of Requests for Production to Defendants.

## PRELIMINARY STATEMENT

Ammo A-Z has not completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. Thus, the responses contained herein are based only upon the information and documents that are presently available to, and specifically known to, Defendant. It is anticipated that further discovery and investigation will supply additional facts which will, in turn, clarify and add meaning to known facts, as well as establish entirely new factual matters, all of which may lead to substantial changes in, and variations from, the contentions set forth herein. The following responses are provided without prejudice to Defendant's right to produce evidence of any subsequently discovered facts. Accordingly, Defendant reserves the right to amend, modify, and/or supplement the responses contained herein as additional facts are ascertained, analyses are made, legal research is completed, expert opinions are exchanged, and contentions are formulated.

## GENERAL OBJECTIONS

1.      Defendant is responding to these Demands pursuant to the Federal Rules of Civil Procedure and, in answering these requests, is interpreting words used according to their ordinary and common meaning.

2.      Defendant objects to these requests to the extent they call for information that is protected from discovery by the attorney work-product doctrine, the attorney-client privilege, consulting expert privilege, the self-evaluation privilege, and/or any other evidentiary privilege.

3.      Each of the foregoing General Objections is specifically incorporated into all answers to Plaintiff's Demands.

4.      In responding to these requests, Defendant expressly reserves the right to challenge the relevancy, materiality, admissibility, proportionality, and probative value of the information contained in the responses.

1    5.    Should Plaintiff decide to clarify and/or narrow any of the foregoing requests to

2  which Defendant has objected based on scope, breadth, or burden, Defendant will subsequently

3  review its objections.

4                    **OBJECTIONS TO DEFINITIONS**

5    Defendant objects to Plaintiff's self-selected definition of "Relevant Time Period" as from

6  January 1, 2010, to the present.  Plaintiff has no relevant basis for seeking information related to

7  transactions occurring prior to October 10, 2020, as any such transactions cannot give rise to

8  actionable claims given the limitations period for injury causes of action under Arizona law.  See

9  A.R.S. § 12-542.  Moreover, any information post-dating the filing of this action on October 10,

10  2022, is irrelevant to Plaintiff's case, which alleges causes of actions based on alleged past

11  negligent behavior by Defendants.  As such, the relevant time frame should include materials only

12  from October 10, 2020 until commencement of this action on October 10, 2022.

13                    **DOCUMENT REQUESTS**

14  1.    Your organizational charts, employee lists, personnel directories, telephone directories,

15  and electronic mail users and address lists sufficient to show all personnel, including their jobs or

16  titles and any contact information.

17  ANSWER:    Defendant objects to this request as overly broad, unduly burdensome, not

18  proportional to the needs of the case, and seeking irrelevant information to the extent Defendant's

19  organizational structure, and personal information regarding all employees, is irrelevant.  See Fed.

20  R. Civ. P. 26(b)(1); Hidalgo v. CoreCivic, No. CV1904332PHXROSCDB, 2023 WL 2705989, at

21  *10 (D. Ariz. Jan. 9, 2023) ("[B]y its express terms, rule 26 limits discovery to that which is

22  proportional to the needs of the case.  The Court may restrict or prevent discovery if it determines

23  it will be burdensome, duplicative, unnecessarily costly, or insufficiently probative to the issues of

24  the litigation.").  This request is further objectionable because it is not explained with any level of

25  detail what specific materials are requested, and no timeframe or "as of [date]" is provided.  See

26  ibid.  Thus, as worded, in seeking all materials ever created by Ammo AZ, including identification

27  of all employees, this request is plainly made for the improper purposes of identifying individuals

28

who have not been involved in any of the identified transactions, for purposes of harassing these individuals based on their employment with Defendant Ammo AZ. See Fed. R. Civ. P. 26(g)(1)(B). As worded, this request seeks personal information regarding Ammo-AZ's employees (including telephone numbers and addresses), which is sensitive, and has no relevance to this matter. As such, any possible probative value of this information is not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Without waiving these objections, upon reasonable inquiry, the following employees were involved in some capacity in certain transactions identified in Exhibit A to Plaintiffs' First Set of Requests for Production:

CURRENT EMPLOYEES

- Bryce Cronk
- Josh Durr
- Lynz Durr
- Bailey Murphy
- Jennifer Murphy

FORMER EMPLOYEES

- Faith Godfrey, 2747 W. Plum Hollow Drive, Phoenix, AZ 85086, (480) 406-4533
- Ryan Godfrey, 21239 N. 24th Ave #209, Phoenix, AZ 85027, (480) 406-5872
- Madysen Halawith, 9337 W. White Feather Lane, Peoria, AZ 85383, (602) 910-8084
- Jason Hydorn, 21239 N 24th Avenue #209, Phoenix, AZ 85027, (602) 884-3587
- Logan Roberson, 21655 N. 36th Avenue, Unit 135, Glendale, AZ 85308 (480)522-8890
- Hunter Wagner, 24646 N. 36th Avenue, Glendale, AZ 85310, (520) 437-2452.

2.    All documents relating to recording and tracing Your firearm, ammunition, and/or firearm accessory sales, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A&D Books; (ii) records of sale; and (iii) any computerized, accounting, or other system that contains the requested information.

ANSWER: Defendant objects to the term "tracing" as undefined, vague, ambiguous, and subject to multiple meanings. Specifically, "trace" in the context of firearms can refer to actions taken by

the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE") whereby certain information is requested from a firearm seller, or "tracing" can refer, in the common sense, to tracking, outlining, or following.  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  As worded, this request seeks all documents relating to any of Defendant's sales of products over a 15-year period, which is overly broad as addressed in Defendant's Objections to Definitions.  Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified.  See ibid. ("[T]he Court 'need not condone the use of discovery to engage in fishing expeditions.'") (quoting Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)).  Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims.  The Government has information regarding firearms recovered in crimes in its country.  See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/.  Thus, no basis exists for fishing within Defendant's business materials to build a claim.  Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers.  Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit.  See, e.g., Williams v. Beemiller, Inc., 42 Misc. 3d 438, 442, 975 N.Y.S.2d 647, 650 (Sup. Ct. 2013) ("[G]ranting civil litigants and other non-law enforcement parties access to trace inquiries and other ATF information runs afoul of the Tiahrt Amendment's efforts to limit such disclosures to law enforcement agencies. Therefore, trace inquiries and other ATF-related data are immune from discovery and legal process.").  Given the immense breadth of this request, without any attempt to narrow it to what is relevant or preserve privacy interests of Defendant's law-abiding customers, it is clear this request is made for an improper purpose of harassment and increasing the cost of

litigation. <u>See</u> Fed. R. 26(g)(1). If Mexico identifies by serial number the guns it has recovered and/or traced, Defendant will endeavor to search and see if it sold such firearm. Without waiving these objections, please see M-AZ-00022 through M-AZ-00064.

3.     All documents relating to recording and tracking Your firearm, ammunition, and/or firearm purchases, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A&D Books; (ii) invoices; (3) weekly, monthly, or annual purchase summaries; (iv) records of purchase; and (v) contracts with manufacturers, distributors, or dealers, and (vi) any computerized, accounting or other system that contains the requested information.

ANSWER:  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>Hidalgo</u>, 2023 WL 2705989, at *10. As worded, this request seeks all documents relating to any of Defendant's sales of products over a 15-year period, which is overly broad as addressed in Defendant's Objections to Definitions. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. <u>See ibid.</u> Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims. The Government has information regarding firearms recovered in crimes in its country. <u>See, e.g.</u>, Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/. Thus, no basis exists for fishing within Defendant's business materials to build a claim. Moreover, invoices, purchase summaries, records of purchases, accounting materials, and contracts with manufacturers, distributors, and dealers, have no relevance to Plaintiff's claims. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. <u>See, e.g.</u>, <u>Williams</u>, 975 N.Y.S.2d 647, 650. Given the over breadth of this request, seeking all of

Defendant's business records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation.  See Fed. R. 26(g)(1).  Without waiving these objections, please see M-AZ-00022 through M-AZ-00064.

4.    Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your sales of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of sale; (ii) date of sale; (iii) location of sale; (iv) employee that made the sale; (v) age, gender, occupation, nationality, and residence of purchaser; (vi) amount of ammunition sold; (vii) number of firearms sold; (viii) caliber and manufacturer, model, and type (e.g., handgun, rifle, shotgun, semi-automatic) of each firearm sold; (ix) serial number of each firearm sold; (x) price of firearm and ammunition sold; (xi) any other identifying information related to the purchaser; (xii) information related to purchaser's criminal history or background check; (xiii) any other information related to the product sold.

ANSWER:  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  As worded, this request seeks all documents relating to any of Defendant's sales of products over a 15-year period, which is overly broad as addressed in Defendant's Objections to Definitions.  Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified.  See ibid.  Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims.  The Government has information regarding firearms recovered in crimes in its country.  See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/.  Thus, no basis exists for fishing within Defendant's business materials to build a claim.  Defendant further objects to this request to the extent the

materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. See, e.g., Williams, 975 N.Y.S.2d 647, 650. Given the immense breadth of this request, seeking all of Defendant's business records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation. See Fed. R. 26(g)(1).

5.      Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your purchases of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to (i) time of purchase; (ii) date of purchase; (iii) manufacturer, distributor, or other entity You purchased from; (iv) amount of ammunition purchased; (v) number of firearms purchased; (vi) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm purchased; (vii) serial number of each firearm purchased; (viii) price of firearm and ammunition purchased; (ix) any other identifying information related to the seller; (x) any other information related to the product purchased.

ANSWER:  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. As worded, this request seeks all documents relating to any of Defendant's purchase of products over a 15-year period, which is overly broad as addressed in Defendant's Objections to Definitions. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. See ibid. Defendant's purchases of firearms and other products is not relevant to Plaintiff's surviving claims nor reasonably tied to any of the claims. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of suppliers. Moreover, such information, including BATFE trace information, and other information Defendant is required to

maintain, is protected from disclosure in civil suit.  See, e.g., Williams, 975 N.Y.S.2d 647, 650.

Given the immense breadth of this request, seeking all of Defendant's purchase records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation.  See Fed. R. 26(g)(1).

6.     All Firearm Transaction Records (ATF Form 4473s) for all Firearms listed on the attached Exhibit (Exhibit A).

ANSWER: Defendant objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers.  Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit.  See, e.g., Williams, 975 N.Y.S.2d 647, 650.

7.     All Multiple Sales Forms (ATF Form 3310.4) drafted or submitted during the Relevant Time Period.

ANSWER:  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  As worded, this request seeks all documents relating to any of Defendant's sales of products over a 15-year period, which is overly broad as addressed in Defendant's Objections to Definitions.  Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified.  See ibid. ("[T]he Court 'need not condone the use of discovery to engage in fishing expeditions.'") (quoting Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)).  Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims.  The Government has information regarding firearms recovered in crimes in its country.  See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/.  Thus, no basis exists for fishing within Defendant's

1  business materials to build a claim.  Defendant further objects to this request to the extent the

2  materials requested contain personal information including names, addresses, and telephone

3  numbers of customers.  Moreover, such information, including BATFE trace information, and

4  other information Defendant is required to maintain, is protected from disclosure in civil suit.  See,

5  e.g., Williams, 975 N.Y.S.2d 647, 650.  Given the immense breadth of this request, seeking all of

6  Defendant's business records without any attempt to target the request to what is relevant to

7  Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment,

8  and increasing the cost of litigation.  See Fed. R. 26(g)(1).

9  8.    All Rifle Sales Forms (ATF Form 3310.12) drafted or submitted during the Relevant Time

10  Period.

11  ANSWER:  Defendant objects to this request as overly broad, unduly burdensome, seeking

12  irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1);

13  Hidalgo, 2023 WL 2705989, at *10.  As worded, this request seeks all documents relating to any

14  of Defendant's sales of products over a 15-year period, which is overly broad as addressed in

15  Defendant's Objections to Definitions.  Gathering these materials would represent an immense

16  burden, which is unwarranted given the lack of any relevance of such materials beyond in relation

17  to transactions Plaintiff has identified.  See ibid. ("[T]he Court 'need not condone the use of

18  discovery to engage in fishing expeditions.'") (quoting Rivera v. NIBCO, Inc., 364 F.3d 1057,

19  1072 (9th Cir. 2004)).  Beyond the identified transactions, none of the requested materials are

20  relevant to Plaintiff's surviving claims.  The Government has information regarding firearms

21  recovered in crimes in its country.  See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked

22  Guns       From      U.S.,      USA      TODAY      (May      22,      2024),

23  https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-

24  trafficked-guns-from-us/73700258007/.  Thus, no basis exists for fishing within Defendant's

25  business materials to build a claim.  Defendant further objects to this request to the extent the

26  materials requested contain personal information including names, addresses, and telephone

27  numbers of customers.  Moreover, such information, including BATFE trace information, and

28

other information Defendant is required to maintain, is protected from disclosure in civil suit.  <u>See,</u> <u>e.g.</u>, <u>Williams</u>, 975 N.Y.S.2d 647, 650.  Given the immense breadth of this request, seeking all of Defendant's business records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation.  <u>See</u> Fed. R. 26(g)(1).

9.     All documents reflect the multiple sale of firearms or ammunition not recorded on ATF Forms 3310.4 or 3310.12.

ANSWER:  Defendant objects to this request as vague and confusing.  Specifically, it is unclear what a "multiple sale" refers to and whether it is multiple sales as part of a single purchase, or across years of a customer's history with Ammo AZ.  Further, "multiple sales of ammunition" is nonsensical as ammunition is only sold as multiple pieces.  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>Hidalgo</u>, 2023 WL 2705989, at *10.  As worded, this request seeks documents relating to Defendant's sales of products over a boundless period. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. <u>See ibid.</u>  Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims.  The Government has information regarding firearms recovered in crimes in its country.  <u>See, e.g.</u>, Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S.,      USA      TODAY      (May      22,      2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/.  Thus, no basis exists for fishing within Defendant's business materials to build a claim.  Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers.  Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit.  <u>See,</u> <u>e.g.</u>, <u>Williams</u>, 975 N.Y.S.2d 647, 650.  In addition, to the extent this request seeks information

from Defendant regarding instances where it failed to report to or comply with ATF requirements, it improperly requests self-incrimination.  See, e.g., KST Data, Inc. v. DXC Tech. Co., 344 F. Supp. 3d 1132, 1134 (C.D. Cal. 2018) ("[A] person may assert the Fifth Amendment privilege in civil proceedings . . .  because there may be adverse consequences in a different criminal proceeding.").  Given the immense breadth of this request, seeking all of Defendant's business records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation.  See Fed. R. 26(g)(1).  Defendant further objects to this request to the extent it seeks irrelevant information related to sales not identified by Plaintiffs and lacking any relevance to the claims at issue in this matter.

10.    All documents and communications related to the firearm sales identified in Exhibit A or any other suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal. Rifles, belt-fed firearms sold by or transferred by You or any Defendant in this litigation, including but not limited to all records of such sales, background checks related to such sales, identification information related to the purchaser, any other information related to the purchaser, and any paper or electronic notes related to such sales.

ANSWER:  Defendant objects to this request as vague and confusing.  "[A]ny other suspect sales" even with definition provided by Plaintiff provides no guidance to Defendant as to what is or is not responsive and seeks information that is not knowable to Defendant.  Further, this definition inappropriately seeks mental impressions and work product from Defendant and Defendant's counsel.  In addition, Defendant objects to this request to the extent it references the actions of other Defendants about which Ammo AZ has no knowledge.  Defendant further objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  As worded, this request seeks documents relating to Defendant's sales of products over a boundless period.  Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has

identified.  See ibid.  Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims.  The Government has information regarding firearms recovered in crimes in its country.  See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns   From   U.S.,   USA   TODAY   (May   22,   2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/.  Thus, no basis exists for fishing within Defendant's business materials to build a claim.  Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers.  Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit.  See, e.g., Williams, 975 N.Y.S.2d 647, 650.  Given the immense breadth of this request, seeking all of Defendant's sale records for any possibly suspect sales without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation.  See Fed. R. 26(g)(1).  Without waiving these objections, please see M-AZ-00022 through M-AZ-00064.

11.    All video and audio recordings of activity within or outside of Your store showing employee or purchasers, including audio or video recordings involving suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, including all video and/or audio recordings on the dates of purchase identified in Exhibit A and sales of firearms that were later traced or the subject of criminal proceedings.

ANSWER:  Defendant objects to this request as vague and confusing.  "Suspect sales" even with definition provided by Plaintiff provides no guidance to Defendant as to what is or is not responsive and seeks information that is not knowable to Defendant.  Further, this definition inappropriately seeks mental impressions and work product from Defendant and Defendant's counsel.  Moreover, Defendant objects to the request seeking information regarding firearms that were the "subject of criminal proceedings."  This term is not defined, and it is unclear whether it refers to Arizona, the United States, Mexico, or other international proceedings.  Further, while Defendant is notified of

trace requests, they are only provided with the serial number for the subject firearm as part of these requests, and to the extent no trace request is made, Defendant would receive no notification of any proceedings.  Defendant also objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  As worded, this request seeks surveillance and audio recordings over an endless period. Without waiving these objections, none.

12.     Documents sufficient to show the existence and availability of video or audio surveillance systems (including cameras or any other recording devices) operable in or around Your stores, when such systems were installed, where they were installed, why they were installed, and policies related to recording such video or audio and retaining such records.

ANSWER: Defendant objects to this request on grounds that it is overly broad and seeks irrelevant information.  See Fed. R. Civ. P. 26(b)(1).  Without waiving this objection, Defendant is not in possession of documents responsive to this demand.

13.     All documents related to any firearms, ammunition, and/or firearm accessories sold or transferred by You for which You know or have reason to believe have been (i) used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use; (ii) the subject of a trace, or (iii) otherwise recovered by law enforcement, including but not limited to, trace requests and responses and firearms trafficking or straw purchasing investigations or prosecutions.

ANSWER:  Defendant objects to this request as vague and confusing.  "Reason to believe" does not provide sufficient information for Defendant to determine what is or is not responsive. Moreover, in seeking this information, Plaintiff is improperly seeking mental impressions and work product from Defendant.  In addition, to the extent this request seeks information from Defendant regarding instances where it failed to report to or comply with ATF requirements, it improperly requests self-incrimination.  See, e.g., KST Data, Inc. v. DXC Tech. Co., 344 F. Supp. 3d 1132, 1134 (C.D. Cal. 2018) ("[A] person may assert the Fifth Amendment privilege in civil proceedings . . .  because there may be adverse consequences in a different criminal proceeding.").

Further, this definition inappropriately seeks mental impressions and work product from Defendant and Defendant's counsel.   Moreover, Defendant objects to the request seeking information regarding firearms that were the "subject of criminal proceedings."  This term is not defined, and it is unclear whether it refers to Arizona, the United States, Mexico, or other international proceedings.  Further, while Defendant is notified of trace requests, they are only provided with the serial number for the subject firearm as part of these requests, and to the extent no trace request is made, Defendant would receive no notification of any proceedings.  Defendant also objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  Defendant objects to this request as overly broad and unduly burdensome.  See Fed. R. Civ. P. 26(b)(1).  As worded, this request seeks surveillance and audio recordings over an endless period.  Without waiving these objections, please see M-AZ-00022 through M-AZ-00064.

14.       Documents sufficient to show the identities of Your employees or people You contracted with or retained to sell or purchase firearms during the Relevant Time Period.

ANSWER:  Defendant objects to this request as overly broad, unduly burdensome, and seeking irrelevant information to the extent Defendant's organizational structure, and personal information regarding all employees, are irrelevant to Plaintiff's claims.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  This request is further objectionable because it is not explained with any level of detail what specific materials are requested.  See ibid.  In addition, Defendant objects to information regarding purchases of firearms as irrelevant.  Thus, as worded, this request is plainly made for the improper purposes of identifying individuals who have not been involved in any of the identified transactions, for purposes of harassing these individuals based on their employment with Defendant AZ.  See Fed. R. Civ. P. 26(g)(1)(B).  As worded, this request seeks sensitive personnel information regarding Ammo-AZ's employees (including telephone numbers and addresses), which is sensitive, and has no relevance to this matter.  As such, any need for this information is not proportional to the needs of the case.  See Fed. R. Civ. P. 26(b)(1).  Without waiving these objections, upon reasonable inquiry, the following employees were involved in

some capacity in certain transactions identified in Exhibit A to Plaintiffs' First Set of Requests for Production:

CURRENT EMPLOYEES

- Bryce Cronk
- Josh Durr
- Lynz Durr
- Bailey Murphy
- Jennifer Murphy

FORMER EMPLOYEES

- Faith Godfrey, 2747 W. Plum Hollow Drive, Phoenix, AZ 85086, (480) 406-4533
- Ryan Godfrey, 21239 N. 24th Ave #209, Phoenix, AZ 85027, (480) 406-5872
- Madysen Halawith, 9337 W. White Feather Lane, Peoria, AZ 85383, (602) 910-8084
- Jason Hydorn, 21239 N 24th Avenue #209, Phoenix, AZ 85027, (602) 884-3587
- Logan Roberson, 21655 N. 36th Avenue, Unit 135, Glendale, AZ 85308 (480)522-8890
- Hunter Wagner, 24646 N. 36th Avenue, Glendale, AZ 85310, (520) 437-2452.

15.    All documents concerning employees who participated in or where present at (a) the sale of any firearm for which You received a Trace Request, (b) the sale of any firearm to a person who was charged in violations of firearms laws, or (c) the sale of any firearm to any of the purchasers identified in Exhibit A, including, but not limited to all employment records, human resources records, personnel records (including employment applications, references), disciplinary records, job titles and responsibilities, training documents and records reflecting or concerning any training You provided to those employees, including training module worksheets and signed employee handbook pages.

ANSWER:  Defendant objects to this request as overly broad, unduly burdensome, and seeking irrelevant information to the extent Defendant's organizational structure, and personal information regarding all employees, are irrelevant to Plaintiff's claims.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  This request is further objectionable because it is not explained with

16

any level of detail what specific materials are requested.  See ibid.  Defendant further objects to the extent certain information requested, including whether anyone who purchased a firearm from Ammo AZ was charged with violations of firearms laws.  Moreover, "violations of firearms laws" is undefined, vague, and ambiguous as it is unclear what laws are referred to, or whether those are the laws of the United States, Arizona, or a foreign nation.  Thus, as worded, this request is plainly made for the improper purposes of identifying individuals who have not been involved in any of the identified transactions, for purposes of harassing these individuals based on their employment with Defendant AZ.  See Fed. R. Civ. P. 26(g)(1)(B).

16.    Documents relating to the identify, location, and responsibilities of Your employees working on the dates identified in Exhibit A, including but not limited to time sheets, time records, shift tables, staffing, assignments or other scheduling documents, and documents identifying their job titles and/or responsibilities.

