1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
(520) 322-5000

Ryan O'Neal (AZ # 031919)
roneal@dmyl.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>                    Plaintiff,<br><br>vs.<br><br>Diamondback Shooting Sports, Inc.,<br>*et al.*,<br><br>                    Defendants. | **CONSOLIDATED STATEMENT PURSUANT TO L.R.CIV. 37.1 OF DISCOVERY DEFICIENCIES IN DEFENDANTS DIAMONDBACK SHOOTING SPORTS, INC.; SNG TACTICAL LLC; LOAN PRAIRIE, LLC D/B/A THE HUB; AND SPRAGUE'S SPORTS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>NO. 4:22-cv-00472-TUC-RM |

COMES NOW Plaintiff Estados Unidos Mexicanos, by and through undersigned counsel, and hereby presents this consolidated statement of discovery deficiencies in Defendants' Diamondback Shooting Sports, Inc.; SnG Tactical LLC; Loan Prairie, LLC D/B/A The Hub; and Sprague's Sports, Inc.'s Responses and Objections to Plaintiff's First Set of Requests for Production of Documents ("R&Os"), as required by L.R.Civ. 37.1(a).

Without waiving the many other objections to Defendants' insufficient R&Os—which are currently the subject of consultation between counsel—Plaintiff sets forth this consolidated statement of discovery deficiencies limited to Defendants' erroneous assertions

that certain documents are privileged under (1) a federal appropriations rider, known as the Tiahrt Amendment; and (2) "the Arizona Audits Reports Privilege."[1]

Given the substantial similarity between Defendants Diamondback Shooting Sports, Inc.; SnG Tactical LLC; Loan Prairie, LLC D/B/A The Hub; and Sprague's Sports, Inc.'s R&Os, to conserve the Court's resources, Plaintiff consolidates its statement of discovery deficiencies in these Defendants' R&Os, with the quotations of these Defendants' answers from Defendant Diamondback's R&Os, except for Requests No. 15 and 30-32 for which only Defendant Sprague's R&Os reference the privileges that are the subject of Plaintiff's motion.

## REQUESTS FOR PRODUCTION OF EVIDENCE

1.    **Request No. 2**: All documents relating to recording and tracking Your firearm, ammunition, and/or firearm accessory sales, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A & D books; (ii) records of sale; and (iii) any computerized, accounting or other system that contains the requested information.

*ANSWER RECEIVED*: Diamondback objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of sales and accounting materials that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other

---

[1] Though Defendants' R&Os do not mention the Arizona Health and Safety Audit Privilege, Defendants' privilege logs, *see* Meiseles Decl., Exs. 7-9, 11, assert this privilege over certain of the same documents over which they assert the Tiahrt Amendment, without identifying or differentiating the documents.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see documents Bates numbered DBK001099–1131. Please also see privilege log for documents withheld from production based on applicable privilege(s).

*DEFICIENCY:* Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendants, at most, it would only apply to documents that Defendants are required by law to maintain. *See* 125 Stat. at 609-610.

2.    **Request No. 3**: All documents relating to recording and tracking Your firearm, ammunition, and/or firearm purchases, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A& D books; (ii) invoices; (iii) weekly, monthly, or annual purchase summaries; (iv) records of purchase; and (v) contracts with manufacturers, distributors, or dealers, and (vi) any computerized, accounting or other system that contains the requested information.

*ANSWER RECEIVED:* Diamondback objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of agreements, purchase and accounting materials that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of

DeCONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see privilege log for documents withheld from production based on applicable privilege(s).

_DEFICIENCY:_  Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendants, at most, it would only apply to documents that Defendants are required by law to maintain. *See* 125 Stat. at 609-610.

3.    **Request No. 4**: Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your sales of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of sale; (ii) date of sale; (iii) location of sale; (iv) employee that made the sale; (v) age, gender, occupation, nationality, and residence of purchaser; (vi) amount of ammunition sold; (vii) number of firearms sold; (viii) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm sold; (ix) serial number of each firearm sold; (x) price of firearm and ammunition sold; (xi) any other identifying information related to the purchaser; (xii) information related to purchaser's criminal history or background check; (xiii) any other information related to the product sold.

_ANSWER RECEIVED:_ See objections and response to Request No. 2.

