DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
(520) 322-5000

Ryan O'Neal (AZ # 031919)
roneal@dmyl.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>Plaintiff,<br><br>*vs.*<br><br>Diamondback Shooting Sports, Inc., *et al.*,<br><br>Defendants. | **STATEMENT PURSUANT TO L.R.CIV. 37.1 OF DISCOVERY DEFICIENCIES IN DEFENDANT AMMO A-Z' S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>NO. 4:22-cv-00472-TUC-RM |

COMES NOW Plaintiff Estados Unidos Mexicanos ("Plaintiff" or "the Government"), by and through undersigned counsel, and hereby presents this statement of discovery deficiencies in Defendant Ammo A-Z, LLC's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents ("R&Os") as required by L.R.Civ. 37.1(a). Without waiving the many other objections to Defendant's insufficient R&Os—which are currently the subject of consultation between counsel—Plaintiff sets forth this consolidated statement of discovery deficiencies limited to Defendant's erroneous assertions that certain documents are privileged under (1) a federal appropriations rider, known as the Tiahrt Amendment; and (2) "the Arizona Audits Reports Privilege."[1]

---

[1] Though Defendant's R&Os do not mention the Arizona Health and Safety Audit Privilege, Defendant's privilege log, *see* Meiseles Decl., Ex. 10, asserts this privilege over the same

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

# REQUESTS FOR PRODUCTION OF EVIDENCE

1.    **Request No. 2**: All documents relating to recording and tracking Your firearm, ammunition, and/or firearm accessory sales, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A & D books; (ii) records of sale; and (iii) any computerized, accounting or other system that contains the requested information.

_ANSWER RECEIVED_: Defendant objects to the term "tracing" as undefined, vague, ambiguous, and subject to multiple meanings. Specifically, "trace" in the context of firearms can refer to actions taken by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE") whereby certain information is requested from a firearm seller, or "tracing" can refer, in the common sense, to tracking, outlining, or following. Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. As worded, this request seeks all documents relating to any of Defendant's sales of products over a 15-year period, which is overly broad as addressed in Defendant's Objections to Definitions. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. See ibid. ("[T]he Court 'need not condone the use of discovery to engage in fishing expeditions.'") (quoting Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)). Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims. The Government has information regarding firearms recovered in crimes in its country. See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024),

---

documents over which it asserts the Tiahrt Amendment, without differentiating or identifying the documents. Accordingly, throughout this statement, Plaintiff raises these two deficiencies in tandem.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/. Thus, no basis exists for fishing within Defendant's business materials to build a claim. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. See, e.g., Williams v. Beemiller, Inc., 42 Misc. 3d 438, 442, 975 N.Y.S.2d 647, 650 (Sup. Ct. 2013) ("[G]ranting civil litigants and other non-law enforcement parties access to trace inquiries and other ATF information runs afoul of the Tiahrt Amendment's efforts to limit such disclosures to law enforcement agencies. Therefore, trace inquiries and other ATF-related data are immune from discovery and legal process."). Given the immense breadth of this request, without any attempt to narrow it to what is relevant or preserve privacy interests of Defendant's law-abiding customers, it is clear this request is made for an improper purpose of harassment and increasing the cost of litigation. See Fed. R. 26(g)(1). If Mexico identifies by serial number the guns it has recovered and/or traced, Defendant will endeavor to search and see if it sold such firearm. Without waiving these objections, please see M-AZ-00022 through M-AZ-00064.

*DEFICIENCY:* Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendant, at most, it would only apply to documents that Defendant is required by law to maintain. *See* 125 Stat. at 609-610. Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization");

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

*id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to <u>occupational</u> health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

2. **Request No. 3**: All documents relating to recording and tracking Your firearm, ammunition, and/or firearm purchases, which were kept and/or maintained by You during the Relevant Time Period, including but not limited to: (i) A& D books; (ii) invoices; (iii) weekly, monthly, or annual purchase summaries; (iv) records of purchase; and (v) contracts with manufacturers, distributors, or dealers, and (vi) any computerized, accounting or other system that contains the requested information.

