DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

Ryan O'Neal (AZ # 031919)
roneal@dmyl.com
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos, | |
| *Plaintiff*, | |
| vs. | NO. 4:22-cv-00472-TUC-RM |
| Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc, an Arizona corporation, | |
| *Defendants* | |

**PLAINTIFF'S OMNIBUS REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS DIAMONDBACK, SNG TACTICAL, THE HUB, AND SPRAGUE'S SPORTS' AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................1

    I.    Defenses 6, 7, and 16 are Improper Because They are Legally Insufficient.    1

    II.    Affirmative Defenses 5, 30, 9, 12, 13, and 14 Do Not Provide Fair Notice.    3

        A.    The Defenses Fail to Provide Notice Under Any Notice Standard.    3

        B.    Defenses 5 and 30 Do Not Provide Fair Notice.    5

        C.    Defenses 9 and 12 Do Not Provide Fair Notice.    5

        D.    Defenses 13 and 14 Do Not Provide Fair Notice.    6

    III.    Defenses 1, 2, 3, 4, 8, 10, 11, 17, 18, 22, 26, and 28 Are Improper Because They Are Denials of Elements of the Government's Claims.    7

        A.    Defendants Concede 4, 17, 22, and 26 are Not Affirmative Defenses.    7

        B.    Defense 1 Is Not An Affirmative Defense.    7

        C.    Defenses 2 and 18 Are Not Affirmative Defenses.    8

        D.    Defenses 3, 8, 10, 11, and 28 Are Not Affirmative Defenses.    8

    IV.    Defenses 6, 7, 16, 19, 20, 23, 24, 25, 27, and 29 are Legally Insufficient    9

    V.    These Improper Affirmative Defenses Prejudice Plaintiff.    11

    VI.    The Court Should Strike Without Leave to Amend.    11

CONCLUSION ....................................................................................................................11

CERTIFICATE OF SERVICE ................................................................................................13

## INTRODUCTION

Defendants proclaim that the Government's Motion to Strike Defendants' Affirmative Defenses is a "textbook example" of a "delaying tactic."[1] Quite the opposite.[2] Rule 12(f) motions "are proper when a defense is insufficient as a matter of law."[3] The Government filed this motion to *expedite* discovery—to dispose of Defendants' "kitchen sink" and legally insufficient affirmative defenses "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[4] Defendants' briefing in opposition only ilulminates the meritlessness of their defenses.

## ARGUMENT

### I. Defenses 6, 7, and 16 are Improper Because They are Legally Insufficient.

Defense 6 claims that the Government failed to sue indispensable parties, ignoring that "'[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.'"[5] Also, Defendants must "explain[] how or why [these other

---

[1] Opp. at 2 (quoting *Cabanillas v. 4716 Inc.*, 2021 WL 1889798, at *1 (D. Ariz. Mar. 3, 2021)).
[2] Defendants' insistence that *the Government* is attempting to delay the progression of this case is in bad taste. The Government, in good faith, stipulated to a requested extension of Defendants' time to answer the Complaint twice—first, to January 13, 2023 (ECF No. 13), then to January 27, 2023 (ECF No. 16)—then stipulated to yet another requested extension of Defendants' time to reply to the Government's opposition to the Motion to Dismiss (ECF No. 27). Even concerning the present Motion to Strike, the Government stipulated to Defendants' request for an extension to file their oppositions (ECF No. 66). Furthermore, the Government is *still* waiting on Defendants' complete Rule 26 *Initial* Disclosures (due May 6).
[3] *Bernal v. Daewoo Motor Am., Inc.*, 2009 WL 3837195, at *2 (D. Ariz. Nov. 16, 2009) (quoting *Torres v. Goddard*, 2008 WL 1817994, *1 (D. Ariz. 2008)).
[4] *Salazar v. Driver Provider Phoenix LLC*, 2023 WL 6066748, at *1 (D. Ariz. Sept. 18, 2023) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).
[5] *Solis v. Couturier*, 2009 WL 3055207, at *2 (E.D. Cal. Sept. 17, 2009) (quoting *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990)). The Government, like any plaintiff, is under no

parties are] indispensable here."[6] Defendants have not done so, and "ha[ve] not explained why in their absence the Court either 'cannot accord complete relief among existing parties' or how they have an interest in this action that would be impeded by resolving the action without them or would lead to inconsistent obligations."[7]

