**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos, | No. CV-22-00472-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Diamondback Shooting Sports Incorporated, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Estados Unidos Mexicanos' Motions to Strike Affirmative Defenses. (Docs. 64, 65.) Defendants responded in opposition (Docs. 76, 77), and Plaintiff replied (Docs. 81, 82). The Court finds the Motions appropriate for resolution without a hearing.

## I. Legal Standard

Under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money "litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions "are generally disfavored" due to "the strong policy favoring resolution on the merits" and because such "motions may be used as delaying tactics." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting" a Rule 12(f) motion.

1    *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008)

2    (internal quotation marks omitted).

3            There is a split in authority regarding whether the pleading standards set forth in

4    *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662

5    (2009), apply to affirmative defenses.  *See Ernest Bock, LLC v. Steelman*, No. 2:19-cv-

6    01065-JAD-EJY, 2021 WL 4750726, at *2 (D. Nev. Sept. 22, 2021).  This Court is

7    persuaded that "[t]he text of Federal Rule of Civil Procedure 8, the principles underlying

8    the Supreme Court's decisions in [*Twombly* and *Iqbal*], . . . the practicalities of pretrial

9    litigation," and Ninth Circuit authority post-dating *Twombly* and *Iqbal* all weigh against

10   extending *Twombly* and *Iqbal* to affirmative defenses.  *Loi Nguyen v. Durham Sch.*

11   *Servs., L.P.*, 358 F. Supp. 3d 1056, 1057 (C.D. Cal. 2019).  First, Rule 8 requires a party

12   asserting a claim for relief to provide "a short and plain statement of the claim *showing*

13   that the pleader is entitled to relief," whereas defenses and affirmative defenses need only

14   be "state[d]."  Fed. R. Civ. P. 8(a)(2), (b)(1)(A), (c)(1) (emphasis added).  *Twombly* and

15   *Iqbal* address the requirements for *showing* a pleader is entitled to relief for purposes of

16   Rule 8(a); neither opinion discusses affirmative defenses.   Furthermore, practical

17   distinctions—including the amount of time each party has to compose their respective

18   pleadings—"weigh against extending [*Twombly* and *Iqbal*] to affirmative defenses."  *Loi*

19   *Nguyen*, 358 F. Supp. 3d at 1061.  Finally, the Ninth Circuit has implicitly rejected

20   application of *Twombly* and *Iqbal* to affirmative defenses by affirming, post-*Twombly*

21   and *Iqbal*, that the "fair notice" pleading standard governs defenses and requires only that

22   defenses be described "in general terms."  *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016,

23   1019 (9th Cir. 2015) (internal quotation marks omitted).  Accordingly, the Court finds

24   that *Twombly* and *Iqbal* do not apply to affirmative defenses.  An affirmative defense is

25   insufficiently pled only if it fails to provide the plaintiff with "fair notice of the nature of

26   the defense."  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam).

27           If a defense is sufficiently pled, "a motion to strike which alleges the legal

28   insufficiency" of the defense "will not be granted unless it appears to a certainty" that the

1  plaintiff "would succeed despite any state of the facts which could be proved in support

2  of the defense." *Barnes*, 718 F. Supp. 2d at 1170 (internal quotation marks omitted).

3       If a defense is stricken, leave to amend should freely be given "[i]n the absence of

4  prejudice to the opposing party." *Wyshak*, 607 F.2d at 826.

5       **II.    Discussion**

6       On April 8, 2024, Defendants Diamondback Shooting Sports, Inc., Loan Prairie,

7  LLC d/b/a The Hub, SnG Tactical, LLC, and Sprague Sports, Inc. (collectively, "DHSS

8  Defendants"), and Defendant Ammo A-Z LLC ("Ammo A-Z"), answered Plaintiff's

9  Complaint and asserted affirmative defenses.  (Docs. 52, 53, 54, 54, 56.)  Plaintiff asks

10 the Court to strike 29 of the 31 affirmative defenses asserted by DHSS Defendants

11 ("DHSS Affirmative Defenses"), and 36 of the 40 affirmative defenses asserted by

12 Ammo A-Z ("Ammo A-Z Affirmative Defenses"), without leave to amend.  (Docs. 64,

13 65.)[1]

14       **A. Defenses Invoking Comparative Fault of Mexico or United States**

15       Plaintiff argues that DHSS Affirmative Defenses 6, 7, and 16, and Ammo A-Z

16 Affirmative Defenses 2, 7, 22, and 31, improperly seek to shift blame to the governments

17 of Mexico and the United States.  (Doc. 64 at 8-10; Doc. 65 at 8-10.)[2]

18       **1.  DHSS Affirmative Defense 6; Ammo A-Z Affirmative Defense 2**

19       DHSS Affirmative Defense 6 and Ammo A-Z Affirmative Defense 2 allege that

20 Plaintiff failed to add indispensable parties to this case, including the United States

21 government; straw purchasers; firearm traffickers; the people who allegedly committed

22 crimes with firearms sold by Defendants; Mexican officials who allegedly supply illegal

23 firearms to cartels; foreign sources of firearms for cartels in Mexico; and cartel members,

24

25 [1]  The affirmative defenses asserted by DHSS Defendants are identical, except that
   Sprague Sports omitted the other DHSS Defendants' Affirmative Defense 13.  DHSS
26 Defendants state that this omission was unintentional and indicate that Sprague Sports
   will seek to amend its Answer following the Court's resolution of Plaintiff's Motions to
27 Strike.  (Doc. 76 at 3 n.2).  For ease of reference, the Court cites only to Defendant
   Diamondback Shooting Sports, Inc.'s Answer (Doc. 52) when discussing the defenses
   asserted by DHSS Defendants.
28 [2]  All record citations refer to the page numbers generated by the Court's electronic filing
   system.

associates, and agents.  (Docs. 52 at 56-57; Doc. 56 at 51-52.)  Plaintiff argues that the individuals and entities named by Defendants are not indispensable parties because Arizona's comparative fault rules require assessing percentages of fault to all persons who contributed to a plaintiff's damages, regardless of whether the person is named as a party to the suit.  (Doc. 64 at 8-9; Doc. 65 at 8-9.)  Defendants argue that the failure to join an indispensable party is a proper affirmative defense when the party is identified, and that they have a right to assert that other parties are responsible for the harm that Plaintiff has alleged.  (Doc. 76 at 5; Doc. 77 at 6-7.)

