LORBER, GREENFIELD & OLSEN, LLP
Louis W. Horowitz, Esq. [S.B. #020842]
3930 E. Ray Road, Suite 260
Phoenix, AZ 85044
TEL: (602) 437-4177
FAX: (602) 437-4180
lhorowitz@lorberlaw.com

RENZULLI LAW FIRM LLP
Christopher Renzulli, Esq. (*Pro Hac Vice*)
Peter Malfa, Esq. (*Pro Hac Vice*)
Jeffrey Malsch, Esq. (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, NY 10601
TEL: (914) 285-0700
FAX: (914) 285-1213
crenzulli@renzullilaw.com
pmalfa@renzullilaw.com
jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc.,*
*Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Estados Unidos Mexicanos, | Case No: 4:22-cv-00472-TUC-RM |
|---|---|
| Plaintiff, | **SPRAGUE'S SPORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| *vs.* | |
| Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

1

Defendant Sprague's Sport's Inc., ("Sprague's" or "Defendant") by and through its attorneys, Renzulli Law Firm, LLP and Lorber, Greenfield & Olsen, LLP, respectfully submits its First Amended Answer to Plaintiff's Complaint as follows:

## I.    INTRODUCTION

1.    Sprague's denies the allegations in Paragraph 1 of the Complaint, except admits that it is a Federal Firearms Licensee located in the State of Arizona. To the extent the allegations in Paragraph 1 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, and refers all questions of law to this Honorable Court.

2.    Sprague's denies the allegations in Paragraph 2 of the Complaint. To the extent the allegations in Paragraph 2 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

3.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the actions of the United States or persons unaffiliated with Sprague's in Paragraph 3 of the Complaint, so same are denied, but Sprague's specifically denies any allegation in Paragraph 3 of the Complaint that Sprague's had actual or constructive knowledge of any alleged illegally activity taking place in its premises.

4.    Sprague's states that the allegations in Paragraph 4 of the Complaint are directed to other defendants, and as such, no response is required. To the extent that a response is required, it denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint, and refers all questions of law to this Honorable Court.

5.    Sprague's denies the allegations in Paragraph 5 of the Complaint. To the extent the allegations in Paragraph 5 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations so same are denied.

6.    Sprague's denies the allegations in Paragraph 6 of the Complaint. To the extent the allegations in Paragraph 6 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations. To the extent the allegations in Paragraph 6 of the Complaint relate to Plaintiff's purported motivation in bringing this lawsuit, Sprague's denies knowledge or information sufficient to form a belief. Defendant refers all questions of law to this Honorable Court.

7.    Sprague's denies the allegations in Paragraph 7 of the Complaint and refers all questions of law to this Honorable Court.

8.    Sprague's states that the allegations in Paragraph 8 of the Complaint are not directed to any  defendant, and as such, no response is required. To the extent that a response is required, it denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9.    Sprague's denies the allegations in Paragraph 9 of the Complaint. To the extent the allegations in Paragraph 9 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

10.    Sprague's denies the allegations in Paragraph 10 of the Complaint. To the extent the allegations in Paragraph 10 of the Complaint are directed to other defendants, Sprague's denies

knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied. To the extent the allegations in Paragraph 10 relate to information outside the knowledge of any defendant, Sprague's denies knowledge or information sufficient to form a belief.

11.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50) and the choice of law analysis contained therein, Mexican law does not apply. Notwithstanding, Sprague's denies the allegations in Paragraph 11 of the Complaint to the extent they relate to purported violations of U.S. federal and state statutes, and refers all questions of law to this Honorable Court. To the extent the allegations in Paragraph 11 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

12.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) and Arizona Consumer Fraud Act claim (Count Seven of the Complaint) were dismissed, and as such, no response to such allegations or claims is required. Notwithstanding, Sprague's denies the factual allegations in Paragraph 12 of the Complaint, and refers all questions of law to this Honorable Court. To the extent the allegations in Paragraph 12 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

13.    Paragraphs 13 of the Complaint solely outlines a request for relief, to which a response is not required.  To the extent that a response is required, Sprague's denies the allegations in Paragraph 13 of the Complaint, notes that the U.S. Government already monitors defendants' firearms sales practices through the Department of Justice's Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and refers all questions of law to this Honorable Court.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

## II.    PARTIES

14.    Sprague's admits that Plaintiff is a sovereign nation that shares a border with the United States. The remaining allegations in Paragraph 14 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Sprague's denies the allegations in Paragraph 14 of the Complaint, and refers all questions of law to this Honorable Court.

15.    Sprague's states that the allegations in Paragraph 15 of the Complaint are directed to another defendant. To the extent that a response is required, it denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, and refers all questions of law to this Honorable Court.

16.    Sprague's states that the allegations in Paragraph 16 of the Complaint are directed to another defendant. To the extent that a response is required, it denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint, and refers all questions of law to this Honorable Court.

17.    Sprague's states that the allegations in Paragraph 17 of the Complaint are directed to another defendant. To the extent that a response is required, it denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, and refers all questions of law to this Honorable Court.

18.    Sprague's states that the allegations in Paragraph 18 of the Complaint are directed to another defendant. To the extent that a response is required, it denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, and refers all questions of law to this Honorable Court.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

19.    Sprague's denies the allegations in Paragraph 19 of the Complaint, except admits that it is a corporation organized and existing under the laws of the State of Arizona.

20.    Sprague's denies the allegations in Paragraph 20 of the Complaint. To the extent that the allegations in Paragraph 20 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

### III.    JURISDICTION AND VENUE

21.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed, and as such, such claims do not form the basis for subject matter jurisdiction. Sprague's admits that there is complete diversity between the Plaintiff and defendants, denies that Plaintiff's claims for damages have any value, and refers all questions of law to this Honorable Court as to whether diversity jurisdiction exists.

22.    Sprague's denies that any "events or omissions" committed by it give rise to any claim being brought by Plaintiff, but admits that based on the allegations in the Complaint, venue is proper in this District.

