LORBER, GREENFIELD & OLSEN, LLP
Louis W. Horowitz, Esq. [S.B. #020842]
3930 E. Ray Road, Suite 260
Phoenix, AZ 85044
TEL: (602) 437-4177
FAX: (602) 437-4180
lhorowitz@lorberlaw.com

RENZULLI LAW FIRM LLP
Christopher Renzulli, Esq. (*Pro Hac Vice*)
Peter Malfa, Esq. (*Pro Hac Vice*)
Jeffrey Malsch, Esq. (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, NY 10601
TEL: (914) 285-0700
FAX: (914) 285-1213
crenzulli@renzullilaw.com
pmalfa@renzullilaw.com
jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc.,*
*Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>Plaintiff,<br><br>*vs.*<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>Defendants. | Case No: 4:22-cv-00472-TUC-RM<br><br><br>**MOTION TO COMPEL ANSWERS TO INTERROGATORIES**<br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Oral Argument Requested** |

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

COME NOW Defendants, by and through undersigned counsel, and respectfully move this Court for an Order compelling Mexico to respond to Defendants' joint set of interrogatories:

## SUMMARY OF THE ARGUMENT

In this case, Estados Unidos Mexicanos ("Mexico") seeks to hold Defendants, five Arizona-based federally licensed firearms dealers, responsible for the criminal or unlawful misuse of firearms by third parties. Defendants timely served document requests and interrogatories and have been met with a litany of baseless objections with a wholly deficient document production. Mexico refuses to produce even the most basic of information, including data about firearms used in crimes in Mexico and documents concerning its contribution to (or purported effort to stop) gun violence in Mexico.

While Defendants have tried to meet and confer, Mexico has largely doubled down on its frivolous positions while feigning a willingness to further meet and confer, in an obvious effort to try to stop Defendants from obtaining the discovery to which they are rightfully entitled. To date, Mexico has not produced the most critical documents that Defendants seek. The most egregious example is that while Mexico possesses firearms trace data that would definitely show whether any firearm sold by any Defendant was recovered in connection with a crime in Mexico, Mexico will not produce that material and has instead asserted the very objection based on the Tiahrt Amendment that it asked this Court to overrule when Defendants asserted it. Similarly, Mexico has not produced any information or referred to any documents to explain what crimes are connected to Defendants' firearms, who were the victims of such firearm violence, who were witness to it, and what costs and expenditures Mexico has incurred for which it seeks to recover in connection therewith. Further, Mexico has, despite this Court largely denying Mexico's motion to strike Defendants' affirmative defenses, refused to produce discovery critical to those defenses, such as whether Mexico itself or third parties (*i.e.*, corrupt government officials or cartel members) caused the harm for which Mexico seeks to blame Defendants in this matter, on the absurd basis that such discovery is not relevant. Thus, as more fully explained below, the Court should grant this motion to compel, overrule Mexico's objections, order that Mexico must provide full responses to all interrogatories set forth herein,

and impose sanctions on Mexico for its dilatory and improper discovery efforts to date.[1]

## FACTUAL BACKGROUND

Unable to control cartel violence within its own borders, on October 10, 2022, Mexico filed this lawsuit. ECF Doc. 1. Although the Complaint lacks detail on the exact chain of events, the apparent gist of Mexico's theory is that Defendants sell or transfer lawful firearms to U.S. citizens within the state of Arizona. A small percentage of these customers are alleged to have illegally transferred firearms to other persons in Arizona or attempted to illegally smuggle them into Mexico. Some of those firearms allegedly wound up in the hands of criminals in Mexico. *Id.* ¶¶ 24-116, 119-125. The Complaint asserts the causes of action for negligence, public nuisance, negligence per se, gross negligence, unjust enrichment and restitution, and punitive damages. *Id.* ¶¶ 262-273, 285-302, 311-313.

Defendants filed a Joint Motion to Dismiss, which was granted in part and denied in part on March 22, 2024. ECF Docs. 18, 50. The Order dismissed Mexico's claims against Defendants based upon the Racketeer Influenced and Corrupt Organizations Act (RICO), the Consumer Fraud Act, and for public nuisance, but the Court denied the remainder of the motion. ECF Doc. 50.

Thereafter, Defendants served three sets of discovery requests (collectively, "Requests"). Specifically, on May 24, 2024, Defendants served their First Set of Requests for Production of Documents. **Ex. 1** ("1st RFPs"). On June 25, 2024, Defendants served their Second Set of Requests for Production of Documents. **Ex. 2** ("2d RFPs"). And on July 10, 2024, Defendants served their First Set of Interrogatories. **Ex. 3** ("Interrogatories").

Mexico subsequently provided corresponding responses and objections (collectively, "Responses"). Specifically, on August 7, 2024, Mexico served its Responses and Objections to Defendants' First Set of Requests for Production and Responses and Objections to Defendants' Second Set of Requests for Production. **Exs. 4** ("1st RFPs Responses"), **5 (**2d RFPs

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

---

[1] Defendants are simultaneously filing concurrent Motions to Compel Plaintiff to respond to Defendants' two sets of Requests for Production, but for purposes of efficiency, overlapping objections will not be addressed in all three motions.

