# EXHIBIT 6

CONFIDENTIAL

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
(520) 322-5000

Ryan O'Neal (AZ # 031919)
roneal@dmyl.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>                              *Plaintiff,*<br><br>*vs.*<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>                              *Defendants* | NO. 4:22-cv-00472-TUC-RM |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' JOINT FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Estados Unidos Mexicanos ("The Government" or "Plaintiff") hereby responds and objects to Defendants' Joint First Set of Interrogatories dated July 10, 2024 (the "Interrogatories") as follows:

**CONFIDENTIAL**

**PRELIMINARY STATEMENT**

Plaintiff's responses and objections are based upon the facts, documents, and information presently known and available to Plaintiff. Without obligating themselves to do so, and except to the extent required under the Federal Rules of Civil Procedure, Plaintiff reserves the right to change, amend, or supplement these responses under Federal Rule of Civil Procedure 26(e) as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, interpretations, contentions, or legal theories that may apply. Plaintiff reserves the right to utilize subsequently discovered facts, documents, or other evidence at any later stage of these proceedings.

The assertion of any objection below is not intended as, nor shall it be deemed, a waiver of Plaintiff's rights to assert that or any other objection at a later date. No incidental or implied admissions are intended by Plaintiff's objections. Plaintiff's objections should not be taken as any admission that Plaintiff accepts or admits any "facts" set forth or assumed by any of the Interrogatories.

Any response herein stating that documents or things will be produced is to be construed only to responsive documents and things that otherwise are not subject to any general or specific objection. Any such response is not a representation that any such documents or things exist, but only that Plaintiff will conduct a reasonably diligent search

## CONFIDENTIAL

of the materials within its possession, custody, or control, and will produce responsive, non-privileged documents or things if any are discovered as a result of that search.

## **GENERAL OBJECTIONS**

Each of the following General Responses and Objections is incorporated into each of the subsequent specific responses by Plaintiff to the individual Interrogatories.

1.    Plaintiff objects to the Interrogatories to the extent that any Interrogatory seeks information that is not relevant to any claim or defense and/or insofar as they are unduly burdensome or not proportional to the needs of the case.

2.    Plaintiff objects to the Interrogatories to the extent that any constitutes a contention interrogatory, on the grounds that it is premature, and therefore unduly burdensome and purports to impose upon Plaintiff obligations beyond those imposed by the Federal Rules of Civil Procedure. *See* 7 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE § 33.02(2)(b) (2023); *Fredrics v. City of Scottsdale*, No. CV-21-00001-PHX-MTL, at *1 (D. Ariz. Jan. 6, 2022) ("Contention interrogatories are generally considered overbroad and unduly burdensome"); *United States v. JP Morgan Chase Bank*, No. CV12-0155-PHX-MHB, 2013 WL 12204174, at *2 (D. Ariz. Sept. 16, 2013) ("Contention interrogatories 'that systematically track all of the allegations in an opposing party's pleadings, and that ask for each and every fact and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (citation omitted); *Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) (interrogatories "should not require a party to provide the

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

equivalent of a narrative account of its case" (quotation marks and citation omitted). Contention interrogatories are especially inappropriate, where, as here, "the proof is largely in the hands of the alleged conspirators." *Poller v. Columbia Broad. Sys.*, 368 U.S. 464, 473 (1962). For this reason, Rule 33 specifically provides for deferral of contention interrogatories until all needed discovery is completed. *See* FED. R. CIV. P. 33(a)(2) ("[A contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."). The burden of justification to compel answers to early contention discovery falls on the party who seeks answers before substantial documentary or testimonial discovery has been completed. *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 338 (N.D.Cal. 1985). Courts deny contention interrogatories based solely on the grounds set forth in Rule 26, such as overbreadth or undue burden. *See, e.g. Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997). Defendants, as the propounding party, must present specific, plausible grounds for believing that securing early answers to their contention questions will materially advance the goals of the Federal Rules of Civil Procedure. *In re Convergent Techs.*, 108 F.R.D. at 338. Discovery concerning Plaintiff's contentions is thus premature because Plaintiff's factual investigation is ongoing, and much of the relevant information that Plaintiff would need to review and use to respond to the Interrogatories has not yet been produced or has only recently been produced, and no depositions have yet been taken. Any contention interrogatory that is eventually permitted should be deferred until after discovery has been completed.

**CONFIDENTIAL**

3.     Plaintiff objects to each Interrogatory to the extent it seeks information relating to time periods that are not relevant to Plaintiff's Complaint.

4.     In the event Plaintiff inadvertently produces information or documents that are privileged, protected by the work-product doctrine, protected under Federal Rule of Evidence 502, or protected by any other applicable privilege or doctrine, that production will not constitute a waiver of any privilege or immunity applicable to that information or documents or to communications concerning the subject matter of that or any other information or documents.  Any such information should be treated in accordance with the Protective Order entered in this Action. *See* ECF 68.

5.     Plaintiff objects to the Interrogatories, including but not limited to, the Definitions and Instructions set forth in the Interrogatories, to the extent that they (i) are unreasonably cumulative or duplicative; (ii) seek discovery not proportional to the needs of this Action; (iii) seek information obtainable from some other source that is moreconvenient, less burdensome, or less expensive; (iv) are vague, ambiguous, confusing, harassing, overbroad, or unduly burdensome; and/or (v) exceed any reasonable bounds of proportionality and appear calculated simply to harass and burden the Plaintiff.

