# EXHIBIT 8



February 7, 2025

<u>VIA EMAIL</u>

Christopher Renzulli
Jeffrey Malsch
RENZULLI LAW FIRM LLP
One North Broadway, Suite 1005
White Plains, NY 10601
jmalsch@renzullilaw.com
crenzulli@renzullilaw.com

Ryan L. Erdreich
PISCIOTTI LALLIS ERDREICH
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
rerdreich@pisciotti.com

**Nicholas W. Shadowen**
O. (855) 344-3298
C. (717) 303-8788
nshadowen@hilliardshadowenlaw.com

Hilliard Shadowen LLP
1717 W. 6th Street, Suite 290
Austin, Texas 78703
www.hilliardshadowenlaw.com

**Re:** *Estados Unidos Mexicanos v. Diamondback Shooting Sports et al.*, 4:22-cv-00472

Counsel,

I write on behalf of Estados Unidos Mexicanos ("the Government") in response to Mr. Renzulli's September 23, 2024 letter ("Renzulli Ltr." or "Ltr.") concerning the Government's responses and objections ("Responses") to Defendants' First and Second Set of Requests for Production ("First Requests" and "Second Requests").

## PLAINTIFF'S PRODUCTION

Initially, the Government disputes Defendants' assertion that "Plaintiff fail[ed] to timely produce responsive material" or "even bother to collect it." *See Renzulli Ltr.*, at 4. As indicated in the Government's August 6, 2024 letter ("Shadowen Letter"), Defendants' requests for production, as worded, are overbroad in the extreme and wholly failed to describe the documents sought with the particularity required by Rule 34 of Federal Rules of Civil Procedure. Where possible, however, the Government attempted to reasonably interpret Defendants' requests, and indicated in its individual responses to Defendants' Requests that it would produce responsive, non-privileged documents. Those materials were collected and produced.

As indicated in the August 6, 2024 cover letter accompanying the Government's production, documents were produced in response to:

- Defendants' First Set of Requests for Production, Nos.: 1, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 36, 37, 58, 62, 64, 65, 66, 67, 68, 80, 81, 83, 85.

- Defendants' Second Set of Requests for Production, Nos.: 13, 15.

So, Defendants' assertion that the Government "did not bother to make clear" whether it actually produced documents as indicated in its responses is specious. *See* Renzulli Ltr. at 8.  But to clear up any confusion, Appendix A, attached to this letter enumerates exact Bates-numbered documents which the Government produced in response to specific requests; specifically sets responsive to certain RFP Nos. that are non-sequential, very large, or otherwise not listed within the text of this letter.

Defendants have yet to raise any issues with respect to the adequacy of this production. Unless and until they do, there is nothing further for the Government to respond to with respect to these requests. To the extent the Government subsequently comes into possession, custody, or control of additional responsive documents, it will, of course, supplement its production in accordance with FRCP 26(e)(1). Moreover, the Government will continue its collection efforts as the parties resolve disputes and the Government receives the necessary clarification concerning the Defendants' Requests.

## PRIVILEGE LOG

The only documents withheld on the basis of privilege from the Government's August 6, 2024 production were documents for which disclosure is precluded pursuant to the Tiahrt Amendment. Continuing Appropriations Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-10 (2012). The Government will produce a privilege log reflecting such documents. To the extent the Government withholds documents for privilege in future productions, it will supplement the privilege logs in compliance with Section F of the parties' stipulated ESI protocol.  *See* ECF No. 75, at 17-20.

## GENERAL OBJECTIONS

Defendants take issue with various objections asserted by the Government under the category of "General Objections" and demand their withdrawal. Renzulli Ltr. at pp. 2-5. The Government declines to unilaterally withdraw these objections, but will do so (with the caveats enumerated below) if Defendants enter into an appropriate stipulation providing for mutual withdrawal of all General Objections made by all parties. Absent such a stipulation, the Government commits to notifying Defendants when and if a General Objection is asserted as a basis for withholding any documents and expects that Defendants will do the same for their General Objections.

**Reasonable Timeframe**

The Government maintains its objection concerning the relevant time frame set out in their First and Second Requests seeking responses from the Government going back twenty years—to January 2004. The fact that the Complaint alleges "gun trafficking" has generally increased since the expiration of the U.S. assault-weapons ban in 2004, *see* Compl. ¶242, does not justify a relevant time period spanning two decades for Defendants' document requests. *See* Renzulli Ltr. at 3 (asserting that "each of the Requests contains a clear timeframe specifically aligned with Plaintiff's claim of January 1, 2004 to the present as alleged in the Complaint").

Defendants ask the Government to let them know if it has an alternative proposal for a reasonable time period. The Government did this weeks prior to Defendants' September 23, 2024 Letter, but received no response. *See* Julia McGrath Ltr., Aug. 7, 2024, at 2. The Government looks forward to discussing this proposal with Defendants and reaching an agreement so discovery can proceed for both parties.

**Discovery Privileges**

The Government disagrees with Defendants' bold, unsupported assertion that privileges under Mexican law do not apply here because "any asserted privilege must be asserted under Arizona state law." *See* Renzulli Ltr. at 4. The Ninth Circuit has held that "[t]he federal common law doctrine of international comity is applicable . . . notwithstanding the general rule that federal courts apply [a state's] substantive law when sitting in diversity." *See Mujica v. AirScan Inc.*, 771 F.3d 580, 597 (9th Cir. 2014); *see also In re Rubber Chemicals Antitrust Litigation*, 486 F. Supp. 2d 1078, 1084 (N.D. Cal. 2007) (holding that documents created, transmitted and gathered for enforcement proceeding were protected from disclosure in U.S. litigation under European confidentiality laws). Thus, irrespective of whether the parties are able to agree and stipulate to the mutual withdrawal of their respective General Objections, the Government stands by its objections as stated in response to Defendants' individual Requests based on the various discovery privileges.

**Definition and Instructions Concerning Plaintiff**

The Government does not "now concede[ ] that it has no basis to seek damages for alleged harm or damages incurred by any state, local, or other non-federal aspect of the Mexican government," simply because it "take[s] the position that Mexican state and local governments are not the Plaintiff." *See* Renzulli Ltr. at 5. Aside from the fact that this is not a matter properly litigated in a discovery dispute, the Court has already held that the Government adequately alleged damage through the harm of all Mexican citizens, regardless of location, who have suffered from firearm violence. *See, e.g.*

_____

*Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, 2024 WL 1256038, at *6 (D. Ariz. Mar. 25, 2024) ("the Complaint adequately pleads the requirements of parens patriae standing by alleging that firearm violence affects a substantial segment of the population of Mexico, by asserting an interest of Plaintiff's separate from those of private parties, and by identifying a quasi-sovereign interest in the safety and well-being of Plaintiff's citizens..."). Defendants cannot detach from the Government's damages the localized harms to the Government's people and its state and local functions that are felt before the harm makes its way to the Government.

### REPEATED OBJECTIONS TO INDIVIDUAL REQUESTS

The Government's response to Defendants' Requests are not "littered with baseless objections." *See* Renzulli Ltr., at 2. As set out below, the Government's objections are supported in both fact and law and will not be withdrawn.

#### Numerous Requests are Overbroad and Lack Particularity

***Reasonable Particularity Objection.*** The Government objected to numerous Requests on the basis that Defendants' requests were not "described with reasonable particularity" as prescribed by Fed. R. Civ. P. 34 (b)(1)(A)[1] because these requests fail to provide the Government with "reasonable notice of what is called for and what is not." *See Fisher v. IASIS Healthcare LLC*, No. CV-15-00872-PHX-JJT, 2018 WL 2303030, at *1 (D. Ariz. May 21, 2018). As explained in more detail below, several of Defendants Requests seek "all documents" related to overbroad topics such as "firearms," "cartels," and "weapons trafficking." Numerous other Requests improperly ask for "all documents" related to particular allegations in the Complaint. "Courts tend to find document requests seeking all documents related to a claim or defense as lacking particularity." *Lopez v. Chertoff*, No. CV 07-1566-LEW, 2009 WL 1575214, at *2 (E.D. Cal. June 2, 2009); *see also id.*, at *2 (requests for all documents "relating" or "referring" to a party, "the litigation or the allegations, facts and circumstances concerning the litigation" is overly broad) (citing *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 (10th Cir. 2008)). The Government will not withdraw its objections to Requests Defendants failed to articulate with reasonable particularity.[2]

---

[1] *See* Responses to Request Nos. 1, 2, 3, 4, 31, 34, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 53, 77, 88, and 92.

[2] Nor has the Government waived these objections. *See* Renzulli Ltr., at 5-6. The case law Defendants cited in its Letter is wholly inapposite because it addresses a party's failure to provide

But more practically, withdrawing these objections would not facilitate discovery. The Government raised its concerns regarding the specificity of Defendants' requests more than eight months ago in the August 6, 2024 letter that accompanied its initial document production because it is entirely unfeasible for the Government to respond to many of Defendants' Requests as currently worded. The most efficient way for Defendants to obtain the documents they seek is to provide the "reasonably particularity" required by Rule 34.

