LORBER, GREENFIELD & OLSEN, LLP
Louis W. Horowitz, Esq. [S.B. #020842]
3930 E. Ray Road, Suite 260
Phoenix, AZ 85044
TEL: (602) 437-4177
FAX: (602) 437-4180
lhorowitz@lorberlaw.com

RENZULLI LAW FIRM LLP
Christopher Renzulli, Esq. (*Pro Hac Vice*)
Peter Malfa, Esq. (*Pro Hac Vice*)
Jeffrey Malsch, Esq. (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, NY 10601
TEL: (914) 285-0700
FAX: (914) 285-1213
crenzulli@renzullilaw.com
pmalfa@renzullilaw.com
jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc.,*
*Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

|  |  |
|---|---|
| Estados Unidos Mexicanos,<br><br>                  Plaintiff,<br><br>*vs.*<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>                  Defendants. | Case No: 4:22-cv-00472-TUC-RM<br><br><br>**MOTION TO COMPEL PLAINTIFF TO RESPOND TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION AND FOR SANCTIONS**<br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Oral Argument Requested** |

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

COME NOW Defendants, by and through undersigned counsel, and respectfully move this Court for an Order compelling Mexico to respond to Defendants' First Set of Requests for the Production of Documents:

## SUMMARY OF THE ARGUMENT

A detailed recitation of the claims and procedural history that necessitates the filing of this motion is set forth in Defendants' Motion to Compel Answers to Interrogatories, contemporaneously filed with this motion. The facts, citations, and exhibits annexed thereto are incorporated by reference herein.

## ARGUMENT

### I.    LEGAL STANDARD

"Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the following: 'Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Andrich v. Ryan*, No. CV1602734PHXGMSJZB, 2017 WL 11424013, at *4 (D. Ariz. Dec. 11, 2017) (quoting Fed. R. Civ. P. 26(b)(1)).

"On a motion to compel, the party seeking to compel discovery has the initial burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Id.* "This 'is a relatively low bar.'" *SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2021 WL 1574660, at *8 (D. Ariz. Apr. 22, 2021) (quoting *Continental Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018 (D. Ariz. 2020)). Indeed, "[f]or discovery purposes, courts define relevance broadly, stating that information is relevant if it bears on or might reasonably lead to information that bears on any material fact or issue in the action." *Id.* (internal quotation marks omitted). "[C]ourts are quick to point out that discovery is concerned with relevant information—not relevant evidence—and that as a result the scope of relevance for discovery purposes is necessarily broader than trial relevance." *Id.* (internal quotation marks omitted). "In

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

turn, the party opposing discovery has the burden to demonstrate that the discovery should not be allowed and to support the objections with competent evidence." *Andrich*, 2017 WL 11424013, at *4 (quoting Fed. R. Civ. P. 26(b)(1)).

## II.    THE COURT SHOULD OVERRULE MEXICO'S IMPROPER AND BASELESS GENERAL OBJECTIONS.

Plaintiff's improper General Objections incorporated by reference into each one of its responses was addressed in Defendants' Motion to Compel Plaintiff's Responses to Defendants' Second Set of Requests for Production.  Those issues and arguments are equally applicable to Plaintiff's General Objections set forth in its response to Defendants' First Set of Requests for Production.  See Ex. 4 at 3–8.[1]

Mexico's document production in response to Defendants' First Set of Requests for Production is, tellingly and significantly, missing, the most critical materials, such as firearms-related data (RFP Nos. 4-8, 27), crime-related data (RFP Nos. 27, 29, 70, 71), financial information concerning Mexico's alleged harm (RFP Nos. 6-12, 52, 53, 59, 61, 70, 71), criminal investigation materials from shootings in Mexico (RFP Nos. 6-13, 56, 60), Mexico's internal communications (such as emails, text messages, and iMessages among government employees) related to the causes of firearms violence and stemming the tide of illegal firearms (RFP No. 2), and Mexico's external communications (such as emails, text messages, and iMessages with cartel members, state and local governments, foreign governments, and Mexican citizens) regarding the same issues (RFP Nos. 2, 44, 54, 55).

## III.    MEXICO'S INDIVIDUAL OBJECTIONS.

In contrast to the limited, tangentially relevant documents produced to date by Plaintiff, what is obvious is what Plaintiff has not produced, which, as discussed above, is the critical substantive material that Defendants seek to counter Mexico's claims and support Defendants' defenses. And even where Mexico has indicated some willingness to produce documents, it has

---

[1] All mention of an "Exhibit" or "Ex." refer to the exhibits filed with Defendants' Motion to Compel Answers to Interrogatories filed on the same date as this motion.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

done so with a caveat of doing so based on its objections.[2]

**A.    1st RFPs, RFP 1**

RFP 1 seeks all documents identified or referenced in the Complaint and all documents concerning Defendants. Mexico asserts its boilerplate, repetitive, and substantively incorrect Particularity Objection, Multiple Requests Objection, Overly Broad Objection, Ordinary Course of Business Objection, and Third Party Objection, all of which are baseless for the reasons set forth above.

