June 18, 2025

*VIA ECF*

Honorable Rosemary Márquez
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5160
Tucson, AZ 85701-5052

      Re: *Estados Unidos Mexicanos v. Diamondback Shooting Sports, et al.*,
      No. 4:22-cv-00472-RM

Dear Judge Márquez,

    Counsel for Plaintiff Estados Unidos Mexicanos writes to respond to Defendants' Notice of Supplemental Authority.

    In their Notice of Authority, Defendants improperly and incorrectly argue that the Supreme Court's recent decision in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. ____, No. 23-1141, 2025 WL 1583281 (June 5, 2025) ("the Manufacturer Case") supports their position in pending discovery motions in this case. Not only is Defendants' argument impermissibly made, but they could not be more wrong; the Supreme Court's opinion was narrow, addressed only limited aiding and abetting liability for gun manufacturers, and in no way restricted gun dealers' liability – and certainly not discovery.

### I. Defendants' Notice Impermissibly Contains Argument.

    Defendants admit that a Notice of Supplemental Authority "is not a venue for submission of additional argument," and "is appropriate" only when it "does not 'contain[] any argument' and 'is merely an accurate' and brief 'summary of' a new case." (ECF 158, at XX (quoting *Vega v. All My Sons Bus. Dev. LLC*, 583 F. Supp. 3d 1244, 1256 (D. Ariz. 2022).) Defendants nevertheless present substantive arguments on the discovery disputes currently pending before the Court. For example, Defendants state that the Supreme Court's ruling "is the essence of Defendants' discovery motions before this Court – Mexico should produce information or documentation as to any of Defendants' firearms that were recovered in Mexico or otherwise caused harm to Mexico, before any further discovery from Defendants is conducted." (*Id.* at 2.) Defendants further argue: "Thus, Mexico cannot rely upon generalized allegation of Defendants' nonfeasance or omissions to sustain its claims; it must come forth with specific proof of Defendants' affirmative actions that were designed to facilitate the criminal traffickers or cartel members." (*Id.*)

    Defendants' arguments clearly go beyond "merely inform[ing] the Court of this decision." *Doe v. Blue Cross Blue Shield of Ill.*, 492 F. Supp. 3d 970, 980 (D. Ariz. 2020).

1

Instead, the Notice inappropriately "highlight[s] what [Defendants] thought was important," "improperly" advances substantive arguments, "explain[s] and argue[s] the case in detail," purports to apply the Supreme Court's analysis to the present case, and invites the Court to interpret the decision in Defendants' favor. *Schnellecke Logistics United States LLC v. LUCID United States Inc.*, No. CV-22-01893-PHX-SMB, 2023 U.S. Dist. LEXIS 158521, at *2 (D. Ariz. Apr. 12, 2023) (striking notice of supplemental authority); *see also B St. Grill & Bar LLC v. Cincinnati Ins. Co.*, 525 F. Supp. 3d 1008, 1013 (D. Ariz. 2021) (striking notices of supplemental authority containing improper arguments, but considering the cases contained in those notices); *Blue Cross Blue Shield of Ill.*, 492 F. Supp. 3d at 980 ("[i]f Defendant's goal was to merely inform the Court of this decision, it accomplished that within the first sentence," which provided a case citation).[1]

## II. Defendants' Impermissibly Submitted Arguments Are Wrong.

Defendants' arguments are wrong as well as improper. First, the Supreme Court decision does not affect the disposition of this case. In the Manufacturer Case, the Supreme Court decided only what Mexico was required to allege to establish aiding and abetting liability for a predicate violation to survive a motion to dismiss against gun manufacturers under PLCAA. *See* slip op. at 7 ("Mexico relies exclusively on an aiding-and-abetting theory"); *id.* at 14 ("Mexico's complaint, for the reasons given, does not plausibly allege such aiding and abetting.") In this case, PLCAA's immunity does not turn on aiding and abetting liability; Defendants—who knowingly sold firearms to straw purchasers—are also primarily liable for the violations of various federal statutes, 18 U.S.C. § 922(a)(6); 18 U.S.C. § 922(m); 18 U.S.C. § 933. As this Court found in its denial of Defendants' Motion to Dismiss, the allegations of illegality here extend beyond mere aiding and abetting, and include direct participation in the knowing violation of federal statutes.[2] (ECF 50 at p. 13 ("The Complaint alleges that Defendants knowingly violated—or aided, abetted, and/or conspired in the violation of—firearm-specific laws of the United States, including unlicensed firearm dealing and exportation, straw sales, firearm trafficking, and false entries on ATF Form 4473.").)

---

[1] In an effort to prevent Plaintiff from responding to their inappropriate arguments, Defendants contend that "[s]uch an appropriately submitted notice of supplemental authority does not entitle any other party 'to offer rebuttal argument in response.'" (ECF 158.) As Defendants' own authority make clear, this only applies to "appropriately submitted" notices. (*Id.*) It is well established that, when one party files an inappropriate Notice of Supplemental Authority, the opposing party may respond. *See, e.g.*, *B St. Grill & Bar LLC*, 525 F. Supp. 3d at 1013; *Doe*, 492 F. Supp. 3d at 980.

[2] Allegations of aiding and abetting in this case concern Defendants' own unlawful sales to straw purchasers that aided and abetted violations of law, not manufacturers aiding and abetting the downstream conduct of dealers engaging in those unlawful sales.

2

Second, even if this case required Plaintiff to prove that Defendants aided and abetted straw purchases, "the connection between the [dealer] defendants' conduct and illegal firearm trafficking is more attenuated in the Manufacturer Case than it is here," as this Court ruled in its Order Denying Defendants' Motion to Stay, (ECF 110.) And this attenuation is significant; for example, the Supreme Court held that there was no aiding and abetting liability in the Manufacturer Case, in part, because "the manufacturers . . . sell to wholesale distributors, who sell to retail dealers, who sell to customers . . . Mexico never confronts that the manufacturers do not directly supply any dealers, bad-apple or otherwise." Slip op. at 4, 11. Here, the Defendants themselves are the ones who made the unlawful sales.[3]

Third, the Supreme Court did not establish a newfound requirement that plaintiffs prove—rather than merely allege—their claims before being permitted to obtain discovery to support their allegations. (ECF 158, at 2 (Defendants arguing that Plaintiff should have to present "information or documentation as to any of Defendants' firearms that were recovered in Mexico or otherwise caused harm to Mexico" before allowing for any further discovery from Defendants).) The Court's ruling in the Manufacturer Case solely concerned the standard for aiding and abetting violations alleged to satisfy PLCAA's predicate exception.

In sum, nothing in the Supreme Court decision undermines Plaintiff's briefing on the scope of discovery.

Respectfully submitted,

DECONCINI MCDONALD YETWIN & LACY, P.C.

Ryan O'Neal

2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

---

[3] Not only does this case identify the specific dealers (Defendants) who made unlawful sales, it (non-exhaustively) identifies straw buyers and traffickers to whom Defendants made such sales.