LORBER, GREENFIELD & POLITO LLP
Louis W. Horowitz, Esq. [S.B. #020842]
3930 E. Ray Road, Suite 260
Phoenix, AZ 85044
TEL: (602) 437-4177
FAX: (602) 437-4180
lhorowitz@lorberlaw.com

RENZULLI LAW FIRM LLP
Christopher Renzulli, Esq. (*Pro Hac Vice*)
Peter Malfa, Esq. (*Pro Hac Vice*)
Jeffrey Malsch, Esq. (*Pro Hac Vice*)
One North Broadway, Suite 1005
White Plains, NY 10601
TEL: (914) 285-0700
FAX: (914) 285-1213
crenzulli@renzullilaw.com
pmalfa@renzullilaw.com
jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc.,
Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>Plaintiff,<br><br>vs.<br><br>Diamondback Shooting Sports, Inc., an Arizona corporation; SNG Tactical, LLC, an Arizona limited liability company; Loan Prairie, LLC D/B/A The Hub, an Arizona limited liability company; Ammo A-Z, LLC, an Arizona limited liability company; Sprague's Sports, Inc., an Arizona corporation,<br><br>Defendants. | Case No: 4:22-cv-00472-TUC-RM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO ECF DOC. 155** |

## SUMMARY OF THE ARGUMENT

The Court's should deny Mexico's motion to file a surreply ("Motion"), ECF Doc. 157,

in response to Defendants' reply ("Reply"), ECF Doc. 155, which was (i) in support of Defendants' pending motions to compel ("Motions to Compel"), ECF Docs. 122, 123, 124, and (ii) in response to Mexico's oppositions to the Motions to Compel ("Oppositions"), ECF Docs. 137, 138. As set forth below, Mexico's Motion is an attempt to gain the last word on issues already argued in the parties' briefing and continues Mexico's false portrait of the discovery issues presently before this Court. As such, Plaintiff's motion should be denied.

## ARGUMENT

### I.   LEGAL STANDARD.

"Neither Fed. R. Civ. P. 7 nor the local rules of practice for this District provide for the filing of a surreply." *Millenium 3 Techs. v. ARINC, Inc.*, No. CV08-1257-PHX-JAT, 2008 WL 4737887, at *2 (D. Ariz. Oct. 29, 2008). "[S]urreplies are not authorized by any other rules of procedure absent express prior leave of the Court." *Id.* Surreplies also act as "an end-run around the page limits on briefing set forth in Local Rule 7.2(e)(1)." *Polk v. Hirko*, No. CV-23-00058-PHX-JJT, 2023 WL 1966411, at *2 (D. Ariz. Feb. 13, 2023), *appeal dismissed* (Mar. 7, 2023). Further, when a party "fil[es] its Surreply and Motion to File Surreply as one document," the party "has essentially filed a Surreply without first obtaining leave of th[e] Court to do so," making the "Surreply . . . therefore, improper." *Millenium 3 Techs.*, 2008 WL 4737887, at *2.

"Courts . . . will only allow for sur-replies in the most extraordinary circumstances." *ML Liquidating Tr. v. Mayer Hoffman McCann P.C.*, No. 2:10-CV-02019-RRB, 2011 WL 10451619, at *1 (D. Ariz. Mar. 11, 2011) (internal quotation marks omitted). "A sur-reply is appropriate when a party raises new issues or new evidence in a reply brief." *Id.* "Sur-replies, however, are generally discouraged 'as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Id.* (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)); *see also Kinsey v. Dep't of Veterans Affs.*, No. CV-19-00835-PHX-SMB, 2019

2

WL 4193944, at *2 (D. Ariz. Sept. 4, 2019) ("[c]ourts generally view motions for leave to file a sur-reply with disfavor"). None of the criteria that would form the basis of a legitimate request to file a surreply are present here, and these motions are far from extraordinary.

## II. MEXICO IMPROPERLY SUBMITTED ITS SURREPLY WITH ITS REQUEST TO FILE IT.

Rather than first seeking this Court's permission to file a surreply, Mexico submitted its surreply as part of a single ECF filing attached to its request for leave. Motion at 6–11. Mexico's choice to do so is an obvious attempt to get the surreply in the record and before the Court, regardless of whether the Court authorizes its filing. Such a tactic is improper and alone warrants this Court denying Mexico's Motion and disallowing the surreply. *See Millenium 3 Techs.*, 2008 WL 4737887, at *2.

