DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

Ryan O'Neal (AZ # 031919)
roneal@dmyl.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Estados Unidos Mexicanos,<br><br>*Plaintiff*<br><br>*vs.*<br><br>Diamondback Shooting Sports, Inc., *et al.*,<br><br>*Defendants* | **DECLARATION OF JAKE STEISEL IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION TO PRESERVE EVIDENCE**<br><br>NO. 4:22-cv-00472-TUC-RM |

I, Jake Steisel, hereby declare as follows:

1. I am a Senior Staff Attorney at Global Action on Gun Violence. I make this declaration in support of Plaintiff's Emergency Motion to Preserve Evidence. Except as otherwise stated, I have personal knowledge of the matters set forth herein and will testify thereto if called upon to do so.

2. Exhibit 1 is a true and accurate copy of an August 12, 2026, letter from Plaintiff's counsel, Julia McGrath, to Defendant Diamondback Shooting Sports, Inc.

3. Exhibit 2 is a true and accurate copy of an August 17, 2026, letter from Diamondback's counsel, Jeffrey Malsch, to Plaintiff's counsel, Julia McGrath.

4. Exhibit 3 is a true and accurate copy of an email exchange between Plaintiff's counsel and Diamondback's counsel consisting of an August 18, 2026, email sent by Plaintiff's counsel, Jake Steisel, to Diamondback, and an August 20, 2026, email sent from Diamondback's counsel, Jeffrey Malsch, to Plaintiff's counsel, Jake Steisel.

5. On August 20, 2026, counsel for the parties met and conferred over the dispute that is the subject of Plaintiff's Emergency Motion to Preserve Evidence.

6. At the meet and confer, Diamondback's counsel explained that Diamondback currently holds two Federal Firearms Licenses ("FFLs"). One of those licenses is set to expire on October 1, 2026, and has not been used since December 2023, when Diamondback began using a third-party vendor that supported records from only a single FFL. As a result, Diamondback chose to digitize the records associated with its other FFL, which it is currently using to operate its business, and allow the other license to expire on October 1, 2026.

7. Diamondback's counsel also informed Plaintiff that during periodic ATF audits since December 2023, ATF investigators had expressed frustration about having to visit Diamondback to review paper records associated with the expiring FFL, and indicated that ATF had "assumed" that the records would be turned in once the FFL expired.

8. Diamondback's counsel acknowledged that ATF has not asked or directed it not to renew the license, and that there is no legal reason it cannot renew the license, which would only cost a small amount of money.

9. Diamondback's counsel further stated that the ATF investigators referenced above had not been told that the records had to be preserved for pending litigation.



DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

10. Diamondback's counsel also agreed that, if Diamondback chose not to renew its license, the other, unexpiring FFL that Diamondback is currently using would qualify as a "successor" FFL that could accept records from the expiring FFL.

11. At no point in the meet and confer did Diamondback's counsel explain why it did not raise this issue of the sales records purportedly having to be transferred to ATF until August 17, 2026.

12. During the meet and confer, Diamondback's counsel stated that it would contact ATF, inform it about the litigation, and seek an extension of the purported deadline to deliver its records.

13. Plaintiff's counsel informed Diamondback that due to the August 31, 2026, deadline to begin scanning the records, Plaintiff would file this Motion on August 25, 2026, if no satisfactory resolution was obtained.

I declare that the foregoing is true under the penalty of perjury.

Dated: August 25, 2026
Brooklyn, New York

*<u>/s/ Jake Steisel</u>*
Jake Steisel

**CERTIFICATE OF SERVICE**

I, Ryan O'Neal, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: August 25, 2026

/s/ *Ryan O'Neal*
Ryan O'Neal

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

# EXHIBIT 1

BERGER | MONTAGUE

**JULIA MCGRATH** / *SHAREHOLDER*
d 215.875.4675 | jmcgrath@bergermontague.com

August 12, 2026

**VIA EMAIL**

Jeffrey Malsch
Renzulli Law Firm LLP
One North Broadway, Suite 1005
White Plains, NY 10601
jmalsch@renzullilaw.com

**CC:**

Ryan L. Erdreich
Pisciotti Lallis Erdreich
445 Hamilton Ave., Suite 1102
White Plains, NY 10601
rerdreich@pisciotti.com

**Re:** ***Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc. et al.*, 4:22-cv-00472**

Counsel,

I write to follow up on the status of your document productions in the above-referenced matter.

