**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Estados Unidos Mexicanos,

Plaintiff,

v.

Diamondback Shooting Sports Incorporated, et al.,

Defendants.

No. CV-22-00472-TUC-RM

**ORDER**

Pending before the Court is an Emergency Motion to Preserve Evidence (Doc. 171) filed by Plaintiff Estados Unidos Mexicanos. The Motion is fully briefed. (Docs. 173, 174.) For the following reasons, the Motion will be granted.

**I. Background**

Plaintiff sues five Arizona firearm dealers, including Diamondback Shooting Sports, Inc. ("Diamondback"), alleging that the dealers knowingly "participate in trafficking military-style weapons and ammunition to drug cartels in Mexico" through "reckless and unlawful business practices." (Doc. 1 at 4 ¶ 1.) On October 22, 2025, the Court issued an Order resolving disputes concerning the scope of discovery in this litigation. (Doc. 165.) In relevant part, the Court found that Defendants' sales records from October 1, 2016, through the present are relevant and discoverable as follows:

> (a) if they relate to any firearms recovered at a crime scene in Mexico during the responsive period; (b) if they relate to any other firearms for which Defendants received trace requests or other law enforcement communications during the responsive period; and/or (c) if they relate to any other firearms, ammunition, or firearm accessories sold to the same individuals who purchased any firearm in categories (a) and (b).

(*Id.* at 9.) The Court rejected Defendants' argument that scanning paper records in order to produce responsive records would be unduly burdensome or disproportionate to the needs of the case. (*Id.* at 9-10.)

In a letter dated August 17, 2026, Diamondback's counsel notified Plaintiff that its prior federal firearm license ("FFL") will expire on October 1, 2026, and that it plans to send all paper records maintained under that license to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") by October 30, 2026. (Doc. 171-1 at 17.) Defendant's counsel averred that electronically scanning the records would cost approximately $204,460, which counsel argued would be unduly burdensome and disproportionate to the needs of the case. (*Id.*) Defendant's counsel stated that "complete production in compliance with category (c)"—as identified in the Court's October 22, 2025 Order—was therefore "not feasible." (*Id.*) Defendant's counsel offered Plaintiff the option of "forgo[ing] compelling production of documents potentially responsive to category (c) from Diamondback's paper records" or paying for the cost of scanning the records, demanding a decision by August 31, 2026. (*Id.*)

After failed meet-and-confer efforts, Plaintiff filed the pending Emergency Motion to Preserve Evidence, asking the Court to require Diamondback to preserve all documents potentially relevant to this litigation. (Doc. 171.)

## II. Discussion

Plaintiff argues that a preservation order is necessary because the Tiahrt Amendment will prevent disclosure once Diamondback sends the paper records at issue to ATF, rendering the records irrevocably spoliated for purposes of this litigation. (Doc. 171 at 1-2, 11.) Plaintiff notes that the Court already "conclusively established the minimum of Diamondback's discovery obligations" and rejected Diamondback's undue burden arguments associated with the cost of scanning paper records. (*Id.* at 5-6.) Plaintiff further argues that Diamondback need not send the paper records at issue to ATF, because it has the option of either renewing its expiring FFL for $90 or transferring the records to its unexpired FFL. (*Id.* at 11-15.) Plaintiff contends that, if Diamondback chooses to send

the records to ATF, it should bear the cost of scanning the records before doing so. (*Id.* at 15-16.)

In response, Diamondback does not dispute that sending the paper records associated with its expiring FFL would effectively destroy those records for purposes of discovery in this case, nor does Diamondback dispute that the records are potentially relevant and discoverable. (*See* Doc. 173.)[1] Diamondback avers that it has maintained the records since December 2023 for purposes of this litigation but that federal law requires it to send the records to ATF within 30 days of the October 1, 2026 expiration of its Type 01 FFL. (*Id.* at 1-2, 9; Doc. 173-1 at 2.) Defendant characterizes the fee to renew its expiring FFL as "nominal," but argues that it should not be required to renew the FFL because the license is not necessary to its current business, the paper records associated with the FFL take up storage space that Diamondback would like to use for other purposes, and Diamondback's employees must spend time searching the records to respond to regulatory and criminal investigation-related requests. (Doc. 173 at 2-3.) Diamondback argues that Plaintiff should either pay to digitally preserve the paper records associated with the expiring FFL or identify the specific portions it seeks production of on or before September 14, 2026, so that Diamondback can digitally preserve the requested portions before sending all the paper records to ATF on October 30, 2026. (*Id.* at 3-4.)

In reply, Plaintiff argues that Diamondback cannot comply with its preservation and discovery obligations if it sends the paper records associated with its expiring FFL to ATF by October 30, 2026 without scanning the records. (Doc. 174 at 2-6.) However, Plaintiff contends that Diamondback can comply with its obligations with minimal burden by simply renewing its expiring FFL and continuing to maintain the associated records until the conclusion of its preservation obligations. (Doc. 174 at 7-9.) Plaintiff also notes that the expense of complying with discovery requests is presumptively borne by the responding party, that Diamondback failed to file a cost-shifting motion, and that the Court

[1] Diamondback contends that the records are "largely irrelevant" to the extent they relate to lawful firearm sales (*id.* at 4, 6), but there is no dispute that some of the records may fall under the categories that the Court has determined to be discoverable.

should not require Plaintiff to pay over $200,000 to prevent Diamondback from actively destroying its own records during the pendency of this litigation. (*Id.* at 9-11.)

"A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015). "A party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (internal quotation and alteration marks omitted).

"Federal courts have the implied or inherent power to issue preservation orders as part of their general authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1071 (C.D. Cal. 2009) (internal quotation marks omitted). In determining whether to issue a preservation order, the Court analyzes whether the order is necessary and whether it is unduly burdensome. *Id.* at 1072.

Here, the Court finds that issuing a preservation order is necessary and not unduly burdensome. There is no dispute that Diamondback imminently intends to destroy potentially relevant records. The Court already determined the discoverability of the records in its October 22, 2025 Order, and the Court rejected Defendants' argument that scanning paper records to produce responsive material would be unduly burdensome and disproportionate to the needs of the case. (Doc. 165 at 9-10.) Diamondback did not seek reconsideration of that Order. Diamondback has been maintaining the FFL at issue and the associated paper records since 2023, despite not needing that FFL for its current business, and although Diamondback would prefer to no longer do so, it has failed to establish that doing so until the conclusion of its preservation obligations in this case would be unduly burdensome.

Diamondback's August 17, 2026 letter attempts to use a time-sensitive emergency of Diamondback's own creation to coerce Plaintiff into either paying over $200,000 or

foregoing the discovery of sales records this Court has already deemed relevant and discoverable. The Court does not approve of such extortionate tactics. If Diamondback chooses to allow its Type 01 FFL to expire, then Diamondback must bear the cost of preserving the associated records through digitization before sending them to ATF.

**IT IS ORDERED** that Plaintiff's Emergency Motion to Preserve Evidence (Doc. 171) is **granted**. Diamondback Shooting Sports, Inc. must preserve paper copies or scanned copies of the records maintained under its expiring Type 01 Federal Firearm License until the conclusion of its preservation obligations in this case. If Diamondback chooses to allow the Federal Firearm License to expire, Diamondback must scan the records at issue at its own expense before sending the paper records to the Bureau of Alcohol, Tobacco, Firearms and Explosives.

Dated this 9th day of September, 2026.

Honorable Rosemary Márquez
United States District Judge