# Exhibit 1

GAGV GLOBAL ACTION ON GUN VIOLENCE

August 26, 2026

**VIA EMAIL**
Jeffrey Malsch
Renzulli Law Firm LLP
One North Broadway, Suite 1005
White Plains, NY 10601
jmalsch@renzullilaw.com

**Re: *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc. et al.*, 4:22-cv-00472**

Counsel,

I write to follow up on your production of a spreadsheet for Defendant Sprague's Sports purporting to represent the firearms that matched Sprague's records to the lists of firearms recovered in Mexico that Mexico produced on December 10, 2025.[1]

Per the Court's Order, Sprague's was required to produce "sales records from October 1, 2016, through present" "if they relate to any firearms recovered at a crime scene in Mexico during the responsive period." *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472-TUC-RM, 2025 WL 2977928, at *5 (D. Ariz. Oct. 22, 2025).

On June 5, 2026, you produced a spreadsheet containing 166 non-duplicative records ("Sprague's Spreadsheet"). From Plaintiff's review, the Sprague's Spreadsheet contains 165 firearms that match the serial numbers Plaintiff provided to Sprague's.[2] Specifically, Sprague's Spreadsheet lists four guns sold in 2016, four guns sold in 2017, nine guns sold in 2018, one gun sold in 2019, 23 guns sold in 2020, 43 guns sold in 2021, 52 guns sold in 2022, 26 guns sold in 2023, and four guns sold in 2024.

The Government of Mexico has trace data received from the Bureau of Alcohol, Tobacco, Firearms and Explosives. While it will not be used in litigation where prohibited by the Tiahrt Amendment, Plaintiff is aware of how many firearms it recovered each year that were sold by Sprague's. The Sprague's Spreadsheet is significantly deficient in identifying all the relevant guns and fails to comply with the Court's October 22, 2025, Order. *See Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472-TUC-RM, 2025 WL 2977928, at *5 (D. Ariz. Oct. 22, 2025). At the Parties' August 20, 2026, meet and confer,

---

[1] As noted in that letter, "The Government is still investigating the extent to which data from 2016-2018 is available from FGR and will update Defendants as soon as it has information on this and/or supplements its production."
[2] One firearm on the Sprague's Spreadsheet, serial number [redacted], does not appear to reference a firearm on the spreadsheets Mexico provided to Sprague's.

counsel for Defendants asserted that all A&D records are digitized; therefore, there is no reason for any missing matches.

Please confirm all sources that Sprague's searched in compiling the Sprague's Spreadsheet. Specifically, did Sprague's review all A&D records from the Relevant Time Period? In addition, were emails, sales records, invoices, customer files, or any other business records searched to identify potential matches? If not, please identify which sources were searched and which were not.

If Sprague's fails to produce a more complete list of its firearms recovered in Mexico, Plaintiff will seek relief from the Court.

Sincerely,

*<u>/s/ Jake Steisel</u>*

Jake Steisel
Global Action on Gun Violence

# Exhibit 2

GLOBAL ACTION ON GUN VIOLENCE

August 26, 2026

**VIA EMAIL**
Jeffrey Malsch
Renzulli Law Firm LLP
One North Broadway, Suite 1005
White Plains, NY 10601
jmalsch@renzullilaw.com

**Re: *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc. et al.*, 4:22-cv-00472**

Counsel,

I write to follow up on your production of a spreadsheet for Defendant Diamondback Shooting Sports purporting to represent the firearms that matched Diamondback's records to the lists of firearms recovered in Mexico that Mexico produced on December 10, 2025.[1]

Per the Court's Order, Diamondback was required to produce "sales records from October 1, 2016, through present" "if they relate to any firearms recovered at a crime scene in Mexico during the responsive period." *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472-TUC-RM, 2025 WL 2977928, at *5 (D. Ariz. Oct. 22, 2025).

On June 5, 2026, you produced a spreadsheet containing 91 records ("Diamondback Spreadsheet"). From Plaintiff's review, the Diamondback Spreadsheet lists 5 guns sold in 2015, 0 guns sold in 2016, 6 guns sold in 2017, 13 guns sold in 2018, 15 guns sold in 2019, 10 guns sold in 2020, 16 guns sold in 2021, 12 guns sold in 2022, 9 guns sold in 2023, 3 guns sold in 2024, and 3 guns sold in 2025.

The Government of Mexico has trace data received from the Bureau of Alcohol, Tobacco, Firearms and Explosives. While it will not be used in litigation where prohibited by the Tiahrt Amendment, Plaintiff is aware of how many firearms it recovered each year that were sold by Diamondback. The Diamondback Spreadsheet is significantly deficient in identifying all the relevant guns and fails to comply with the Court's October 22, 2025, Order. *See Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472-TUC-RM, 2025 WL 2977928, at *5 (D. Ariz. Oct. 22, 2025). At the Parties' August 20, 2026, meet and confer, counsel for Defendants asserted that all A&D records are digitized; therefore, there is no reason for any missing matches.

[1] As noted in that letter, "The Government is still investigating the extent to which data from 2016-2018 is available from FGR and will update Defendants as soon as it has information on this and/or supplements its production."

Please confirm all sources that Diamondback searched in compiling the Diamondback Spreadsheet. Specifically, did Diamondback review all A&D records from the Relevant Time Period? In addition, were emails, sales records, invoices, customer files, or any other business records searched to identify potential matches? If not, please identify which sources were searched and which were not.

If Diamondback fails to produce a more complete list of its firearms recovered in Mexico, Plaintiff will seek relief from the Court.

Moreover, this deficiency is yet another reason why Diamondback cannot invoke the expiration of its current FFL as a justification for transferring sales records to ATF. Discovery remains ongoing, and the parties are still in the process of determining which documents must be produced pursuant to the Court's Order. Given those unresolved obligations, any transfer of potentially responsive records to ATF would be premature and inappropriate.

Sincerely,

*/s/ Jake Steisel*

Jake Steisel
Global Action on Gun Violence

# Exhibit 3

GAGV GLOBAL ACTION ON GUN VIOLENCE

August 26, 2026

**VIA EMAIL**
Jeffrey Malsch
Renzulli Law Firm LLP
One North Broadway, Suite 1005
White Plains, NY 10601
jmalsch@renzullilaw.com

**Re:** ***Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc. et al.*, 4:22-cv-00472**

Counsel,

I write to follow up on your production of a spreadsheet for Defendant SnG Tactical purporting to represent the firearms that matched SnG's records to the lists of firearms recovered in Mexico that Mexico produced on December 10, 2025.[1]

Per the Court's Order, SnG was required to produce "sales records from October 1, 2016, through present" "if they relate to any firearms recovered at a crime scene in Mexico during the responsive period." *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472-TUC-RM, 2025 WL 2977928, at *5 (D. Ariz. Oct. 22, 2025).

On June 5, 2026, you produced a spreadsheet containing 228 records ("SnG Spreadsheet"). From Plaintiff's review, the SnG Spreadsheet lists 1 gun sold in 2015, 0 guns sold in 2016, 0 guns sold in 2017, 0 guns sold in 2018, 11 guns sold in 2019, 45 guns sold in 2020, 24 guns sold in 2021, 92 guns sold in 2022, 46 guns sold in 2023, eight guns sold in 2024, and one gun sold in 2025.

The Government of Mexico has trace data received from the Bureau of Alcohol, Tobacco, Firearms and Explosives. While it will not be used in litigation where prohibited by the Tiahrt Amendment, Plaintiff is aware of how many firearms it recovered each year that were sold by SnG. The SnG Spreadsheet is deficient in identifying all the relevant guns and fails to comply with the Court's October 22, 2025, Order. *See Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472-TUC-RM, 2025 WL 2977928, at *5 (D. Ariz. Oct. 22, 2025).

This is notwithstanding SnG's assertion that it turned in sales records to the ATF in August 2021 in connection with the expiration of a prior FFL. As SnG conceded in its March 18, 2026, letter, SnG retains those sales records that were attached to email requests from ATF. SnG is also obligated to produce any emails or other communication referencing a firearm on Mexico's lists

[1] As noted in that letter, "The Government is still investigating the extent to which data from 2016-2018 is available from FGR and will update Defendants as soon as it has information on this and/or supplements its production."

even if SnG no longer possesses the associated sales records. As referenced above, SnG provided 0 matches from 2016, 2017, and 2018.

Please confirm all sources that SnG searched in compiling the SnG Spreadsheet. Specifically, did SnG review all A&D records from August 2021-present? At the Parties' August 20, 2026, meet and confer, counsel for Defendants asserted that all A&D records are digitized; therefore, there is no reason for any missing matches. In addition, were emails, sales records, invoices, customer files, or any other business records searched from the entire Relevant Time Period to identify potential matches? If not, please identify which sources were searched and which were not.

If SnG fails to produce a more complete list of its firearms recovered in Mexico, Plaintiff will seek relief from the Court.

Sincerely,

*/s/ Jake Steisel*

Jake Steisel
Global Action on Gun Violence

# Exhibit 4

GLOBAL ACTION ON GUN VIOLENCE

August 26, 2026

**VIA EMAIL**
Jeffrey Malsch
Renzulli Law Firm LLP
One North Broadway, Suite 1005
White Plains, NY 10601
jmalsch@renzullilaw.com

**Re: *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc. et al.*, 4:22-cv-00472**

Counsel,

I write to follow up on your production of a spreadsheet for Defendant Loan Prairie purporting to represent the firearms that matched Loan Prairie's records to the lists of firearms recovered in Mexico that Mexico produced on December 10, 2025.[1]

Per the Court's Order, Loan Prairie was required to produce "sales records from October 1, 2016, through present" "if they relate to any firearms recovered at a crime scene in Mexico during the responsive period." *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472-TUC-RM, 2025 WL 2977928, at *5 (D. Ariz. Oct. 22, 2025).

On June 5, 2026, you produced a spreadsheet containing 92 records ("Loan Prairie Spreadsheet"). Specifically, the Loan Prairie Spreadsheet lists 0 guns sold in 2016, 0 guns sold in 2017, one gun sold in 2018, ten guns sold in 2019, 28 guns sold in 2020, 28 guns sold in 2021, 11 guns sold in 2022, 9 guns sold in 2023, and five guns sold in 2024.

The Government of Mexico has trace data received from the Bureau of Alcohol, Tobacco, Firearms and Explosives. While it will not be used in litigation where prohibited by the Tiahrt Amendment, Plaintiff is aware of how many firearms it recovered each year that were sold by Loan Prairie. The Loan Prairie Spreadsheet is significantly deficient in identifying all the relevant guns and fails to comply with the Court's October 22, 2025, Order. *See Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472-TUC-RM, 2025 WL 2977928, at *5 (D. Ariz. Oct. 22, 2025). At the Parties' August 20, 2026, meet and confer, counsel for Defendants asserted that all A&D records are digitized; therefore, there is no reason for any missing matches.

Please confirm all sources that Loan Prairie searched in compiling the Loan Prairie Spreadsheet. Specifically, did Loan Prairie review all A&D records from the Relevant Time Period? In

[1] As noted in that letter, "The Government is still investigating the extent to which data from 2016-2018 is available from FGR and will update Defendants as soon as it has information on this and/or supplements its production."

addition, were emails, sales records, invoices, customer files, or any other business records searched to identify potential matches? If not, please identify which sources were searched and which were not.

If Loan Prairie fails to produce a more complete list of its firearms recovered in Mexico, Plaintiff will seek relief from the Court.