ANSWER:  Defendant objects to this request on grounds that it is overly broad and seeks irrelevant information.  See Fed. R. Civ. P. 26(b)(1).  Information regarding employees other than those directly involved in the transactions are not relevant.  Without waiving these objections, upon reasonable inquiry, the following employees were involved in some capacity in certain transactions identified in Exhibit A to Plaintiffs' First Set of Requests for Production:

CURRENT EMPLOYEES

- Bryce Cronk
- Josh Durr
- Lynz Durr
- Bailey Murphy
- Jennifer Murphy

FORMER EMPLOYEES

- Faith Godfrey, 2747 W. Plum Hollow Drive, Phoenix, AZ 85086, (480) 406-4533
- Ryan Godfrey, 21239 N. 24th Ave #209, Phoenix, AZ 85027, (480) 406-5872
- Madysen Halawith, 9337 W. White Feather Lane, Peoria, AZ 85383, (602) 910-8084

- Jason Hydorn, 21239 N 24th Avenue #209, Phoenix, AZ 85027, (602) 884-3587

- Logan Roberson, 21655 N. 36th Avenue, Unit 135, Glendale, AZ 85308 (480)522-8890

- Hunter Wagner, 24646 N. 36th Avenue, Glendale, AZ 85310, (520) 437-2452.

17.     All documents related to crime, violence, or criminal activities in Mexico, including but not limited to the problems of firearms being purchased in the U.S. and trafficked to cartels and others in Mexico.

ANSWER: Defendant objects to this request on grounds that it is overly broad and seeks irrelevant information.  See Fed. R. Civ. P. 26(b)(1).  This requested information is not relevant to Plaintiff's surviving claims.

18.     All documents related to any disciplinary actions or investigations for employees involved with the sale of firearms, firearm accessories, and/or ammunition.

ANSWER:  Defendant objects to this request on grounds that it is overly broad and seeks irrelevant information.  See Fed. R. Civ. P. 26(b)(1).  Further, the request is not bounded by any time frame or relevance of sales, as such it is not proportional to the needs of the case.  Ibid.  Without waiving these objection, Defendant is not in possession of any materials responsive to this request as related to employees involved in the sales identified by Plaintiff.

19.     All documents relating to suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms, or the unlawful sale of, diversion of, or trafficking of firearms, the harms caused by such sales and how to identify, report, or mitigate such sales, including but not limited to:  (i) any such information received from or sent or issued by a firearm manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by you; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOF, or state or local police departments.

ANSWER Defendant objects to this request as vague and confusing.  "[S]uspect sales" even with definition provided by Plaintiff provides no guidance to Defendant as to what is or is not responsive and seeks information that is not knowable to Defendant.  Further, this definition inappropriately seeks mental impressions and work product from Defendant and Defendant's counsel.  Defendant

further objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  As worded, this request seeks documents relating to Defendant's sales of products over a boundless period.  Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified.  See ibid.  Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims.  The Government has information regarding firearms recovered in crimes in its country.  See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/.  Thus, no basis exists for fishing within Defendant's business materials to build a claim.  Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers.  Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit.  See, e.g., Williams, 975 N.Y.S.2d 647, 650.  Given the immense breadth of this request, seeking all of Defendant's sale records for any possibly suspect sales without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation.  See Fed. R. 26(g)(1).

20.     All documents relating to the risks that firearms, ammunition, firearm accessories, assault weapons, .50 cal rifles, or belt-fed firearms, may be obtained by criminals, in the United States, Mexico, or another country, and how to prevent or minimize those risks, including but not limited to (i) any such information received from or sent or issued by a firearm manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by you; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOF, or state or local police departments.

ANSWER:  Defendant objects to this request on grounds that it is overly broad and seeks irrelevant information.  See Fed. R. Civ. P. 26(b)(1).  This requested information is not relevant to Plaintiff's surviving claims.  Without waiving these objections, please see M-AZ-00065 through M-AZ-00074.

21.    All documents related to the sale of firearms sent to or received from other Defendants in this case, manufacturers, dealers, distributors, trade associations, or other firearms organizations, including marketing or promotional materials and manuals.

ANSWER:  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  As worded, this request seeks all documentation of Defendant's firearm transfers, purchases, and correspondence over an unlimited timeframe.  Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified.  See ibid. ("[T]he Court 'need not condone the use of discovery to engage in fishing expeditions.'") (quoting Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)).  Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims.  The Government has information regarding firearms recovered in crimes in its country.  See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/.  Thus, no basis exists for fishing within Defendant's business materials to build a claim.  Moreover, the requests for invoices, purchase summaries, records of purchases, accounting materials, and contracts with manufacturers, distributors, or dealers, have no relevance to Plaintiff's claims.  Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers.  Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit.  See, e.g., Williams, 975 N.Y.S.2d 647, 650.  Given the immense breadth of this

request, seeking all of Defendant's business records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation. See Fed. R. 26(g)(1). Without waiving these objections, none.

22.    All documents related to law enforcement actions, including but not limited to documents relating to: (i) ATF audits; (ii) ATF inspections; (iii) ATF citations or violations; (iv) ATF demand and warning letters; (v) ATF revocation letters and materials; (vi) materials from ATF meetings and conferences; (vii) materials relating to criminal investigations or prosecutions, including gun trafficking; (viii) the ATF Demand 2 program; (ix) as well as communications among You, Your employees, law enforcement, trade associations, or Defendants related to the same.

ANSWER:  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  As worded, this request is not limited to a reasonable timeframe, and is not limited to matters relevant to Plaintiff's surviving claims or the Exhibit A transactions.  This request is further overbroad to the extent it seeks all communications at any time with employees, law enforcement, trade associations or any other defendants without limitation.  It is inconceivable that such a broad request is limited to relevant information or what is proportional to the case.  Given the immense breadth of this request, seeking all of Defendant's business records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation.  See Fed. R. 26(g)(1); see also Hidalgo, 2023 WL 2705989, at *10.

23.    All documents related to actual or potential contacts or communications with any law enforcement, regulatory, or other government agencies relating to the sale of firearms, ammunition, or firearm accessories, including, but not limited to (i) the ATF; (ii) the United States Federal Bureau of Investigation; (iii) the Arizona Department of Public Safety; (iv) the Tucson Police Department; (v) the Phoenix Police Department; or (vi) the Yuma Police Department.

ANSWER:  Defendant objects to the term "potential contacts or communications" as undefined, vague, ambiguous, and seeking speculation.  This term is further objectionable in seeking mental impressions and attorney work product, which is inappropriate.  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  As worded, this request is not limited to a reasonable timeframe, and is not limited to matters relevant to Plaintiff's surviving claims or the Exhibit A transactions.

24.    All documents and records that You have received or sent to the ATF, any sheriff's office, and/or other state or federal regulatory agencies related to Your federal firearms license(s) or firearms business, including but not limited to: (i) state and federal licenses to sell firearms, firearm accessories and ammunition at Your store location including but not limited to applications, renewals and supporting documents; (ii) all records, citations, warning letters, reports, inspection reports, corrective actions or other documents issued or provided to You, including any actual or threatened suspension, revocation, or surrender of Your federal firearms licenses; (iii) documents relating to any actual or threatened investigation, in addition to any indictment, arrest, or conviction of an employee or agent of Your store for violation of a law or regulation relating to firearms, ammunition, and/or firearm accessory sales; and (iv) documents and trace requests concerning firearms, ammunition, or firearm accessories sold by Your store.

ANSWER: Defendant objects to the request for information regarding "threatened" investigation as it calls for speculation.  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  As worded, this request seeks all documents relating to any of Defendant's sales of products over a limitless time period, which is overly broad as addressed in Defendant's Objections to Definitions.  Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified.  See ibid.  Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims.  The Government has

information regarding firearms recovered in crimes in its country.  <u>See, e.g.</u>, Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/.  Thus, no basis exists for fishing within Defendant's business materials to build a claim.  Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers.  Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit.  <u>See, e.g.</u>, <u>Williams</u>, 42 Misc. 3d at 442.  Given the immense breadth of this request, without any attempt to narrow it to what is relevant or preserve privacy interests of Defendant's law-abiding customers, it is clear this request is made for an improper purpose of harassment and increasing the cost of litigation.  <u>See</u> Fed. R. 26(g)(1).  Without waiving these objections, please see M-AZ-00075 through M-AZ-00078.

25.     All documents related to any sanction, discipline, condition or restriction imposed on You by a distributor or manufacturer, including any documents relating to any investigation that could result in such action or any consideration, discussion or decision about the possibility of such action.

ANSWER: Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>Hidalgo</u>, 2023 WL 2705989, at *10.  Without waiving these objections, none.

26.     All documents related to any Defendant's membership in any trade association.

ANSWER:  Defendant is a member of The National Shooting Sports Foundation.

27.     All comprehensive general liability and/or property insurance policies, including any declaration pages for the insurance policies.

ANSWER:  See M-AZ-00001 through M-A-000021 previously provided.

28.     All documents related to Your financial and operating results, including but not limited to: (i) documents demonstrating Your overall sales, expenses, and profits attributed to the sale of

firearms, firearm accessories and ammunition; (ii) documents sufficient to identify Your retail sales; (iii) Your financial and operating results for firearms and ammunition; (iv) balance sheets; (v) profits and loss statements, and (vi) state and federal tax returns.

ANSWER:   Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.

29.   All documents which show Your organizational or business structure and ownership, including that of Your subsidiaries, affiliates, or corporate parent(s).  This includes, but is not limited to, certificates of incorporation, bylaws, shareholders' agreements, formation certificates, partnership agreements, and operating agreements.  The Relevant Time Period does not apply to this request.

ANSWER Defendant objects to this request as overly broad, unduly burdensome, and seeking irrelevant information to the extent Defendant's organizational structure, and personal information regarding all employees, are irrelevant to Plaintiff's claims.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  This request is further objectional because it is not explained with any level of detail what specific materials are requested, and no timeframe or "as of [date]" is provided. See ibid.  Thus, as worded, in seeking all materials, including identification of all employees, ever created by Ammo AZ, this request is plainly made for the improper purposes of identifying individuals who have not been involved in any of the identified transactions, for purposes of harassing these individuals based on their employment with Defendant AZ.  See Fed. R. Civ. P. 26(g)(1)(B).  As worded, this request seeks sensitive personnel information regarding Ammo-AZ's employees (including telephone numbers and addresses), which is sensitive, and has no relevance to this matter.  As such, any need for this information is not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1).  Without waiving this objection, please see M-AZ-00079 through M-AZ-00270.

30.   All documents related to policies, guidelines, standards, protocols, practices, handbooks, or training materials concerning the sale of firearms, firearm accessories, and/or ammunition at

24

Your store, including (i) Your Employee Handbook or any other employee manual(s) in effect or used to train employees; (ii) all training videos, power-points, work sheets, or other documents or audiovisual used to train employees that sell firearms, firearm accessories, or ammunition; (iii) all resources available to employees who sell firearms, firearm accessories, or ammunition created by trade associations, firearm manufacturers, ammunition manufacturers, other dealers, or law enforcement authorities (including but not limited to ATF, FBI or any other law enforcement agency.

ANSWER: Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. Defendant further objects to this request to the extent it is impossible to identify "all resources available" especially when, as stated, these materials are prepared by third-parties. Defendant further objects to the extent the requested materials are publicly available or equally accessible to Plaintiff. Without waiving these objections, Defendant does not possess an employee handbook or written training materials as all training is performed in-person and through on-the-job shadowing.

31.    All documents related to the detection of, prevention of, identification of, reporting of, or potential or actual consequences related to: suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, trafficking, and/or kitchen table dealers.

ANSWER:  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. Defendant further objects as it is impossible to identify "all documents" specified. Without waving this objection, please see M-AZ-00065 through M-AZ-00074.

32.    All documents concerning any formal or informal policy relating to working with or cooperating with law enforcement or reporting suspicious activity to any law enforcement.

ANSWER:  Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  Without waiving this objection, none.

33.    All documents relating to marketing, advertising, promoting, and public statements related to Your sale of firearms, ammunitions, firearm accessories, and firearm training programs, including but not limited to:  flyers, catalogs, mailers, press releases, public statements, and postings on all social media sites, websites, internet sites, including but not limited to Google, Facebook, X (formerly Twitter), YouTube, Instagram, TikTok, Snapchat, Reddit, 4chan, and Discord.

ANSWER: Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  The requested materials are not relevant to any of Plaintiff's surviving claims.  Moreover, Plaintiff requests "all" materials over an unbounded timeframe related to any products sold by Ammo AZ.  As a result, this request is plainly made for improper purposes.  See Fed. R. Civ. P. 26(g)(1)(B).

34.    Any document relating to a media appearance by You related to Your sale of firearms, ammunitions, firearm accessories, or firearm training programs, including documents and communications prepared or exchanged in preparation for those appearances.

ANSWER: Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10.  The requested materials are not relevant to any of Plaintiff's surviving claims.  Moreover, Plaintiff requests all materials over an unbounded timeframe related to any products sold by Ammo AZ.  As a result, this request is plainly made for improper purposes. See Fed. R. Civ. P. 26(g)(1)(B).

35.    All documents related to any national or state laws, statutes, regulations, or executive orders related to the sale of firearms, ammunition, or firearm accessories and related court orders

or opinions, including documents related to compliance with those laws, statutes, regulations, executive orders, court orders, or court opinions.

ANSWER: Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. Defendant further objects to this request as vague and confusing in requesting Defendant to provide laws and orders, which are equally accessible to Plaintiff. As worded, this request seeks any documents related to any laws related to the sale of firearms, ammunition, or firearm accessories including court orders and opinions. This request subsumes all documents related to any firearm lawsuit, criminal matter, political debate, etc. As such, it is plainly overly broad and lacking any proportionality to this matter. As a result, this request is plainly made for improper purposes. See Fed. R. Civ. P. 26(g)(1)(B).

36.     All documents posted visibly at Your store throughout the Relevant Time Period providing warnings or notice to potential customers regarding any and all requirements to purchase firearms, ammunition, or firearm accessories.

ANSWER: Please see M-AZ-00065 through M-AZ-00074.

37.     All documents produced to or received from any party or non-party related to or in connection with this action. This response is not limited in time.

ANSWER: Defendant objects to this request as seeking attorney work product, mental impressions, and materials protected from disclosure pursuant to the attorney/client privilege and consulting expert privileges. Defendant further objects to the extent this request seeks materials protected from disclosure pursuant to a joint defense agreement. Otherwise, the only responsive documents have been provided to all parties in discovery.

38.     All documents that You contend support any claim or defense asserted in this litigation.

ANSWER:  Defendant objects to this request as premature as such, it has not identified all materials it intends to use to support its defenses. Further, Defendant has not yet determined who it will call as testifying experts. Defendant will disclose materials in accordance with Rule 26 of

the Federal Rules of Civil Procedure.  Without waiving these objections, please see M-AZ-00001 through M-AZ-00275.

39.     All documents that relate to Your document control, retention, and/or storage policies, including but not limited to documents sufficient to show Your document destruction, retention or archiving policies and practices and any changes in such policies or practices during the Relevant Time Period.

ANSWER: Defendant is not in possession of any materials responsive to this demand.

40.     All non-privileged documents Your expert witnesses reviewed or relied upon, or will review or rely upon, in preparing expert reports for this action.

ANSWER:  Defendant objects to this request as premature.  Defendant has not yet determined who will be called as a testifying expert.  Defendant will provide disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure as required by this Court's scheduling order.

41.     All documents and materials use [sic] to draft or prepare Your Rule 26(f) Initial Disclosure and any supplements thereto.

ANSWER: Defendant objects to this request as seeking mental impressions, attorney work product, and materials protected from disclosure pursuant to the Attorney/Client Privilege or Consulting Expert Privilege.  Without waiving these objections, please see M-AZ-00079 through M-AZ-00270.

DATED this 24th day of July 2024

                                                    Defendant Ammo A-Z, LLC

                                                    *s/Ryan L. Erdreich*
                                                    Ryan L. Erdreich (Pro Hac Vice)
                                                    rerdreich@pisciotti.com
                                                    Danny C. Lallis (Pro Hac Vice)
                                                    dlallis@pisciotti.com
                                                    Anthony M. Pisciotti (Pro Hac Vice)
                                                    apisciotti@pisciotti.com
                                                    PISCIOTTI LALLIS ERDREICH
                                                    30 Columbia Turnpike, Suite 205

Florham Park, New Jersey 07932
(973) 245-8100

Brian Cieniawski
brian.cieniawski@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP
2231 East Camelback Road, Suite 200
Phoenix, AZ 85016
480.790.9446 (Direct)
480.562.3660 (Main)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served on all counsel of record on

July 24, 2024, using the email addresses provided by counsel to the Clerk for the CM/ECF system:

Dated: Florham Park, NJ

July 24, 2024

**PISCIOTTI LALLIS ERDREICH**

By:   *s/Ryan L. Erdreich*
      Ryan L. Erdreich, *pro hac vice*

# EXHIBIT 6

LORBER, GREENFIELD & OLSEN, LLP
Louis W. Horowitz, Esq. [S.B. #020842]
3930 E. Ray Road, Suite 260
Phoenix, AZ 85044
TEL: (602) 437-4177
FAX: (602) 437-4180
lhorowitz@lorberlaw.com

RENZULLI LAW FIRM LLP
Christopher Renzulli, Esq. (*Pro Hac Vice*)
Peter Malfa, Esq. (*Pro Hac Vice*)
Jeffrey Malsch, Esq. (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, NY 10601
TEL: (914) 285-0700
FAX: (914) 285-1213
crenzulli@renzullilaw.com
pmalfa@renzullilaw.com
jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc.,*
*Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>                    Plaintiff,<br><br>*vs.*<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>                    Defendants. | Case No: 4:22-cv-00472-TUC-RM |

## DEFENDANT SPRAGUE'S SPORTS, INC.'S
## OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Sprague's Sports, Inc. ("Sprague's"), by and through its attorneys, Renzulli Law Firm, LLP and Lorber, Greenfield & Olsen, LLP, hereby serves its objections and responses to Plaintiffs' First Set of Request for Production of Documents as follows:

### PRELIMINARY STATEMENT

Sprague's has not fully completed its investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed preparation for trial. Thus, the responses contained herein are based only upon the information and documents which are presently available to and specifically known to it. It is anticipated that further discovery and investigation will supply additional facts which will, in turn, clarify and add meaning to known facts, as well as to establish entirely new factual matters, all of which may lead to substantial changes in, and variations from the contentions and information herein set forth.

The following responses are provided without prejudice to Sprague's right to produce evidence of additional or any subsequently discovered facts. Sprague's, accordingly, reserves the right to amend, modify, and/or supplement any and all responses herein as additional facts are ascertained, analyses made, legal research completed, expert opinions exchanged, and contentions formulated.

Sprague's is responding to Plaintiff's Requests pursuant to the Federal Rules of Civil Procedure and applicable state law. In answering these Requests, Sprague's is interpreting words used by Plaintiff according to their ordinary and normal meaning where such meaning can be easily ascertained. Sprague's expressly reserves the right to challenge the relevancy, materiality, admissibility, and probative value of the information contained in its responses to the Requests.

## GENERAL OBJECTIONS AND RESERVATIONS

Each response and objection provided by Sprague's in response to Plaintiff's discovery demands herein is subject to the following General Objections and Reservations, each of which is hereby incorporated into each of Sprague's responses.

1.      Sprague's objects to several of Plaintiff's definitions as being overly broad and inconsistent with the practice and customs of the firearms industry, including, Plaintiff's expansive and incorrect definitions of "Ammunition," "Assault Weapon," "Civilian Market," "Dealer," "Distributor," ".50 Sniper rifle(s)," ".50 cal rifle(s)," "Firearm Accessory," "Kitchen Table Dealer," "Multiple sale(s)," "Straw sale," "Suspect Purchaser(s)," "Suspect Sale(s)," "Trafficking," and "Trade Association."

2.      Sprague's objects to the inclusion of the following as being considered equal to or part of Sprague's Sports, Inc.: predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, joint ventures, other affiliates and any organization or entity that Sprague's manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf. Sprague's denies it has an obligation to search for or produce records in the possession of any such entities.

3.      Sprague's objects to the "Relevant Time Period" as being January 1, 2010 to the present. A generalized fourteen (14) year discovery period for a civil action with a statute of limitations of either 1 year or 2 years is patently unreasonable.

Nothing herein shall be construed as an admission by Sprague's with respect to the admissibility or relevance of any facts or documents referenced or produced herein.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    Your organizational charts, employee lists, personnel directories, telephone directories, and electronic mail user and address lists sufficient to show all personnel, including their jobs or titles and any contact information.

**RESPONSE:** Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it would include employees and former employees who had no involvement in firearm sales. Without waiving or limiting the foregoing objections, see documents Bates numbered SPR000713–SPR000721.

**REQUEST NO. 2:**    All documents relating to recording and tracking Your firearm, ammunition, and/or firearm accessory sales, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A & D books; (ii) records of sale; and (iii) any computerized, accounting or other system that contains the requested information.

**RESPONSE:** Sprague's objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of sales and accounting materials that far exceed the relevant issues in this case as framed by the Complaint. Sprague's also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony

or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.  Without waiving or limiting the foregoing objections, see documents Bates numbered SPR000496-SPR000517. See privilege log for potentially responsive documents withheld from production..

**REQUEST NO. 3:**    All documents relating to recording and tracking Your firearm, ammunition, and/or firearm purchases, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A& D books; (ii) invoices; (iii) weekly, monthly, or annual purchase summaries; (iv) records of purchase; and (v) contracts with manufacturers, distributors, or dealers, and (vi) any computerized, accounting or other system that contains the requested information.

**RESPONSE:**  Sprague's objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of purchase and accounting materials that far exceed the relevant issues in this case as framed by the Complaint. Sprague's also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.  Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 4:**    Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your sales of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including

but not limited to: (i) time of sale; (ii) date of sale; (iii) location of sale; (iv) employee that made the sale; (v) age, gender, occupation, nationality, and residence of purchaser; (vi) amount of ammunition sold; (vii) number of firearms sold; (viii) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm sold; (ix) serial number of each firearm sold; (x) price of firearm and ammunition sold; (xi) any other identifying information related to the purchaser; (xii) information related to purchaser's criminal history or background check; (xiii) any other information related to the product sold.

**RESPONSE:** See objections and response to Request No. 2.

**REQUEST NO. 5:**    Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your purchases of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of purchase; (ii) date of purchase; (iii) manufacturer, distributor, or other entity You purchased from; (iv) amount of ammunition purchased; (v) number of firearms purchased; (vi) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm purchased; (vii) serial number of each firearm purchased; (viii) price of firearm and ammunition purchased; (ix) any other identifying information related to the seller; (x) any other information related to the product purchased.

**RESPONSE:** See objections and response to Request No. 3.

**REQUEST NO. 6:**    All Firearm Transaction Records (ATF Form 4473's) for all Firearms listed on the attached (Exhibit A).

**RESPONSE:** Sprague's objects to this Request to the extent that it seeks disclosure of information or documents in the possession, custody, or control of any other parties. Sprague's further objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to

paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.  Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 7:**    All Multiple Sales Forms (ATF Form 3310.4) drafted or submitted during the Relevant Time Period.

**RESPONSE:**  Sprague's objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. Sprague's also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 8:**    All Rifle Sales Forms (ATF Form 3310.12) drafted or submitted during the Relevant Time Period.

**RESPONSE:**  Sprague's objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs

of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. Sprague's also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 9:**    All documents reflecting the multiple sale of firearms or ammunition not recorded on ATF Forms 3310.4 or 3310.12.

**RESPONSE:** Sprague's objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome (assuming the Request concerns the "Relevant Time Period), as the "multiple sale of ammunition" is non-sensical and ambiguous, it is unknown what documents are being sought related to the "multiple sale of firearms" other than what has been requested in the prior Requests, to produce any such unknown documents for the past 14 years by definition would be unduly burdensome.  If the request is seeking additional documents required to be maintained by FFLs by ATF, Sprague's also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on

the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.