_DEFICIENCY:_ See deficiencies identified in Defendants' answer to Request No. 2.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

4.      **Request No. 5**: Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your purchases of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of purchase; (ii) date of purchase; (iii) manufacturer, distributor, or other entity You purchased from; (iv) amount of ammunition purchased; (v) number of firearms purchased; (vi) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm purchased; (vii) serial number of each firearm purchased; (viii) price of firearm and ammunition purchased; (ix) any other identifying information related to the seller; (x) any other information related to the product purchased.

*ANSWER RECEIVED:* See objections and response to Request No. 3.

*DEFICIENCY:* See deficiencies identified in Defendants' answer to Request No. 3.

5.      **Request No. 6**: All Firearm Transaction Records (ATF Form 4473's) for all Firearms listed on the attached Exhibit (Exhibit A)

*ANSWER RECEIVED:* Diamondback objects to this Request to the extent that it seeks disclosure of information or documents in the possession, custody, or control of any other parties. Diamondback further objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. See privilege log for documents withheld from production based on the privilege(s) set forth above.

_DEFICIENCY:_  Because this Request does not seek any information from ATF, the Tiahrt Amendment, _see_ Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. _See City of New York v. Beretta U.S.A. Corp._, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006).

6.    **Request No. 7**: All Multiple Sales Forms (ATF Form 3310.4) drafted or submitted during the Relevant Time Period.

_ANSWER RECEIVED_: Diamondback objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. See privilege log for documents withheld from production based on the privilege(s) set forth above.

_DEFICIENCY:_  Because this Request does not seek any information from ATF, the Tiahrt Amendment, _see_ Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. _See City of New York v. Beretta U.S.A. Corp._, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006).

7.    **Request No. 8**: All Rifle Sales Forms (ATF Form 3310.12) drafted or submitted during the Relevant Time Period.

*ANSWER RECEIVED*: Diamondback objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. See privilege log for documents withheld from production based on the privilege(s) set forth above.

*DEFICIENCY:*   Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006).

8.     **Request No. 9**: All documents reflecting the multiple sale of firearms or ammunition not recorded on ATF Forms 3310.4 or 3310.12.

*ANSWER RECEIVED*: Diamondback objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome (assuming the Request concerns the "Relevant Time Period"), as the "multiple sale of ammunition" is non-sensical and ambiguous, it is unknown what documents are being sought related to the "multiple sale of firearms" other than what has been requested in the prior Requests, to produce any such unknown documents for the past 14 years by definition would be unduly burdensome. If the request is seeking

DeCONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

additional documents required to be maintained by FFLs by ATF, Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10.

*DEFICIENCY:*  Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendants, at most, it would only apply to documents that Defendants are required by law to maintain. *See* 125 Stat. at 609-610.

9.     **Request No. 10**: All documents and communications related to the firearm sales identified in Exhibit A or any other suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms sold or transferred by You or any Defendant in this litigation, including but not limited to all records of such sales, background checks related to such sales, identification information related to the purchaser, any other information related to the purchaser, and any paper or electronic notes related to such sales.

*ANSWER RECEIVED:* Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of transactional forms that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see documents Bates numbered DBK001099–131. Please also see privilege log for documents withheld from production based on applicable privilege(s).

_DEFICIENCY:_  Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendants, at most, it would only apply to documents that Defendants are required by law to maintain. *See* 125 Stat. at 609-610. Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to <u>occupational</u> health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor

Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

10.    **Request No. 13**: All documents related to any firearms, ammunition, and or firearm accessories sold or transferred by You for which You know or have reason to believe have been (i) used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use; (ii) the subject of a trace, or (iii) otherwise recovered by law enforcement, including but not limited to trace requests and responses and firearms trafficking or straw purchasing investigations or prosecutions.

_ANSWER RECEIVED_: Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were "used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, see documents Bates numbered DBK001099–131. Please also see privilege log for documents withheld from production based on applicable privilege(s).

_DEFICIENCY:_ Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendants, at most, it would only apply to documents that Defendants are required by law to maintain. *See* 125 Stat. at 609-610. Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to occupational health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or

reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

11.     **Request No. 15**: All documents concerning employees who participated in or were present at (a) the sale of any firearm for which You received a Trace Request, (b) the sale of any firearm to a person who was charged with violations of firearms laws, or (c) the sale of any firearm to any of the purchasers identified in Exhibit A, including, but not limited to all employment records, human resources records, personnel records (including employment applications, references), disciplinary records, job titles and responsibilities, training documents and records reflecting or concerning any training You provided to those employees, including training module worksheets and signed employee handbooks pages.