<u>*ANSWER RECEIVED*</u>: Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>Hidalgo</u>, 2023 WL 2705989, at *10. As worded, this request seeks all documents relating to any of Defendant's sales of products over a 15-year period, which is overly broad as addressed in Defendant's Objections to Definitions. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. <u>See</u>

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

ibid. Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims. The Government has information regarding firearms recovered in crimes in its country. See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/. Thus, no basis exists for fishing within Defendant's business materials to build a claim. Moreover, invoices, purchase summaries, records of purchases, accounting materials, and contracts with manufacturers, distributors, and dealers, have no relevance to Plaintiff's claims. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. See, e.g., Williams, 975 N.Y.S.2d 647, 650. Given the over breadth of this request, seeking all of Defendant's business records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation. See Fed. R. 26(g)(1). Without waiving these objections, please see M-AZ-00022 through M-AZ-00064.

*DEFICIENCY:*  Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendant, at most, it would only apply to documents that Defendant is required by law to maintain. *See* 125 Stat. at 609-610. Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization");

*id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to <u>occupational</u> health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

3. **Request No. 4**: Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your sales of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of sale; (ii) date of sale; (iii) location of sale; (iv) employee that made the sale; (v) age, gender, occupation, nationality, and residence of purchaser; (vi) amount of ammunition sold; (vii) number of firearms sold; (viii) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm sold; (ix) serial number of each firearm sold; (x) price of firearm and ammunition sold; (xi) any other identifying information related to the purchaser; (xii) information related to purchaser's criminal history or background check; (xiii) any other information related to the product sold.

<u>*ANSWER RECEIVED*</u>: Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

1    See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. As worded, this request

2    seeks all documents relating to any of Defendant's sales of products over a 15-year period,

3    which is overly broad as addressed in Defendant's Objections to Definitions. Gathering these

4    materials would represent an immense burden, which is unwarranted given the lack of any

5    relevance of such materials beyond in relation to transactions Plaintiff has identified. See

6    ibid. Beyond the identified transactions, none of the requested materials are relevant to

7    Plaintiff's surviving claims. The Government has information regarding firearms recovered

8    in crimes in its country. See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns

9    From          U.S.,          USA          TODAY          (May          22,          2024),

10   https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-

11   trafficked-guns-from-us/73700258007/. Thus, no basis exists for fishing within Defendant's

12   business materials to build a claim. Defendant further objects to this request to the extent the

13   materials requested contain personal information including names, addresses, and telephone

14   numbers of customers. Moreover, such information, including BATFE trace information, and

15   other information Defendant is required to maintain, is protected from disclosure in civil suit.

16   See, e.g., Williams, 975 N.Y.S.2d 647, 650. Given the immense breadth of this request,

17   seeking all of Defendant's business records without any attempt to target the request to what

18   is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper

19   purpose of harassment, and increasing the cost of litigation. See Fed. R. 26(g)(1).

20       _DEFICIENCY:_  Because this Request does not seek any information from ATF, the

21   Tiahrt Amendment, _see_ Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-

22   55, 125 Stat. 552, 609-610 (2011), is inapplicable. _See City of New York v. Beretta U.S.A._

23   _Corp.,_ 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment

24   applied to certain materials sought from Defendant, at most, it would only apply to documents

25   that Defendant is required by law to maintain. _See_ 125 Stat. at 609-610. Nor does the audit

26   privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents

because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to occupational health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

4.    **Request No. 5**: Electronically stored information in a tab-, comma-, or semicolon-delimited ASCII flat text file or similar electronic format sufficient to identify all of Your purchases of firearms, ammunition, and firearm accessories during the Relevant Time Period in a transaction-by-transaction format, including but not limited to: (i) time of purchase; (ii) date of purchase; (iii) manufacturer, distributor, or other entity You purchased from; (iv) amount of ammunition purchased; (v) number of firearms purchased; (vi) caliber and manufacturer, model, and type (e.g., handgun, rifle shotgun, semi-automatic) of each firearm purchased; (vii) serial number of each firearm purchased; (viii) price of firearm and ammunition purchased; (ix) any other identifying information related to the seller; (x) any other information related to the product purchased.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

_ANSWER RECEIVED_: Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. As worded, this request seeks all documents relating to any of Defendant's purchase of products over a 15-year period, which is overly broad as addressed in Defendant's Objections to Definitions. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. See ibid. Defendant's purchases of firearms and other products is not relevant to Plaintiff's surviving claims nor reasonably tied to any of the claims. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of suppliers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. See, e.g., Williams, 975 N.Y.S.2d 647, 650. Given the immense breadth of this request, seeking all of Defendant's purchase records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation. See Fed. R. 26(g)(1).