Defense 7 claims the Government proximately caused the carnage wrought by Defendants' unlawfully sold guns. "Defendants provide no factual or legal explanation of this assertion."[8] Defense 16 alleges comparative fault of the Government and others, but "does not state who the 'others' are or elaborate on any relevant conduct."[9] Defendants claim "the plain text language of those Defenses" is sufficient, but fair notice requires some factual basis or grounds for these defenses. *See* Section II. A, *infra*. Furthermore, "Plaintiff['s] conduct must relate and contribute to the [defendants'] negligence. Allegations of Plaintiff['s] comparative fault that do not relate or contribute to the [defendants'] various failures prior to and independent of the events [causing injury] . . . are insufficient."[10]

Defendants' arguments that the act of state and political question doctrines do not apply or are inappropriate to raise at this time also fail. It is illogical to argue that the doctrine

---

obligation to pursue every possible joint tortfeasor in this suit. *See Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 471 (9th Cir. 1960) ("[A] joint tort-feasor is not an indispensable party.")
[6] *N.L. v. Children's Hosp. Los Angeles*, 2019 WL 10854340, at *5 (C.D. Cal. Oct. 22, 2019).
[7] *BGC, Inc. v. Bryant*, 2023 WL 4138287, at *5 (N.D. Cal. June 21, 2023).
[8] *Bonshahi v. Fedex Corp.*, 2012 WL 3638608, at *3 (N.D. Cal. Aug. 22, 2012) (striking affirmative defense that "Plaintiff did not exercise ordinary care, caution or prudence"). *See also Lemberg v. Scottsdale Healthcare Corp. Health Plan*, 2011 WL 6049873 (D. Ariz. Dec. 6, 2011) (striking contributory negligence defense due to lack of factual basis).
[9] *Bell v. Nat'l Credit Sys., Inc.*, 2020 WL 1452552, at *3 (W.D. Wash. Jan. 8, 2020), *R&R adopted*, 2020 WL 1445576 (W.D. Wash. Mar. 25, 2020).
[10] *Hayes v. City of Portland*, 2020 WL 1154762, at *17 (D. Or. Mar. 10, 2020).

"has nothing to do with comparative fault" and Defendants should be permitted to "point[] the finger back at Plaintiff" when "the act of state doctrine bars [the Court] from even asking" questions about the validity of the Government's actions.[11] The political question doctrine protects the Government from judicial inquiry in the same way. *See* Motion at 4. Raising these doctrines now is critical: otherwise, Defendants would subject the Government to an "improperly broad discovery strategy to 'fish' for evidence of purported illegal activity." *Id*.

## II. Affirmative Defenses 5, 30, 9, 12, 13, and 14 Do Not Provide Fair Notice.

### A. The Defenses Fail to Provide Notice Under Any Notice Standard.

While "[t]he Ninth Circuit has not expressly discussed whether *Twombly* and *Iqbal* extend to affirmative defenses,"[12] "the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses."[13] The reasoning is to "require 'at least some valid factual basis for pleading an affirmative defense' and . . . prevent defendants from 'adding it to the case simply upon some conjecture that it may

---

[11] *Soc'y of Lloyd's v. Siemon-Netto*, 457 F.3d 94, 103 (D.C. Cir. 2006). *See also Casa Express Corp. as Tr. of Casa Express Tr. v. Bolivarian Republic of Venezuela*, 2024 WL 1756363, at *5 (S.D. Fla. Apr. 24, 2024) (act of state doctrine "operates as a preclusive force, foreclosing judicial inquiry into the validity or propriety" of the Government's acts) (internal quotation omitted).

[12] *Adidas Am., Inc. v. Aviator Nation, Inc.*, 2021 WL 91623, at *2 (D. Or. Jan. 10, 2021).

[13] *In Re Zicam Cold Remedy Mktg.*, 2010 WL 3155258, at *1 (D. Ariz. Aug. 6, 2010) (quoting *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010)). *See also Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) ("The majority of district courts in this Circuit. . . has consistently applied *Twombly* and *Iqbal* to both claims and affirmative defenses.") (collecting cases); *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp.3d 793, 798 n.3 (C.D. Cal. 2016) (collecting cases).

somehow apply.'"[14] This makes sense in the plain reading of the statute, and it assists judicial economy by "weed[ing] out the boilerplate listing of [irrelevant] affirmative defenses."[15] Thus, "fair notice requires the pleading of factual matter that creates a plausible right to relief. Labels, conclusions, or formulaic recitals of the elements of a cause of action do not suffice."[16] None of the challenged defenses meet this standard.