Asserting a defense based on the failure to join an indispensable party is proper, and Defendants have provided fair notice by identifying the parties they assert are indispensable and providing information as to why they believe the parties are indispensable.  *See Westwood v. Brott*, No. 22-cv-03374-CRB, 2022 WL 17418975, at *6 (N.D. Cal. Dec. 5, 2022); *Snow Covered Capital, LLC v. Weidner*, No. 2:19-cv-00595-JAD-NJK, 2019 WL 6719526, at *4 (D. Nev. Nov. 22, 2019).  Plaintiff has not shown to a certainty that the parties identified by Defendants are not indispensable parties, nor has Plaintiff shown any prejudice from Defendants' assertion of these affirmative defenses; discovery regarding the fault of all contributing parties will be necessary regardless of whether the Court strikes these affirmative defenses because, as Plaintiff states, Arizona's comparative fault rules require assessing percentages of fault to all persons who contributed to a plaintiff's damages.  *See* A.R.S. § 12-2506(B).  Accordingly, Plaintiff's Motions to Strike will be denied with respect to DHSS Affirmative Defense 6 and Ammo A-Z Affirmative Defense 2.

### 2.  DHSS Affirmative Defenses 7 and 16; Ammo A-Z Affirmative Defenses 7, 22, and 31

DHSS Affirmative Defense 7 and Ammo A-Z Affirmative Defense 22 allege that Plaintiff failed to exercise reasonable care to protect its citizens from cartel violence.  (Doc. 52 at 57; Doc. 56 at 56.)  DHSS Affirmative Defense 16 and Ammo A-Z Affirmative Defense 7 assert that Plaintiff's damages should be reduced by the

comparative fault of others, including Plaintiff.  (Doc. 52 at 58; Doc. 56 at 53.)  Ammo A-Z Affirmative Defense 31 asserts "illegality as to Plaintiff's conduct."  (Doc. 56 at 58.)

Plaintiff argues that these affirmative defenses fail to provide fair notice of Plaintiff's purported negligence and "illegality."  (Doc. 64 at 9; Doc. 65 at 9.)  Plaintiff further argues that any inquiry involving Mexican officials acting in their official capacities is barred by the act of state doctrine, and any inquiry into the fault of government agencies of the United States is barred by the political question doctrine.  (Doc. 64 at 9-10; Doc. 65 at 9-10.)  Finally, Plaintiff argues that these defenses must be stricken to prevent Defendants from fishing for evidence of purportedly illegal government activity that has no bearing on the well-pled allegations of the Complaint.  (Doc. 64 at 10; Doc. 65 at 10.)

Defendants argue that these defenses are proper affirmative defenses that easily meet the fair notice standard.  (Doc. 76 at 5-6; Doc. 77 at 7.)  Defendants further argue that there is no basis at this juncture to conclude that either the act of state doctrine or political question doctrine is applicable.  (Doc. 76 at 6-7; Doc. 77 at 7-8.)  Finally, Defendants argue that basic principles of fairness and due process give them a right to evaluate whether Plaintiff's own actions or inactions contributed to the alleged harm and damages at issue in this case.  (Doc. 76 at 7; Doc. 77 at 8.)

Plaintiff has not shown to a certainty that the act of state doctrine and political question doctrine preclude inquiry into the comparative fault of Plaintiff or United States agencies.  "[T]he act of state doctrine is a substantive defense on the merits" that "bars suit where (1) there is an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed in the action would require a court in the United States to declare invalid the foreign sovereign's official act."  *Sea Breeze Salt, Inc. v. Mitsubishi Corp.*, 899 F.3d 1064, 1068-69 (9th Cir. 2018) (internal quotation and alteration marks omitted).  The political question doctrine is a jurisdictional restriction on "a court's power under Article III to hear a case" involving "political decisions that are by their nature committed to the political branches to the exclusion of

the judiciary." *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980-81 (9th Cir. 2007) (internal quotation marks omitted).  Because the doctrines preclude suit, it is not clear they are applicable here, where Plaintiff is the one asserting the doctrines.  Furthermore, Plaintiff has not adequately shown at this time the substantive requirements for application of the doctrines.

DHSS Affirmative Defenses 7 and 16 and Ammo A-Z Affirmative Defenses 7 and 22 provide fair notice that Defendants are asserting Plaintiff's damages should be reduced by the comparative fault of others, including Plaintiff's alleged failure to exercise reasonable care to protect its citizens from cartel violence.  The Court agrees, however, that Ammo A-Z Affirmative Defense 31 fails to provide fair notice of the asserted "illegality" at issue.  The Court will strike Ammo A-Z Affirmative Defense 31, with leave to amend, and will deny Plaintiff's Motion to Strike DHSS Affirmative Defense 7 and 16 and Ammo A-Z Affirmative Defenses 7 and 22.