### IV.    DEFENDANTS

23.    Sprague's denies the allegations in Paragraph 23 of the Complaint. To the extent that the allegations in Paragraph 23 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

24.    Sprague's denies the allegations in Paragraph 24 of the Complaint. To the extent that

LORBER GREENFIELD & OLSEN, LLP
3930 I.E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

the allegations in Paragraph 24 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

25.    Sprague's denies the allegations in Paragraph 25 of the Complaint To the extent that the allegations in Paragraph 25 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

26.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint, so same are denied.

27.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint, so same are denied.

28.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint, so same are denied.

29.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint, so same are denied.

30.    The allegations in Paragraph 30 of the Complaint relate to Plaintiff's intentions related to filing this lawsuit and the substance of its legal claims, to which no response is required by this Defendant.  To the extent that a response is required, Sprague's denies that it knowingly and systematically participates in any scheme to traffic firearms into Mexico, and denies knowledge or information to form a belief about the truth of the allegations in Paragraph 30 of the Complaint as asserted against other defendants, so same are denied.

31.    Sprague's denies knowledge or information sufficient to form a belief about the truth

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

of the allegations in Paragraph 31 of the Complaint regarding the number of federal firearms licensees located in Arizona or the population of Arizona, so same are denied. Sprague's denies the remaining allegations in Paragraph 31 of the Complaint.

32.     Sprague's denies the allegations in Paragraph 32 of the Complaint. To the extent that the allegations in Paragraph 32 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

33.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, so same are denied.

34.     Sprague's denies the allegations in Paragraph 34 of the Complaint. To the extent that the allegations in Paragraph 34 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

35.     Sprague's denies the allegations in Paragraph 35 of the Complaint. To the extent that the allegations in Paragraph 35 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

36.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint as to what a federal judge said or didn't say in an opinion in 2003, but notes that Sprague's was not a party to the lawsuit referenced in Paragraph 36 of the Complaint and denies that decision has any relevance or effect on the claims in this case.

37.     Sprague's denies knowledge or information sufficient to form a belief about the truth

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

8

of the allegations in Paragraph 37 of the Complaint, but denies that the number of traces connected to a particular federal firearms licensee is evidence of any illegal, intentional or negligent conduct by such licensee, as ATF has indicated on numerous occasions. Sprague's further denies knowledge or information sufficient to form a belief about the truth as to what a federal judge said or didn't say in an opinion in 2003, but notes that Sprague's was not a party to the lawsuit referenced in Paragraph 37 of the Complaint and denies that decision has any relevance or effect on the claims in this case.

38.    Sprague's denies the allegations in Paragraph 38 of the Complaint. To the extent that the allegations in Paragraph 38 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

39.    Sprague's denies the allegations in Paragraph 39 of the Complaint. To the extent that the allegations in Paragraph 39 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

40.    Sprague's denies the allegations in Paragraph 40 of the Complaint. To the extent that the allegations in Paragraph 40 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

41.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein, and as such, no response to portions of Paragraph 41 of the Complaint is required. Sprague's denies that it engages in any of the activities alleged in Paragraph 41 of the

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Complaint, refers all questions of law to this Honorable Court, but admits that a licensed dealer who knowingly transfers or sells a firearm to a person it knows is not the "actual transferee/buyer" of the firearm, as that term is defined by the ATF, may be in violation of U.S. law.

42.    Sprague's denies the allegations in Paragraph 42 of the Complaint except admits that pursuant to 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a, federally licensed dealers are required to file a Report of Multiple Sale or Other Disposition of Pistols and Revolvers (ATF Form 3310.4) when two or more handguns are disposed of to a non-licensee within a five (5) business day period, and this Report is sent to ATF and a designated local law enforcement agency.

43.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint except admits federally licensed dealers located in Arizona, California, New Mexico and Texas are required to file a Report of Multiple Sale or Other Disposition of Certain Rifles (ATF Form 3310.12) when two or more semiautomatic rifles capable of accepting a detachable magazine and with a caliber greater than .22 are disposed of within a five (5) business day period to an unlicensed person.

44.    Sprague's denies the allegations in Paragraph 44 of the Complaint. To the extent that the allegations in Paragraph 44 of the Complaint refer to "buyers," "traffickers," and the "illegal market in Mexico," Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

45.    Sprague's denies the allegations in Paragraph 45 of the Complaint. To the extent that the allegations in Paragraph 45 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

46.    Sprague's denies the allegations in Paragraph 46 of the Complaint.

47.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint as to what a federal judge said or didn't say in an opinion in 2003, but notes that Sprague's was not a party to the lawsuit referenced in Paragraph 47 of the Complaint and denies that decision has any relevance or effect on the claims in this case.

48.    Sprague's denies the allegations in Paragraph 48 of the Complaint. To the extent that the allegations in Paragraph 48 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

49.    Sprague's denies the allegations in Paragraph 49 of the Complaint and refers all questions of law to this Honorable Court.

50.    Sprague's denies the allegations in Paragraph 50 of the Complaint. To the extent that the allegations in Paragraph 50 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

51.    Sprague's denies the allegations in Paragraph 51 of the Complaint.

52.    Sprague's denies the allegations in Paragraph 52 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 52 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

53.    Sprague's denies the allegations in Paragraph 53 of the Complaint. To the extent that the allegations in Paragraph 53 of the Complaint are directed to other defendants, Sprague's denies

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

## V.    EXAMPLES OF SPECIFIC SALES

54.    Sprague's denies the allegations in Paragraph 54 of the Complaint. To the extent that the allegations in Paragraph 54 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

55.    Sprague's denies the allegations in Paragraph 55 of the Complaint. To the extent that the allegations in Paragraph 55 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

56.    There are no allegations of fact contained in Paragraph 56 of the Complaint, but Sprague's denies any implication or inference of wrongdoing contained in Paragraph 56 of the Complaint.

57.    Sprague's denies the allegations in Paragraph 57 of the Complaint and refers all questions of law to this Honorable Court.

58.    Sprague's denies the allegations in Paragraph 58 of the Complaint and refers all questions of law to this Honorable Court.