Responses"). And on August 8, 2024, Mexico served its Responses and Objections to Defendants' First Set of Interrogatories. **Ex. 6** ("Interrogatories Responses").

Mexico's Responses are littered with baseless objections, and Mexico has provided next-to-no meaningful discovery to date. On September 23, 2024, Defendants sent Mexico a letter explaining the substantial deficiencies. **Ex. 7** ("Deficiency Letter"). On September 23, 2024—the day that Defendants sent the Deficiency Letter—Mexico promised that it would review the Deficiency Letter and respond in writing. Although the Parties engaged in a meet and confer one week later on September 30, 2024 ("September 30 Meet and Confer"), Mexico refused—despite Defendants' request—to discuss any issues set forth in Defendants' Deficiency Letter and, instead, was only willing to discuss alleged deficiencies that Mexico believed existed in Defendants' discovery responses. Defendants informed Mexico during and after the September 30 Meet and Confer that such a notion was illogical and an obvious attempt by Mexico to race to the Court as opposed to working together on discovery in a meaningful and way, especially when many issues in the Parties' discovery requests and responses intertwine.

For example, Defendants explained that "many of the issues raised during the" September 30 Meet and Confer "are intertwined with [P]laintiff's failure to respond to defendants' discovery requests" and, thus, that it would be both premature and inefficient for Mexico to seek relief as to alleged deficiencies in Defendants' discovery responses without also first responding to the Deficiency Letter and meeting and conferring on Mexico's own deficiencies.

On February 7, 2025, Mexico finally provided a response to the Deficiency Letter in the form of two separate letters, which largely doubled down on Mexico's frivolous discovery positions. **Exs. 8, 9** ("Deficiency Response"). Mexico's Deficiency Response is nearly all fluff and no substance. Of note, Mexico falsely claims that in the Deficiency Response that "Defendants have raised no concerns regarding the sufficiency of the production." *E.g.*, Ex. 8 at 9. This is patently false, as the Deficiency Letter made clear that Mexico's document production, as to all Requests, was woefully deficient. Ex. 7 at 27. Moreover, because of Mexico's frivolous tactics, Defendants do not, and cannot, know, what documents Mexico has

refused to collect and produce based on the improper objections at issue in this Motion.

Further, in the Deficiency Response, for some of the Requests, while Mexico makes clear that it will not budge on its objections, it nonetheless—in an obvious effort to try to stall Defendants from seeking this Court's relief—claims that it is willing to meet and confer about Defendants "limit[ing]" their Requests. *E.g.*, Ex. 8 at 13. Indeed, while the Parties also engaged in a meet and confer on April 2, 2025, and Defendants sent Mexico a letter on April 3, 2025, in an further attempt to aid resolution of Mexico's deficient discovery responses, **Ex. 10** ("April 3 Letter"), Mexico waited until the 11th hour, April 11, 2025, at 8 p.m. EDT) to provide a response, **Ex. 11** ("April 11 Letter").  Based on Mexico's most recent letter, more than six (6) months after Defendants' initial deficiency letter, Mexico claims it is "willing" to "conduct certain searches … if the parameters can be agreed." To Defendants, this is just another attempt to delay and avoid, and Mexico has still not withdrawn its frivolous objections and has yet to produce any meaningful material Defendants require and are entitled to receive. Defendants will continue to meet and confer with Plaintiff's counsel while this motion is pending, but they have waited long enough for Mexico's disingenuous response that offers next-to-no efforts at compromise on Mexico's end, and thus, Mexico has thus left Defendant no choice but to seek this Court's relief to obtain discovery to which they are rightfully entitled.

## ARGUMENT

## I.    LEGAL STANDARD

"Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the following: 'Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Andrich v. Ryan*, No. CV1602734PHXGMSJZB, 2017 WL 11424013, at *4 (D. Ariz. Dec. 11, 2017) (quoting Fed. R. Civ. P. 26(b)(1)).

"On a motion to compel, the party seeking to compel discovery has the initial burden of

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Id.* "This 'is a relatively low bar.'" *SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2021 WL 1574660, at *8 (D. Ariz. Apr. 22, 2021) (quoting *Continental Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018 (D. Ariz. 2020)). Indeed, "[f]or discovery purposes, courts define relevance broadly, stating that information is relevant if it bears on or might reasonably lead to information that bears on any material fact or issue in the action." *Id.* (internal quotation marks omitted). "[C]ourts are quick to point out that discovery is concerned with relevant information—not relevant evidence—and that as a result the scope of relevance for discovery purposes is necessarily broader than trial relevance." *Id.* (internal quotation marks omitted). "In turn, the party opposing discovery has the burden to demonstrate that the discovery should not be allowed and to support the objections with competent evidence." *Andrich*, 2017 WL 11424013, at *4 (quoting Fed. R. Civ. P. 26(b)(1)).