6.     Plaintiff objects to the Interrogatories, including but not limited to, the Definitions and Instructions set forth in the Interrogatories, to the extent they contain no reasonable timeframe within which Plaintiff can target its search.

7.     The failure of Plaintiff to object on a particular ground to a specific Interrogatory should in no way be construed as a waiver of Plaintiff's right to object on additional grounds or to supplement their objections and responses at a later time after further investigation and discovery and/or in response to clarifications or interpretations provided by Defendants.

8.     Plaintiff objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, joint prosecution privilege, physician-patient privilege, the

**CONFIDENTIAL**

Arizona constitutional right to privacy, or any other applicable privilege, right, immunity, or exemption from discovery, whether set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Arizona ("Local Rules"), common law, case law doctrine, the Constitution of the United States and/or the State of Arizona, the Constitution of Mexico and/or its State Constitutions, and/or other applicable federal or state laws. Any inadvertent disclosure of any such protected information shall not be deemed a waiver or impairment of Plaintiff's rights to assert the applicability of any privilege or immunity to the document or information.

9.    Plaintiff objects to the Interrogatories to the extent that they seek information from persons or entities that are not parties to this Action and which information is not now and never have been in the possession, custody, or control of Plaintiff.  Likewise, Plaintiff objects to the Interrogatories to the extent they seek the creation of documents or data compilations that do not exist.

10.    Plaintiff objects to the Interrogatories to the extent they require Plaintiff to restore or search data sources that are not reasonably accessible.

11.    Plaintiff objects to the Interrogatories to the extent they seek "all" or "any" information relating to a particular topic over multiple years, or from multiple legal entities and/or custodians, as such Interrogatories require unreasonable and overly broad searches, collections, and productions of duplicative and irrelevant documents. Such Interrogatories are thus unduly burdensome relative to the value of such information to a determination of the facts and legal questions at issue in this litigation.

12.    Plaintiff objects to these Interrogatories to the extent that they seek information that is already in the possession, custody, or control of, or readily accessible to, Defendants, including, but not limited to, information in the possession of Defendants and public records that are equally accessible to all parties.  Requiring Plaintiff to produce such documents is not proportional to the needs of the case.  Plaintiff will not produce in response to any Interrogatory documents that have been produced in this Action by anyone, some, or all

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd. Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

Defendants.

13.     Plaintiff objects to the Interrogatories to the extent they constitute premature expert discovery or otherwise call for the premature production of expert reports, analysis, opinions, or testimony or to the extent they seek documents or data exempted from discovery by any orders governing this Action.  Non-exempt expert information will be produced in conformity with the Court's operative scheduling orders.

14.     Plaintiff objects to the Interrogatories to the extent they call for legal conclusions and/or are predicated on an incorrect principle of law.

15.     Plaintiff objects to the Definitions and Instructions included in the Interrogatories to the extent that they exceed the requirements of the Federal Rules of Civil Procedure or the Local Rules, and/or seek to define terms in a manner other than as normally defined.  Without waiving this objection and subject to it, Plaintiff will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the ordinary usage of the English language.

16.     Plaintiff objects to the Interrogatories to the extent they seek to require Plaintiff to make any inquiry beyond that required by the Federal Rules of Civil Procedure, or of persons who are not employed by, or otherwise associated with, Plaintiff, and over which no control is exercised, or seek to obtain information or documents from persons or entities that are not parties to this Action.

17.     Plaintiff objects to the Interrogatories, including but not limited to, the Definitions and Instructions set forth in the Interrogatories, to the extent they seek documents and/or information concerning Plaintiff's internal communications with third parties, or documents from third parties generally, as they are overbroad, unduly burdensome, vague, ambiguous, oppressive, designed to harass Plaintiff, seek to invade Plaintiff's privacy, and/or are neither relevant to the subject matter of this Action nor any applicable claims or defenses.

18.     Whenever, in the responses to a Interrogatory, Plaintiff agrees to provide or produce documents, such a response will not constitute a representation that such documents

**CONFIDENTIAL**

exist, only that such documents will be produced if they exist, are in Plaintiff's possession, custody, or control, can be located with reasonable diligence, and are not otherwise protected from disclosure or subject to withholding pursuant to any of the other stated objections. If Plaintiff responds or states that it will provide a response to a specific Interrogatory, subject to this objection, it will do so within the agreed-upon timeframe or within a reasonable amount of time.

19.    Plaintiff further objects to the Interrogatories to the extent they seek information and/or data protected by Article 6, Section A and Article 16, paragraph 2 of the Mexican Constitution, "Ley General de Transparencia y Acceso a la Información Pública", "Ley Federal de Transparencia y Acceso a la Información Pública", "Ley General de Protección de Datos Personales en Posesión de Sujetos Obligados," "Ley Federal de Protección de Datos Personales en Posesión de los Particulares," the access to public information and the privacy laws of the several Mexican states, Arizona's constitutional right to privacy, other applicable federal or state privacy laws, and/or state public records laws.

20.    Plaintiff reserves all objections regarding the competency, materiality, relevance, and admissibility of any information provided in response to the Interrogatories.