*Overly Broad Objection.* The Government can, and does, plausibly object to Defendants' Requests as overbroad and unduly burdensome where they are in fact so. A detailed complaint does not provide Defendants license to propound abusive discovery requests. And Defendants' requests are abusive. For example, RFP No. 1 asks the Government to produce—in a single request—all documents concerning allegations in the complaint, the defendants, firearms (including illegal firearms and trafficking of firearms), and the Government's alleged injuries. RFP No. 2 asks for all communications regarding each of these topics, and RFP No. 3 asks for all documents received by the Government concerning each of these topics. Requests Nos. 6-13 essentially ask for all documents in the Government's possession, custody, and control regarding every single firearm (including those legally sold and purchased) in Mexico, including every investigative record (and including witness statements and evidence), and court documents related to the prosecution of illegal firearms. These requests are quintessentially the types of requests courts disfavor. *See Aldapa v. Fowler Packing Co. Inc*., 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Courts routinely disfavor overly broad discovery requests that ask opposing parties to produce everything under the sun that relates to the ongoing litigation."); *see also Lopez v. Chertoff*, *supra.*

*Referenced Objection.* The Government will not withdraw its objections to Defendants' RFPs requesting documents "as referenced in" various third-party publications. The Government has no duty to read, review, or analyze third-party news reports or other articles and attempt to ascertain what specific information Defendants are seeking when they request the Government produce documents "as referenced in" those publications. Yet, this is precisely what Defendants appear to be asking for here in nearly thirty separate RFPs.[3] Beyond lacking sufficient clarity, these requests abuse the discovery process by improperly seeking authentication for publications that were not

---

"specificity as to how any specific discovery request is not reasonably particular" *in briefing to the court* on a motion to compel.

[3] *See e.g.* First Requests, RFP Nos. 38-47 (requesting information "as referenced in" an Associated Press article entitled "Mexico's President Says He Won't Fight Drug Cartels on US Orders"); Second Requests, RFP Nos. 3-21 (requesting information "as referenced in" a May 22, 2024 USA Today article authored by investigative reporter Nick Penzenstadler).

authored, prepared, or contributed to by the Government. To the extent Defendants seek such information, third party subpoenas are the proper route.

The Government is nevertheless willing to meet and confer with Defendants to discuss how these Requests can be appropriately articulated and narrowed in a way that makes it feasible for the Government to respond. *See Lopez*, 2009 WL 1575214, at *3 (a party making overbroad discovery requests "has some responsibility to narrow his request.").

**Defendants' Duplicative and Compound Requests Abuse the Discovery Process.**

***Multiple Requests Objection.*** Defendants maintain that "this objection is yet another baseless exercise in futility" and claim that to the extent the Government has a document responsive to more than one request it should "produce that document in response to any request, with a simple reference to that production in response to the other claimed duplicative requests." Defendants miss the point. Excessive duplication—as is the case with Defendants' RFPs—is an abuse of the discovery process. *See Gopher Media, LLC v. Spain*, No. 319CV02280CABKSC, 2020 WL 6741675, at *4 (S.D. Cal. Nov. 17, 2020); *Fed. Trade Comm'n v. Forensic Case Mgmt. Servs., Inc.*, No. CV1107484RGKSSX, 2012 WL 13134719, at *4 (C.D. Cal. Sept. 4, 2012).

Defendants cannot propound abusive discovery requests and then foist the burden of sorting through their excessive duplication on the Government by asking it to "simpl[y] reference that production in response to other claimed duplicative requests." (Renzulli Ltr. at 6). There is nothing "simple" about cross-referencing more than 100 requests, many of which are duplicative of numerous other Requests and portions of several multi-faceted Requests. Indeed, in order to adequately respond to these and other duplicative requests, the Government undertook the laborious effort of attempting to catalogue and decipher dozens of similar requests. As highlighted in the Government's August 6, 2024 letter, Defendants' Requests that track the allegations in the Complaint "seek the same categories of information related to Defendants' conduct, without differentiating (or even attempting to differentiate) what information is sought in one request but not in another." Shadowen Ltr., at 4. This duplication makes it impossible for the Government to understand what information each request is specifically seeking (as opposed to what another similar request is seeking).

Because the Government has already done the work in its Responses of cross-referencing the Requests it believes are duplicative of other requests, unless and until Defendants inform the Government otherwise, it will assume these are indeed duplicative requests. To the extent Defendants disagree with the Government's categorization of any Request as duplicative, the Government is willing to meet and confer to discuss how Defendants differentiate that Request.

*Multiple Categories Objection.* While the Court has not set a specific limit on the number of RFPs the parties are permitted, the Federal Rules of Civil Procedure nevertheless "limit excessive or unduly burdensome requests." *Emhart Indus., Inc. v. Univar USA, Inc.*, No. C09-120JLR, 2009 WL 10675670, at *2 (W.D. Wash. Feb. 12, 2009). Defendants served the Government with 128 numbered Requests, many of which (as indicated by the Government's "multiple categories objection") have numerous subparts and/or request multiple categories of information. *See e.g.* First Requests RFP Nos. 6-12. The Government has not withheld any documents based on this objection, but it is putting Defendants on notice that it believes that the number and repetitive nature of its Requests are abusive.

**Defendants Request Documents the Government Is Not Obligated to Disclose.**

*Ordinary Course of Business Exception.* Defendants assert that "Plaintiff's objection that it will not produce documents that 'are not kept in the ordinary course of business' is baseless and vague." Renzulli Ltr. at 6. They further maintain that "[i]f Plaintiff has a document, it must produce it, regardless of whether Plaintiff's possession, custody or control of it is within the 'ordinary course of business.'" Renzulli Ltr. at 6. Nothing in Rule 34 of the Federal Rules of Civil Procedure requires the Government to undertake extraordinary efforts to search for and produce documents that are not maintained as part of regular governmental operations. As such, the Government will not withdraw this objection. But it will make itself available to meet and confer to discuss further.

*Third-Party Objection.* The Government maintains its position that compliance with third-party agreements form a valid basis to object to disclosure. Nevertheless, the Government will make itself available to explore whether the parties can reach a reciprocal, consistent understanding with respect to disclosure of third-party documents.

*Publicly Available Objection.* As an initial matter, it is well-established that parties are not required to produce publicly available information if that information is equally or more accessible to the requesting party, particularly when such production would impose an undue burden on the producing party. *See, e.g., Democratic Nat'l Comm. v. Reagan*, No. CV-16-01065-PHX-DLR, 2017 WL 11503450, at *3 (D. Ariz. Sept. 7, 2017) ("There is no need for the Court to compel Plaintiffs to produce publicly available . . . information."); *Fed. Trade Comm'n v. Grand Canyon Educ. Inc.*, No. CV-23-02711-PHX-DWL, 2024 WL 4870505, at *3 (D. Ariz. Nov. 22, 2024) ("[T]o the extent the IRS documents sought by the FTC are publicly available, the Court agrees with Mueller that he need not directly produce those documents."). Additionally, the principle is supported by Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, which limits discovery where the burden of production outweighs the likely benefit, especially when the information sought can be obtained from a more convenient, less burdensome, or less

expensive source. *See also* Wright & Miller, Federal Practice & Procedure § 2011 (emphasizing that courts often decline to require production of publicly available information in order to avoid unnecessary burdens on the producing party). Furthermore, the extent to which the RFPs continuously request documents that are publicly available speaks to whether a party is abusing the discovery process. The Government is nevertheless willing to meet and confer in an attempt to address Defendants' concerns with respect to this objection.

**The Government Raises Valid Privacy Concerns**

Defendants claim the Government's "Privacy Objections" are "facially and legally baseless." Renzulli Ltr., at 7. The Government recognizes that there is a protective order in this litigation to maintain the confidentiality of sensitive, personal information. But, this Order exists to allow the production of relevant information that is proportional to the needs of the case, and does not remove the Government's responsibility to protect sensitive information including by objecting when appropriate.

**The Tiahrt Amendment Precludes the Government's Ability to Produce Certain Documents.**

As Defendants are aware, the Tiahrt Amendment restricts the production of certain information related to firearms recovered in Mexico, including "contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco, Firearms and Explosives," which the Government has received from U.S. law enforcement. Consol. and Further Continuing Approp. Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609 (2011). Subject to the resolution of other objections, the Government will of course provide Defendants with a privilege log listing any documents it withholds based on the Tiahrt Amendment.

**The Government Stands By Its Objection to Documents Defendants Request to Support its Irrelevant Comparative Fault Theory.**

To begin, the Government is deeply committed to protecting its citizens from "illegal contraband, illegal cartels, and firearm violence within its borders." This discovery dispute is not the forum to state all of the myriad ways that the Government works to do so —Mexican military and law enforcement have died working to protect its citizens in these respects. Indeed, it is the Government's sensible laws and policies that make it difficult for the cartels to obtain firearms in Mexico that drives them to dealers in the United States who readily supply them.

However, the issue in this discovery dispute does not concern the Government's "duty" in any respect other than its legal duty as potentially relevant in this civil action,

and more specifically, as it pertains to the Government's discovery obligations pursuant to Defendants' requests.  The Government stands by its stated relevance objections. As Defendants are no doubt aware, it is well-established Supreme Court precedent that governments do not have a duty in negligence to protect citizens from third-party criminal misconduct absent limitations not present here. In *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195 (1989), the Court, per Chief Justice Rehnquist, made clear that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." Similarly, this principle has been upheld under Arizona Supreme Court precedent. In *Griffith v. Valley of the Sun Recovery & Adjusting*, 157 Ariz. 395, 399 (1988), the court reiterated that the government is generally not liable for harm caused by third-party criminal acts.