Mexico responded in the Deficiency Response that its "objections are not baseless and will not be withdrawn." Ex. 8 at 10. The Court should order that Mexico must withdraw its baseless objections and produce all responsive material.

**B.    1st RFPs, RFP 2**

RFP 2 seeks Mexico's communications with anyone concerning the allegations in the Complaint, including Defendants, cartels, firearms, and Mexico's alleged injuries. Mexico asserts its boilerplate, repetitive, and substantively incorrect Particularity Objection, Multiple Requests Objection, Overly Broad Objection, Ordinary Course of Business Objection, Third Party Objection, and Privacy Objection, all of which are baseless for the reasons set forth above. Mexico also asserted its Privilege Objection but failed to produce a privilege log with any materials other the trace related information, as described above.

Rather than producing a single document, Mexico directs Defendants to publicly available "Government communications with the public." Mexico has an obligation to affirmatively produce the communications sought by the Request. Merely because something

---

[2] In light of the substantial number of Requests and Responses at issue (which total close to 200 pages in combination), pursuant to L.R. Civ. P. 37.1, in lieu of combining the Requests, Responses, and explanation of deficiency into a separate document in separate number paragraphs, Defendants believe that it is more efficient to refer to those items in the documents attached here as Exhibits. Specifically, the Requests are included at Exs. 1, 2, and 3 pursuant to L.R. Civ. P. 37.1(a)(1); the Responses are included at Exs. 4, 5, and 6 pursuant to L.R. Civ. P. 37.1(a)(2); and the reasons why each particular Response is deficient are set forth in the Deficiency Letter included at Ex. 7. To the extent that the Court would prefer these items be consolidated into a single document, Defendants will provide such document to the Court at its convenience.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

might be publicly available or otherwise available to Defendants does not mean that Mexico is not obligated to produce information in its own possession, custody, or control. *See, e.g.*, *Regal Elecs., Inc. v. Pulse Eng'g, Inc.*, No. 5:03CV1296JWRS, 2005 WL 3078983, at *3 (N.D. Cal. Nov. 16, 2005) ("Rule 34 . . . does not excuse [Plaintiff] from providing documents in its possession or control, solely because the information is also publicly available").

Further, while publicly available material might be responsive, it does not relieve Mexico from producing other responsive materials as Defendants are clearly seeking more than Mexico's communications with the public. Mexico's communications with, for example, other Mexican political leaders (*i.e.*, state and local government leaders), cartel members, U.S. government members, hackers, and news agencies, as well as all of Mexico's internal federal Mexican government communications, as related to the illegal importation, possession and use of firearms in Mexico must be produced. As the Requests made clear, this includes emails, text messages, web-based application messages, and social media interactions. Mexico's obvious tactic here is to hide what is likely to be some of the most critical discovery adverse to it claims, especially as it pertains to causation.

Quizzically, Mexico also objects that RFP 2, which seeks communications concerning the allegations in the Complaint, is "not relevant to either party's claims or defenses." Communications in Mexico's possession about the subject matter of *its own claims* must be relevant, and is certainly discoverable.

Mexico also objects that RFP 2 seeks "types of Communications exempted from preservation and collection under the ESI Protocol Order," but the ESI Protocol does no such thing and merely sets limits on collection duties under certain particular circumstances, not as to all communications.

Mexico responded in the Deficiency Response that it "stands by its objections." Ex. 8 at 11. The Court should order that Mexico must withdraw its baseless objections and produce all responsive material.

### C.    1st RFPs, RFP 3

RFP 3 seeks material that Mexico received from anyone concerning Defendants or the

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

lawsuit, including through public records requests and subpoenas. Mexico asserts its boilerplate, repetitive, and substantively incorrect Particularity Objection, Multiple Requests Objection, Overly Broad Objection, Ordinary Course of Business Objection, Third Party Objection, and Privacy Objection, all of which are baseless for the reasons set forth above. Mexico also asserted its Privilege Objection but failed to produce a proper privilege log, as described above. Of note, despite Mexico's claim to the contrary, while Mexico's counsels' legal work product in connection with material received from third parties may properly be privileged, the underlying material received itself is not and must be produced.

Mexico's claim that RFP 3 is "vague" or "non-sensical" is itself non-sensical. RFP 3 simply seeks any documents that Mexico has received from anyone else identifying or mentioning any of the Defendants, as well as the lawsuit itself. For example, did the cartels provide Mexico information concerning their sources of firearms? Did the U.S. government provide information to Mexico regarding these Defendants or the sources of firearms illegal used in Mexico?