## III. MEXICO'S PURPORTED BASIS FOR A SURREPLY IS MISEADLING AND INSUFFICIENT TO WARRANT A SURREPLY.

Even if the Court considers the request to file a surreply despite the surreply being filed before permission was granted to do so, the Court should still deny the Motion. Plaintiff sets forth two reasons that purportedly justify its filing of the proposed surreply. Motion at 3. First, Plaintiff argues that in Defendants' Reply, "Defendants raised for the first time . . . the argument that the Government has waived privilege for certain documents by not including them on a privilege log." (*Id.*) But in so doing, Mexico ignores Defendants' argument on that point which stemmed directly from Defendants' Motions to Compel and Mexico's position in the Oppositions.

Specifically, in the Motion to Compel, Defendants argued, "Mexico elected not to include any other documents on its privilege log, despite asserting its privilege objection to Requests that go far beyond those two documents" and, thus, "[t]he Court should order that Mexico must provide an appropriate privilege log." ECF Doc. 124 at 9. In response to that argument, in one of its Oppositions, Mexico argued, "the only documents withheld" from its

LORBER, GREENFIELD & POLITO, LLP
3930 E. Ray Road, Suite 260, Phoenix, AZ 85044
Telephone (602) 437-4177 / Facsimile (602) 437-4180

August 2024 production or "supplemental production" "on the basis of privilege were" those two documents listed on Mexico's privilege log and that "[t]here is simply nothing here to compel." ECF Doc. 137 at 29.

Accordingly, in the Reply, merely accepting Mexico's representation that it was not withholding any other documents based on privilege, Defendants argued as follows:

> Mexico's privilege log, which Mexico failed to timely provide, is patently deficient. It includes only two items, which are the trace requests Mexico refuses to produce based on the Tiahrt Amendment. ECF Doc. 122-12. Mexico elected not to include any other documents on its privilege log, despite asserting privilege objections to Requests that go far beyond those two documents.
>
> If Mexico's position . . . that it has no other privileged documents is correct, then Mexico must produce all emails between and among its attorney general equivalent and prosecutors, including to or from anyone, concerning firearms violence and other topics at issue in this case, as Mexico has now taken the position that such materials are not privileged. If Mexico is maintaining that such materials—which must exist—are privileged, then the Court should order that Mexico must provide an appropriate privilege log. Otherwise, Defendants will accept that Mexico has affirmatively made the seemingly unthinkable admission that its attorney general equivalent and prosecutors had no involvement in Mexico's efforts to prevent or mitigate gun violence or trafficking.

ECF Doc. 155 at 9. Nothing about that argument—made directly in response to Mexico's statements in one of its Oppositions and highlighting the implausibility of Mexico's assertions—warrants permitting Mexico the opportunity to file a surreply. *See ML Liquidating Tr.*, 2011 WL 10451619, at *1 ("sur-reply is appropriate when a party raises *new issues or new evidence in a reply brief*") (emphasis added).

Second, Plaintiff misleadingly states that in Defendants' Reply, Defendants "asked for an order that the Government produce the entirety of its 'RECAF database,'" which was an "expansion" of Defendants' previous position. Motion at 3. Any databases in Mexico's possession, custody, or control that track the firearms that allegedly caused harm in Mexico, for which Mexico seeks to recover in this lawsuit, have been at the forefront of Defendants' Motions to Compel since discovery began, including specifically the RECAF database. *E.g.*, ECF Doc. 122 at 18 ("Mexico provides a substantive answer for 2020 onward only and

4

references a RECAF database, but Plaintiff has *not* produced data from the RECAF database, which is clearly responsive to numerous RFPs"); ECF Doc. 123 at 7 ("RFP 5 seeks documents concerning the tracing of firearms recovered in or attributable to the harm alleged by Mexico"); *id.* at 8 ("Mexico has a database of firearms recovered from illegal users and possessors").1 The discussion of the RECAF database in the Reply is plainly not a "new issue[] or new evidence." *ML Liquidating Tr.*, 2011 WL 10451619, at *1. Thus, as Mexico's only two purported bases for asking to file a surreply are patently not a "new issue[] or new evidence," *ML Liquidating Tr.*, 2011 WL 10451619, at *1, the Court should deny the Motion and disallow Mexico's proposed surreply.