On June 5, 2026, you produced a spreadsheet of firearm sales by Diamondback that matched the weapons identified in the December 10, 2025 spreadsheets produced by the Government of weapons recovered in Mexico.

On June 9, 2026, you produced documents Vol 005, consisting of tax returns, and Vol 006, consisting of ATF Forms and some sales receipts for firearms identified in the June 5 spreadsheet. On July 10, you produced an overlay for Vol 006 revising redactions made to the ATF Forms. On July 15, you produced Vol 007, with additional firearm transaction records for firearms identified in the June 5 spreadsheet.

**Sales Records**

We have reviewed your production to date and the sales identified in Diamondback's June 5 spreadsheet, and there are ATF forms missing for the sales identified in Appendix A to this letter.

**Please confirm that you are continuing to search for and will produce these records.**

BERGER | MONTAGUE

The June 5 spreadsheet, however, is just one category of firearm sales for which the Court required you to search and produce related documents (category (a)). We understand you are still identifying sales responsive to category (b) firearms for which Defendants received trace requests or other law enforcement communications during the responsive period; and category (c) if they relate to any other firearms, ammunition, or firearm accessories sold to the same individuals who purchased any firearm in categories (a) and (b). *See* ECF No. 165, at 9 (holding discoverable sales records "(b) if they relate to any other firearms for which Defendants received trace requests or other law enforcement communications during the responsive period; and/or (c) if they relate to any other firearms, ammunition, or firearm accessories sold to the same individuals who purchased any firearm in categories (a) and (b)"); Feb. 2, 2026 Ltr. from J. McGrath.[1]

For category (b), the Parties agreed Diamondback would use the following criteria to identify firearms for which Defendants received trace requests or other law enforcement communications during the Relevant Time Period:

1. Custodians/email addresses: compliance@dbackshootingsports.com, Doug MacKinlay (DMAC@dbackpolice.com), Ben Anderson (ben@dbackpolice.com), retailsales@dbackpolice.com, info@dbackshootingsports.com[2]

2. Relevant Time Period: October 1, 2016 through present;[3] and

3. Search string: (4473 OR trac* OR subpoena* OR prosecut* OR arrest* OR video* OR straw OR receipt* OR request* OR sale* OR purchase* OR gun* OR bought*) AND (*@fbi.gov OR *@atf.gov OR *@usdoj.gov OR *@dhs.gov OR *@hsi.dhs.gov OR *@ice.dhs.gov) AND NOT *@renzullilaw.com.

Consistent with the process used to identify a list of responsive firearm sales for category (a), the Government expects Diamondback will provide a spreadsheet of firearm sales that are responsive to category (b). **Please confirm (1) when you will provide that spreadsheet, (2) when you will produce the responsive communications that relate to firearms for which you received trace requests or other law enforcement communications, and (3) will produce responsive documents[4] for the related sales in category (b).**

---

[1] *See* Apr. 27, 2026 Ltr. from J. Malsch; May 8, 2026 Ltr. from J. McGrath.

[2] *See* May 26, 2026 Ltr. from J. Malsch. The Government is relying on Diamondback to identify the custodians and email accounts likely to contain discoverable information here and reserves all rights to seek additional custodians, email accounts, or non-custodial sources if these are insufficient.

[3] *See* ECF No. 165, at 9.

[4] As outlined further below, the documents that must be produced related to the gun sales in categories (a) – (c) include: ATF Forms (4473s, 3310.4s, 3310.12s), sales receipts or invoices,

For category (c) firearms, ammunition, or firearm accessories sold to the same individuals who purchased any firearm in categories, we expect that once Diamondback and all the other Defendants produce the spreadsheets of sales identified in category (a) and (b), that we will compile a master list of all sales captured by categories (a) and (b) and that all Defendants will then search for and produce responsive documents[5] for all firearms, ammunition, or accessories sold to those same individuals during the October 1, 2016 to present Relevant Time Period.