Sincerely,

*/s/ Jake Steisel*

Jake Steisel
Global Action on Gun Violence

# Exhibit 5

GAGV GLOBAL ACTION ON GUN VIOLENCE

August 26, 2026

<u>**VIA EMAIL**</u>
Richard F. Bruecker
Pisciotti Lallis Erdreich
445 Hamilton Ave., Suite 1102
White Plains, NY 10601

**Re:** ***Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc. et al.*, 4:22-cv-00472**

Counsel,

I write to follow up on your production of a spreadsheet for Defendant Ammo AZ purporting to represent the firearms that matched Ammo AZ's records to the lists of firearms recovered in Mexico that Mexico produced on December 10, 2025.[1]

Per the Court's Order, Ammo AZ was required to produce "sales records from October 1, 2016, through present" "if they relate to any firearms recovered at a crime scene in Mexico during the responsive period." *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472-TUC-RM, 2025 WL 2977928, at *5 (D. Ariz. Oct. 22, 2025).

On June 25, 2026, you produced a spreadsheet containing 360 non-duplicate records ("Ammo AZ Spreadsheet").[2] From Plaintiff's review, the Ammo AZ Spreadsheet lists 0 guns sold in 2016, 0 guns sold in 2017, 0 guns sold in 2018, 77 guns sold in 2019, 48 guns sold in 2020, 49 guns sold in 2021, 60 guns sold in 2022, 58 guns sold in 2023, 68 guns sold in 2024, and 0 guns sold in 2025.

The Government of Mexico has trace data received from the Bureau of Alcohol, Tobacco, Firearms and Explosives. While it will not be used in litigation where prohibited by the Tiahrt Amendment, Plaintiff is aware of how many firearms it recovered each year that were sold by Ammo AZ. The Ammo AZ Spreadsheet is significantly deficient in identifying all the relevant guns and fails to comply with the Court's October 22, 2025, Order. *See Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472-TUC-RM, 2025 WL 2977928, at *5 (D. Ariz. Oct. 22, 2025).

---

[1] As noted in that letter, "The Government is still investigating the extent to which data from 2016-2018 is available from FGR and will u date Defendants as soon as it has information on this and/or supplements its production."
[2] Serial numbers [redacted], [redacted], and [redacted] are each listed twice, with different disposition dates and purchasers.

Please confirm all sources that Ammo AZ searched in compiling the Ammo AZ Spreadsheet. Specifically, did Ammo AZ comprehensively search records for each of FFL numbers: (1) 98607165; (2) 98610573; (3) 98615635; and (4) 98617668?

Further, did Ammo AZ review all A&D records from the Relevant Time Period for each FFL? In addition, were emails, sales records, invoices, customer files, or any other business records searched from the entire Relevant Time Period to identify potential matches? If not, please identify which sources were searched and which were not.

If Ammo AZ fails to produce a more complete list of its firearms recovered in Mexico, Plaintiff will seek relief from the Court.

Sincerely,

*/s/ Jake Steisel*

Jake Steisel
Global Action on Gun Violence

# Exhibit 11

RLF | RENZULLI LAW FIRM LLP

ONE NORTH BROADWAY, SUITE 1005
WHITE PLAINS, NY 10601
TEL (914) 285-0700 ■ FAX (914) 285-1213
www.renzullilaw.com

August 31, 2026

Jake Steisel
Global Action On Gun Violence
805 15th Street NW, #601
Washington, DC 20005
jsteisel@actiononguns.org

***Re:*** ***Estados Unidos Mexicanos v. Diamondback Shooting Sports, Inc., et al.***
**United States District Court for the District of Arizona**
**Docket No.: 4:22-cv-00472-RM**

Dear Jake:

We write in response to your August 26, 2026 letters to each Defendant which parrot each other (the "Letters"). We write on behalf of each of our clients and with the consent of counsel for Defendant Ammo A-Z.

1. **Mexico Must Produce the Trace Data.**

At the outset, Mexico has now affirmatively relied on trace data in this litigation which has not been disclosed to the Defendants, acknowledged that Mexico currently maintains this information apart from ATF's possession and control, relied on conclusions derived from that information to challenge Defendants' compliance with the Court's Order dated October 22, 2025 ("October 22, 2025 Order"), ECF No. 165, and revealed that Mexico's independent data contains information clearly relevant to the claims and defenses in this case. As such, Defendants demand production of this trace database for the entire relevant time period as previously defined by the Court - October 1, 2016, through October 22, 2025 ("Relevant Period") by September 8, 2026.

2. **Mexico Must Produce the Data Relied Upon in Its August 26, 2026 Letters.**

Defendants also demand that Mexico immediately produce its lists of recovered firearms associated with alleged sales by the Defendants referenced in the Letters pursuant to the ESI Protocol, no later than September 8, 2026. This information must be produced in accordance with the ESI Protocol.

At a minimum, the Letters place at issue the firearm-level data, methodology, and results underlying Mexico's conclusions that Defendants' document productions are deficient. Defendants therefore further demand production of all information Plaintiff relied upon to identify and evaluate each alleged discrepancy, as well as all nonrestricted information responsive to Defendants'

existing discovery requests. Defendants also renew their demand for production of the underlying trace information for the period beginning October 1, 2016, since Mexico clearly is not restricted from sharing allegations based on that data.

If Mexico elects to refuse any part of these requests, please identify the information being withheld and the specific legal basis for withholding it as soon as possible so that we can bring this issue to the Court. We can meet and confer next week, but note that a compromise appears unlikely at this point as the Letters present a threshold issue that must be resolved before Defendants can evaluate whether any further document production is warranted. Please confirm.

The Court ordered that Defendants produce "sales records from October 1, 2016, through present … if they relate to any firearms recovered at a crime scene in Mexico during the responsive period." October 22, 2025 Order, p. 9. As such, Defendants compiled spreadsheets reflecting firearms both recovered in Mexico and sold by a Defendant during the Relevant Period. Dealers such as Defendants do not receive any information from ATF regarding why a firearm is being traced, where it was recovered, or which law enforcement agency initiated the trace. However, we are aware that the initiating agency receives a response from ATF that includes the identity of the original selling dealer and date of that sale to the non-licensee purchaser when the trace is successfully completed.

In addition to producing the underlying data, please immediately confirm that your alleged "missing matches" were both recovered in Mexico and sold by a Defendant during the Relevant Period, since your client is the only party in possession of both qualifying pieces of information. We will confirm this information once Mexico produces the trace database and lists demanded above. Otherwise, please withdraw these letters, acknowledge Defendants have already made substantial and burdensome efforts to produce the documents required by the Court, and reassess your position.

3. **Defendants Sprague's, Diamondback, SnG, and Loan Prairie Have Produced All Sales Records for Firearms Recovered in Mexico within Their Possession and Control.**

Your claim that our clients failed to comply with the Court's Order with regard to firearms sold by our clients and recovered in Mexico lacks merit. Each Defendant has conducted a comprehensive search for responsive documents. We have searched each of our clients' ATF mandated records to compile the spreadsheets of the "matching" firearms.

Specifically, for Sprague's, this included comparing the serial numbers in Mexico's list of recovered firearms against Sprague's ATF required and compliant Acquisition & Disposition records for the Relevant Period which exist in a searchable format. We are not aware of any gaps in these records.

For SnG, the ATF required and compliant Acquisition & Disposition records were available from SnG starting September 23, 2019, in a searchable format. SnG's Acquisition & Disposition records from October 1, 2016 to September 23, 2019, were maintained by SnG as PDF files, which were digitized by our ESI vendor into a searchable format. Mexico's list was compared against both data sources. We are not aware of any gap in these records.

For Diamondback, the ATF required and compliant Acquisition & Disposition records in a searchable format were available after December 18, 2023. Diamondback maintained handwritten paper Acquisition & Disposition records prior thereto and back to October 1, 2016, which our discovery vendor digitized into a searchable format. Mexico's list was compared against both data sources. We are not aware of any gap in these records.

Loan Prairie did not commence operation at the Tucson location until November 1, 2018, and we have access to its complete set of searchable Acquisition & Disposition records since that time. We are not aware of any gap in these records.

Again, we demand that Mexico identify each firearm that it maintains was omitted from a Defendant's spreadsheet. For each allegedly omitted firearm, please identify and/or produce: [i] the corresponding spreadsheet and row in Mexico's list of recovered firearms as produced to Defendants; [ii] the make, model, serial numbers and date of sale exactly as reflected in that list; [iii] any alternate identifying information used by Mexico; and [iv] which Defendant Mexico alleges sold the firearm.

Please also identify the person or entity that performed the comparison underlying the Letters, the date the comparison was performed, the datasets and fields compared, the criteria used to determine a match, and any normalization, deduplication, or quality-control procedures used. Please produce all nonrestricted schedules, output files, exception reports, or other materials reflecting the alleged discrepancies. This information is necessary to determine whether any discrepancy results from Defendants' searches, errors or omissions in Mexico's produced recovery data, differences in the parties' matching criteria, duplicate or variant serial numbers, differences concerning the applicable time period, Mexico's treatment of a Defendant appearing in a distribution chain as the retail seller, or some other cause.

Further, we demand that Mexico provide a list of all firearms by make, model, serial number and date of sale that have been identified by the Defendants in their produced spreadsheets, but which are <u>not</u> included in Mexico's "answer key," meaning the Defendant-specific results list generated from the trace data you referenced in the Letters. This is relevant to test the veracity and reliability of Mexico's data; indeed, this reciprocal reconciliation is necessary to evaluate the completeness and reliability of Mexico's asserted results and to determine whether the discrepancy arises from unsuccessful or incomplete traces, errors or omissions in Mexico's recovered-firearm data, differences in matching criteria, the treatment of duplicate or variant serial numbers, or Mexico's association of a Defendant with a firearm based on something other than a responsive retail sale.

If Mexico contends that the Tiahrt Amendment prevents disclosure of any portion of the requested information, please identify the particular information or category being withheld, explain how the asserted restriction applies, and produce all reasonably segregable information that Mexico does not contend is restricted.

**4. Mexico's Demand for Data It Apparently Already Possesses, and Its Allegations of Deficiencies Based Upon Data It Refuses to Produce, Demonstrate Bad Faith.**

Finally, Mexico's "answer key" of firearms recovered in Mexico and associated with a sale by a named Defendant has clearly been accessible to Mexico, and presumably its counsel, from the beginning of this case. Mexico has been in possession of Defendants' discovery demands for the underlying information associated with such recoveries since May 24, 2024. *See* Defendants' Joint First Set of Requests for the Production of Document, Nos. 8-12. Yet, to date, Mexico has failed to produce *any* information or documents responsive to these requests at all, or, at a minimum, the information on which it now relies to contend that Defendants' matching results are deficient.

Previously, Mexico claimed it was waiting for Defendants' spreadsheets to conduct this search. However, now, Mexico's excuse rings hollow since it clearly claims to have a data set of allegedly matched firearms against which it can compare Defendants' results. Defendants demand that Mexico explains all efforts made to collect the underlying information related to these firearm recoveries prior to receiving Defendants' spreadsheets, and why no productions have been made before Defendants completed the matching exercise. Please identify the individual(s) or entities responsible for these efforts, timelines explaining the steps taken to compile this information, and all underlying sources of information.

Mexico's present position raises serious concerns of bad faith with Mexico's document disclosure efforts and discovery demands to date. Instead of producing these clearly relevant lists of allegedly matched firearms at the outset, Mexico decided to manipulate the Court into ordering extensive document searches and requiring the Defendants to remake the wheel at great time and expense. Further, not only would Mexico's disclosure to the Court and the Defendants of its existing database have saved Defendants vast amounts of time and resources, but it would have saved all parties months of delay after the Court issued the discovery order. Notably, Mexico still has not produced any documents responsive to most of Defendants' requests for production while Defendants have undertaken the unnecessary review of a decade of sales records per Defendant.