**REQUEST NO. 10:**  All documents and communications related to the firearm sales identified in Exhibit A or any other suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms sold or transferred by You or any Defendant in this litigation, including but not limited to all records of such sales, background checks related to such sales, identification information related to the purchaser, any other information related to the purchaser, and any paper or electronic notes related to such sales.

**RESPONSE:**  Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. Sprague's also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.  Without waiving or limiting the foregoing objections, see privilege log for potentially responsive documents withheld from production.

**REQUEST NO. 11:**  All video and audio recordings of activity within or outside of Your store showing employees or purchasers, including audio or video recordings involving suspect sales, straw sales,

multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, including all video and/or audio recordings on the dates of purchase identified in Exhibit A and sales of firearms that were later traced or the subject of criminal proceedings.

**RESPONSE:** Sprague's objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, especially regarding the request for such items related to "multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms" as all of these transactions are legal, and in and of themselves, raise no suspicion or concern. Sprague's further objects to this Request on the grounds that it is vague and overly broad (assuming the Request for these items is for the Relevant Time Period). Without waiving or limiting the foregoing objections, Sprague's is not in possession of any responsive recordings for the transactions identified in the Complaint.

**REQUEST NO. 12:** Documents sufficient to show the existence and availability of video or audio surveillance systems (including cameras or any other recording devices) operable in or around Your stores, when such systems were installed, where they were installed, why they were installed, and policies related to recording such video or audio and retaining such recordings.

**RESPONSE:** Sprague's objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving or limiting the foregoing objections, see documents Bates numbered SPR000533-SPR000534.

**REQUEST NO. 13:** All documents related to any firearms, ammunition, and or firearm accessories sold or transferred by You for which You know or have reason to believe have been (i) used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use; (ii) the subject of a trace, or (iii) otherwise recovered by law enforcement, including but not limited to trace requests and responses and firearms trafficking or straw purchasing investigations or prosecutions.

**RESPONSE:** Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were "used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use" cannot be relevant to the harm allegedly suffered by Plaintiff. Sprague's also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.  Without waiving or limiting the foregoing objections, see documents Bates numbered SPR000518-SPR000532. Further, without waiving or limiting the foregoing objections, Sprague's is in possession of materials that are subject to the privileges referenced in Sprague's Privilege Log.

**REQUEST NO. 14:**  Documents sufficient to show the identities of Your employees or people You contracted with or retained to sell or purchase firearms during the Relevant Time Period.

**RESPONSE:** See objections and responses to Request No. 1.

**REQUEST NO. 15:**  All documents concerning employees who participated in or were present at (a) the sale of any firearm for which You received a Trace Request, (b) the sale of any firearm to a person who was charged with violations of firearms laws, or (c) the sale of any firearm to any of the purchasers identified in Exhibit A, including, but not limited to all employment records, human resources records,

personnel records (including employment applications, references), disciplinary records, job titles and responsibilities, training documents and records reflecting or concerning any training You provided to those employees, including training module worksheets and signed employee handbooks pages.

**RESPONSE:** Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were "used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Sprague's also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ."  Pub. Law 112-55, 125 Stat. 609-10.  Without waiving or limiting the foregoing objections, Defendants refer Plaintiffs to the blank ATF Form 4473 and all instructions accompanying said form available on ATF's website; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition);        ATF's Federal       Firearms       Licensee       Quick       Reference       and       Best       Practices       Guide

(https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide);    and

Don't Lie for the Other Guy materials from the National Shooting Sports Foundation

(https://www.dontlie.org/). Sprague's further responds that it periodically receives and reviews copies of

all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train

and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does

not retain copies of them. In addition, see internal employee training materials, Bates numbered

SPR000535-SPR000566.

**REQUEST NO. 16:**   Documents relating to the identity, location, and responsibilities of Your employees

working on the dates identified in Exhibit A, including but not limited to time sheets, time records, shift

tables, staffing assignments or other scheduling documents, and documents identifying their job titles

and/or responsibilities.

**RESPONSE:** See objections and responses to Request Nos. 1 and 14.

**REQUEST NO. 17:**   All documents related to any disciplinary actions or investigations for employees

involved with the sale of firearms, firearm accessories, and/or ammunition.

**RESPONSE:** Sprague's objects to this Request on the basis that it is overbroad, vague, and fails to meet

the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time

frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not

reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs

of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure

of records that far exceed the relevant issues in this case as framed by the Complaint. Subject to the

foregoing objections, Sprague's is not in possession of any responsive documents related to any of the

transactions identified in the Complaint.

**REQUEST NO. 18:**  All documents related to crime, violence or criminal activity in Mexico, including but not limited to the problem of firearms being purchased in the U.S. and trafficked or transferred to cartels and others in Mexico.

**RESPONSE:**  Sprague's objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Without waiving or limiting the foregoing objections, Sprague's does not maintain any responsive documents in the regular course of business.

**REQUEST NO. 19:**  All documents relating to suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms, or the unlawful sale of, diversion of, or trafficking of firearms, the harms caused by such sales and how to identify, report, or mitigate such sales, including but not limited to: (i) any such information received from or sent or issued by a firearms manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by You; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOJ, or state or local police departments.

**RESPONSE:**  Sprague's objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were the subject of "suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or limiting the foregoing objections, Defendants refer Plaintiffs to the ATF Form 4473 and all instructions accompanying said form; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal

Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Sprague's further respond that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them.

**REQUEST NO. 20:**  All documents relating to the risks that firearms, ammunition, firearm accessories, assault weapons, .50 cal rifles, or belt-fed firearms, may be obtained by criminals, in the United States, Mexico, or another country, and how to prevent or minimize those risks, including but not limited to: (i) any such information received from or sent or issued by a firearms manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by You; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOJ, or state or local police departments.

**RESPONSE:**  See objections and responses to Request No. 19.

**REQUEST NO. 21:**  All documents related to the sale of firearms sent to or received from other Defendants in this case, manufacturers, dealers, distributors, trade associations, or other firearms organizations, including marketing or promotional materials and manuals.

**RESPONSE:**  Sprague's objects to this Request on the basis that it is vague, overbroad, duplicative of prior requests, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it

seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications and marketing and promotional materials that far exceed the relevant issues in this case as framed by the Complaint.

**REQUEST NO. 22:**  All documents related to law enforcement actions, including but not limited to documents relating to: (i) ATF audits; (ii) ATF inspections; (iii) ATF citations or violations; (iv) ATF demand and warning letters; (v) ATF revocation letters and materials; (vi) materials from ATF meetings and conferences; (vii) materials relating to criminal investigations or prosecutions, including gun trafficking; (viii) the ATF Demand 2 program; (ix) as well as communications among You, Your employees, law enforcement, trade associations, or Defendants related to the same.

**RESPONSE:** Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not limited to a relevant time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of information, documentation and communications that would relate to issues that never had any negative effects in Mexico and far exceed the relevant issues in this case as framed by the Complaint. Finally, Sprague's objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections,

Sprague's is in possession of potentially responsive materials that are subject to the privileges referenced in Sprague's Privilege Log.

**REQUEST NO. 23:**  All documents related to actual or potential contacts or communications with any law enforcement, regulatory, or other government agencies relating to the sale of firearms, ammunitions, or firearm accessories, including, but not limited to (i) the ATF; (ii) the United States Federal Bureau of Investigation; (iii) Arizona Department of Public Safety; (iv) the Tucson Police Department; (v) the Phoenix Police Department; or (vi) the Yuma Police Department.

**RESPONSE:** See objections and responses to Request No. 13.

**REQUEST NO. 24:**  All documents and records that You have received or sent to the ATF, any sheriff's office, and/or other state or federal regulatory agencies related to Your federal firearms license(s) or firearms business, including but not limited to: (i) state and federal licenses to sell firearms, firearm accessories and ammunition at Your store location including but not limited to applications, renewals and supporting documents; (ii) all records, citations, warning letters, reports, inspection reports, corrective actions or other documents issued or provided to You, including any actual or threatened suspension, revocation, or surrender of Your federal firearms licenses; (iii) documents relating to any actual or threatened investigation, in addition to any indictment, arrest, or conviction of an employee or agent of Your store for violation of a law or regulation relating to firearms, ammunition, and or/firearm accessory sales; and (iv) documents and trace requests concerning firearms, ammunition, or firearm accessories sold by Your store.

**RESPONSE:** Sprague's objects to this Request on the basis that it is overbroad, duplicative of several prior requests, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules

of Civil Procedure because it seeks disclosure of communications and records that far exceed the relevant issues in this case as framed by the Complaint. Sprague's also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Subject to the foregoing objections, see objections and responses to Request Nos. 13, 22, and 23. See also documents Bates numbered SPR000567-SPR000569. Further, without waiving or limiting the foregoing objections, Sprague's is in possession of materials that are subject to the privileges referenced in Sprague's Privilege Log.

**REQUEST NO. 25:**  All documents related to any sanction, discipline, condition or restriction imposed on You by a distributor or manufacturer, including any documents relating to any investigation that could result in such action or any consideration, discussion or decision about the possibility of such action.

**RESPONSE:**  Sprague's objects to this Request on the basis that it is overbroad, vague, and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not limited to a reasonable time frame and does not define "sanction, discipline, condition, or restriction." Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Sprague's is not in possession of any responsive documents..

**REQUEST NO. 26:**  All documents related to any Defendant's membership in any trade association.

**RESPONSE:**  Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time

frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of membership information that far exceeds the relevant issues in this case as framed by the Complaint. Sprague's further objects on the grounds that the request seeks to infringe on defendant's First Amendment rights of free speech and freedom of association. Subject to the foregoing objections, see documents Bates numbered SPR000570-SPR000573.

**REQUEST NO. 27:**  All comprehensive general liability and/or property insurance policies, including any declaration pages for the insurance policies.

**RESPONSE:**  Sprague's objects to this Request on the grounds that "property insurance policies" are not relevant and cannot lead to the discovery of admissible evidence. Without waiving or limiting the foregoing objection, see Sprague's First Supplemental Initial Disclosure Statement dated June 11, 2024, as well as documents Bates numbered SPR000574-SPR000712.

**REQUEST NO. 28:**  All documents related to Your financial and operating results, including but not limited to: (i) documents demonstrating Your overall sales, expenses and profits attributed to the sale of firearms, firearm accessories and ammunition; (ii) documents sufficient to identify Your retail sales; (iii) Your financial and operating results for firearms and ammunition; (iv) balance sheets; (v) profits and loss statements, and (vi) state and federal tax returns.

**RESPONSE:**  Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it is premature as it seeks financial condition discovery without a prima facie finding of liability. ("The State of Arizona

has adopted a general rule mandating that 'prima facie proof of a defendant's liability for punitive damages [is necessary] before his wealth or financial condition may be discovered.'" *ReBath LLC v. HD Solutions LLC*, 2021 WL 1923759 (D. Ariz. May. 13, 2021) (citing *Richbourg v. Jimerson*, No. CV-12-0136-TUC-BGM, 2012 WL 4355906, at *2 (D. Ariz. Sept. 24, 2012); *Larriva v. Montiel*, 143 Ariz. 23, 691 P.2d 735, 736 (App.1984))).

**REQUEST NO. 29:** All documents which show Your organizational or business structure and ownership, including that of Your subsidiaries, affiliates, or corporate parent(s). This includes, but is not limited to, certificates of incorporation, bylaws, shareholders' agreements, formation certificates, partnership agreements, and operating agreements. The Relevant Time Period does not apply to this request.

**RESPONSE:** Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it is unlimited in time and scope. Sprague's additionally objects to this Request on the grounds that it constitutes an invasion of privacy. Without waiving or limiting the foregoing objections, see response to Request No. 1.

**REQUEST NO. 30:** All documents related to policies, guidelines, standards, protocols, practices, handbooks, or training materials concerning the sale of firearms, firearm accessories, and/or ammunition at Your store, including (i) Your Employee Handbook or any other employee manual(s) in effect or used to train employees; (ii) all training videos, power-points, work sheets, or other documents or audiovisual used to train employees that sell firearms, firearm accessories, or ammunition; (iii) all resources available to employees who sell firearms, firearm accessories, or ammunition created by trade associations, firearm

manufacturers, ammunition manufactures, other dealers, or law enforcement authorities (including but not limited to ATF, FBI or any other law enforcement agency).

**RESPONSE:** Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because firearms accessories cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or limiting the foregoing objections, Defendants refer Plaintiffs to the blank ATF Form 4473 and all instructions accompanying said form available on ATF's website; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition);          ATF's Federal     Firearms     Licensee     Quick     Reference     and     Best     Practices     Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide);   and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Sprague's further respond that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them.  Please also see response to Request No. 15.

**REQUEST NO. 31:**  All documents related to the detection of, prevention of, identification of, reporting of, or potential or actual consequences related to: suspect sales, straw sales, multiple sales, repeat

purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, trafficking, and/or kitchen table dealers.

**RESPONSE:** See objections and responses to Request Nos. 15, 19 and 30.

**REQUEST NO. 32:** All documents concerning any formal or informal policy relating to working with or cooperating with law enforcement or reporting suspicious activity to any law enforcement agency.

**RESPONSE:** See objections and responses to Request Nos. 15, 19, 30, and 31. See also Bates numbered SPR000722-SPR000723.

**REQUEST NO. 33:** All documents relating to marketing, advertising, promoting, and public statements related to Your sale of firearms, ammunitions, firearm accessories, and firearm training programs, including but not limited to: flyers, catalogs, mailers, press releases, public statements, and postings on all social media sites, websites, internet sites, including but not limited to Google, Facebook, X (formerly Twitter), YouTube, Instagram, TikTok, Snapchat, Reddit, 4chan, and Discord.

**RESPONSE:** Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any responsive documents are a matter of public record and equally accessible to Plaintiff as they are to Sprague's. Without waiving or limiting the foregoing objections, see:

 https://www.spragues.com/; https://x.com/spragues_sports; https://www.facebook.com/Spragues.Sports; https://www.instagram.com/spragues_sports/;

https://www.google.com/maps/place/Sprague's+Sports/@32.6683138,-114.6228404,15z/data=!4m6!3m5!1s0x80d658b477010c2f:0x4aa1d4e4a80171b9!8m2!3d32.6683138!4d-114.6228404!16s%2Fg%2F1wbf_ppg?entry=ttu.

**REQUEST NO. 34:** Any document relating to a media appearance by You related to Your sale of firearms, ammunitions, firearm accessories, or firearm training programs, including documents and communications prepared or exchanged in preparation for those appearances.

**RESPONSE:** Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications that far exceed the relevant issues in this case as framed by the Complaint. Sprague's further objects on the grounds that the request seeks to infringe on defendant's First Amendment rights of free speech and freedom of association. Without waiving or limiting the foregoing objections, see documents Bates numbered SPR000724-SPR725.

**REQUEST NO. 35:** All documents related to any national or state laws, statutes, regulations, or executive orders related to the sale of firearms, ammunition, or firearm accessories and related court orders or opinions, including documents related to compliance with those laws, statutes, regulations, executive orders court orders, or court opinions.

**RESPONSE:** Sprague's further objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome. Sprague's also objects to this Request on the grounds that it fails to be limited to a relevant and reasonable time period. Sprague's further objects to this Request on the grounds that any responsive documents are a matter of public record and equally accessible to Plaintiff as they are to Sprague's. Without waiving or limiting the foregoing objections, Defendants refer Plaintiffs to the ATF Form 4473 and all instructions accompanying said form; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-

p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Sprague's further respond that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them.

**REQUEST NO. 36:**  All documents posted visibly at Your store throughout the Relevant Time Period providing warnings or notice to potential customers regarding any and all requirements to purchase firearms, ammunition, or firearm accessories.

**RESPONSE:**  Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Subject to the foregoing objections, see documents Bates numbered SPR000726-SPR000727.

**REQUEST NO. 37:**  All documents produced to or received from any party or non-party related to or in connection with this action. This request is not limited in time.

**RESPONSE:** Sprague's objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Sprague's further objects to this Request on the grounds that it is vague, overly broad, and potentially unduly burdensome, depending upon what is being requested. Sprague's also objects to this Request on the grounds that it fails to be limited to any time period. Sprague's additionally objects to this Request on the grounds and to the extent that it calls partially or exclusively for the production of documents protected by the attorney-client privilege,

material prepared in anticipation of litigation, common interest privilege, and other applicable privileges or immunities.

**REQUEST NO. 38:**  All documents that You contend support any claim or defense asserted in this litigation.

**RESPONSE:**  Sprague's objects to this Request on the grounds that it is premature, in that it constitutes a contention request and is covered by the disclosure rules set forth in F.R.C.P. 26. Subject to the foregoing objections, Sprague's refers to all documents reference in and produced in response to the other requests herein, and reserves its right to supplement discovery as the litigation continues, its investigation is completed, and fact and expert disclosures are made.

**REQUEST NO. 39:**  All documents that relate to Your document control, retention, and/or storage policies, including but not limited to documents sufficient to show Your document destruction, retention or archiving policies and practices and any changes in such policies or practices during the Relevant Time Period.

**RESPONSE:**  Sprague's objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Sprague's also objects to this Request on the grounds that it fails to be limited to a relevant and reasonable time period. Subject to the foregoing objections, Sprague's document retention policy related to firearms transactions is mandated by federal law. Sprague's does not maintain an internal document retention policy separate and apart from what is required under federal and state law.

**REQUEST NO. 40:**  All non-privileged documents Your expert witnesses reviewed or relied upon, or will review or rely upon, in preparing expert reports for this action.

**RESPONSE:**  Sprague's has not yet determined any witnesses it will designate a testifying expert witnesses, and such, Sprague's is not in possession of any responsive documents.

**REQUEST NO. 41:**  All documents and materials used to draft or prepare Your Rule 26(f) Initial Disclosures and any supplements thereto.

**RESPONSE:**  Sprague's objects to this Request on the grounds that it seeks documents that are wholly protected from disclosure based on the attorney work product doctrine and attorney-client privilege, as the Rule 26(f) Initial Disclosure Statements were drafted exclusively by counsel.

**REQUEST NO. 42:**  All documents related to the sale and acquisition of Sprague's assets and liabilities, including but not limited to: 1) transfer or retention of legal liability; 2) transfer or retention of electronically stored information; 3) transfer or retention of all purchase orders and records of sales of inventory; 4) transfer and retention of physical and financial assets; and 5) due diligence reviews drafted in association with the sale and acquisition.

**RESPONSE:**  Sprague's objects to this Request on the basis that it calls for the production of documents containing privileged, proprietary, and/or confidential business information or trade secrets. Subject to the foregoing objections, see response to Request No. 29.


Dated:  July 24, 2024

RENZULLI LAW FIRM LLP


By:     */s/ Jeffrey Malsch*
          Christopher Renzulli, Esq. (*Pro Hac Vice*)
          Peter Malfa, Esq. (*Pro Hac Vice*)
          Jeffrey Malsch, Esq. (*Pro Hac Vice*)
          One North Broadway, Suite 1005
          White Plains, NY 10601


LORBER, GREENFIELD & OLSEN, LLP

          Louis W. Horowitz, Esq.
          3930 E. Ray Road, Suite 260
          Phoenix, AZ 85044

          *Attorneys for Defendants*
          *Diamondback Shooting Sports, Inc.,*
          *Loan Prairie, LLC d/b/a The Hub,*
          *SNG Tactical, LLC and*
          *Sprague's Sports, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of July, 2024, I served the foregoing on all registered counsel of record in the CM/ECF system by electronic means, as follows:

Ryan O'Neal, Esq.
DECONCINI MCDONALD YETWIN &
LACY, P.C.
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
roneal@dmyl.com
*Attorneys for Plaintiff*

Steve D. Shadowen, Esq. (*Pro Hac Vice*)
Nicholas W. Shadowen, Esq. (*Pro Hac Vice*)
Tina J. Miranda, Esq. (*Pro Hac Vice*)
Deirdre R. Mulligan, Esq. (*Pro Hac Vice*)
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703
sshadowen@shadowenpllc.com
nshadowen@shadowenpllc.com
tmiranda@shadowenpllc.com
dmulligan@shadowenpllc.com
*Attorneys for Plaintiff*

Jonathan E. Lowy, Esq. (*Pro Hac Vice*)
GLOBAL ACTION ON GUN VIOLENCE
1025 Connecticut Avenue NW, #1210
Washington, DC 20036
jlowy@actiononguns.org
*Attorneys for Plaintiff*

Colt B. Dodrill
Brian E. Cieniawski
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
2231 East Camelback Road, Suite 200
Phoenix, AZ 85016
*Attorneys for Defendant Ammo A-Z, LLC*

Anthony Pisciotti, Esq. (*Pro Hac Vice*)
Danny Lallis, Esq. (*Pro Hac Vice*)
Ryan Erdreich, Esq. (*Pro Hac Vice*)
PISCIOTTI LALLIS ERDREICH
30 Columbia Turnpike, Suite 205
Florham Park, NJ 07932
apisciotti@pisciotti.com
dlallis@pisciotti.com
rerdreich@pisciotti.com
*Attorneys for Defendant Ammo A-Z, LLC*