_ANSWER RECEIVED_: Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because any firearms recovered within the United States that were "used, recovered, and/or investigated by law enforcement in connection with an alleged crime or unauthorized use" cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Sprague's also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Without waiving or limiting the foregoing objections, Defendants refer Plaintiffs to the blank ATF Form 4473 and all instructions accompanying said form available on ATF's website; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/ federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download);      the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Sprague's further responds that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them. In addition, see internal employee training materials, Bates numbered SPR000535-SPR000566.

_DEFICIENCY:_ Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendants, at most, it would only apply to documents that Defendants are required by law to maintain. *See* 125 Stat. at 609-610.

12. **Request No. 22**: All documents related to law enforcement actions, including but not limited to documents relating to: (i) ATF audits; (ii) ATF inspections; (iii) ATF citations or violations; (iv) ATF demand and warning letters; (v) ATF revocation letters and materials; (vi) materials from ATF meetings and conferences; (vii) materials relating to criminal investigations or prosecutions, including gun trafficking; (viii) the ATF Demand 2 program; (ix) as well as communications among You, Your employees, law enforcement, trade associations, or Defendants related to the same.

*ANSWER RECEIVED:* Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback objects to the Request on the grounds that the term "law enforcement actions" is improper given the nature of the items subsequently requested. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications and other materials that far exceed the relevant issues in this case as framed by the Complaint. Please also see privilege log for documents withheld from production based on applicable privilege(s).

*DEFICIENCY:* Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendants, at most, it would only apply to documents that Defendants are required by law to maintain. *See* 125 Stat. at 609-610. Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see*

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

*e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to <u>occupational</u> health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

13.    **Request No. 23**: All documents related to actual or potential contacts or communications with any law enforcement, regulatory, or other government agencies relating to the sale of firearms, ammunitions, or firearm accessories, including, but not limited to (i) the ATF; (ii) the United States Federal Bureau of Investigation; (iii) Arizona Department of Public Safety; (iv) the Tucson Police Department; (v) the Phoenix Police Department; or (vi) the Yuma Police Department.

*ANSWER RECEIVED:* See objections and responses to Request No. 13.

*DEFICIENCY:*  See deficiencies identified in Defendants' answer to Request No. 13.

14.    **Request No. 24**: All documents and records that You have received or sent to the ATF, any sheriff's office, and/or other state or federal regulatory agencies related to Your federal firearms license(s) or firearms business, including but not limited to: (i) state and federal licenses to sell firearms, firearm accessories and ammunition at Your store location

including but not limited to applications, renewals and supporting documents; (ii) all records, citations, warning letters, reports, inspection reports, corrective actions or other documents issued or provided to You, including any actual or threatened suspension, revocation, or surrender of Your federal firearms licenses; (iii) documents relating to any actual or threatened investigation, in addition to any indictment, arrest, or conviction of an employee or agent of Your store for violation of a law or regulation relating to firearms, ammunition, and or/firearm accessory sales; and (iv) documents and trace requests concerning firearms, ammunition, or firearm accessories sold by Your store.

*ANSWER RECEIVED*: Diamondback objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Diamondback further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of communications and records that far exceed the relevant issues in this case as framed by the Complaint. Diamondback also objects to this Request on the basis that federal law "prohibits the disclosure of information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section" and states that "all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . ." Pub. Law 112-55, 125 Stat. 609-10. Subject to the foregoing objections, see objections and responses to Request Nos. 13, 22, and 23. See also documents Bates numbered DBK000988–1019 and DBK001046–47. Please also see privilege log for documents withheld from production based on applicable privilege(s).