_DEFICIENCY_:  Because this Request does not seek any information from ATF, the Tiahrt Amendment, _see_ Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. _See City of New York v. Beretta U.S.A. Corp._, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendant, at most, it would only apply to documents that Defendant is required by law to maintain. _See_ 125 Stat. at 609-610. Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, _see e.g._, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization");

*id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to <u>occupational</u> health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

5.    **Request No. 6**: All Firearm Transaction Records (ATF Form 4473's) for all Firearms listed on the attached Exhibit (Exhibit A)

<u>*ANSWER RECEIVED*</u>: Defendant objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. <u>See, e.g.</u>, <u>Williams</u>, 975 N.Y.S.2d 647, 650.

<u>*DEFICIENCY:*</u>  Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege

only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to <u>occupational</u> health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz.          April          9,          2013),          available          at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf;          (3)     the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

6.      **Request No. 7**: All Multiple Sales Forms (ATF Form 3310.4) drafted or submitted during the Relevant Time Period.

<u>*ANSWER RECEIVED*</u>: Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>Hidalgo</u>, 2023 WL 2705989, at *10. As worded, this request seeks all documents relating to any of Defendant's sales of products over a 15-year period, which is overly broad as addressed in Defendant's Objections to Definitions. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. <u>See</u> <u>ibid.</u> ("[T]he Court 'need not condone the use of discovery to engage in fishing expeditions.'") (quoting <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)). Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

surviving claims. The Government has information regarding firearms recovered in crimes in its country. See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/ 2024/05/22/mexicancartels-supplied-trafficked-guns-from-us/73700258007/. Thus, no basis exists for fishing within Defendant's business materials to build a claim. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. See, e.g., Williams, 975 N.Y.S.2d 647, 650. Given the immense breadth of this request, seeking all of Defendant's business records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation. See Fed. R. 26(g)(1).

*DEFICIENCY:*  Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to occupational health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the

privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

7. **Request No. 8**: All Rifle Sales Forms (ATF Form 3310.12) drafted or submitted during the Relevant Time Period.

_ANSWER RECEIVED_: Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. As worded, this request seeks all documents relating to any of Defendant's sales of products over a 15-year period, which is overly broad as addressed in Defendant's Objections to Definitions. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. See ibid. ("[T]he Court 'need not condone the use of discovery to engage in fishing expeditions.'") (quoting Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)). Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims. The Government has information regarding firearms recovered in crimes in its country. See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexicancartels-supplied-with-trafficked-guns-from-us/73700258007/. Thus, no basis exists for fishing within Defendant's business materials to build a claim. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

1    information, including BATFE trace information, and other information Defendant is

2    required to maintain, is protected from disclosure in civil suit. See, e.g., Williams, 975

3    N.Y.S.2d 647, 650. Given the immense breadth of this request, seeking all of Defendant's

4    business records without any attempt to target the request to what is relevant to Plaintiff's

5    surviving claims, it is clear this request is made for an improper purpose of harassment, and

6    increasing the cost of litigation. See Fed. R. 26(g)(1).

7        *DEFICIENCY:*   Because this Request does not seek any information from ATF, the

8    Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-

9    55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A.*

10    *Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). Nor does the audit privilege in Arizona's

11    Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted

12    the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege

13    only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition

14    of applicable "organization" conducting an audit does not include government agency); (2)

15    the privilege only applies to a formal audit "that relates to occupational health, health or

16    safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell

17    Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess.