Even under a weaker standard (or indeed *any* standard) Defendants fail to sufficiently plead their affirmative defenses. "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense."[17] Affirmative defenses should be stricken when they "contain[] nothing to alert the plaintiff as to the grounds upon which these affirmative defenses rest."[18] Here, none of the affirmative defenses "provide the 'grounds' for the defense[s]. They merely assert 'the defense and then a one sentence explanation that adds nouns and verbs.'"[19]

---

[14] *Zicam*, 2010 WL 3155258, at *1 (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)).
[15] *Barnes*, 718 F. Supp. 2d at 1172 ("Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint. *Compare* (a)(2) 'a short and plain statement of the claim showing that the pleader is entitled to relief', *with* (b)(1) 'state in short and plain terms its defenses to each claim asserted against it.'").
[16] *Vogel*, 291 F.R.D. at 440.
[17] *Fed. Trade Comm'n v. N. Am. Mktg. & Assocs., LLC*, 2012 WL 5034967, at *1 (D. Ariz. Oct. 18, 2012) (quoting *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012)).
[18] *Reiffer v. Moeller*, 2021 WL 4636047, at *2 (D. Ariz. Oct. 7, 2021).
[19] *Adidas Am., Inc.*, 2021 WL 91623, at *2 (quoting *McDonald v. Alayan Alayan*, 2016 WL 2841206, at *3 (D. Or. May 13, 2016)).

### B. Defenses 5 and 30 Do Not Provide Fair Notice.

Defenses 5 (statute of limitations) and 30 (laches) fail to provide fair notice. Defendants cite authority that "in some cases a bare bones recitation of a statute of limitations defense may be sufficient to put a Plaintiff on notice" without finishing the sentence—"that is not the case here," it just *may be* the case "where a single cause of action is plead under a single statute."[20] That is not true here. Defendants are thus required but failed to "allege which statute(s) of limitations [they are] relying upon, what cause(s) of action are barred, the date after which such bar became effective, and some factual allegations concerning why the limitations period has expired."[21] Similarly, the one-sentence laches defense "contain[s] no reference to supporting facts . . . and thus provide[s] no notice concerning the basis of the defenses."[22] It does not "provide any facts supporting [the defense] or linking [it] to the Plaintiff's claim," which "at a minimum" is required for fair notice.[23]

### C. Defenses 9 and 12 Do Not Provide Fair Notice.

Defenses 9 (failure to mitigate) and 12 (estoppel and unclean hands) do not provide fair notice because Defendants failed to provide any factual basis.[24] Factual detail is

---

[20] *Rosen*, 222 F. Supp. 3d at 804.

[21] *Id*. at 804. *See also N. Am. Mktg. & Assocs.*, 2012 WL 5034967, at *3 (a defense that "do[es] not identify the applicable statute of limitations . . . does not provide fair notice to Plaintiff).

[22] *Id*. at *2 (citing *Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*, 2011 WL 3809933 at *2-4 (C.D. Cal. Aug. 25, 2011)).

[23] *Innovative Sports Mgmt. Inc. v. Hunt*, 2019 WL 10366177, at *1 (D. Ariz. June 27, 2019). *See also Major v. Bossard Inc.*, 2021 WL 2566984, at *3 (D. Ariz. Mar. 12, 2021); *Crestwood Cap. Corp. v. Andes Indus., Inc.*, 2016 WL 3418699, at *3 (D. Ariz. June 22, 2016) (bare assertion "wholly insufficient to provide fair notice—or really any notice at all").