## B. Fair Notice

Plaintiff argues that DHSS Affirmative Defenses 5, 9, 12-14, and 30, and Ammo A-Z Affirmative Defenses 1, 13, 26-28, and 32-34 fail to provide fair notice of the nature and grounds of the defenses asserted.  (Doc. 64 at 10-14; Doc. 65 at 10-15.)

### 1. Statute of Limitations: DHSS Affirmative Defense 5 and Ammo A-Z Affirmative Defense 1

DHSS Affirmative Defense 5 and Ammo A-Z Affirmative Defense 1 allege that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.  (Doc. 52 at 56; Doc. 56 at 51.)  Plaintiff argues the Court should strike these affirmative defenses because Defendants have not identified the applicable statute of limitations or which claims are allegedly barred.  (Doc. 64 at 11-12; Doc. 65 at 11-12.)  Defendants contend that a bare bones recitation of a standard and well-recognized affirmative defense like the statute of limitations is sufficient to provide fair notice, particularly where the allegations of Plaintiff's Complaint span across decades.  (Doc. 76 at 8-9; Doc. 77 at 9-10.)

In *Wyshak*, the Ninth Circuit held that a defendant provided fair notice of a statute of limitations defense where the answer simply alleged that the plaintiff's claims were "barred by the applicable statute of limitations," but an attached memorandum identified the specific statute of limitations upon which the defendant relied.  607 F.2d at 827. *Wyshak* indicates that a defendant must disclose—either in the answer or another filing—the specific statute of limitations upon which it relies in order to provide fair notice of a statute of limitations defense.  As Defendants here have not identified the specific statute(s) of limitation on which they rely, the Court will strike DHSS Affirmative Defense 5 and Ammo A-Z Affirmative Defense 1, with leave to amend.

### 2. Failure to Mitigate: DHSS Affirmative Defense 9 and Ammo A-Z Affirmative Defense 13

DHSS Affirmative Defense 9 and Ammo A-Z Affirmative Defense 13 allege that Plaintiff failed to mitigate its damages.  (Doc. 52 at 57; Doc. 56 at 54.)  Plaintiff argues the Court should strike these affirmative defenses because Defendants provide no explanation of how, when, or why Plaintiff failed to mitigate its damages.  (Doc. 64 at 12; Doc. 65 at 12.)  Defendants argue that DHSS Affirmative Defense 9 and Ammo A-Z Affirmative Defense 13 "provide Plaintiff with fair notice that Defendants intend to investigate through discovery whether Plaintiff failed to mitigate damages or engaged in conduct that caused the harm at issue in the Complaint," including discovery regarding how firearms end up with cartels and whether Plaintiff has armed cartels.  (Doc. 76 at 9-10; Doc. 77 at 10.)  Defendants further contend that courts routinely permit defendants to plead failure to mitigate damages without specific factual allegations.  (Doc. 76 at 10; Doc. 77 at 10-11.)

The Court finds that Defendants' Answers, when read as a whole and in light of the allegations of Plaintiff's Complaint, are sufficient to provide Plaintiff with fair notice of Defendants' position that Plaintiff failed to mitigate its damages by failing to control cartel violence within its borders.  Accordingly, the Court will deny Plaintiff's Motions to Strike with respect to DHSS Affirmative Defense 9 and Ammo A-Z Affirmative Defense

13.

### 3.  Estoppel and Unclean Hands: DHSS Affirmative Defense 12 and Ammo A-Z Affirmative Defense 33

DHSS Affirmative Defense 12 alleges that Plaintiff is estopped from claiming damages "because of Plaintiff's negligence, improper conduct, acquiescence and/or inaction in failing to curtail or remedy" cartel violence, including through the doctrine of unclean hands.  (Doc. 52 at 57.)  Ammo A-Z Affirmative Defense 33 "pleads the defense of estoppel."  (Doc. 56 at 58.)  Plaintiff argues that the Court should strike these affirmative defenses because Defendants fail to indicate which estoppel defense they are asserting and fail to plead any factual basis for an estoppel or unclean hands defense. (Doc. 64 at 13-14; Doc. 65 at 13.)  DHSS Defendants argue that their Answers provide fair notice that they assert Plaintiff should be estopped from recovering damages arising from acts that Plaintiff encouraged, endorsed, and caused.  (Doc. 76 at 10.)   Ammo A-Z argues that estoppel is a well-established defense, the application of which is self-explanatory, particularly where, as here, Defendants clearly contend that Plaintiff's own actions or inactions have caused or contributed to the damages at issue.  (Doc. 77 at 10-11.)

When read in the context of DHSS Defendants' Answers as a whole and Defendants' briefs filed in this action, DHSS Affirmative Defense 12 provides fair notice of an unclean hands defense.  *See POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1092 (C.D. Cal. 2016) (unclean hands defense requires proof that the plaintiff engaged in inequitable conduct relating to the subject matter of the claims).  However, neither DHSS Affirmative Defense 12 nor Ammo A-Z Affirmative Defense 33 provide fair notice of an estoppel defense.  Defendants do not specify which estoppel doctrine they rely upon and, assuming Defendants are relying upon equitable estoppel, they do not identify any misrepresentations of fact or reasonable reliance.  *See* Restatement (2d) of Torts § 894 (1979).  Accordingly, the Court will grant Plaintiff's Motion to Strike with respect to Defendants' estoppel defenses, with leave to amend.