59.    Sprague's denies the allegations in Paragraph 59 of the Complaint and refers all questions of law to this Honorable Court.

60.    Sprague's denies the allegations in Paragraph 60 of the Complaint and refers all questions of law to this Honorable Court.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

61. Sprague's denies the allegations in Paragraph 61 of the Complaint and refers all questions of law to this Honorable Court.

62. Sprague's denies the allegations in Paragraph 62 of the Complaint and refers all questions of law to this Honorable Court.

63. Sprague's denies the allegations in Paragraph 63 of the Complaint and refers all questions of law to this Honorable Court.

64. Sprague's denies the allegations in Paragraph 64 of the Complaint and refers all questions of law to this Honorable Court.

65. Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Complaint, as they are not directed to Sprague's, so same are denied.

66. Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint, as they are not directed to Sprague's, so same are denied.

67. Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint, as they are not directed to Sprague's, so same are denied.

68. Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint, as they are not directed to Sprague's, so same are denied.

69. Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint, as they are not directed to Sprague's, so same

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

are denied.

70.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint, as they are not directed to Sprague's, so same are denied.

71.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint, as they are not directed to Sprague's, so same are denied.

72.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint, as they are not directed to Sprague's, so same are denied.

73.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint, as they are not directed to Sprague's, so same are denied.

74.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint, as they are not directed to Sprague's, so same are denied.

75.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint, as they are not directed to Sprague's, so same are denied.

76.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint, as they are not directed to Sprague's, so same are denied.

77.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint, as they are not directed to Sprague's, so same are denied.

78.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint, as they are not directed to Sprague's, so same are denied.

79.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint, as they are not directed to Sprague's, so same are denied.

80.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 of the Complaint, as they are not directed to Sprague's, so same are denied.

81.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of the Complaint, as they are not directed to Sprague's, so same are denied.

82.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Complaint, as they are not directed to Sprague's, so same are denied.

83.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Complaint, as they are not directed to Sprague's, so same are denied.

84.    Sprague's denies knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 84 of the Complaint, as they are not directed to Sprague's, so same are denied.

85.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Complaint, as they are not directed to Sprague's, so same are denied.

86.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 of the Complaint, as they are not directed to Sprague's, so same are denied.

87.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Complaint, as they are not directed to Sprague's, so same are denied.

88.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Complaint, as they are not directed to Sprague's, so same are denied.

89.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 of the Complaint, as they are not directed to Sprague's, so same are denied.

90.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Complaint, as they are not directed to Sprague's, so same are denied.

91.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Complaint, as they are not directed to Sprague's, so same

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

are denied.

92.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 of the Complaint, as they are not directed to Sprague's, so same are denied.

93.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Complaint, as they are not directed to Sprague's, so same are denied.

94.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Complaint, as they are not directed to Sprague's, so same are denied.

95.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 of the Complaint, as they are not directed to Sprague's, so same are denied.

96.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Complaint, as they are not directed to Sprague's, so same are denied.

97.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 of the Complaint, as they are not directed to Sprague's, so same are denied.

98.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Complaint, as they are not directed to Sprague's, so same are denied.

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

99.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 of the Complaint, as they are not directed to Sprague's, so same are denied.

100.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 of the Complaint, as they are not directed to Sprague's, so same are denied.

101.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Complaint, as they are not directed to Sprague's, so same are denied.

102.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 of the Complaint, as they are not directed to Sprague's, so same are denied.

103.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 of the Complaint, as they are not directed to Sprague's, so same are denied.

104.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 of the Complaint, as they are not directed to Sprague's, so same are denied.

105.     Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 of the Complaint, as they are not directed to Sprague's, so same are denied.

106.     Sprague's denies the allegations in Paragraph 106 of the Complaint and refers all

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

questions of law to this Honorable Court.

107.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 of the Complaint, so same are denied.

108.    Sprague's denies the allegations in Paragraph 108 of the Complaint and refers all questions of law to this Honorable Court.

109.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 of the Complaint, as they are not directed to Sprague's, so same are denied.

110.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 of the Complaint, as they are not directed to Sprague's, so same are denied.

111.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 of the Complaint, as they are not directed to Sprague's, so same are denied.

112.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 of the Complaint, as they are not directed to Sprague's, so same are denied.

113.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 of the Complaint, as they are not directed to Sprague's, so same are denied.

114.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 of the Complaint, as they are not directed to Sprague's, so same

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

are denied.

115.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 of the Complaint, as they are not directed to Sprague's, so same are denied.

116.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 of the Complaint, as they are not directed to Sprague's, so same are denied.

117.    Sprague's denies the allegations in Paragraph 117 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 117 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

## VI.    DATA

118.    Sprague's denies the allegations in Paragraph 118 of the Complaint. To the extent that the allegations in Paragraph 118 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

119.    Sprague's denies the allegations in Paragraph 119 of the Complaint. To the extent that the allegations in Paragraph 119 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

120.    Sprague's denies the allegations in Paragraph 120 of the Complaint. To the extent that the allegations in Paragraph 120 of the Complaint are directed to other defendants, Sprague's

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

121. Sprague's denies the allegations in Paragraph 121 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 121 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations.

122. Sprague's denies the allegations in Paragraph 122 of the Complaint. To the extent that the allegations in Paragraph 122 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

123. Sprague's denies the allegations in Paragraph 123 of the Complaint. To the extent that the allegations in Paragraph 123 of the Complaint are directed to other defendants and non-parties, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

124. Sprague's denies the allegations in Paragraph 124 of the Complaint.

## VII. DEFENDANTS' LEGAL DUTIES

125. Sprague's denies the allegations in Paragraph 125 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 125 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

126. Sprague's denies the allegations in Paragraph 126 of the Complaint and refers all questions of law to this Honorable Court.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

127.    Sprague's denies the allegations in Paragraph 127 of the Complaint and refers all questions of law to his Honorable Court. To the extent that the allegations in Paragraph 127 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

128.    Sprague's denies the allegations in Paragraph 128 of the Complaint. To the extent that the allegations in Paragraph 128 of the Complaint are directed to other defendants, Sprague's denies knowledge or information to form a belief about the truth of such allegations, so same are denied.