## II. THE COURT SHOULD OVERRULE MEXICO'S IMPROPER AND BASELESS GENERAL OBJECTIONS.

### A. Mexico's General Objections are Improper and Thus Waived.

At the outset of Plaintiff's Answers to interrogatories—and telltale of the frivolous nature of the individual Responses that follow—Mexico asserts a litany of "General Objections." Ex. 6 at 3–8. "General Objections" are improper and invalid. *See, e.g.*, *Hall v. Marriott Int'l, Inc.*, No. 319CV01715JLSAHG, 2021 WL 1906464, at *5 (S.D. Cal. May 12, 2021) ("Where 'the responding party provides a boilerplate or generalized objection, said objections are inadequate and tantamount to not making any objection at all.'") (quoting *Bess v. Cate*, No. 07cv1989-JAM-JFM, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008)).[2]

In its Deficiency Responses, Mexico makes a half-hearted offer to withdraw its general objections if Defendants also do so. Ex. 8 at 2. Though not the subject of this Motion,

---

[2] *See also*, *Acevedo v. Viet Vu*, No. 819CV01605JVSJDEX, 2020 WL 11272310, at *3 (C.D. Cal. Oct. 7, 2020) ("Court does not consider Defendants' 'general objections' to Plaintiff's discovery requests"); *Cole v. Oak Ridge Associated Universities, Inc.*, No. CV 15-00103 LEK-RLP, 2015 WL 13811826, at *2 (D. Haw. Dec. 11, 2015) ("Defendant listed 'General Responses and Objections' at the outset of its responses. . . . These types of general objections are insufficient.").

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Defendants' general objects are, appropriately, only as to Mexico's definitions and instructions, whereas Mexico's General Objections are not so limited, including substantive objections concerning, for example, discovery privileges. Mexico also states that it will inform Defendants "when and if a General Objection is asserted as a basis for withholding any documents," *id.*, but that is a further concession that asserting objections in a general manner is inappropriate and that such objections must be specifically asserted as to each particular Request. Moreover, contrary to its promise, Mexico has made no effort to explain whether its litany of objections are actually being used to withhold responsive material.

The Court should order that all of Mexico's general objections are improper and, thus, have been waived. But even if the Court considers the form of Mexico's general objections not to be improper, the Court should still overrule the substance of the objections for the reasons set forth below.[3]

### B.   Defendants' Requested Timeframe is Reasonable.

Mexico generally objects to the Requests "to the extent they contain no reasonable timeframe." Ex. 6 at 5.[4] However, each of the Requests contains a clear timeframe specifically aligned with Mexico's claims as alleged in the Complaint. *See*, *e.g.*, ECF Doc. 1 ¶ 242 (alleging that "gun trafficking from the United States is undeniably linked to . . . the expiration of the U.S. assault-weapons ban in 2004").) Mexico cannot disavow a timeframe that Mexico itself set and included in its allegations in the Complaint. *See, e.g.*, *Spears v. El Dorado County*, 2023 WL 8090814, at *10 (E.D. Cal. Nov. 21, 2023) (overruling objections based on overbreadth because the delineated timeframe "is clearly within the scope of the allegations in the complaint"); *EEOC v. Chris the Crazy Trader, Inc.*, 2023 WL 4237086, at *6 (D. Colo. June 28, 2023) (finding that the timeframe asserted in a discovery demand "is relevant based on the allegations

---

[3] A number of Mexico's objections were asserted as to both the RFPs and Interrogatories. This Motion seek the Court's relief as to all instances of such objections asserted by Mexico, in its presently asserted Responses as well as any future response. Citations to those objections herein are examples of the objections.

[4] In addition to its general objection based on timeframe, Mexico objects to the timeframe of certain Requests individually. Those individually asserted objections are baseless for the same reasons set forth above.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

in the Complaint").

**C.    Mexico's Objection to Production of Material Involving Third Parties is Baseless.**

Mexico objects to production of information "concerning [Mexico]'s internal communications with third parties, or documents from third parties." Ex. 6 at 7. Mexico provides no legal support for this nonsensical position, and, indeed, there is none. Any documents, including communications, within Mexico's possession, custody, or control involving, received from, or sent to anyone (including third parties) that are responsive to any Request must be produced. The involvement of a third party is not a basis for withholding responsive material. Moreover, some of the most critical discovery in this case may involve Mexico's collusion or other improper actions with third parties—*i.e.*, Mexico's active and passive support of the cartels and its intentional choice not to stop their violence. Thus, this Cout should overrule Mexico's objection to production of material involving third parties.

**D.    Mexico's Asserted Mexican Discovery Privileges Have No Application in this U.S. Proceeding.**

Mexico objects to producing information that is purportedly protected from discovery in this case by various Mexican laws. Ex. 6 at 8. But, obviously, this is a proceeding in United States federal court, and the applicable law governing privilege (and all other aspects of this case) is United States law, including the Federal Rules of Civil Procedure. Federal Rule of Evidence 501 provides that federal law of privilege governs except in a civil case "regarding a claim or defense for which state law supplies the rule of decision." In its Deficiency Responses, Mexico stood on its objection. Ex. 8 at 3.