21.    Plaintiff specifically reserves the right to make any use of, or introduce at any hearing or at trial, information or documents responsive to the Interrogatories but discovered subsequent to the date of these responses.

22.    Plaintiff's responses and objections do not constitute any agreement by Plaintiff with Defendants' Definitions, as set forth in the Interrogatories. To the extent Plaintiff uses those Definitions, it does so only for purposes of clarity and consistency.

## OBJECTIONS TO DEFINITIONS

1.    Plaintiff objects to the Defendants' Definitions and Instructions to the extent they (i) are vague or ambiguous; (ii) are overly broad or unduly burdensome; (iii) are inconsistent with the ordinary meaning of the words or phrases they purport to define;

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

(iv) seek to impose obligations different from or beyond those required under the Federal Rules of Civil Procedure, under the Local Rules, or by this Court; (v) include assertions of purported fact that are inaccurate or disputed by the parties to this Action; and/or (vi) incorporate other Definitions or Instructions that have these defects.  Plaintiff further objects to the Definitions and Instructions as follows:

2.     Plaintiff objects to Definition No. 3, defining the term "communication" to mean "disclosure, transfer, or exchange of information or opinion, however made" as vague, overly broad, and unduly burdensome.

3.     Plaintiff objects to Definition No. 5, defining the term "concerning" as "relating to, referring to, summarizing, reflecting, constituting, containing, embodying, mentioning, discussing, describing, consisting of, comprising, showing, commenting on, tending to support or tending to refute, or in any way logically or factually connected with the matter that is the subject of the [Interrogatory]" as vague, overly broad, and unduly burdensome.

4.     Plaintiff objects to Definition No. 9 defining the term "documents," to the extent it is inconsistent with the usage and understanding of the term in Federal Rules of Civil Procedure 34.

5.     Plaintiff objects to Definition No. 10 to the extent Defendants seeks to define "Electronically Stored Information" or "ESI" in any way that is incompatible with the governing ESI protocol in this case. *See* ECF 79.

6.   Plaintiff objects to Definition No. 12, defining "identify" in five separate subparts, as overly broad and unduly burdensome.

7.   Plaintiff objects to Definition No. 18 defining Plaintiff as "all of its branches…agencies…all of its political subdivisions….and all branches and agencies of all political subdivisions." Estados Unidos Mexicanos, like the United States, is a federal republic, and it would be improper to define individual states in Mexico as part of the

DE CONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

federal government. Individual states are free and sovereign in everything related to their interior regime. The Mexican states that compromise Estados Unidos Mexicanos govern themselves, according to their own laws and constitutions, as established by Article 40 of the Mexican Constitution. Moreover, Article 124 of the Mexican Constitution reads "All powers not explicitly vested by this Constitution on federal authorities, are reserved to the States or to Mexico City, pursuant to their own powers." Nothing in the Mexican Constitution grants authority to the federal government to demand documentation in the States,' Mexico City's, or any other governmental entity's custody.

## OBJECTIONS TO INSTRUCTIONS

1.      Plaintiff objects to Instruction No. 1, which sets the "Responsive Time Period" to January 1, 2004.

2.      Plaintiff objects to Instruction No. 3 which requires the production of information from political subdivisions, which are not a part of the federal government of Mexico or are independent government entities.

3.      Plaintiff objects to the Instructions to the extent they seek to impose obligations beyond those required by the Federal Rules of Procedure and/or the Local Rules.  Plaintiff also objects to the Instructions to the extent they seek to require the production of documents in a format or manner which is inconsistent with the parties' agreed-upon Protective Order and ESI Protocol. *See* ECF 68, 79.

4.      If Plaintiff agrees to provide or produce documents, such response will not constitute a representation that such documents exist, only that such documents will be produced if they exist, are in Plaintiff's possession, custody, or control, can be located with reasonable diligence, and are not otherwise protected from disclosure or subject to any of the other stated objections.

CONFIDENTIAL

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without limiting the foregoing General Objections, Plaintiff responds as follows to each of Defendants' Interrogatories:

## INTERROGATORY NO. 1:

Identify all persons whom You currently intend to utilize as a non-expert trial witness to establish a prima facie liability and damages case against each Defendant, including for each person so identified a summary of the subject matter of that person's knowledge or facts substantiating Your allegations in this regard, and including whether such a witness has information or knowledge as to a particular Defendants' conduct.

## RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory as a premature contention interrogatory which impermissibly seeks protected attorney work product at this early stage of discovery. To the extent that Defendants seek information about potential witnesses, the Interrogatory is duplicative of the initial disclosures required under Fed. R. Civ. P. 26.

## INTERROGATORY NO. 2:

Identify all admissions or statements allegedly made by any Defendant, their agents, employees or former employees, concerning the subject matter of the Complaint or this Action, including: (a) the date and place of each admission or declaration against interest; (b) the substance of each admission or declaration against interest; (c) the name, address, and job title of each person making the admission or declaration against interest; (d) the name, address, and job title of the person to whom the admission or declaration against interest was made; and (e) the name, address, and job title of all persons present when the admission or declaration against interest was made.