Therefore, for Defendants to assert a legally viable comparative fault or contributory negligence defense, they must first establish that the Government can, in theory, be held contributorily negligent. However, comparative fault presupposes negligence on the part of the Government, which requires a duty owed by the Government. The Government is unclear under Defendants' theory as to whom this duty is owed in the context of abating Defendants' or their customers' criminal conduct. Thus, Defendants' comparative fault defense fails at the very first element of negligence—duty. Without a legally cognizable duty, there can be no negligence, and consequently, no viable comparative fault defense. Discovery on legally defunct affirmative defenses is therefore improper.

Defendants cannot wriggle out from liability by attempting to blame the Government of Mexico for the harm that Defendants themselves cause. Courts have consistently held that there is no general duty for governments to mitigate criminal harm caused by third parties. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195 (1989).

Moreover, Defendants' comparative fault theory would require a U.S. court to make a finding that the sovereign nation of Mexico was negligent, under Arizona law, in protecting citizens in Mexico. Or, conversely, it would require a U.S. court to make a finding that Mexico failed, under Mexican law, to protect its citizens. Either situation flatly violates the Act of State Doctrine, under which "the courts of one country will not sit in judgment on the acts of the government of another done within its own territory." *Underhill v. Hernandez*, 168 U.S. 250, 252 (1897).

Moreover, Defendants would not be allowed under Arizona law to claim comparative fault based on a general duty owed by a government entity to the public. *See DeHoney v. Hernandez*, 122 Ariz. 367, 595 P.2d 159 (1979) (holding the state had no

duty in negligence where a jewelry store owner sued for failure of the police to promptly answer a silent alarm which the police themselves were instrumental in having installed in the plaintiffs' store). Or, as some out of circuit courts have phrased it:

"[t]he public duty doctrine does not merely make governmental entities immune from liability…rather, it makes them immune from fault because it eliminates a duty on the governmental entities in the first instance." *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, 251 F. Supp. 3d 294, 298 (D. Mass. 2017). That principle is only heightened here in the context of a foreign government.

## RESPONSES TO SPECIFIC RFPS IN DEFENDANTS' FIRST SET OF REQUESTS

### RFP No. 1

Because Defendants' RFP No. 1 is not an appropriate discovery request, the Government stands by its previously stated objections. "Courts tend to find document requests seeking all documents related to a claim or defense as lacking particularity." *Lopez v. Chertoff*, No. CV 07-1566-LEW, 2009 WL 1575214, at *2 (E.D. Cal. June 2, 2009). Here, Defendants do not just ask for all documents related to a particular claim or allegation, but concerning all the allegations in the Complaint in addition to all documents related to "Defendants, cartels, and firearms (including illegal firearms or trafficking of firearms), [and the Government's] alleged injuries. A request for all documents "relating" or "referring" to a party, "the litigation or the allegations, facts and circumstances concerning the litigation" is overly broad. *Id.*, at *2 (citing *Regan-Touhy v. Walgreen Co*., 526 F.3d 641, 650 (10th Cir. 2008)).

RFP No. 1 is overbroad in the extreme. Moreover, it could easily be read to be duplicative of every other more specific Request made by Defendants in their first and second sets of Requests. For example, from Defendants' first set of Requests, Nos. 5-13 and 78-79, among others, requests documents concerning firearms (including illegal firearms or trafficking of firearms); Nos. 14-33, 58-59, 62-76, and 81-86, among others, request documents concerning specific allegations in the complaint (referenced by paragraph number); Nos. 35, 38-47, and 50-51, among others, request documents concerning cartels; and Nos. 52-55 and 60-61, among others request documents concerning the Government's injuries. It is impossible for the Government to discern what information Defendants are seeking in RFP 1 that is separate from documents sought by these and other Requests. The Government's objections are not baseless and will not be withdrawn.

Even so, the Government reasonably interpreted this request to seek documents the Government relied upon or referenced in drafting the Complaint. Responsive documents have been produced to Defendant at [MEX_0003112 – MEX_0003435].

Defendants have raised no concerns regarding the sufficiency of the production in response to this Request.

## RFP No. 2

The Government also stands by its objections to Defendants' RFP No. 2 because it, too, is not an appropriate discovery request. A request seeking all communications "concerning Defendants, cartels, firearms (including illegal firearms or trafficking of firearms, [the Government's] alleged injuries, or other allegations in the Complaint" lacks particularity and is overbroad for the same reasons articulated above with respect to RFP No. 1. The Government is at a loss to understand what information Defendants seek with this request that is different from the more than 100 other requests asking for documents related to Defendants, firearms, cartels, the Government's injuries and allegations in the Complaint, given that these requests asking for "all documents" would necessarily include communications.

The Government nevertheless attempted to reasonably interpret this request and directed Defendants to where it could access the Government's communications with the public "concerning illegal trafficking of firearms into Mexico, use by the cartels of those weapons to perpetrate criminal activity, and the resulting harm to Mexico and its citizens." Plaintiff's Response at 15. The Government produced examples of available documents at Bates MEX_0002527 and MEX_0002689.

Defendants maintain that while these materials may be responsive, "Defendants are clearly seeking more than Plaintiff's communications with the public," including communications with "other Mexican political leaders (i.e. state and local government leaders), cartel members, U.S. government members, hackers, and new agencies, as well as all of Plaintiff's internal federal Mexican government communications, as related to the illegal importation, possession, and use of firearms in Mexico." But, contrary to what Defendants appear to suggest, all communications related to firearms, firearms trafficking, and cartels are not relevant in this litigation or proportionate to the needs of the case. *See Pinson v. United States Dep't of Just.*, No. CV-19-00235-TUC-RM, 2021 WL 4942710, at *3-4 (D. Ariz. Oct. 22, 2021) (Marquez, J.) (agreeing that RFP requesting documentation with no bearing on facts of the case and "requir[ing] a search of at least a dozen people's records" is "not relevant to any party's claim or defense and not proportional to the needs of the case."); *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) ("Relevancy alone is no longer sufficient—discovery must also be proportional to the needs of the case.").

Notwithstanding the Government's objections to this RFP, it is willing to meet and confer with Defendants to clarify and narrow the scope of this Request and properly

limit it to categories of documents that are relevant and proportional to the needs of this case.

**RFP No. 3**

To the extent that Defendants are now limiting the scope of this Request as indicated in their letter—to "seek[ ] any documents that Plaintiff has received from anyone else identifying or mentioning any of the Defendants, as well as the lawsuit itself," *see* Renzulli Ltr. at 12—the Government is amenable to conducting a reasonable search in response to this narrowed Request. The Government requests, however, that the parties meet and confer to discuss potential custodians and search terms for this search because it cannot feasibly conduct searches across all government departments, agencies, and employees from documents "received from anyone." Subject to agreement on the custodians and relevant search terms, the Government will produce all non-privileged documents within its care, custody, and control responsive to this limited request.

**RFP No. 4**

The USA TODAY is not a Mexican governmental entity, and the Government has no possession, custody, or control over documents in USA TODAY's possession. Contrary to what Defendants claim, the alleged 10 million documents they seek in RFP No. 4 were not *received from* the Government, *see* Renzulli Ltr. at 12, but were allegedly stolen. The Government's investigation of these "hacked" documents, claimed to be in possession of the USA Today, is still ongoing. Unless and until Defendants are able to authenticate the currently unsubstantiated reports of hacked, unverified, and stolen data,[4] the Government declines to take up an inappropriate and speculative discovery search. Should the Government, at some point following its investigation, become aware of

_____

[4] Rule 11 "requires that all federal court submissions include only non-frivolous legal arguments and factual assertions based on evidentiary support." *See Firetrace USA, LLC v. Jesclard*, 2009 WL 73671, at *2. Using stolen documents, in alleged possession of a criminal cyber-hacking collective, as a (baseless) basis to harass the Government of Mexico via discovery requests for over "10 million" documents, without taking steps to contact the alleged possessors of the said documents to verify the authenticity of the information, is a Rule 11 violation. If Defendants cannot verify the above, and provide supporting documentation to that effect, the Government may seek costs associated in responding to all discovery requests (and all of Defendants letters and correspondence parroting these requests) that Defendants based on unverified, unauthenticated, and unlawfully obtained information.

_____

responsive documents, relevant and proportionate to the needs of the case, it will produce those documents, subject to applicable privileges.

Beyond that, Defendants erroneously contend that "[t]he fact that 10 million such records exist does not mean that they are not relevant or discoverable merely because of their quantity." First, not every document in the Government's possession, custody, and control that references firearms, illegal trafficking, or drug cartels is relevant to this litigation. Second, relevance alone is not enough—especially where marginal—if the request is disproportionate to the needs of the case. *See In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. at 564.

**RFP No. 5**

Initially, this Request seeks information protected from disclosure by the deliberative process privilege. This privilege applies to significant policy decisions, such as the policy rationale behind national efforts to combat firearm trafficking and violence. *See Chao v. Mazzola*, 2006 WL 2319721 *3 (N.D. Cal. Aug. 10, 2006); *see also Nat'l Wildlife Fed'n v. United States Forest Serv.*, 861 F.2d 1114, 1116 (9th Cir. 1988) (stating that the deliberative process privilege "protects materials created by administrative agencies during the decision-making process.").