While Mexico's Deficiency Response suggests a willingness to produce some documents in response to RFP 3, Ex. 8 at 12, Mexico has not withdrawn its overarching objections that permeate this and all Requests. Thus, the Court should overrule Mexico's objection and order that if Mexico received such information, Plaintiff must disclose it.

**D.    <u>1st RFPs, RFP 4</u>**

RFP 4 seeks the exact records that hackers allegedly received from Mexico concerning firearms recovered in Mexico allegedly tied to U.S. dealers. Mexico asserts its boilerplate, repetitive, and substantively incorrect Particularity Objection, Multiple Requests Objection, Overly Broad Objection, Ordinary Course of Business Objection, Third Party Objection, Privacy Objection, and Publicly Available Objection, all of which are baseless for the reasons set forth above.

The fact that 10 million such records exist does not mean that they are not relevant or discoverable merely because of their quantity. If those 10 million records pertain to the subject matter described in the news article referenced in the Requests, which Mexico does not dispute,

they are clearly relevant and must be produced. Exhibit 13 is a sample Firearm Trace Summary that Mexico likely receives from ATF each time it submits a trace request. Of course, Mexico thus far refuses to produce any document like this, so Defendants are left to guess.[3] Based on a review of this sample, Plaintiff clearly has relevant information within these 10 million records.

Not only does Mexico refuse to produce this obviously relevant discovery, in its Deficiency Response, it threatens to seek sanctions if Defendants continue to pursue this material because, as Mexico puts it, Defendants have not independently verified the truth of the existence of the records sought as reported in international news. Ex. 8 at 12. While Mexico may wish to discredit USA Today as a reliable news agency, the fact remains that a good faith basis exists for the existence of the very documents even without the news reporting on them, which only fortifies Mexico's duty to collect all such records. Each such record necessarily supports or undermines Mexico's claims, as it either ties the alleged harm to Defendants or shows that it in fact came from someone or somewhere other than Defendants. Thus, the Court should overrule Mexico's objections and order that Mexico must produce all responsive information.

**E.    1st RFPs, RFP 5**

RFP 5 seeks documents concerning the tracing of firearms recovered in or attributable to the harm alleged by Mexico. Information concerning the sources of firearms recovered in Mexico that allegedly cause harm to Mexico is discovery to which Defendants are rightfully entitled. Whether or not this information and documentation is admissible is not relevant. Yet Mexico asserts its boilerplate, repetitive, and substantively incorrect Overly Broad Objection, Ordinary Course of Business Objection, and Third Party Objection, all of which are baseless for the reasons set forth above. Mexico also asserted its Privilege Objection but failed to produce a proper privilege log, as described above.

Given the Court's ruling on Mexico's prior motion to compel, ECF Doc. 111, Mexico has no basis for withhold production of ATF trace information and data based on the Tiahrt

---

[3] Note, this is not the document provided to Defendants by ATF, as Defendants are never provided with any information about why a trace is being conducted or any information about the "recovery" of a firearm.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Amendment. Mexico use of Tiahrt as a sword and shield is inequitable, and borderline offensive. Furthermore, Mexico has a database of firearms recovered from illegal users and possessors, and if Mexico has done any independent investigations as to the source of those firearms, whether or not they came from a United States-based source, then that information is not covered by the Tiahrt Amendment, and should be produced pursuant to this Request.

The trace records go to the heart of the issue in this case. Mexico is unabashedly seeking from Defendants every record for every sale each Defendant ever made during the last 15 years under the guise of needing such records to ascertain what sales ended up resulting in harms in Mexico. This is a thinly veiled attempt to gain access to all the Defendants' sales records. However, the trace data Mexico admittedly possesses avoids the immense burden, expense and privacy issues for Defendants (amongst other objections) and represents a simple and direct solution – Mexico provides the trace records and Defendants search for any records related to those identified firearms. That way, Defendants are providing records, if any, for sales that resulted in the firearms found or used in Mexico, and not for any and all other sales that had *absolutely nothing to do with Mexico*.

### F.    1st RFPs, RFPs 6–12 and 52–53

RFPs 6–12 and 52–53 seek information concerning each firearm recovered in Mexico that Defendants did <u>not</u> sell, each firearm recovered in Mexico that Defendants <u>did</u> sell and was allegedly used in a crime in Mexico, Mexico's prosecution or investigation of any criminal acts involving any firearm sold by Defendants, the illegal possession by anyone in Mexico of any firearm sold by Defendants, each firearm that Defendants allegedly sold in violation of the law, each firearm that Defendants allegedly sold despite red flags, information about each person harmed by any firearm that Mexico contends that Defendants sold, and information about each person harmed by any firearm where Defendants were not the source.