## IV. THE SURREPLY ONLY FORTIFIES MEXICO'S DISCOVERY VIOLATIONS IN THIS MATTER.

Ironically, Mexico's proposed surreply only underscores its failure to meaningfully participate in discovery. First, Mexico now admits that it did not bother to collect obviously and patently responsive emails involving its law enforcement's alleged efforts (or lack thereof) to stop firearms crimes. ECF Doc. 157 at 7–8. Mexico has continuously and categorically refused to produce substantial categories of material, including those that go to mitigation and/or causation. Motion at 8. Those across-the-board refusals to participate in discovery, and not Defendants' alleged failure to provide search terms and custodians, are the issue here and before the Court in the Motions to Compel.

Mexico's choice to not even collect this material, despite its clearly responsive and highly relevant nature, runs afoul of Mexico's discovery duties in this matter and does not absolve Mexico of its failure to list such material on a privilege log, if privilege was a purported basis for withholding it, *which Mexico repeatedly listed in its responses and objections in the Motions to Compel.* Mexico cannot now post-hoc claim that it wants to list other documents as

---

1 Indeed, Mexico already argued the very point it wants to make in the surreply in one of its Oppositions, where it said, "Defendants' firearms requests can be narrowed to produce information that is available in RECAF." ECF DOC. 137 at 14. This just goes to show that Mexico's purpose in filing the instant motion was improper gamesmanship and to have the last word. *ML Liquidating Tr.*, 2011 WL 10451619, at *1.

privileged when it has had the ability to do so all along.

Second, Mexico's statement that "Defendants are no longer 'only' asking for the production of information from RECAF . . . responsive to their . . . requests, but instead wholesale production of the entire 'RECAF database'" is itself a concession that the RECAF database has responsive, relevant information.  Motion at 9.  If some of the RECAF database has nothing to do with the issues in this case—which is something only Mexico, not Defendants, could know because while Mexico has access to the database, it has refused to produce information from it to Defendants—Defendants clarify that, as was always their intention, only responsive information need be produced.  If the entire RECAF database is responsive, then the entire database should be produced; if only portions of it are responsive, then only those responsive aspects of it need be.

## **CONCLUSION**

For the reasons set forth herein, Mexico has no valid basis for filing a surreply, as the Reply contained no new issues or evidence.  Further, Mexico's surreply that was improperly attached to its request is also substantively baseless, for the reasons explained above.  Thus, the Court should deny the Motion and strike Mexico's proposed surreply from the docket (ECF 157, pp. 6-11), which is nothing more than an obvious and unwarranted attempt to have the last word.  The Court should order that Mexico provide full and complete discovery in response to the discovery requests at issue in the Motions to Compel, and impose sanctions on Mexico for its dilatory discovery related conduct, which is only exacerbated by Mexico's frivolous request to file a surreply.

Dated: June 19, 2025

LORBER, GREENFIELD & POLITO, LLP

By:   Louis W. Horowitz, Esq.
      3930 E. Ray Road, Suite 260
      Phoenix, AZ 85044
      lhorowitz@lorberlaw.com

and

RENZULLI LAW FIRM LLP

By:   */s/ Jeffrey Malsch*
      Christopher Renzulli, Esq. (*Pro Hac Vice*)
      Peter Malfa, Esq. (*Pro Hac Vice*)
      Jeffrey Malsch, Esq. (*Pro Hac Vice*)
      One North Broadway, Suite 1005
      White Plains, NY 10601
      crenzulli@renzullilaw.com
      pmalfa@renzullilaw.com
      jmalsch@renzullilaw.com

*Attorneys for Defendants Diamondback Shooting Sports, Inc., Loan Prairie, LLC d/b/a The Hub, SNG Tactical, LLC and Sprague's Sports, Inc.*

PISCIOTTI LALLIS ERDREICH

By:   Anthony Pisciotti, Esq. (*Pro Hac Vice*)
      Danny Lallis, Esq. (*Pro Hac Vice*)
      Ryan Erdreich, Esq. (*Pro Hac Vice*)
      30A Vreeland Road, Suite 300
      Florham Park, NJ 07932
      apisciotti@pisciotti.com
      dlallis@pisciotti.com
      rerdreich@pisciotti.com

and

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: Colt B. Dodrill, Esq.
Brian E. Cieniawski, Esq.
Arizona Bar No. 013185
2231 East Camelback Road, Suite 200
Phoenix, Arizona 85016
Colt.Dodrill@wilsonelser.com
Brian.Cieniawski@wilsonelser.com

*Attorneys for Defendant Ammo A-Z, LLC*

## CERTIFICATE OF SERVICE

I, Jeffrey Malsch, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: June 19, 2025

By: */s/ Jeffrey Malsch*
Jeffrey Malsch
jmalsch@renzullilaw.com

8