For all of the Firearm Sales outlined in categories (a) through (c) above, you are required to produce not only ATF Forms and sales receipts or invoices, but also other sales records such as communications with law enforcement, internal communications (*see infra*), A&D book records and transaction sales data. *See e.g.*, Feb. 2, 2026 Ltr. from J. McGrath, at 1-2. **Please confirm that you are continuing to search for and will produce these records.**

**Communications Related to Relevant Sales**

The Government seeks all external and internal communications related to the Relevant Sales identified in categories (a) through (c) above, as well as all sales identified in the Complaint and Exhibit A of Plaintiffs' First Set of RFPs. *See* RFPs 10, 13, 22, 23.

***Communications with law enforcement related to firearm sales***: Such communications are clearly relevant to, *inter alia*, Defendant's knowledge of red flags, Defendant's notice of risks of its sales practices, and patterns and practices of conduct. The Court explained that law enforcement communications are "related" to the sales records Defendants must produce, which include those records that were the subject of such communications, and ordered the parties to meet and confer regarding the production of such documents. *See* ECF 165 at 9 & n.5. The burden on Defendants to produce these communications is extremely low, since Defendants are already searching for and reviewing such communications in order to identify the relevant sales in category (b) above. Defendants also agreed to produce communications with law enforcement in their initial round of productions related to the sales identified in the Complaint and Exhibit A of Plaintiffs' RFPs. There is no basis for withholding them with respect to sales identified as relevant pursuant to the Court's order. *See e.g.*, Apr. 9, 2026 Ltr. from J. McGrath, at 3 (memorializing Defendants' position on a meet and confer that "Defendants are willing to produce, have produced, and/or are continuing to search for communications with law enforcement and internal communications related to transactions identified by the Government in the Complaint and Ex. A of the RFPs."); DBK001184; DBK001194; SNG001353; SNG001355.

**Please confirm you will be producing all communications with law enforcement related to your firearm sales.**

---

communications with law enforcement, internal communications, A&D book records, and transaction sales data. *See e.g.*, Feb. 2, 2026 Ltr. from J. McGrath, at 2-3.

[5] Again, responsive documents include all categories of documents outlined in n.4, *supra*.

BERGER | MONTAGUE

***Internal communications related to relevant sales***: Internal or follow-up communications related to the sales identified in categories (a) – (c) are clearly relevant to Defendants' knowledge of red flags and risks associated with Defendants' sales. This information is suitable to an ESI search and would not be unduly burdensome. In your May 26, 2026 letter, you indicated a willingness to meet and confer regarding the production of internal communications. *See* May 26, 2026 Ltr. from J. Malsch at 1-2**. Please confirm that you will produce internal communications related to the relevant sales or provide a date you are available to meet and confer.**

**Other Outstanding Discovery**:

***Search Term Proposal.*** In our February 2, 2026 letter, the Government provided search terms for (1) Training Materials, Risks of Negligent or Unlawful Sales, Detection/Prevention of Unlawful Sales (RFPs 18-20, 30, 31); (2) Documents Related to FFL License, Inspections, and Law Enforcement Actions (RFP 24); and (3) Documents Related to Firearm Sales Sent or Received from Defendants and Trade Associations (RFPs 21, 26). *See* Feb. 2, 2026 Ltr. from J. McGrath, at 2-3, 5. Defendants have not articulated an objection to the Government's proposed search terms.

**Please confirm that Diamondback will run those search terms and produce responsive, non-privileged documents that hit upon those search terms for RFPs 18-21, 24, 26, and 31.**

***Go Get Documents.*** Finally, the Government previously proposed the following categories of documents that are amenable to searching on a go-get basis: (1) employee records (RFPs 15, 17); (2) employees working during relevant sales (RFP 16)[6]; (3) document retention policies, communications with third parties related to this litigation, and documents related to initial disclosures (RFPs 37, 39, 41); (4) and financial documents (RFP 28). *See* Feb. 2, 2026 Ltr. from J. McGrath, at 2-3. **Please confirm that Diamondback is searching for and will produce non-privileged documents responsive to RFPs 15-17, 28, 37, 39, and 41**.