Based on this conduct, it appears that Mexico and its counsel are abusing the discovery process to inflate the Defendants' costs and avoid its own disclosure obligations as the Plaintiff and prosecuting party in this action. Mexico appears to be interested only in causing the Defendants to expend unneeded time, money and resources during the discovery process while refusing to conduct affirmative disclosures itself. It appears that this issue also needs to be addressed by the Court.

For avoidance of doubt, Mexico's existing preservation obligations encompass the data and materials used to conduct the comparisons described in the Letters, including the source datasets, any transformed or normalized datasets, matching criteria, formulas, queries, scripts, quality-control materials, and intermediate and final comparison outputs, as well as nonprivileged communications concerning the creation, transmission, validation, or interpretation of those materials.

Defendants further reserve all rights concerning the scope, timing, and allocation of costs associated with any additional search or reconciliation made necessary by information that Mexico possessed but instead elected not to include in the production used for the matching exercise. Defendants also reserve all rights concerning the allocation of costs of motion practice necessary to resolve Mexico's allegations in the Letters. Defendants will not undertake an open-ended supplemental search unless and until Mexico identifies the particular alleged omissions and provides sufficient information to facilitate Defendants' investigation.

We await your response by September 8 before we bring this to the attention of Judge Marquez.

Very truly yours,

**RENZULLI LAW FIRM, LLP**

Jeffrey Malsch

cc: Counsel of record

# Exhibit 12

GAGV GLOBAL ACTION ON GUN VIOLENCE

September 15, 2026

**VIA EMAIL**
Jeffrey Malsch
Renzulli Law Firm LLP
One North Broadway, Suite 1005
White Plains, NY 10601
jmalsch@renzullilaw.com

Richard F. Bruecker
Pisciotti Lallis Erdreich
445 Hamilton Ave., Suite 1102
White Plains, NY 10601
rbrueckner@pisciotti.com

**Re:** ***Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc. et al.*, 4:22-cv-00472**

Counsel,

I write to respond to your August 31, 2026, letter.

Most of your letter takes issue with Mexico possessing trace data concerning Defendants that it has received from ATF and not producing this data or records identified using this data. Framed as a purported revelation, Defendants assert that Plaintiff has now "revealed that Mexico's independent data contains information clearly relevant to the claims and defenses in this case." Defendants go so far as to accuse Mexico of having "manipulate[d] the Court" and having acted in "bad faith."

Defendants' professed outrage is both misplaced and difficult to understand. It is no secret that Mexico possesses trace data concerning Defendants' firearm sales. Mexico has repeatedly acknowledged that it receives and maintains such information from ATF; indeed, Defendants have sought in discovery the MOU between ATF and the Government which relates to that trace data. Nor did Mexico somehow "manipulate" the Court. Defendants previously argued that Mexico should disclose the very records referenced in your letter, but the Court rejected those arguments and instead ordered the discovery process in which the parties are currently engaged. Finally, Mexico's recent correspondence did not violate the Tiahrt Amendment. It simply informed Defendants that their productions appeared incomplete based on information in Mexico's possession; it did not disclose trace data, or any records derived from trace data, to Defendants or the Court.

First, more than a year ago, in opposition to Defendants' Motion for Protective Order, Plaintiff expressly informed Defendants and the Court that "it receives a trace report that includes the dealer's information" in response to trace requests it submits to ATF. ECF 133, at 14. Plaintiff further explained that it "would like to disclose and introduce at trial" this data as it "would support Plaintiff's claims in this case and establish Defendants' liability." *Id.* However, Plaintiff explained that because the Tiahrt Amendment potentially precluded it from using this data, it was not willing to produce a list of recovered firearms from Defendants "without a Court order, which it welcomes." *Id.* The Court likewise recognized that Mexico possessed trace data, noting that "Plaintiff expresses concern that the Tiahrt Amendment does not permit it to disclose information received from ATF." ECF 165, at 10. Defendants therefore cannot plausibly claim surprise that Mexico possesses trace data.

Second, Defendants' accusations that Mexico acted in "bad faith" or "manipulate[d] the Court" by not disclosing trace-data-derived lists simply seek to relitigate issues that were fully briefed and resolved by the Court. In support of their Motion for Protective Order, Defendants argued that Plaintiff should use trace data to "identify[] what firearms sold by Defendants were recovered in Mexico and supposedly caused harm to Plaintiff" and urged the Court to "reject Plaintiff's hypocritical and frivolous argument that the Tiahrt Amendment prohibits its disclosure of this information because this Court has already held that the Tiahrt Amendment does not prohibit Defendants from producing the same type of information." ECF 140, at 4. The Court disagreed with Defendants, holding that the Tiahrt Amendment "does contains an express limitation on foreign law enforcement agencies' disclosure of trace data received from ATF." ECF 165, at 10-11. Although Mexico remains willing to disclose and use trace data if authorized by the Court and permitted by law, the Court declined to issue such a ruling and instead ordered the discovery process that the parties have since been undertaking. Having lost that dispute, Defendants cannot now manufacture a new controversy by repackaging the same arguments in correspondence. Consistent with the Court's ruling, Mexico will not produce the materials demanded in your August 31 letter, including Mexico's "trace database" or any "lists of recovered firearms associated with alleged sales by the Defendants," absent a Court order (which, again, Plaintiff would welcome).

Third, contrary to your assertion, Plaintiff has not "affirmatively relied on trace data in this litigation" merely by notifying Defendants that their productions appear deficient. As stated in Plaintiff's letters, "Plaintiff is aware of how many firearms it recovered each year that were sold by" Defendants because, as explained previously, it receives "a trace report that includes the dealer's information" in response to trace requests it submits to ATF. ECF 133, at 14. The Tiahrt Amendment does not prohibit Plaintiff from informing Defendants that based on information in its possession Defendants' discovery productions are incomplete. Plaintiff has not submitted trace data to the Court. Nor has Plaintiff relied on it to sustain its

burden of proof in this case, to either a judge or a jury. Instead, Plaintiff has simply informed Defendants that their productions are inconsistent with information already known to Plaintiff and requested that Defendants comply with their discovery obligations. Defendants' contrary position would effectively transform the Tiahrt Amendment into a shield against discovery by allowing parties to produce incomplete records while claiming that no one may compare those productions against known facts to evaluate their accuracy. Nothing in the Tiahrt Amendment suggests Congress intended to create a safe harbor for deficient discovery responses or to insulate parties from scrutiny regarding compliance with court-ordered discovery.

Finally, your August 31 letter states that Sprague's, Diamondback, SnG, and Loan Prairie "are not aware of any gaps" in their records. Notably absent is any representation regarding Ammo A-Z. Please confirm whether Ammo A-Z likewise contends there are no gaps in its records. In addition, please identify the sources searched by Ammo A-Z, including which FFL numbers were included in its search.

To facilitate the efficient resolution of these issues, we suggest that counsel meet and confer regarding Defendants' searches, the apparent discrepancies identified by Plaintiff, and any remaining issues from your August 31 letter.

Sincerely,

*/s/ Jake Steisel*

Jake Steisel
Global Action on Gun Violence

# Exhibit 13

RLF RENZULLI LAW FIRM LLP

ONE NORTH BROADWAY, SUITE 1005
WHITE PLAINS, NY 10601
TEL (914) 285-0700 ■ FAX (914) 285-1213
www.renzullilaw.com

September 25, 2026

Jake Steisel
Global Action on Gun Violence
805 15th Street, NW #601
Washington, DC 20005
jsteisel@actiononguns.org

*Re:* **Mexico v. Diamondback Shooting Sports, Inc., et al.**
**United States District Court for the District of Arizona**
**Docket No.: 4:22-cv-00472-RM**

Dear Mr. Steisel:

We write in response to your September 15, 2026 letter concerning alleged deficiencies in Defendants' productions.

Your letter confirms that Mexico is using information obtained from ATF trace reports to evaluate the completeness of Defendants' productions and to allege that responsive records are missing. Specifically, Mexico states that it "is aware of how many firearms it recovered each year that were sold by" Defendants because it receives trace reports from ATF identifying dealer information and that, based on those records, Defendants' productions are purportedly incomplete. Mexico cannot simultaneously withhold the information necessary for Defendants to identify the firearms at issue while using undisclosed data to assert that Defendants' productions are deficient.

As the Court recognized, Mexico represented that it possesses information concerning firearms recovered in Mexico and that, if necessary, supplemental briefing could be submitted addressing whether the Tiahrt Amendment permits production of ATF trace information by Mexico. *See* ECF No. 165, at 10–11. The Court further held that Mexico should produce information concerning the make and serial numbers of firearms recovered at crime scenes in Mexico so that Defendants can compare that information against their records and determine whether they sold any such firearms. The Court expressly authorized supplemental briefing if Mexico contends that it cannot provide such information without disclosing ATF trace data.

Accordingly, Mexico should promptly pursue one of the following two paths:

1. First, if Mexico is concerned that the Tiahrt Amendment or some other agreement between Mexico and the United States prohibits disclosure of the information it is now relying upon, Mexico should submit supplemental briefing to the Court seeking a determination that the statute permits disclosure and production of the relevant trace information. That course is fully consistent with the procedure contemplated by the Court's Order and with Mexico's

prior representations that it would welcome judicial guidance on the issue. *See* Sept. 15, 2026 letter from J. Steisel.

2. Otherwise, if Mexico does not intend to seek such a ruling, then Mexico must provide each Defendant with sufficient identifying information to permit a meaningful search of its records to identify any additional sales records. At a minimum, Mexico should identify the particular make, model and serial number of the firearms that Mexico contends were sold by each Defendant and later recovered in Mexico that are not listed on the Defendants' spreadsheets. Mexico should also be in possession of the date with the initial sale took place, so that information should be provided as well. Without that information, Defendants have no way to search for any additional materials responsive to category "a" in the Court's order.

Otherwise, Defendants are in compliance with the Court's Order. The Court directed that Defendants compare their records against information identifying recovered firearms, not that Defendants attempt to divine which unknown serial numbers Mexico may contend were sold by them and later recovered in Mexico.

Moreover, Mexico's current approach deprives Defendants of any meaningful ability to evaluate its assertions. Mexico repeatedly states that certain numbers of firearms associated with each Defendant were recovered in Mexico, yet it refuses to identify the specific firearms underlying those assertions. As a result, Defendants cannot determine whether the firearms were in fact sold by them, whether the serial numbers are accurate, whether the identified firearms fall within the Court's discovery parameters, whether the firearms are duplicates, or whether responsive records actually exist.

If Mexico intends to continue asserting that Defendants' productions are incomplete, fundamental fairness requires that Mexico disclose the information necessary to test those assertions.

Please advise whether Mexico intends to (1) submit supplemental briefing regarding the Tiahrt Amendment and production of the information on which it is relying, or (2) provide each Defendant with the particular serial numbers that Mexico contends were sold by that Defendant and recovered in Mexico. We are available to meet and confer regarding the issues outlined herein on October 6 or October 7.

Very truly yours,

**RENZULLI LAW FIRM, LLP**

Jeffrey Malsch

cc: Counsel of record

# Exhibit 14

PISCIOTTI LALLIS ERDREICH
COUNSELORS & LITIGATORS

September 29, 2026

**VIA EMAIL**

Jake Steisel, Esq.
GLOBAL ACTION ON GUN VIOLENCE
jsteisel@actiononguns.org

Re: *Mexico v. Ammo A-Z,*
4:22-cv-00472

Dear Mr. Steisel:

By this letter, Defendant Ammo A-Z responds to recent correspondence concerning Plaintiff's contemplated "Motion to Enforce" the Court's October 22, 2025 Order and the supplemental Tiahrt brief the Court invited.