By: */s/ Jeffrey Malsch*_____

# EXHIBIT 7

**Diamondback Shooting Sports Inc.'s**
**Revised Privilege Log**
**Objections and Responses to Plaintiff's First Set of Requests for Production**
**to All Defendants**
**August 27, 2024**

| Description | Location | Basis |
|---|---|---|
| ATF Form 4473 for Denise Faye Burress dated October 1, 2018 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Forms 4473 for Daniel Pacheco dated October 24, 2018 and February 20, 2019 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)) |
| ATF Forms 4473 for Luis Fernando Cruz Valenzuela dated February 22, 2022 and March 1, 2022 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Forms 4473 for Carlos Abel Cruz dated January 7, 2022 and March 1, 2022 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Guillermo Estrella dated March 25, 2022 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Kyle Rene Fazlollah dated October 10, 2019 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Forms 4473 for Francisco Dario Mora dated August 4, 2019 and August 17, 2019 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |

| | | |
|---|---|---|
| ATF Form 4473 for Fernando Palomares, Jr. dated October 24, 2019 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Pedro Adan Sevilla, Jr. dated August 17, 2019 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Forms 4473 for Kaleb Jacob Valencia dated August 10, 2019, January 30, 2020, and February 1, 2020 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 3310.4 for Daniel Pacheco dated February 20, 2019 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 3310.12 for Denise Faye Burress dated October 1, 2018 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 3310.12 for Fernando Palomares, Jr. dated October 24, 2019 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 5030.5 for the ATF's audit inspection of Diamondback Shooting Sports, Inc. covering the period February 13, 2016 to February 13, 2017 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |
| Correspondence dated March 24, 2017, from ATF Area Supervisor to Diamondback Shooting Sports, Inc., related to the ATF's audit inspection of Diamondback Shooting Sports, Inc. covering the period February 13, 2016 to February 13, 2017 | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |

| | | |
|---|---|---|
| Correspondence dated October 7, 2020, from ATF Industry Operations Investigator to Diamondback Shooting Sports, Inc., related to the ATF's audit inspection of Diamondback Shooting Sports, Inc. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |
| Correspondence dated October 5, 2018, from Diamondback Shooting Sports, Inc. to ATF at MultipleLonggunSalesForms@atf.gov related to ATF Form 3310.12 for Denise Faye Burress | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Correspondence dated April 16, 2019, between Diamondback Shooting Sports, Inc. to ATF Industry Operations Intelligence Specialist related to ATF trace request for Denise Burress 10/1/2018 transfer with attached completed ATF Form 4473 and information as to Michael Sweigart as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated May 6, 2019, from Diamondback Shooting Sports, Inc. to ATF special agent forwarding ATF Form 4473 and sales receipt for Denise Faye Burress 10/1/18 transfer as part of a law enforcement investigation/federal prosecution | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated February 28, 2022, between Diamondback Shooting Sports, Inc. and an ATF Area Supervisor related to and attaching ATF Form 4473 for Luis Cruz Valenzuela dated February 22, 2022, as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

| | | |
|---|---|---|
| Correspondence dated March 2, 2022, from Diamondback Shooting Sports, Inc. to ATF Area Supervisor related to ATF Form 4473, sales receipts, and video surveillance requests for Luis Cruz Valenzuela with attached ATF Forms 4473 for several transactions as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated March 18, 2022, between ATF agent and Diamondback Shooting Sports, Inc. related to ATF trace requests for four firearm serial numbers as part of law enforcement investigations | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated March 29, 2022, between ATF special agent and Diamondback Shooting Sports, Inc. related to potential sales for four individuals and providing two ATF Forms 4473 for Guillermo Estrella as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated April 13, 2022, between ATF special agent and Diamondback Shooting Sports, Inc. related to search for potential purchase as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated September 23, 2020, between ATF special agent and Diamondback Shooting Sports, Inc. related to ATF Form 4473 and sales receipts for Kyle Rene Fazlollah as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

| | | |
|---|---|---|
| Correspondence from October 31, 2019 to November 1, 2019, between Diamondback Shooting Sports, Inc. and ATF special agent related to ATF Forms 4473 and sales receipts for Francisco Dario Mora as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated February 21, 2019, from Diamondback Shooting Sports, Inc. to MultipleHandgunSalesForms@atf.gov related to ATF Form 3310.4 for Daniel Pacheco | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Correspondence dated March 1, 2019, between Diamondback Shooting Sports, Inc. to ATF special agent related to ATF Form 4473 and sales receipt for Daniel Pacheco as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated October 25, 2019, from Diamondback Shooting Sports, Inc. to MultipleLonggunSalesForms@atf.gov related to ATF Form 3310.12 for Fernando Palomares, Jr. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Correspondence dated October 28, 2019, between ATF Industry Operations Intelligence Specialist to Diamondback Shooting Sports, Inc. related to and attaching ATF Form 4473 and sales receipts for Fernando Palomares, Jr. as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

| | | |
|---|---|---|
| Correspondence dated July 24, 2020, from Diamondback Shooting Sports, Inc. to ATF agent related to and attaching ATF Form 4473 for Fernando Palomares, Jr. as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated October 31, 2019, from Diamondback Shooting Sports, Inc. to ATF special agent related to and attaching ATF Form 4473 and sales receipt for Pedro Adan Sevilla, Jr. as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated May 18, 2021, between Diamondback Shooting Sports, Inc. and ATF special agent related to ATF Forms 4473 and sales receipts for Kaleb Jacob Valencia as well as inquires as to other individuals as part of a law enforcement investigation | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 4473 from March 31, 2016 to the present. | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Forms 3310.4 from as early as March 31, 2016 to the present. | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Forms 3310.12 from as early as March 31, 2016 to the present. | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |

| | | |
|---|---|---|
| Acquisition and Disposition Records maintained pursuant to 27 CFR 478.125(e) from March 31, 2016 to the present. | 7030 E Broadway Blvd, Tucson, AZ 85710 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Email correspondence to and from ATF Tracing Center re: requests for trace data with a date range as early as 2015 to the present. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

# EXHIBIT 8

**SnG's Amended Privilege Log**
**Objections and Responses to Plaintiff's First Set of Requests for Production**
**to All Defendants**
**August 27, 2024**

| Description | Location | Basis |
|---|---|---|
| ATF Form 4473 for Denise Faye Burress dated October 28, 2018 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Kyle Rene Fazlollah, dated June 4, 2020 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Ray Alberto Laborin, dated April 18, 2020 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Elizar Jose Olivarez, dated February 15, 2020 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Omar Trujillo, Jr., dated April 18, 2022 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Forms 3310.12 for Omar Trujillo, Jr., dated April 18, 2022 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Fernando Palomeres, Jr., dated February 16, 2020 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |

| | | |
|---|---|---|
| ATF Form 4473 for Fernando Palomeres, Jr., dated November 27, 2019 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Kaleb Jacob Valencia, dated February 4, 2020 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Jose Gilberto Inzunza, dated February 3, 2020 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Nicholas Meraz, dated January 18, 2022 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 3310.4 for Nicholas Meraz, dated January 18, 2022 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Nicholas Meraz, dated March 18, 2022 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Luis Fernando Cruz Valenzuela, dated February 3, 2022 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Ricardo Caro, dated November 20, 2021 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Omar Trujillo, Jr., dated March 15, 2022 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |

| | | |
|---|---|---|
| ATF Form 4473 for Kaleb Jacob Valencia, dated February 6, 2020 | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Email correspondence with attached letter dated November 22, 2019, from Resident Agent in Charge (ATF) to SnG Tactical requesting temporary preservation of store surveillance | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the federal common law Law Enforcement Investigatory Privilege (see e.g., Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 4473 from Aug. 8, 2021 to Present | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Forms 3310.4 from Aug. 8, 2021 to Present | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Forms 3310.12 from Aug. 8, 2021 to Present | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Acquisition and Disposition Records maintained pursuant to 27 CFR 478.125(e) from Aug. 8, 2021 to Present | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Email correspondence with attached letter dated November 20, 2020, from Special Agent (email) and Resident Agent in Charge (letter) (ATF) to SnG Tactical requesting temporary preservation of store surveillance | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the federal common law Law Enforcement Investigatory Privilege (see e.g., Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Email correspondence to and from ATF Tracing Center re: requests for trace data with a date range of Aug. 8, 2021 to Present | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and |

| | | the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |
|---|---|---|
| Email correspondence with attached letter dated October 20, 2022, from Special Agent (ATF) to SnG Tactical requesting temporary preservation of store surveillance | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the federal common law Law Enforcement Investigatory Privilege (see e.g., Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Email correspondence dated August 11, 2020, through August 14, 2020, to and from Special Agent (ATF) to SnG Tactical requesting temporary preservation of store surveillance and information on potential purchaser name | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the federal common law Law Enforcement Investigatory Privilege (see e.g., Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Email correspondence dated June 9, 2022, from Special Agent (ATF) to SnG Tactical advising of potential straw purchaser | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the federal common law Law Enforcement Investigatory Privilege (see e.g., Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Email correspondence dated July 20, 2023, to and from Special Agent (ATF) to SnG Tactical advising of potential straw purchaser and requesting sales documents | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the federal common law Law Enforcement Investigatory Privilege (see e.g., Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984); the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |
| Email correspondence dated November 3, 2021, from Special Agent (ATF) to SnG Tactical regarding potential purchaser | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the federal common law Law Enforcement Investigatory Privilege (see e.g., Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Email correspondence dated December 29, 2020 to January 15, 2021, to and from Task Force Officer (FBI) to SnG Tactical regarding purchaser of one | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the federal common law Law Enforcement Investigatory Privilege (see e.g., Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984); the |

| | | |
|---|---|---|
| handgun and requesting transfer documents and video surveillance | | Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |
| Email correspondence dated June 15, 2021 to June 16, 2021, from Special Agent (ICE) to SnG Tactical requesting temporary preservation of store surveillance | 3441 S Palo Verde Rd #117, Tucson, AZ 85713 | Privileged & protected from disclosure pursuant to: the federal common law Law Enforcement Investigatory Privilege (see e.g., Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

# EXHIBIT 9

**Loan Prairie, Inc.'s Amended Privilege Log**
**Objections and Responses to Plaintiff's First Set of Requests for Production**
**to All Defendants**

**August 27, 2024**

| Description | Location | Basis |
|---|---|---|
| ATF Form 4473 for Kyle Rene Fazlollah dated October 22, 2019 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Kyle Rene Fazlollah dated May 6, 2020 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Daniel Christopher Garcia dated September 22, 2021 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Jose Gilberto Inzunza dated December 18, 2020 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Jose Gilberto Inzunza dated May 3, 2022 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Williams Mora Bustamante dated July 8, 2022 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Elizar Jose Olivares dated February 15, 2020 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |

| | | |
|---|---|---|
| ATF Form 4473 for Anthony Armando Ortiz dated December 1, 2021 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Fernando Palomares, Jr. dated October 17, 2019 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 4473 for Cesar Reynaldo Peralta dated July 27, 2023 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 3310.4 for Kaleb Jacob Valencia dated February 20, 2020 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 3310.4 for Kaleb Jacob Valencia dated January 28, 2020 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Email correspondence to and from ATF Tracing Center re: requests for trace data with a date range of March 18, 2020 to present. | Email Archives | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |
| Email correspondence dated August 7, 2024, from ATF Special Agent to Loan Prairie, LLC inquiring about whether any sales were made to a potential straw sale purchaser. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Email correspondence dated August 7, 2024, from ATF Special Agent to Loan Prairie, LLC inquiring about whether any sales were made to a potential straw sale purchaser. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common |

| | | |
|---|---|---|
| | | law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Email correspondence dated August 24, 2024, from Loan Prairie to ATF Special Agent inquiring about potential straw sale purchaser. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 4473 from January 5, 2019 to the present. | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Forms 3310.4 from January 5, 2019 to the present. | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Forms 3310.12 from January 5, 2019 to the present. | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Acquisition and Disposition Records maintained pursuant to 27 CFR 478.125(e) from January 5, 2019 to the present. | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 3310.4 for Daniel Garcia dated September 23, 2021 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| ATF Form 3310.12 for Fernando Palomares dated October 18, 2019 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |

| ATF Firearms Disposition Fax Request dated August 26, 2021 | 1400/1410 S. Alvernon Way, Tucson, AZ 85711 | Privileged & protected from disclosure pursuant to the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |

# EXHIBIT 10

**Ammo AZ's Privilege Log**
**Original July 29, 2024**
**Updated August 27, 2024**

| Description | Location | Basis |
|---|---|---|
| ATF Forms 4473 for Francisco Dario Mora dated 7/2/2019; 7/17/2019; and 8/7/2019 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 4473 for Pedro Adan Sevilla dated 7/2/2019; 7/17/2019; 8/7/2019; and 8/13/2019 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 4473 for Yibran Lopez-Rosales dated 4/16/2019 and 8/28/2019 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Form 4473 for Nicolas Carrillo dated 5/12/2022 and 7/12/2022 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

| | | |
|---|---|---|
| ATF Form 4473 for Noeme Carrillo dated 5/23/2022 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 4473 for Moses Castrillo dated 6/18/2022; 6/21/2022 and 7/9/2022 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 4473 for Roberto Mariscal dated 6/27/2022; 7/1/2022; 8/10/2022; 9/26/2022; 9/27/2022; 10/4/2022; 10/6/2022; 10/20/2022; 4/15/2023 and 4/17/2023 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Form 4473 for Molly Pfeifer dated 9/19/2022 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Form 4473 for Zhylaia Edwards dated 10/26/2022 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal |

| | | common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
|---|---|---|
| ATF Form 4473 for Dionte Miller dated 1/6/2023 and 3/17/2023 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Form 4473 for Jessica Cooper dated 1/18/2023 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Form 4473 for Fidel Guzman dated 5/9/2023; 5/31/2023 and 6/1/2023 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Form 4473 for Israel Diaz Guzman dated 6/1/2023 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

| | | |
|---|---|---|
| ATF Forms 3310.4 for Francisco Dario Mora dated 7/17/2019 and 8/7/2019 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 3310.4 for Pedro Adan Sevilla dated 7/17/2019; 8/7/2019 and 8/13/2019 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 3310.4 for Nicolas Carrillo dated 5/12/2022 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 3310.4 for Moses Castrillo dated 6/18/2022 and 7/12/2022 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 3310.4 for Molly Pfeifer dated 9/19/2022 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal |

| | | common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
|---|---|---|
| ATF Forms 3310.4 for Roberto Mariscal dated 7/1/2022; 8/10/2022; 9/26/2022; 9/27/2022 and 10/20/2022 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 3310.4 for Dionte Miller dated 1/6/2023 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 3310.4 for Jessica Cooper dated 1/18/2023 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 3310.4 for Fidel Guzman dated 5/9/2023 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

| | | |
|---|---|---|
| ATF Forms 4473 from February of 2019 to present | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 3310.4 from February of 2019 to present | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| ATF Forms 3310.12 from February of 2019 to present | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Emails, texts and attachments (or other similar written communication) exchanged between Ammo AZ personnel and agents/investigators at ATF related to requests for copies of Forms 4473 as part of a law enforcement investigation | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Emails, texts and attachments (or other similar written communication) exchanged between Ammo AZ personnel and agents/investigators at ATF, DOJ and other law enforcement | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal |

| | | |
|---|---|---|
| agencies related to firearm trace information requests as part of a law enforcement investigation | | common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Emails, texts and attachments (or other similar written communication) exchanged between Ammo AZ personnel and ATF, DOJ and other law enforcement agencies related to Forms 3310.4 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Emails, texts and attachments (or other similar written communication) exchanged between Ammo AZ personnel and ATF, DOJ and other law enforcement agencies related to Forms 3310.12 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Emails, texts and attachments (or other similar written communication) exchanged with ATF related to ATF regulatory audits and ATF Forms 5030.5 | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Emails, texts and attachments (or other similar written communication) exchanged between Ammo AZ personnel and agents/investigators at ATF, DOJ and other law enforcement agencies related to video surveillance requests as part of a law enforcement investigation | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

| | | |
|---|---|---|
| Emails, texts and attachments (or other similar written communication) exchanged between Ammo AZ personnel and agents/investigators at ATF, DOJ and other law enforcement agencies related to law enforcement investigations into firearms purchases | 5350 West Bell Road, Glendale, AZ 85308 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

# EXHIBIT 11

**Sprague's Sports, Inc.'s Amended Privilege Log**
**Objections and Responses to Plaintiff's First Set of Requests for Production**
**to All Defendants**
**August 27, 2024**

| Description | Location | Basis |
|---|---|---|
| Numerous ATF Forms 4473 from 2012 to the present. | 345 W 32nd St., Yuma, AZ 85364 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Numerous ATF Forms 3310.4 from 2012 to the present. | 345 W 32nd St., Yuma, AZ 85364 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Numerous ATF Forms 3310.12 from 2012 to the present. | 345 W 32nd St., Yuma, AZ 85364 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Acquisition and Disposition Records maintained pursuant to 27 CFR 478.125(e) from Aug. 8, 2021 to Present | 345 W 32nd St., Yuma, AZ 85364 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)). |
| Email correspondence to and from ATF Tracing Center re: requests for trace data with a date range as early as 2019 to the present. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence between Sprague's Sports Inc. (Richard Sprague and Ron Gissendaner) and ATF Special Agents related to ATF Forms 4473 for several individuals, from June 8, 2023 to May 25, 2024. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

| | | |
|---|---|---|
| Correspondence dated February 15, 2024 from Richard Sprague to ATF Director of Industry Operations related to Sprague's Sports Inc.'s Voluntary Self-Reporting. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |
| Correspondence dated April 19, 2024 from Richard Sprague to ATF Industry Operations Investigator related to the ATF's audit inspection of Sprague's Sports Inc. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |
| Correspondence dated January 22, 2024 from Richard Sprague to ATF Tracing Operations related to ATF Form 3310.4 for Seth Martin. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated October 16, 2023 from ATF Tracing Operations to Richard Sprague related to ATF Form 3310.4 for Josue Diaz Soto. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated November 17, 2023 from ATF Special Agent to Richard Sprague related to receipts for transactions by Angel Rafael Valdes Rivera, Iris M. Rivera, and Luis Angel Santiago Rivera. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated December 11, 2023 from ATF Special Agent to Richard Sprague requesting to call if any purchases are attempted by Rosaisela Cecilia Estrada, Robert Pizano Jr., and Lizbeth Ambriz. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |

| | | |
|---|---|---|
| Correspondence dated March 6, 2024 from ATF Special Agent to Richard Sprague requesting any video footage or images of Sprague's Sports Inc.'s store/lot from February 15, 2024. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated April 9, 2024 from ATF National Services Center to Richard Sprague related to ATF Form 3310.4 for Glenn Stephens Caldwell. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated April 25–29, 2024 from ATF Industry Operations Investigator to Richard Sprague related to the ATF's audit inspection of Sprague's Sports Inc. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |
| ATF Form 5030.5 dated April 25, 2024 for the ATF's audit inspection of Sprague's Sports Inc. | 345 W 32nd St., Yuma, AZ 85364 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |
| Correspondence dated April 25, 2024 between ATF Stolen Firearms Program and Sprague's Sports Inc. (Frank "Pancho" Hansen) related to a lost or stolen firearm. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); and the federal common law Law Enforcement Investigatory Privilege (see *e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). |
| Correspondence dated June 3, 2024 from ATF Industry Operations Investigator to Richard Sprague related to the ATF's audit inspection of Sprague's Sports Inc. conducted on April 15, 2024. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |

| | | |
|---|---|---|
| Correspondence dated March 12, 2014 from ATF Phoenix III Area Supervisor to Richard Sprague related to the ATF's audit inspection of Sprague's Sports Inc. | Email Archives | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |
| ATF Forms 5030.5 for the ATF's audit inspection of Sprague's Sports Inc. for the period July 1, 2013 through January 27, 2014 | 345 W 32nd St., Yuma, AZ 85364 | Privileged & protected from disclosure pursuant to: the Tiahrt Amendment, as amended (Continuing Appropriations Act, 2012, Pub.L. No. 112–55, 125 Stat. 552, 609-10 (2012)); the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023). |

# EXHIBIT 12



JULIA MCGRATH/ *ASSOCIATE*
d 215.875.4675 | jmcgrath@bm.net

August 5, 2024

**VIA EMAIL**

| | |
|---|---|
| Jeffrey Malsch | Ryan L. Erdreich |
| Renzulli Law Firm LLP | Pisciotti Lallis Erdreich |
| One North Broadway, Suite 1005 | 445 Hamilton Ave., Suite 1102 |
| White Plains, NY 10601 | White Plains, NY 10601 |
| jmalsch@renzullilaw.com | rerdreich@pisciotti.com |

Re:   ***Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc. et al.*,
       4:22-cv-00472**

Dear Counsel,

I write on behalf of Plaintiff Estados Unidos Mexicanos ("Plaintiff" or the "Government") in the above-captioned matter to address deficiencies in the July 24, 2024 privilege logs produced by Defendants Diamondback Shooting Sports, Inc. ("Diamondback"), SNG Tactical, LLC ("SNG"), Loan Prairie LLC d/b/a The Hub ("Loan Prairie"), and Sprague's Sports, Inc. ("Sprague's"), the July 29, 2024 privilege log produced by Ammo A-Z, LLC ("Ammo AZ"),[1] and inappropriate objections regarding the Tiahrt Amendment, the "Arizona Audits Reports Privilege," and the "federal common law Law Enforcement Investigatory Privilege" in both the privilege logs and in Defendants' July 24, 2024 Responses and Objections to Plaintiff's First Set of Requests for Production of Documents to All Defendants ("Responses").

**(1) Defendants' Privilege Logs Do Not Comply with Federal Rules or Court Ordered
ESI Protocol.**

Defendants' purported "privilege logs," which were nearly identical to one another (other than swapping out the name of the responding Defendant), violate the Federal Rules and the ESI Protocol ordered in this case.

First, Defendants fail to individually log each document they are withholding for privilege, instead logging 8-9 categories of documents: (1) ATF Forms 4473; (2) ATF Forms 3310.4; (3) ATF Forms 3310.12; (4) Emails, texts,  communications exchanged between [Defendant] personnel and agents/investigators at ATF related to requests for copies of Forms 4473; (5) Emails, texts,

---

[1] Together, Diamondback, SNG, Loan Prairie, Sprague's, and Ammo AZ are referred to as "Defendants."



communications exchanged between [Defendant] personnel and agents/investigators at ATF related to firearm trace information requests; (6) Emails, texts, communications exchanged between [Defendant] personnel and ATF related to Forms 3310.4; (7) Emails, texts, communications exchanged between [Defendant] personnel and ATF related to Forms 3310.12; (8) Emails, texts, communications exchanged between [Defendant] personnel and agents/investigators at ATF related to video surveillance requests; (9) Documents related to ATF audits, internal auditing, and ATF Forms 5030.5.[2] The ESI Protocol requires Defendants to log each document they are withholding as a separate log entry. *See e.g.,* ECF No. 79, at §F.4 (requiring privilege logs to include a unique document identification number and bates number for each document, among other things); §F.6 (requiring each member of a document family over which a claim of privilege is being made to be logged separately). Defendants must individually log each document they are withholding for privilege.

Second, for each category of document, Defendants' logs merely provide the document location (descriptions which are limited to "File archive," "Email archives," and "Email/text archives" and are, again, nearly identical for every Defendant) and the privilege basis (which is limited to a recurring recitation of the Tiahrt Amendment, Arizona Audit Reports Privilege, and Law Enforcement Investigatory Privilege without further explanation or particularity). Again, the Court-ordered ESI Protocol requires more. *See e.g.*, ECF No. 79, at §F.4 (requiring privilege logs to include 13 categories of information for each document). Fed. R. Civ. P. 26(b)(5)(A)(ii) further requires that any privilege claims must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Thus, each Defendant must produce a privilege log that contains the information called for in the ESI Protocol and describe the nature of the documents and its purported privilege claims with enough detail to enable Plaintiff to assess Defendant's privilege claim over each document.

As called for under the ESI Protocol, each Defendant must also produce a single list of every attorney mentioned in the privilege log, "identified by full name, employer, and job title and attorneys appearing in any log entry should be denoted (i.e., by the placing of an "*" next to the attorney's name)." ECF No. 79, at §F.4.

Each Defendant must revise their privilege log in accordance with the ESI Protocol and Federal Rules and produce a revised privilege log no later than 60 days following its production of documents, *i.e.*, by September 23, 2024.  ECF No. 79, at §F.2.

### (2) Tiahrt Amendment and Related Objections are Not Applicable.

Defendants' objections to discovery pursuant to the Tiahrt Amendment (contained in each Defendant's Responses, as well as each Defendant's privilege log) are not applicable to the Requests, as the Tiahrt Amendment applies only to data held by the Bureau of Alcohol, Tobacco,

---

[2] Diamondback did not include the ninth category in its privilege log.



Firearms and Explosives ("ATF"), not records possessed by Federal Firearm Licensees ("FFLs") like Defendant.

The "Tiahrt Amendment" or "Tiahrt Rider" is a provision (or rider) added to Department of Justice appropriations bills, which was initially introduced in 2003. The most recent version of the Tiahrt Amendment passed in 2011. The relevant portion of the Act is titled "Bureau of Alcohol, Tobacco, Firearms and Explosives: Salaries and Expenses," providing Congressional funding (or appropriations) to ATF, and reads in relevant parts:

> **For necessary expenses of the Bureau of Alcohol, Tobacco, Firearms and Explosives**, for training of State and local law enforcement agencies with or without reimbursement, including training in connection with the training and acquisition of canines for explosives and fire accelerants detection; and for provision of laboratory assistance to State and local law enforcement agencies, with or without reimbursement, $1,152,000,000…

> "…*Provided further*, That, during the current fiscal year and in each fiscal year thereafter, no funds appropriated under this or any other Act may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco, Firearms and Explosives or any information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section, except to [certain law enforcement and national security agencies]" and that "no person or entity described in (1), (2) or (3) [law enforcement and national security agencies] shall knowingly and publicly disclose such data; and all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court or in an administrative proceeding other than a proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms and Explosives…"

Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011).