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

_DEFICIENCY:_  Because this Request does not seek any information from ATF, the Tiahrt Amendment, _see_ Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. _See City of New York v. Beretta U.S.A. Corp._, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendants, at most, it would only apply to documents that Defendants are required by law to maintain. _See_ 125 Stat. at 609-610. Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, _see e.g._, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization"); _id._ §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to occupational health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf;    (3)    the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

15.    **Request No. 30**: All documents related to policies, guidelines, standards, protocols, practices, handbooks, or training materials concerning the sale of firearms, firearm accessories, and/or ammunition at Your store, including (i) Your Employee Handbook or any other employee manual(s) in effect or used to train employees; (ii) all training videos, power-

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

points, work sheets, or other documents or audiovisual used to train employees that sell firearms, firearm accessories, or ammunition; (iii) all resources available to employees who sell firearms, firearm accessories, or ammunition created by trade associations, firearm manufacturers, ammunition manufactures, other dealers, or law enforcement authorities (including but not limited to ATF, FBI or any other law enforcement agency).

*ANSWER RECEIVED:* Sprague's objects to this Request on the basis that it is overbroad and fails to meet the particularity requirement under Rule 34(b)(1)(A) because it is not reasonably limited to a specific time frame. Sprague's further objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because firearms accessories cannot be relevant to the harm allegedly suffered by Plaintiff in Mexico. Without waiving or limiting the foregoing objections, Defendants refer Plaintiffs to the blank ATF Form 4473 and all instructions accompanying said form available on ATF's website; the ATF's website pertaining to Tools & Services for Firearms Industry and Current Licensees; ATF's Federal Firearms Regulations Guide (https://www.atf.gov/firearms/docs/guide/federal-firearms-regulations-reference-guide-2014-edition-atf-p-53004/download); the ATF's State Laws and Published Ordinances – Firearms (35th Edition) (https://www.atf.gov/firearms/state-laws-and-published-ordinances-firearms-35th-edition); ATF's Federal Firearms Licensee Quick Reference and Best Practices Guide (https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide); and Don't Lie for the Other Guy materials from the National Shooting Sports Foundation (https://www.dontlie.org/). Sprague's further respond that it periodically receives and reviews copies of all notices, newsletters, etc. that the ATF distributes electronically to federal firearms licensees, to train and educate personnel (https://www.atf.gov/firearms/download-firearms-industry-newsletter), but does not retain copies of them. Please also see response to Request No. 15.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

*DEFICIENCY:*  Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendants, at most, it would only apply to documents that Defendants are required by law to maintain. *See* 125 Stat. at 609-610.

16.     **Request No. 31**: All documents related to the detection of, prevention of, identification of, reporting of, or potential or actual consequences related to: suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, or belt-fed firearms, trafficking, and/or kitchen table dealers.

*ANSWER RECEIVED:* See objections and responses to Request Nos. 15, 19 and 30.

*DEFICIENCY:*  See deficiencies identified in Defendants' answers to Requests Nos. 15, 19, and 30.

17.     **Request No. 32**: All documents concerning any formal or informal policy relating to working with or cooperating with law enforcement or reporting suspicious activity to any law enforcement agency.

*ANSWER RECEIVED:* See objections and responses to Request Nos. 15, 19, 30, and 31. See also Bates numbered SPR000722-SPR000723.

*DEFICIENCY:* See deficiencies identified in Defendants' answers to Requests Nos. 15, 19, 30, and 32.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

RESPECTFULLY SUBMITTED this 13th day of September, 2024.

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: /s/ *Ryan O'Neal*
    Ryan O'Neal
    2525 E. Broadway Blvd., Suite 200
    Tucson, AZ 85716-5300
    Attorneys for Plaintiff

/s/ Steve D. Shadowen                          /s/ Jonathan E. Lowy
Steve D. Shadowen (*pro hac vice*)             Jonathan E. Lowy (*pro hac vice*)
Tina J. Miranda (*pro hac vice*)               Yaacov (Jake) Meiseles (*pro hac vice*)
Nicholas W. Shadowen (*pro hac vice*)          Global Action on Gun Violence
SHADOWEN PLLC                                  805 15th Street NW
1717 W. 6th Street, Suite 290                  #601
Austin, TX 78703                               Washington, DC 20005
Phone: 855-344-3298                            Phone: (202) 415-0691
sshadowen@shadowenpllc.com                     jlowy@actiononguns.org
tmiranda@shadowenpllc.com                      Jmeiseles@actiononguns.org
nshadowen@shadowenpllc.com

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CERTIFICATE OF SERVICE**

I, Ryan O'Neal, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: September 13, 2024          /s/ *Ryan O'Neal*
                                    Ryan O'Neal