18    (Ariz.          April          9,          2013),          available          at

19    https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf;          (3)          the

20    privilege does not apply to "[a] document, communication, datum or report or other

21    information required by a regulatory agency to be collected, developed, maintained or

22    reported under a health or safety law" or "[i]nformation obtained by observation, sampling

23    or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have

24    waived any claims of privilege over communications with ATF and other third parties by

25    virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-

26    2324(B)(3).

8.     **Request No. 9**: All documents reflecting the multiple sale of firearms or ammunition not recorded on ATF Forms 3310.4 or 3310.12.

*ANSWER RECEIVED:* Defendant objects to this request as vague and confusing. Specifically, it is unclear what a "multiple sale" refers to and whether it is multiple sales as part of a single purchase, or across years of a customer's history with Ammo AZ. Further, "multiple sales of ammunition" is nonsensical as ammunition is only sold as multiple pieces. Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. As worded, this request seeks documents relating to Defendant's sales of products over a boundless period. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. See ibid. Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims. The Government has information regarding firearms recovered in crimes in its country. See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/. Thus, no basis exists for fishing within Defendant's business materials to build a claim. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. See, e.g., Williams, 975 N.Y.S.2d 647, 650. In addition, to the extent this request seeks information from Defendant regarding instances where it failed to report to or comply with ATF requirements, it improperly requests self-incrimination. See, e.g., KST Data, Inc. v. DXC Tech. Co., 344 F. Supp. 3d 1132, 1134 (C.D. Cal. 2018) ("[A] person may assert the

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Fifth Amendment privilege in civil proceedings . . . because there may be adverse consequences in a different criminal proceeding."). Given the immense breadth of this request, seeking all of Defendant's business records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation. See Fed. R. 26(g)(1). Defendant further objects to this request to the extent it seeks irrelevant information related to sales not identified by Plaintiffs and lacking any relevance to the claims at issue in this matter.

*DEFICIENCY:*  Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendant, at most, it would only apply to documents that Defendant is required by law to maintain. *See* 125 Stat. at 609-610. Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to occupational health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

9.      **Request No. 10**: All documents and communications related to the firearm sales identified in Exhibit A or any other suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms sold or transferred by You or any Defendant in this litigation, including but not limited to all records of such sales, background checks related to such sales, identification information related to the purchaser, any other information related to the purchaser, and any paper or electronic notes related to such sales.

_ANSWER RECEIVED_: Defendant objects to this request as vague and confusing. "[A]ny other suspect sales" even with definition provided by Plaintiff provides no guidance to Defendant as to what is or is not responsive and seeks information that is not knowable to Defendant. Further, this definition inappropriately seeks mental impressions and work product from Defendant and Defendant's counsel. In addition, Defendant objects to this request to the extent it references the actions of other Defendants about which Ammo AZ has no knowledge. Defendant further objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. As worded, this request seeks documents relating to Defendant's sales of products over a boundless period. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. See ibid. Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims. The Government has information regarding firearms recovered in crimes in its country. See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexican-cartels-supplied-trafficked-guns-from-us/73700258007/. Thus, no basis exists for fishing within Defendant's business materials to build a claim. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. See, e.g., Williams, 975 N.Y.S.2d 647, 650. Given the immense breadth of this request, seeking all of Defendant's sale records for any possibly suspect sales without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation. See Fed. R. 26(g)(1). Without waiving these objections, please see M-AZ-00022 through M-AZ-00064.

*DEFICIENCY:* Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendant, at most, it would only apply to documents that Defendant is required by law to maintain. *See* 125 Stat. at 609-610. Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to occupational health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

10.  **Request No. 19**: All documents relating to suspect sales, straw sales, multiple sales, repeat purchases, sales of assault weapons, .50 cal rifles, belt-fed firearms, or the unlawful sale of, diversion of, or trafficking of firearms, the harms caused by such sales and how to identify, report, or mitigate such sales, including but not limited to: (i) any such information received from or sent or issued by a firearms manufacturer, dealer, distributor, trade association, or law enforcement; (ii) any such information obtained or prepared by You; and (iii) any such information received from or sent or issued by government or law enforcement, such as ATF, DOJ, or state or local police departments.