[24] *See Major*, 2021 WL 2566984, at *5 (striking failure to mitigate defense because "no facts have been pled concerning Plaintiff's failure to mitigate"); *N. Am. Mktg. & Assocs.*, 2012 WL

particularly important here in light of Defendants' outrageous, baseless allegation that the Government itself is arming criminal cartels and harming its own citizens. Defendants vaguely posit they "intend to investigate through discovery" and "intend to unveil" some factual basis for asserting these defenses. But "[d]efendant[s] cite no case that holds that [they are] entitled to plead an affirmative defense without factual support on the off-chance that discovery may reveal facts that support it."[25] "[F]air notice pleading under Rule 8 is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial."[26]

### D. Defenses 13 and 14 Do Not Provide Fair Notice.

Defenses 13 and 14, asserting preclusion of punitive and/or exemplary damages under Ariz. Rev. Stat. § 12-689 and the U.S. or Arizona Constitutions, respectively, also fail to provide fair notice. Defendants' "explicit … citations to legal authority" reference Ariz. Rev. Stat. § 12-689, which applies to product liability actions. Defendants provide no *factual* basis or explanation as to how this statute is implicated in a negligence, gross negligence, or negligence per se case. Defendants also fail to explain in their boilerplate recitation of constitutional rights how such rights allegedly bar punitive damages, except to claim they

---

5034967, at *4 (striking failure to mitigate and unclean hands defenses because no factual basis was alleged); *Kohler*, 280 F.R.D. 560 (same); *Loc. Ventures & Invs., LLC v. Open Found.*, 2019 WL 7877935 (N.D. Cal. Mar. 12, 2019) (same).
[25] *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 578 (N.D. Cal. 2016).
[26] *Snap! Mobile, Inc. v. Croghan*, 2019 WL 884177, at *2 (N.D. Cal. Feb. 22, 2019) (quoting *Perez v. Gordon & Wong Law Group, P.C.*, 2012 WL 1029425, at *8 (N.D. Cal. March 26, 2012)). *See also Xingen v. Inland Energy, Inc.*, 2020 WL 13211718, at *5 (C.D. Cal. Feb. 18, 2020) ("a defendant must 'bolster its affirmative defenses with some factual support . . . discovery should not be used as a fishing expedition'") (quoting *Vogel*, 291 F.R.D. at 441).

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

were "not informed of the nature and cause of the accusations against [them]." ECF No. 54 ("Answer") at 55.[27] Defendants "fail [to] *identify facts* supporting [the constitutional defenses] such as would put Plaintiff on fair notice of their claims."[28]

### III. Defenses 1, 2, 3, 4, 8, 10, 11, 17, 18, 22, 26, and 28 Are Improper Because They Are Denials of Elements of the Government's Claims.

#### A. Defendants Concede 4, 17, 22, and 26 are Not Affirmative Defenses.

Defendants acknowledge that defenses 4 (failure to state a claim), 17 (no legal duty), 22 (no special relationship), and 26 (negligent entrustment inapplicable to sales of chattel) are improper, yet requests the Court not strike them. Opp. at 11-12. This runs contrary to this District's precedent,[29] and acccordingly, these defenses should be stricken.

#### B. Defense 1 Is Not An Affirmative Defense.

Defendants contend that PLCAA "is a proper affirmative defense based on statutory immunity." Opp. at 13. But, even if "statutory immunity" were a cognizable defense (the *Spencer* case Defendants cite deals only with California "state immunity"), it is the law of the case that PLCAA provides no such immunity to Defendants here. Defendants' PLCAA defense is effectively a denial of the Government's *prima facie* case (and this Court's ruling).

---

[27] A difficult argument to make, given that Defendants' opposition brief begins by griping that the Government's "Complaint is 138 pages long, contains 343 paragraphs of claimed factual allegations, and is replete with assertions that Defendants' participation in gun trafficking has harmed Plaintiff." Opp. at 1-2.

[28] *J & J Sports Productions, Inc. v. Catano*, 2012 WL 5424677, at *5 (E.D. Cal. 2012) (emphasis added).

[29] *See, e.g.*, *G & G Closed Cir. Events, LLC v. Mitropoulos*, 2012 WL 3028368 (D. Ariz. July 24, 2012); *Martinez v. Alltran Fin. LP*, 2019 WL 1777300 (D. Ariz. Apr. 23, 2019).