1
2

**4. Punitive Damages: DHSS Affirmative Defenses 13 and 14; Ammo A-Z Affirmative Defenses 26-28**

3      DHSS Affirmative Defense 13 and Ammo A-Z Affirmative Defense 28 allege that

4   Plaintiff's claim for punitive damages is precluded by A.R.S. § 12-689.  (Doc. 52 at 57;

5   Doc. 56 at 58.)  DHSS Affirmative Defense 14 and Ammo A-Z Affirmative Defenses 26-

6   27 allege that Plaintiff's claim for punitive damages is barred by various clauses of the

7   United States and Arizona Constitutions.  (Doc. 52 at 57-58; Doc. 56 at 56-58.)  Plaintiff

8   argues that the Court should strike these affirmative defenses because Defendants

9   identify no factual bases for them and therefore the defenses fail to provide fair notice.

10  (Doc. 64 at 13; Doc. 65 at 14.)  Defendants argue that these defenses are explicit in their

11  citations to legal authority and clearly provide fair notice.  (Doc. 76 at 10-11; Doc. 77 at

12  11.)

13      The Court finds that DHSS Affirmative Defenses 13 and 14, and Ammo A-Z

14  Affirmative Defenses 26-28, when read in the context of the statutes cited therein as well

15  as in the context of the Complaint and the Answers as a whole, are sufficiently pled to

16  provide fair notice.  Furthermore, whether "punitive damages are unavailable" is an issue

17  "clearly material to the case," *Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 870 (N.D. Cal.

18  2023), and Plaintiff has identified no prejudice from Defendants' assertion of these

19  affirmative defenses.  Accordingly, the Court will deny Plaintiff's Motion to Strike with

20  respect to these defenses.

21           **5. Assumption of Risk: Ammo A-Z Affirmative Defense 32**

22      Ammo A-Z Affirmative Defense 32 "pleads the defense of assumption of risk."

23  (Doc. 56 at 58.)  Plaintiff argues that this defense provides no factual basis as to how

24  Plaintiff assumed the risk of Defendant's conduct.  (Doc. 64 at 13.)  Ammo A-Z argues

25  that assumption of the risk is a well-established defense the application of which is self-

26  explanatory, and that merely naming the defense is therefore sufficient to provide fair

27  notice.  (Doc. 77 at 10.)

28      The Court agrees with Plaintiff that Ammo A-Z Affirmative Defense 32 does not

provide fair notice of the grounds for Defendant's assertion that Plaintiff assumed the risk of Defendant's conduct, nor are the grounds for the defense self-explanatory under the circumstances of this case.  The Court will strike Ammo A-Z Affirmative Defense 32 with leave to amend.

### 6.  Laches:  DHSS  Affirmative  Defense  30  and  Ammo  A-Z Affirmative Defense 34

DHSS Affirmative Defense 30 and Ammo A-Z Affirmative Defense 34 allege that Plaintiff's claims are barred by the doctrine of laches.  (Doc. 52 at 60; Doc. 56 at 58-59.) Plaintiff argues that Defendants plead no facts showing an unreasonable delay by Plaintiff, nor any facts showing prejudice, and therefore Defendants have failed to provide fair notice of a laches defense.  (Doc. 64 at 14; Doc. 65 at 14-15.)  Defendants argue that a standard, well-recognized affirmative defense like laches provides fair notice even when made without a factual basis or a showing of plausibility, particularly when read in conjunction with the Complaint's allegations asserting occurrences dating back 20 years.  (Doc. 76 at 8-9; Doc. 77 at 9-10.)

When read in the context of the Answers as a whole and the allegations of the Complaint, DHSS Affirmative Defense 30 and Ammo A-Z Affirmative Defense 34 provide fair notice of a laches defense.  Accordingly, Plaintiff's Motion to Strike will be denied with respect to these defenses.

### C. Denials of Plaintiff's Allegations

Plaintiff argues that the Court should strike affirmative defenses that merely constitute a denial of elements of Plaintiff's claims, because they are not true affirmative defenses, and their assertion may result in prejudice, delay, and confusion of the issues. (Doc. 64 at 14-18; Doc. 65 at 15-19.)

### 1.  Protection of Lawful Commerce in Arms Act: DHSS Affirmative Defense 1 and Ammo A-Z Affirmative Defense 14

DHSS Affirmative Defense 1 and Ammo A-Z Affirmative Defense 14 allege that Plaintiff's claims are barred by the Protection of Lawful Commerce in Arms Act.  (Doc.

52 at 56; Doc. 56 at 54.)  Plaintiff argues that this defense constitutes a mere denial of Plaintiff's claims rather than an affirmative defense, because the PLCAA does not grant Defendants immunity if Plaintiff's allegations are proven true.  (Doc. 64 at 18-19; Doc. 65 at 15.)  Defendants argue that DHSS Affirmative Defense 1 and Ammo A-Z Affirmative Defense 14 are proper affirmative defenses based on statutory immunity, and that the Court's ruling on their Motion to Dismiss does not preclude Defendants from litigating the applicability of the PLCAA based on the evidence revealed during the course of discovery.  (Doc. 76 at 12-13; Doc. 77 at 12-13.)

In ruling on Defendants' Motion to Dismiss, the Court found that the PLCAA does not bar Plaintiff's claims when the allegations of Plaintiff's Complaint are taken as true. (Doc. 50 at 10-15.)  "Proper affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *J&J Sports Prods., Inc. v. Catano*, No. 1:12-cv-00739-LJO-JLT, 2012 WL 5424677, at *3 (E.D. Cal. Nov. 6, 2012) (internal quotation and alteration marks omitted).  Because this Court has ruled that the PLCAA does not preclude Plaintiff's claims if Plaintiff's allegations are true, DHSS Affirmative Defense 1 and Ammo A-Z Affirmative Defense 14 may be more appropriately construed as denials rather than affirmative defenses.  Given the lack of prejudice to Plaintiff, however, the Court declines to strike these affirmative defenses.  *See Schmitz v. Asman*, No. 2:20-cv-00195-DAD-CKD PS, 2023 WL 2541848, at *4 (E.D. Cal. Mar. 16. 2023) (noting that, because "it is difficult to find prejudice in the mislabeling of a denial as an affirmative defense, . . . courts are split on whether it is appropriate to strike affirmative defenses that are in fact denials").