129.    Sprague's denies the allegations in Paragraph 129 of the Complaint and refers all questions of law to this Honorable Court.

130.    Sprague's denies the allegations in Paragraph 130 of the Complaint and refers all questions of law to this Honorable Court.

131.    Sprague's denies the allegations in Paragraph 131 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 131 of the Complaint are directed to other defendants, Sprague's denies knowledge or information to form a belief about the truth of such allegations, so same are denied.

132.    The paragraph designated as "132" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulation speak for themselves, and refers all questions of law to this Honorable Court.

133.    The paragraph designated as "133" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines

that an answer is required, Sprague's states that the referenced statutes speak for themselves, and refers all questions of law to this Honorable Court.

134.    The paragraph designated as "134" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statute speaks for itself, Sprague's lacks knowledge or information sufficient to form a belief as to why such laws were enacted, and refers all questions of law to this Honorable Court.

135.    Portions of the paragraph designated as "135" of the Complaint include solely legal conclusions, and as such, no response to same is necessary. Sprague's states that the referenced statutes and regulations speak for themselves, Sprague's lacks knowledge or information sufficient to form a belief as to why such laws were enacted, and refers all questions of law to this Honorable Court. However, Sprague's admits that the "Bureau of Alcohol, Tobacco, Firearms and Explosives has partnered with the National Shooting Sports Foundation . . . in designing an educational program to assist firearm retailers in the detection and possible deterrence of 'straw purchasers' . . . ."

136.    Sprague's denies that the National Shooting Sports Foundation sets "standards" through its "Don't Lie for the Other Guy" campaign. Sprague's further states that the literature associated with that educational campaign speaks for itself, and denies any remaining allegations in Paragraph 136 of the Complaint.

137.    Sprague's denies the allegations in Paragraph 137 of the Complaint, except admits that in most circumstances, before transferring a firearm to any person who is not a licensed dealer, among other requirements, a licensed dealer may have to conduct a background check, examine the

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

prospective buyer/transferee's identification, and record the transaction on a firearm transaction record, also known as an ATF Form 4473.

138.    Sprague's denies the allegations in Paragraph 138 of the Complaint, except admits that in most circumstances, before transferring a firearm to any person who is not a licensed dealer, among other requirements, a buyer must fill out an ATF Form 4473, which currently contains question 21(a), which states the following: "Are you the actual transferee/buyer of all of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? **Warning: You are not the actual transferee/buyer if you are acquiring any of the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer any of the firearm(s) to you.** Exception: If you are only picking up a repaired firearm(s) for another person, you are not required to answer 21.a. and may proceed to question 21.b."

139.    The paragraph designated as "139" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, Sprague's lacks knowledge or information sufficient to form a belief as to why such laws were enacted, and refers all questions of law to this Honorable Court.

140.    The paragraph designated as "140" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, and refers all questions of law to this Honorable Court.

141.    Sprague's states that the ATF Form 4473 speaks for itself, denies any remaining allegations in Paragraph 141 of the Complaint, and refers all questions of law to his Honorable

Court.

142.   The paragraph designated as "142" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, and refers all questions of law to this Honorable Court.

143.   The paragraph designated as "143" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes speak for themselves, and refers all questions of law to this Honorable Court.

144.   The paragraph designated as "144" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, and refers all questions of law to this Honorable Court.

145.   The paragraph designated as "145" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, and refers all questions of law to this Honorable Court.

146.   Sprague's denies the allegations in Paragraph 146 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 146 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

147.   Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

apply to the action herein. To the extent that a response is required, Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147 of the Complaint.

148.     Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. To the extent that a response is required, Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148 of the Complaint.

149.     Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. To the extent that a response is required, Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149 of the Complaint.

150.     Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. To the extent that a response is required, Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150 of the Complaint, and refers all questions of law to this Honorable Court.

151.     Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. To the extent that a response is required, Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 151 of the Complaint.

152.     Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. To the extent that a response is required, Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 152 of the

Complaint.

153.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. To the extent that a response is required, Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 153 of the Complaint.

154.    The paragraph designated as "154" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, and refers all questions of law to this Honorable Court.

155.    The paragraph designated as "155" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, and refers all questions of law to this Honorable Court.

156.    The paragraph designated as "156" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, and refers all questions of law to this Honorable Court.

157.    The paragraph designated as "157" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, and refers all questions of law to this Honorable Court.

158.    The paragraph designated as "158" of the Complaint includes solely legal

conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, and refers all questions of law to this Honorable Court.

159.    The paragraph designated as "159" of the Complaint includes solely legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, and refers all questions of law to this Honorable Court.

160.    The paragraph designated as "160" of the Complaint includes legal conclusions, and as such, no response is necessary.  However, in the event the Court determines that an answer is required, Sprague's states that the referenced statutes and regulations speak for themselves, refers all questions of law to this Honorable Court, and admits that murder, drug dealing, extortion, and other criminal acts committed by Cartels in Mexico would constitute a felony if such acts occurred in the United States.

161.    Sprague's denies the allegations in Paragraph 161 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 161 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

162.    Sprague's denies the allegations in Paragraph 162 of the Complaint and refers all questions of law to this Honorable Court.

163.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. To the extent that a response is required, Sprague's denies the allegations in Paragraph 163 of the Complaint and refers all questions of law to this Honorable

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Court.

164.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. To the extent that a response is required, Sprague's denies the allegations in Paragraph 164 of the Complaint and refers all questions of law to this Honorable Court.

165.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. To the extent that a response is required, Sprague's denies the allegations in Paragraph 165 of the Complaint and refers all questions of law to this Honorable Court.

166.    Sprague's denies the allegations in Paragraph 166 of the Complaint and refers all questions of law to this Honorable Court.

167.    Sprague's denies the allegations in Paragraph 167 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 167 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

168.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. Notwithstanding, Sprague's denies the allegations in Paragraph 168 of the Complaint and refers all questions of law to this Honorable Court.