Here, all of Mexico's surviving causes of action are based on Arizona state law, which means any asserted privilege must be asserted under Arizona state law. As such, the Court should overrule Plaintiff's objection based on application of Mexican laws and order that Mexico must produce responsive material that Mexico has refused to produce by improperly hiding behind purported Mexican law.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**E.    The Court Should Overrule Mexico's Objection Based on Certain Terms Being Undefined.**

Mexico also objects to the definitions of "communication," "concerning," and "identify" as "vague, overly broad, and unduly burdensome." Ex. 6 at 9. But Mexico offers no explanation as to why or how those terms are vague, overly broad, or unduly burdensome, which is required to assert such an objection. *See*, *e.g.*, *Miller v. York Risk Servs. Grp.*, No. CV-13-01419-PHX-JWS, 2014 WL 11515634, at *2 (D. Ariz. June 20, 2014) ("'General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information.'") (quoting *Melendez v. Greiner*, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)). Moreover, Mexico's objection is all the more frivolous given that Mexico used the same terms, and even defined "communication," throughout its discovery demands to Defendants.

**F.    The Court Should Overrule Mexico's Objection to the Definition of "Mexico" and Should Order that Mexico May Not Recover Damages Other Than As Incurred by the Mexican Federal Government.**

Mexico objects to the definition of "Plaintiff" as including "all of its branches . . . agencies . . . all of its political subdivisions . . . and all branches and agencies of all political subdivisions" as to "individual states," which are not "part of the federal government" of Mexico. Ex. 6 at 9–10. Mexico also similarly objects to a related instruction. Ex. 6 at 2.

At the outset, Mexico's objection does not argue that there is a recognized legal basis for refusing to produce all responsive material from Mexico's federal branches and agencies (such as executive, judicial, and legislative), which Mexico must do. Moreover, to the extent that Mexico has the ability to obtain the material through its control of those state and local branches, Mexico must also collect and produce responsive material from these sources. Further, if Mexico is in possession of such documents, even if they originated at the state level, these documents are now in Mexico's possession and control, and must be disclosed.

More significantly, given that that Mexico has now affirmatively taken the position that Mexican state and local governments are not the Plaintiff, Mexico has now conceded that it has no basis to seek damages for alleged harm or damages incurred by any state, local, or other non-

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

federal aspect of the Mexican government. Mexico cannot have it both ways and cannot undue that concession by disclaimers to the contrary in its Deficiency Responses. Ex. 8 at 3–4. Accordingly, the Court should order that Plaintiff either must produce records possessed by its branches, agencies and political subdivisions or that Plaintiff may only recover for damages specifically incurred by the Mexican federal government.

## III.    THE COURT SHOULD OVERRULE MEXICO'S REPEATED, BOILERPLATE, BASELESS OBJECTIONS TO INDIVIDUAL REQUESTS.

In addition to the improper and baseless general objections set forth above, Mexico has also set forth numerous repeated, boilerplate objections as to various Requests that are likewise baseless.  The Court should overrule each of these objections as to each Request to which they have been asserted.

### A.    <u>The Court Should Overrule Mexico's Overly Broad Objection.</u>

Mexico objects to numerous Requests as "overly broad and unduly burdensome" ("Overly Broad Objection"). However, Mexico filed a 343-paragraph, 138-page long Complaint that includes allegations dating back to 2004. Information about those hundreds of paragraphs of allegations—which Mexico obviously viewed as important enough to include in the Complaint and cannot now claim to be too broad—is required discovery to which Defendants are rightfully entitled.

### B.    <u>The Court Should Order Mexico to Provide a Privilege Log.</u>

In Response to numerous Requests, Mexico objects to providing privileged information ("Privilege Objection"), including based on purported assertion attorney-client privilege, executive privilege, law enforcement privilege, state secret doctrine, official information privilege, and deliberative process privilege, but Mexico failed to provide a privilege log. And despite Defendants' reminder of Mexico's obligation to provide a privilege log in the Deficiency Letter, Mexico did not do so by October 7, 2024, which was 60 days from Plaintiff's document

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

production. ECF Doc. 75 at 17.[5]

Only on April 4, 2025, did Mexico provide any form a privilege log, which includes only two items, which are the trace requests Mexico refuses to produce based on the Tiahrt Amendment. **Ex. 12** ("Privilege Log"). Mexico elected not to include any other documents on its privilege log, despite asserting its privilege objection to Requests that go far beyond those two documents. The Court should order that Mexico must provide an appropriate privilege log.

### C.    The Court Should Overrule Mexico's Privacy Objection.

Mexico objects to production of certain material because the Requests seek "personal and confidential information" purportedly protected by Mexican or U.S. privacy law ("Privacy Objection"). Mexico does not identify the documents it possesses but is withholding from production on this purported Privacy Objection. Moreover, there is a confidentiality order, ECF Doc. 68, which will ensure appropriate protection of private information if appropriately designated by the producing party.