## RESPONSE TO INTERROGATORY NO. 2:

Plaintiff objects to this Interrogatory as a premature contention interrogatory which impermissibly seeks protected attorney work product at this early stage of discovery, and seeks evidence in the Defendants' possession.

CONFIDENTIAL

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all admissions or statements allegedly made by any Defendant, their agents, employees or former employees concerning the subject matter of the Complaint or this Action," and then seeks excessive detail regarding the circumstances of such alleged admissions.

To the extent this Interrogatory seeks information regarding a "previous statement" as defined by Fed. R. Civ. P. 26(b)(3)(C), Plaintiff responds that it has no responsive information.

**INTERROGATORY NO. 3:**

Identify each item of evidence—whether documents, testimony, affidavits, photographs, videos, tangible items, demonstratives or otherwise—that You currently intend to or may introduce into evidence at trial of this matter for any purpose whatsoever.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory as a premature contention interrogatory which impermissibly seeks protected attorney work product at this early stage of discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks to override the power of the court under Fed. R. Civ. P. 16 to issue scheduling orders determining the timing of when parties shall exchange exhibit lists in advance of trial.

**INTERROGATORY NO. 4:**

For each cost, expenditure, damage, loss, or harm (financial or otherwise) that You allege that You have incurred that You seek to attribute to Defendants in this Action, including, but not limited to, each such alleged harm set forth in Paragraph 248 of the Complaint, describe (a) the nature and amount of each cost, expenditure, damage, loss, or harm; (b) the time period for which You are seeking recovery of such damages; and (c) how and when each cost, expenditure, damage, loss, or harm was determined or calculated.

**CONFIDENTIAL**

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory as a premature contention interrogatory which impermissibly seeks protected attorney work product at this early stage of discovery. To the extent that Defendants seek a "computation of each category of damages claimed," the Interrogatory is duplicative of the initial disclosures required under Fed. R. Civ. P. 26.

Plaintiff further objects to the interrogatory to the extent that it seeks information regarding "when each cost, expenditure, damage, loss, or harm was determined or calculated," as when damages were calculated is not relevant to any issue in the case, and would result in the production of information protected by the attorney work product doctrine.

Plaintiff further objects to this Interrogatory being counted as only one interrogatory for purposes of determining whether Defendants have exceeded the permitted number of interrogatories under Fed. R. Civ. P. 33 and this Court's scheduling order. By seeking information about "each cost, expenditure, damage, loss, or harm (financial or otherwise) that You allege that You have incurred that You seek to attribute to Defendants in this Action, including, but not limited to, each such alleged harm set forth in Paragraph 248 of the Complaint," Defendants have invoked each of the subparts (a)-(l) listed in Paragraph 248 of the Complaint, which is a list of 12 separate categories of damages. To the extent that Defendants seek each of the three categories of information requested for each of these 12 subcategories, that brings the total number of requests included within this Interrogatory to a maximum of 36 and a minimum of 12.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

**INTERROGATORY NO. 5:**

Identify all claims or requests for funds or other relief that You have made to any person, organization (legal or illegal), or government other than these Defendants concerning Your alleged harm from firearms related violence in or affecting Mexico, including, but not limited to, all Documents concerning any restitution sought or provided or reimbursement for any costs or expenses attributed to such criminal activity.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory as it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Plaintiff is aware of no viable theory of mitigation or comparative fault that Defendants could assert based on the Government of Mexico's general efforts to addres gun violence because governmental entities have no legal duty in tort based on a government's general obligation to provide for the general welfare.

The Interrogatory is also overly broad and unduly burdensome to the extent that it seeks "all claims or requests for funds or other relief You made to any person, organization (legal or illegal), or government" over a period of 20 years. Since "You" is defined to include every political subdivision within Mexico, this Interrogatory is additionally broad and seeks material outside Plaintiff's possession, custody, or control.

To the extent that Interrogatory No. 5 seeks only information related to official requests for restitution through the International Court of Justice or the Inter-American Commission on Human Rights, and subject to the Objections stated above, Plaintiff responds that there are currently no such claims.

DE CONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

CONFIDENTIAL

**INTERROGATORY NO. 6:**

Identify the total number of firearms recovered annually in Mexico during the Responsive Time Period that were related to or connected to a crime, regardless of whether they were traced to linked to the United States as the origin of such firearms, during the Responsive Time Period, including the source(s) of such information from which You computed these figures.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects this Interrogatory as overly broad and unduly burdensome, to the extent it seeks information going back to 2004. Plaintiff further objects to Interrogatory No. 6 being counted as only one interrogatory for purposes of determining whether Defendants have exceeded the permitted number of interrogatories under Fed. R. Civ. P. 33 and this Court's scheduling order. Calculating the number of firearms meeting the criteria specified is a different and discrete inquiry from asking that Plaintiff describe the data sources that Plaintiff uses to track this information. Accordingly, this interrogatory should be counted as two for purposes of enforcing the limitations on discovery imposed by Fed. R. Civ. P. 33 and the Court's scheduling order.

With respect to the first inquiry, Plaintiff states, subject to the Objections stated above, that under Fed. R. Civ. P. 33(d), the answer to this interrogatory may be determined by examining Plaintiff's business records, and that the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, subject to the Objections stated above, Plaintiff will provide these records to Defendants within a reasonable time of providing these responses.