Furthermore, this Request seeks information regarding hundreds of thousands of firearms, the vast majority of which are not relevant to any claim or defense being litigated here. The Government is willing, however, to engage in further discussions in an effort to clarify any potential misunderstandings or to explore alternatives that may reasonably limit the scope of this request.

**RFPs Nos. 6–12 and 52–53**

As summarized by Defendants, "RFPs 6–12 and 52–53 seek information concerning each firearm recovered in Mexico that Defendants did not sell, each firearm recovered in Mexico that Defendants did sell, each firearm that Defendants sold that Plaintiff alleges was used in a crime in Mexico, Plaintiff's prosecution or investigation of any criminal acts involving any firearm sold by Defendants, the illegal possession by anyone in Mexico of any firearm sold by Defendants, each firearm that Defendants allegedly sold in violation of the law, each firearm that Defendants allegedly sold despite red flags, information about each person harmed by any firearm that Plaintiff contends that Defendants sold, and information about each person harmed by any firearm where Defendants were not the source." Defendants are seeking "all documents" related to enumerated items for essentially "every" firearm used in a criminal offense in Mexico. The overbreadth of these requests is obvious.  Defendants expressly ask for "all investigative record, all court record, all evidence seized or identified, and all statements,

transcripts of notes of conversations, recorded by any means" in addition to documents related to "each fee, charge cost, expenditure, damage, loss, or harm" in connection with *every* firearm involving in *any* criminal act in Mexico.

Under Federal Rule of Civil Procedure 34(b)(1), a party requesting production of documents must describe them "with reasonable particularity." This requirement ensures that discovery requests are sufficiently clear and specific so that the responding party can determine what is being sought without undue burden or guesswork. Courts have consistently held that overly broad, vague, or ambiguous requests fail to meet this standard. Defendants' requests lack the requisite specificity, making it impossible to determine the precise documents sought. Without clear parameters, the request is also impermissibly broad and imposes an undue burden on the Government to speculate as to what documents might be responsive. Moreover, Federal Rule of Civil Procedure 26(b)(1) limits discovery to matters that are proportional to the needs of the case, considering factors such as relevance, the importance of the issues at stake, the parties' relative access to information, and the burden versus benefit of production. Defendants have not demonstrated how the broad range of requested documents are relevant to the claims or defenses in this case. *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("[T]he party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26 . . . ."); Fed. R. Civ. P. 26(b)(1). Defendants have not, and cannot, meet that burden. Even if some relevance were assumed, the burden and expense of producing the requested documents outweigh any potential benefit.

To the extent Defendants are willing to appropriately narrow the scope of these requests, the Government is available to meet and confer on this topic.

**RFP 13**

Defendants take the position that the serial numbers on the weapons they sold "is irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case."[5] As the

---

[5] *See, e.g.* Defendant Sprague's Sports, Inc.'s Objections and Responses to Plaintiff's First Set of Requests for Production of Documents at 5-6; Defendant Diamondback Shooting Sports, Inc.'s Objections and Responses to Plaintiff's First Set of Requests for Production of Documents at 6. ("Diamondback objects to this Request on the basis that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks disclosure of sales and accounting materials that far exceed the relevant issues in this case as framed by the Complaint.").

Government has elsewhere explained, this position is incorrect. But while maintaining this incorrect position, Defendants demand that the Government produce police evidence in its possession for physical inspection (in Arizona or in Mexico, Defendants do not state), including the very same weapons that Defendants sold, and the very same weapons for which Defendants refuse to even provide the identifying serial numbers. Defendants must articulate how they can maintain the divergent and conflicting position they take here.

Nevertheless, Defendants' request to physically inspect the firearms they sold that were later recovered in Mexico is not proportional to the needs of the case where electronically stored information duplicates the utility of the physical evidence. The Rules of Civil Procedure only allow a party to obtain discovery that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Government cannot reasonably produce for physical inspection firearms that are subject to ongoing investigations or stored in secured law enforcement facilities without Defendants first providing specific identifying information—such as serial numbers—necessary to locate those firearms. Even so, the burden far outweighs the relevance of the requested inspections.

The Government is willing, however, to meet and confer to discuss potential resolutions to the Dispute over this request.

### RFPs 14–24, 26–30, 32–33, 36–37, 58–59, 62–76, and 80–86

The Government will not withdraw its objections to these Requests.  These are essentially "contention" Requests seeking "all documents" concerning various allegations in the Complaint.  In addition to being excessively duplicative they also lack particularity and are not proportionate to the needs of the case.  *See Kearns v. Loandepot.com, LLC*, No. 822CV01217JWHJDEX, 2023 WL 9375111, at *10–11 (C.D. Cal. Dec. 4, 2023) (finding that "contention RFP" seeking "all document" supporting particular allegation was, at the early stage of discovery" "not proportional to the needs of the case" and would need to be "more narrowly crafted").

Even so, the Government produced documents responsive to Requests 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 36, 37, 58, 62, 64, 65, 66, 67, 68, 80, 81, 83, and 85. *See* Bates MEX_0000001 – MEX_0024287. Defendants challenge the Government's stated objections, but not the sufficiency of the production made by the Government notwithstanding its objections. Should Defendants identify specific deficiencies in its production concerning these RFPs, the Government will make itself

available to meet and confer to discuss whether and to what extent additional efforts are needed to meet its discovery obligation.

## RFP 25 & 31

The Government produced documents responsive to RFP No. 25. *See* Bates MEX_0005858–MEX_0008677, MEX_0008808–MEX_0008821, MEX_0008865, MEX_0018868 – MEX_0018872, and MEX_0018887 – MEX_0018939. The Government also produced documents responsive to RFP No. 31. *See* Bates MEX_0003112 – MEX_0024314.

Defendants challenge the Government's stated objections, but not the sufficiency of the production made by the Government notwithstanding those objections. The Government is, therefore, at a loss to ascertain what Defendants are now seeking that was not already provided to them. Should Defendants identify specific deficiencies in its production concerning these RFPs the Government will make itself available to meet and confer to discuss whether and to what extent additional efforts are needed to meet its discovery obligation.

## RFPs 33–34, 38–46, 48–51, and 56–57

These requests essentially accuse the Government of causing the harm to itself and its citizens, and seek documents to that effect. The Government stands by its objections that such requests seek information irrelevant to the claims and defenses in this litigation and are otherwise not proportional to the needs of the case. In this action, the Court has ruled that Defendants have a duty of care to the Government. *See e.g., Estados Unidos Mexicanos*, 2024 WL 1256038, at *15 (finding Plaintiff plausibly alleged duty of care because "Plaintiff alleges that Defendants' conduct violated federal statutes that 'are designed to prevent crime by keeping guns out of the hands of certain persons who have a heightened risk of misusing guns or are otherwise not entitled to possess them.'") (citing Compl. at ¶ 134). Defendants have established no such duty on the Government's behalf to Defendants, or to the criminals they arm. Defendants therefore have no legally viable comparative fault defense, and any such requests for documents furthering that request are irrelevant and outside the scope of discovery.

## RFPs Nos. 47, 77–79

The information sought by Defendants in this request are among the materials the Government makes publicly available on its website at www.gob.mx/busqueda, which allows any member of the public to search the database of government documents, by topic, keyword, and time frame. See Response at 16 (providing examples).  Although this information is (and has been) equally accessible to the Defendants, the Government is

amenable to conducting a reasonable search of the database for documents concerning Mexico's homicide rate.

### RFPs Nos. 54 and 55

To the extent that Defendants' letter is narrowing the scope of this Request to seek the identity of victims and witnesses of criminal activity in Mexico resulting from the Defendants' illegal sales of firearms later trafficked into Mexico, this is helpful. *See* Renzulli Ltr. at 17. The Government is open to discussing a compromise whereby the parties each reciprocate in responding to similar requests, and Defendants produce information concerning Defendants' employees. *See* Defendant Diamondback Shooting Sports, Inc.'s Objections and Responses to Plaintiff's First Set of Requests for Production of Documents, at 4. (refusing to produce "organization charts" and "employee lists" on the basis that the request for these documents was overbroad and lacked particularity).

Once the parties reach an agreement clarifying the scope of this Request, the Government is amenable to working with the state and local agencies in an attempt to produce non-privileged responsive documents. Defendants should also be aware that the Government, in agreeing to produce information and documents in response to these Requests, must do so in a manner that complies with applicable privacy laws.

### RFP Nos. 60-61

Defendants contend that with respect to Request Nos. 60-61 "Plaintiffs must produce each and every document that it intends to use to support its damages claims" and that "this is as narrow as the request needs to be." Renzulli Ltr. at 18. The Government's damages calculations will be conducted by expert analysis, pursuant to Court order and the parties' stipulation. Defendants' demands in this regard therefore call for the premature production of expert reports, analysis, opinions, or testimony. Such documents and information will be produced in conformity with the Court's revised operative Scheduling Order and the parties' stipulation.