Mexico asserts its boilerplate, repetitive, and substantively incorrect Multiple Categories Objection, Overly Broad Objection, Ordinary Course of Business Objection, Third Party Objection, Privacy Objection, Tiahrt Objection, Multiple Requests Objection, and Causation Relevance Objection, all of which are baseless for the reasons set forth above. Mexico also

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

baselessly objects to the word "harm" as "vague and ambiguous." Obviously, "harm" means that effects of firearm violence to which Mexico is seeking a monetary recovery in this case. The idea that Mexico does not understand how to interpret the word "harm" is telltale of the frivolousness of Mexico's tactics in responding to discovery, especially since Mexico itself used the word "harm" in its Complaint multiple times.[4] Mexico also asserted its Privilege Objection but failed to produce a proper privilege log, as described above.

In its Deficiency Response, Mexico refuses to withdraw its objections. Ex. 8 at 14. The Court should order that Mexico has an obligation to produce all of the information and documentation responsive to these RFPs.

**G.    1st RFPs, RFP 13**

RFP 13 asks Mexico to produce for inspection the firearms allegedly recovered in Mexico sold by Defendants. In addition to the boilerplate objections addressed above, Mexico claims that the firearms at issue—the very items that Mexico alleges that Defendants sold that caused the harm for which Mexico wants to hold Defendants responsible—are "not relevant to either party's claims or defense." Mexico cannot plausibly expect Defendants to simply "trust" Mexico's allegations, without any ability of each Defendant to contest or confirm that a particular firearm was recovered in Mexico, caused a harm, and was sold/transferred by that Defendant. Serial numbers can be transposed, makes and models misidentified, and markings changed. Defendants have the right to, for example, examine the firearms to determine whether they are indeed firearms at all (and not some replica), the make, model, and serial number, and other information that are critical to determining whether Defendants ever had any involvement with them.

Mexico also asserts its Privilege Objection but fails to produce a proper privilege log, as

---

[4] Moreover, "[t]he responding party should exercise common sense and attribute ordinary definitions to the terms in discovery requests." *RG Abrams Ins. V. Law Offices of C.R. Abrams*, 2021 WL 4974050, at *8 (C.D. Cal. July 8, 2021) (quoting *Mollica v. County of Sacramento*, 2021 WL 2417118, at *2 (E.D. Cal. June 14, 2021). A party cannot object to a word in a discovery demand as "vague" without "explain[ing] how, despite any good faith efforts, this causes them difficulty in framing an intelligent response." *Id.*

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

described above. Moreover, the firearms themselves, which are physical items of evidence, cannot plausibly be subject to a claim of privilege. Further, if Mexico is relying on the presence of the firearms being in Mexico to obtain damages from Defendants, then any possible claim of privilege as to them has been waived and cannot realistically be maintained.

Mexico provides no indication that it is still in possession of this critical evidence, or whether it will even let Defendants examine the preserved evidence. Even more concerning, in Mexico's Deficiency Response, it all but concedes that it is on a fishing expedition, as it claims that it cannot produce firearms that Defendants sold for inspection *until Defendants first tell Mexico what firearms it sold*. Ex. 8 at 15. If Mexico does not know who sold the firearms that allegedly caused harm in Mexico, then Mexico lacks any good-faith basis for asserting that Defendants are the ones who sold those firearms and caused the harm at issue in this case. While Mexico's claims should be dismissed or limited for that basis, at a minimum, the Court can and should order the firearms that Mexico claims caused harm to be produced for examination by Defendants, who can then mount their defense as to why they have no connection to at least some firearms that Mexico, apparently without any basis or evidence, is seeking to attribute to Defendants.

### H.     1st RFPs, RFPs 14–24, 26–30, 32–33, 36–37, 58–59, 62–76, and 80–86

RFPs 14–24, 26–30, 32–33, 36–37, 58–59, 62–76, and 80–86 *directly quote* specific allegations that Mexico made in various paragraphs of the Complaint and ask Mexico to produce documents concerning those allegations.[5] Despite the simple and straightforward nature of those Requests, Mexico still asserts its boilerplate, repetitive, and substantively incorrect Publicly Available Objection, Ordinary Course of Business Objection, Third Party Objection, Multiple Requests Objection, Tiahrt Objection, and Multiple Categories Objection, all of which are baseless for the reasons set forth above. Mexico also asserted its Privilege Objection but failed to produce a proper privilege log, as described above. Indeed, these Requests do not, as Mexico

---

[5] RFP 25 seeks documents concerning Mexico's allegation that traffickers specifically target Defendants. Mexico asserts that RFP 25 is duplicative of RFP 23 and incorporates its responses to RFP 23. For the reasons set forth above, Mexico's response to RFP 23 is deficient.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

claims for some of them, "seek a compilation of documents" that are privileged, but, rather, documents in Mexico's possession, custody, and control concerning (on the subject of or in connection with) the allegations that Plaintiff itself made.