Sincerely,

Julia R. McGrath

[6] You noted in your May 26 letter that the identity of the employees associated with each sale will be disclosed on the associated ATF 4473 form. *See* May 26, 2026 Ltr. from J. Malsch at 3. However, as explained *supra*, Diamondback has not completed its production of ATF 4473 forms. The ATF Forms are also insufficient because it will only provide the name of the one employee that signed off on the sale. It does not provide the names of other employees that may have witnessed or been involved with the sale. The identity of other employees working during the identified sales is relevant because they may have observed the sale, supervised the sale, interacted with the customer, and/or otherwise participated in the sale.

**Appendix A: Missing Sales Records**

Missing ATF Form 4473:

- Serial No. SV7072790
- Serial No. ACG006709
- Serial No. 1KA30902
- Serial No. BWMP643
- Serial No. G37521
- Serial No. WWWV68
- Serial No. 38SS07734
- Serial No. 2930574
- Serial No. AKB076245
- Serial No. AKB078314
- Serial No. AKB075013
- Serial No. AKB076718
- Serial No. AFEY236
- Serial No. BVSP614
- Serial No. AKB068289
- Serial No. AKB077000

Missing ATF Form 3310.12:

- Serial Nos. PAC1158173 & SV7040591

Missing ATF Form 3310.4:

- Serial Nos. BGBB259 & BENP351
- Serial Nos. BSZV395 & L253429
- Serial Nos. DB1744287 & 58C27499
- Serial Nos. 38SS07734 & 2930574

Missing sales receipts:

- Serial No. YDX914
- Serial No. GM841844
- Serial No. SCB154385
- Serial No. SCB154376
- Serial No. PA017915

BERGER | MONTAGUE

- Serial No. C39V2A27662
- Serial No. BEUD254
- Serial No. TKU68593
- Serial No. B00374
- Serial No. C39V2A44425
- Serial No. 17181989
- Serial No. 58C033962
- Serial No. BGNT692
- Serial No. RAS47096873
- Serial No. TH91339
- Serial No. LE126202
- Serial No. S3660891
- Serial No. 302-20524
- Serial No. 58B259184
- Serial No. BFWW240
- Serial No. BFWW238
- Serial No. PAC1158173
- Serial No. SV7001142
- Serial No. 18190010
- Serial No. TWB269
- Serial No. 380325928
- Serial No. C206267
- Serial No. 19-000804
- Serial No. TK13115
- Serial No. RIA1988827
- Serial No. UBY162
- Serial No. NSL159004
- Serial No. TMW65688
- Serial No. JCN7411
- Serial No. Z92000106
- Serial No. C469616
- Serial No. SCB009376
- Serial No. ST273009
- Serial No. 85823437
- Serial No. SCD638456
- Serial No. 66B127026

BERGER MONTAGUE

- Serial No. ST319174
- Serial No. AS10142506
- Serial No. W1015093
- Serial No. PAC1145472
- Serial No. JEP3748
- Serial No. SV7040591
- Serial No. SV7072790
- Serial No. UA1759
- Serial No. SV7078811
- Serial No. NHA1221
- Serial No. ACG006709
- Serial No. BGBB259
- Serial No. AFLB991
- Serial No. 1KA30902
- Serial No. SV7092131
- Serial No. TU74792
- Serial No. SV7003584
- Serial No. BWMP643
- Serial No. G37521
- Serial No. AFSD575
- Serial No. NLS5555
- Serial No. BENP351
- Serial No. BSZV395
- Serial No. AV4703300
- Serial No. ADJ719889
- Serial No. BYLZ602
- Serial No. L253429
- Serial No. SA47005954
- Serial No. M9-008334CA
- Serial No. DB1744287
- Serial No. CAPB459
- Serial No. SV7130497
- Serial No. CCAF575
- Serial No. B60629
- Serial No. 33054
- Serial No. BRPK362