Ammo A-Z — consistent with the other Defendants — agrees that Plaintiff should promptly file the supplemental brief the Court invited in its October 22, 2025 Order, seeking the Court's permission to disclose to Defendants the trace information identifying which recovered firearms Plaintiff contends each Defendant sold. Ammo A-Z supports that motion and wants it filed promptly, because that information is exactly what is needed to resolve Plaintiff's current complaint about the matching.

However, Ammo A-Z's agreement is limited to that motion and nothing more. Ammo A-Z has not agreed — and does not agree — that Plaintiff may file, or that the parties are at impasse on, any motion asserting that Ammo A-Z (or any Defendant) is deficient, has failed to meet its discovery obligations, or has refused to comply with the Court's Order. To the extent Plaintiff intends to file a motion making those assertions — or to attach Defendants' matching spreadsheets in support of them — that is a different motion, on a different question, to which Ammo A-Z has not consented and which Ammo A-Z disputes. Please do not represent to the Court that Defendants agreed to, or do not oppose, a motion characterizing them as noncompliant. Defendants agreed only that Plaintiff should promptly seek permission to disclose trace data. If Plaintiff conflates the two, we will correct the record with the Court.

It is worth being precise about what the spreadsheets are and how they were made. Plaintiff produced a list of hundreds of thousands of serial numbers, makes, and models of firearms recovered in Mexico. Ammo A-Z compared that list against its own sales records to identify firearms it sold that appear on Plaintiff's list. The spreadsheets are the product of that comparison. Ammo A-Z devoted substantial time and expense — including significant ESI costs — to that exercise, using sophisticated matching methods to capture every match it reasonably could.

To the extent Plaintiff contends the resulting list is "missing" sales, nothing was withheld. Matching two large datasets on serial numbers is inherently imperfect. For example, a "0" recorded

as an "O," a "1" as an "l," or a transposed or dropped character will defeat an exact match even where both records refer to the same firearm. Our ESI vendor used sophisticated methods to minimize those misses, but no matching process across datasets of this size is perfect. Any discrepancy reflects either the limits of cross-matching records or that Plaintiff's trace information contains errors. In no way does it reflect concealment.

Critically, Plaintiff is in a position to resolve exactly this. Plaintiff's assertion that Ammo A-Z's list is incomplete necessarily means Plaintiff already knows — from its trace data — which firearms it contends Ammo A-Z sold. Yet Plaintiff will not identify those specific firearms to Ammo A-Z, citing the Tiahrt Amendment. The result is that Plaintiff faults Ammo A-Z for not producing a perfect match to information Plaintiff holds but will not share. That is precisely why the permission motion matters: once the Court authorizes Plaintiff to disclose its trace-matched list, Ammo A-Z can compare it against its records, reconcile any discrepancies, and supplement as appropriate. Until then, a finding of deficiency would be both premature and unfounded.

Apart from the discrete redaction dispute, Ammo A-Z is not at an impasse on any discovery issue, and it has not refused to confer. Ammo A-Z is prepared to meet and confer promptly on the matters raised in your August 26 and September 15 letters, including your questions about Ammo A-Z's searches. Please confirm your availability; we understand October 6 or 7 works for co-counsel and can make those dates work as well.

Ammo A-Z reserves all rights and objections.

Please feel free to contact us with any questions. Thank you.

Very truly yours,

*/s/ Richard Brueckner*

Richard F. Brueckner

# Exhibit 15

Outlook

**Re: [EXTERNAL] MX v Diamondback - redactions**

**From** Jake Steisel <jsteisel@actiononguns.org>
**Date** Mon 10/5/2026 2:33 PM
**To** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>

Counsel, we look forward to our meet and confer tomorrow.

Ryan, Eric, in our August 26, 2026, letter Plaintiff asked Ammo A-Z to identify the FFL numbers it searched when producing its list of matching firearms. Counsel's August 31 letter, though written "with the consent of counsel for Defendant Ammo A-Z" did not respond to this inquiry. Ammo A-Z's letter sent last week states that "nothing was withheld," but does not specifically answer which FFLs were searched. Therefore, Plaintiff requests that you come prepared to tomorrow's meet and confer to address the FFLs searched by Ammo A-Z.

All the best,
Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org
GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Tuesday, September 29, 2026 4:48 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Thanks, Jeff. Plaintiff similarly understands your response as an acceptance to its proposal that the Parties meet and confer on both the MOU and Plaintiff's forthcoming motion on October 6, with both Parties holding off on any filings before then. Please let me know immediately if that is incorrect in any way.

Given all Parties' agreement, I will circulate a link for meet and confer at 10am on October 6.

All the best,
Jake

Get Outlook for iOS

---

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Tuesday, 29 September 2026 16:10:08
**To:** Jake Steisel <jsteisel@actiononguns.org>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Anytime on Oct 6 will work for me.

Get Outlook for iOS

Renzulli Law Firm, LLP

...Where Clients Come First

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Tuesday, September 29, 2026 9:26 PM
**To:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>; Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Counsel,

First, to follow up on the MOU dispute, Plaintiff has determined that it can likely produce a redacted version of the MOU soon. That production would likely obviate any need to file a motion. Given that significant change since the MOU was discussed, a meet and confer is clearly warranted — and we believe would be fruitful. Plaintiff suggests that the Parties meet and confer on October 6 to discuss whether this would be acceptable to Defendants. Please let us know by COB today if you agree to engage in a meet and confer on that issue, and by the end of the week please give us times that work for Defendants for a meet and confer. It is our understanding that Jeff is fully available on October 6, and we will make ourselves available at a time on October 6 convenient for Defendants.

Second, if Defendants agree to meet and confer over the MOU issue on October 6, then Plaintiff would agree to wait until October 6 to also meet and confer over the issues in Plaintiff's forthcoming Motion — even though Plaintiff believes that the Parties are at impasse.

All the best,
Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Sent:** Tuesday, September 29, 2026 12:00 PM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** RE: [EXTERNAL] MX v Diamondback - redactions

Jake:

We are not dictating the form of Plaintiff's argument, nor are we forbidding Plaintiff from filing anything. Indeed, we have no power to do so. Plaintiff may file whatever motion Plaintiff feels appropriate.
That does not eliminate Plaintiff's obligation to comply with the applicable meet-and-confer requirements concerning the relief it seeks. If the relief Plaintiff seeks is permission from the Court to produce the trace information, Defendants' consent to that relief. If, however, Plaintiff seeks an order compelling discovery or enforcing a prior order against Defendants, Defendants do not consent to that relief, and the parties have not met and conferred concerning such relief.

Accordingly, Plaintiff should not represent to the Court that Defendants consent to a motion to compel or to enforce a prior order. Such a representation would materially misstate Defendants' position, which all Defendants have made abundantly clear. If Plaintiff nevertheless makes such a representation, Defendants' will address it directly in their response.

Thank you.

**Richard "Eric" Brueckner**

PISCIOTTI LALLIS ERDREICH
COUNSELORS & LITIGATORS

30A Vreeland Road, Suite 300
Florham Park, New Jersey 07932
Tel. (973) 245-8100
rbrueckner@pisciotti.com
*This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of its intended recipient and may contain information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message. If you are not sure as to whether you are the intended recipient, please respond to the above e-mail address.*

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Tuesday, September 29, 2026 10:53 AM
**To:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>; Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Eric,

As with Defendants' refusal to consent to sealing, Ammo A-Z here is improperly attempting to dictate the form that Plaintiff's arguments to the Court take. Defendants may respond to Plaintiff's arguments in its filing; it may not forbid the Court from hearing them.

All the best,
Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Sent:** Tuesday, September 29, 2026 9:38 AM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>;

Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** RE: [EXTERNAL] MX v Diamondback - redactions

Jake:

Please find the attached correspondence.

Thank you.

**Richard "Eric" Brueckner**

PISCIOTTI LALLIS ERDREICH
COUNSELORS & LITIGATORS

30A Vreeland Road, Suite 300
Florham Park, New Jersey 07932
Tel. (973) 245-8100
rbrueckner@pisciotti.com

*This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of its intended recipient and may contain information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message. If you are not sure as to whether you are the intended recipient, please respond to the above e-mail address.*

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Monday, September 28, 2026 4:28 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Hi Jeff,

We have explained multiple times that the title, tone, and substance of Plaintiff's Motion are not proper subjects for a meet and confer. Nor are the documents Plaintiff intends to attach as exhibits to Plaintiff's Motion.

If Defendants believe that the Parties are not at impasse—even though you demanded on Friday that Plaintiff "**promptly**" file its Motion—please identify the issue or issues that remain appropriate subjects for a meet and confer and as to which the Parties have not reached an impasse.

Local Rule 5.6(d) is not intended to be wielded as a delay tactic. The Rule requires the Parties to confer about the need to file documents under seal—not the need to file the documents at all. Your refusal to stipulate to filing the documents under seal because you do not want the documents filed is not in accordance with the Rule.

Nonetheless, Plaintiff continues to be available to meet and confer if you can identify a proper subject for a meet and confer. We understand that you are out of the office, but if you identify a proper subject we are available to have a phone call with either you or one of your colleagues before noon tomorrow.

Plaintiff will not, however, further delay filing its Motion after the Parties agreed that it should be filed "promptly," absent a concrete and proper basis for a meet and confer. If Defendants have changed their position and no longer believe the Motion should be filed "promptly," Defendants should explain why. Otherwise, Plaintiff intends to file its Motion tomorrow.

Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652

actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Monday, September 28, 2026 3:11 PM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Jake,

That is not an accurate representation of our position, which we will make clear to the court if required. As you have previously indicated, you have not properly met and conferred on this issue and we do not agree the parties are at an impasse.

Yours,

Get Outlook for iOS


...Where Clients Come First

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com


This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Monday, September 28, 2026 8:29 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Jeff,

As I explained on Friday, Local Rule 5.6(d) does not require us to preview our Motion to you and justify why we plan to file the exhibits.

We have tried, out of professional courtesy, to respect your request that we defer filing the Motion that you demanded be filed "promptly" until you returned from vacation on October 6. However, we will take your response as a rejection of our offer and we will proceed accordingly.

Jake


Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Monday, September 28, 2026 1:45 PM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Jake,

Please explain why the defendants' spreadsheets are necessary exhibits to your contemplated motion. Once we have this information, we can assess the request.

Yours,

Get Outlook for iOS

*Renzulli Law Firm, LLP*

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

*...Where Clients Come First*

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Monday, September 28, 2026 7:38 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Counsel,

While Plaintiff continues to believe that the title, tone, and substance of its Motion are not proper subjects for a meet and confer, Plaintiff is willing, in the interest of professional courtesy, to defer filing until October 6 if the Parties agree that no discovery motions, including Defendants' anticipated motion concerning the MOU, will be filed before the meet and confer can occur.

If Defendants are amenable to that proposal, please provide your availability on October 6 so that the Parties may schedule the meet and confer.

Otherwise, Plaintiff will proceed with filing its Motion. Plaintiff will also file a Notice pursuant to Local Rule 5.6(d) advising the Court that Defendants declined to stipulate to the filing under seal of the exhibits referenced in my prior email.

Absent acceptance of the proposal set forth above, Plaintiff intends to file by 12:00 p.m. EST tomorrow.

All the best,
Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Friday, September 25, 2026 5:29 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Jeff,

As your letter makes clear, the Parties are in agreement that, under the Court's October Order, we have reached the point at which Plaintiff should "file a supplemental brief addressing the Tiahrt Amendment if Plaintiff seeks to use trace data received from ATF in connection with any disputes concerning Defendants' determinations of which recovered firearms were sold by Defendants." Earlier today, in fact, Defendants requested that this Motion be filed "**promptly**."