The Tiahrt Amendment is entirely irrelevant to much of the information for which Defendants attempt to invoke it. To start, even under Defendant's impermissibly broad reading, it applies at most to information "required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section." *Id*. Accordingly, it has no arguable applicability to contracts, manuals, marketing materials, internal



communications and reports, email exchanges with ATF and law enforcement, and other categories for which Defendants attempts to invoke it.

The Tiahrt Amendment also permits disclosure of business records that an FFL keeps pursuant to 18 U.S.C. § 923(g)—such as Forms 4473s, 3310.4s, 3310.12s, and sales records—if those records are within the FFL's possession. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y. 2006) ("The [Tiarht Amendment] has no application to data that is not to be disclosed through the use of federally appropriated funds.").

Defendants rely on two phrases in the Amendment, taken out of context, to wrongly claim otherwise. Defendants claim that Tiahrt (1) prohibits the disclosure[3] of "information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code;" and (2) "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Responses of Diamondback, Loan Prairie, SNG, and Sprague's (citing 125 U.S. Stat. 552 at 609).

However, multiple courts have properly rejected Defendants' position, as has the ATF itself. Regarding the first phrase, the Tiahrt Amendment only prohibits "funds appropriated under this or any other Act" from being used to disclose "all of the contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco, Firearms and Explosives or any information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" *Id. See also Beretta*, 429 F. Supp. 2d at 525-526 (concluding that "the 2006 [Tiahrt] rider—deals with the expenditure of federal monies" because it "was enacted as part of an appropriations bill. It comes after a provision making appropriations for the ATF and is part of a series of restrictions on the future use of those appropriated funds."). No such appropriated funding is implicated here, as Plaintiff's Requests are directed toward Defendant FFLs, not the ATF.

The second phrase is also part of the same provision, which begins with "*Provided further*, That, during the current fiscal year and in each fiscal year thereafter, no funds appropriated under this or any other Act may be used to disclose…" and thus only prohibits use of appropriated funds in the manner described. *Id.* Again, no such funding applies here. Even if this context were disregarded, "such data" (which is "immune from the legal process…") is a term used repeatedly in this provision. *Id.* at 610. "Such data" refers to data that may be disclosed by the ATF or data that has already been disclosed by the ATF to law enforcement recipients pursuant to the Tiahrt Amendment, since only that data has a connection to the federal appropriations process. *Id.* at 609. Consistent with this interpretation, the 9th Circuit, addressing a FOIA request for ATF to release

---

[3] Defendants misquote the Tiahrt Amendment in its objections. Plaintiff changed the location of the quotation mark here to accurately quote the Amendment.



certain trace data, described the Tiahrt Amendment as: "forbid[ding] the use of funds for 'disclos[ing] part or all of the contents of the [FTS], meaning that *ATF* cannot turn this material over." *Ctr. for Investigative Reporting v. United States Dep't of Just.*, 14 F.4th 916, 935 (9th Cir. 2021) (citations omitted) (emphasis added). *See also City of Chicago v. U.S. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, 423 F.3d 777, 780 (7th Cir. 2005) (describing identical language in the 2005 Tiahrt Amendment as "depriv[ing] ATF of funding to act on requests for disclosure of the firearms trace database and the data assembled pursuant to 18 U.S.C. §§ 923(g), 923(g)(3), and 923(g)(7)"—a description ATF endorsed).

The U.S. Department of Justice has made clear that this type of privately held business record is discoverable. It explained that the Tiahrt Amendment is an "appropriations rider [that] does not prohibit the discovery of the records of a private federal firearms licensee. Rather, it is a federal funding restriction that limits ATF's release of certain information." Memorandum of Intervenor United States of America at 6, *Lopez et al., v. Badger Guns, Inc., et al*, No. 10-cv-018530 (Milwaukee Cty. Cir. Ct. Mar. 30, 2012). And the ATF has further represented in court that "nothing in [federal firearms law] prohibits an FFL from responding to discovery requests concerning the Forms 4473 during the course of a civil action, so long as the FFL continues to maintain the Forms 4473." *City of New York v. Bob Moates' Sport Shop, Inc.*, 252 F.R.D. 133, 135 (E.D.N.Y. 2008) (quoting ATF Letter dated May 23, 2008).

Accordingly, the Tiahrt Amendment has no application to data, documents, or information that is not held by ATF and does not implicate ATF's appropriations funding. *See City of Chicago,* 423 F.3d at 781, 783-84 ("Congress' obvious intention in adding the 'immune from legal process' language to the funding restriction that existed under prior riders was to cut off access to the [ATF] databases…"). Plaintiff is seeking only data and documents held by a private party, and thus Tiahrt has no applicability. Defendants' attempt to invoke it for documents to which it has no applicability is a meritless tactic, intended only to cause improper delay.

### (3) Defendants' Claims of Privilege Are Not Applicable.

**Arizona Audit Privilege.** Defendants' objections to discovery pursuant to "the Arizona Audits Reports Privilege" (cited as "the Arizona Audit Reports Privilege (AZ Rev. Stat. § 12-2321, et seq. (2023)") are not applicable to the Requests for several reasons.

First, the privilege was enacted in Arizona's Health and Safety Audit Privilege Act, which expressly applies only to an "audit report" undertaken "to evaluate an organization's compliance with a health or safety law or an industry standard of excellence with respect to safety, reliability or training." A.R.S. §§ 12-2322(a); 12-2321(2). And a "'[h]ealth or safety law' means a federal, state or local statute, rule, regulation or ordinance, or a permit issued under a federal, state or local statute, rule, regulation or ordinance, that relates to **occupational** health, health or safety." *Id.* § 12-2321(3) (emphasis added). Thus, unless a formal audit was undertaken by Defendants to evaluate the health or safety of its place of employment and those documents are responsive to Plaintiff's Requests, the privilege is inapplicable.



Second, even if there are documents that were part of an occupational health and safety audit report, the Health and Safety Audit Privilege Act expressly excludes "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law." *Id.* § 12-2326(A). Defendants' claims of privilege over ATF forms and responses to ATF requests for information that it is required to collect, maintain, and report, are therefore improper under § 12-2326(A). Moreover, "if the court finds that [Defendant] intentionally or knowingly claimed the privilege for nonprivileged materials prescribed in § 12-2326," it could be subject to sanctions or a civil penalty of up to $10,000. *Id.* § 12-2325(D).

If Defendants still intend to assert this privilege, please articulate the specific audits undertaken, the purpose of the audits, the timing of the audits, the nature of documents included in the "audit report," and the circumstances of any disclosure of the documents, including the existence of any confidentiality agreements. *See id.* § 12-2323(E) ("A party asserting the privilege prescribed in this section has the burden of establishing the applicability of the privilege."). Plaintiff reserves the right to seek sanctions should Defendants continue to claim the privilege over nonprivileged materials.

**Law Enforcement Investigatory Privilege.** Defendants' objections to discovery pursuant to "the federal common law Law Enforcement Investigatory Privilege" are not applicable and even if they were applicable, Defendants waived them.

First, "[t]he Ninth Circuit has not formally recognized the law enforcement investigatory privilege" and the District of Arizona has only recognized "the applicability of the law enforcement privilege to ongoing criminal investigative files sought by civil litigants." *Moore v. Garnand*, 2020 WL 1432838, at *3 (D. Ariz. Mar. 24, 2020) (Marquez, J.) (citing *Shah v. Dep't of Justice*, 714 F. App'x 657, 659 n. 1 (9th Cir. 2017); *Torres v. Goddard*, 2010 WL 3023272, at 8 (D. Ariz. 2010)). *See also Hereford v. City of Hemet*, 2023 WL 6813740, at *10 (C.D. Cal. Sept. 14, 2023) ("It is unclear, thus, whether and to what extent the law enforcement investigative privilege is good law within the Ninth Circuit.").

Second, to the extent the privilege exists, "the privilege may only be claimed by the government." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2018 WL 2441518, at *17 (N.D. Cal. May 31, 2018) (citing *U.S. ex rel. Burroughs v. DeNardi Corp*., 167 F.R.D. 680, 687 (S.D. Cal. 1996); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc*., 125 F.R.D. 51, 53 (S.D.N.Y. 1989)). "The party asserting the privilege has the burden to establish its three elements: (1) a formal claim of privilege by the head of the department with control over the requested information; (2) the assertion of the privilege must be based on personal consideration by that official; and (3) the information for which the privilege is claimed must be specified with an explanation as to why it falls within the scope of the privilege." *Moore*, 2020 WL 1432838, at *3 (citations omitted). To



meet these requirements, the party opposing disclosure must submit "a declaration or affidavit" from the head of the relevant law enforcement entity "at the time it files and serves its response to the discovery request." *Ath. Inv. Grp., LLC v. Schnitzer Steel Indus.*, No. 21-cv-05246-MMC (DMR), 2024 U.S. Dist. LEXIS 86922, at *21-22 (N.D. Cal. May 14, 2024) (citation omitted). As no such declaration or affidavit was submitted with Defendants' R&Os, Defendants have thus waived this privilege.

Even if the privilege were applicable and not waived, it would be exceedingly difficult for Defendant to satisfy its burden. The Seventh Circuit, for example, has held that the ATF was unable to demonstrate that the release of trace data would interfere with law enforcement proceedings. *See City of Chi. v. United States Dep't of the Treasury*, 287 F.3d 628, 634 (7th Cir. 2002).

Sincerely,



Julia R. McGrath

# EXHIBIT 13



ONE NORTH BROADWAY, SUITE 1005
WHITE PLAINS, NY 10601
TEL (914) 285-0700 ▪ FAX (914) 285-1213
www.renzullilaw.com

August 27, 2024

VIA EMAIL ONLY

Julia R. McGrath
Berger Montague
1818 Market Street, Suite 3600
Philadelphia, PA 19103

   **Re:**  **Estados Unidos Mexicanos v. Diamondback Shooting Sports, Inc., et al.**
      **United States District Court, District of Arizona**
      **Docket No.:  4:22-cv-00472-RM**

Dear Ms. McGrath:

As you are aware, this office represents defendants Diamondback Shooting Sports, Inc., Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC, and Sprague's Sports, Inc. (collectively, "Defendants") relative to the above matter. We are writing to you on behalf of all defendants in this matter to address the issues raised in your letter of August 5, 2024.

Along with this response, we are serving amended privilege logs for Defendants that should alleviate some of your concerns.[1] The amended privilege logs provide Plaintiff with enough detail to enable Plaintiff to assess Defendants' privilege claims over each document. We disagree that there is any requirement to log each document withheld as a separate log entry.  Furthermore, such a task would be incredibly and unduly burdensome with respect to the 4473s, firearm Acquisition & Disposition (A&D) entries, and ATF Form 3310 forms that Plaintiff has requested in this case.

**Tiahrt Amendment**

Your interpretation in your August 5, 2024 correspondence regarding the scope of the Tiahrt Amendment is outdated and incorrect.  Most of the cases you rely upon assess and interpret old versions of the Tiahrt Amendment that are no longer relevant or applicable. Our position is that the Tiahrt Amendment protects any information or documents that federal firearms licensees are required to maintain and produce to ATF per applicable laws and regulations.  As such, ATF Forms 4473, ATF Forms 3310.4 and 3310.12, firearm Acquisition and Disposition records, and communications related to trace requests are all protected from disclosure, not subject to process, and are inadmissible evidence in a civil trial such as this.

---

[1] It is our understanding that defendant Ammo AZ, who has joined in this letter, will also be serving an amended privilege log.

*Estados Unidos Mexicanos v. Diamondback Shooting Sports, Inc., et al.*
*August 27, 2024  -  Page | 2*

The Tiahrt Amendment underwent numerous changes since its initial enactment in 2003, until finally in 2012 it became permanent in the Consolidated and Further Continuing Appropriations Act and accompanying reports. Thus, any reference to prior iterations are not relevant to this inquiry. The pertinent language, in full, compared to your cherry-picked language, is as follows:

> *Provided further*, That, during the current fiscal year and in each fiscal year thereafter, no funds appropriated under this or any other Act may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco, Firearms and Explosives or any information required to be kept by licensees pursuant to Section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section, except to: (1) a Federal, State, local, or tribal law enforcement agency, or a Federal, State, or local prosecutor; or (2) a foreign law enforcement agency solely in connection with or for use in a criminal investigation or prosecution; or (3) a Federal agency for a national security or intelligence purpose; unless such disclosure of such date to any of the entities described in (1), (2) or (3) of this proviso would compromise the identity of any undercover law enforcement officer or confidential information, or interfere with any case under investigation; and no person or entity described in (1), (2) or (3) shall knowingly and publicly disclose such data and **all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied upon, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court** or in an administrative proceeding other than a proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms and Explosives to enforce the provisions of chapter 44 of such title, or a review of such an action or proceeding …

125 Stat 552, 609-610 (emphasis added). The highlighted clause which provides that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied upon, or disclosed in any manner . . ." is known as the evidentiary provision.

We agree that that the Tiahrt Amendment does not shield all records maintained by a licensee regarding firearms related sales, however, "trace inquiries and other ATF-related materials are not discoverable private business records. […] [G]ranting civil litigants and other non-law enforcement parties access to trace inquiries and other ATF information runs afoul of the Tiahrt Amendment's efforts to limit such disclosures to law enforcement agencies. Therefore, trace inquiries and other ATF-related data are immune from discovery and legal process." *Williams v. Beemiller, Inc.*, 42 Misc. 3d 438, 442 (NY Sup. Ct., Erie Co., Nov. 25, 2013) (emphasis added).  In 2016, another trial court in New York was faced with similar questions presented in the *Williams* case related to Tiahrt and concluded with a similar holding.  In *Chiapperini v. Gander Mountain Company, Inc.*, (NY. Sup. Ct., Monroe Co., Index No. 14/5717, September 30, 2016), the court held, "the mandatory plain reading of the 2012 Tiahrt Rider dictates the conclusion that ***all*** ATF database information,

*Estados Unidos Mexicanos v. Diamondback Shooting Sports, Inc., et al.*
*August 27, 2024  -  Page | 3*

or firearm licensee information, is exempt from discovery, regardless of who possesses the same, and further without restriction to only the federal funding context." *Id*. p. 11. The court went on to state, "[S]imply put, Plaintiffs cannot skirt the 2012 Tiahrt Rider and obtain from Gander what it cannot obtain from the ATF…" *Id.* p. 12. Your co-counsel in this case was involved in both the *Williams* and *Chiappini* cases, and Plaintiff was very complimentary of the courts that issued these two decisions in opposition to Defendants' motion to dismiss. The sound legal reasoning set forth in the *Williams* and *Chiapperini* decisions applies to the documents being sought by Plaintiffs herein.

ATF Form 4473 is clearly an ATF-related document.  In fact, the bottom of the form denotes it as "ATF Form 4473 (5300.9)." The requested ATF Forms 4473 at issue are not the private business records of the Defendants; they are ATF developed forms that ATF FFL dealers are required by federal law to complete and maintain. *See* 27 CFR § 478.124. In addition, FFL dealers are required to transfer all ATF Forms 4473 to the ATF when they go out of business. The requested Acquisition and Disposition Log is another document that licensed dealers are required to maintain pursuant to 18 U.S.C. § 923(g) and related regulations adopted by the ATF. *See* 27 CFR § 478.125(e). Thus, the ATF Forms 4473 and Acquisition and Disposition Logs are exactly the types of documents that are immune from discovery under the Tiahrt Amendment because they constitute "information required to be kept by licensees pursuant to Section 923(g) of title 18, United States Code."  125 Stat. 552, 609-610.

Each and every communication between ATF and any Defendant addressing information about a particular firearm transaction and/or possibly pertaining to a firearm associated with a criminal investigation is part of ATF's trace database, and as such, includes, "part or all of the contents of the Firearms Trace System database."  This information is clearly included within the scope of the Tiahrt Amendment.

Further, beyond clearly being documents required to be maintained by the ATF, the ATF Form 4473 is used to collect trace data related information. The ATF Form 4473 contains personal identifying information maintained by FFLs for "law enforcement functions – specifically, during inspections, and in the course of investigations (for example, when tracing firearms linked to individual criminal investigations)." *See*, https://www.atf.gov/firearms/atf-form-4473-faqs, Q11.

Finally, by including "any information required to be kept by licensees pursuant to Section 923(g) of title 18, United States Code" in the Tiahrt Amendment, Congress obviously intended for it to serve a purpose. ATF Form 4473 and the Acquisition and Disposition records are solely maintained by FFLs.  These records are not maintained by the ATF.[2] Therefore, ATF is not typically in possession of "information required to be kept by licensees pursuant to Section 923(g)," and therefore, this statutory language would serve no purpose unless it applied to the records and information maintained by active FFLs on behalf of the ATF.

---

[2] When an FFL goes out of business, the ATF Forms 4473 and Acquisition and Disposition records are sent to an ATF warehouse for use in future tracing activities.

*Estados Unidos Mexicanos v. Diamondback Shooting Sports, Inc., et al.*
*August 27, 2024 - Page | 4*

Your letter mistakenly relies on several cases which analyzed outdated versions of the Tiahrt Amendment's language. More recent cases applying the current Amendment language have extended its protections to private entities. For example, Plaintiffs rely on a trial court's decision in *City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517 (E.D.N.Y.2006) and its interpretation of the phrase "such data" found in an earlier iteration of the Tiahrt Amendment. Interpreting the 2006 version of the law and its "grammatical structure," the court in *City of New York* held that the phrase "such data" preceding the disclosure prohibition could only refer to data that ATF had provided to a law enforcement agency for use in a criminal investigation. The language in the current version of the Tiahrt Amendment is different. The phrase "such data" is now used in two places, and in both instances the phrase is used in specific reference to disclosure of firearms trace information by local law enforcement agencies:

> [N]o funds appropriated under this or any other Act may be used to disclose part or all of the contents of the Firearms Trace System database …except to [Federal, State, local, tribal and foreign law enforcement agencies] unless such disclosure of **such data** to any of the entities described [above] … would compromise the identity of any law enforcement officer or confidential informant or interfere with any case under investigation; and no person or entity described [above] shall knowingly and publicly disclose **such data;**

Consolidated Appropriations Act, 2011, Pub. L. 112-175, Nov. 18, 2011, 125 Stat. 612, 625 (emphasis added).

Moreover, in the current version of the law, Congress chose a more inclusive phrase – "all such data" – making its intent clear - that the discovery and evidentiary prohibitions apply to "all" "information required to be kept by licensees pursuant to Section 923(g) of title 18, United States Code," not only to the firearms trace information that ATF disclosed to law enforcement agencies:

> [A]nd all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in any civil action … .

*Id.* The purpose of statutory interpretation is to effectuate the legislature's intent. Here, the legislature's intent was to prevent "widespread disclosure of [sensitive law enforcement] information to the public at large." H.R. Rep. 108-576, at 30 (2004). A finding that "all such" firearms information is "immune" from discovery under the Tiahrt Amendment, regardless of who possesses the information, is consistent with the law's plain language and intent.

The most recent court to address this issue, which you of course are very familiar with, agrees with this analysis. In *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, No. CV 21-11269-FDS, 2024 WL 3696388 (D. Mass. Aug. 7, 2024), Judge Saylor held, "ATF trace data—has been precluded by Congress from use in any civil action." *Id.* at *8. He explained that the law's language had evolved over time, "many of which reacted to conflicting decisions by various courts," with the 2006 edition including "a limitation on the admissibility or use of the ATF trace data in civil

*Estados Unidos Mexicanos v. Diamondback Shooting Sports, Inc., et al.*
*August 27, 2024  -  Page | 5*

litigation." *Id.* Judge Saylor concluded his analysis of the progression of this law stating, "the last version of the rider was passed in 2012, noting that it would apply 'during the current fiscal year and in each fiscal year thereafter,'" and as such, your expert, Ms. Allen, "was not permitted to rely on the ATF data in forming the conclusions contained in the report." *Id.*  Some of the data that Ms. Allen attempted to use pre-dated Tiahrt, and the other subset came from Mexico, not ATF. Thus, under your interpretation, Ms. Allen should have been able to utilize it. But the plain reading of the current version of the Tiahrt Amendment clearly makes any such data, whether from ATF or some other source, inadmissible, not subject to legal process, and not discoverable.

The Tiahrt Amendment's plain language, and its undeniably clear purpose, leads to the conclusion that ATF Forms, 4473 ATF Forms 3310.4 and 3310.12, A&D records, and trace related communications and forms, in the possession of ATF or Defendants, "shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in any civil action."

**Arizona Audit Reports Privilege**

Your letter claims that Arizona's Audit Reports Privilege (ARS § 12-2322) only applies to occupational health and safety audits, as opposed to general health and safety audits/laws. While there is a dearth of case law on this issue, the counsel for employees of the State of Arizona previously took a position contrary to your interpretation.

In *Crago v. Pritz*, CV-19-04532-PHX-ROS (ESW), 2020 WL 13579557 (D. Ariz. 2020), a civil rights action was brought pursuant to 42 U.S.C. § 1983 by Arizona prisoner Earl Felton Crago, Jr. against the prison wardens and directors alleging 1st and 8th Amendment violations. The case was defended by a private law firm, the Office of the Arizona Attorney General, and Maricopa County Attorney Civil Services Division. During a discovery dispute, the plaintiff filed a motion to compel the defendants to produce "copies of the Inspector General Bureau Audit Unit Report for [Arizona State Prison Complex]-Lewis in 2017, 2018, and 2019." In their response to this request, defendants objected claiming that "Audit Reports are confidential and privileged. A.R.S. § 12-2322 protects 'each document and communication that is created for an audit,' including 'interviews with current or former employees.'" *See* Ex. A hereto – Defendants' Response, p. 4. The court did not rule on the use of this privilege in this context, instead finding that only federal privileges would apply per FRE 501. Since our case based on diversity is premised on state law claims, A.R.S. § 12-2322 remains available.

In *Crago*, the defendants (Arizona state prison wardens and directors) asserted this privilege regarding documents outside the scope of the occupational safety laws. As such, it is a logical step to say that the Arizona Attorney General's office tried to invoke the Arizona Audit Reports Privilege outside of an employment context, and such a position supports our argument that the privilege applies to general health and safety audits, and not only occupational health and safety audits. Audits by ATF of Defendants' firearms sales records to ensure compliance are clearly based on a safety premise.

*Estados Unidos Mexicanos v. Diamondback Shooting Sports, Inc., et al.*
*August 27, 2024  -  Page | 6*

If you were able to locate any authority to support your statutory interpretation, please let us know and we will be happy to reassess our position.  Otherwise, it cannot be reasonably contested that ATF's regulatory compliance audit results of federal licensed dealers fall within "audit report" undertaken "to evaluate an organization's compliance with a health or safety law or an industry standard of excellence with respect to safety, reliability or training." A.R.S. §§ 12-2322(a). Further ATF's regulations clearly fall within a federal "[h]ealth or safety law" that relates to "health or safety." Id. § 12-2321(3).