_ANSWER RECEIVED_: Defendant objects to this request as vague and confusing. "[S]uspect sales" even with definition provided by Plaintiff provides no guidance to Defendant as to what is or is not responsive and seeks information that is not knowable to Defendant. Further, this definition inappropriately seeks mental impressions and work product from Defendant and Defendant's counsel. Defendant further objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. As worded, this request seeks documents relating to Defendant's sales of products over a boundless period. Gathering these materials would represent an immense burden, which is

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. See ibid. Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims. The Government has information regarding firearms recovered in crimes in its country. See, e.g., Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexicancartels-supplied-trafficked-guns-from-us/73700258007/. Thus, no basis exists for fishing within Defendant's business materials to build a claim. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. See, e.g., Williams, 975 N.Y.S.2d 647, 650. Given the immense breadth of this request, seeking all of Defendant's sale records for any possibly suspect sales without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation. See Fed. R. 26(g)(1).

*DEFICIENCY:* Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendant, at most, it would only apply to documents that Defendant is required by law to maintain. *See* 125 Stat. at 609-610. Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include

government agency); (2) the privilege only applies to a formal audit "that relates to occupational health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

11.    **Request No. 21**: All documents related to the sale of firearms sent to or received from other Defendants in this case, manufacturers, dealers, distributors, trade associations, or other firearms organizations, including marketing or promotional materials and manuals.

_ANSWER RECEIVED_: Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1); Hidalgo, 2023 WL 2705989, at *10. As worded, this request seeks all documentation of Defendant's firearm transfers, purchases, and correspondence over an unlimited timeframe. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. See ibid. ("[T]he Court 'need not condone the use of discovery to engage in fishing expeditions.'") (quoting Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)). Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims. The Government has information

DeCONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

regarding firearms recovered in crimes in its country. <u>See, e.g.</u>, Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexicancartels-supplied-trafficked-guns-from-us/73700258007/. Thus, no basis exists for fishing within Defendant's business materials to build a claim. Moreover, the requests for invoices, purchase summaries, records of purchases, accounting materials, and contracts with manufacturers, distributors, or dealers, have no relevance to Plaintiff's claims. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. <u>See, e.g.</u>, <u>Williams</u>, 975 N.Y.S.2d 647, 650. Given the immense breadth of this request, seeking all of Defendant's business records without any attempt to target the request to what is relevant to Plaintiff's surviving claims, it is clear this request is made for an improper purpose of harassment, and increasing the cost of litigation. See Fed. R. 26(g)(1). Without waiving these objections, none.

*DEFICIENCY:* Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendant, at most, it would only apply to documents that Defendant is required by law to maintain. *See* 125 Stat. at 609-610. Nor does the audit privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

occupational health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf; (3) the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

12.    **Request No. 24**: All documents and records that You have received or sent to the ATF, any sheriff's office, and/or other state or federal regulatory agencies related to Your federal firearms license(s) or firearms business, including but not limited to: (i) state and federal licenses to sell firearms, firearm accessories and ammunition at Your store location including but not limited to applications, renewals and supporting documents; (ii) all records, citations, warning letters, reports, inspection reports, corrective actions or other documents issued or provided to You, including any actual or threatened suspension, revocation, or surrender of Your federal firearms licenses; (iii) documents relating to any actual or threatened investigation, in addition to any indictment, arrest, or conviction of an employee or agent of Your store for violation of a law or regulation relating to firearms, ammunition, and or/firearm accessory sales; and (iv) documents and trace requests concerning firearms, ammunition, or firearm accessories sold by Your store.