## C. Defenses 2 and 18 Are Not Affirmative Defenses.

Defenses 2 and 18 assert the Government lacks Article III standing and prudential standing. "[L]ack of standing is not an affirmative defense because a plaintiff always bears the burden of proving that he has standing."[30] Defendants claim that "there exists a difference of views among courts on this issue," Opp. at 13 n. 11, yet "[c]ourts in the Ninth Circuit routinely hold that . . . 'lack of standing' [is] not a proper affirmative defense."[31]

## D. Defenses 3, 8, 10, 11, and 28 Are Not Affirmative Defenses.

Defenses 3, 8, 11, and 28 (proximate causation) and defense 10 (economic loss rule) simply deny elements of the Government's prima facie burden in proving its claims and should be stricken. It is hornbook law that proximate cause is an element of a tort claim.[32] Defendants' argument that the Government's claims are barred by the "economic loss rule" fails for the same reason: "the existence of damages other than purely economic loss is an element of a plaintiff's common law cause of action."[33] It is also inapplicable to the Government's claims because the economic loss rule precludes recovery only where plaintiff's damages are solely economic.[34] The Government, however, seeks all damages

---

[30] *Martinez*, 2019 WL 1777300, at *2 (citing *Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013)). *See also Spann v. J.C. Penney Corp.*, 2015 WL 11072165, at *4 (C.D. Cal. July 16, 2015) (collecting cases).
[31] *Gergawy v. United States Bakery, Inc.*, 2021 WL 608725, at *7 (E.D. Wash. Feb. 16, 2021).
[32] *See Martinez*, 2019 WL 1777300 at *3 (striking proximate cause, legal cause, and substantial cause "because these are not proper affirmative defenses"); *Zikovic*, 302 F.3d at 1088 ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").
[33] *Zagarian v. BMW of N. Am., LLC*, 2019 WL 6111731, at *2 n.1 (C.D. Cal. Oct. 23, 2019).
[34] *Id.* at *2.

resulting from Defendants' conduct, including personal injury damages.[35] Defendant's out-of-circuit authority is therefore not only off-point, but also irrelevant.[36] Opp. at 15. These are not affirmative defenses and should be stricken.[37]

### IV.   Defenses 6, 7, 16, 19, 20, 23, 24, 25, 27, and 29 are Legally Insufficient

Defense 19 (law of the case doctrine) is so insufficient that Defendants reached outside the Ninth Circuit to seek support for their argument (Opp. at 14)—and still failed. The Western District of Missouri case cited by Defendants states that "the law-of-the-case doctrine is not binding" for a motion to dismiss decision.[38] That the Court "barred" some of the *other* claims in the Government's Complaint is irrelevant: Defendants did not answer the allegations specific to these dismissed claims.[39] By definition, affirmative defense 19 can apply only to claims that were not dismissed and have not gone to final judgment.

Affirmative defense 20 accuses the Government of spoliation, which is an evidentiary concept and not an affirmative defense.[40] This defense fails as a matter of law. It also fails to

---

[35] *See, e.g.* Compl. ¶6 (describing the "massive damage that the Defendants cause to the Government, including the death of and injury to its military personnel, National Guard, and police").

[36] Moreover, this is not a product liability or construction defect case. *See, e.g. Firetrace USA, LLC v. Jesclard,* 800 F. Supp. 2d 1042, 1052 (D. Ariz. 2010) ("Without some clear indication from the Arizona courts that the economic loss rule applies beyond product liability and construction defect cases, the Court will not extend it to Plaintiffs' tort claims.").

[37] Further confirming their affirmative defenses are invalid, Defendants request the court "simply treat them as non-affirmative defenses and/or denials." Opp. at 12 n. 9. This is acquiescence to the Government's motion—*because* they are merely "denials," they should be stricken. *Serna*, 2020 WL 4365899, at *2.

[38] *Joe Hand Promotions, Inc. v. Ridgway*, 2015 WL 1321477, *2 (W.D. Mo. Mar. 24, 2015).

[39] *See, e.g.*, ECF 52 at ¶¶ 267-73, 304-09, 315-43.

[40] *See, e.g.*, *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155 (4th Cir. 1995); *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*, 520 F. Supp.2d 1184, 1198 (C.D. Cal. 2007); *Rein*

provide fair notice because Defendants do not identify what evidence the Government allegedly purposely destroyed, or state how or when they purportedly discovered this. Defendants' only authority to the contrary is a non-binding and non-precedential case;[41] the vast weight of authority on this topic favors the Government's position. Affirmative defenses—like any pleading—require a *present* factual basis; they are not placeholders for future arguments or claims that Defendants hope to accrue in the future.