### 2. Standing: DHSS Affirmative Defenses 2 and 18; Ammo A-Z Affirmative Defense 3

DHSS Affirmative Defenses 2 and 18,[3] and Ammo A-Z Affirmative Defense 3,

---

[3] Specifically, DHSS Affirmative Defense 2 asserts that Plaintiff lacks Article III standing and DHSS Affirmative Defense 18 asserts that Plaintiff lacks *parens patriae* standing.  (Doc. 52 at 56, 58-59.)

1   assert that Plaintiff lacks standing.  (Doc. 52 at 56, 58-59; Doc. 56 at 52.)  Plaintiff argues

2   that lack of standing is not an affirmative defense but, rather, a matter that Plaintiff bears

3   the burden of proving.  (Doc. 64 at 15; Doc. 65 at 16.)  Plaintiff further argues that

4   Defendants' standing defenses fail to provide fair notice because they do not identify

5   which counts Plaintiff lacks standing to assert.  (Doc. 64 at 15 n.7; Doc. 65 at 16 n.11.)

6   Defendants argue that lack of standing has routinely been recognized as an appropriate

7   affirmative defense.  (Doc. 76 at 13; Doc. 77 at 12.)

8         Defendants' Answers provide fair notice of lack-of-standing defenses, particularly

9   when read in light of other filings, including Defendants' Motion to Dismiss.  And

10   although "standing is an essential element of a plaintiff's claim, some courts have

11   recognized it as an affirmative defense."  *Kohler v. Bed Bath & Beyond of Cal., LLC*, No.

12   CV 11–4451 RSWL(SPx), 2012 WL 424377, at *3 (C.D. Cal. Feb. 8, 2012).

13   Furthermore, even if DHSS Affirmative Defenses 2 and 18, and Ammo A-Z Affirmative

14   Defense 3, are more appropriately construed as non-affirmative defenses, *Kanaan*, 709 F.

15   Supp. 3d at 869, Plaintiff has not identified any prejudice warranting striking the

16   defenses.  Accordingly, the Court declines to strike DHSS Affirmative Defenses 2 and

17   18, and Ammo A-Z Affirmative Defense 3.

18         **3.  Proximate Causation: DHSS Affirmative Defenses 3, 8, 11, and**

19             **28; Ammo A-Z Affirmative Defenses 5, 6, 8, 15, 17, 19-24, and 39**

20         DHSS Affirmative Defenses 3, 8, 11, and 28, and Ammo A-Z Affirmative

21   Defenses 5, 6, 8, 15, 17, 19-24, and 39, assert defenses focused on a lack of proximate

22   causation.[4]  (Doc. 52 at 56-57, 59; Doc. 56 at 52-56, 59.)  Plaintiff argues that these

---

23   [4] Specifically, DHSS Affirmative Defense 3 alleges that Plaintiff's claims fail due to a
24   lack of proximate causation.  (Doc. 52 at 56.)  DHSS Affirmative Defense 8 alleges that
     Plaintiff's damages were proximately caused by others and that Plaintiff's recovery
     should be reduced accordingly.  (*Id.* at 57.)  DHSS Affirmative Defense 11 alleges that
25   criminal actions committed subsequent to Defendants' firearms sales and before the
     alleged harm to Plaintiff are superseding and intervening causes of Plaintiff's damages.
26   (*Id.* at 57.)  DHSS Affirmative Defense 28 alleges that Plaintiff's claims are too remote
     and derivative to permit recovery.  (*Id.* at 59.)  Ammo A-Z Affirmative Defense 5 alleges
27   that acts and omissions of Plaintiff and third parties are independent causes of Plaintiff's
     damages.  (Doc. 56 at 52.)  Ammo A-Z Affirmative Defense 6 alleges that Plaintiff's
28   damages were solely caused by the intentional or negligent acts of persons over whom
     Ammo A-Z had no control or duty to control.  (*Id.*)  Ammo A-Z Affirmative Defense 8

defenses are not proper affirmative defenses because Plaintiff bears the burden of proving causation. (Doc. 64 at 16-17; Doc. 65 at 17.)  Plaintiff further argues that these defenses fail to provide fair notice because they do not specify which acts or omissions of Plaintiff or third parties caused Plaintiff's injuries. (Doc. 64 at 17 n.10; Doc. 65 at 17 n.13.) Defendants argue proximate causation defenses are proper affirmative defenses. (Doc. 76 at 13-14; Doc. 77 at 12.)

Lack of proximate causation has been recognized as an affirmative defense. *See G&G Closed Cir. Events, LLC v. Mitropoulos*, No. CV12–0163–PHX DGC, 2012 WL 3028368, at *2 (D. Ariz. July 24, 2012).  Furthermore, Defendants' Answers, when read as a whole and in light of the allegations of Plaintiff's Complaint and the contents of the parties' briefs on Defendant's Motion to Dismiss, provide fair notice of the grounds for defenses premised on lack of proximate causation.  For these reasons, and given the lack of any prejudice to Plaintiff warranting striking the defenses, the Court will deny Plaintiff's Motion to Strike these affirmative defenses.