169.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. Notwithstanding, Sprague's denies the allegations in Paragraph 169 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 169 of the Complaint are directed to other defendants, Sprague's denies

knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

170.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. Notwithstanding, Sprague's denies the allegations in Paragraph 170 of the Complaint and refers all questions of law to this Honorable Court.

171.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Mexican law does not apply to the action herein. Notwithstanding, Sprague's denies the allegations in Paragraph 171 of the Complaint and refers all questions of law to this Honorable Court.

172.    Sprague's denies the allegations in Paragraph 172 of the Complaint and refers all questions of law to this Honorable Court.

173.    Sprague's denies the allegations in Paragraph 173 of the Complaint and refers all questions of law to this Honorable Court.

174.    Sprague's denies the allegations in Paragraph 174 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 174 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

175.    Sprague's denies the allegations in Paragraph 175 of the Complaint and refers all questions of law to this Honorable Court.

176.    Sprague's denies the allegations in Paragraph 176 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 176 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

177.    Sprague's denies the allegation as to what these defendants can "justly complain" of in terms of the Mexico's unwillingness, inability and ineptitude in controlling, preventing and stemming criminal activity within its borders, but denies information or knowledge sufficient to form a belief as to specific programs conducted by law enforcement as set forth in Paragraph 177 of the Complaint.

178.    Sprague's denies the allegations in Paragraph 178 of the Complaint.

## VIII.   DEFENDANTS' ALLEGED RICO VIOLATIONS

179.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 179 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 179 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

180.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 180 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 180 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

181.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 181 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 181 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

182.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 182 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 182 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

183.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 183 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 183 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

184.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to

LORBER, GREENFIELD & OLSEN, LLP
3930 I.E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 184 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 184 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

185.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 185 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 185 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

186.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 186 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 186 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

187.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding,

Sprague's denies any factual allegations in Paragraph 187 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 187 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

188.     Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 188 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 188 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

189.     Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 189 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 189 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

190.     Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 190 of the Complaint directed against it,

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 190 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

191.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 191 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 191 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

192.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 192 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 192 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

193.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 193 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

193 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

194.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 194 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 194 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

195.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 195 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 195 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

196.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 196 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 196 of the Complaint are directed to other defendants, Sprague's denies knowledge or information

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

sufficient to form a belief about the truth of such allegations, so same are denied.

197.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 197 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 197 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

198.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 198 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 198 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

199.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 199 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 199 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

200.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 200 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 200 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

201.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 201 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 201 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

202.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 202 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 202 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

203.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 203 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 203 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

204.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 204 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 204 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

205.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 205 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 205 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

206.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 206 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 206 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

207.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 207 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 207 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

208.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 208 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 208 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

209.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding,

Sprague's denies any factual allegations in Paragraph 209 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 209 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

210.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 210 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 210 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

211.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 211 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 211 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

212.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 212 of the Complaint directed against it,

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 212 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

213.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 213 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 213 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

214.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 214 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 214 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

215.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 215 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

215 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

216.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims (Counts Nine through Thirteen of the Complaint) were dismissed. As such, no response to the allegations related to or in support of Plaintiff's RICO claims are required. Notwithstanding, Sprague's denies any factual allegations in Paragraph 216 of the Complaint directed against it, refers all questions of law to this Honorable Court, and to the extent any allegations in Paragraph 216 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

## IX.    DEFENDANTS' ALLEGED CONSUMER FRAUD STATUTE VIOLATIONS

217.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 217 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 217 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

218.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 218 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 218 of

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

219.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 219 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 219 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

220.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 220 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 220 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

221.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 221 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 221 of the Complaint are directed to other defendants, Sprague's denies knowledge or information

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

sufficient to form a belief about the truth of such allegations, so same are denied.

222.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 222 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 222 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

223.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 223 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 223 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

224.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 224 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 224 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

225.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 225 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 225 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

226.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 226 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 226 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

227.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 227 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 227 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

228.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 228 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 228 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

229.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 229 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 229 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

230.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 230 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 230 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

231.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 231 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 231 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

232.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 232 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 232 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

233.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required. Notwithstanding, Sprague's denies the allegations in Paragraph 233 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 233 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

234.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed. As such, no response to the allegations related to or in support of Plaintiff's CFA claims are required.

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Notwithstanding, Sprague's denies the allegations in Paragraph 234 of the Complaint, refers all questions of law to this Honorable Court, and to the extent that the allegations in Paragraph 234 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

## X.    DEFENDANTS' ALLEGED HARM TO GOVERNMENT

235.    Sprague's denies the allegations in Paragraph 235 of the Complaint. To the extent that the allegations in Paragraph 235 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

236.    Sprague's denies the allegations in Paragraph 236 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 236 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

237.    Sprague's denies the allegations in Paragraph 237 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 237 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

238.    Sprague's denies the allegations in Paragraph 238 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 238 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

239.    Sprague's denies knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 239 of the Complaint.

240.    Sprague's denies the allegations in Paragraph 240 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 240 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations.

241.    Sprague's denies the allegations in Paragraph 241 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 241 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

242.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 242 of the Complaint regarding any link between "gun trafficking from the United States" to "horrendous consequences in Mexico" and as well as the increase in illegal gun ownership and homicide rate in Mexico. Sprague's denies the remaining allegations in Paragraph 242 of the Complaint.

243.    Sprague's denies the allegations in Paragraph 243 of the Complaint.

244.    Sprague's denies the allegations in Paragraph 244 of the Complaint.

245.    Sprague's denies the allegations in Paragraph 245 of the Complaint.

246.    Sprague's denies the allegations in Paragraph 246 of the Complaint.

247.    Sprague's denies the allegations in Paragraph 247 of the Complaint. To the extent that the allegations in Paragraph 247 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

248.    Sprague's denies the allegations in Paragraph 248 of the Complaint and refers all questions of law as to what damages are legally recoverable by Plaintiff to this Honorable Court.