### D.    The Court Should Overrule Mexico's Publicly Available Objection

Mexico objects to some Requests as seeking material that is "publicly available and/or . . . in the possession of, known to, or otherwise equally available to Defendants" ("Publicly Available Objection"). Merely because something might be publicly available or otherwise available to Defendants does not mean that Mexico is not obligated to produce information in its own possession, custody, or control. *See*, *e.g.*, *Regal Elecs., Inc. v. Pulse Eng'g, Inc.*, No. 5:03CV1296JWRS, 2005 WL 3078983, at *3 (N.D. Cal. Nov. 16, 2005) ("Rule 34 . . . does not excuse [Plaintiff] from providing documents in its possession or control, solely because the information is also publicly available"); *Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) ("fact that some of the documents might be possessed by Plaintiff or be available to Plaintiff or the public is not a basis for refusing to produce documents that are otherwise discoverable").

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

---

[5] Defendants did not file their Motion to Stay until October 18, 2024, and Plaintiff opposed that motion, so that activity does not provide Mexico with a reprieve on its failure to timely produce a privilege log.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

### E.    The Court Should Overrule Mexico's Tiahrt Objection.

In Response to some requests, Mexico states that it will not produce responsive documents because "Defendants now contend that the Tiahrt Amendment broadly restricts the production of certain information" ("Tiahrt Objection"). While Defendants did raise such an objection, the Court has now overruled it. ECF Doc. 111.

Mexico cannot in good faith hide behind the very objection that it asked this Court to overrule when raised by Defendants. Yet in its Deficiency Responses, Mexico has stated that it will not withdraw this objection. Ex. 8 at 8. The Court should overrule Mexico's Tiahrt Objection.

### F.    The Court Should Overrule Mexico's Contention Objection.

Mexico objects to numerous Interrogatories "as a premature contention interrogatory which impermissibly seeks protected work product at this early stage of discovery" ("Contention Objection"). This objection is baseless. All of Defendants' interrogatories "relate to legal theories or evidence that should be in Plaintiff's possession." *Burgoyne v. Gen. Mills Inc.*, No. CV-23-02370-PHX-JAT, 2024 WL 3045467, at *1 (D. Ariz. June 18, 2024). The mere fact that some of the requested information could also relate to work product does not mean that Mexico can hide otherwise responsive non-privileged information. Furthermore, if Mexico feels that a specific interrogatory cannot be fully answered because it is a contention interrogatory, that does not excuse Mexico from responding to the fullest extent possible *at this time*, with the ability to supplement or amend the answer at a later date.

### G.    The Court Should Overrule Mexico's Over 25 Interrogatories Objection

Mexico objects that some of the Interrogatories exceed the court-ordered limit of 25 interrogatories ("Over 25 Interrogatories Objection"). As Defendants served only 18 Interrogatories, Defendants have not exceeded the limit. Mexico's attempts at construing particular words or phrases to make certain Interrogatories count as more than one interrogatory are unavailing. Indeed, each Interrogatory asks a single question, with any alleged "subparts" all counting as part of that same Interrogatory because they are "logically [and] factually subsumed within and necessarily related to the primary question." *Trevino v. ACB Am., Inc.*, 232 F.R.D.

612, 614 (N.D. Cal. 2006) (citing *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)).

Moreover, to the extent that any Interrogatories were over the limit, Mexico has waived such an objection by choosing which Interrogatories to answer on that purported basis, which is an improper gamesmanship tactic. *See*, *e.g.*, *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection.").

In the April 11 letter, Mexico offered to withdraw this objection, but only if Defendants agreed not to serve any further interrogatories without leave of Court and agreed to a 150 limit on requests for production. Plaintiff is in no position to negotiation on this issue, and the Court should overrule Mexico's Over 25 Interrogatories Objection and order Mexico to answer all of the Interrogatories.

## H.    The Court Should Overrule Mexico's Causation Relevance Objection.

Mexico claims that for some of the Requests, material sought is "not relevant to either party's claims or defenses" because, as Mexico paints it, Mexico had no duty to mitigate ("Causation Relevance Objection"). If Defendants are reading this objection correctly, Mexico is saying it has no legal duty to protect the citizens of its country from illegal contraband, illegal cartels, and firearm violence within its borders. Whether or not Mexico could be sued by its own citizens for its failures in this regard is not the issue here. In this case, the jury will be asked to determine if any of the Defendants legally contributed to the harms suffered in Mexico due to firearms related violence, and if the jury finds as such, the next step will be assessing the comparative fault of all parties and non-parties to this harm. Mexico's obvious tactic here is to hide what is likely to be the most crucial area of discovery in this case and, indeed, the very heart of Mexico's claims—who and what caused the cartel violence for which Mexico seeks to recover.

At the outset, contrary to Mexico's representation, Mexico absolutely had a duty to mitigate. *See*, *e.g.*, *Cavallo v. Phoenix Health Plans, Inc.*, 254 Ariz. 99, 107, 518 P.3d 759, 767 (2022) ("[O]ne injured by the tort of another is not entitled to recover damages for any harm that he could have avoided by the use of reasonable effort or expenditure after the commission of the tort."); *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 124 Ariz. 242, 255–56 (Ct. App. 1979) ("The key requirement is that the injured party exercise reasonable care to mitigate damages. . . . . Further, whether the injured party violated his duty to mitigate damages is a question of fact for the trier of fact, when there is conflicting evidence on the question."). Further, Mexico has specifically alleged that it engaged in mitigation as a result of Defendants' actions and, thus, cannot now claim that mitigation is irrelevant. *E.g.*, ECF Doc. 1 ¶ 6.