With regard to the second inquiry, Plaintiff states, subject to the Objections stated above, that the source of information for computing these figures is a database called the

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

Registro Criminal de Armas de Fuego (RECAF) maintained by the Centro Federal de Intelligencia Criminal, a bureau of the Fiscalia General de la Republica of Mexico (FGR).

## INTERROGATORY NO. 7:

Describe the method by which firearms, which are recovered or taken into possession by any law enforcement or other government agency in Mexico, are reported to You and recorded for any purpose, including, but not limited to tracing, during the Responsive Time Period. If the criteria and methods changed during various time intervals within the Responsive Time Period, describe when and how such changes were implemented.

## RESPONSE TO INTERROGATORY NO. 7:

Plaintiff objects to this interrogatory as overly broad and unduly burdensome to the extent that the request seeks information going back 20 years.

Plaintiff further objects to this interrogatory to the extent it asks for "how" changes to the method of tracking firearms were implemented. How the Government implemented particular changes to its practices and policies going back over 20 years is not relevant to any issue in this case, and providing this information would be unduly burdensome and out of proportion to the needs of the case.

To the extent that this Interrogatory seeks information regarding the reporting of firearms from 2020 onward, and subject to the Objections stated above, Plaintiff states that since 2020, FGR has maintained the database known as *Registro Criminal de Armas de Fuego* (RECAF), which holds information related to the production of the firearm, circumstances around the sale and purchase, seizure and recovery in Mexico, proper identification of the firearm and general data on the criminal activity related to a firearm. In general terms, RECAF operates and collects information from different authorities who are not under

**CONFIDENTIAL**

control of FGR. Finally, RECAF holds quantitative data and, therefore, qualitative details about the firearms might not be available.

## INTERROGATORY NO. 8:

Identify all Your Communications (including, but not limited to, email, iMessages, text messages, web or application chat messages, social media posts, phone records, letters, and memorandums) with anyone (including Your internal Communications, but not including communications protected by the attorney-client privilege with Counsel of Record) concerning Defendants.

## RESPONSE TO INTERROGATORY NO. 8:

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all communications" "with anyone" "concerning Defendants." The definition of "concerning" is so broad that this Interrogatory could conceivably cover all communications with anyone over a period of 20 years related to any subject that is referred to in the Complaint.

Plaintiff further objects to this Interrogatory because it purports to limit the applicability of the attorney-client privilege to only those communications with "counsel of record," which does not appear to be a term defined in the requests. Responsive information would include communications protected by the attorney client-privilege and the attorney work product doctrine.

To the extent that this Interrogatory seeks only the identification of non-privileged communications created prior to the date that the suit was filed, and subject to the Objections stated above, Plaintiff states that no such communications exist.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd. Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

## INTERROGATORY NO. 9:

Identify all Your Communications (including, but not limited to, email, iMessages, text messages, web or application chat messages, social media posts, phone records, letters, and memorandums) with anyone (including Your internal Communications, but not including communications protected by the attorney-client privilege with Counsel of Record) concerning remediating cartel related violence within the borders of Mexico in the 20 years prior to filing this Complaint.

## RESPONSE TO INTERROGATORY NO. 9:

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not proportionate to the needs of the case, to the extent that it requests "all" communications with "anyone" on the broad topic of "remediating[1] cartel related violence" over a span of "20 years."

Plaintiff further objects to this Interrogatory as it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Plaintiff is aware of no viable theory of mitigation or comparative fault that Defendants could assert based on whether the Government of Mexico took action to "remediate" cartel related violence because governmental entities have no legal duty in tort based on a government's general obligation to provide for the general welfare.

Plaintiff further objects to this interrogatory to the extent that it seeks to limit the scope of the attorney-client privilege to "counsel of record" which does not appear to be a term defined in the requests. If responsive materials were to be collected, Plaintiff anticipates that some communications would be protected by the attorney-client privilege and attorney work

---

[1] Defendants do not define the term "remediate" which is vague and ambiguous, especially given the context in which it is used, *i.e.* preceeding the term "cartel related violence," which is also undefined, vague, and ambiguous.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

product, as well as the Deliberative Process, the Law Enforcement Privilege,[2] and the State

Secrets Privilege.

To the extent that this Interrogatory is limited to seeking only publicly available

information, related to the issue of "remediating cartel related violence," and subject to the

Objections stated above, Plaintiff invokes Fed. R. Civ. P. 33(d), and will provide samples of

documents available through Plaintiff's searchable, publicly available database of

government documents, as described in response to Defendants First Set of Requests for

Production, Request No. 2.

## INTERROGATORY NO. 10:

Identify all Your Communications (including, but not limited to, email, iMessages, text messages, web or application chat messages, social media posts, phone records, letters, and memorandums) with anyone (including Your internal Communications, but not including communications protected by the attorney-client privilege with Counsel of Record) concerning complaints, disagreements, Interrogatories for assistance, acknowledgment of efforts, joint efforts, task forces, bilateral agreements, or coordinated efforts with foreign countries, including the United States, other countries in Central America, and other countries considered Caribbean nations in the 20 years prior to filing this Complaint, regarding firearms violence, illegal firearm trafficking or cartel fueled violence.