### RFP No. 88

The Government's objections to this Request as vague and ambiguous are neither "absurd" nor "frivolous." *See* Renzulli Ltr., at 19. While the Government can certainly craft its own understanding and render its own interpretations of what "criminal activity" and other vague terms in this request mean,[6] this is not an efficient means of conducting

---

[6] For instance, Defendants requested all documents related to the Government's requests for "funds or other relief" made to "any person or organization." It is unclear whether Defendants are

discovery. Nor does the fact the Complaint makes allegations regarding various criminal activities in Mexico alleviate Defendants' obligation to articulate its requests with sufficient particularity to provide "reasonable notice of what is called for and what is not." *See Fisher v. IASIS Healthcare LLC*, No. CV-15-00872-PHX-JJT, 2018 WL 2303030, at *1 (D. Ariz. May 21, 2018). The Government is willing to meet and confer with Defendants in an effort to further clarify the scope of information sought by this request in a way that allows the Government to provide a meaningful response.

## RESPONSES TO SPECIFIC RFPS IN DEFENDANTS' SECOND SET OF REQUESTS

Initially, the Government stands by its objections to Defendants' Second Requests. These requests are extremely overboard, largely duplicative, and/or request information that is irrelevant and not proportional to the needs of the case. Even so, the Government is open to meeting and conferring with Defendants to discuss whether, and to what extent, they are willing to refine and narrow the scope of their requests such that reasonable searches can be made to produce responsive, non-privileged documents.

### RFP Nos. 1-2, 23-25, and 30

As summarized by Defendants, "RFPs 1–2, 23–25, and 30 seek documents concerning each firearm that Plaintiff traced through the ATF that Plaintiff claims caused harm in Mexico, whether sold by Defendants or others, as well as data by manufacturer on firearms recovered in Mexico from Fiscalía General de la República and Secretaria de la Defensa Nacional, firearms reported stolen, missing, or lost, and Sig Sauer Inc. firearms recovered at crime scenes in Mexico." Renzulli Ltr., at 19. Defendants take issue with what it characterizes as the Government's "boilerplate" objections asserted with respect to these RFPs, but simply calling them "baseless" does not make it so.

First, the Government's objection to these requests as overboard and unduly burdensome is well-founded. These requests are exceedingly broad and the sheer volume

---

requesting information regarding specific financial claims made directly to entities within the United States or whether Defendants intend this Request to cover broad categories of restitution sought from international or domestic institutions, individual actors, or governmental bodies. As indicated in response to Defendants' Interrogatory No. 5, seeking similar information, "[t]o the extent that [this Request] seeks only information related to official requests for restitution through the International Court of Justice or the Inter-American Commission on Human Rights, and subject to the Objections stated above, Plaintiff responds that there are currently no such claims." *See* ROG Responses, at 14.

of documents and data sought, particularly information concerning hundreds of thousands of firearms that are unrelated to the specific allegations in Plaintiff's Complaint—including, among several other things "all investigative records, all court records, all evidence seized or identified, and all statements interviews, transcripts or notes of conversation, recorded by any means"[7]—places an untenable burden on the Government. Moreover, Defendants have not explained how "all documents" related to *every* traced firearm causing harm in Mexico is relevant to any claim or defenses in this litigation or needed to resolve any material dispute.[8] Regardless, even if this information had some marginal relevance, Defendants have not—and could not—demonstrate their requests are proportional to the needs of this case. Beyond that, the Government fails to understand how these requests are not duplicative of Requests made in Defendants' First Requests, including RFP Nos. 1, 2, 4-12, 24, 28, 48, 52-57, 59-61, 65-76, & 81-86.

Far from being "baseless," the Governments' objections to these requests are legitimate concerns raised in response to abusive discovery requests. Nevertheless, the Government will make itself available to discuss these and its other stated objections to RFP Nos. 1-2, 23-25, and 30 in an effort to clarify and/or narrow the scope of these Requests.

## RFP Nos. 3–21

These requests seek a variety of documents "as referenced in a May 22, 2024 article from USA Today." As previously stated, the USA Today is not an entity over whose documents the Government has any care, custody, or control. Nor did the Government contribute, in any way, to the May 22, 2024 article. As Defendants concede, it was based on allegedly "hacked data." Renzulli Ltr., at 20. Given that the Government's investigation into the alleged hacking is still ongoing, it is in no way "unequivocally clear that responsive documents exist and are in Plaintiff's possession and custody."

---

[7] Defendants also seek "each fee, charge, cost, expenditure, damage, loss, or harm" incurred in connection with each firearm without limiting the scope of harm or financial loss to the harm or loss alleged in this litigation.

[8] The Government is particularly interested in Defendants' explanation as to relevance here given their own admission that such information falls outside the scope of discovery. *See* Malsch Letter, September 18, 2024, at 1 ("Discovery must be limited to sales identified in Plaintiff's Complaint.").

Even so, these Requests seek "all documents" concerning wide-ranging and vague topics—e.g. "smugglers," "military corruption," or "surveillance abuse"—as referenced in the May 22, 2024 USA Today, but do not actually identify any particular documents within the possession, custody, or control of the Government. The Government cannot be expected to know which documents USA Today references in an article it did not contribute to in any way. These requests are a wholly improper attempt to have the Government authenticate unsubstantiated hearsay. The Government declines to join Defendants in this fishing expedition.

Furthermore, the Government disagrees that "corruption" or "abuse" alleged in that article goes to the "heart of" this case. Unsubstantiated political broadsides have no relevance to whether Defendants unlawfully or negligently sold guns that caused harm to Mexico, or any issue which this lawsuit concerns.

The Government nevertheless produced responsive, non-privileged documents concerning "straw purchasers" as mentioned in RFPs No. 13 and 15. *See* Bates MEX_0003112 – MEX_0024314.

### RFP No. 22

The Government is unaware of any relevance Plaintiff's counsel's Foreign Agent Registrations, if they exist, have to the claims or defenses in this litigation.  Furthermore, these registrations are made with the United States Government, not with the Government of Mexico. Nor does the Government of Mexico fill out such registrations for its attorneys or have them in their possession. To the extent this Request is an attempt to use party discovery as a vehicle to investigate and potentially harass attorneys involved in the litigation, it is wildly inappropriate. Nevertheless, the Government is willing to revisit its objections if Defendants will clarify how their request for FARA registrations relates to the specific issues in this litigation.

### RFP No. 26

Even assuming the Government's contracts to purchase firearms were relevant in the manner Defendants claim—which the Government does not concede—the requested documents would not speak to whether weapons recovered at crimes scenes in Mexico can be traced to weapons purchased by the Government. As expressed in the Response to this Request, Defendants' Request improperly "asks for a compilation, summary, or analysis of documents or information." Beyond that, the request is not proportional to the needs of the case.  The burden of producing these documents far exceeds any marginal relevance they might have.  Finally, any documents potentially responsive to this Request would implicate significant security concerns, as they pertain to sensitive internal matters, including military affairs, confidential procurement processes for law

enforcement agencies, and potentially classified information related to national security. Releasing such documents without a clear and specific showing of relevance would pose unnecessary risks to public safety and national security.

**RFP No. 27**

The Government disagrees entirely with Defendants' contention that the Ayotzinapa Rural Teachers' College students' disappearances in Iguala, Guerrero, Mexico are "relevant to what entities are truly responsible for the firearms-related harm and violence taking place in Mexico" (Renzulli Ltr. at 22) and instead believes that this line of inquiry, while indicative of Defendants' misguided, offensive, and legally incognizable defense strategy to blame the Government for the actions of the Defendants in this litigation, is in fact wholly irrelevant to the straw sales by Defendants to cartel members that constitute the foundation of the Complaint's allegations. Unless and until there is a basis for finding that firearms sold by Defendants played a part in the Ayotzinapa Rural Teachers' College students' disappearances, or that the incident is related in some way to the trafficking of U.S. weapons into Mexico, the Government is disinclined to indulge Defendants' efforts to divert attention to unrelated matters.

**RFP No. 28**

In another far-reaching Request, Defendants ask for "all documents … concerning the effectiveness, ineffectiveness, or problems associated with the Merida Initiative." As Defendants are no doubt aware, the Merida Initiative covers a broad range of security issues, including areas that may not relate directly to firearm-related violence, and certainly not to the specific claims of this lawsuit. Thus, Defendants' request as currently stated is overbroad.  To the extent that this Request is directed at, in Defendants' words, documents showing that "Mexico has been failing in its attempts to curtail firearm related violence within its borders," Renzulli Ltr. at 22, the Government repeats its position on Defendants' misguided and legally defunct comparative fault strategy. See *supra*. Defendants are improperly attempting to put a United States District Court, sitting in Arizona, in the precarious position of making a judicial ruling on the "'conduct of foreign relations ... [which] are so exclusively entrusted to the political branches of government as to be largely immune from judicial inquiry or interference.'" *Haig v. Agee*, 453 U.S. 280, 292 (1981) (quoting *Harisiades v. Shaughnessy*, 342 U.S. 580, 589 (1952)). Once again, the Government is not obligated to facilitate Defendants' attempts to "fish" for evidence of purported illegal activity by either the United States Government or the Government of Mexico, which has no bearing on the well-pleaded allegations in the Complaint.