Under Rule 11, Mexico was required to have had an objectively reasonable basis for its factual allegations in the Complaint. *See Lake v. Gates*, No. 23-16022, 2025 WL 815191, at *2 (9th Cir. Mar. 14, 2025) ("Rule 11(b) states that, by 'signing, filing, submitting or later advocating' for a 'pleading, written motion, or other paper,' an attorney certifies that . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"). As such, Mexico must have been in possession of certain foundational documents on which the allegations are based. Mexico has not provided any such documents. Mexico cannot hide responsive documents behind a claim of privilege merely because the documents might also be in Mexico's counsel's files.

For some of these RFPs, Mexico falsely asserts that "it calls for expert discovery." While expert discovery might supplement or explain the factual allegations, experts cannot create facts. The Requests simply ask for the foundational documents in Mexico's possession, custody, or control concerning its specific allegations *already made* in the Complaint. Just because an expert could opine on a topic does not mean that Mexico is absolved from now producing responsive documents already in its possession, custody, or control, which Plaintiff must do.

## I.     1st RFPs, RFP 31

RFP 31 seeks documents concerning Mexico's allegation that Defendants profit from conduct alleged in the Complaint. Mexico asserts its boilerplate, repetitive, and substantively incorrect Reasonable Particularity Objection, Overly Broad Objection, Publicly Available Objection, Ordinary Course of Business Objection, and Multiple Requests Objection, all of which are baseless for the reasons set forth above.

Mexico has alleged the Defendants profit from the actions that Mexico set forth in the Complaint. If Mexico has documentation to support this allegation, then Mexico is obligated to produce it, and if not, then Mexico should simply respond that it has no such documents.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Mexico has the right to supplement with newly discovered information prior to the discovery deadline. Nothing about this very simple and limited Request should be difficult, other than Plaintiff's intentional, repeated efforts to stonewall Defendants' right to discovery

**J.**     <u>1st RFPs, RFPs 33–34, 38–46, 48–51, and 56–57</u>

RFPs 33–34, 48–51, and 56–57 ask for Mexico to produce documents concerning Mexico's effort to mitigate harm from which it seeks to recover from Defendants and Mexico's efforts to investigate, prosecute, fight, combat, shut down, or take any action against cartels or in connection with firearms or firearm violence. Similarly, RFPs 38–46 seek documents concerning statements and actions of Mexico, through its President, as reported by international news, indicating Mexico's affirmative support of, and lack of effort to stop, cartels. Such information is critical to Defendants' right to investigate Mexico's causation claim, including showing that Mexico, not Defendants, is the primary cause of Plaintiff's harm, such as by giving "hugs" to cartels, illegally arming cartels through employees, collaborating with cartels, and its overall failure to protect its own employees and citizenry.

Mexico asserts its boilerplate, repetitive, and substantively incorrect Reasonable Particularity Objection, Overly Broad Objection, Ordinary Course of Business Objection, Third Party Objection, Privacy Objection, Referenced Objection, and Causation Relevance Objection, all of which are baseless for the reasons set forth above. Further, the phrase "efforts to investigate, prosecute, stop, or limit the transportation of firearms" is not vague and means exactly what it says—what, if anything, has Mexico done to stop firearms from being illegally transported into Mexico, including through investigation, prosecution, other actions. In addition, Mexico complains that the Requests' use of legal terms, such as "mitigate," is also frivolous. Mitigate is not only a commonly understood term, but Mexico and its counsel are sophisticated entities that clearly understand what this term means.

**K.**     <u>1st RFPs, RFP 47</u>

RFP 47 seeks documents concerning the decline of Mexico's homicide rates. Mexico asserts its boilerplate, repetitive, and substantively incorrect Reasonable Particularity Objection, Referenced Objection, Overly Broad Objection, Multiple Requests Objection, and Causation

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

Relevance Objection. Mexico claims in its Complaint that the increase in the homicide rate in Mexico is correlated with the expiration in 2004 of the Public Safety and Recreational Firearms Use Protection Act in the United States, and the Defendants sales of such covered firearms since that time. *See* ECF Doc. 1 ¶¶ 10, 48, 123. However, the sales of what would have been classified as "assault weapons" under that old law have been prolific in the United States since 2019, yet Mexico's murder/homicide rate has declined every year from 2019 to 2023, including a reported 9.7% drop between 2021 and 2022. Further, the former president of Mexico credited this decline in the homicide rate to his "hugs not bullets" policy. As such, Mexico is clearly in possession of documentation (such as studies, reports, position papers, policy papers, press releases, etc.) as to the policies implemented and rejected to address the homicide rate in Mexico since 2004, and in particular, the decline in this rate since 2019.