BERGER MONTAGUE

- Serial No. SV7040283
- Serial No. 58C27499
- Serial No. 15122675
- Serial No. 663-03281
- Serial No. 15122685
- Serial No. KF10315
- Serial No. KN02689
- Serial No. B43360
- Serial No. B60629
- Serial No. B43506
- Serial No. TJ60087
- Serial No. NBN0090
- Serial No. 11511
- Serial No. 1049
- Serial No. 15122673
- Serial No. 15122674
- Serial No. KM32226
- Serial No. 180-03490
- Serial No. TAC 15-0340
- Serial No. JJE62091
- Serial No. FG224121

# EXHIBIT 2

RLF | RENZULLI LAW FIRM LLP

ONE NORTH BROADWAY, SUITE 1005
WHITE PLAINS, NY 10601
TEL (914) 285-0700 ■ FAX (914) 285-1213
www.renzullilaw.com

August 17, 2026

Julia R. McGrath
Berger Montague
1818 Market Street, Suite 3600
Philadelphia, PA 19103
jmcgrath@bergermontague.com

**Re: *Estados Unidos Mexicanos v. Diamondback Shooting Sports, Inc., et al.*, 4:22-cv-00472**

Dear Ms. McGrath:

As you are aware, this office represents defendants Diamondback Shooting Sports, Inc., Loan Prairie, LLC, SNG Tactical, LLC, and Sprague's Sports, Inc. (collectively, "Defendants") relative to the above matter.

We write to you on behalf on Defendant Diamondback Shooting Sports, Inc. (hereinafter "Diamondback") in response to Plaintiff Estados Unidos Mexicanos' (hereinafter "Mexico" or "Plaintiff") letter dated August 12, 2026, addressed to Diamondback concerning the status of Diamondback's productions in the above matter.

**1. Sales Records**

Diamondback produced sales records and ATF Forms for the sales identified in Diamondback's June 5 spreadsheet in accordance with category (a) of the Court's discovery order. ECF No. 165, at 9. Diamondback is continuing to search for, review, and will produce additional responsive documents, as further explained below. We also address specific issues identified in your recent letter.

**a. ATF Forms 4473, 3310.4, and 3310.12**

ATF Forms 4473 pertaining to Serial No. WWWV68, Serial No. 38SS07734, and Serial No. 2930574 are not responsive to category (a) because the firearms were not recovered in Mexico. These serial numbers are not in any of the spreadsheets of firearms recovered in Mexico produced by Plaintiff. It appears that Plaintiff acquired these serial numbers from the receipts attached to the receipt for Serial No. PMD-10597-19 (DBK000001659– DBK000001659), which was recovered in Mexico. Furthermore, Serial No. 38SS07734 and Serial No. 2930574 were sold before the responsive period (*i.e.*, October 1, 2016). ECF No. 165, at 7. Therefore, Diamondback is not required to produce additional sales records pertaining to these firearms in response to category (a).

ATF Forms 4473 pertaining to Serial No. SV7072790, Serial No. ACG006709, Serial No. 1KA30902, Serial No. BWMP643, Serial No. G37521, Serial No. AKB076245, Serial No. AKB078314, Serial No. AKB075013, Serial No. AKB076718, Serial No. AFEY236, Serial No. BVSP614, Serial No. AKB068289, and Serial No. AKB077000 will be produced in Diamondback's next production.

ATF Form 3310.12 pertaining to Serial No. PAC1158173 and Serial No. SV7040591 does not exist because the sale did not involve multiple rifles. According to ATF Form 4473 for this transaction (DBK000002104), Serial No. PAC1158173 is a Pioneer Arms Hellpup pistol, Serial No. SV7040591 is a Century Arms VSKA rifle, and Serial No. UA1759 is a TARA TM-9X pistol. Therefore, ATF Form 3310.4 is the proper form for this transaction because it involved the multiple sale of pistols. ATF Form 3310.4 for Serial No. PAC1158173 and Serial No. UA1759 will be produced.