Plaintiff intends to do exactly that.

The title of Plaintiff's Motion is not a proper subject for a meet and confer. Defendants will, of course, have an opportunity to respond to the Motion and may explain therein what they believe Plaintiff's Motion should have been called or the "tone" it should have taken.

Local Rule 5.6(d) provides that "if a party wishes to file a document that has been designated as confidential by another party . . . the submitting party must confer with the designating party about the need to file the document (or proposed filing) under seal and whether the parties can agree on a stipulation seeking to have the document (or proposed filing) filed under seal." The Rule does not require us to preview our Motion to you and justify why we plan to file the documents. All we need to do is explain the need to file the documents "under seal" and determine whether we can agree to stipulate that the documents should be filed under seal. We believe the documents should be filed under seal—and find it hard to believe Defendants would disagree–and have proposed a stipulation. If you are unwilling to agree, the Rule also provides a procedure "[i]f the parties are unable to agree on these issues." Please let us know by noon Monday whether Defendants agree to the stipulation otherwise we will proceed without Defendants' agreement.

As for your request that Plaintiff table this issue for another week, that request is difficult to reconcile with Defendants' conduct in connection with the MOU. Yesterday, you set a 24 hour deadline for Plaintiff to produce the MOU and vehemently opposed Plaintiff's request for more time to reevaluate its position. Even after ultimately agreeing to provide additional time, Defendants insisted on a Tuesday deadline even though you are "out of the office next week on pto" and there is "no reason why we can't table this issue" given it sat dormant for 5 months.

Ultimately, the Court has authorized Plaintiff to file its Motion. Nevertheless, Plaintiff attempted to engage in a personal consultation with Defendants and, indeed, today you requested that Plaintiff "promptly" file the Motion. The Motion is ripe for filing. Defendants' disagreement with its title is not a basis to delay submission to the Court. Plaintiff will "promptly" file the Motion.

Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Friday, September 25, 2026 3:28 PM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com

<tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** RE: [EXTERNAL] MX v Diamondback - redactions

Jake,

While we are encouraged that Mexico is willing to return to the Court requesting that it reevaluate or further consider the issues related to the Tiahrt Amendment, it is unclear to us why defendants' spreadsheets are being submitted to the court and we are not in agreement that defendants have in any way not complied with the court's order. The title of your motion, Motion to Enforce, implies that somehow defendants are not in compliance with a court order. If that is the substance or tone of the request to the court, then we are not in agreement and we will need to further meet and confer.

With respect to the proposed exhibits to be filed under seal, please let us know why these exhibits are necessary for the adjudication of this motion. Plaintiff has already improperly filed with the court defendants' document productions, over defendants' objection, including confidential information, that have no relevance to the issues presented in the motion. We will not tolerate such overbroad filings, even if they are filed under seal. Plaintiff cannot use the court's filing system as a repository of defendants' documents. Further efforts in this regard will result in us seeking the court's involvement.

As you know, I am out of the office next week on pto, and I see no reason why we can't table this issue for one week. Again, we are happy to discuss these issues on October 6 or 7, after my return to the office.

Yours,

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

*Renzulli Law Firm, LLP*

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

*...Where Clients Come First*

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Friday, September 25, 2026 1:10 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Counsel,

Thank you for sharing this letter. We appreciate your position and fortuitously your letter saves the Parties the need for a meet and confer because it turns out the Parties are in agreement as to next steps. Plaintiff sent its August 26 and September 15 letters, and sought a meet and confer, to comply with its "personal consultation" requirement before filing the motion the Court gave it permission to file: "Plaintiff may also file a supplemental brief addressing the Tiahrt Amendment if Plaintiff seeks to use trace data received from ATF in connection with any disputes concerning Defendants' determinations of which recovered firearms were sold by Defendants." ECF 165, 11. Given your request that "Mexico should promptly . . . submit supplemental briefing to the Court seeking a determination that the statute permits disclosure and production of the relevant trace data," Plaintiff will promptly file a motion as envisioned by the Court seeking relief for Defendants' deficient matching of firearms.

To that end, please see attached a draft Joint Stipulation to File Confidential Material Under Seal and proposed order. We plan to attach as exhibits Defendants' lists of matching firearms, which we assume Defendants will have no issue being placed under seal. Please let us know by noon Monday if we have your permission to file this Joint Stipulation.

On the issue of the MOU, we will update you Tuesday about the status of the ongoing reevaluation of our position.

All the best,
Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Friday, September 25, 2026 12:04 PM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** RE: [EXTERNAL] MX v Diamondback - redactions

Jake,

In advance of our further discussions on Oct 6 or 7, please see the attached.

Yours,

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

*...Where Clients Come First*

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jeffrey M. Malsch
**Sent:** Friday, September 25, 2026 11:39 AM
**To:** 'Jake Steisel' <jsteisel@actiononguns.org>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** RE: [EXTERNAL] MX v Diamondback - redactions

Jake,

Since you have indicated that your client is reevaluating its position on the MOU, we assume you are making this representation in good faith, and to avoid burdening the court with an issue that may be resolved, we will hold off on filing the motion to compel until the close of business on Tuesday, September 29. This should be more than enough time for a decision from your client on this extremely narrow request. Again, this is a yes or no issue, with no middle ground.

As to the other issues, you asked at 11:24 if counsel is ready to discuss numerous discovery issues contained in three separate detailed discovery letters within 6 minutes – by 11:30? That appears to be the definition of failing to meet and confer in good faith. I provided you with 2 full days when I am available to discuss – Oct 6 or 7. Pick a time within that window.

Yours,

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Friday, September 25, 2026 11:24 AM
**To:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Counsel,

As you note, Plaintiff stated its position concerning the MOU in its April 29 letter. Defendants did not respond concerning the MOU for nearly five months, until yesterday.

In light of the time that has passed, Plaintiff is evaluating whether its position concerning production of the MOU has changed and whether the parties can resolve this issue without motion practice. The response from the Government of Mexico cannot be provided within the one-hour window you have offered this morning, but we are attempting to determine whether a satisfactory resolution can be reached. Given that Defendants did not raise the issue of the MOU during the preceding five months, we do not understand why this issue now requires a motion to be filed today. As I noted in my prior email, if you choose to file a motion concerning the discoverability of the MOU today, we will inform the Court about your suddenly imposed deadline, as well as any topics that might have been addressed in a meet and confer held at an appropriate time.

As for the issues addressed in Plaintiff's August 26 letters, Defendants' August 31 letter, and Plaintiff's September 15 letter, we are available and ready to meet and confer over those today. Ryan and/or Eric, if you are free before 11:30am let us know and, since Jeff is free, we can go ahead and discuss those issues this morning. Of course, if you insist on filing your motion about the MOU today and we do not meet and confer over the issues in Plaintiff's August 26 letters, Defendants' August 31 letter, and Plaintiff's September 15 letter, it would be highly inappropriate if you include any discussion or argument in your motion about any of the issues raised in those letters, including your contention that "Mexico has now affirmatively relied on trace data in this litigation" and your demand that Mexico produce its "trace database."

Further, if you do not want to meet and confer today over the issues addressed in Plaintiff's August 26 letters, Defendants' August 31 letter, and Plaintiff's September 15 letter, we request a meet and confer early next week. We understand that Jeff is apparently unavailable, but we are confident co-counsel can ably discuss these issues.

Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org
GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Sent:** Friday, September 25, 2026 10:04 AM
**To:** Jake Steisel <jsteisel@actiononguns.org>
**Cc:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Jake,

Our position is the same as the other defendants. I would only point out that the court expressed frustration with all parties, including plaintiff.

Thank you.

**Richard “Eric” Brueckner**

**PISCIOTTI LALLIS ERDREICH**
30A Vreeland Road, Suite 300
Florham Park, New Jersey 07932
973-245-8100

This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of its intended recipient and may contain information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message. If you are not sure as to whether you are the intended recipient, please respond to the above e-mail address.

On Sep 25, 2026, at 9:44 AM, Jake Steisel <jsteisel@actiononguns.org> wrote:

Jeff,

As I stated in my prior email, it's been 5 months since our last communication about the discoverability of the MOU. You did not respond to our April 29 letter until yesterday, when you suddenly and arbitrarily revisited this issue and set a 24 hour deadline for Plaintiff to produce the MOU. Five months for your response, and 24 hours for ours is not fair, or in keeping with your obligations to meet and confer.

We continue to believe that "personal consultation" regarding this issue would be beneficial. Announcing that a motion must be filed by 11am tomorrow and that you have no time to meet and confer about this issue after 5 months of silence is not appropriate. I will remind you of the Court's previous admonishments concerning your lack of "good faith," "unreasonable positions in discovery," the prospect of sanctions, and your "extortionate" tactics. We will make ourselves available next Tuesday or Wednesday, or after your vacation if you prefer, at a time convenient for you to discuss the issue of the discoverability of the MOU. If you refuse to meet and confer, we will of course inform the Court of your refusal to meet and confer and your suddenly imposed deadline.

We separately continue to believe that a meet and confer over the issues raised in Plaintiff's August 26 letters, Defendants' August 31 letter, and Plaintiff's September 15 letter would be beneficial, but if you continue to ignore our request for a meet and confer, we will take that as us having reached impasse on the issues raised therein.

Ryan & Eric, we haven't heard from you on the issues raised in Plaintiff's August 26 letters, Defendants' August 31 letter, and Plaintiff's September 15 letter. We will assume unless we hear from you promptly that you are taking the same position as Jeff. That said, if you are willing to meet and confer, we will make ourselves available.

All the best,

Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Thursday, September 24, 2026 9:20 PM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Jake,

Stop deflecting. Yes or No, is Mexico going to produce the MOU? If Mexico does not agree to produce it by 11 am EDT, the parties are at an impasse on the issue.

Get Outlook for iOS

...Where Clients Come First

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Thursday, September 24, 2026 7:48 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com

<colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <jlowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: RE: [EXTERNAL] MX v Diamondback - redactions

Counsel,

The last communication between the Parties concerning the discoverability of the "Memorandum of Understanding between Mexico and ATF" (MOU) was the letter sent by Plaintiff on April 29 to Defendants, which explained that the MOU was not discoverable because "the Government does not intend to use ATF trace data in this litigation, as it has consistently made clear." Defendants' August 31 letter does not even mention the MOU. If Defendants believe that anything has changed concerning the discoverability of the MOU, they should explain this belief to Plaintiff. Until such time, Plaintiff disagrees that the Parties have reached impasse on this issue and believes that any motion would be improper, including for failure to "engage in personal consultation regarding the dispute." As stated in Plaintiff's September 15 letter, "we suggest that counsel meet and confer regarding Defendants' searches, the apparent discrepancies identified by Plaintiff, and any remaining issues from your August 31 letter." We remain available to meet and confer about the issues raising in Plaintiff's August 26 letter, Defendants' August 31 letter, and Plaintiff's September 15 letter, as well as the issue about the discoverability of the MOU raised for the first time in five months in your below email.

Please let us know some times that would work for you.