**Law Enforcement Privilege**

We agree that the Defendants likely cannot carry the burden of refusing to produce certain documents under the law enforcement privilege.  However, we still have a good faith belief that some or all of the withheld documents pertain to ongoing criminal investigations, the production of which could jeopardize the health and safety of state and federal law enforcement officials. We are seeking clarification from the U.S. Government in this regard.

We expect that we will need 14 days to receive responses from these officials. If they agree that no law enforcement privilege is applicable, or we receive no response, we will withdraw this privilege and produce any documents that were withheld solely based on this asserted privilege.

We will be responding to your August 7 "deficiency" letter shortly.  Thereafter, we are happy to meet and confer on the issues addressed herein, and other objections to which you have taken issues.

Very truly yours,

**RENZULLI LAW FIRM, LLP**

Christopher Renzulli

cc: Counsel of record

RENZULLI LAW FIRM, LLP

# EXHIBIT 14

STATE OF WISCONSIN    :    CIRCUIT COURT    :    MILWAUKEE COUNTY
                                CIVIL DIVISION

---

JOSE LOPEZ III and
ALEJANDRO ARCE,

      Plaintiffs,

CITY OF MILWAUKEE,

      Involuntary Plaintiff,

v.                                     Case No.  10 CV 018530

BADGER GUNS, INC.; BADGER OUTDOORS,
INC.; ADAM J. ALLAN; WALTER J. ALLAN;
MICK BEATOVIC; WEST BEND MUTUAL
MUTUAL COMPANY; DEF INS. CO., the fictitious
name for an unknown insurance company;
and JOSE M. FERNANDEZ,

      Defendants.

MAR 3 0 2012

## MEMORANDUM OF INTERVENOR
## UNITED STATES OF AMERICA

      The United States intervenes in this case for the limited purpose of addressing the interpretation and constitutionality of a provision in an appropriations bill commonly known as the "Tiahrt Amendment," Pub. L. No. 111-117, 123 Stat. 3034, 3128 (Dec. 16, 2009).  The Special Master issued an order denying plaintiffs' motion to compel the production of certain records by defendant Badger Guns on the ground that the discovery was precluded by a restriction in this appropriations provision.  Plaintiffs have moved for an exception to this ruling, contending that the Special Master erred in reading the appropriations provision as restricting the non-governmental records they are seeking, and that, as construed by the Special Master, the appropriations provision violates the Constitution.

Received 4/2/2012

The United States respectfully submits that this appropriations provision does not restrict the discovery of the records at issue here, namely, the private business records of a federal firearms licensee ("FFL"). Rather, the provision is primarily a restriction on federal funding, and it applies to information maintained by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). However, even if the Court were to interpret the appropriations provision as restricting the discovery in this case, that provision would not violate the Constitution, as it was a valid exercise of Congress' power.

## BACKGROUND

### A.    The Gun Control Act

The Gun Control Act of 1968 ("GCA"), 18 U.S.C. § 921 *et seq.*, regulates the manufacture, importation, and sale of firearms by requiring any person engaged in the business of manufacturing, importing, or dealing in firearms to be licensed by the Attorney General. 18 U.S.C. §§ 922(a)(1), 923(a). Federal firearms licensees must create and maintain records of all firearms transactions, including the name, age, and place of residence of individual firearms purchasers. *Id.* §§ 922(b)(5), 923(g). In most instances, these records are maintained by the FFLs on their premises. The GCA authorizes ATF to inspect the records and inventories of FFLs to ensure records are maintained in accordance with applicable requirements and to ensure that licensees comply with federal laws governing the sale, transfer, possession, and transport of firearms. *See id.* § 923(g)(1). The GCA also provides that, in certain specified circumstances, FFLs are required to transmit records of firearms transactions directly to ATF. For example, the GCA requires FFLs to submit to ATF "a report of multiple sales or other dispositions whenever the licensee sells or otherwise disposes of, at one time or during any five consecutive business days, two or more pistols, or revolvers, or any combination of pistols and revolvers totalling two

or more, to an unlicensed person." *Id.* § 923(g)(3). The Act further requires a licensee whose business is discontinued to deliver its records to its successor, or "[w]here discontinuance of the business is absolute, such records shall be delivered within thirty days after the business discontinuance to the Attorney General." *Id.* § 923(g)(4). In addition, FFLs are required to "respond immediately to, and in no event later than 24 hours after the receipt of, a request by the Attorney General for information contained in the records required to be kept by this chapter, as may be required for determining the disposition of 1 or more firearms in the course of a bona fide criminal investigation." *Id.* § 923(g)(7).

### B.    ATF Trace Data

ATF is responsible for tracing firearms involved in criminal investigations. *See* 28 U.S.C. § 599A; 28 C.F.R. § 0.131(f). "'Tracing' a firearm is the systematic tracking of the history of a firearm involved in a criminal investigation from the manufacturer or importer through wholesalers to the retail [FFL] and ultimately to a retail purchaser." Declaration of Charles J. Houser ("Houser Decl.") ¶ 3 (attached as Exhibit 1); *see generally* ATF National Tracing Center Division: Information for Law Enforcement Agencies (2005), *available at* http://www.atf.gov/publications/download/p/atf-p-3312-7.pdf. "A firearms trace begins when the [National Tracing Center Division of ATF ("NTC")] receives a request from a federal, state, local, foreign, or international law enforcement agency." Houser Decl. ¶ 3. "In order to enable NTC to conduct a trace for a firearm, the requesting agency must provide the NTC with the firearm description which is the name of the manufacturer, importer if applicable, model, serial number, and the type and caliber of the firearm." *Id.* After receiving this information, NTC personnel typically contact the manufacturer or importer and provide it with the firearm description. *Id.* ¶ 4. "The manufacturer or importer is then asked to determine when and to

3

whom it sold the firearm, typically a wholesaler FFL." *Id.* "NTC personnel then contact the wholesaler to determine based on records required under the GCA when and to whom the wholesaler sold the firearm, generally to a retailer." *Id.* ¶ 5. The process continues as long as records allow, to the point where a retail purchaser can be identified because, at that point, the paper trail of records required to be kept by FFLs under the GCA ends." *Id.* "Upon the successful completion of a trace request, NTC forwards the results directly to the requesting law enforcement agency." *Id.* ¶ 6.

"Each of ATF's trace requests is conducted as part of a criminal investigation." *Id.* ¶ 7. "The trace information that ATF provides to the requesting agencies is used by those agencies in furtherance of their criminal investigations." *Id.* "In addition, ATF's special agents routinely use information from the trace database to develop investigative leads to: (1) link a suspect to a firearm-related criminal investigation; (2) identify any potential firearms traffickers; and (3) detect patterns in the sources and kinds of firearms that are used in crime." *Id.* ¶ 8.

"'Trace data' refers to data collected and maintained by ATF for the above-described purposes." *Id.* ¶ 9. "ATF databases contain records from approximately 17,000 federal, state, local, foreign, and international law enforcement agencies that submit trace requests to ATF." *Id.* ¶ 10. "These databases include information that connects firearms with sensitive investigative information provided by these law enforcement agencies." *Id.*

## C.    Appropriations Restrictions on Use of ATF Trace Data

Congress has long enacted a series of restrictions on ATF's use of funds as part of the appropriations process. The specific appropriations rider challenged here provides:

> *Provided further*, That, during the current fiscal year and in each fiscal year thereafter, **no funds appropriated under this or any other Act may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco,**

**Firearms and Explosives or any information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section,** except to: (1) a Federal, State, local, or tribal law enforcement agency, or a Federal, State, or local prosecutor; or (2) a foreign law enforcement agency solely in connection with or for use in a criminal investigation or prosecution; or (3) a Federal agency for a national security or intelligence purpose; unless such disclosure of such data to any of the entities described in (1), (2) or (3) of this proviso would compromise the identity of any undercover law enforcement officer or confidential informant, or interfere with any case under investigation; and no person or entity described in (1), (2) or (3) shall knowingly and publicly disclose such data; and all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court or in an administrative proceeding other than a proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms and Explosives to enforce the provisions of chapter 44 of such title, or a review of such an action or proceeding; except that this proviso shall not be construed to prevent: (A) the disclosure of statistical information concerning total production, importation, and exportation by each licensed importer (as defined in section 921(a)(9) of such title) and licensed manufacturer (as defined in section 921(a)(10) of such title); (B) the sharing or exchange of such information among and between Federal, State, local, or foreign law enforcement agencies, Federal, State, or local prosecutors, and Federal national security, intelligence, or counterterrorism officials; or (C) the publication of annual statistical reports on products regulated by the Bureau of Alcohol, Tobacco, Firearms and Explosives, including total production, importation, and exportation by each licensed importer (as so defined) and licensed manufacturer (as so defined), or statistical aggregate data regarding firearms traffickers and trafficking channels, or firearms misuse, felons, and trafficking investigations:

Pub. L. No. 112-55, 125 Stat. 552, 609-10 (2011) (emphasis supplied).[1]

This rider is the latest in a series of appropriations measures dealing with ATF trace data. The original appropriations restriction on the use of ATF trace data was enacted in 2003. That version prohibited the use of appropriated funds "to take any action based upon any provision of [the Freedom of Information Act ("FOIA"),] 5 U.S.C. § 552 with respect to records collected or maintained pursuant to . . . 923(g)(3) or 923(g)(7)." Pub. L. No. 108-7, 117 Stat. 11 (2003). A

---

[1] This is the most recent version of the appropriations provision, and is substantively identical to the version cited in the parties' briefs.

2004 appropriations provision expanded the prohibition on use of appropriated funds to include

any disclosure "to the public" of "the contents or any portion thereof of any information required

to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to

be reported pursuant to paragraphs (3) and (7) of section 923(g) of title 18, United States

Code. . . ." Pub. L. No. 108-199, 118 Stat. 3 (2004). In 2005, Congress added that such data

"shall be immune from legal process and shall not be subject to subpoena or other discovery in

any civil action in a State or Federal court or in any administrative proceeding other than a

proceeding commenced by [ATF]. . . ." Pub. L. No. 108-447, 118 Stat. 2809 (Dec. 8, 2004). In

2006, Congress added language that expressly provides that trace data may not be used as

evidence or for any other purpose in civil cases. *See* Pub. L. No. 109-108, 119 Stat. 2290 (Nov.

22, 2005) ("all such data shall be immune from legal process and shall not be subject to

subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on,

or disclosed in any manner, nor shall testimony or other evidence be permitted based upon such

data, in any civil action . . . in any State (including the District of Columbia) or Federal court or

in an administrative proceeding other than a proceeding commenced by the [ATF]. . . ."). The

2006 version of the rider is substantially similar to the provision at issue in this case.

## ARGUMENT

The appropriations provision does not prohibit the discovery of the records at issue in this

case, i.e., the business records of a private FFL maintained by that private entity. Rather, the

provision is primarily a federal funding restriction that limits only the release of *ATF*'s

information. Even if the Court were to interpret the provision as restricting the discovery at issue

here, however, it does not run afoul of the Constitution.

## I.   The Appropriations Provision Is Primarily a Federal Funding Restriction That Only Limits ATF's Release of Information

The appropriations rider does not prohibit the discovery of the records of a private federal firearms licensee.  Rather, it is a federal funding restriction that limits ATF's release of certain information.  As the District Court for the Eastern District of New York held in interpreting a prior iteration of the provision, this rider "is a budgetary provision, designed to ensure the appropriate use of federal funds." *City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 524 (E.D.N.Y. 2006).[2]  As the United States Court of Appeals for the Seventh Circuit explained in addressing a previous iteration of the rider, the term "such data" in the Act refers to "tracing data" and "data regarding multiple sales" maintained by ATF, and "Congress' obvious intention . . . was to cut off access to the databases for any reason not related to law enforcement." *City of Chicago v. Dep't of Treasury*, 423 F.3d 777, 780, 781 (7th Cir. 2005).[3]

Congress was particularly concerned with information in ATF's databases, which is far more extensive and sensitive than information kept and maintained by FFLs.  *See* Houser Decl. ¶¶ 10, 11.  As explained in the House Report for the 2005 Appropriations Act:

---

[2] *City of New York* involved ATF data that had been made available to the litigants prior to the enactment of the appropriations restriction addressed by the court.  429 F. Supp. 2d at 519.

[3] As the Seventh Circuit explained, the rider both restricts the use of federal funds and prohibits the disclosure of information in ATF's databases whether or not federal funds are expended in this disclosure.  *See City of* Chicago, 423 F.3d at 780 ("The public is now doubly restricted from access to these databases: first, the funding restriction prevents the federal agency that collects the data from acting on a request for disclosure; and second, the requesting party has no judicial remedy as the information is immune from legal process and not subject to subpoena or otherwise discoverable in a civil action.").  That court had previously concluded that a prior iteration of the appropriations rider that lacked the "immune from legal process" language "did not specifically exempt the databases from disclosure; they merely prohibited the use of appropriated funds to disclose the information." *Id.* at 782.  The Court had appointed a special master to "retrieve the data from ATF at the City's cost." *Id.* at 779.  In the 2005 Act, Congress included this language in order to "tak[e] away any possible judicial remedy for discovery of the information." *Id.* at 782.

In the last two fiscal years the Committee has expressed serious concern that, contrary to provisions of the Gun Control Act, as amended, and Congress' intent, *certain sensitive law enforcement information contained in databases maintained by the ATF* have been subject to release under the Freedom of Information Act and through court action to the public, including civil litigants, firearm manufacturers and distributors, public interest groups and governmental entities, for use other than in bona fide criminal investigations and prosecutions. The Committee concern is not related to budgetary considerations. The intent has been to enforce existing Federal law limiting disclosure of this sensitive law enforcement information solely to law enforcement, and, to the extent current Federal law does not already so restrict disclosure to so provide now. It is of great concern that releases have occurred, and if repeated, may result in wide-spread disclosure of this information to the public at large. This holds the potential of endangering law enforcement officers and witnesses, jeopardizing on-going criminal investigations and homeland security. *The need to maintain these sensitive law enforcement databases on a restricted, confidential basis in accordance with the law and ATF disclosure practices in place for years derives from the sensitive and long-term nature of criminal investigations.* In addition, such information, once released, might easily be disseminated through the Internet. This would endanger law enforcement and homeland security, and violate the privacy of innocent citizens and businesses.

H.R. Rep. 108-576, at 30 (2004) (emphasis supplied).

The Court should be hesitant to interpret the appropriations rider in a broad manner to preclude the discovery of private FFL records where there is no indication that Congress intended the rider to do so. Unlike the records of private FFLs, ATF databases contain records from thousands of FFLs which are provided to approximately 17,000 requesting federal, state, local, foreign, and international law enforcement agencies. Houser Decl. ¶¶ 10, 11. These databases include information that connects various firearms with investigative information provided by law enforcement agencies. *Id.* ¶ 10. Conversely, FFL records would only reveal, at most, the person to whom a firearm subject to a trace was sold or transmitted. *Id.* ¶ 11.[4] Therefore, Congress had ample reason to be particularly concerned about the release of information in ATF's trace databases in civil discovery, rather than all information kept by FFLs.

---

[4] FFLs are not required to maintain records of trace requests they receive from ATF. Houser Decl. ¶ 11.

The Supreme Court has often recognized that "statutes establishing evidentiary privileges must be construed narrowly because privileges impede the search for the truth." *Pierce County v. Guillen*, 537 U.S. 129, 144 (2003) (citations omitted); *see also Baldrige v. Shapiro*, 455 U.S. 345, 360 (1982) ("A statute granting a privilege is to be strictly construed so as to avoid a construction that would suppress otherwise competent evidence.") (citations omitted). And, although Congress may certainly amend substantive law in an appropriations provision where it does so clearly, "repeals by implication are especially disfavored in the appropriations context." *Robertson v. Seattle Audubon Soc'y*, 503 U.S. 429, 440 (1992). Because Congress did not clearly express an intent to protect all FFL records, particularly those outside ATF's possession, from civil discovery, the Court should not interpret the appropriations provision as precluding the discovery at issue in this case.

Interpreting the provision as not precluding the discovery at issue here, moreover, would avoid the need for the Court to address plaintiffs' constitutional challenge. *See New York City Transit Auth. v. Beazer*, 440 U.S. 568, 582 (1979) ("Before deciding the constitutional question, it [is] incumbent on [] courts to consider whether the statutory grounds might be dispositive."); *Labor & Farm Party v. Elections Bd.*, 117 Wis. 2d 351, 354; 344 N.W.2d 177, 179 (Wis. 1984) (declining to reach "various constitutional issues because we conclude the case can be resolved on statutory construction grounds alone"). In any event, as explained below, plaintiffs' constitutional challenge lacks merit.

## II.    Even If It Restricts the Discovery at Issue Here, the Appropriations Provision Does Not Violate the Constitution

Plaintiffs contend that, if the Court holds that it is not plausible to interpret the appropriations rider as only applying to ATF data, it should be struck down as unconstitutional. Plaintiffs' constitutional arguments lack merit and should be rejected.

## A.    The Commerce Clause Authorized Congress to Enact the Appropriations Restriction

Plaintiffs argue that Congress lacks authority under the Commerce Clause to interfere with state judicial processes by ordering state courts to disallow discovery of information held by private entities such as FFLs. Plaintiffs' Commerce Clause argument is flawed. Congress' power under the Commerce Clause extends to restricting the use and disclosure of documents in civil actions, if Congress concludes that such restrictions will aid in federal regulation of interstate commerce. *Pierce County*, 537 U.S. at 147. *Pierce County* involved a federal statute that barred the use in civil trials of documents prepared or collected by state authorities pursuant to a federal program to identify hazardous sections of state highways. Congress had passed the statute because states had been reluctant to prepare and collect such documents, fearing that the documents would be used in tort lawsuits against the states. The Supreme Court held that the statute was within Congress' Commerce Clause powers, as Congress "could reasonably believe" that the statutory prohibition would further Congress' regulation of highways under the Commerce Clause. *Id.* Similarly here, the Commerce Clause authorizes Congress to restrict the use of FFL records. Like the records in *Pierce County*, FFL records are completed by persons outside the United States government for purposes of assisting a federal regulatory program authorized under the Commerce Clause. Also similar to the restrictions at issue in *Pierce County*, the restrictions on the use of FFL records further the administration of this federal regulatory program.

The Gun Control Act of 1968 established a detailed federal scheme governing the distribution of firearms. 18 U.S.C. § 921 *et seq. See Huddleston v. United States*, 415 U.S. 814, 824 (1974) (stating that "commerce in firearms is channeled through federally licensed importers, manufacturers, and dealers," and that "[t]he principal agent of federal enforcement [of

10

the GCA] is the dealer."). In enacting the GCA, Congress expressly found that "federal control over firearms licensing for dealers, even for intrastate activity, was necessary to address the serious problems associated with interstate trafficking in firearms generally." *United States v. Kenney*, 91 F.3d 884, 890 (7th Cir. 1996) (citing S. Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.C.C.A.N. 2112, 2114, 2168). As Congress could reasonably conclude that restricting disclosure of FFL records would aid in regulating the distribution and trafficking in firearms, the Commerce Clause authorizes Congress to enact the restriction. *See Pierce County*, 537 U.S. at 147.[5]

### B.    The Appropriations Provision Does Not Violate the Tenth Amendment

Plaintiffs also make a cursory argument that interpreting the appropriations rider as prohibiting the discovery at issue here would violate the Tenth Amendment by intruding on state governance of discovery rules in state court. This argument is unavailing. The rider does not compel the state to implement a federal regulatory program. While "Congress may not require the legislative or executive branches of the States to enact or administer federal regulatory programs, it may require state courts of adequate and appropriate jurisdiction to enforce federal prescriptions, insofar as those prescriptions relate to matters appropriate for the judicial power." *Alden v. Maine*, 527 U.S. 706, 752 (1999) (internal alterations and citations omitted); *see also City of New York v. Beretta*, 524 F.3d 384, 397 (2d Cir. 2008), *cert. denied*, 129 S. Ct. 1579 (2009) (concluding that Protection of Lawful Commerce in Arms Act "does not commandeer any branch of state government because it imposes no affirmative duty of any kind on any of them"); *accord Adames v. Sheahan*, 909 N.E.2d 742, 764-65 (Ill.), *cert. denied*, 130 S. Ct. 1014 (2009); *Gillespie v. City of Indianapolis*, 185 F.3d 693, 708 (7th Cir. 1999) ("States and

---

[5] The disclosure restriction is also authorized under the Necessary and Proper Clause of the Constitution. *See Gonzales v. Raich*, 545 U.S. 1, 34-35 (2005) (Scalia, J., concurring).

municipalities are obligated to follow laws of general application that Congress enacts in the valid exercise of its authority under the Commerce Clause. . . .""), *abrogated on other grounds.* Because the appropriations rider at most requires state courts to enforce a validly-enacted federal prescription, it does not violate the Tenth Amendment.

## CONCLUSION

The appropriations provision does not prohibit the discovery of the records at issue in this case, as it only limits ATF's release of information. Even if the appropriations provision restricts this discovery, it was a valid exercise of Congress' authority and does not violate the Constitution.

Dated: March 30, 2012

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JAMES L. SANTELLE
United States Attorney

SANDRA M. SCHRAIBMAN
Assistant Branch Director

LESLEY R. FARBY
(IL Bar No. 6281365; DC Bar No. 495625)
Trial Attorney
Federal Programs Branch
Civil Division
United States Department of Justice
20 Massachusetts Ave. NW, Room 7220
Washington, D.C. 20530
Telephone: (202) 514-3481
Facsimile: (202) 616-8470
Email: lesley.farby@usdoj.gov

By: *Susan M. Knepel*
SUSAN M. KNEPEL
Assistant United States Attorney

Wisconsin State Bar No. 1016482
530 Federal Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 297-1723
Facsimile:  (414) 297-4394
Email: susan.knepel@usdoj.gov

13

STATE OF WISCONSIN     :     CIRCUIT COURT     :     MILWAUKEE COUNTY
                                   CIVIL DIVISION

JOSE LOPEZ III and
ALEJANDRO ARCE,

       Plaintiffs,

CITY OF MILWAUKEE,

       Involuntary Plaintiff,

v.                                                          Case No.  10 CV 018530

BADGER GUNS, INC.; BADGER OUTDOORS,
INC.; ADAM J. ALLAN; WALTER J. ALLAN;
MICK BEATOVIC; WEST BEND MUTUAL
MUTUAL COMPANY; DEF INS. CO., the fictitious
name for an unknown insurance company;
and JOSE M. FERNANDEZ,                                      MAR 30 2012

       Defendants.

## DECLARATION OF CHARLES J. HOUSER

    I, Charles J. Houser, do declare and state as follows pursuant to 28 U.S.C. § 1746:

    1.    I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives

("ATF") and the Chief of ATF's National Tracing Center ("NTC") Division.  I respectfully

submit this declaration in support of the memorandum by the United States of America.  This

declaration is based on my personal knowledge and knowledge made available to me in the

course of my official duties.

    2.    NTC compiles the trace database for ATF.

    3.    "Tracing" a firearm is the systematic tracking of the history of a firearm involved

in a criminal investigation from the manufacturer or importer through wholesalers to the retail

federal firearms licensee ("FFL") and ultimately to a retail purchaser.  An FFL is a manufacturer,

importer, distributor, or retailer licensed by ATF under the Gun Control Act ("GCA") to engage

Received 4/2/2012

in a firearms business. A firearms trace begins when the NTC receives a request from a federal, state, local, foreign, or international law enforcement agency. In order to enable NTC to conduct a trace for a firearm, the requesting agency must provide the NTC with the firearm description which is the name of the manufacturer, importer if applicable, model, the serial number, and the type and caliber of the firearm.