_ANSWER RECEIVED_: Defendant objects to the request for information regarding "threatened" investigation as it calls for speculation. Defendant objects to this request as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the

needs of this case. <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>Hidalgo</u>, 2023 WL 2705989, at \*10. As worded, this request seeks all documents relating to any of Defendant's sales of products over a limitless time period, which is overly broad as addressed in Defendant's Objections to Definitions. Gathering these materials would represent an immense burden, which is unwarranted given the lack of any relevance of such materials beyond in relation to transactions Plaintiff has identified. <u>See ibid.</u> Beyond the identified transactions, none of the requested materials are relevant to Plaintiff's surviving claims. The Government has information regarding firearms recovered in crimes in its country. <u>See, e.g.</u>, Tim Swift, Mexican Cartels Supplied With Trafficked Guns From U.S., USA TODAY (May 22, 2024), https://www.usatoday.com/story/news/investigations/2024/05/22/mexicancartels-supplied-trafficked-guns-from-us/73700258007/. Thus, no basis exists for fishing within Defendant's business materials to build a claim. Defendant further objects to this request to the extent the materials requested contain personal information including names, addresses, and telephone numbers of customers. Moreover, such information, including BATFE trace information, and other information Defendant is required to maintain, is protected from disclosure in civil suit. <u>See, e.g.</u>, <u>Williams</u>, 42 Misc. 3d at 442. Given the immense breadth of this request, without any attempt to narrow it to what is relevant or preserve privacy interests of Defendant's law-abiding customers, it is clear this request is made for an improper purpose of harassment and increasing the cost of litigation. <u>See</u> Fed. R. 26(g)(1). Without waiving these objections, please see M-AZ-00075 through M-AZ-00078.

<u>DEFICIENCY:</u>  Because this Request does not seek any information from ATF, the Tiahrt Amendment, *see* Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-610 (2011), is inapplicable. *See City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y 2006). In addition, even if the Tiahrt Amendment applied to certain materials sought from Defendant, at most, it would only apply to documents that Defendant is required by law to maintain. *See* 125 Stat. at 609-610. Nor does the audit

privilege in Arizona's Health and Safety Audit Privilege Act apply to these documents because (1) ATF conducted the audit, not the Defendants claiming privilege, *see e.g.*, A.R.S. §12-2323(A) (the privilege only applies to "an audit report conducted by an organization"); *id.* §12-2321(4) (definition of applicable "organization" conducting an audit does not include government agency); (2) the privilege only applies to a formal audit "that relates to occupational health, health or safety," A.R.S. § 12-2321(3) (emphasis added); Floor Amendment Explanation, Crandell Floor Amendment, H.B. 2485, Health and Safety Audit Privilege, 51st Cong., 1st Reg. Sess. (Ariz. April 9, 2013), available at https://www.azleg.gov/legtext/51leg/1R/adopted/2485CRANDELL1128.pdf;    (3)    the privilege does not apply to "[a] document, communication, datum or report or other information required by a regulatory agency to be collected, developed, maintained or reported under a health or safety law" or "[i]nformation obtained by observation, sampling or monitoring by a regulatory agency," A.R.S. § 12-2326(A); and (4) Defendants have waived any claims of privilege over communications with ATF and other third parties by virtue of disclosing the documents without a "confidentiality agreement," A.R.S. § 12-2324(B)(3).

RESPECTFULLY SUBMITTED this 13th day of September, 2024.

DECONCINI MCDONALD YETWIN & LACY, P.C.


By: /s/ *Ryan O'Neal*
        Ryan O'Neal
        2525 E. Broadway Blvd., Suite 200
        Tucson, AZ 85716-5300
        Attorneys for Plaintiff


/s/ Steve D. Shadowen                        /s/ Jonathan E. Lowy
Steve D. Shadowen (*pro hac vice*)           Jonathan E. Lowy (*pro hac vice*)
Tina J. Miranda (*pro hac vice*)             Yaacov (Jake) Meiseles (*pro hac vice*)
Nicholas W. Shadowen (*pro hac vice*)        Global Action on Gun Violence
SHADOWEN PLLC                                805 15th Street NW
1717 W. 6th St., Suite 290                   #601
Austin, TX 78703                             Washington, DC 20005
Phone: 855-344-3298                          Phone: (202) 415-0691
sshadowen@shadowenpllc.com                   jlowy@actiononguns.org
tmiranda@shadowenpllc.com                    Jmeiseles@actiononguns.org
nshadowen@shadowenpllc.com

**CERTIFICATE OF SERVICE**

I, Ryan O'Neal, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.


Dated: September 13, 2024                    /s/ *Ryan O'Neal*
                                              Ryan O'Neal