The rest of the alleged affirmative defenses rely on a hodgepodge of constitutional provisions. To evaluate whether an affirmative defense should be stricken, the Court assumes the Plaintiff's *prima facie* claims have already been proven.[42] Defendants' constitutional defenses cannot rescue Defendants from liability in a scenario where the Government has successfully met its burden on its claims. Indeed, the case cited by Defendants holds that a First Amendment defense "fails as a matter of law" when assuming the plaintiff's claim is "true and can be proven."[43] Defendants then resort to supposed policy rationales for why certain constitutional provisions *should* bar the Government's claims, but they do not, despite Defendants' political opinions.

---

*v. Thrifty Payless, Inc.*, 2021 WL 1401569, at *5 n. 2 (W.D. Wash. Apr. 14, 2021); *U.S. Bank Nat'l Ass'n v. Gerber*, 380 F. Supp. 3d 429, 440 (M.D. Pa. 2018); *Target Corp. v. Seaman Corp.*, 2021 WL 2526550, at *1 (D. Minn. June 21, 2021).

[41] *See* Opp. at 15 (citing *Craten v. Foster Poultry Farms Inc.*, 2016 WL 3457899, at *3 (D. Ariz. June 24, 2016). Moreover, the *Craten* court permitted a spoliation defense only after the defendant made "clear" in its response brief the "evidence alleged to have been spoliated," which Defendants have not done.

[42] *See* Motion at 14-17.

[43] *Federal Trade Comm'n v. Lunada Biomedical, Inc.*, 2015 WL 12911515, at *3 (C.D. Cal. Sept. 23, 2015) (cited in Opp. at 16).

### V. These Improper Affirmative Defenses Prejudice Plaintiff.

Defendants' affirmative defenses seek to probe the national security and/or border control apparatuses of the United States Government and the Government of Mexico in an attempt to deflect blame from their own unlawful conduct. Aside from the highly offensive allegation that the Government of Mexico is culpable for the widespread violence and terror created by cartels armed with Defendants' own weapons, Defendant's goal is harassment, prejudice, and confusion.[44] Defendants' purported "affirmative defenses" are aimed at subjecting the Government to improper avenues of discovery, prejudice the Government, and are likely to confuse a jury, and should be stricken.

### VI. The Court Should Strike Without Leave to Amend.

The Government's Motion to Strike seeks efficiency and clarity.[45] Granting leave to amend Defendants' baseless and/or legally defective affirmative defenses would not serve the interests of judicial economy, and Defendant's briefing has made clear they cannot cure their deficiencies.

### CONCLUSION

The Court should strike the aforementioned affirmative defenses to bring clarity and efficiency to the discovery process.

---

[44] "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause a trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *California Dep't. of Toxic Substances Control v. Alco Pacific, Inc*., 217 F. Supp.2d 1028, 1033 (C.D. Cal. 2002).

[45] *FDIC v. Main Hurdman*, 655 F. Supp. 259, 263 n.6 (E.D. Cal. 1987) (motions to strike further the goal of judicial efficiency).

Respectfully submitted this 14th day of June, 2024

                                                    DECONCINI MCDONALD YETWIN & LACY, P.C.

                                                    By: /s/ *Ryan O'Neal*
                                                          Ryan O'Neal
                                                          2525 E. Broadway Blvd., Suite 200
                                                          Tucson, AZ 85716-5300
                                                          Attorneys for Plaintiff

| /s/ Steve D. Shadowen | /s/ Jonathan E. Lowy |
|---|---|
| Steve D. Shadowen (*pro hac vice*) | Jonathan E. Lowy (*pro hac vice*) |
| Tina J. Miranda (*pro hac vice*) | Global Action on Gun Violence |
| Nicholas W. Shadowen (*pro hac vice*) | 805 15th Street NW |
| SHADOWEN PLLC | #601 |
| 1717 W. 6th Street, Suite 290 | Washington, DC 20005 |
| Austin, TX 78703 | Phone: (202) 415-0691 |
| Phone: 855-344-3298 | jlowy@actiononguns.org |
| sshadowen@shadowenpllc.com | |
| tmiranda@shadowenpllc.com | |
| nshadowen@shadowenpllc.com | |

**CERTIFICATE OF SERVICE**

I, Ryan O'Neal, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: June 14, 2024          /s/ *Ryan O'Neal*
                               Ryan O'Neal