### 4.  Comparative Fault: Ammo A-Z Affirmative Defenses 9, 11

Ammo A-Z Affirmative Defense 9 alleges that Plaintiff's damages must be reduced by the percentage of Plaintiff's negligence or the negligence of others who contributed to Plaintiff's injuries. (Doc. 56 at 53.)  Ammo A-Z Affirmative Defense 11 asserts that Plaintiff's damages were caused or contributed to by the intentional or

---

alleges that Plaintiff's damages were caused by third parties not under Ammo A-Z's control. (*Id.* at 53.)  Ammo A-Z Affirmative Defense 15 asserts a lack of proximate causation due to third parties' criminal misuse of firearms. (*Id.* at 54-55.)  Ammo A-Z Affirmative Defense 17 denies proximate causation. (*Id.* at 55.)  Ammo A-Z Affirmative Defense 19 alleges Ammo A-Z's conduct is too remote to support proximate causation. (*Id.*)  Ammo A-Z Affirmative Defense 20 alleges that Plaintiff's damages were not reasonably anticipable. (*Id.*)  Ammo A-Z Affirmative Defense 21 alleges a lack of a causal relationship between Defendant's conduct and Plaintiff's damages. (*Id.* at 55-56.) Ammo A-Z Affirmative Defense 22 alleges that Plaintiff failed to undertake precautions to protect its citizens. (*Id.* at 56.)  Ammo A-Z Affirmative Defense 23 asserts that Plaintiff's claims are barred by superseding and intervening intentional, negligent, reckless, and/or criminal acts of third parties. (*Id.*)  Ammo A-Z Affirmative Defense 24 asserts that superseding forces and/or actions of parties or third parties proximately caused or contributed to Plaintiff's damages. (*Id.*)  Ammo A-Z Affirmative Defense 39 asserts that the conduct at issue is too remote and derivative to permit recovery. (*Id.* at 59.)

negligent acts of persons over whom Ammo A-Z has no control or duty to control and that the fault of such persons should be compared pursuant to comparative fault laws. (*Id.* at 54.)  Plaintiff argues that these defenses are defective because they merely deny that Defendant caused Plaintiff's injuries and damages, which Plaintiff bears the burden of proving.   (Doc. 64 at 17.)    Ammo A-Z argues that these defenses are proper affirmative defenses.  (Doc. 77 at 12.)

Comparative fault is a "well-known affirmative defense[.]"  *Schmitz*, 2023 WL 2541848, at *4.  Furthermore, when Ammo A-Z's Answer is read as a whole and in the context of the Complaint, these comparative fault defenses provide fair notice. Accordingly, Plaintiff's Motion to Strike will be denied with respect to Ammo A-Z Affirmative Defenses 9 and 11.

### 5.  Failure to State a Claim: DHSS Affirmative Defense 4; Ammo A-Z Affirmative Defense 4

DHSS Affirmative Defense 4 and Ammo A-Z Affirmative Defense 4 asserts that Plaintiff's Complaint fails to state claims on which relief can be granted.  (Doc. 52 at 56; Doc. 56 at 52.)  Plaintiff argues that a defense of failure to state a claim is not a proper affirmative defense because it merely asserts a defect in Plaintiff's prima facie case. (Doc. 64 at 15-16; Doc. 65 at 18.)   Defendants concede that these defenses do not technically constitute affirmative defenses but argue that the correct remedy is not to strike the defenses but, rather, to treat them as non-affirmative defenses and/or denials. (Doc. 76 at 12; Doc. 77 at 16.)

Given the disfavored nature of Rule 12(f) motions to strike and the lack of prejudice to Plaintiff, the Court declines to strike these defenses and instead construes them as non-affirmative defenses.  *See Kanaan*, 709 F. Supp. 3d at 869 (finding failure to state a claim is a non-affirmative defense).

### 6.  Economic Loss Rule: DHSS Affirmative Defense 10 and Ammo A-Z Affirmative Defense 35

DHSS Affirmative Defense 10 and Ammo A-Z Affirmative Defense 35 assert that

Plaintiff's claims for damages are barred by the economic loss doctrine. (Doc. 52 at 57; Doc. 56 at 59.) Plaintiff argues that this defense constitutes a mere denial of Plaintiff's allegations, and that the economic loss doctrine is not a legally cognizable affirmative defense. (Doc. 64 at 20; Doc. 65 at 18-19.) Defendants argue that the economic loss rule is a proper affirmative defense. (Doc. 76 at 14; Doc. 77 at 15.)

Some courts have recognized the economic loss rule as a proper affirmative defense. *See, e.g.*, *Barnhart v. Am. Home Mortg. Serv., Inc.*, No. 2:11-cv-569-FtM-99SPC, 2012 WL 366930, at *5 (M.D. Fla. Feb. 3, 2012) ("economic loss rule is a valid affirmative defense"); *Lafky Props., LLC v. Global Credit Union*, No. 1:19-cv-00413-DCN, 2020 WL 4736296, at *4 n.3 (D. Idaho Aug. 14, 2020) (same). Even if these defenses are more appropriately construed as denials, given the lack of prejudice to Plaintiff, the Court declines to strike DHSS Affirmative Defense 10 and Ammo A-Z Affirmative Defense 35.

### 7. Duty of Care: DHSS Affirmative Defenses 17 and 22; Ammo A-Z Affirmative Defenses 10, 16

DHSS Affirmative Defenses 17 and 22, and Ammo A-Z Affirmative Defenses 10 and 16, assert that Defendants did not owe Plaintiff a legal duty. (Doc. 52 at 58-59; Doc. 56 at 53, 55.) Plaintiff argues that these defenses merely constitute a denial of the allegations of the Complaint. (Doc. 64 at 17; Doc. 65 at 19.) Defendants concede that these defenses do not technically constitute affirmative defenses, and they ask the Court to treat them as denials and/or non-affirmative defenses. (Doc. 76 at 12; Doc. 77 at 16.)