249.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 249 regarding life expectancy trends in Mexico, but denies the allegation that deaths caused by firearms sold by Sprague's was causally related to any such downward trends. To the extent that the allegations in Paragraph 249 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

250.    Sprague's denies the allegations in Paragraph 250 of the Complaint.

251.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 251 of the Complaint.

252.    Sprague's denies the allegations in Paragraph 252 of the Complaint. To the extent that the allegations in Paragraph 252 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

253.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 253 of the Complaint, and will hold Plaintiff to its proof in admissible form.

254.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 254 of the Complaint, and will hold Plaintiff to its proof in admissible form.

255.    Sprague's denies knowledge or information sufficient to form a belief about the truth

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

of the allegations in Paragraph 255 of the Complaint, and will hold Plaintiff to its proof in admissible form.

256.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 256 of the Complaint, and will hold Plaintiff to its proof in admissible form.

257.    Sprague's denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 257 of the Complaint, and will hold Plaintiff to its proof in admissible form.

258.    Sprague's denies the allegations in Paragraph 258 of the Complaint. To the extent that the allegations in Paragraph 258 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

259.    Sprague's denies the allegations in Paragraph 259 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 259 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

260.    Sprague's denies the allegations in Paragraph 260 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 260 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

## XI.    CLAIMS FOR RELIEF

### COUNT ONE
### (NEGLIGENCE)

261.    Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

262.    Sprague's denies the allegations in Paragraph 262 of the Complaint and refers all questions of law to this Honorable Court.

263.    Sprague's denies the allegations in Paragraph 263 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 263 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

264.    Sprague's denies the allegations in Paragraph 264 of the Complaint and refers all questions of law to this Honorable Court.

265.    Sprague's denies the allegations in Paragraph 265 of the Complaint and refers all questions of law to this Honorable Court.

### COUNT TWO
### (PUBLIC NUISANCE)

266.    Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

267.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's public nuisance claim was dismissed. As such, no response to this claim is required.

268.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's public nuisance claim was dismissed. As such, no response to this claim is required.

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

269.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's public nuisance claim was dismissed. As such, no response to this claim is required.

270.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's public nuisance claim was dismissed. As such, no response to this claim is required.

271.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's public nuisance claim was dismissed. As such, no response to this claim is required.

272.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's public nuisance claim was dismissed. As such, no response to this claim is required.

273.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's public nuisance claim was dismissed. As such, no response to this claim is required.

## COUNT THREE
### (NEGLIGENT ENTRUSTMENT)

274.    Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

275.    Sprague's denies the allegations in Paragraph 275 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 275 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

276.    Sprague's denies the allegations in Paragraph 276 of the Complaint and refers all questions of law to this Honorable Court.

277.    Sprague's denies the allegations in Paragraph 277 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 277 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

to form a belief about the truth of such allegations, so same are denied.

278.    Sprague's denies the allegations in Paragraph 278 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 278 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

279.    Sprague's denies the allegations in Paragraph 279 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 279 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

280.    Sprague's denies the allegations in Paragraph 280 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 280 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

281.    Sprague's denies the allegations in Paragraph 281 of the Complaint.

282.    Sprague's denies the allegations in Paragraph 282 of the Complaint and refers all questions of law to this Honorable Court.

283.    Sprague's denies the allegations in Paragraph 283 of the Complaint and refers all questions of law to this Honorable Court.

## COUNT FOUR
### (NEGLIGENCE PER SE)

284.    Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

285.    Sprague's denies the allegations in Paragraph 285 of the Complaint and refers all

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

questions of law to this Honorable Court.

286.    Sprague's denies the allegations in Paragraph 286 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 286 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

287.    Sprague's denies the allegations in Paragraph 287 of the Complaint and refers all questions of law to this Honorable Court.

**COUNT FIVE**
**(GROSS NEGLIGENCE)**

288.    Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

289.    Sprague's denies the allegations in Paragraph 289 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 289 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

290.    Sprague's denies the allegations in Paragraph 290 of the Complaint and refers all questions of law to this Honorable Court.

291.    Sprague's denies the allegations in Paragraph 291 of the Complaint and refers all questions of law to this Honorable Court.

292.    Sprague's denies the allegations in Paragraph 292 of the Complaint and refers all questions of law to this Honorable Court.

293.    Sprague's denies the allegations in Paragraph 293 of the Complaint and refers all questions of law to this Honorable Court.

## COUNT SIX
### (UNJUST ENRICHMENT AND RESTITUTION)

294.    Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

295.    Sprague's denies the allegations in Paragraph 295 of the Complaint. To the extent that the allegations in Paragraph 295 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

296.    Sprague's denies the allegations in Paragraph 296 of the Complaint and refers all questions of law to this Honorable Court.

297.    Sprague's denies the allegations in Paragraph 297 of the Complaint and refers all questions of law to this Honorable Court.

298.    Sprague's denies the allegations in Paragraph 298 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 298 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

299.    Sprague's denies the allegations in Paragraph 299 of the Complaint and refers all questions of law to this Honorable Court.

300.    Sprague's denies the allegations in Paragraph 300 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 300 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

301.    Sprague's denies the allegations in Paragraph 301 of the Complaint and refers all

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

questions of law to this Honorable Court.

302.    Sprague's denies the allegations in Paragraph 302 of the Complaint and refers all questions of law to this Honorable Court.

## COUNT SEVEN
### (ARIZONA'S CONSUMER FRAUD ACT)

303.    Sprague's hereby repeats and incorporates by reference its response to each precedent and succeeding Paragraph as though fully set forth herein.

304.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act claim was dismissed. As such, no response to this claim is required.

305.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act claim was dismissed. As such, no response to this claim is required.

306.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act claim was dismissed. As such, no response to this claim is required.

307.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act claim was dismissed. As such, no response to this claim is required.

308.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act claim was dismissed. As such, no response to this claim is required.

309.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act claim was dismissed. As such, no response to this claim is required.

## COUNT EIGHT
### (PUNITIVE DAMAGES)

310.    Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

311.    Sprague's denies the allegations in Paragraph 311 of the Complaint and refers all questions of law to this Honorable Court. To the extent that the allegations in Paragraph 311 of the Complaint are directed to other defendants, Sprague's denies knowledge or information sufficient to form a belief about the truth of such allegations, so same are denied.