But even if mitigation by Mexico was not required (it is), the requested information is critical to Mexico's requirement to affirmatively prove—and Defendants right to challenge—that Defendants, and not others (including Mexico and cartels), are the cause of the harm for which Mexico seeks to recover. Mexico cannot ask the Court and Defendants to ignore the plethora of factors that actually caused Mexico's alleged harm. For example, causes of the alleged harm includes Mexico's employees' active support of and collusion with cartels, Mexico's employees' acceptance of bribes from cartels allowing them to control large swaths of property within Mexico, Mexico's failure to control cartel violence, and Mexico's failure to control its own inventory of firearms,[6] all which are separate and apart from Defendants' alleged actions. Any one or more of those factors may have caused Mexico's harm. Obviously, any burden associated with production of this information is far outweighed by its critical importance to this case.[7]

Further, Defendants have asserted in their Answers that non-parties to this litigation are at

---

[6] Upon information and belief, the Mexican government is the number one source of firearms recovered at crime scenes or subject to a bona fide criminal investigation within Mexico.

[7] Mexico also puzzlingly objects that this seeks to "shift the burden" to Mexico. Not so. Defendants have the burden to establish the affirmative defenses pled. To do this, Defendants are entitled to discovery from Mexico that would support these defenses. All of the information sought is clearly relevant to causation and mitigation.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

fault (i.e. straw buyers, traffickers, cartel members, Mexican government employees, etc…), but without the information and documentation requested in discovery, to which Plaintiff objects based on relevance grounds, Defendants have no ability to identify and ultimately prove the fault of these non-parties.

Finally, Mexico already tried, and failed, to avoid its duty to produce this obviously critical discovery through its nearly entirely unsuccessful motion to strike Defendants' affirmative defenses, wherein this Court specifically held that Defendants may pursue this very type of discovery. *E.g.* ECF Doc. 102 at 7, 8, 13 ("The Court finds that Defendants' Answers . . . are sufficient to provide Plaintiff with fair notice of Defendants' position that Plaintiff failed to mitigate its damages by failing to control cartel violence within its borders. Accordingly, the Court will deny Plaintiff's Motions to Strike" and also finding the same for "unclean hands defense" and "proximate cause"). Plaintiff claims that it is not obligated to provide this discovery because it "disagrees that the court's prior order on the Government's motion to strike precludes the Government from litigating relevance objections…." Ex. 11 at 1. However, it is difficult to imagine how Mexico can continue to assert a relevant objection related to discovery specifically addressing affirmative defense the Court found sufficient pled at the pleading stage. The Court should overrule Mexico's Causation Relevance Objection.

## IV.    MEXICO'S INDIVIDUAL OBJECTIONS.

### A.    <u>Interrogatory 2</u>

Interrogatory 2 seeks information about statements which Mexico contends that Defendants have made. Mexico asserts its Overly Broad Objection and Contention Objection, which are baseless for the reasons set forth above. Mexico then references a different definition and claims that Mexico has no responsive information, but Plaintiff cannot unilaterally limit its response based on a definition that Mexico chooses, especially one that appears intended to hide discovery.

Mexico provides no substantive answer at all. Either Mexico has statements it believes were made by an employee of a Defendant, or it does not. Adverse party statements are clearly discoverable, and no objection or privilege can be available to prohibit such disclosure.

In its Deficiency Response, Mexico refuses to withdraw its objections and instead is only willing to meet and confer for Defendants to narrow the Request. Ex. 9 at 7–8. The Court should order that Mexico must withdraw its baseless objections and produce all responsive information.

**B.    <u>Interrogatory 4</u>**

Interrogatory 4 seeks information concerning each cost, expenditure, damage, loss, or harm that Plaintiff alleges that it has incurred as a result of Defendants' actions. Mexico asserts its Contention Objection, which is baseless for the reasons set forth above. Mexico further objects that the information is duplicative of information purportedly provided in Mexico's initial disclosures, but even if that is the case, that is not a valid reason for objecting to an otherwise proper interrogatory. Mexico's objection to disclosing "when" each cost or harm was determined or calculated based on privilege is baseless in that if Mexico made any such determination or calculation without the involvement of an attorney, there is not such protection.

Mexico also unilaterally decided to construe this basic, simple request to count as "a maximum of 36 and a minimum of 12" interrogatories. As even Mexico acknowledges, the Interrogatory references only a single paragraph of the Complaint. That Plaintiff chose to draft that paragraph of the Complaint in a lengthy and convoluted way does not mean that Mexico can now use that to falsely construe a single Interrogatory to count as 36 interrogatories, which again appears intended to hamstring Defendants' right to discovery. Further, if this is the way Mexico intends to define "subparts" to an interrogatory, Mexico has exceeded its allocated number of interrogatories within just its first interrogatory to defendants.