## RESPONSE TO INTERROGATORY NO. 10:

Plaintiff objects to Interrogatory No. 10 as overly broad, unduly burdensome and not

proportionate to the needs of the case, to the extent that it requests "all" communications with

"anyone" on a broad range of topics described as "complaints, disagreements, Interrogatories

---

[2] Defendants' Interrogatory is too vague and overly broad to enable Plaintiff to provide relevant documentation to support the Law Enforcement Privilege. To the extent Defendants are able to appropriately narrow their Interrogatory, and Plaintiff is in possession of information responsive to it, Plaintiff will submit appropriate supporting documentation. Plaintiff repeats and incorporates this footnote for every response and objection referencing the Law Enforcement Privilege.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

for assistance, acknowledgment of efforts, joint efforts, task forces, bilateral agreements or coordinated efforts with foreign countries" "regarding firearms violence, illegal firearms trafficking or cartel fueled violence[3]" over a span of "20 years."

Plaintiff further objects to this Interrogatory as it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Plaintiff is aware of no viable theory of mitigation or comparative fault that Defendants could assert based on the Government of Mexico's general efforts to address firearm violence, illegal firearm trafficking, or "cartel fueled violence" or its coordination with or complaints about foreign governments regarding that general topic, because governmental entities have no legal duty in tort based on a government's general obligation to provide for the general welfare

Plaintiff further objects to this Interrogatory to the extent it seeks pre-decisional documents from government agencies that are protected from disclosure by the Deliberative Process Privilege.

Plaintiff further objects to this Interrogatory to the extent that it seeks to limit the scope of the attorney-client privilege to "counsel of record" which does not appear to be a term defined in the requests. If responsive materials were to be collected, Plaintiff anticipates that some communications would be protected by the attorney-client privilege and attorney work product, as well as the Law Enforcement Privilege and the State Secrets Privilege.

Plaintiff further objects to this Interrogatory being counted as only one interrogatory for purposes of determining whether Defendants have exceeded the permitted number of

---

[3] Defendants do not define the term "cartel fueled violence," which is vague and amibiguous.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

interrogatories under Fed. R. Civ. P. 33 and this Court's scheduling order. By seeking information about "complaints" and "disagreements," with foreign governments, and then also information about "coordinated efforts" such as "Interrogatories for assistance, acknowledgment of efforts, joint efforts, task forces, [or] bilateral agreements," this Interrogatory covers two discrete, independent topics, and should be counted as two interrogatories, instead of one.

## INTERROGATORY NO. 11:

Identify Your efforts to mitigate all costs, expenditures, damages, losses, or harms that You seek to attribute to Defendants during the time period for which You seek damages from these Defendants.

## RESPONSE TO INTERROGATORY NO. 11:

Plaintiff objects to this Interrogatory as it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Plaintiff is aware of no viable theory of mitigation or comparative fault that Defendants could assert in this case because governmental entities have no legal duty in tort based on a government's general obligation to provide for the general welfare

## INTERROGATORY NO. 12:

Describe all Your efforts to investigate, prosecute, and reduce the effects of criminal cartels in Mexico during the Responsive Time Period.

## RESPONSE TO INTERROGATORY NO. 12:

Plaintiff objects to this Interrogatory as it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Plaintiff is aware of no viable theory of mitigation or comparative fault that Defendants could assert in this case

**CONFIDENTIAL**

because governmental entities have no legal duty in tort based on a government's general obligation to provide for the general welfare.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a description of "all" efforts to "investigate, prosecute, and reduce the effects of criminal cartels" over a 20-year period.

Plaintiff further objects to this Interrogatory as responsive information would include information protected by the attorney-client privilege, the attorney work product doctrine, and the Law Enforcement Privilege.

**INTERROGATORY NO. 13:**

Describe all Your efforts to investigate and prosecute those who possess illegal firearms in Mexico during the Responsive Time Period.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this Interrogatory as it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Plaintiff is aware of no viable theory of mitigation or comparative fault that Defendants could assert in this case because governmental entities have no legal duty in tort based on a government's general obligation to provide for the general welfare.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a description of "all" efforts to "investigate and prosecute those who possess illegal firearms" over a 20-year period.

CONFIDENTIAL

Plaintiff further objects to this Interrogatory as responsive information would include information protected by the attorney-client privilege, the attorney work product doctrine, and the Law Enforcement Privilege.

Plaintiff further objects to this Interrogatory as exceeding the 25-interrogatory limit imposed by Fed. R. Civ. P. 33 and the Court's scheduling order.

**INTERROGATORY NO. 14:**

Identify every firearm recovered or associated with a crime in Mexico during the Responsive Time Period, whether or not such firearms were originally sold in the United States, and include the chain of custody for each such firearm from the original manufacturer to the illegal possessor(s) in Mexico, including whether each such firearm was ever legally possessed in Mexico and/or whether any illegal possessor was a member of a criminal cartel in Mexico.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff further objects to this Interrogatory as vague and ambiguous because the term "identify" is only defined as to persons, communications, documents and events or circumstances, not as to physical objects.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome and not proportional to the needs of the case because the request seeks detailed information about a significant number of firearms recovered over a 20-year period, regardless of whether those firearms have any connection to the United States or the named Defendants.