**RFP No. 29**

Similarly, Defendants' request for "all documents created by Plaintiff addressing, analyzing, or concerning the collusion of Mexican security forces with criminal organizations in Mexico since 2010," as presently formulated, lacks sufficient clarity and is disproportionately burdensome given its breadth and vagueness. Undefined, the terms "collusion," "security forces," and "criminal organizations" encompass a broad range of interpretations. Furthermore, the Government's pointed allegations concerning Defendants' straw sales do not require the Government "to empty its closets." That is not how discovery works.  Defendants must articulate *with particularity*, discrete requests for materials that are *both* relevant and proportional to the needs of the case. This request is nowhere close to meeting the requirements set out in Rule 34 of the Federal Rules of Civil Procedure. The Government requests that Defendants provide greater particularity regarding the types of documents sought, the relevant security forces and agencies involved, and the specific criminal organizations at issue. Once these clarifications are provided, the Government is willing to meet and confer regarding the scope and feasibility of the request.

## CONCLUSION

Defendants' letter threatens to move to compel on "Plaintiff's discovery deficiencies, if not fully and immediately resolved." *See* Renzulli Ltr., at 27. It is of course Defendants' decision whether and when to seek relief from the Court as to discovery issues. Though the Government firmly believes a motion to compel, at this point, is a premature escalation of the parties' dispute over Defendants' document requests given that the Defendants have yet to 1) address the concerns raised in the Government's August 6, 2024 Letter regarding the overbroad, duplicative, and burdensome nature of Defendants' Requests; 2) engage the Government in any discussions related to search terms and custodians for any ESI searches, or 3) raise any issues regarding the sufficiency of the Government's August 6, 2024 production.

In any event, the Government believes that a cooperative approach serves the best interests of all parties involved and will help ensure an efficient resolution to any of Defendants' remaining concerns. To that end, the Government continues to consider issues raised by Defendants and remains open to addressing clearly articulated questions about specific Requests during future meet and confers. We await Defendants' response.

Sincerely,

Nicholas Shadowen                                          cc: all counsel of record

# APPENDIX A

## BATES NUMBERS OF DOCUMENTS PREVIOUSLY PRODUCED RESPONSIVE TO RFP #1 FROM DEFENDANTS' FIRST SET REQUESTS FOR PRODUCTION

| | | | | |
|---|---|---|---|---|
| MEX_0003112, | MEX_0003128, | MEX_0003138, | MEX_0003145, | MEX_0003154, |
| MEX_0003170, | MEX_0003188, | MEX_0003229, | MEX_0003239, | MEX_0003260, |
| MEX_0003281, | MEX_0003287, | MEX_0003297, | MEX_0003311, | MEX_0003342, |
| MEX_0003345, | MEX_0003351, | MEX_0003358, | MEX_0003384, | MEX_0003396, |
| MEX_0003421, | MEX_0003431, | MEX_0003514, | MEX_0003530, | MEX_0003532, |
| MEX_0003542, | MEX_0003856, | MEX_0003859, | MEX_0003875, | MEX_0003977, |
| MEX_0003984, | MEX_0003990, | MEX_0004088, | MEX_0004092, | MEX_0004104, |
| MEX_0004159, | MEX_0004161, | MEX_0004170, | MEX_0004182, | MEX_0004203, |
| MEX_0004260, | MEX_0004264, | MEX_0004267, | MEX_0004298, | MEX_0004304, |
| MEX_0004334, | MEX_0004362, | MEX_0004420, | MEX_0004426, | MEX_0004468, |
| MEX_0004521, | MEX_0004534, | MEX_0004579, | MEX_0004603, | MEX_0004607, |
| MEX_0004741, | MEX_0004746, | MEX_0004766, | MEX_0004801, | MEX_0004820, |
| MEX_0004827, | MEX_0004846, | MEX_0004848, | MEX_0004907, | MEX_0004909, |
| MEX_0004944, | MEX_0005020, | MEX_0005031, | MEX_0005053, | MEX_0005256, |
| MEX_0005271, | MEX_0005304, | MEX_0005305, | MEX_0005307, | MEX_0005346, |
| MEX_0005354, | MEX_0005399, | MEX_0005429, | MEX_0005445, | MEX_0005472, |
| MEX_0005477, | MEX_0005481, | MEX_0005483, | MEX_0005489, | MEX_0005493, |
| MEX_0005499, | MEX_0005651, | MEX_0005656, | MEX_0005719, | MEX_0005750, |
| MEX_0005804, | MEX_0005818, | MEX_0005822, | MEX_0005834, | MEX_0005845, |
| MEX_0008678, | MEX_0008689, | MEX_0008697, | MEX_0008707, | MEX_0008711, |
| MEX_0008724, | MEX_0008822, | MEX_0008854, | MEX_0008856, | MEX_0008863, |
| MEX_0008866, | MEX_0008867, | MEX_0008869, | MEX_0008882, | MEX_0008883, |
| MEX_0008947, | MEX_0008956, | MEX_0008962, | MEX_0008973, | MEX_0008980, |
| MEX_0008995, | MEX_0009011, | MEX_0009018, | MEX_0009020, | MEX_0009021, |
| MEX_0009027, | MEX_0009034, | MEX_0009044, | MEX_0009046, | MEX_0009088, |
| MEX_0009119, | MEX_0009120, | MEX_0009130, | MEX_0009162, | MEX_0009163, |

MEX_0009164,     MEX_0009168,     MEX_0009169,     MEX_0009209,     MEX_0009255,
MEX_0009301,     MEX_0009347,     MEX_0009393,     MEX_0009439,     MEX_0009485,
MEX_0009531,     MEX_0009605,     MEX_0009651,     MEX_0009697,     MEX_0009743,
MEX_0009789,     MEX_0009835,     MEX_0009881,     MEX_0009927,     MEX_0009973,
MEX_0010019,     MEX_0010065,     MEX_0010111,     MEX_0010157,     MEX_0010203,
MEX_0010249,     MEX_0010295,     MEX_0010341,     MEX_0010387,     MEX_0010433,
MEX_0010479,     MEX_0010525,     MEX_0010571,     MEX_0010617,     MEX_0010663,
MEX_0010709,     MEX_0010755,     MEX_0010801,     MEX_0010847,     MEX_0010893,
MEX_0010939,     MEX_0010985,     MEX_0011031,     MEX_0011077,     MEX_0011123,
MEX_0011169,     MEX_0011215,     MEX_0011261,     MEX_0011307,     MEX_0011313,
MEX_0011556,     MEX_0011582,     MEX_0011598,     MEX_0011614,     MEX_0011630,
MEX_0011641,     MEX_0011657,     MEX_0011658,     MEX_0011661,     MEX_0011663,
MEX_0011665,     MEX_0011667,     MEX_0011738,     MEX_0011855,     MEX_0011907,
MEX_0011915,     MEX_0011971,     MEX_0012485,     MEX_0012537,     MEX_0012774,
MEX_0012776,     MEX_0012801,     MEX_0012828,     MEX_0012904,     MEX_0012910,
MEX_0012915,     MEX_0012919,     MEX_0012928,     MEX_0012930,     MEX_0012941,
MEX_0012942,     MEX_0012959,     MEX_0012976,     MEX_0012985,     MEX_0013005,
MEX_0013009,     MEX_0013018,     MEX_0013027,     MEX_0013036,     MEX_0013045,
MEX_0013054,     MEX_0013063,     MEX_0013072,     MEX_0013081,     MEX_0013090,
MEX_0013099,     MEX_0013108,     MEX_0013117,     MEX_0013126,     MEX_0013135,
MEX_0013144,     MEX_0013153,     MEX_0013162,     MEX_0013171,     MEX_0013180,
MEX_0013189,     MEX_0013198,     MEX_0013207,     MEX_0013216,     MEX_0013225,
MEX_0013234,     MEX_0013243,     MEX_0013252,     MEX_0013261,     MEX_0013270,
MEX_0013279,     MEX_0013288,     MEX_0013297,     MEX_0013306,     MEX_0013315,
MEX_0013324,     MEX_0013333,     MEX_0013342,     MEX_0013351,     MEX_0013360,
MEX_0013369,     MEX_0013378,     MEX_0013387,     MEX_0013396,     MEX_0013405,
MEX_0013414,     MEX_0013423,     MEX_0013432,     MEX_0013441,     MEX_0013450,
MEX_0013459,     MEX_0013468,     MEX_0013470,     MEX_0013472,     MEX_0013474,
MEX_0013475,     MEX_0013476,     MEX_0013496,     MEX_0013517,     MEX_0013527,
MEX_0013533,     MEX_0013535,     MEX_0013595,     MEX_0013597,     MEX_0013624,
MEX_0013630,     MEX_0013655,     MEX_0013844,     MEX_0013929,     MEX_0014018,