In its Deficiency Response, Mexico does not withdraw its objections and instead offers to do a very limited search of only publicly available documents, a far cry from all documents within its control. Ex. 8 at 17. The Court should order that Plaintiff must withdraw its baseless objections and produce all responsive material.

**L.    1st RFPs, RFPs 54 and 55**

RFPs 54 and 55 seek documents concerning the identity [incorrectly written as "identify" in the requests] and contact information of critical witnesses for this case—victims of, and witnesses to, the crimes that Mexico alleges occurred in the Complaint as a result of Defendants' sale of firearms. Mexico is making a *parens patriae* claim on behalf of its citizens. These RFPs seek the identity of these victims and the witnesses to those associated crimes.

Mexico asserts its boilerplate, repetitive, and substantively incorrect Overly Broad Objection, Privacy Objection, Ordinary Course of Business Objection, and Third Party Objection, which are all baseless for the reasons set forth above. Further, Mexico claims that the phrase "criminal activities in Mexico identified in the Complaint is vague." As Mexico is well aware, the entire crux of Mexico's Complaint is that Defendants' sale of firearms resulted in illegal activities in Mexico, such as unlawful possession of firearms and crimes committed with those firearms. To pretend not to know what "criminal activities" are being referred to, or that

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

the Complaint does not reference such crimes, is frivolous. Mexico also asserted its Privilege Objection but failed to produce a proper privilege log, as described above.

Mexico states that it will "supplement its initial disclosures to the extent that any victims waive their privacy protections." For the reasons already explained concerning the Privacy Objection, this is baseless. A protective order is in place, and any confidential information can be appropriately protected. Mexico cannot plausibly expect to claim that people in Mexico were victims of crimes committed using firearms that Defendants sold, and to seek damages on their behalf from these Defendants, but then take the position that Defendants cannot know the identities of these persons let alone are precluded from speaking to the alleged victims or other witnesses regarding what occurred.

Oddly, Mexico's Deficiency Response indicates that it is only willing to produce the requested information if Defendants produce information about their employees. Ex. 8 at 17. At the outset, Defendants already provided information about its employees who were involved in the sales that Mexico has identified. But even if Defendants had not, that issue is totally separate from this Request, which seeks information about the very people who were witness to or harmed by gun violence for which Mexico seeks to recover from Defendants in this lawsuit. The Court should order that Mexico must withdraw its baseless objections and produce all responsive material.

**M.    1st RFPs, RFPs 60 and 61**

RFPs 60–61 seek documents concerning harm that Mexico alleges it incurred as attributable to Defendants, including investigative files (such as 911 records, reports, notes, witness statements, and other documents) and financial records concerning damages. Mexico asserts its boilerplate, repetitive, and substantively incorrect Overly Broad Objection, Privacy Objection, Ordinary Course of Business Objection, and Third Party Objection, which are all baseless for the reasons set forth above.

Mexico states that it will only produce material if Defendants "narrow[]" the RFPs, which is absurd. Mexico must produce each and every document that it intends to use to support its damages claims. In the Deficiency Letter, Defendants informed Mexico that the Request is as

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

narrow as the request needs to be and that if Mexico has no such information, the Parties should jointly seek a conference with the Court to inform the Court that Mexico has no documentation to support its damages claim, and therefore, the case should be immediately dismissed.

Mexico, in the Deficiency Response, has continued to state that it intends to rely only on experts. Ex. 8 at 17. That means that Mexico either is refusing to produce fact-based (non-expert documents) concerning its damages, or it has none. The Court should order that Mexico must withdraw its baseless objections and produce all responsive material.

### N.    1st RFPs, RFPs 77–79

RFPs 77–79 seek documents concerning scholarly, technical, trade, reports, and other material concerning the examination of the sources of gun violence in Mexico, the sources of illegal guns in Mexico, and the trafficking of guns in Mexico. Mexico asserts its boilerplate, repetitive, and substantively incorrect Reasonable Particularity Objection, Overly Broad Objection, Publicly Available Objection, Third Party Objection, and Causation Relevance Objection all of which are baseless for the reasons set forth above. Further, Mexico's objection to the words "evaluation" and "examination" as "undefined or too vague" is frivolous. Those terms have common meanings, but Defendants informed Mexico that to the extent that Mexico is confused, Mexico should use the Webster's dictionary definition of each.

Mexico agrees that it will produce certain material "considered in drafting the Complaint to support the allegations," but obviously, that is a very limited version of what the Requests seek, as it excludes relevant material in Mexico's possession, custody, or control even if not used in drafting the Complaint or undercutting the allegations in the Complaint.