ATF Form 3310.4 pertaining to Serial No. 38SS07734 and Serial No. 2930574 are not responsive to category (a) because the firearms were not recovered in Mexico and were sold before the responsive period. *Supra* ¶ 1(a). Therefore, Diamondback is not required to produce additional sales records pertaining to these firearms in response to category (a).

ATF Forms 3310.4 for Serial No. BGBB259 and Serial No. BENP351, Serial No. BSZV395 and Serial No. L253429, and Serial No. DB1744287 and Serial No. 58C27499 will be produced.

**b. Trace Requests and Law Enforcement Communications**

Diamondback is continuing to search for sales records and documents responsive to category (b) of the Court's discovery order. *See* ECF No. 165, at 9 (holding that "sales records from October 1, 2016, through present are relevant…(b) if they relate to any firearms for which Defendants received trace requests or other law enforcement communications during the responsive period"). Diamondback is using the agreed upon criteria to identify documents responsive to category (b), such as ATF Forms, sales receipts or invoices, and communications with law enforcement, and anticipates producing responsive documents by August 31, 2026.

Defendants will not be producing spreadsheets for firearm sales that are responsive to category (b). Defendants are not required to create such spreadsheets.

Defendants also disagree with Plaintiff's characterization of the documents that must be produced related to the firearm sales in categories (a) through (c). As stated in our letter dated May 26, 2026, the Court held that "Defendants' *sales records* are discoverable" to the extent "(a) [] they relate to any firearms recovered at a crime scene in Mexico during the responsive period; (b) [] they relate to any other firearms for which Defendants received trace requests or other law enforcement communications during the responsive period; and/or (c) [] they relate to any other firearms, ammunition, or firearm accessories sold to the same individuals who purchased any firearm in categories (a) and (b)." ECF No. 165, at 9 (emphasis added). The Court did not address the discoverability of internal communications concerning trace requests or otherwise. Furthermore, the Court specifically excluded Defendants' acquisitions and purchases from discovery. *See* ECF No. 165, at 9 ("The Court finds that Plaintiff has not established the relevance of records related to

Defendants' firearm, ammunition, and firearm accessory purchases."). Therefore, Defendants including Diamondback object to producing internal communications and A&D book records.

**c. Related Sales Records for Categories (a) and (b)**

A substantial number of documents responsive to categories (a) and (b) were already electronically scanned and digitized independent of this litigation. However, there are an unknown number of documents which may be potentially responsive to category (c) that remain in paper form. As a result, for category (c), Diamondback would be forced to search through thousands of paper records (spanning a period of eight years) by hand to identify any potentially responsive documents.

Further, Diamondback's prior federal firearm license ("FFL") expires October 1, 2026. When an FFL expires, the licensee must send all required records to the ATF Out-of-Business Records Center managed by the National Tracing Center within 30 days. This includes A&D bound books and ATF Forms, including 4473s, theft-loss, and multiple sales reports. Accordingly, Diamondback must submit these paper records to ATF by October 30, 2026.

Diamondback's ESI vendor can scan these paper records. The ESI vendor has quoted Diamondback approximately $204,460 to complete this project. Be advised that this quote does not include making the digital versions text searchable and does not account for subsequent storage fees. Electronically scanning and storing Diamondback's paper records—let alone searching for and producing any potentially responsive documents that may exist—would cause an undue burden and would be disproportionate to the needs of the case. This will make complete production in compliance with category (c) not feasible for Diamondback.

Please let us know if Plaintiff is willing to forgo compelling production of documents potentially responsive to category (c) from Diamondback's paper records. In the alternative, if Mexico is willing to pay for our ESI vendor to complete this scanning project before October 30, 2026, we will move forward with that project. If Mexico agrees to do so, we will agree to pay for the storage fees associated with these digitized records as part of Diamondback's ESI collection. Please let us know if you would like to discuss further, but be advised that October 30, 2026 is a hard deadline pursuant to federal law, and this project would likely take up to 60 days to complete, so Mexico's decision on whether to fund this scanning project should be made by August 31, 2026. Otherwise, Mexico will need to seek the Court's assistance as these records will be delivered to ATF pursuant to federal law and will no longer be in the possession or under the control of Diamondback.