All the best,
Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Thursday, September 24, 2026 11:51 AM
**To:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Mariyam Hussain <mhussain@bergermontague.com>; Jake Steisel <jsteisel@actiononguns.org>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>
**Subject:** RE: RE: [EXTERNAL] MX v Diamondback - redactions

Julia,

See attached for some minor revisions to the proposed Stipulation, but overall, we are in agreement for Plaintiff to file “Confidential” documents under seal related to your contemplated motion. We also agree that the parties have reached an impasse on these noted redaction issues. Please also confirm that the parties have reached an impasse on the production of the Memorandum of Understanding between Mexico and ATF which was referenced in Jake’s letter of September 15, so that Defendants can file a motion to compel on that issue. If we don’t hear from you by noon on Friday, September 25, reversing Plaintiff’s position and agreeing to produce the MOU, we will file a motion to compel.

However, please be advised that the many of the documents you cited below as “not designated confidential” were in fact designated as “confidential.” Please see SPR000535–SPR000566, LP000898 and LP000899. In addition, a substantial amount of the information you claim to be filing in support of your motion have nothing to do with the redaction issue, including ATF communications and submissions, security-camera information, internal employment and training materials, FFL materials, insurance policies, IRS correspondence, and internal business and compliance materials from Sprague’s production (SPR000518–SPR000727). If you have misidentified the documents you intended to reference and publicly file, please let us know.

**More importantly, please be advised that all sales receipts from all four of our clients should have been marked “Confidential.” It appears that our initial productions of these records related to the transactions identified in the pleadings inadvertently failed to include the “Confidential” designation.** This includes, but is not limited to SPR000496–SPR000517, which you state will be publicly filed with the motion to compel. However, subsequent productions of these very same types of records included the “Confidential” markings (e.g. DBK000002292, SNG001500, LP000901), so Plaintiff cannot be surprised and should have been on notice of this error. We apologize for the confusion, and we will

re-mark these documents with the "Confidential" stamp pursuant to Paragraph 6 of the Stipulated Protective Order as soon as practicable. In the meantime, any documents that contain "non public submissions and communications with government agencies, confidential research and analysis, private personal identifiers, internal communications, proprietary or trade secret information or records, personal or commercial information used or obtained by a party in their business that is not generally known and would not normally be disclosed to third parties" should be filed under seal. This includes documents that reveal our clients' customer names, addresses, telephone numbers and email addresses. If you have any doubt, please provide an accurate list of the documents you intend to file and we will confirm if they should be filed under seal or not.

Defendants expressly object to any public filing of these documents pending their review and correction of any inadvertently omitted confidential designations, and that proceeding with a public filing after receiving this notice would be inconsistent with and in violation of the Protective Order.

If you have any questions or would like to further discuss, I am available this afternoon or tomorrow morning. Otherwise, I will be unavailable until October 5.

Yours,


Renzulli Law Firm, LLP

*...Where Clients Come First*

**JEFFREY M. MALSCH, ESQ.**

**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com


This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Julia R. McGrath <jmcgrath@bergermontague.com>
**Sent:** Wednesday, September 23, 2026 6:16 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Mariyam Hussain <mhussain@bergermontague.com>; jsteisel@actiononguns.org; Nick Shadowen <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; jlowy@actiononguns.org; Steve Shadowen <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; Tina Miranda <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>
**Subject:** RE: RE: [EXTERNAL] MX v Diamondback - redactions

Jeff, Eric,

Per your email below, we expected to hear from you by today with your final stance on our dispute related to Defendants' redactions of confidential information. We have now met and conferred no fewer than 3 times on this issue and exchanged more than 10 emails and letters. Defendants told us on our July 1 meet and confer call that they would stand on their insistence to redact street addresses, place of birth, numbers for forms of identification, and employees' signatures from documents. You again confirmed on August 18 that we were at impasse and have not changed your position since.

If anything has changed, please let us know. We don't want to burden the Court with unnecessary motion practice, but at this point we cannot continue to delay a dispute where we have been at impasse for more than a month. We believe we have exhausted our efforts to meet and confer in good faith on this issue and intend to file a Motion to Compel tomorrow.

To that end, there are some exhibits cited in our motion that include documents designated confidential by Defendants. While reserving all rights to contend Defendants' confidentiality designations, we intend to file those exhibits under seal. Please also be advised that there are also some exhibits that include documents produced by Defendants that were not designated confidential and will not be filed under seal. That includes: SNG001484, SPR000496–SPR000727, LP000898, and LP000899.

Attached is a proposed joint stipulation and proposed order to file the confidential exhibits under seal. **Please let us know by 12pm MT/2pm ET tomorrow if we have your permission to file this Joint Stipulation.**

Thanks,
Julia


**Julia R. McGrath** / *Shareholder*
215.875.4675 610.304.6240

1818 MARKET STREET SUITE 3600
PHILADELPHIA, PA 19103

---

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Friday, September 18, 2026 5:25 PM
**To:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Mariyam Hussain <mhussain@bergermontague.com>; jsteisel@actiononguns.org; Nick Shadowen <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; jlowy@actiononguns.org; Steve Shadowen <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; Tina Miranda <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>
**Subject:** RE: RE: [EXTERNAL] MX v Diamondback - redactions

Julia,

Please be advised that Monday is a holiday for several of us, so your self-imposed deadline is not appropriate. We will provide you with our response to the issues below on or before Wednesday.

Yours,

***...Where Clients Come First***

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Julia R. McGrath <jmcgrath@bergermontague.com>
**Sent:** Thursday, September 17, 2026 6:41 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher

Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Mariyam Hussain <mhussain@bergermontague.com>; jsteisel@actiononguns.org; Nick Shadowen <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; jlowy@actiononguns.org; Steve Shadowen <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; Tina Miranda <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>
**Subject:** Re: RE: [EXTERNAL] MX v Diamondback - redactions

Hi Jeff, Eric,

We intend to file a motion to compel on the redaction dispute early next week. We understand from our prior correspondence and multiple meet and confers that you are not willing to disclose or unredact the following information on the basis that it is confidential: street addresses, place of birth, numbers for forms of identification, and employees' signatures. If for any reason Defendants' position has changed, please let us know by 10am MT/1pm ET on Monday.

We also understand from our prior meet and confer that the full page redactions made by Loan Prairie, Sprague's, and Diamondback in their recent productions are either (1) redactions made because Defendants claim the entire document falls outside the Relevant Time Period; or (2) redactions that may be temporary, where the information will be reproduced in full after Defendants complete their review for phases (b) and (c) of the discoverable sales documents. We do not intend to move on this portion of the parties' dispute at this time but reserve all rights to do so once Defendants complete their review production associated with phases (b) and (c).

Thanks,
Julia

**Julia R. McGrath** / *Shareholder*
215.875.4675 610.304.6240

1818 MARKET STREET SUITE 3600
PHILADELPHIA, PA 19103

---

**From:** Jeffrey M. Malsch
**Sent:** Wednesday, August 19, 2026 2:34 PM
**To:** Julia R. McGrath; Natasha G. Menell; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh; Justin Gottuso; Gabrielle Dylag; David Massey; Kevin Hipsman; Richard (Eric) Brueckner
**Cc:** Mariyam Hussain; jsteisel@actiononguns.org; Nick Shadowen; Ryan D. O'neal; jlowy@actiononguns.org; Steve Shadowen; Wright, Kim P.; Dana Mulhauser; Sarah R. Zimmerman; Laurel Boman; Marit Vike; James Hannaway; Jordee Rodriguez; Carina Bentata; Tina Miranda; Danna Abrahim; Jordee Rodriguez
**Subject:** Re: RE: [EXTERNAL] MX v Diamondback - redactions

Julia,

As we have explained on multiple occasions, we are producing documents in response to the Court's discovery order in phases. The first phase was all sales related documents associated with the firearms identified by plaintiff as being recovered within the country of Mexico. Our clients have all substantially completed phase one. The second phase, which is currently in the review and pre-production stage, is to produce all sales related documents for firearms that were the subject of an ATF trace or other law enforcement investigation related communication. We anticipate being able to substantially complete this second phase by September 30, 2026, for our clients.

Any full-page redactions in productions by our clients during the first phase was because the information contained on that page of a multipage pdf document found in our client's ESI collection was not responsive to the "sales records for recovered firearms" category. However, please be advised that these pages will mostly likely be produced during phase two, as most are related to ATF trace communications. As such, any complaints regarding these redactions should be placed on hold until after the second phase of productions is complete.

Otherwise, we agree we are at an impasse in that a customer's street address, place of birth, driver's license or permit numbers, and the wholesale production of employees' signatures are confidential personal information that Mexico has no rational reason to acquire for purposes of this litigation. I will note that we agreed to provide ATF forms with unredacted employee signatures at any such employee's deposition, as Mexico's only articulated reason for needing such information was for authentication purposes during said depositions.

We remain willing to discuss any unresolved discovery issues. We also remain concerned that Mexico has failed to produce any documents in compliance with the Court's discovery order issued almost 10 months ago, other than the recovered firearms spreadsheet.

Yours,

Renzulli Law Firm, LLP

...Where Clients Come First

**JEFFREY M. MALSCH, ESQ.**

**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601

P: 914-285-0700

F: 914-285-1213

jmalsch@renzullilaw.com

www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Julia R. McGrath <jmcgrath@bergermontague.com>
**Sent:** Thursday, August 13, 2026 6:01 PM
**To:** Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>; Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Mariyam Hussain <mhussain@bergermontague.com>; jsteisel@actiononguns.org; Nick Shadowen <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; jlowy@actiononguns.org; Steve Shadowen <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; Tina Miranda <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>
**Subject:** [EXTERNAL] MX v Diamondback - redactions

Counsel,

We have reviewed the recent productions and re-productions made following our June 30 meet and confer regarding redactions. Following that meet and confer, the Parties all agreed that you may redact all but the last four digits of a social security number. The Parties also all agreed that the following categories of information do not require redaction: pricing information, business license numbers, dates of birth, identification expiration dates, purchaser signatures, and the last four digits of social security numbers.

We understand, however, that all Defendants still refuse to unredact and produce the following information: street addresses, place of birth, numbers for forms of identification, and employees' signatures. *See* July 10, 2026 e-mail from J. Malsch. We also understand that this is the full universe of confidential information Defendants intend to redact. In other words, to the extent there are still documents in Defendants' productions where the agreed-upon, producible information remains redacted (pricing information, business license numbers, dates of birth, identification expiration dates, purchaser signatures, and the last four digits of social security numbers), we understand that Defendants will be reproducing this information without redactions. *See e.g.* , SNG001255 (redacting date of birth, entire social security number, and expiration date); M-AZ-00022 - M-AZ-00064 (redacting invoice and pricing information).

In Loan Prarie's recent production Vol002, produced on July 17, 2026 and Sprague's recent production Vol002, produced on July 20, 2026, there are also full-page redactions for most of the produced documents. These are particularly concerning, as Sprague's and Loan Prairie have provided no basis for those redactions, had not yet produced these documents as of our June 30 meet and confer, and did not raise additional categories of information they intended to redact on that meet and confer despite months of preceding negotiations over Defendants' redactions. Please explain what information has been redacted in these documents and the basis for those redactions. If there are additional categories of confidential information Defendants intend to redact or information generally that Defendants intend to redact beyond what is permissible under the ESI Protocol (permitting redactions only for *non-responsive* Confidential or Highly Confidential information), please explain what those categories are and the basis for your redactions.

Please provide a response to this email no later than Monday, August 17. We believe we have met and conferred in good faith, but that we are at impasse with respect to the disputed categories of information (street addresses, place of birth, numbers for forms of

identification, and employees' signatures) and we intend to file a motion to compel. If there are additional categories of information being redacted, it would be best if the Parties identify those disputes and raise them with the Court now.