4.      After receiving this information, NTC personnel typically contact the manufacturer or importer and provide it with the firearm description. The manufacturer or importer is then asked to determine when and to whom it sold the firearm, typically a wholesaler FFL.

5.      NTC personnel then contact the wholesaler to determine based on records required under the GCA when and to whom the wholesaler sold the firearm, generally to a retailer. The process continues as long as records allow, to the point where a retail purchaser can be identified because, at that point, the paper trail of records required to be kept by FFLs under the GCA ends.

6.      Upon the completion of a trace request, the NTC forwards the results directly to the requesting law enforcement agency.

7.      Each of ATF's trace requests is conducted as part of a criminal investigation. The trace information that ATF provides to the requesting agencies is used by those agencies in furtherance of their criminal investigations.

8.      In addition, ATF's special agents routinely use information from the trace database to develop investigative leads to: (1) link a suspect to a firearm in a criminal investigation; (2) identify any potential firearms traffickers; and (3) detect patterns in the sources and kinds of firearms that are used in crime. By doing so, the special agents are furthering

ATF's strategic goal of interdicting and preventing illegal firearms trafficking. At any point in time, ATF uses the leads to illegal firearms trafficking for task force investigations in dozens of cases.

9.    "Trace data" refers to data collected and maintained by ATF for the above-described purposes.

10.    ATF databases contain records from approximately 17,000 federal, state, local, foreign, and international law enforcement agencies that submit trace requests to ATF. These databases include information that connects firearms with sensitive investigative information provided by these law enforcement agencies.

11.    By contrast, FFL records do not contain sensitive law enforcement information. FFLs are not required to maintain records of trace requests they receive from ATF. FFL records would only reveal, at most, the person to whom a firearm was sold or transmitted.

I declare under penalty of perjury that the foregoing is true and corrected. Executed this day of March, 2012.

Charles J. Houser

3

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

JOSE LOPEZ III et al,

           **Plaintiff,**          O      MAR 3 0 2012     C

vs.                                                    **Case No.  10-CV-018530**
                                                       **Branch 10**

BADGER GUNS, INC. et al.,

           **Defendant.**

---

### CERTIFICATE OF MAILING

      I hereby certify that on March 30, 2012, I mailed via first class mail true and correct copies of the following: **Motion to Intervene by United States of America; and Memorandum of Intervenor United States of America; and Declaration of Charles J. Houser**, to:

Attorney Patrick Dunphy
Cannon & Dunphy, S.C.
P.O. Box 1750
Brookfield, WI 53008-1750

Office of the Milwaukee City Attorney
Heidi Wick Spoerl
200 E. Wells Street, Rm 800
Milwaukee, WI 53202-3653

Attorney James B. Vogts
Swanson, Martin & Bell, LLP
330 N. Wabash Ave, STE 3300
Chicago IL 60611

Attorney Douglas Raines
von Briesen & Roper, S.C.
411 East Wisconsin Ave., STE 700
Milwaukee, WI 23202

Brady Center to Prevent Gun Violence
Attn: Jonathan E. Lowery
Legal Action Project
1225 Eye Street N.W., STE 1100
Washington, D.C. 20005

Jose Fernandez
P.O. Box 19033
Green Bay, WI 54307-9033

West Bend Insurance Company
1900 S. 18th Avenue
West Bend, WI 53095

Attorney James S. Smith
Smith, Gunderson & Rowen, S.C.
Glenwood Executive Center
15460 West Capitol Drive
Brookfield, WI 53005

Hodan, Doster & Ganzer
Attn: Michael J. Ganzer
5555 N. Port Washington Rd. STE 207
Milwaukee, WI 53217-4927

*Susan M. Knepel*

SUSAN M. KNEPEL
Assistant United States Attorney

2

# EXHIBIT 15

```
 1          STATE OF WISCONSIN  CIRCUIT COURT   MILWAUKEE COUNTY
                                BRANCH 11
 2          ------------------------------------------------------

 3          JOSE LOPEZ, III, et al,

 4                    Plaintiffs,        CASE NO. 10-CV-018530

 5                    vs.

 6          BADGER GUNS, INC., et al,        COPY

 7                    Defendants.

 8          ------------------------------------------------------

 9                            MOTION HEARING

10          ------------------------------------------------------

11               BEFORE THE HONORABLE DOMINIC S. AMATO,
                    CIRCUIT COURT JUDGE PRESIDING
12                         JUNE 25, 2012

13

14                      A P P E A R A N C E S:

15          BRETT A. ECKSTEIN, Attorney at Law, appeared on behalf
            of the Plaintiffs.
16
            JAMES B. VOGTS, Attorney at Law, appeared on behalf of
17          the Defendants, Badger Outdoors, Inc.

18          DOUGLAS RAINES, Attorney at Law, appeared on behalf of
            the the Defendants, West Bend Insurance Company.
19
            LESLIE FARBY and SUSAN KNEPEL, Attorneys at Law,
20          appeared on behalf of the United States.

21

22                      BONNIE H. DOMASK
                      Official Court Reporter
23

24

25
```

——1——

Received 7/3/2012

```
 1        T R A N S C R I P T    O F    P R O C E E D I N G S

 2               THE CLERK:  Case No. 10-CV-18530, Jose Lopez,

 3      III, and others, versus Badger Guns, Inc., and others.

 4      Please state your appearances.

 5               MR. ECKSTEIN:  Plaintiffs appear by Brett

 6      Eckstein of Cannon & Dunphy.

 7               MR. VOGTS:  Jim Vogts on behalf of the Badger

 8      Defendants.

 9               MS. FARBY:  Leslie Farby from the United

10      States Department of Justice of the United States and

11      with me is United States Attorney Susan Knepel.

12               MR. RAINES:  Douglas Raines of vonBriesen &

13      Roper with West Bend Insurance Company.

14               THE COURT:  Does anyone want to add anything

15      they haven't already submitted because I've got a

16      decision.

17               MR. VOGTS:  Nothing, Your Honor.

18               THE COURT:  Do you think this case will be

19      tried before I die?

20               MR. VOGTS:  Yes, Your Honor.

21               THE COURT:  Well, I got another part tried in

22      the year, and I'm trying to get this expedited as

23      efficiently as I can for the benefit of all the

24      parties.

25               The plaintiffs in this case had moved the
```

1    Court excepting the decision of the Special Master,

2    Michael Ganzer, who entered an order on December 15,

3    2011, denying the plaintiffs' motion to compel a number

4    of document requests and demands.

5         Michael Ganzer, the Special Master, denied the

6    plaintiffs' request and based upon the special master's

7    interpretation of an amendment that Congress inserted

8    into the federal appropriations legislation for the

9    Bureau of Alcohol, Tobacco, Firearms and Explosives,

10   referred to as ATF, otherwise known as the Tiahrt

11   Amendment.

12        The primary purpose of the Gun Control Act is

13   to regulate all businesses engaged in importing,

14   dealing and manufacturing firearms.  United States v.

15   Petrucci, P-E-T-R-U-C-C-I, 486, F.2d 329, 331(9th Cir.

16   1973).  Under the Gun Control Act, federal licenses

17   must maintain records of firearms transactions, and the

18   ATF has authority to inspect these records to ensure

19   compliance with the federal law.

20        The Tiahrt Amendment attempts to restrict

21   access to trace data information, and that is records

22   of a firearms transactions used to track history of a

23   firearm involved in criminal investigation.

24        The Tiahrt Amendment has been amended a number

25   of times since 2003; but simply stated, making a

1    complex thing simple and a simple thing not complex.

2    It's the interpretation of this Court that the Tiahrt

3    rider prevents the ATF from publically disclosing trace

4    data and precludes the data from being disclosed or

5    used in any civil action.

6            That's the same -- it's not the same case.

7    It's United States v. Marzzarella,

8    M-A-R-Z-Z-A-R-E-L-L-A, 614 F.3d 85, (3rd Cir.2010).

9    The litigants here dispute whether the special master

10    was correct in determining as a matter of law that the

11    Tiahrt Amendment rider provides disclosure of records

12    sought in the discovery request made by plaintiffs

13    against the principle defendants here, Badger Guns.

14            In April of this year, the United States of

15    America in viewing this matter and provided a

16    memorandum to the Court taking the position that the

17    Tiahrt rider does not restrict discovery of the records

18    at issue regarding, quote, private business records of

19    a federal firearms licensee, unquote.

20            Wisconsin Statute Section 804.01(2)(a)

21    provides that parties may obtain discovery regarding

22    any matter, not privileged, which is relevant to the

23    subject matter involved in the pending action.

24            This Court in determining whether the

25    requested discovery is privileged, it is critical to

1    point out by the Court that evidentiary privileges

2    interfere with the trial court's search for the truth

3    and thereby must be strictly construed, consistent with

4    the fundamental tenets of the law, that people have a

5    right to every person's due process discovery mode and

6    evidence.

7        State v. Echols, E-C-H-O-L-S, 152 Wis.2d 725,

8    a 1989 Court of Appeals' decision.  Thereby, this Court

9    finds that the Tiahrt Amendment allows for the

10   discovery of the requested records because those

11   records are not privileged.

12       The language of the Tiahrt Amendment reveals

13   that the only evidence that is privileged is trace data

14   information maintained by ATF in its database, not the

15   private business records of a firearms licensee.

16       City of Chicago v. U.S. Department of

17   Treasury, Bureau of Alcohol, Tobacco & Firearms, 423

18   F.3d 777, 7th Circuit Court of Appeals, 2005, which

19   found that the Tiahrt Amendment deprives ATF of funding

20   to act on requests for disclosure of the firearms,

21   trace database and that the data assembled pursuant to

22   18 U.S.C. Sections 923(g), 923(g)(3)and 923(g)(7) does

23   not prevent federal firearms licensees from disclosing

24   business records.

25       This Court agrees and finds that Tiahrt

1        Amendment does not prevent firearms, federal firearms
2        licensees like Badger from disclosing private business
3        records; and thereby, this Court doesn't have to reach
4        a constitutional issue.
5            Now, whether this involves some -- these are
6        my words, these are not the words of Badger Guns'
7        lawyers but these are my words, whether it involves
8        some sacred untouchable area because it may have some
9        footings to a criminal investigation.  I mean, that's
10       the process of the district attorney's office, the
11       United States Attorneys Office, but the private
12       licensee doesn't have standing to complain about that.
13           The reasons why you really have that amendment
14       is you don't want the burden made upon your ATF when
15       millions of weapons are sold in this community, guns
16       are sold in this community, to have to have the
17       economic power to respond to all the requests and
18       demands made by people seeking this information from
19       the government, and that's the purpose of the amendment
20       is to protect the government, but it doesn't protect a
21       private licensee from having a lawful discovery demand
22       made in a civil action to produce that information.
23           So the special master though his findings,
24       factual findings are not at all an issue in this case
25       of the fact that the special master felt that he

1    couldn't comply because of the federal amendment, that

2    portion is reversed, and the motion to produce the

3    information made by the plaintiff against the

4    defendant, Badger Guns and Badger Outdoors, Inc. is

5    being hereby granted.

6         Now, if there happens to be -- and this is

7    where I respond back to defense counsel -- if there

8    happens to be a delicate area, then you're at leave to

9    ask the special master to look at it again, and you're

10   going to have to provide some substantiation other than

11   just saying -- those are my words -- a delicate matter.

12        I mean, I have to have just more than

13   advocacy; and if there needs to be a protective order

14   entered where the information only relates to the

15   litigants of this lawsuit, I'm inclined to grant that

16   because I don't believe the information has to be made

17   to the whole world on the worldwide web.  And with

18   that, I believe the United States is going to say

19   goodbye.

20        MS. FARBY:  Yes.

21        THE COURT:  And I'm not going to go through

22   why I think the statute is constitutional.  If defense

23   gets reversed on appeal and it comes back down, then

24   I'll deal with the constitutional issue, but I'm

25   telling you I don't think it's unconstitutional.  All

1    right.  Have a good day everybody.  Thank you.

2            MR. VOGTS:  Thank you.  Would the Court

3    contemplate entry of a protective order that it outset

4    here protecting against that widespread disclosure?

5            THE COURT:  Well, I'm saying that -- you know,

6    here's my only pragmatic problem.  Again, I'm not

7    academia.  I'm very -- I don't want to even say I'm

8    street-smart.

9            MR. VOGTS:  Practical.

10           THE COURT:  I get out in the streets, let's

11   put it that way.  Now, I don't want this stuff

12   disclosed all over the place.  Number one, I don't

13   believe the whole world is entitled to access to it.

14   That's number one.  Number two, there's a level of

15   privacy between all parties here, even though they are

16   in adversarial positions.

17           In addition to that, I don't want to taint or

18   have issues as to whether or not anyone gets a fair

19   trial here because information is disclosed and

20   seminated.  I mean, the idea is it's not trial by

21   press.  It's trial here in the courtroom.

22           By the same token, I can not delineate off the

23   top of my head everything that all of you want in the

24   protective order.  So given these parameters, this bell

25   curve, you know, I'll enter a protective order.  If you

1    all want to refine it, come ahead and give me a

2    stipulation.  If you feel that this bell curve I

3    created, if it's not protected, then you've got to take

4    the next step.

5              MR. VOGTS:  I will draft the protective order

6    in such a way among counsel, a stipulated protective

7    order.

8              THE COURT:  I know, but you all have got to

9    agree on it.  Just talk about it a little bit first

10   instead of drafting it.

11             MR. VOGTS:  Well, I mean we certainly would do

12   that but just so we have something in front of us to

13   talk about.

14             THE COURT:  Well, you can also have the

15   transcript of the record I'm making today.