Given the disfavored nature of Rule 12(f) motions and the lack of prejudice to Plaintiff, the Court declines to strike these defenses and instead construes them as non-affirmative defenses and/or denials.

### 8. Punitive Damages: Ammo A-Z Affirmative Defense 25

Ammo A-Z Affirmative Defense 25 asserts that a punitive damages award is barred because Plaintiff's alleged harm was not the result of Defendant's acts or omissions, and such acts or omissions were not performed knowingly, intentionally, or

willfully.  (Doc. 56 at 56.)  Plaintiff argues that this is a "good faith" defense that merely denies an element of Plaintiff's punitive damages claim.  (Doc. 64 at 18.)  Plaintiff further argues that, to the extent its punitive damages claim does not require proof of intent or a particular mental state to establish liability, the good faith defense is immaterial and impertinent.  (*Id.*)  Ammo A-Z argues that a denial of the availability of punitive damages is a proper affirmative defense and that this defense provides fair notice.  (Doc. 77 at 11.)

Although some courts have found that an assertion that Plaintiff has not proved an entitlement to punitive damages is not a true affirmative defense, *see Roe v. City of San Diego*, 289 F.R.D. 604, 610 (S.D. Cal. Mar. 5, 2013), Plaintiff's entitlement to punitive damages is an issue in this case, *Kanaan*, 709 F. Supp. at 870, and Plaintiff has identified no prejudice from Ammo A-Z's assertion of this defense as an affirmative defense rather than as a non-affirmative defense or denial.  Accordingly, the Court will deny Plaintiff's Motion to Strike with respect to Ammo A-Z Affirmative Defense 25.

### 9.  Negligent Entrustment: DHSS Affirmative Defense 26

DHSS Affirmative Defense 26 alleges that Plaintiff's negligent entrustment claim fails because there is no negligent entrustment action in the context of the sales of chattel.  (Doc. 52 at 59.)  Plaintiff argues that this defense merely asserts a defect in Plaintiff's prima facie case and therefore is not an affirmative defense.  (Doc. 65 at 19.)  DHSS Defendants concede that this defense does not technically constitute an affirmative defense, and they ask the Court to treat it as a denial and/or non-affirmative defense.  (Doc. 76 at 12.)

Given the disfavored nature of Rule 12(f) motions and the lack of prejudice to Plaintiff, the Court declines to strike DHSS Affirmative Defense 26 and instead construes it as a non-affirmative defense and/or denial.

### D.  Legal Insufficiency

Plaintiff argues that DHSS Affirmative Defenses 19, 20, 23-25, 27, 29 and 31, and Ammo A-Z Affirmative Defenses 18, 37-38, and 40, are insufficient as a matter of law or

are otherwise defective.  (Doc. 64 at 18-22; Doc. 65 at 19-23.)

### 1.  Law of the Case: DHSS Affirmative Defense 19

DHSS Affirmative Defense 19 alleges that all or a portion of Plaintiff's claims are barred by the law of the case doctrine.  (Doc. 52 at 59.)  Plaintiff argues that the law of the case doctrine has no bearing because no court has passed judgment on this action.  (Doc. 65 at 19-20.)  DHSS Defendants argue that the law of the case doctrine is a valid affirmative defense, and that some or all of Plaintiff's claims are barred by this Court's decision on Defendants' Motion to Dismiss.  (Doc. 76 at 14-15.)

The Court agrees that its decision resolving Defendants' Motion to Dismiss limits Plaintiff's claims, and Plaintiff has identified no prejudice from Defendants' assertion of this defense.  Accordingly, the Court will deny Plaintiff's Motion to Strike with respect to DHSS Affirmative Defense 19.

### 2.  Spoliation: DHSS Affirmative Defense 20 and Ammo A-Z Affirmative Defense 37

DHSS Affirmative Defense 20 and Ammo A-Z Affirmative Defense 37 allege that Plaintiff spoliated discoverable and/or admissible evidence.  (Doc. 52 at 59; Doc. 56 at 59.)  Plaintiff argues that spoliation is a rule of evidence rather than an affirmative defense.  (Doc. 64 at 20-21; Doc. 65 at 20.)  Plaintiff further argues that Defendants' spoliation defenses fail to provide fair notice of what evidence was allegedly destroyed and why Defendants believe Plaintiff purposely destroyed relevant evidence.  (Doc. 64 at 21 n.16; Doc. 65 at 20 n.18.)  Finally, Plaintiff contends that this defense violates the act of state doctrine to the extent it contends Mexican government officials destroyed relevant evidence in Mexico.  (Doc. 64 at 21 n.16.)  Defendants argue that spoliation is a valid affirmative defense; that DHSS Affirmative Defense 20 and Ammo A-Z Affirmative Defense 37 provide fair notice when read in light of the allegations of Plaintiff's Complaint; and that Defendants should be entitled to conduct discovery on this issue, given that the information related to this defense is within Plaintiff's custody and control.  (Doc. 76 at 15; Doc. 77 at 14.)

"[S]poliation is not an affirmative defense, but, rather, a sanction for discovery and evidentiary violations." *Rein v. Thrifty Payless, Inc.*, No. 2:19-cv-00522-BJR, 2021 WL 1401569 at *5 n.2 (W.D. Wash. Apr. 14, 2021). Defendants have not shown a need to assert spoliation as an affirmative defense in order to raise the issue during this litigation if grounds for spoliation arguments arise. Furthermore, Defendants have not adequately identified what relevant evidence Plaintiff has purportedly destroyed. Because the assertion of these defenses is unnecessary, the Court will strike DHSS Affirmative Defense 20 and Ammo A-Z Affirmative Defense 37, without leave to amend.