312.    Sprague's denies the allegations in Paragraph 312 of the Complaint and refers all questions of law to this Honorable Court.

313.    Sprague's denies the allegations in Paragraph 313 of the Complaint and refers all questions of law to this Honorable Court.

## COUNT NINE
### (RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT)
### 18 U.S.C. § 1962(c)

### Defendant SnG Tactical

314.    Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

315.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

316.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

317.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

318.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

319.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

claims were dismissed. As such, no response to this claim is required.

**COUNT TEN**
**(RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT)**
**18 U.S.C. § 1962(c)**

**Defendant Diamondback**

320.    Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

321.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

322.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

323.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

324.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

325.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

**COUNT ELEVEN**
**(RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT)**
**18 U.S.C. § 1962(c)**

**Defendant Sprague's Sports**

326.    Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

327.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

claims were dismissed. As such, no response to this claim is required.

328. Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

329. Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

330. Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

331. Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

## COUNT TWELVE
### (RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT)
### 18 U.S.C. § 1962(c)

### Defendant Ammo AZ

332. Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

333. Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

334. Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

335. Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

336. Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

337.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

## COUNT THIRTEEN
### (RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT)
### 18 U.S.C. § 1962(c)

### Defendant The Hub

338.    Sprague's hereby repeats and incorporates by reference its response to each preceding and succeeding Paragraph as though fully set forth herein.

339.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

340.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

341.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

342.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

343.    Pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's RICO claims were dismissed. As such, no response to this claim is required.

## XII.    DEMAND FOR JUDGMENT

Defendant denies each and every allegation contained in the Demand for Judgment of Plaintiff's Complaint, including the allegations contained in the paragraphs designated "a" through "k" of same.

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**GENERAL DENIAL**

Any allegation in the Complaint that is not specifically admitted is denied.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff's Complaint, and each and every cause of action contained therein, is barred by the substantive immunity provided by the Protection of Lawful Commerce in Arms Act, 15 U.S.C. §§ 7901-03.

2.      Plaintiff lacks Article III Standing to bring this suit.

3.      Plaintiff's claims fail due to a lack of proximate causation.

4.      Plaintiff's Complaint, and each and every cause of action contained therein, fails to state facts sufficient to state a claim.

5.      Each of Plaintiff's causes of action in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, thereby barring recovery of any damages, or a reduction thereto. Specifically, Defendant contends that Plaintiff's Complaint is barred, in whole or in part, by the one-year statute of limitations applicable to consumer fraud claims, A.R.S. § 12-541 (however, pursuant to this Court's March 25, 2024 Order (ECF Doc. 50), Plaintiff's Arizona Consumer Fraud Act ("CFA") claim (Count Seven of the Complaint) was dismissed); two-year statute of limitations for tort claims and negligence claims, A.R.S. § 12-542; the three-year statute of limitations, which applies to claims for restitution, A.RS. § 12-543; the four-year statute of limitations, which is applicable to claims for unjust enrichment, A.R.S. § 12-550.

6.      Plaintiff failed to add parties indispensable to this case, including, but not limited to, the Unites States Government (including but not limited to the DOJ, ATF, ICE, DEA, FBI and DHS), the alleged straw purchasers identified or unidentified in the Complaint, the alleged firearm traffickers identified and unidentified in the Complaint, the people who allegedly committed crimes with firearms sold by defendants, Mexican government, military, and law enforcement officials who supply illegal firearms to cartels, the foreign sources of firearms for cartels in Mexico, including those located in Central and South America, and the cartel members, associates, or agents thereof.

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

7.      Any damages suffered by Plaintiff were proximately caused, in whole or in part, by the failure of Plaintiff to exercise reasonable care in curtailing and/or remedying the ongoing violence inflicted by the cartels on its own people, and therefore, Plaintiff's recovery, if any, must be diminished by the proportion of the negligence, acquiescence, and/or inaction of Plaintiff, which proximately caused or contributed to Plaintiff's alleged damages.

8.      Any damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Sprague's. Therefore, should Sprague's be found liable to Plaintiff as a result of the incidents alleged in the Complaint, the amount of Plaintiff's recovery, if any, should be no greater than an amount which is equal to Sprague's proportionate share, if any, of the combined negligence or other actionable conduct of those persons or entities whose negligence or actionable conduct proximately caused Plaintiff's alleged damages.

9.      Plaintiff has failed to mitigate its damages, if any, suffered as a result of the incidents set forth in the Complaint.

10.     Plaintiff's claims for damages are barred by the economic loss rule.

11.     Any damages suffered by Plaintiff were a direct and proximate result of superseding and intervening cause(s) based on the numerous criminal actions committed subsequent to any sale of firearms by Sprague's and before the alleged harm to Plaintiff.

12.     Plaintiff is estopped from claiming the damages alleged against Sprague's in the Complaint because of Plaintiff's negligence, improper conduct, acquiescence and/or inaction in creating, failing to curtail or remedy the ongoing violence inflicted by the cartels on its own people, including the doctrine of unclean hands, including estoppel by representation, estoppel by acquiescence, equitable estoppel and estoppel by convention. Plaintiff has presented or stated facts that were not true and upon which Defendant detrimentally relied, including that it would police its borders, stop corruption and the illegal flow of firearms within its country, and would make efforts to prevent and deter cartel violence, drug violence and related firearms crimes. In addition, Plaintiff's own negligence, improper conduct, acquiescence, and/or inaction in failing to curtail or remedy cartel and drug violence while intentionally and/or negligently ignoring and

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

turning a blind eye to such issues precludes Plaintiff from bringing this lawsuit. Plaintiff's alleged injuries/damages were caused by its own illegal activities or the illegal activities of persons under its control. Such illegal activities would include, but are not limited to, illegal conduct with the cartels, police and law enforcement corruption, allowing persons to illegally possess firearms, obtaining firearms from illegal sources, intentionally and/or negligently ignoring and turning a blind eye to drug, cartel and illegal firearms trafficking activities in Mexico, and/or other illegal schemes or conduct that resulted in harm to Mexico's citizens and/or violence by the cartels. Further, Plaintiff has failed to control the illegal importation of firearms into Mexico on multiple borders, eliminate, curtail or remedy cartel violence, and Plaintiff's own nonfeasance and malfeasance with respect to allowing the cartels to operate and/or intentionally and/or negligently ignoring and turning a blind eye to drug, cartel and illegal firearms trafficking activities and issues in Mexico has contributed to the alleged injuries sustained by Plaintiff.