Mexico provides no substantive answer at all. And in its Deficiency Response, Mexico once again asserted that it intends to rely on experts for this type of evidence. Ex. 9 at 9. But Mexico cannot absolve itself of its burden to collect and produce responsive information material because experts might also later opine on it. Further, Mexico's reference to documents produced *subject to its litany of objections* is meaningless, as Mexico has only produced limited documents that fall outside of the broad scope of its objections that clearly hide significant documents and information. The Cout should order that Mexico must withdraw its baseless objections and produce all responsive information.

### C.    <u>Interrogatory 5</u>

Interrogatory 5 seeks information concerning relief that Mexico has sought from others regarding the harm alleged in the Complaint. Mexico asserts its Overly Broad Objection and Causation Relevance Objection, which are baseless for the reasons set forth above. Then, Mexico puzzlingly decides to unilaterally limit the Interrogatory to information about "requests for restitution through the International Court of Justice or the Inter-American Commission on Human Rights," which is obviously far narrower than Defendants' request. Further, Plaintiff provides no substantive answer at all.

In its Deficiency Response, Mexico stands on its objections and, in typical form, asserts its half-hearted willingness to meet and confer. Ex. 9 at 10. The Court should order that Mexico must withdraw its baseless objections and produce all responsive information.

### D.    <u>Interrogatories 6 and 14–16</u>

Interrogatories 6 and 14–16 ask Mexico to identify information concerning the firearms recovered in Mexico in connection with criminal activity for which Mexico seeks to recover from Defendants in this action. Mexico asserts its Tiahrt Objection and Timeframe Objection, which are baseless for the reasons set forth above.

For Interrogatories 14–16, Mexico asserts its Over 25 Interrogatories Objection, which is baseless for the reasons set forth above. In addition, Mexico falsely states for Interrogatories 14–16 that Defendants have such information, which is plainly untrue, as Mexico—not Defendants—is the one contending that Defendants are linked to crime in Mexico. Moreover, even if Defendants have some such information, that does not alleviate Mexico from its production obligation.

For Interrogatories 14, 15, and 16, "identify" with respect to a firearm, means providing the make, model, caliber, and serial number for the firearms being requested.

Merely asking for cartel affiliation does not, as Mexico contends, make Interrogatory 14 into 2 interrogatories. Similarly, asking about "investigation or prosecution" in Interrogatory 15 does not turn that Interrogatory into 2 instead of one. And again, the same is true for Mexico's frivolous attempt to dissect the simplicity of Interrogatory 16 into multiple interrogatories.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

While Mexico does disclose the source that can be used to answer this Interrogatory, Mexico does not provide a substantive answer as to the number of firearms but, rather, says that it "will provide . . . records [with this information]. . . within a reasonable time."

Mexico's Deficiency Response contains a litany of continued efforts to stall this obviously relevant discovery and references the patently deficient document production that it provided. Ex. 9 at 13–14. In any event, Mexico has not provided the actual data it obviously has, and the Court should order that it must do so.

### E.    Interrogatory 7

Interrogatory 7 seeks information concerning how firearms are received by law enforcement in Mexico and reported or recorded.

Contrary to Mexico's position, "how" Plaintiff tracks firearms is critical, in that it may show that Plaintiff does so improperly or inaccurately and, thus, any statistics that Plaintiff claims show that Defendants are responsible for firearm violence are based on unreliable and flawed data.

Mexico provides a substantive answer for 2020 onward only and references a RECAF database, but Plaintiff has *not* produced data from the RECAF database, which is clearly responsive to numerous RFPs. In its Deficiency Response, Mexico stands on its objections and engages in its continued effort to make obtaining this simple discovery as difficult as possible, including reiterating its baseless positions as to its own fault and failure to mitigate not being relevant. Ex. 9 at 14.

The Court should order that Mexico must withdraw its baseless objections and provide a substantive answer for the entire timeframe prior to 2020.

### F.    Interrogatories 8–10 and 17

Interrogatories 8–10 and 17 seek information concerning Mexico's communications about Defendants, cartel violence, and interactions with foreign countries concerning firearm violence, as well as the identification of federally licensed firearms dealers Mexico has communicated with about illegal firearms. Mexico asserts its Overly Broad Objection, Causation Relevance Objection, and Timeframe Objection, which are baseless for the reasons

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

set forth above. Moreover, Mexico's vagueness objection is not well taken as "all communications," "with anyone," "concerning Defendants," and "remediating cartel related violence," are all terms which have plain and obvious meanings. Mexico also asserted its Privilege Objection but failed to produce a proper privilege log, as described above. Mexico's objection based on the Interrogatories counting as multiple interrogatories is baseless because each Interrogatory seeks just communications but then explains what is being sought by providing examples of communications, not things different than communications.

Mexico provides no substantive answer at all beyond referencing "publicly available information" for Interrogatory 9, which Plaintiff is well aware is not what Defendant sought with these Interrogatories. For Interrogatory 17, Mexico refuses to provide an answer claiming its Over 25 Interrogatories Objection.