Plaintiff further objects to this Interrogatory as seeking information protected by the Law Enforcement Privilege, to the extent that the request asks the Government to identify "whether any illegal possessor was a member of a criminal cartel in Mexico."

**CONFIDENTIAL**

Plaintiff notes that Defendants now contend that the Tiahrt Amendment broadly restricts the production of certain information. Plaintiff disagrees, and expects that issue to be resolved by the Court or agreement among the parties. Subject to and without waiving the foregoing objections and Plaintiff's General Objections, which are incorporated by reference herein, Plaintiff states that when that issue is resolved, Plaintiff will revisit its response.

Plaintiff further objects that the Interrogatory should be counted as two discrete interrogatories, because the inquiry regarding the cartel affiliation of possessors of particular firearms is a discrete, independent inquiry from providing information about the firearm itself.

Plaintiff further objects to the extent that the Interrogatory seeks the production of information already in the possession of Defendants, because the request seeks information that Defendants collect and report to United States authorities under United States law. *See, e.g.,* 18 U.S.C. § 932(g).

Plaintiff further objects to this Interrogatory as exceeding the 25-interrogatory limit imposed by Fed. R. Civ. P. 33 and the Court's scheduling order.

**INTERROGATORY NO. 15:**

Identify every firearm traced, directly or indirectly, by Mexico during the Responsive Time Period and include each firearm model and serial number, the chain of custody for each such firearm from the original manufacturer to the illegal possessor, and when known, the facts surrounding each firearm's presence and use in Mexico, as well as Mexico's investigation or prosecution of anyone in connection with each such recovered firearm.

**CONFIDENTIAL**

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory as vague and ambiguous because the term "identify" is only defined as to persons, communications, documents and events or circumstances, not as to physical objects.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome and not proportional to the needs of the case because the request seeks detailed information about a significant number of firearms recovered over a 20-year period.

Plaintiff further objects to this Interrogatory as seeking information protected by the Law Enforcement Privilege, which protects information gathered by law enforcement and prosecutors in investigating and prosecuting crime. Plaintiff further objects to the extent that responsive information has been shared with Plaintiff by other governmental entities subject to binding agreements, and lies outside the possession, custody, or control of Plaintiff.

Plaintiff further objects that this Interrogatory should be counted as two discrete interrogatories, because the inquiry regarding the "investigation or prosecution" of anyone in connection with recovered firearms is a discrete, independent inquiry from providing information about the firearm itself.

Plaintiff further objects to the extent that the Interrogatory seeks the production of information already in the possession of Defendants, because the request seeks information that Defendants collect and report to United States authorities under United States law. *See, e.g.*, 18 U.S.C. § 932(g).

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

Plaintiff notes that Defendants now contend that the Tiahrt Amendment broadly restricts the production of certain information. Plaintiff disagrees, and expects that issue to be resolved by the Court or agreement among the parties. Subject to and without waiving the foregoing objections and Plaintiff's General Objections, which are incorporated by reference herein, Plaintiff states that when that issue is resolved, Plaintiff will revisit its response.

Plaintiff further objects to this Interrogatory as exceeding the 25-interrogatory limit imposed by Fed. R. Civ. P. 33 and the Court's scheduling order.

**INTERROGATORY NO. 16:**

For each firearm that was recovered or associated with a crime in Mexico during the Responsive Time Period which was at any time legally possessed in Mexico (meaning the firearm was legally possessed by a person or entity in Mexico) prior to the criminal possession or misuse of said firearm, state:

a. The firearm model and serial number;
b. The facts surrounding the firearm's legal presence and use in Mexico;
c. Your investigation or prosecution of anyone in connection with the firearm; and
d. Each cost, expenditure, damage, loss, or harm that You incurred in connection with that firearm, including the identify of any person who suffered any physical injury (including death) because of the firearm.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this Interrogatory because it seeks information not relevant to the claims or defenses of any party and not proportional to the needs of the case, as it seeks detailed information requested for "each firearm" recovered or associated with a crime in Mexico for a 20-year period, "which was at any time legally possessed in Mexico" prior to criminal possession or misuse.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

Plaintiff further objects to this Interrogatory as vague and ambiguous because the term "identify" is only defined as to persons, communications, documents and events or circumstances, not as to physical objects.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome and not proportional to the needs of the case because the request seeks detailed information about a significant number of firearms recovered over a 20-year period.

Plaintiff further objects to this Interrogatory as seeking information protected by the Law Enforcement Privilege.

Plaintiff further objects that this Interrogatory should be counted as three discrete interrogatories, because the inquiry in subsection (c) regarding the "investigation or prosecution" of anyone in connection with recovered firearms is a discrete, independent inquiry from providing information about the firearm itself. And the inquiry in subsection (d) regarding the damages associated with particular firearms is also a discrete, independent inquiry that should be counted as a separate interrogatory.

Plaintiff further objects to the extent that the Interrogatory seeks the production of information already in the possession of Defendants, because the request seeks information that Defendants collect and report to United States authorities under United States law. *See, e.g.,* 18 U.S.C. § 932(g).

Plaintiff notes that Defendants now contend that the Tiahrt Amendment broadly restricts the production of certain information. Plaintiff disagrees, and expects that issue to be resolved by the Court or agreement among the parties. Subject to and without waiving the

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CONFIDENTIAL**

foregoing objections and Plaintiff's General Objections, which are incorporated by reference herein, Plaintiff states that when that issue is resolved, Plaintiff will revisit its response.