MEX_0014064,     MEX_0014090,     MEX_0014188,     MEX_0014227,     MEX_0014375,
MEX_0014493,     MEX_0014515,     MEX_0015041,     MEX_0015061,     MEX_0015187,
MEX_0015298,     MEX_0015300,     MEX_0015301,     MEX_0015304,     MEX_0015325,
MEX_0015326,     MEX_0015369,     MEX_0015370,     MEX_0015371,     MEX_0015549,
MEX_0015551,     MEX_0015555,     MEX_0015559,     MEX_0015570,     MEX_0015571,
MEX_0015572,     MEX_0015574,     MEX_0015576,     MEX_0015578,     MEX_0015581,
MEX_0015582,     MEX_0015584,     MEX_0015602,     MEX_0015637,     MEX_0015643,
MEX_0015649,     MEX_0015657,     MEX_0015662,     MEX_0015667,     MEX_0015672,
MEX_0015678,     MEX_0015730,     MEX_0015742,     MEX_0015777,     MEX_0015802,
MEX_0015805,     MEX_0015845,     MEX_0015928,     MEX_0015937,     MEX_0015944,
MEX_0015946,     MEX_0015959,     MEX_0015977,     MEX_0016020,     MEX_0016026,
MEX_0016038,     MEX_0016142,     MEX_0016146,     MEX_0016152,     MEX_0016155,
MEX_0016160,     MEX_0016191,     MEX_0016200,     MEX_0016205,     MEX_0016207,
MEX_0016208,     MEX_0016211,     MEX_0016213,     MEX_0016222,     MEX_0016224,
MEX_0016230,     MEX_0016232,     MEX_0016236,     MEX_0016238,     MEX_0016246,
MEX_0016248,     MEX_0016256,     MEX_0016260,     MEX_0016282,     MEX_0016289,
MEX_0016291,     MEX_0016293,     MEX_0016295,     MEX_0016297,     MEX_0016300,
MEX_0016301,     MEX_0016304,     MEX_0016314,     MEX_0016323,     MEX_0016331,
MEX_0016341,     MEX_0016354,     MEX_0016356,     MEX_0016358,     MEX_0016361,
MEX_0016364,     MEX_0016371,     MEX_0016380,     MEX_0016387,     MEX_0016394,
MEX_0016400,     MEX_0016407,     MEX_0016413,     MEX_0016441,     MEX_0016524,
MEX_0016529,     MEX_0016537,     MEX_0016542,     MEX_0016547,     MEX_0016582,
MEX_0016603,     MEX_0016622,     MEX_0016641,     MEX_0016644,     MEX_0016649,
MEX_0016654,     MEX_0016664,     MEX_0017052,     MEX_0017096,     MEX_0017146,
MEX_0017150,     MEX_0017176,     MEX_0017177,     MEX_0017181,     MEX_0017184,
MEX_0017186,     MEX_0017191,     MEX_0017217,     MEX_0017237,     MEX_0017272,
MEX_0017274,     MEX_0017291,     MEX_0017293,     MEX_0017301,     MEX_0017303,
MEX_0017311,     MEX_0017313,     MEX_0017317,     MEX_0017319,     MEX_0017322,
MEX_0017331,     MEX_0017333,     MEX_0017335,     MEX_0017337,     MEX_0017339,
MEX_0017341,     MEX_0017345,     MEX_0017349,     MEX_0017357,     MEX_0017384,
MEX_0017412,     MEX_0017416,     MEX_0017437,     MEX_0017446,     MEX_0017463,

| | | | | |
|---|---|---|---|---|
| MEX_0017515, | MEX_0017591, | MEX_0017595, | MEX_0017827, | MEX_0017864, |
| MEX_0017898, | MEX_0017911, | MEX_0017918, | MEX_0017977, | MEX_0018005, |
| MEX_0018008, | MEX_0018012, | MEX_0018035, | MEX_0018036, | MEX_0018056, |
| MEX_0018126, | MEX_0018141, | MEX_0018172, | MEX_0018195, | MEX_0018197, |
| MEX_0018241, | MEX_0018267, | MEX_0018278, | MEX_0018329, | MEX_0018339, |
| MEX_0018346, | MEX_0018353, | MEX_0018360, | MEX_0018374, | MEX_0018388, |
| MEX_0018402, | MEX_0018429, | MEX_0018435, | MEX_0018441, | MEX_0018446, |
| MEX_0018453, | MEX_0018460, | MEX_0018467, | MEX_0018482, | MEX_0018497, |
| MEX_0018512, | MEX_0018518, | MEX_0018523, | MEX_0018528, | MEX_0018534, |
| MEX_0018539, | MEX_0018544, | MEX_0018615, | MEX_0018629, | MEX_0018637, |
| MEX_0018644, | MEX_0018651, | MEX_0018665, | MEX_0018667, | MEX_0018698, |
| MEX_0018714, | MEX_0018716, | MEX_0018718, | MEX_0018761, | MEX_0018851, |
| MEX_0018860, | MEX_0018863, | MEX_0018873, | MEX_0018940, | MEX_0018942, |
| MEX_0018945, | MEX_0018947, | MEX_0018949, | MEX_0018951, | MEX_0018953, |
| MEX_0018956, | MEX_0018975, | MEX_0019005, | MEX_0019026, | MEX_0019044, |
| MEX_0019063, | MEX_0019070, | MEX_0019083, | MEX_0019112, | MEX_0019124, |
| MEX_0019128, | MEX_0019151, | MEX_0019175, | MEX_0019206, | MEX_0019218, |
| MEX_0019230, | MEX_0019256, | MEX_0019276, | MEX_0019280, | MEX_0019313, |
| MEX_0019343, | MEX_0019389, | MEX_0019398, | MEX_0019472, | MEX_0019528, |
| MEX_0019566, | MEX_0019629, | MEX_0019645, | MEX_0019675, | MEX_0019711, |
| MEX_0019774, | MEX_0019818, | MEX_0019837, | MEX_0019900, | MEX_0019949, |
| MEX_0019972, | MEX_0019986, | MEX_0020086, | MEX_0020106, | MEX_0020182, |
| MEX_0020234, | MEX_0020351, | MEX_0020439, | MEX_0020443, | MEX_0020450, |
| MEX_0020453, | MEX_0020480, | MEX_0020507, | MEX_0020553, | MEX_0020564, |
| MEX_0020573, | MEX_0020579, | MEX_0020739, | MEX_0020765, | MEX_0020795, |
| MEX_0020797, | MEX_0020798, | MEX_0020894, | MEX_0020896, | MEX_0020922, |
| MEX_0020929, | MEX_0020946, | MEX_0021071, | MEX_0021080, | MEX_0021227, |
| MEX_0021236, | MEX_0021281, | MEX_0021292, | MEX_0021302, | MEX_0021308, |
| MEX_0021366, | MEX_0021397, | MEX_0021493, | MEX_0021495, | MEX_0021499, |
| MEX_0021591, | MEX_0021599, | MEX_0021612, | MEX_0021622, | MEX_0021636, |
| MEX_0021641, | MEX_0021687, | MEX_0021689, | MEX_0021715, | MEX_0021745, |

MEX_0021755,     MEX_0021772,     MEX_0021949,     MEX_0021966,     MEX_0021994,
MEX_0022095,     MEX_0022098,     MEX_0022117,     MEX_0022119,     MEX_0022426,
MEX_0022429,     MEX_0022505,     MEX_0022520,     MEX_0022563,     MEX_0022599,
MEX_0022615,     MEX_0022646,     MEX_0022649,     MEX_0022661,     MEX_0022670,
MEX_0022676,     MEX_0022718,     MEX_0022730,     MEX_0022741,     MEX_0022743,
MEX_0022746,     MEX_0022805,     MEX_0022809,     MEX_0022879,     MEX_0022883,
MEX_0022891,     MEX_0022961,     MEX_0022991,     MEX_0023050,     MEX_0023106,
MEX_0023113,     MEX_0023148,     MEX_0023152,     MEX_0023157,     MEX_0023167,
MEX_0023172,     MEX_0023202,     MEX_0023533,     MEX_0023922,     MEX_0023944,
MEX_0023949,     MEX_0023952,     MEX_0023963,     MEX_0023968,     MEX_0023977,
MEX_0023982,     MEX_0024028,     MEX_0024059,     MEX_0024081,     MEX_0024101,
MEX_0024138,     MEX_0024171,     MEX_0024183,     MEX_0024217,     MEX_0024276,
MEX_0024287


**BATES NUMBERS OF DOCUMENTS PREVIOUSLY PRODUCED RESPONSIVE TO RFPs
#13 AND #15 FROM DEFENDANTS' FIRST SET REQUESTS FOR PRODUCTION**