In its Deficiency Response, Mexico does not withdraw its objections and instead offers to do a very limited search of only publicly available documents, a far cry from all documents within its control. Ex. 8 at 17. The Court should order that Mexico must withdraw its baseless objections and produce all responsive material.

### O.    1st RFPs, RFP 88

RFP 88 seeks documents concerning any claims or requests for funds or other relief that Mexico has made concerning harm for criminal activity in Mexico. Mexico asserts its

boilerplate, repetitive, and substantively incorrect Reasonable Particularity Objection, Overly Broad Objection, Third Party Objection, Privacy Objection, and Causation Relevance Objection, all of which are baseless for the reasons set forth above. Mexico also claims that the phrase "criminal activity" is "vague or ambiguous;" of course this is absurd on its face. Mexico's entire case is based on the criminal activity in Mexico involving illegal firearms. To pretend not to know what this phrase means in the context of this litigation, is frivolous. Finally, Mexico also asserts its Privilege Objection but fails to produce a proper privilege log, as described above.

In its Deficiency Response, while Mexico alludes to "provid[ing] a meaningful response," Mexico does not withdraw any objections and hinges that allusion on Defendants modifying the Request. Ex. 8 at 18. The Court should order that Plaintiff must withdraw its baseless objection and produce all responsive material.

## IV.    THE COURT SHOULD ORDER IMPOSE SANCTIONS ON MEXICO.

Rule 37(a)(5)(A) "provides that if the court grants a motion to compel discovery, it 'must' order the non-moving party to pay the moving party's 'reasonable expenses incurred in making the motion, including attorney's fees." *Popescu v. City of San Diego*, No. 15-CV-01657-BAS-JLB, 2017 WL 747940, at *3 (S.D. Cal. Feb. 27, 2017) (citing Fed. R. Civ. P. 37(a)(5)(A)). Exceptions to the mandatory imposition of sanctions under Rule 37(a)(5) exist, and sanctions are left "to the sound discretion of the trial judge."

Additionally, under Rule 37(d)(1)(A), "[t]he court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A); *see also Chavez v. Equifax Info. Servs., LLC*, No. 5:20-CV-02282-JWH (SPX), 2022 WL 22873140, at *3 (C.D. Cal. Nov. 30, 2022) ("Rule 37(d)(1)(A)(ii) likewise provides for sanctions if a party fails to respond to properly served interrogatories or RFPs."). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Sanctions under Rule 37(d)(1)(A) may include (i) "directing that the matters embraced in the order or other

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

designated facts be taken as established for purposes of the action, as the prevailing party claims"; (ii) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; (iii) "striking pleadings in whole or in part"; (iv) "staying further proceedings until the order is obeyed"; (v) "dismissing the action or proceeding in whole or in part"; (vi) "rendering a default judgment against the disobedient party"; and (vii) "require[ing] the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A).

Prior to filing this motion, Defendants conferred in good faith concerning Mexico's patently deficient Responses. Specifically, Defendants sent Mexico the Deficiency Letter on September 23, 2024.  Defendants then tried to meet and confer with Mexico about the Deficiency Letter during a September 30, 2024 meet-and-confer call, but Mexico was only willing to discuss alleged deficiencies in Defendants' responses and refused to engage in any discussion about its own discovery deficiencies. Thereafter, when Mexico finally sent its Deficiency Response on February 7, 2025, as set forth herein, it simply doubled down on its baseless objections and relied on its previous woefully deficient document production. Although the Parties also engaged in a meet and confer call on April 2, 2025, Mexico has not withdrawn its frivolous objections and has still not produced the meaningful material that Defendants seek.

Perhaps the most egregious examples of Mexico's conduct are as follows:

- Despite the fact that this Court already ruled, in denying Mexico's motion to strike, that Defendants have the right to pursue their affirmative defenses of Mexico's failure to mitigate, proximate cause, and unclean hands, ECF Doc. 102 at 7, 8, 13, Mexico still refuses to produce discovery on the basis that such topics are not relevant.

- Mexico disclaims any duty to produce documents concerning harm suffered by State and Local governments, even though it expressly seeks to recover for such harm.

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

- Mexico also disclaims any duty to produce factual documents concerning actual damages incurred and has continued to state that it intends to rely only on experts.

- Despite the fact that this Court has already overruled Defendants' Tiahrt objection based on Mexico's motion to compel, ECF Doc. 111, Mexico continues to assert that very objection to hide discovery that Defendants seek.