**2. Other Outstanding Discovery**

**a. Search Term Proposal**

As stated in our letter dated May 26, 2026, Defendants cannot commit to any specific further searches at this time until we can ascertain the volume of records to be produced in our ongoing collection and review. Substantial document production projects are already underway at significant cost to Defendants. Defendants remain amenable to meet and confer regarding Plaintiff's proposed

search terms to identify documents responsive to additional RFPs. Defendants reserve their rights to refuse discovery requests that are unduly burdensome and disproportionate to the needs of the case.

**b. Go Get Documents**

Diamondback has already substantively responded to Plaintiff's request for "go-get" documents and produced non-privileged documents responsive to RFPs 15–17, 37, 39, and 41 to the extent they exist. *See* Diamondback's First Supplemental Objections and Responses to Plaintiffs' First Set of Request for Production of Documents, dated March 7, 2025. In addition, Diamondback produced documents responsive to RFP 28 on June 9, 2026.

Diamondback is available to meet and confer to discuss these topics at your earliest convenience.

Very truly yours,

**RENZULLI LAW FIRM, LLP**

Jeffrey Malsch

cc: Counsel of record

# EXHIBIT 3

Outlook

**RE: [EXTERNAL] MX v. Diamondback - Diamondback productions**

**From** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Date** Thu 8/20/2026 3:43 PM
**To** Jake Steisel <jsteisel@actiononguns.org>; Julia R. McGrath <jmcgrath@bergermontague.com>
**Cc** Natasha G. Menell <nmenell@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Dana Mulhauser <dmulhauser@everytown.org>; Justin Gottuso <jgottuso@renzullilaw.com>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Gabrielle Dylag <gdylag@renzullilaw.com>

1 attachment (97 KB)
Diamondback scanning estimate.pdf;

Jake,

Diamondback currently maintains two FFLS, the dealer FFL (DBK000988) is not being used and is expiring. While the regulations may allow Diamondback to transfer the old records to the new FFL, the ATF has indicated that Diamondback should turn them in when this license expires. Furthermore, once an FFL transfers records from one license to another, it is unclear if those records can thereafter be turned into ATF without relinquishing the transferee license or getting yet another FFL. Diamondback is not willing to refuse a request from its regulatory agency and is not willing to transfer possession of paper records to a license that is now using electronic record keeping.

The initial estimate for this project that you reference in your email was based on a description of the records. The attached proposal for work is based on the vendor personally observing the scope of work and based on a similar experience for another project.

As noted, we anticipate these records being turned into ATF by October 30. However, we can also try to work with ATF to get this deadline extended if your client is willing to pay for the scanning project. Otherwise, once we produce the records as required by the Court, we see no rationale to maintain these records.

Yours,

Renzulli Law Firm, LLP

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP

...Where Clients Come First

One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Tuesday, August 18, 2026 3:04 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Julia R. McGrath <jmcgrath@bergermontague.com>
**Cc:** Natasha G. Menell <nmenell@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; rerdreich@pisciotti.com; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Wright, Kim P. <kwright@dmyl.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Dana Mulhauser <dmulhauser@everytown.org>; Justin Gottuso <jgottuso@renzullilaw.com>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>; jmrodriguez@hilliardshadowenlaw.com; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; tmiranda@hilliardshadowenlaw.com; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>; Carina Bentata <cbentata@everytown.org>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>
**Subject:** Re: [EXTERNAL] MX v. Diamondback - Diamondback productions

Counsel,

We disagree with your assertion that Diamondback must submit all of its records to the ATF Out-of-Business Records Center by October 30, 2026.

27 C.F.R. § 478.127 contradicts your position. The regulation provides:

> Where a licensed business is discontinued and succeeded by a new licensee, the records prescribed by this subpart shall appropriately reflect such facts and shall be delivered to the successor. Where discontinuance of the business is absolute, the records shall be delivered within 30 days following the business discontinuance to the ATF Out-of-Business Records Center . . . *Provided further*, That where a licensed business is discontinued and succeeded by a new licensee, the records may be delivered within 30 days following the business discontinuance to the ATF Out-of-Business Records Center or to any ATF office in the division in which the business was located.