Best,

Julia

**Julia R. McGrath** / *Shareholder*

215.875.4675 610.304.6240

1818 MARKET STREET SUITE 3600

PHILADELPHIA, PA 19103

***- **External sender. Please use caution when clicking on any attachments or links** -***
***-**External sender. Please use caution when clicking on any attachments or links** -***

# Exhibit 16

Outlook

**Re: [EXTERNAL] MX v Diamondback - redactions**

**From** Jake Steisel <jsteisel@actiononguns.org>
**Date** Thu 10/8/2026 2:20 PM
**To** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>; Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>

Thank you for the explanation, Eric. Your response confirms that the parties are at impasse; Plaintiff will proceed with filing its motion.

Like with SnG, Plaintiff also reiterates that while it understands Ammo A-Z's obligation to send certain records associated with licenses that closed before this litigation began to the ATF's National Trace Center, that obligation does not relieve Ammo A-Z of its independent duty to conduct a reasonable search for responsive materials within its possession, custody, or control. For example, even if records associated with a particular firearm recovered in Mexico were transferred to ATF, Ammo A-Z has a responsibility to match the firearm if other records show that Ammo A-Z sold the firearm, i.e., an email retained from ATF asking for information about the firearm.

All the best,
Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Sent:** Thursday, October 8, 2026 12:57 PM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** RE: [EXTERNAL] MX v Diamondback - redactions

Jake:

Thank you for your patience. The delay has not been an effort to avoid the question; it reflected my wanting to give you an accurate and complete answer rather than a partial one. Here is my understanding.

**How the matching-firearms list was generated.** Ammo A-Z did not run a search confined to particular FFLs. Our ESI vendor loaded all of Ammo A-Z's electronic acquisition-and-disposition ("bound") books — thirteen in total — onto the review platform and extracted every serial number in them. The list we produced on June 25 was generated by comparing the serial numbers Mexico provided against that complete set of records (within the responsive period set by the court). The comparison therefore ran against the entirety of Ammo A-Z's electronic A&D records — not a subset keyed to any one FFL . That is the basis for our statement that nothing was withheld and that Ammo A-Z produced every match it reasonably could.

**The FFLs.** For completeness, ATF's records reflect the following license numbers associated with Ammo A-Z. Ammo A-Z retains, and has searched, the records for these five:

- 9-86-013-07-6K-10573 — former store; dealer (Form 4473) records, 2019–2024
- 9-86-013-07-7C-17668 — current store; dealer (Form 4473) records
- 9-86-013-08-9L-15633 — import license; no Form 4473 sales
- 9-86-013-07-6L-15635 — manufacturing license, former store; no Form 4473 sales

- 9-86-013-07-7C-17672 — manufacturing license, current store; no Form 4473 sales

Retail firearm transfers — the Form 4473 sales — occurred under the two dealer licenses. The import and manufacturing licenses did not generate over-the-counter 4473 sales. The electronic A&D bound books that were searched are Ammo A-Z's records of the firearms it acquired and disposed of as a dealer; they record transactions by serial number rather than by FFL number.

Some records were transferred to the ATF upon closure of certain licenses before this litigation began. Those records are not within Ammo A-Z's possession, custody, or control. I believe that these records are associated with two additional numbers — 9-86-013-07-3L-15637 and 9-86-013-08-0D-07165.

One caveat on the numbers themselves: a licensee's FFL number changes by a digit or two on periodic renewal, and changes more substantially on relocation, so a single license may appear under more than one number over time. The underlying A&D records carry forward across renewals and were searched regardless of the number in effect at a given moment.

**Paper records.** In addition to the electronic bound books, paper 4473 records for the current store are being scanned. If that process surfaces anything responsive that was not already captured, Ammo A-Z will supplement its production.

I am happy to discuss any of this with you on the phone.

Thank you.

**Richard "Eric" Brueckner**

PISCIOTTI LALLIS ERDREICH
COUNSELORS & LITIGATORS

30A Vreeland Road, Suite 300
Florham Park, New Jersey 07932
Tel. (973) 245-8100
rbrueckner@pisciotti.com

*This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of its intended recipient and may contain information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message. If you are not sure as to whether you are the intended recipient, please respond to the above e-mail address.*

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Wednesday, October 7, 2026 5:55 PM
**To:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>; Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Eric,

I tried calling you, but was unable to reach you. I'm struggling to understand why you can't answer this straightforward question or even provide a reliable timetable for doing so. If it would be easier to discuss by phone, please feel free to call me. Otherwise, we would appreciate a substantive response.

If we do not receive a satisfactory response by 3PM ET tomorrow, Plaintiff will proceed with filing its motion, and Plaintiff will advise the Court of our long and fruitless wait for an answer to the most basic of questions—which FFLs Ammo A-Z has searched in response to the Court's discovery orders and Ammo A-Z's discovery obligations.

Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Sent:** Wednesday, October 7, 2026 4:58 PM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** RE: [EXTERNAL] MX v Diamondback - redactions

Jake:

I have made significant progress today, but do not have a final answer. As soon as I have one, I will let you know.

Thank you.

**Richard "Eric" Brueckner**

PISCIOTTI
LALLIS
ERDREICH
COUNSELORS & LITIGATORS

30A Vreeland Road, Suite 300
Florham Park, New Jersey 07932
Tel. (973) 245-8100
rbrueckner@pisciotti.com

*This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of its intended recipient and may contain information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message. If you are not sure as to whether you are the intended recipient, please respond to the above e-mail address.*

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Wednesday, October 7, 2026 11:32 AM
**To:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>; Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Eric,

As noted in my October 5 email, Plaintiff first asked Ammo A-Z on August 26 to identify the FFL numbers it searched in producing its list of matching firearms. In your September 29 letter, Ammo A-Z represented that it had produced "every match it reasonably could" and that "nothing was withheld." Because the September 29 letter did not specifically address the FFLs searched, on October 5, Plaintiff requested that you come prepared to discuss the FFLs searched by Ammo A-Z at the October 6 meet and confer. At that meet and confer, you indicated that you did not yet have that information but expected to provide it by the end of the day.

The question of which FFLs were searched is simple and foundational, and I would assume that Ammo A-Z's representation that it produced “every match it reasonably could” and that “nothing was withheld” meant that it had searched all of its FFLs. After all, the universe of FFLs searched is a critical issue bearing directly on the adequacy of Ammo A-Z's search and its satisfaction of its discovery obligations. I can't see why it would not take more than an hour to determine which FFLs were searched. I am happy to jump on the phone today if there are obstacles that I am not envisioning. Otherwise, I will assume that I will get a response by close of business today. If that is not possible, please let us know why and when we can expect a response to this straightforward request, which has now been pending for more than a month.

All the best,
Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Sent:** Wednesday, October 7, 2026 10:15 AM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** RE: [EXTERNAL] MX v Diamondback - redactions

Yes, we have the same position on sealing. I don’t have an answer on the FFL numbers yet. I will get back to you.

**Richard “Eric” Brueckner**

PISCIOTTI
LALLIS
ERDREICH
COUNSELORS & LITIGATORS

30A Vreeland Road, Suite 300
Florham Park, New Jersey 07932
Tel. (973) 245-8100
rbrueckner@pisciotti.com

*This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of its intended recipient and may contain information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message. If you are not sure as to whether you are the intended recipient, please respond to the above e-mail address.*

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Wednesday, October 7, 2026 9:21 AM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Thank you, Jeff.

Eric, does Ammo A-Z have the same position on sealing? Also, do you have an update yet on the FFLs searched by Ammo A-Z?

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Tuesday, October 6, 2026 5:57 PM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** RE: [EXTERNAL] MX v Diamondback - redactions

Jake,

While we still do not fully understand why these documents are allegedly needed to support Plaintiff's motion, we agree that if they are going to be filed, they should be done under seal. Your proposed Stipulation and proposed Order are acceptable.

We reserve the right to bring the issue, of whether these attachments were really necessary for the adjudication of this motion, to the court's attention after reviewing your motion.

Yours,

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

*...Where Clients Come First*

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Friday, September 25, 2026 1:10 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Counsel,

Thank you for sharing this letter. We appreciate your position and fortuitously your letter saves the Parties the need for a meet and confer because it turns out the Parties are in agreement as to next steps. Plaintiff sent its August 26 and September 15 letters, and sought a meet and confer, to comply with its "personal consultation" requirement before filing the motion the Court gave it permission to file: "Plaintiff may also file a supplemental brief addressing the Tiahrt Amendment if Plaintiff seeks to use trace data received from ATF in connection with any disputes concerning Defendants' determinations of which recovered firearms were sold by Defendants." ECF 165, 11. Given your request that "Mexico should promptly . . . submit supplemental briefing to the Court seeking a determination that the statute permits disclosure and production of the relevant trace data," Plaintiff will promptly file a motion as envisioned by the Court seeking relief for Defendants' deficient matching of firearms.

To that end, please see attached a draft Joint Stipulation to File Confidential Material Under Seal and proposed order. We plan to attach as exhibits Defendants' lists of matching firearms, which we assume Defendants will have no issue being placed under seal. Please let us know by noon Monday if we have your permission to file this Joint Stipulation.

On the issue of the MOU, we will update you Tuesday about the status of the ongoing reevaluation of our position.

All the best,
Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Friday, September 25, 2026 12:04 PM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** RE: [EXTERNAL] MX v Diamondback - redactions

Jake,

In advance of our further discussions on Oct 6 or 7, please see the attached.

Yours,

*...Where Clients Come First*

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jeffrey M. Malsch
**Sent:** Friday, September 25, 2026 11:39 AM
**To:** 'Jake Steisel' <jsteisel@actiononguns.org>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** RE: [EXTERNAL] MX v Diamondback - redactions

Jake,

Since you have indicated that your client is reevaluating its position on the MOU, we assume you are making this representation in good faith, and to avoid burdening the court with an issue that may be resolved, we will hold off on filing the motion to compel until the close of business on Tuesday, September 29. This should be more than enough time for a decision from your client on this extremely narrow request. Again, this is a yes or no issue, with no middle ground.

As to the other issues, you asked at 11:24 if counsel is ready to discuss numerous discovery issues contained in three separate detailed discovery letters within 6 minutes – by 11:30? That appears to be the definition of failing to meet and confer in good faith. I provided you with 2 full days when I am available to discuss – Oct 6 or 7. Pick a time within that window.

Yours,

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Friday, September 25, 2026 11:24 AM
**To:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Counsel,

As you note, Plaintiff stated its position concerning the MOU in its April 29 letter. Defendants did not respond concerning the MOU for nearly five months, until yesterday.

In light of the time that has passed, Plaintiff is evaluating whether its position concerning production of the MOU has changed and whether the parties can resolve this issue without motion practice. The response from the Government of Mexico cannot be provided within the one-hour window you have offered this morning, but we are attempting to determine whether a satisfactory resolution can be reached. Given that Defendants did not raise the issue of the MOU during the preceding five months, we do not understand why this issue now requires a motion to be filed today. As I noted in my prior email, if you choose to file a motion concerning the discoverability of the MOU today, we will inform the Court about your suddenly imposed deadline, as well as any topics that might have been addressed in a meet and confer held at an appropriate time.

As for the issues addressed in Plaintiff's August 26 letters, Defendants' August 31 letter, and Plaintiff's September 15 letter, we are available and ready to meet and confer over those today. Ryan and/or Eric, if you are free before 11:30am let us know and, since Jeff is free, we can go ahead and discuss those issues this morning. Of course, if you insist on filing your motion about the MOU today and we do not meet and confer over the issues in Plaintiff's August 26 letters, Defendants' August 31 letter, and Plaintiff's September 15 letter, it would be highly inappropriate if you include any discussion or argument in your motion about any of the issues raised in those letters, including your contention that "Mexico has now affirmatively relied on trace data in this litigation" and your demand that Mexico produce its "trace database."