16             As Justice Wilcox said when he was on the

17   Supreme Court -- before he was on the Supreme Court and

18   after he was on the Supreme Court, he said, my reading

19   of the tea leaves.  My reading of the teas leaves is

20   that there is going to be a lot of discovery.  But I

21   don't want this to drag out for long, long periods of

22   time.  So I invite you all to share this with the

23   special master and get on a program where I can get

24   this case scheduled for a final pretrial and

25   disposition.

```
 1                    MR. VOGTS:  We are scheduled, Your Honor.
 2                    THE COURT:  Did I give you October 2013?
 3                    MR. VOGTS:  It's in late summer or early fall.
 4                    THE COURT:  All right.  Okay.  Well, it's
 5       called old age on my part.  But see if it works; if it
 6       doesn't work, you've got to get in here right away.
 7       And plaintiff's counsel, you can prepare an order to
 8       that and adios.
 9                    MR. ECKSTEIN:  Thank you, Your Honor.
10                    MR. VOGTS:  Thank you.
11                    (Whereupon, proceedings were concluded at 1:52
12       p.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1    STATE OF WISCONSIN )

2                       )    ss.

3    MILWAUKEE COUNTY   )

4

5

6                I, BONNIE H. DOMASK, Official Court

7    Reporter in and for the Circuit Court of Milwaukee

8    County, do hereby certify that the foregoing is a true

9    and correct transcript of all the proceedings had in

10   the above-entitled matter as the same are contained in

11   my original machine shorthand notes on the said trial

12   or proceedings.

13

14

15

16   _____
     BONNIE H. DOMASK

17   OFFICIAL COURT REPORTER

18

19
     Dated at Milwaukee, Wisconsin on this 26th day of June,
20   2012.

21

22

23

24

25

—11—

# EXHIBIT 16

STATE OF NEW YORK
SUPREME COURT        MONROE COUNTY
_____

KIMBERLY CHIAPPERINI as representative of
the estate of MICHAEL CHIAPPERINI, et al.,

                    Plaintiffs,

      -vs-

GANDER MOUNTAIN COMPANY, INC., et al.,
                                                              Index #: 14/5717

                    Defendants.
_____

*Court Date*
*August 30, 2016*

APPEARANCES

Alla Lefkowitz, Esq.                          James M. Paulino, II, Esq.
*Attorney for Plaintiff*s                     *Attorney for Defendant Gander*

## DECISION AND ORDER

**Odorisi, J.**

     This lawsuit arises out of the 2012 West Webster Christmas Eve ambush. Pending before this Court is Defendant Gander Mountain Company, Inc.'s motion to review the Discovery Referee's decision on the release of firearms "trace data."

     Based upon a review of: Defendant Gander Mountain Company, Inc.'s Notice of Motion, dated May 16, 2016, and the Attorney Affirmation of James M. Paulino, II, Esq., with exhibits, dated May 16, 2016 - both submitted in support of the motion; the Attorney Affirmation of Donald W. O'Brien, Esq., with exhibits, dated June 15, 2016 - submitted in opposition to the motion; as well as upon oral argument, this Court hereby **GRANTS IN PART AND DENIES IN PART** Gander's motion for the reasons set forth hereinafter.

-2-

## LAWSUIT FACTS

### *Background Information*

This case has been before the Court now on several different motions; therefore, an extensive factual recitation is not necessary. However, and briefly, on June 6, 2010, Defendant Dawn Nguyen ("Nguyen") bought two firearms for Decedent William Spengler ("Spengler") - a convicted manslaughter felon - at Defendant Gander Mountain Company Inc.'s ("Gander") Henrietta store. In the early morning hours of December 24, 2012, Spengler killed his sister, set his West Webster home on fire, and then used one of the firearms - a Bushmaster rifle - to shoot volunteer firefighters Michael Chiapperini ("Chiapperini"), Tomasz Kaczowka ("Kaczowka"), Joseph Hofstetter ("Hofstetter"), and Theodore Scardino ("Scardino") who were all responding to a 911 dispatch. Tragically, Chiapperini and Kaczowka died and Hofstetter and Scardino were seriously injured.

### *Procedural History*

This 12-claim action was commenced on May 20, 2014, and it focuses on the alleged illegal straw sale at Gander's store [Paulino Atty. Aff., Ex. I]. As to Gander, Plaintiffs asserted causes of action for: negligence, negligent entrustment, negligence *per se*, negligent training and supervision, public nuisance, loss of consortium, wrongful death, and a survival action.

Gander was served with the pleadings on May 21, 2014. At that time, Plaintiffs also served a "Notice to Produce Documents" [Paulino Atty. Aff., Ex. A]. In that Notice, and among other things, Plaintiffs demanded production of the following:

-3-

> 33.    All Documents concerning any firearm sold by Gander
> Mountain or the Rochester Store that, after sale, has been
> used in connection with an alleged crime or unauthorized
> use, subject of a trace, or recovered by law enforcement,
> including but not limited to any **sales records or other
> Documents** listing the make, model, and serial number of
> the firearm, **trace data**, and **information** regarding how the
> gun was obtained by the user.

[Paulino Atty. Aff., Ex. A, p. 11, ¶ 33 {emphasis added}; see also p. 4, ¶ 14 {defining

"trace," "tracing," and "trace requests" as "any inquiries or requests by law enforcement

for information about a firearm or purchase, sale, or other transaction involving a

firearm"}].

By way of background, "[w]hen a law enforcement agency recovers a firearm in a

criminal investigation, the recovering agency may place a tracing request with the ATF

to identify the firearm's history."  See Williams v. Beemiller, Inc., 42 Misc 3d 438, 439

(Erie Co Sup Ct 2013).  "The ATF is the only federal agency authorized to conduct

firearm tracing . . . ."  Id.  For tracing inquiries, federal law requires firearm licensees -

such as Gander - to maintain "records of importation, production, shipment, receipt,

sale, or other disposition of firearms at his place of business . . . ."  18 USC § 923 (g) (1)

(A).  See also 18 USC § 923 (g) (7); Abramski v. United States, 134 S Ct 2259, 2262

(2014); United States v. Martin, 78 F3d 808, 810 (2d Cir 1996).

After an unsuccessful removal to federal court, Gander moved to dismiss the

case mainly based upon the 2005 federal Protection of Lawful Commerce in Arms Act

("PLCAA").  In December of 2014, Gander's motion was denied, with the exception of

dismissing Plaintiffs' request for a permanent injunction.  See Chiapperini v. Gander

Mtn. Co., Inc., 48 Misc 3d 865 (Monroe Co Sup Ct 2014).  Gander did not appeal.

-4-

Thereafter, the parties engaged in extensive discovery, including eventually executing a Confidentiality Agreement.  In January of 2015, Gander finally objected to May 2014 Notice's "trace data" request as cumulative, overly broad, irrelevant, and also exempt from disclosure as attorney-client privileged, attorney work product, and materials prepared in the anticipation of litigation [Paulino Atty. Aff., Ex. B, p. 27, ¶ 33]. In a July 2015 letter, Gander added that the gun tracing information was immune from disclosure under federal law [O'Brien Atty. Aff., Ex. # 7].

After some discovery motions, this Court issued a Letter Decision on January 25, 2016, directing the disclosure of post-sale materials as bearing upon Plaintiffs' broad public nuisance claim [O'Brien Atty. Aff., Ex. # 14].  In conjunction with this Court's oversight of discovery, and just prior to the January decision, a Referee was appointed to address continuing, as well as future, discovery disputes.  The parties stipulated to using John C. Herbert, Esq. ("Referee Herbert") for that purpose.

Plaintiffs' outstanding "trace data" demand was one matter reserved for Referee Herbert.  Before Referee Herbert, Gander explained that the "trace data" was absolutely statutorily immune from disclosure under the federal Tiahrt Amendment/Rider to the Consolidated Appropriations Act of 2012 ("Tiahrt Rider").  Plaintiffs sought the information to prove the inadequacy of Gander's procedures to prevent illegal gun sales as it pertained to their public nuisance claim, and contended that the Tiahrt Rider did not apply to private litigants.  In essence, Gander sought an order of protection (see CPLR 3103 (a)), while Plaintiffs continued to pursue an order to compel.  See CPLR 3124.

On May 9, 2016, Referee Herbert issued a Decision and Order directing Gander to disclose the "trace data" in its possession because the Tiahrt Rider did not insulate

-5-

private businesses from disclosing the same [Paulino Atty. Aff., Ex. C, p. 6]. In making this decision, Referee Herbert declined to follow an Erie County Supreme Court case which came to the opposite conclusion (see Williams, 42 Misc 3d 438), and instead relied upon a 2012 Wisconsin case - Lopez v. Badger Guns, Inc. [pp. 5-6]. In addition, Referee Herbert found that the "trace data" was material and relevant, even if not ultimately admissible, or of limited evidentiary value [pp. 7-8]. In sum and substance, Referee Herbert granted Plaintiffs' request to compel, and denied Gander's application for a protective order [p. 8].

### Motion Contentions Summary

By way of a motion filed May 16, 2016, Gander timely moved to reject Referee Herbert's Report on the ground that he erred in concluding that the "trace data" was not statutorily privileged and also that the information had probative value. Gander asked that Plaintiffs' motion to compel be denied, and that it be granted a protective order.

Plaintiffs opposed the motion because the Tiahrt Rider does not foreclose disclosure of Gander's own records. Plaintiffs refute Gander's contention of lacking probative value of the "trace data" as both premature and also inaccurate.

### LEGAL DISCUSSION

Gander is entitled to some of its requested relief by overturning a portion of Referee Herbert's Report. See e.g. Those Certain Underwriters at Lloyds, London v. Occidental Gems, Inc., 11 NY3d 843, 846 (2008) (Supreme Court properly determined that the evidence did not support the special referee's recommendation); Occidental Chem. Corp. v. Hartford Acc. & Indem. Co., 184 AD2d 1038 (4th Dept 1992) (Supreme Court improperly denied motion seeking an order pursuant to CPLR 3104 (d) to set

-6-

aside the determination of the Discovery Referee insofar as it directed a party to produce privileged information).

### Standard of Review

An analysis of Gander's motion must begin with a brief overview of a few Civil Practice Law and Rules ("CPLR") provisions.

To start, and as to referee decisions, the CPLR provides that:

> (d) Review of order of referee. Any party or witness may apply for review of an order made under this section by a referee. The application shall be by motion made in the court in which the action is pending within five days after the order is made. Service of a notice of motion for review shall suspend disclosure of the particular matter in dispute . . . It shall set forth **succinctly the order complained** of, the **reason it is objectionable** and the **relief demanded**.

CPLR 3104 (d) (emphasis added). See also Carpenter v. Browning-Ferris Indus., Inc., 307 AD2d 713, 715 (4th Dept 2003).

Because Referee Herbert's decision dealt with discovery, this Court next acknowledges the CPLR staple discovery provision that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." CPLR 3101 (a). See also Allen v. Crowell-Collier Pub. Co., 21 NY2d 403, 406-407 (1968); Rawlins ex rel. Rawlins v. St. Joseph's Hosp. Health Ctr., 108 AD3d 1191, 1191-1192 (4th Dept 2013). Given this broad standard, a trial court is vested with considerable discretion to supervise discovery. See DeLeon v. State, 52 AD3d 1282 (4th Dept 2008). See also CPLR 3104 (a); First Am. Commercial Bancorp, Inc. v. Saatchi & Saatchi Rowland, Inc., 56 AD3d 1137, 1138 (4th Dept 2008). The deference afforded to a trial court regarding disclosure extends to its decision on

-7-

reviewing a referee's report, and such a report should be confirmed so long as it is "supported by the record." Those Certain Underwriters at Lloyds, London, 11 NY3d at 845. See also Di Mascio v. Gen. Elec. Co., 307 AD2d 600, 601 (3d Dept 2003); Bellnier v. Bellnier, 158 AD2d 947, 948 (4th Dept 1990).

The present motion involves the delicate balancing of New York's lenient discovery rules with a federal immunity provision, which this Court concludes precludes some of Plaintiffs' discovery demand. See e.g. Occidental Chem. Corp, 184 AD2d at 1038 (reversing denied CPLR 3104 (d) motion to set aside Discovery Referee's ruling).

### *Federal Law Privilege*

Gander is correct concerning the application of the federal immunity provision for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") "trace records" in its possession. See e.g. Williams, 42 Misc 3d 438 (Tiahrt Rider insulates ATF-generated firearm trace information from disclosure by all parties: the ATF, law enforcement, and civil litigants). As in Williams, this Court also concludes that the Tiahrt Rider bars a part of Plaintiffs' discovery application thereby compelling a modification of Referee Hebert's Report. See also Surgical Design Corp. v. Correa, 21 AD3d 409 (2d Dept 2005) (reversing and granting motion to vacate referee's order concerning privileged matter).

Despite the aforementioned normal wide-ranging discovery permitted in New York, CPLR Section 3101 goes on to provide that "privileged matter shall not be obtainable." CPLR 3101 (b). See also Spectrum Sys. Intern. Corp. v. Chem. Bank, 78 NY2d 371, 376 (1991) ("privileged matter is **absolutely** immune from discovery" {emphasis added}). The party asserting a privilege has the burden of proving the same (see Koump v. Smith, 25 NY2d 287, 294 (1969); Cent. Buffalo Project Corp. v. Rainbow

-8-

Salads, Inc., 140 AD2d 943 (4th Dept 1988)), and may seek a protective order to prevent the disclosure of such privileged materials. See CPLR 3103 (a); Lipin v. Bender, 84 NY2d 562, 570 (1994); Rawlins, 108 AD3d at 1192 (acknowledging that the entitlement to discovery is tempered by the trial court's authority to impose a protective order).

Here, Gander asserts a privilege arising from federal law, namely the 2012 Tiahrt Rider, as the first reason to undo Referee Herbert's decision (see Williams, 42 Misc 3d 438), and to also obtain a protective order. See e.g. Kirby v. Kenmore Mercy Hosp., 122 AD3d 1284, 1285 (4th Dept 2014) (reversing and granting full protective order).

In 2003, Congress attached the first Tiahrt Rider to an appropriations bill funding the ATF, and that rider restricted the ATF from disclosing firearm tracing information to parties other than law enforcement agencies. See Williams, 42 Misc 3d at 440. The Tiahrt Rider was revised in 2004, 2005, and 2006. See Pub.L. No. 109–108, 119 Stat. 2290, 2295–96; Pub.L. No. 108–447, 118 Stat. 2809, 2859–60; Pub. L. No. 108–199, 118 Stat. 3, 53. Cases dealing with the earlier Tiahrt Riders are limited, and focused mainly on Freedom of Information Act ("FOIA") applications made directly to the ATF. See Williams, 42 Misc 3d at 440 (citing City of Chicago v. United States Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms, 423 F3d 777 (7th Cir. 2005) (refusing the plaintiffs' FOIA request made directly to the ATF for trace data); City of New York v. Beretta U.S.A. Corp., 429 F Supp 2d 517 (EDNY 2006)). In City of New York, the federal District Court held that the 2006 Tiahrt Rider's disclosure limitation did not encompass trace data already in an outside party's possession for civil litigation purposes. Id. at 520 (2006 Tiahrt Rider would not apply retroactively).

-9-

After the 2006 <u>City of New York</u> decision, the Tiahrt Rider was again amended.[a]

Of utmost importance to the present motion is a 2012 amendment which provides as

follows:

> [D]uring the current fiscal year **and in each fiscal year thereafter**, no funds appropriated under this or any other Act may be used to **disclose contents of the Firearms Trace System database maintained by the [ATF]** *or any information required to be kept by [firearm] licensees* except to: (1) a Federal, State, local, or tribal law enforcement agency, or a Federal, State, or local prosecutor; or (2) a foreign law enforcement agency solely in connection with or for use in a criminal investigation or prosecution; or (3) a Federal agency for a national security or intelligence purpose.
>
> [N]o person or entity described in (1), (2) or (3) shall knowingly and publicly disclose such data; **and** *all such data* **shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State or Federal court**.

Consolidated and Further Continuing Appropriations Act, 2012, Pub. L. No. 112–55, 125

Stat. 552 (2012) (emphasis added).

The first portion of the 2012 Tiahrt Rider encompasses monetary oversight, while

the second part restricts dissemination of the data. <u>See</u> <u>Williams</u>, 42 Misc 3d at 441.  It

is the second part which is the crux of the motion in the case at hand.

As a threshold matter of statutory interpretation is the dispute between Plaintiffs

and Gander as to whether the 2012 Tiahrt Rider is a temporary fiscal enactment without

---

[a]  Gander faults Referee Herbert from following <u>City of New York</u> because it pre-dates the 2012 Amendment, and also because it held that the 2006 Tiarht provision was not retroactive - a distinguishing feature from the instant litigation.  This Court agrees that <u>City of New York</u> is not binding given the 2012 amendment, which must be applied as written as explained hereinafter.

-10-

authoritative impact or a permanent law.  As to this preliminary issue, this Court sides with Gander and finds that the 2012 Tiahrt Rider is a permanent law, not a simple short-lived fiscal measure.  Key to this legal conclusion is the "and in each fiscal year thereafter" language - words of futurity - which reflects Congress's intent to make the 2012 Tiahrt Rider a lasting provision not limited to the 2012 fiscal cycle.  See Auburn Hous. Auth. v. Martinez, 277 F3d 138, 146 (2d Cir 2002) (the use of the term "hereafter" in an appropriation act generally denotes futurity citing United States v. Vulte, 233 US 509 (1914) (pay increase in appropriations act was a permanent directive)).  To adopt Plaintiffs' limited temporal reading of the 2012 Tiahrt Rider would render a portion of the same meaningless - a seminal violation of the rules of statutory construction.  See Statutes § 98 ("All parts of a statute must be harmonized with each other as well as with the general intent of the whole statute, and effect and meaning must, if possible, be given to the entire statute and every part and word thereof"); Statutes § 231 ("In the construction of a statute, meaning and effect should be given to all its language, if possible, and words are not to be rejected as superfluous when it is practicable to give to each a distinct and separate meaning" {emphasis added}); Leader v. Maroney, Ponzini & Spencer, 97 NY2d 95, 104 (2001); Stateway Plaza Shopping Ctr. v. Assessor of City of Watertown, 87 AD3d 1359, 1361 (4th Dept 2011).

As to the merits of the 2012 Tiahrt Rider's impact on the present discovery dispute, the resolution of the same hinges upon cardinal principles of statutory construction.  See Statutes § 77 ("The construction of a statute is a question of law for the court . . ."); Goncalves v. Regent Intern. Hotels, Ltd., 58 NY2d 206, 222 (1983); Wurzer v. Seneca Sport Parachute Club, 66 AD2d 1002, 1003 (4th Dept 1978).

-11-

To begin with, "[t]he primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature."  Statutes § 92. See also Statute § 96; Riley v. County of Broome, 95 NY2d 455, 463 (2000); Puchalski v. Depew Union Free School Dist., 119 AD3d 1435, 1437 (4th Dept 2014).   "The statutory text is the clearest indicator of legislative intent." Charles T. Sitrin Health Care Ctr., Inc. v. Commr. of Health of State, 129 AD3d 1587, 1589 (4th Dept 2015).  See also Statute § 94 (". . . the statutory language is generally construed according to its natural and most obvious sense . . .");  Majewski v. Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 (1998).   Therefore, where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning.  See Tall Trees Const. Corp. v. Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 91 (2001); Cayuga Indian Nation of New York v. Gould, 66 AD3d 100, 112 (4th Dept 2009), aff'd as mod, 14 NY3d 614 (2010).

In the case at bar, the traditional rules of statutory interpretation favors Gander's reading of the 2012 Tiahrt Rider, including the crucial second part of the same.  See generally Simon v. Usher, 17 NY3d 625, 628 (2011); State v. Patricia II, 6 NY3d 160, 162 (2006); Lynch v. Waters, 82 AD3d 1719, 1721 (4th Dept 2011).  More specifically, the mandatory plain reading of the 2012 Tiahrt Rider dictates the conclusion that *all* ATF database information, or firearm licensee information, is exempt from discovery, regardless of who possesses the same, and further without restriction to only the federal agency funding context. See Williams, 42 Misc 3d at 441.[b]  Simply put, Plaintiffs

---

[b]  As Gander asserted in its reply, Plaintiffs' "repeal by implication" contention is unavailing as the main case cited for this dealt with an appropriations bill trying to indirectly amend a different statute, not the same provision that Congress continually amended in this case.  See Robertson v. Seattle Audubon Soc.,

-12-

cannot skirt the 2012 Tiahrt Rider and obtain from Gander what it cannot obtain from the ATF, and, respectfully, Referee Herbert's opposite conclusion is not supportable. Consequently, Plaintiffs are not entitled to obtain ATF "trace data" information in Gander's possession, and thus should not have been permitted to secure an order compelling the disclosure of the same. See CPLR 3124; Long Is. R. Co. v. Northville Indus. Corp., 41 NY2d 455, 460 (1977) (noting approval of Special Term's denial of motion for disclosure); Roswell Park Cancer Inst. Corp. v. Sodexo Am., LLC, 68 AD3d 1720, 1721 (4th Dept 2009) (lower court did not abuse its discretion in denying motion to compel items which were privileged). In turn, Gander is entitled to a protective order for those ATF database items. See CPLR 3103 (a); Kirby, 122 AD3d at 1285.

The above interpretation, besides being consistent with well settled rules of statutory construction, has already been reached by another New York court. The only New York case to address the Tiahrt Rider, including the critical 2012 amendment, is the 2013 Williams case. See Williams, 42 Misc 3d 438. See also 7C Carmody-Wait 2d § 54:106.

In Williams, the plaintiffs sued the manufacturer, distributor, retailer, and buyer of a gun used in a shooting - similar to the present situation. See Williams, 42 Misc 3d at 439. During discovery, the Williams plaintiffs demanded document discovery of "trace data" information from the defendants, including ATF-issued trace inquires and firearms sales records. Id. Defendants objected to the entire demand based upon the 2012 Tiahrt Rider, while the plaintiffs advocated for a narrow reading of the same to preclude

---

503 US 429 (1992). Due to this distinction, Congress did not need to be more explicit about its objectives for the direct changes in the 2012 amendment.

-13-

just ATF database records still with the ATF. Id. The Erie County Supreme Court, in

interpreting the 2012 Tiahrt Rider, concluded that:

> Because 'all such data' relates back to the first half of the
> Amendment, it includes contents of the ATF's Firearms
> Trace System Database and related records, **insulating the
> information from discovery** and other legal process.
> Notably, Tiahrt **does not make an exception permitting
> disclosure when trace data is in a firearm licensee's or
> other non-ATF party's possession**. Instead, Tiahrt offers a
> **blanket statement** preventing all ATF trace data from
> discovery and other legal process. Consequently, Tiahrt
> **insulates ATF-generated firearm trace information from
> disclosure by all parties**: the ATF, law enforcement, and
> **civil litigants included**.

Id. (emphasis added).

Although this Court acknowledges that it is not bound to follow Williams - as a

concurrent court decision - its rationale is highly persuasive as a correct interpretation of

the plain wording of the 2012 Tiahrt Rider concerning ATF records, and thus will be

adopted as another justification to find in Gander's favor. See generally Williams v.

AGK Communications, Inc., 143 Misc 2d 845, 848 (Onondaga Co Sup Ct 1989).

However, Williams does not condemn the entirety of Plaintiffs' discovery

demand. In Williams, the Erie County Supreme Court went on to explain that:

> . . . the Tiahrt Amendment does not contain any language
> **providing similar protections for private business
> records**. In 2012, a Wisconsin trial court compelled a firearm
> licensee to disclose private business records maintained
> pursuant to federal law despite the licensee's Tiahrt
> objections. See Transcript of Motion Hearing before Hon.
> Dominic S. Amato, Lopez v. Badger Guns, Inc. et al., Case
> No. 10-CV-018530 (June 25, 2012).  In that case, the **United
> States Attorney General submitted a brief suggesting
> the Tiahrt Amendment insulates the "ATF's
> information,"  not a firearm licensee's private business
> records, from discovery**. See Motion to Intervene by the

-14-

United States of America, Memorandum of Intervenor, *Lopez v. Badger Guns, Inc. et al.*, Case No. 10-CV-018530 (April 2, 2012).

Private business records include **sales receipts and other transaction information** kept by firearm licensees pursuant to 18 U.S.C. § 923(g). Although the ATF may access these private business records to execute a firearm trace, **the bureau's access does not transform the records into protected trace data**. Further, allowing civil litigants to access private business records like sales receipts and other transaction data **does not frustrate the Tiahrt Amendment** because trace information is not made available to non-law enforcement parties.

Id. at 441-442 (emphasis added).

In light of this, and as Gander acquiesced at oral argument, Referee Herbert should have limited the disclosure to Gander's own private business records, even if they overlap with the ATF database information.  See CPLR 3124 & 4518 (a); In re Estate of Morningstar, 17 AD3d 1060 (4th Dept 2005) (affirming grant of CPLR 3124 motion to compel discovery).

As Plaintiffs properly explained at oral argument, their demand at Notice Paragraph 33 was more expansive than just "trace data," and included "**sales records** or **other Documents** listing the make, model, and serial number of the firearm . . . . and **information** regarding how the gun was obtained by the user [Paulino Atty. Aff., Ex. A, p. 11, ¶ 33 {emphasis added}].  As this Court previously held, Plaintiffs' broad public nuisance claim justifies expansive disclosure of records related to other gun sales.  See City of New York v. A-1 Jewelry & Pawn, Inc., 247 FRD 296, 343 (EDNY 2007) (noting the "extensive discovery" that was permitted in another public nuisance case involving guns); State v. Gen. Elec. Co., 201 AD2d 802, 803 (3d Dept 1994) (reversing and

-15-

denying protective order from disclosure in a public nuisance case). Therefore, this discrete portion of Referee Herbert's Report must stand. See e.g. Dealership Holdings, Inc. v. Griffin, 221 AD2d 997, 997-998 (4th Dept 1995) (Supreme Court properly confirmed the referee's report); Bellnier, 158 AD2d at 948 (confirming referee's decision).

As stated at oral argument, this Court acknowledged the difficulty that Plaintiffs may face in proving its public nuisance claim without the ATF "trace data," but this Court is duty bound to adhere the axioms of statutory construction, which dictate a ruling in Gander's favor. See Weinberg v. D-M Rest. Corp., 53 NY2d 499, 508 (1981) (courts, under guise of interpretation, may not enlarge or change the scope of a legislative enactment). As New York law provides:

> The courts in construing statutes should avoid judicial legislation; they do not sit in review of the discretion of the Legislature or determine the expediency, wisdom, or propriety of its action on matters within its powers.

Statutes Law § 73 (titled "Avoidance of judicial legislation"). See also US Const art. I, § 1; A. E. Nettleton Co. v. Diamond, 27 NY2d 182, 194 (1970) ("The wisdom of a particular statute is beyond the scope of judicial review . . . [and a court] should not substitute [its] judgment for that employed by the Legislature in enacting the statute in question"); Matter of Tina Marie W., 87 AD2d 988, 989 (4th Dept 1982) (Appellate Division noted that it was constrained to adhere to the clear wording of the statute).

Even though this Court acknowledges an inconsistency between the PLCAA's exemptions, which allow some types of lawsuits against gun sellers (see 15 USC § 7903 (5) (A)), and the 2012 Tiahrt Rider's complete discovery bar of ATF "trace data," it

-16-

is not for this Court to usurp Congress's discretion.[c]  See e.g. Pajak v. Pajak, 56 NY2d

394, 397 (1982) (declining to accept a party's invitation to construe a statute to negate

legislative intent).  That battle lies elsewhere as a legislative matter, and this Court

declines to unnecessarily wade into the quagmire of the national gun control debate.  Id.

at 397-398 (recognizing that the "potentially **harsh aspects** of the statute as applied to

the present situation might, however, indicate a **fertile area for legislative

examination**" {emphasis added}).

In all, Referee Herbert's Report must be revised to curtail proper disclosure to

only Gander's private business records maintained in the ordinary course of its

operations - an outcome Gander conceded at oral argument.[d]   See CPLR 3124;

Bergerstock v. Auburn Mem. Hosp., 12 AD3d 1034 (4th Dept 2004) (reversing and

granting motion to compel).

### *Material and Relevant*

Next, Gander assails Referee Herbert's discovery decision as both "trace data,"

and other firearms sales information, purportedly has no bearing on gun criminality.

Plaintiffs assert that Gander's firearms sales records are probative of its knowledge that

guns were getting into the hands of criminals due to their allegedly deficient policies and

procedures.  This Court finds that Referee Herbert properly directed disclosure as to the

---

[c]  Gander is correct that public nuisance is not an enumerated exemption under the PLCAA.  But see
Williams v. Beemiller, Inc., 100 AD3d 143 (4th Dept 2012), amended by, 103 AD3d 1191 (4th Dept 2013)
(allowing public nuisance claim to proceed).

[d]  Any dispute as to whether Gander has fully complied in this respect should be referred to Referee
Herbert.

-17-

remaining valid request for Gander's own business records.[e]  See e.g. Smith v. Manning, 277 AD2d 1004 (4th Dept 2000) (Supreme Court properly granted motion to compel discovery).

What is "material and necessary" for discovery purposes must be interpreted liberally to require disclosure, upon request, of "any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity.  The test is one of **usefulness and reason**."  Andon ex rel. Andon v. 302-304 Mott St. Assoc., 94 NY2d 740, 746 (2000) (emphasis added)  See also Van Horn v. Thompson & Johnson Equip. Co., Inc., 291 AD2d 885 (4th Dept 2002).  In fact, it is New York's policy to permit "open and far-reaching pretrial discovery."  Kavanagh v. Ogden Allied Maintenance Corp., 92 NY2d 952, 954 (1998).  See also Patane v. Reliance Ins. Co., 53 AD2d 1061 (4th Dept 1976) (reversing and granting motion to compel).

As already found by this Court once before, Plaintiffs' various claims against Gander, including, but not limited to, the expansive public nuisance claim, cast a wide net for discovery purposes, and encompass the non-privileged items in Demand Paragraph 33.  See City of New York, 247 FRD at 343 (EDNY 2007); State, 201 AD2d at 803.  Gander's reluctance to disclose its business records should be tempered by the Confidentiality Agreement.

Reminiscent of its dismissal motion contentions, Gander again relies heavily on Hamilton v. Beretta U.S.A. Corp., 96 NY2d 222 (2001) to dispel the materiality and necessity of gun sales records as a justification for withholding the same.  As Plaintiffs

---

[e] As the ATF "trace data" is not discoverable, this Court need not analyze Gander's lengthy relevancy objections to the same.

-18-

point out, <u>Hamilton</u> was not a discovery motion case, but rather involved the legal question of a duty of care when the plaintiff could not identify the actual gun manufacturer - the exact opposite of the present situation.[f] With this context, <u>Hamilton</u> cannot be construed as a definitive ruling preventing discovery against a properly identified firearms retailer for its business records.[g]

Furthermore, the ultimate admissibility of Gander's business records is not a bar to discovery. <u>See generally</u> <u>Avco Sec. Corp. of New York v. Post</u>, 42 AD2d 395, 397 (4th Dept 1973) ("There may be instances where the information sought may not be admissible as evidence in chief but, nevertheless, may be subject to discovery"). Rather, and as stated before, Gander's concerns are more appropriately a topic of an *in limine* motion for trial purposes.

In sum, this Court will not overrule Referee Herbert's materiality and relevancy determination to prevent Gander's customary business records from being turned over to Plaintiffs. <u>See e.g.</u> <u>Clifton Springs Hosp. & Clinic v. McCrossen</u>, 8 Misc 3d 919, 920 (Ontario Co Sup Ct 2005) (granting motion to compel).

---

[f] The Fourth Department, as well as this Court, have previously distinguished <u>Hamilton</u>. <u>See</u> <u>Williams</u>, 100 AD3d at 151-152; <u>Chiapperini</u>, 48 Misc 3d at 879. There is no basis on which to depart from these prior holdings and now apply <u>Hamilton</u> as a barrier to discovery.

[g] The same is also true for Gander's case of <u>People ex rel. Spitzer v. Sturm, Ruger & Co., Inc.</u>, 309 AD2d 91 (1st Dept 2003) in which "trace data" was found to be inadequate to create a duty of care sufficient to survive a dismissal motion. Thus, <u>People ex rel. Spitzer</u> is inapposite.

-19-

## CONCLUSION

Based upon all of the foregoing, it is the Decision and Order of this Court that Gander's motion to review the Referee's Report is **GRANTED IN PART AND DENIED IN PART** by rejecting a portion of the same and confirming another part of the same. Accordingly, Gander is awarded a protective order for the ATF "trace data," and Plaintiffs are awarded an Order compelling production of Gander's usual business records referenced in Demand Paragraph 33.

Signed at Rochester, New York on September 30, 2016.

**HONORABLE J. SCOTT ODORISI**
**Supreme Court Justice**