### 3. Constitutional Defenses: DHSS Affirmative Defenses 23-25, 27, and 29; Ammo A-Z Affirmative Defenses 18 and 38

DHSS Affirmative Defenses 23-25, and Ammo A-Z Affirmative Defense 38, allege that Plaintiff's claims violate the First and Second Amendments to the United States Constitution, as well as the Commerce Clause. (Doc. 52 at 59; Doc. 56 at 59.) DHSS Affirmative Defense 27 and Ammo A-Z Affirmative Defense 18 allege that Plaintiff's claims violate the separation of powers in that Plaintiff is seeking to have the judicial branch create legislative policy. (Doc. 52 at 59; Doc. 56 at 55.) DHSS Affirmative Defense 29 alleges that Plaintiff's Complaint is barred by the Seventh Amendment to the United States Constitution because the Complaint aggregates unidentified shootings by unidentified persons in unidentified circumstances over an unspecified period. (Doc. 52 at 59.)

Plaintiff argues that, in determining the legal sufficiency of affirmative defenses, the Court must accept that the Plaintiff will prevail on the merits of the action and that, if Plaintiff prevails on the merits, the First and Second Amendments cannot protect Defendants. (Doc. 64 at 21-22; Doc. 65 at 20-22.) Plaintiff further argues that neither the Seventh Amendment nor the Commerce Clause bars legal claims, and Defendants' defenses referencing the Seventh Amendment and the Commerce Clause fail to provide fair notice. (Doc. 64 at 22 n.17; Doc. 65 at 22-23.) Plaintiff contends that casting its claims as a violation of separation of powers "is a political bromide, not a legally

cognizable affirmative defense." (Doc. 64 at 19-20; Doc. 65 at 22.) Plaintiff further argues that Defendants' Answers fail to provide fair notice of separation-of-powers defenses because they do not state how or why Plaintiff seeks to have the judicial branch create legislative policy. (Doc. 64 at 20 n.14; Doc. 65 at 22 n.20.)

Defendants argue that they have a right to assert constitutional defenses that may prohibit or limit Plaintiff's claims, and that Plaintiff should not be allowed to obtain a ruling on the applicability and merits of these defenses before discovery has been completed. (Doc. 76 at 15-17; Doc. 77 at 13-14.)

The Court construes Plaintiff's arguments concerning the First and Second Amendments as arguments that these defenses are not true affirmative defenses. Even if the defenses are more appropriately construed as non-affirmative defenses or denials, however, Plaintiff has not shown that striking the defenses is warranted, given the disfavored nature of Rule 12(f) motions and the lack of prejudice to Plaintiff. The parties' briefs are inadequate for the Court to determine at this juncture whether "it appears to a certainty that" Plaintiff "would succeed despite any state of the facts which could be proved in support of" Defendants' other constitutional defenses. *Barnes*, 718 F. Supp. 2d at 1170. Accordingly, Plaintiff's Motions to Strike will be denied with respect to Defendants' constitutional defenses.

### 4. Incorporation by Reference: Ammo A-Z Affirmative Defense 40

Ammo A-Z Affirmative Defense 40 incorporates by reference the defenses raised by other Defendants. (Doc. 56 at 60.) Plaintiff argues that this is not a legally cognizable affirmative defense. (Doc. 64 at 22.) Ammo A-Z argues that this affirmative defense is proper when there are multiple defendants in an action. (Doc. 77 at 15 n.3.)

Plaintiff has not shown that it is improper for Ammo A-Z to incorporate other Defendants' defenses by reference. Accordingly, the Court will deny Plaintiff's Motion to Strike with respect to Ammo A-Z Affirmative Defense 40.

### 5. Reservation of Defenses: DHSS Affirmative Defense 31

DHSS Affirmative Defense 31 reserves the right to amend Defendants' Answers

to raise additional affirmative defenses that may be disclosed during discovery. (Doc. 52 at 60.) Plaintiff argues that this is not a legally cognizable affirmative defense because it provides no basis for avoiding liability. (Doc. 65 at 23.) DHSS Defendants concede that this defense does not constitute an affirmative defense, and they ask the Court to treat it as a mere recitation of the procedures provided by the Federal Rules of Civil Procedure. (Doc. 76 at 3, 17.)

Because DHSS Affirmative Defense 31 merely recites the procedures that govern this action under the Federal Rules of Civil Procedure, the defense is redundant and unnecessary. Accordingly, the Court will grant Plaintiff's Motion to Strike DHSS Affirmative Defense 31, without leave to amend.

**IT IS ORDERED** that Plaintiff's Motions to Strike Affirmative Defenses (Docs. 64, 65) are **partially granted and partially denied**, as set forth above and summarized below:

1.  The Motions to Strike are **denied** with respect to the following:

    - DHSS Affirmative Defenses 1-4, 6-11, 12 to the extent it asserts an unclean hands defense, 13-14, 16-19, 22-30.
    - Ammo A-Z Affirmative Defenses 2-11, 13-28, 34-35, 38-40.

2.  The Court strikes the following affirmative defenses:

    - DHSS Affirmative Defenses 5 and 12, with leave to amend.
    - DHSS Affirmative Defenses 20 and 31, without leave to amend.
    - Ammo A-Z Affirmative Defenses 1, 31, 32, and 33, with leave to amend.

. . . .

. . . .

- • Ammo A-Z Affirmative Defense 37, without leave to amend.

Dated this 15th day of November, 2024.


Honorable Rosemary Márquez
United States District Judge