13. Plaintiff's claims for punitive and/or exemplary damages are precluded by operation of Ariz. Rev. Stat. § 12-689.

14. Plaintiff is not entitled to a damage award violative of Sprague's due process and equal protection rights and other rights set forth in the United States Constitution or rights under the Arizona Constitution. Sprague's expressly reserves any and all constitutional defenses, claims, and arguments against the imposition of punitive damages against it or the amount of same or in any other manner relating to punitive damages. Plaintiff's claim for punitive damages against Sprague's: violates the Sixth Amendment of the United States Constitution because Sprague's is not informed of the nature and cause of the accusations against it, and thus, the allegations are void for vagueness; violates Sprague's rights to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution; violates the due process clause of Fourteenth Amendment to the United States Constitution; violates Sprague's right to equal protection as provided in the Fourteenth Amendment to the United States Constitution; violates Sprague's right to contract, as provided in Article I, Section 10 of the United States Constitution; exposes Sprague's to double jeopardy in violation of the

Fifth Amendment of the United States Constitution; constitutes an impermissible burden on international and interstate commerce in violation of Article I, Section 8 of the United States Constitution; violates the separation of powers doctrine embodied in Article VI of the United States Constitution; and constitutes the imposition of an excessive fine in violation of Sprague's rights provided in the Eighth Amendment of the United States Constitution. Plaintiff's claim for punitive or exemplary damages is further barred by Article 2, Section 4, of the Arizona Constitution.

15.     Sprague's invokes the provisions of Title 12, Chapter 16 of the Arizona Revised Statutes, the Uniform Contribution Among Tortfeasors Act, including the right to contribution, pro rata shares, release, comparative negligence, the lack of joint and several liability, and apportionment of fault.

16.     Plaintiff's claims against Sprague's are barred or should be reduced by the comparative fault of others, including, but not limited to, Plaintiff, pursuant to Ariz. Rev. Stat. § 12-2506.

17.     Sprague's did not owe Plaintiff a legal duty to protect Plaintiff or its citizens from the particular risk of harm that caused, or was the substantial factor in causing, the incidents alleged in the Complaint.

18.     Plaintiff lacks prudential standing based on its quasi-sovereign interest in the health and well-being of its residents because parens patriae standing should not be recognized in a foreign nation unless there is a clear indication of intent to grant such standing expressed by the Supreme Court or by the two coordinate branches of government.

19.     All or a portion of Plaintiff's claims are barred due to the law of the case doctrine.

20.     The Court lacks subject matter jurisdiction over this case.

21.     There was no special relationship between Sprague's and Plaintiff and/or the third-party actors at fault, so Sprague's did not owe Plaintiff a duty as a matter of law.

22.     Plaintiff's claims are in violation of the First Amendment of the United States Constitution, which guarantees Sprague's right to commercial free speech.

23.     Plaintiff's claims are in violation of the Second Amendment of the United States

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Constitution, which guarantees the right to bear arms, and the citizenry's right to access such arms from Defendant.

24.     Plaintiff's claims are barred by the provisions of the Commerce Clause of the Constitution of the United States, Article I, Section 8.

25.     Plaintiff's negligent entrustment claim fails because this cause of action is inapplicable in the context of the sales of chattel alleged in the Complaint.

26.     Plaintiff's claims for relief before the Court violate the United States and Arizona State constitutional separation of powers in that Plaintiff seeks to have the judicial branch create legislative policy.

27.     Plaintiff's claims are too remote and derivative to permit recovery as a matter of law.

28.     Plaintiff's Complaint, which aggregates unidentified shootings by unidentified persons in unidentified circumstances over an unspecified period of time, is barred by the Seventh Amendment of the Constitution of the United States.

29.     Plaintiff's claims are barred by the doctrine of latches.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Sprague's demands a trial by jury of all issues triable of right by a jury in this action.

WHEREFORE, Sprague's hereby requests the following relief:

1.     That Plaintiff takes nothing by his Complaint;

2.     That Plaintiff's Complaint be dismissed with prejudice on the merits;

3.     That Sprague's recovers its costs, attorney's fees, and disbursements herein; and

4.     Such other relief as the Court herein deems just and equitable.


Dated:   December 2, 2024

LORBER GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

RENZULLI LAW FIRM LLP


By:    */s/ Jeffrey Malsch*
       Christopher Renzulli, Esq. (*Pro Hac Vice*)
       Peter Malfa, Esq. (*Pro Hac Vice*)
       Jeffrey Malsch, Esq. (*Pro Hac Vice*)
       One North Broadway, Suite 1005
       White Plains, NY 10601

LORBER, GREENFIELD & OLSEN, LLP

       Louis W. Horowitz, Esq.
       3930 E. Ray Road, Suite 260
       Phoenix, AZ 85044

       *Attorneys for Defendants*
       *Diamondback Shooting Sports, Inc.,*
       *Loan Prairie, LLC d/b/a The Hub,*
       *SNG Tactical, LLC and*
       *Sprague's Sports, Inc.*

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

1

## CERTIFICATE OF SERVICE

2      I HEREBY CERTIFY that on this 2nd day of December, 2024, this document was filed

3  with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's

4  electronic filing system may access this filing through the Court's CM/ECF system, and notice

5  of this filing will be sent to these parties by operation of the Court's electronic filings system.

6

7                                          By: */s/ Jeffrey Malsch*

8                                          Jeffrey Malsch
                                           jmalsch@renzullilaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180