In its Deficiency Response, Mexico continues its feigned confusion as to what the Interrogatories seek. Ex. 9 at 15. The Court should order that Mexico must withdraw its baseless objections and produce all responsive information.

## G.    <u>Interrogatories 11–13</u>

Interrogatories 11–13 seek information concerning Mexico's efforts to mitigate harm it alleges that it incurred and investigate or prosecute criminal actions for which it seeks to hold Defendants responsible. Mexico's Overly Borad Objection and Causation Relevance Objection are baseless for the reasons set forth above. Mexico also asserted its Privilege Objection but failed to produce a privilege proper log, as described above.

Mexico provides no substantive answer at all and, in its Deficiency Response, refers to its deficiency document production and doubles down on its position that causation and mitigation are not relevant, *despite this Court's order to the contrary.* Ex. 9 at 16. ECF Doc. 102 at 7, 8, 13. The Court should order that Mexico must withdraw its baseless objections and produce all responsive information.

## H.    <u>Interrogatory 18</u>

Interrogatory 18 asks for the identification of all persons other than counsel who provided information used to answer these Interrogatories. Mexico uses the Overly Broad Objection and

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Over 25 Interrogatories Objection to provide no substantive answer at all.

In its Deficiency Response, Mexico stands on its objections. Ex. 9 at 17. The Court should order that Mexico must withdraw its baseless objections and produce all responsive information.

## **CONCLUSION**

Mexico's frivolous Responses serve no purpose but to hide obviously relevant discovery, burden Defendants with fighting to obtain that information, and waste the Parties' and the Court's time in doing so. The patently clear theme in Mexico's Responses is that Mexico does not believe it has any obligation to meaningfully participate in discovery, or it is woefully ill-prepared to prosecute its case. Mexico brought this action, and Mexico has the burden of proof. If Mexico was not ready to prosecute the case, it should not have filed it.

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to compel, overrule Mexico's improper and baseless general objections, overrule Mexico's frivolous and repeated boilerplate objections, overrule Mexico's objections to specific Requests, order that Mexico must provide full and complete discovery in response to the Requests, and impose sanctions on Mexico for its egregious conduct.

Dated: April 15, 2025                LORBER, GREENFIELD & OLSEN, LLP

By:     Louis W. Horowitz, Esq.
        3930 E. Ray Road, Suite 260
        Phoenix, AZ 85044
        lhorowitz@lorberlaw.com

and

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

RENZULLI LAW FIRM LLP

By:    */s/ Jeffrey Malsch*
      Christopher Renzulli, Esq. (*Pro Hac Vice*)
      Peter Malfa, Esq. (*Pro Hac Vice*)
      Jeffrey Malsch, Esq. (*Pro Hac Vice*)
      One North Broadway, Suite 1005
      White Plains, NY 10601
      crenzulli@renzullilaw.com
      pmalfa@renzullilaw.com
      jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc., Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

PISCIOTTI LALLIS ERDREICH

By:    Anthony Pisciotti, Esq. (*Pro Hac Vice*)
      Danny Lallis, Esq. (*Pro Hac Vice*)
      Ryan Erdreich, Esq. (*Pro Hac Vice*)
      30A Vreeland Road, Suite 300
      Florham Park, NJ 07932
      apisciotti@pisciotti.com
      dlallis@pisciotti.com
      rerdreich@pisciotti.com

and

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    Colt B. Dodrill, Esq.
      Brian E. Cieniawski, Esq.
      Arizona Bar No. 013185
      2231 East Camelback Road, Suite 200
      Phoenix, Arizona 85016
      Colt.Dodrill@wilsonelser.com
      Brian.Cieniawski@wilsonelser.com

*Attorneys for Defendant Ammo A-Z, LLC*

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

## CERTIFICATE PURSUANT TO L.R. CIV. P. 7.2(J)

I, Jeffrey Malsch, hereby certify that, after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.  L.R. Civ. P. 7.2(j).

Dated: April 15, 2025

By:    */s/Jeffrey Malsch*

Jeffrey Malsch
jmalsch@renzullilaw.com

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

## **CERTIFICATE PURSUANT TO FED. R. CIV. P. 37(A)(1)**

I, Jeffrey Malsch, hereby certify that, prior to filing this motion, Defendants "ha[ve] in good faith conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

Dated: April 15, 2025

By:    */s/Jeffrey Malsch*
       Jeffrey Malsch
       jmalsch@renzullilaw.com

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

## <u>CERTIFICATE PURSUANT TO FED. R. CIV. P. 37(D)(1)(B)</u>

I, Jeffrey Malsch, hereby certify that, prior to filing this motion, Defendants "ha[ve] in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B).

Dated: April 15, 2025

By:     <u>*/s/Jeffrey Malsch*</u>
        Jeffrey Malsch
        jmalsch@renzullilaw.com

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

**CERTIFICATE OF SERVICE**

I, Louis W. Horowitz, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: April 15, 2025

By:    */s/Louis W. Horowitz*
         Louis W. Horowitz
         lhorowitz@lorberlaw.com

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180