Plaintiff further objects to this Interrogatory as exceeding the 25-interrogatory limit imposed by Fed. R. Civ. P. 33 and the Court's scheduling order.

## INTERROGATORY NO. 17:

Identify all United States based federally licensed firearms licensees You have communicated with regarding illegal firearms in Mexico, firearm trafficking across the U.S.-Mexico border, or the harm or damage caused by illegal firearms in Mexico during the Responsive Time Period.

## RESPONSE TO INTERROGATORY NO. 17:

Plaintiff objects to this Interrogatory because it seeks work product information not relevant to the claims or defenses of any party and not proportional to the needs of the case. Plaintiff is aware of no basis for such communications being relevant to any claim or defense in this lawsuit.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome and not proportional to the needs of the case because the request seeks detailed information about interactions with U.S. entities over a 20-year period.

Plaintiff further objects to this Interrogatory as exceeding the 25-interrogatory limit imposed by Fed. R. Civ. P. 33 and the Court's scheduling order.

## INTERROGATORY NO. 18:

Identify all persons, other than counsel, who provided information or otherwise assisted in answering these Interrogatories.

**CONFIDENTIAL**

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this Interrogatory as exceeding the 25-interrogatory limit imposed by Fed. R. Civ. P. 33 and the Court's scheduling order.

Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome to the extent that it asks for "all" persons" who "provided information" or "otherwise assisted." In the context of identifying or producing documents or information held by a large governmental entity, there may be numerous people who assisted in responding to this set of interrogatories, and providing those names is not an exercise that is necessary or proportional to the needs of the case.

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: /s/ *Ryan O'Neal*

Ryan O'Neal
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
Attorneys for Plaintiff

/s/ Steve D. Shadowen
Steve D. Shadowen (*pro hac vice*)
Tina J. Miranda (*pro hac vice*)
Nicholas W. Shadowen (*pro hac vice*)
SHADOWEN PLLC
1717 W. 6th Street, Suite 290
Austin, TX 78703
Phone: 855-344-3298
sshadowen@shadowenpllc.com
tmiranda@shadowenpllc.com
nshadowen@shadowenpllc.com

/s/ Jonathan E. Lowy
Jonathan E. Lowy (*pro hac vice*)
Yaacov (Jake) Meiseles (*pro hac vice*)
Global Action on Gun Violence
805 15th Street NW
#601
Washington, DC 20005
Phone: (202) 415-0691
jlowy@actiononguns.org
Jmeiseles@actiononguns.org

## CONFIDENTIAL
### <u>VERIFICATION</u>

1.  My name is Alejandro Celorio Alcántara. I currently serve as Principal Legal Advisor to the Government of Mexico, Ministry of Foreign Affairs.

2.  I have reviewed the foregoing Responses and Objections to Defendants' Joint First Set of Interrogatories in this matter.

3.  As to the factual information provided in response to Interrogatory Nos. 2, 5, 6, 7, and 8, I state that these responses are true and correct to the best of my knowledge, information, and belief, and based on a reasonable inquiry.

4.  I declare under penalty of perjury that the foregoing is true and correct.

DATE:  08-08-2024

SIGNATURE:

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

---

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' JOINT FIRST SET OF INTERROGATORIES

# CONFIDENTIAL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon counsel for all Defendants via electronic mail on this 9th day of August, 2024 addressed as follows:

Colt B Dodrill
Wilson Elser Moskowitz Edelman & Dicker
2231 E Camelback Rd., Ste. 200
Phoenix, AZ 85016
480-562-3660
colt.dodrill@wilsonelser.com

Peter V Malfa
Renzulli Law Firm LLP
1 N Broadway, Ste. 1005
White Plains, NY 10601
914-285-0700
914-285-1213 (fax)
pmalfa@renzullilaw.com

Ryan Erdreich
Pisciotti Lallis Endreich
30 Columbia Turnpike, Ste. 205
Florham Park, NJ 07932
973-245-8100
rerdreich@pisciotti.com

Jeffrey Malsch
Renzulli Law Firm LLP
1 N Broadway, Ste. 1005
White Plains, NY 10601
914-285-0700
914-285-1213 (fax)
jmalsch@renzullilaw.com

Danny Charles Lallis
Pisciotti Lallis Endreich
30 Columbia Turnpike, Ste. 205
Florham Park, NJ 07932
973-245-8100
973-245-8101 (fax)
dlallis@pisciotti.com

Christopher Renzulli
Renzulli Law Firm LLP
1 N Broadway, Ste. 1005
White Plains, NY 10601
914-285-0700
914-285-1213 (fax)
crenzulli@renzullilaw.com

Anthony Pisciotti
Pisciotti Lallis Endreich
30 Columbia Turnpike, Ste. 205
Florham Park, NJ 07932
973-245-8100
apisciotti@pisciotti.com

Brian Edward Cieniawski
Wilson Elser Moskowitz Edelman & Dicker
2231 E Camelback Rd., Ste. 200
Phoenix, AZ 85016
480-562-3660
brian.cieniawski@wilsonelser.com

Dated: August 9, 2024          /s/ Ryan O'Neal

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300