MEX_0005858,     MEX_0005860,     MEX_0005861,     MEX_0005866,     MEX_0005870,
MEX_0005872,     MEX_0005886,     MEX_0005891,     MEX_0005907,     MEX_0005921,
MEX_0005928,     MEX_0005950,     MEX_0005953,     MEX_0005954,     MEX_0005957,
MEX_0006017,     MEX_0006040,     MEX_0006044,     MEX_0006048,     MEX_0006070,
MEX_0006080,     MEX_0006109,     MEX_0006113,     MEX_0006142,     MEX_0006150,
MEX_0006153,     MEX_0006156,     MEX_0006160,     MEX_0006168,     MEX_0006171,
MEX_0006175,     MEX_0006182,     MEX_0006187,     MEX_0006191,     MEX_0006195,
MEX_0006196,     MEX_0006201,     MEX_0006207,     MEX_0006209,     MEX_0006210,
MEX_0006213,     MEX_0006219,     MEX_0006224,     MEX_0006226,     MEX_0006228,
MEX_0006229,     MEX_0006235,     MEX_0006239,     MEX_0006241,     MEX_0006242,
MEX_0006246,     MEX_0006247,     MEX_0006251,     MEX_0006261,     MEX_0006262,
MEX_0006273,     MEX_0006276,     MEX_0006281,     MEX_0006295,     MEX_0006296,

| | | | | |
|---|---|---|---|---|
| MEX_0006299, | MEX_0006308, | MEX_0006319, | MEX_0006326, | MEX_0006327, |
| MEX_0006332, | MEX_0006343, | MEX_0006349, | MEX_0006352, | MEX_0006358, |
| MEX_0006362, | MEX_0006366, | MEX_0006381, | MEX_0006385, | MEX_0006391, |
| MEX_0006395, | MEX_0006400, | MEX_0006405, | MEX_0006411, | MEX_0006416, |
| MEX_0006417, | MEX_0006422, | MEX_0006426, | MEX_0006428, | MEX_0006432, |
| MEX_0006446, | MEX_0006447, | MEX_0006458, | MEX_0006462, | MEX_0006464, |
| MEX_0006468, | MEX_0006469, | MEX_0006473, | MEX_0006474, | MEX_0006475, |
| MEX_0006476, | MEX_0006477, | MEX_0006478, | MEX_0006488, | MEX_0006503, |
| MEX_0006514, | MEX_0006515, | MEX_0006516, | MEX_0006517, | MEX_0006518, |
| MEX_0006520, | MEX_0006533, | MEX_0006543, | MEX_0006545, | MEX_0006552, |
| MEX_0006559, | MEX_0006565, | MEX_0006582, | MEX_0006593, | MEX_0006611, |
| MEX_0006637, | MEX_0006640, | MEX_0006645, | MEX_0006715, | MEX_0006725, |
| MEX_0006728, | MEX_0006739, | MEX_0006742, | MEX_0006743, | MEX_0006753, |
| MEX_0006760, | MEX_0006774, | MEX_0006779, | MEX_0006781, | MEX_0006784, |
| MEX_0006787, | MEX_0006791, | MEX_0006800, | MEX_0006801, | MEX_0006805, |
| MEX_0006808, | MEX_0006817, | MEX_0006851, | MEX_0006860, | MEX_0006865, |
| MEX_0006873, | MEX_0006877, | MEX_0006883, | MEX_0006887, | MEX_0006888, |
| MEX_0006915, | MEX_0006924, | MEX_0006928, | MEX_0006936, | MEX_0006942, |
| MEX_0006946, | MEX_0006953, | MEX_0006984, | MEX_0007075, | MEX_0007262, |
| MEX_0007433, | MEX_0007556, | MEX_0007592, | MEX_0007693, | MEX_0007729, |
| MEX_0007822, | MEX_0007823, | MEX_0007825, | MEX_0007827, | MEX_0007829, |
| MEX_0007834, | MEX_0007835, | MEX_0007839, | MEX_0007843, | MEX_0007846, |
| MEX_0007849, | MEX_0007860, | MEX_0007863, | MEX_0007895, | MEX_0007903, |
| MEX_0007904, | MEX_0007911, | MEX_0007918, | MEX_0007933, | MEX_0007937, |
| MEX_0007940, | MEX_0007955, | MEX_0007960, | MEX_0007965, | MEX_0007967, |
| MEX_0007979, | MEX_0007983, | MEX_0007986, | MEX_0007991, | MEX_0008000, |
| MEX_0008004, | MEX_0008014, | MEX_0008021, | MEX_0008022, | MEX_0008026, |
| MEX_0008038, | MEX_0008047, | MEX_0008052, | MEX_0008062, | MEX_0008069, |
| MEX_0008083, | MEX_0008090, | MEX_0008107, | MEX_0008112, | MEX_0008128, |
| MEX_0008133, | MEX_0008148, | MEX_0008158, | MEX_0008167, | MEX_0008335, |
| MEX_0008453, | MEX_0008470, | MEX_0008555, | MEX_0008603, | MEX_0008632, |

MEX_0008633,      MEX_0008639,      MEX_0008647,      MEX_0008650,      MEX_0008662,

MEX_0008663,      MEX_0008664,      MEX_0008670,      MEX_0008676,      MEX_0008808,

MEX_0008865,      MEX_0018868,      MEX_0018887


## BATES NUMBERS OF DOCUMENTS PREVIOUSLY PRODUCED RESPONSIVE TO RFP #25 FROM DEFENDANTS' FIRST SET REQUESTS FOR PRODUCTION

MEX_0005858,      MEX_0005860,      MEX_0005861,      MEX_0005866,      MEX_0005870,

MEX_0005872,      MEX_0005886,      MEX_0005891,      MEX_0005907,      MEX_0005921,

MEX_0005928,      MEX_0005950,      MEX_0005953,      MEX_0005954,      MEX_0005957,

MEX_0006017,      MEX_0006040,      MEX_0006044,      MEX_0006048,      MEX_0006070,

MEX_0006080,      MEX_0006109,      MEX_0006113,      MEX_0006142,      MEX_0006150,

MEX_0006153,      MEX_0006156,      MEX_0006160,      MEX_0006168,      MEX_0006171,

MEX_0006175,      MEX_0006182,      MEX_0006187,      MEX_0006191,      MEX_0006195,

MEX_0006196,      MEX_0006201,      MEX_0006207,      MEX_0006209,      MEX_0006210,

MEX_0006213,      MEX_0006219,      MEX_0006224,      MEX_0006226,      MEX_0006228,

MEX_0006229,      MEX_0006235,      MEX_0006239,      MEX_0006241,      MEX_0006242,

MEX_0006246,      MEX_0006247,      MEX_0006251,      MEX_0006261,      MEX_0006262,

MEX_0006273,      MEX_0006276,      MEX_0006281,      MEX_0006295,      MEX_0006296,

MEX_0006299,      MEX_0006308,      MEX_0006319,      MEX_0006326,      MEX_0006327,

MEX_0006332,      MEX_0006343,      MEX_0006349,      MEX_0006352,      MEX_0006358,

MEX_0006362,      MEX_0006366,      MEX_0006381,      MEX_0006385,      MEX_0006391,

MEX_0006395,      MEX_0006400,      MEX_0006405,      MEX_0006411,      MEX_0006416,

MEX_0006417,      MEX_0006422,      MEX_0006426,      MEX_0006428,      MEX_0006432,

MEX_0006446,      MEX_0006447,      MEX_0006458,      MEX_0006462,      MEX_0006464,

MEX_0006468,      MEX_0006469,      MEX_0006473,      MEX_0006474,      MEX_0006475,

MEX_0006476,      MEX_0006477,      MEX_0006478,      MEX_0006488,      MEX_0006503,

MEX_0006514,      MEX_0006515,      MEX_0006516,      MEX_0006517,      MEX_0006518,

MEX_0006520,      MEX_0006533,      MEX_0006543,      MEX_0006545,      MEX_0006552,

MEX_0006559,      MEX_0006565,      MEX_0006582,      MEX_0006593,      MEX_0006611,

MEX_0006637,      MEX_0006640,      MEX_0006645,      MEX_0006715,      MEX_0006725,

MEX_0006728,     MEX_0006739,     MEX_0006742,     MEX_0006743,     MEX_0006753,
MEX_0006760,     MEX_0006774,     MEX_0006779,     MEX_0006781,     MEX_0006784,
MEX_0006787,     MEX_0006791,     MEX_0006800,     MEX_0006801,     MEX_0006805,
MEX_0006808,     MEX_0006817,     MEX_0006851,     MEX_0006860,     MEX_0006865,
MEX_0006873,     MEX_0006877,     MEX_0006883,     MEX_0006887,     MEX_0006888,
MEX_0006915,     MEX_0006924,     MEX_0006928,     MEX_0006936,     MEX_0006942,
MEX_0006946,     MEX_0006953,     MEX_0006984,     MEX_0007075,     MEX_0007262,
MEX_0007433,     MEX_0007556,     MEX_0007592,     MEX_0007693,     MEX_0007729,
MEX_0007822,     MEX_0007823,     MEX_0007825,     MEX_0007827,     MEX_0007829,
MEX_0007834,     MEX_0007835,     MEX_0007839,     MEX_0007843,     MEX_0007846,
MEX_0007849,     MEX_0007860,     MEX_0007863,     MEX_0007895,     MEX_0007903,
MEX_0007904,     MEX_0007911,     MEX_0007918,     MEX_0007933,     MEX_0007937,
MEX_0007940,     MEX_0007955,     MEX_0007960,     MEX_0007965,     MEX_0007967,
MEX_0007979,     MEX_0007983,     MEX_0007986,     MEX_0007991,     MEX_0008000,
MEX_0008004,     MEX_0008014,     MEX_0008021,     MEX_0008022,     MEX_0008026,
MEX_0008038,     MEX_0008047,     MEX_0008052,     MEX_0008062,     MEX_0008069,
MEX_0008083,     MEX_0008090,     MEX_0008107,     MEX_0008112,     MEX_0008128,
MEX_0008133,     MEX_0008148,     MEX_0008158,     MEX_0008167,     MEX_0008335,
MEX_0008453,     MEX_0008470,     MEX_0008555,     MEX_0008603,     MEX_0008632,
MEX_0008633,     MEX_0008639,     MEX_0008647,     MEX_0008650,     MEX_0008662,
MEX_0008663,     MEX_0008664,     MEX_0008670,     MEX_0008676,     MEX_0008808,
MEX_0008865,     MEX_0018868,     MEX_0018887