The foregoing examples are a mere fraction of the issues set forth herein, as Mexico has clearly engaged in conduct that constitutes "[a]n evasive or incomplete disclosure, answer, or response" and which thus "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Therefore, the Court should impose sanctions on Mexico in the form of the following:

- Mexico, jointly with its attorneys, shall pay Defendants' reasonable attorneys' fees and costs in connection with this motion to compel and all proceedings related to it;

- Mexico is prohibited from seeking to recover for any harm allegedly incurred in Mexico other than as specifically incurred by the Federal Mexican government (*i.e.*, Mexico cannot recover for harm allegedly incurred by State or Local governments based on its representation that it cannot collect and produce documents from them); and

- Mexico is prohibited from proclaiming, through experts or any other means, that that the Federal Mexican government incurred any damages unless Mexico first produced factual based documents to support such claimed damages.

## **CONCLUSION**

Mexico's frivolous Responses serve no purpose but to hide obviously relevant discovery, burden Defendants with fighting to obtain that information, and waste the Parties' and the Court's time in doing so. The patently clear theme in Mexico's Responses is that Mexico does not believe it has any obligation to meaningfully participate in discovery, or it is woefully ill-prepared to prosecute its case. Mexico brought this action, and Mexico has the burden of proof. If Mexico was not ready to prosecute the case, it should not have filed it.

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to compel, overrule Mexico's improper and baseless general objections, overrule Mexico's frivolous and repeated boilerplate objections, overrule Mexico's objections to specific Requests, order that Mexico must provide full and complete discovery in response to the Requests, and impose sanctions on Mexico for its egregious conduct.

Dated: April 15, 2025                    LORBER, GREENFIELD & OLSEN, LLP


By:    Louis W. Horowitz, Esq.
       3930 E. Ray Road, Suite 260
       Phoenix, AZ 85044
       lhorowitz@lorberlaw.com

and

RENZULLI LAW FIRM LLP

By:    */s/ Jeffrey Malsch*
       Christopher Renzulli, Esq. (*Pro Hac Vice*)
       Peter Malfa, Esq. (*Pro Hac Vice*)
       Jeffrey Malsch, Esq. (*Pro Hac Vice*)
       One North Broadway, Suite 1005
       White Plains, NY 10601
       crenzulli@renzullilaw.com
       pmalfa@renzullilaw.com
       jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc., Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

PISCIOTTI LALLIS ERDREICH

By:    Anthony Pisciotti, Esq. (*Pro Hac Vice*)
       Danny Lallis, Esq. (*Pro Hac Vice*)
       Ryan Erdreich, Esq. (*Pro Hac Vice*)
       30A Vreeland Road, Suite 300
       Florham Park, NJ 07932
       apisciotti@pisciotti.com
       dlallis@pisciotti.com
       rerdreich@pisciotti.com

and

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER LLP

By:    Colt B. Dodrill, Esq.
       Brian E. Cieniawski, Esq.
       Arizona Bar No. 013185
       2231 East Camelback Road, Suite 200
       Phoenix, Arizona 85016
       Colt.Dodrill@wilsonelser.com
       Brian.Cieniawski@wilsonelser.com

*Attorneys for Defendant Ammo A-Z, LLC*

## <u>CERTIFICATE PURSUANT TO L.R. CIV. P. 7.2(J)</u>

I, Jeffrey Malsch, hereby certify that, after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter." L.R. Civ. P. 7.2(j).

Dated: April 15, 2025

By:    */s/ Jeffrey Malsch*
Jeffrey Malsch
jmalsch@renzullilaw.com

## <u>CERTIFICATE PURSUANT TO FED. R. CIV. P. 37(A)(1)</u>

I, Jeffrey Malsch, hereby certify that, prior to filing this motion, Defendants "ha[ve] in good faith conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

Dated: April 15, 2025

By:    */s/ Jeffrey Malsch*　　　　　　　
Jeffrey Malsch
jmalsch@renzullilaw.com

## CERTIFICATE PURSUANT TO FED. R. CIV. P. 37(D)(1)(B)

I, Jeffrey Malsch, hereby certify that, prior to filing this motion, Defendants "ha[ve]  in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."  Fed. R. Civ. P. 37(d)(1)(B).

Dated: April 15, 2025

By:     */s/ Jeffrey Malsch*
        Jeffrey Malsch
        jmalsch@renzullilaw.com

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

1

## <u>CERTIFICATE OF SERVICE</u>

2      I, Louis W. Horowitz, hereby certify that this document was filed with the Clerk of the

3  Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing system

4  may access this filing through the Court's CM/ECF system, and notice of this filing will be sent

5  to these parties by operation of the Court's electronic filings system.

6

7  Dated: April 15, 2025

8

9                          By:    */s/Louis W. Horowitz*_____

10                                 Louis W. Horowitz
                                   lhorowitz@lorberlaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LORBER, GREENFIELD & OLSEN, LLP
3930 E. Ray Road, Suite 260, Phoenix, Arizona 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180