Section 478.127 thus expressly distinguishes between a business that is succeeded by a new licensee and one for which the "discontinuance of the business is absolute." In the former circumstance, the records may be delivered to the successor; only in the latter circumstance must the records be sent to the ATF Out-of-Business Records Center. Accordingly, it is incorrect to suggest that the expiration of Diamondback's FFL automatically requires submission of all ATF sales records to the ATF Out-of-Business Records Center.

Moreover, the timing of this demand is difficult to reconcile with the urgency you now claim. Diamondback's FFL expiration date has been known for a substantial period of time. Yet you raise this issue for the first time two weeks before your purported deadline while simultaneously insisting that Mexico commit to paying $204,460. If this were truly an issue requiring immediate action, it could and should have been raised long ago rather than on the eve of the deadline.

Without the inaccurate assertion that federal law imposes a "hard deadline" of October 30, we assume the costs associated with production will be substantially less than the $204,460 figure you have identified. For one, counsel declared under penalty of perjury that he "researched the plausibilty of producing the documents as demanded by Plaintiff. Concerning just Diamondback Shooting Sports, a third-party vendor provided a quote for $119,170 to scan and store 112 boxes of ATF related records, not including travel time and expenses." (ECF 140-2, ¶4.) Even at that lower estimated cost, the Court held that "the evidence of undue burden submitted by Defendants is insufficient." (ECF 165, at 10.) There are also less expensive options than those set forth in your letter.

**Please confirm (1) whether Diamondback will have an "absolute" discontinuance of its business; (2) when the decision was made for Diamondback to not renew its current FFL; (3) who will be operating Diamondback Shooting Sports, Inc., on October 2, 2026; (4) why Diamondback is not renewing its current FFL and whether Diamondback is capable of renewing its FFL; and (5) that no records will be sent to ATF or destroyed before a resolution of this discovery issue is reached.**

**Given the deadline imposed by Diamondback, please confirm by end of day Wednesday or else Plaintiff will be forced to seek court intervention.**

Once Diamondback confirms that it will not be absolutely discontinuing its business on October 1, 2026, and that no hard federal deadline applies under 27 C.F.R. § 478.127, Plaintiff is willing to meet and confer regarding Diamondback's claimed burden associated with compliance.

Regards,
Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Monday, August 17, 2026 6:24 PM
**To:** Julia R. McGrath <jmcgrath@bergermontague.com>
**Cc:** Natasha G. Menell <nmenell@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; Jake Steisel <jsteisel@actiononguns.org>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Dana Mulhauser <dmulhauser@everytown.org>; Justin Gottuso <jgottuso@renzullilaw.com>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>; Carina Bentata <cbentata@everytown.org>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>
**Subject:** RE: [EXTERNAL] MX v. Diamondback - Diamondback productions

Counsel,

Please see the attached correspondence regarding your concerns related to Diamondback's productions.

Yours,

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

*...Where Clients Come First*

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

**From:** Julia R. McGrath <jmcgrath@bergermontague.com>
**Sent:** Wednesday, August 12, 2026 10:22 AM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Natasha G. Menell <nmenell@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; rerdreich@pisciotti.com; jsteisel@actiononguns.org; Nick Shadowen <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; jlowy@actiononguns.org; Steve Shadowen <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Dana Mulhauser <dmulhauser@everytown.org>; Justin Gottuso <jgottuso@renzullilaw.com>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Tina Miranda <tmiranda@hilliardshadowenlaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>; Caina Benata <cbentata@everytown.org>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>
**Subject:** [EXTERNAL] MX v. Diamondback - Diamondback productions

Counsel,

Please see the attached correspondence regarding Diamondback's productions.

Best,
Julia

**Julia R. McGrath** / *Shareholder*
215.875.4675 610.304.6240

BERGER MONTAGUE

1818 MARKET STREET SUITE 3600
PHILADELPHIA, PA 19103