Further, if you do not want to meet and confer today over the issues addressed in Plaintiff's August 26 letters, Defendants' August 31 letter, and Plaintiff's September 15 letter, we request a meet and confer early next week. We understand that Jeff is apparently unavailable, but we are confident co-counsel can ably discuss these issues.

Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Sent:** Friday, September 25, 2026 10:04 AM
**To:** Jake Steisel <jsteisel@actiononguns.org>
**Cc:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; Ryan Erdreich <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; Danny Lallis <dlallis@pisciotti.com>; Anthony Pisciotti <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Kim P. Wright <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Jake,

Our position is the same as the other defendants. I would only point out that the court expressed frustration with all parties, including plaintiff.

Thank you.

**Richard "Eric" Brueckner**

**PISCIOTTI LALLIS ERDREICH**
30A Vreeland Road, Suite 300
Florham Park, New Jersey 07932
973-245-8100

This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of its intended recipient and may contain information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message. If you are not sure as to whether you are the intended recipient, please respond to the above e-mail address.

On Sep 25, 2026, at 9:44 AM, Jake Steisel <jsteisel@actiononguns.org> wrote:

Jeff,

As I stated in my prior email, it's been 5 months since our last communication about the discoverability of the MOU. You did not respond to our April 29 letter until yesterday, when you suddenly and arbitrarily revisited this issue and set a 24 hour deadline for Plaintiff to produce the MOU. Five months for your response, and 24 hours for ours is not fair, or in keeping with your obligations to meet and confer.

We continue to believe that "personal consultation" regarding this issue would be beneficial. Announcing that a motion must be filed by 11am tomorrow and that you have no time to meet and confer about this issue after 5 months of silence is not appropriate. I will remind you of the Court's previous admonishments concerning your lack of "good faith," "unreasonable positions in discovery," the prospect of sanctions, and your "extortionate" tactics. We will make ourselves available next Tuesday or Wednesday, or after your vacation if you prefer, at a time convenient for you to discuss the issue of the discoverability of the MOU. If you refuse to meet and confer, we will of course inform the Court of your refusal to meet and confer and your suddenly imposed deadline.

We separately continue to believe that a meet and confer over the issues raised in Plaintiff's August 26 letters, Defendants' August 31 letter, and Plaintiff's September 15 letter would be beneficial, but if you continue to ignore our request for a meet and confer, we will take that as us having reached impasse on the issues raised therein.

Ryan & Eric, we haven't heard from you on the issues raised in Plaintiff's August 26 letters, Defendants' August 31 letter, and Plaintiff's September 15 letter. We will assume unless we hear from you promptly that you are taking the same position as Jeff. That said, if you are willing to meet and confer, we will make ourselves available.

All the best,

Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Thursday, September 24, 2026 9:20 PM
**To:** Jake Steisel <jsteisel@actiononguns.org>; Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: [EXTERNAL] MX v Diamondback - redactions

Jake,

Stop deflecting. Yes or No, is Mexico going to produce the MOU? If Mexico does not agree to produce it by 11 am EDT, the parties are at an impasse on the issue.

Get Outlook for iOS

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP

...Where Clients Come First

One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jake Steisel <jsteisel@actiononguns.org>
**Sent:** Thursday, September 24, 2026 7:48 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Mariyam Hussain <mhussain@bergermontague.com>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <jlowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>
**Subject:** Re: RE: [EXTERNAL] MX v Diamondback - redactions

Counsel,

The last communication between the Parties concerning the discoverability of the "Memorandum of Understanding between Mexico and ATF" (MOU) was the letter sent by Plaintiff on April 29 to Defendants, which explained that the MOU was not discoverable because "the Government does not intend to use ATF trace data in this litigation, as it has consistently made clear." Defendants' August 31 letter does not even mention the MOU. If Defendants believe that anything has changed concerning the discoverability of the MOU, they should explain this belief to Plaintiff. Until such time, Plaintiff disagrees that the Parties have reached impasse on this issue and believes that any motion would be improper, including for failure to "engage in personal consultation regarding the dispute." As stated in Plaintiff's September 15 letter, "we suggest that counsel meet and confer regarding Defendants' searches, the apparent discrepancies identified by Plaintiff, and any remaining issues from your August 31 letter." We remain available to meet and confer about the issues raising in Plaintiff's August 26 letter, Defendants' August 31 letter, and Plaintiff's September 15 letter, as well as the issue about the discoverability of the MOU raised for the first time in five months in your below email.

Please let us know some times that would work for you.

All the best,
Jake

Jake Steisel
Formerly Yaacov (Jake) Meiseles
Senior Staff Attorney
+1.845.642.5652
actiononguns.org

GAGV
GLOBAL ACTION
ON GUN VIOLENCE

---

**From:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Sent:** Thursday, September 24, 2026 11:51 AM
**To:** Julia R. McGrath <jmcgrath@bergermontague.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com <rerdreich@pisciotti.com>; colt.dodrill@wilsonelser.com <colt.dodrill@wilsonelser.com>; dlallis@pisciotti.com <dlallis@pisciotti.com>; apisciotti@pisciotti.com <apisciotti@pisciotti.com>; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com <brian.cieniawski@wilsonelser.com>; LHorowitz@lorberlaw.com <LHorowitz@lorberlaw.com>; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Mariyam Hussain <mhussain@bergermontague.com>; Jake Steisel <jsteisel@actiononguns.org>; nshadowen@hilliardshadowenlaw.com <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; Jonathan Lowy (GAGV) <JLowy@actiononguns.org>; steve@hilliardshadowenlaw.com <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; tmiranda@hilliardshadowenlaw.com <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>; jmrodriguez@hilliardshadowenlaw.com <jmrodriguez@hilliardshadowenlaw.com>
**Subject:** RE: RE: [EXTERNAL] MX v Diamondback - redactions

Julia,

See attached for some minor revisions to the proposed Stipulation, but overall, we are in agreement for Plaintiff to file "Confidential" documents under seal related to your contemplated motion. We also agree that the parties have reached an impasse on these noted redaction issues. Please also confirm that the parties have reached an impasse on the production of the Memorandum of Understanding between Mexico and ATF which was referenced in Jake's letter of September 15, so that Defendants can file a motion to compel on that issue. If we don't hear from you by noon on Friday, September 25, reversing Plaintiff's position and agreeing to produce the MOU, we will file a motion to compel.

However, please be advised that the many of the documents you cited below as "not designated confidential" were in fact designated as "confidential." Please see SPR000535–SPR000566, LP000898 and LP000899. In addition, a substantial amount of the information you claim to be filing in support of your motion have nothing to do with the redaction issue, including ATF communications and submissions, security-camera information, internal employment and training materials, FFL materials, insurance policies, IRS correspondence, and internal business and compliance materials from Sprague's production (SPR000518–SPR000727). If you have misidentified the documents you intended to reference and publicly file, please let us know.

**More importantly, please be advised that all sales receipts from all four of our clients should have been marked "Confidential." It appears that our initial productions of these records related to the transactions identified in the pleadings inadvertently failed to include the "Confidential" designation.** This includes, but is not limited to SPR000496–SPR000517, which you state will be publicly filed with the motion to compel. However, subsequent productions of these very same types of records included the "Confidential" markings (e.g. DBK000002292, SNG001500, LP000901), so Plaintiff cannot be surprised and should have been on notice of this error. We apologize for the confusion, and we will re-mark these documents with the "Confidential" stamp pursuant to Paragraph 6 of the Stipulated Protective Order as soon as practicable. In the meantime, any documents that contain "non public submissions and communications with government agencies, confidential research and analysis, private personal identifiers, internal communications, proprietary or trade secret information or records, personal or commercial information used or obtained by a party in their business that is not generally known and would not normally be disclosed to third parties" should be filed under seal. This includes documents that reveal our clients' customer names, addresses, telephone numbers and email addresses. If you have any doubt, please provide an accurate list of the documents you intend to file and we will confirm if they should be filed under seal or not.

Defendants expressly object to any public filing of these documents pending their review and correction of any inadvertently omitted confidential designations, and that proceeding with a public filing after receiving this notice would be inconsistent with and in violation of the Protective Order.

If you have any questions or would like to further discuss, I am available this afternoon or tomorrow morning. Otherwise, I will be unavailable until October 5.

Yours,


Renzulli Law Firm, LLP

*...Where Clients Come First*

**JEFFREY M. MALSCH, ESQ.**

**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com


This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Julia R. McGrath <jmcgrath@bergermontague.com>
**Sent:** Wednesday, September 23, 2026 6:16 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>; Natasha G. Menell <nmenell@renzullilaw.com>; rerdreich@pisciotti.com; colt.dodrill@wilsonelser.com; dlallis@pisciotti.com; apisciotti@pisciotti.com; Christopher Renzulli <crenzulli@renzullilaw.com>; brian.cieniawski@wilsonelser.com; LHorowitz@lorberlaw.com; Arshia Hourizadeh <ahourizadeh@renzullilaw.com>; Justin Gottuso <jgottuso@renzullilaw.com>; Gabrielle Dylag <gdylag@renzullilaw.com>; David Massey <dmassey@renzullilaw.com>; Kevin Hipsman <khipsman@renzullilaw.com>; Richard (Eric) Brueckner <rbrueckner@pisciotti.com>
**Cc:** Mariyam Hussain <mhussain@bergermontague.com>; jsteisel@actiononguns.org; Nick Shadowen <nshadowen@hilliardshadowenlaw.com>; Ryan D. O'neal <roneal@dmyl.com>; jlowy@actiononguns.org; Steve Shadowen <steve@hilliardshadowenlaw.com>; Wright, Kim P. <kwright@dmyl.com>; Dana Mulhauser <dmulhauser@everytown.org>; Sarah R. Zimmerman <szimmerman@bergermontague.com>; Laurel Boman <lboman@bergermontague.com>; Marit Vike <mvike@bergermontague.com>; James Hannaway <jhannaway@bergermontague.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>; Carina Bentata <cbentata@everytown.org>; Tina Miranda <tmiranda@hilliardshadowenlaw.com>; Danna Abrahim <dabrahim@sperlingkenny.com>; Jordee Rodriguez <jmrodriguez@hilliardshadowenlaw.com>
**Subject:** RE: RE: [EXTERNAL] MX v Diamondback - redactions

Jeff, Eric,

Per your email below, we expected to hear from you by today with your final stance on our dispute related to Defendants' redactions of confidential information. We have now met and conferred no fewer than 3 times on this issue and exchanged more than 10 emails and letters. Defendants told us on our July 1 meet and confer call that they would stand on their insistence to redact street addresses, place of birth, numbers for forms of identification, and employees' signatures from documents. You again confirmed on August 18 that we were at impasse and have not changed your position since.

If anything has changed, please let us know. We don't want to burden the Court with unnecessary motion practice, but at this point we cannot continue to delay a dispute where we have been at impasse for more than a month. We believe we have exhausted our efforts to meet and confer in good faith on this issue and intend to file a Motion to Compel tomorrow.

To that end, there are some exhibits cited in our motion that include documents designated confidential by Defendants. While reserving all rights to contend Defendants' confidentiality designations, we intend to file those exhibits under seal. Please also be advised that

there are also some exhibits that include documents produced by Defendants that were not designated confidential and will not be filed under seal. That includes: SNG001484, SPR000496–SPR000727, LP000898, and LP000899.

Attached is a proposed joint stipulation and proposed order to file the confidential exhibits under seal. **Please let us know by 12pm MT/2pm ET tomorrow if we have your permission to file this Joint Stipulation.**

Thanks,
Julia

**Julia R. McGrath** / *Shareholder*
215.875.4675 610.304.6240